**RESTRICTED—ATTORNEYS' EYES ONLY**
**FILED UNDER SEAL**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **LUMINATI NETWORKS LTD.** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 2:18-cv-483-JRG** |
| | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **BISCIENCE INC.** | § | **FILED UNDER SEAL** |
| | § | |
| **Defendant.** | § | |

**<u>DEFENDANT'S MOTION TO DISMISS, AND IN THE ALTERNATIVE,</u>**
**<u>MOTION TO TRANSFER VENUE</u>**

**RESTRICTED—ATTORNEYS' EYES ONLY**
**FILED UNDER SEAL**

# TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................... 1

II.    THIS CASE SHOULD BE DISMISSED FOR LACK OF JURISDICTION .................... 2

    A.    Requirements for Personal Jurisdiction .................................................. 2

    B.    There is No General Jurisdiction Over BIScience .................................. 4

    C.    There is No Specific Jurisdiction Over BIScience ................................. 5

    D.    There is No Pendent Jurisdiction over the Tortious Interference Claims .............. 6

III.    ALTERNATIVELY, THIS CASE SHOULD BE TRANSFERRED TO THE
    SOUTHERN DISTRICT OF NEW YORK ........................................................... 8

    A.    This Case Could Have Been Brought in the Southern District of New York ........ 8

    B.    The Private Factors Strongly Favor Transfer ........................................ 9

        1.    Relevant Sources of Proof Are in the Southern District of New
            York and Israel ........................................................................ 10

        2.    The Cost and Convenience for Witnesses Favors Transfer ..................... 10

        3.    Other Practical Considerations Are Neutral ............................................ 11

    C.    The Public Factors Favor Transfer ...................................................... 12

        1.    The Local Interest Factor Supports Transfer ........................................... 12

        2.    The Other Public Interest Factors .......................................................... 13

IV.    THIS CASE SHOULD ALSO BE DISMISSED DUE TO DEFECTS IN THE
    COMPLAINT ................................................................................................. 13

    A.    The Defense of Trade Secrets Act Does Not Cover Conduct Abroad ................. 13

    B.    Luminati's Complaint Lacks Any Facts Regarding Indirect Infringement .......... 14

V.    CONCLUSION ................................................................................................ 15

RESTRICTED—ATTORNEYS' EYES ONLY
FILED UNDER SEAL

## TABLE OF AUTHORITIES

**CASES**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
  689 F.3d 1358 (Fed. Cir. 2012).........................................................................................3

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009)......................................................................................................15

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
  566 F.3d 1012 (Fed. Cir. 2009)...........................................................................................2

*In re BigCommerce, Inc.*,
  890 F.3d 978 (Fed. Cir. 2018)..............................................................................................9

*Blue Spike, LLC v. Texas Instruments, Inc.*,
  No. 6:12-cv-499, 2014 WL 11829323 (E.D. Tex. Mar. 31, 2014).................................2, 5

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*,
  137 S. Ct. 1773 (2017)....................................................................................................3, 4

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985).......................................................................................................3, 4

*Celgard, LLC v. SK Innovation Co., Ltd.*,
  792 F.3d 1373 (Fed. Cir. 2015)............................................................................................2

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014).......................................................................................................3, 4

*DSS Tech. Mgmt., Inc. v. Apple Inc.*,
  No. 6:13-cv-919, 2014 WL 6847569 (E.D. Tex. Nov. 17, 2014).....................................11

*Freudensprung v. Offshore Technical Servs., Inc.*,
  379 F.3d 327 (1985)............................................................................................................4

*In re Genentech, Inc.*,
  566 F.3d 1388 (Fed. Cir. 2009).................................................................................9, 10, 11

*Gonzalez v. Autotrader.com*,
  2:14-cv-650, 2015 WL 1387858 (E.D. Tex. Mar. 25, 2015).............................................10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011)............................................................................................................3

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984)............................................................................................................3

**RESTRICTED—ATTORNEYS' EYES ONLY**
**FILED UNDER SEAL**

*Hoffman v. Blaski*,
   363 U.S. 335 (1960) ...................................................................................12

*In re Hoffman-La Roche Inc.*,
   587 F.3d 1333 (Fed. Cir. 2008) ...............................................................12

*In re HTC Corp.*,
   889 F.3d 1349 (Fed. Cir. 2018) .................................................................9

*HTI IP LLC v. DriveOk, Inc.*,
   No. 6:09-cv-370, 2010 WL 3075200 (E.D. Tex. Aug. 4, 2010) ...............2

*Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*,
   321 F.2d 53 (5th Cir. 1963) ......................................................................9

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) .............................................................................2, 3

*Internet Machines LLC v. Alienware Corp.*,
   No. 6:10-cv-023, 2011 WL 2292961 (E.D. Tex. June 7, 2011) ..............4

*LSI Indus. Inc. v. Hubbell Lighting, Inc.*,
   232 F.3d 1369 (Fed. Cir. 2000) .................................................................2

*In re Nintendo Co.*,
   589 F.3d 1194 (Fed. Cir. 2009) .................................................................9

*NobelBiz, Inc. v. InsideSales.com, Inc.*,
   No. 6:13-cv-360, 2014 WL 12378804 (E.D. Tex. Oct. 14, 2014) .........15

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
   626 F.3d 1222 (Fed. Cir. 2010) .................................................................3

*Pinnacle Label, Inc. v. Spinnaker Coating, LLC*,
   No. 3:09-cv-0950-D, 2009 WL 3805798 (N.D. Tex. Nov. 12, 2009) .......7

*In re Radmax, Ltd.*,
   720 F.3d 285 (5th Cir. 2013) ..................................................................10

*Roberts v. Paulin*,
   No. 07-cv-13207, 2007 WL 3203969 (E.D. Mich. Oct. 31, 2007) ...........6

*Rolls-Royce Corp. v. Heros, Inc.*,
   576 F. Supp. 2d 765 (N.D. Tex. 2008) .....................................................7

*In re Toa Techs., Inc.*,
   543 F. App'x 1006 (Fed. Cir. 2013) .......................................................10

iii

RESTRICTED—ATTORNEYS' EYES ONLY
FILED UNDER SEAL

*Tuna Processors, Inc. v. Anova Food, Inc.*,
   No. 07-6192, 2007 WL 3232609, at *4 (D. Or. Nov. 1, 2007)..........................................6

*Uniloc USA, Inc. v. Apple Inc.*,
   2:17-cv-00258 (E.D. Tex. Dec. 22, 2017) .................................................................10, 11

*Vendavo, Inc. v. Price f(x) AG*,
   3:17-cv-06930 (N.D. Cal. Mar. 23, 2018) ........................................................................14

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) ...............................................................................9, 10, 12

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ..........................................................................................12

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980)...........................................................................................................4

*WorldVentures Hldgs., LLC v. Mavie*,
   No. 4:18-cv-393, 2018 WL 6523306 (E.D. Tex. Dec. 12, 2018) ..................................2, 3

## STATUTES / RULES

28 U.S.C. § 1404(a) ................................................................................................1, 8, 10

18 U.S.C. § 1837.......................................................................................................13, 14

35 U.S.C. § 271(b) ...........................................................................................................14

35 U.S.C. § 271(c) ......................................................................................................14, 15

Fed. R. Civ. P. 4(k)(2)...............................................................................................1, 4, 5

Fed. R. Civ. P. 12(b)(2)......................................................................................................1

Fed. R. Civ. P. 12(b)(6)...............................................................................1, 7, 13, 15

**RESTRICTED—ATTORNEYS' EYES ONLY**
**FILED UNDER SEAL**

Defendant BIScience Inc.[1] ("BIScience") respectfully submits this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction or, in the alternative, to transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  In addition, this motion identifies defects in certain claims of Plaintiff Luminati Networks Ltd.'s ("Luminati") complaint that warrant dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## I.   INTRODUCTION

On November 8, 2018, Luminati, an Israeli company, filed suit against BIScience, also an Israeli company, alleging patent infringement, tortious interference with Luminati's employment agreements, and misappropriation of trade secrets under the Federal Defense of Trade Secrets Act. Dkt. 1. Indisputably, all of the non-patent claims involve facts and witnesses in Israel—for Luminati and for BIScience.  Luminati contends that this Court has personal jurisdiction over BIScience because it has "sufficient minimum contacts with this forum as a result of business conducted within the State of Texas, and/or pursuant to Fed. R. Civ. P. 4(k)(2)."  Dkt. 1 ¶ 5. Luminati alleges that "some" of the alleged infringement occurred in Texas and that BIScience "maintains continuous and systematic contacts within this Judicial District, purposefully avails itself of the privilege of doing business in Texas, and/or derives substantial revenue from services provided in Texas."  *Id.*  As discussed in more detail below, this is not true.  BIScience has insufficient contacts with Texas such that the exercise of personal jurisdiction over BIScience would offend traditional notions of fair play and substantial justice.  BIScience has none of the indicia of personal jurisdiction recognized by the law, such as having an office or other real estate in Texas. Nor does it have employees, a registered agent, or a bank account in Texas, make

---

[1] BIScience Inc. is not a legal entity.  BI Science (2009) Ltd. is an Israeli corporation and the proper party.  Regardless of the corporate entity, however, this motion should be granted.  In the interest of judicial and party efficiency, this motion addresses BI Science (2009) Ltd. as "BIScience".

RESTRICTED—ATTORNEYS' EYES ONLY
FILED UNDER SEAL

business trips to Texas, attend trade show attendance in Texas, or engage in specific marketing to Texas customers.  BIScience has also never invoked the legal system in Texas.

BIScience  is an Israeli corporation with its headquarters in Tel Aviv, Israel.  Contrary to Luminati's assertions, BIScience conducts its U.S. activities out of an office in New York.  It conducts sales activity from this New York office, attends trade shows in New York, and regularly visits its New York office as part of its regular business operations.  For these and other reasons set forth below, there is no personal jurisdiction over BIScience in Texas and venue would be inconvenient for all parties and witnesses in this forum.  Both personal jurisdiction and venue are instead proper in the Southern District of New York.  Putting aside the parties' disputes on the merits, this case could have and should have been filed in that judicial district.

## II.    THIS CASE SHOULD BE DISMISSED FOR LACK OF JURISDICTION

### A.    Requirements for Personal Jurisdiction

Personal jurisdiction is governed by Federal Circuit law in patent infringement actions. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009); *see also Blue Spike, LLC v. Texas Instruments, Inc.*, No. 6:12-cv-499, 2014 WL 11829323 at *1 (E.D. Tex. Mar. 31, 2014).  The burden is on the plaintiff to establish that the defendant is subject to personal jurisdiction.  *Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015).

A court can exercise personal jurisdiction over an out-of-state defendant only if the forum state's long-arm statute permits jurisdiction without violating federal due process as delineated in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945).  *HTI IP LLC v. DriveOk, Inc.*, No. 6:09-cv-370, 2010 WL 3075200, at *4 (E.D. Tex. Aug. 4, 2010) (*citing LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1371 (Fed. Cir. 2000)).  The Texas long-arm statute is coextensive with due process such that the analysis collapses into a single inquiry.  *WorldVentures Hldgs., LLC v. Mavie*,

2

RESTRICTED—ATTORNEYS' EYES ONLY
FILED UNDER SEAL

No. 4:18-cv-393, 2018 WL 6523306, at *4 (E.D. Tex. Dec. 12, 2018).  To establish whether a court has personal jurisdiction over a defendant, a plaintiff must show: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice.  *Int'l Shoe*, 326 U.S. at 316-20 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-77 (1985).  The type of contacts with the forum state determine whether specific or general jurisdiction may be invoked. *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014); *WorldVentures*, 2018 WL 6523306, at *4.

General jurisdiction exists for a corporate defendant only when its "corporate operations within a state [are] so substantial and of such a nature" to justify suit based on activity entirely distinct from the alleged activities.  *Daimler*, 571 U.S. at 127 (citing *Int'l Shoe*, 326 U.S. at 318). The operations must be so continuous and systematic that the corporate defendant is "essentially at home in the forum State."  *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n. 9 (1984)).  Only a limited set of contacts support general jurisdiction of a corporate defendant, including the defendant being incorporated or having a principal place of business in the forum state.  *Id.* at 137; *see also Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017).

To exercise specific jurisdiction, a court must determine "(1) whether the defendant purposefully directs activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012) (*citing Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010)).  The focus of

RESTRICTED—ATTORNEYS' EYES ONLY
FILED UNDER SEAL

the specific jurisdiction inquiry is on the "relationship between the defendant, the forum, and the litigation." *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 343 (1985) (*quoting Burger King*, 471 U.S. at 474).  However, the primary concern is the burden on the defendant. *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).  Random, fortuitous, or attenuated contacts are insufficient to establish purposeful availment.  *Burger King*, 471 U.S. at 476.

### B.  There is No General Jurisdiction Over BIScience

BIScience is not subject to general personal jurisdiction in Texas.[2] BIScience is not incorporated in nor does it operate a principal place of business in Texas. Ex. A ¶ 2, 7.  BIScience is not registered to do business in Texas, does not have a registered agent in Texas, does not have a bank account in Texas, does not have an office or any property in Texas, does not employ personnel in Texas, does not conduct visits to Texas for business (or otherwise), does not attend trade shows or conferences in Texas, and does not specifically advertise to Texas residents as opposed to other locations.  *Id.* ¶¶ 3-6.  BIScience's corporate activities are therefore not so continuous and systematic such that it would be "at home" in Texas sufficient to exercise general jurisdiction in this forum.  *Daimler*, 571 U.S. at 126.  Luminati alleges no activities that establish otherwise.  *See, e.g.*, *Internet Machines LLC v. Alienware Corp.*, No. 6:10-cv-023, 2011 WL 2292961, at *4 (E.D. Tex. June 7, 2011).

---

[2] For completeness, Fed. R. Civ. P. 4(k)(2) also fails to provide personal jurisdiction over BIScience.  Because BIScience would be subject to general personal jurisdiction in the Southern District of New York as discussed herein, the rule does not apply.  *See* Fed. R. Civ. P. 4(k)(2)(A) (limited to situations where "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction").

RESTRICTED—ATTORNEYS' EYES ONLY
FILED UNDER SEAL

### C. There is No Specific Jurisdiction Over BIScience

BIScience is not subject to specific personal jurisdiction in this forum because Luminati fails to establish that BIScience purposefully directs activities toward Texas or that Luminati's claims arise out of any contact BIScience has with Texas.

Luminati generally alleges that BIScience "has sufficient minimum contacts with this forum as a result of business conducted within the State of Texas, and/or pursuant to Fed. R. Civ. P. 4(k)(2)."  *See* Dkt. 1 ¶ 5.  The only non-general allegations made are that "BI Science utilizes software, which is, *inter alia*, the subject of the infringement alleged herein, that routes internet communications through user devices having IP addresses ***serving as residential proxies*** located in the State of Texas, as well as this Judicial District, permitting BI Science to include user devices in this Judicial District as ***part of BI Science's residential proxy service***."  *Id.* (emphasis added). However, the location and use of residential proxy software is not the focus of Luminati's alleged theory of infringement, as made clear by the complaint.

The asserted claims of the '044 and '866 patents are each method claims.  Dkt. 1 ¶¶ 32, 47. Luminati alleges that the claimed methods are performed by a "user" or "customer" of the accused GeoSurf service.  *Id.* at ¶¶ 34-36, 48-49.  However, the existence or operation of residential proxy software in Texas—activity unrelated to any BIScience customer or user—fails to demonstrate BIScience purposefully availed itself of the benefits of doing business in Texas as Luminati alleges.  Ex. A ¶ 9; *Blue Spike*, 2014 WL 11829323, at *3 ("Plaintiff further suggests that because [defendant] incorporated its software into the products of Texas-based corporations, [defendant] must necessarily be charged with independently establishing contacts with Texas.  But Plaintiff has not demonstrated that [defendant] purposefully availed itself of the benefits of doing business in Texas.").  Luminati's complaint thus fails to establish a *prima facie* case that BIScience

RESTRICTED—ATTORNEYS' EYES ONLY
FILED UNDER SEAL

purposefully directs activities at residents of this forum relating to or arising out of the allegedly infringing activity.

The customer activity alleged by Luminati is also minimal when compared to BIScience's overall business. As of January 22, 2019, there are only ███ GeoSurf residential active customers and only ███████ former GeoSurf residential customers in Texas. Ex. A ¶ 9. The total sales of the ██ active customers is ██████████. *Id.* The total revenue among the ██ active Texas customers and the ██████ former Texas customers, combined, is only ██████. *Id.* To put those numbers in perspective, BIScience had total worldwide revenue across all of its products of ██████████ in 2018. *Id.* The total sales among all current and former GeoSurf residential customers in Texas is thus only ██████ of BIScience's overall 2018 revenue. As courts have recognized, minimal sales in a forum state, absent any purposeful activity focused on the state, are insufficient to confer personal jurisdiction. *See, e.g., Roberts v. Paulin*, No. 07-cv-13207, 2007 WL 3203969 (E.D. Mich. Oct. 31, 2007) (finding lack of personal jurisdiction where defendant had less than $500 of sales in forum state); *Tuna Processors, Inc. v. Anova Food, Inc.*, No. 07-6192, 2007 WL 3232609, at *4 (D. Or. Nov. 1, 2007) (finding lack of personal jurisdiction despite sales of two allegedly infringing sales in forum state). Accordingly, while there are a small number of BIScience customers in Texas, representing minimal sales, BIScience has never purposefully directed any aspect of its business operations to Texas.

For these reasons, the allegations in Luminati's complaint are insufficient to confer specific personal jurisdiction.

### D.    There is No Pendent Jurisdiction over the Tortious Interference Claims

In addition to alleging patent infringement, Luminati asserts purports to claim tortious interference with its employment agreements and misappropriation of trade secrets under the

RESTRICTED—ATTORNEYS' EYES ONLY
FILED UNDER SEAL

Federal Defense of Trade Secrets Act.  As discussed below, the trade secret claim should be dismissed under Fed. R. Civ. P. 12(b)(6).  With the trade secret claim dismissed, the Court should also dismiss the tortious interference claim—a state law claim—as a matter of declining to assert pendent personal jurisdiction.

Luminati's tortious interference claim involves three former Luminati employees— Mr. Ghelber, Mr. Feldman, and Mr. Levy.  *See* Dkt. 1 ¶¶ 15-17, 58, 64.  These individuals allegedly worked for Hola Networks Ltd., now known as Luminati, in Israel.  *Id*.  The employment agreements complained of were executed in Israel.[3]  These former Luminati employees were allegedly hired by BIScience in Israel to work in Israel.  None of Luminati's allegations involve any activities outside of Israel.

If the Court dismisses Luminati's trade secret claim for the reasons below, the Court should decline to exercise pendent personal jurisdiction over BIScience for the tortious interference claim. Pendent personal jurisdiction exists when the court has "personal jurisdiction over a defendant for one claim, lacks an independent basis for personal jurisdiction over the defendant for another claim that arises out of the same nucleus of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts personal jurisdiction over the second claim."  *Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 783 (N.D. Tex. 2008); *Pinnacle Label, Inc. v. Spinnaker Coating, LLC*, No. 3:09-cv-0950, 2009 WL 3805798 (N.D. Tex. Nov. 12, 2009) (court granted motion to dismiss the state law claims for lack of personal jurisdiction because the state law claims and the Lanham act claims did not arise from a common nucleus of operative fact.).  Here, in order

---

[3] The agreements are not exhibits to Luminati's complaint, nor does Luminati address whether they contain choice of venue clauses, arbitration clauses, or other potentially material provisions.

RESTRICTED—ATTORNEYS' EYES ONLY
FILED UNDER SEAL

for there to be pendent jurisdiction, Luminati's patent claims would need to arise from the same facts as its tortious interference claim.  They do not.

The patent infringement claims involve allegations that BIScience infringed Luminati's patents by implementing and providing the GeoSurf service to customers.  Dkt. 1 ¶¶ 28-56.  The tortious interference claim involves allegations relating to three specific Israeli individuals, their alleged employment agreements with Luminati, and their alleged hiring in Israel.  *Id*. at ¶¶ 57-60.  Luminati's patent claims and tortious interference claim do not involve the same facts or even a common nucleus of operative facts.  The Israeli employees at issue in the tortious interference claim were business salespeople.  Luminati admits this in its complaint.  *Id*. ¶ 16.  They were not involved in any research or development of GeoSurf.  There are no allegations in Luminati's complaint to support a theory that both sets of claims (the patent claims and tortious interference claim) arise out of the same nucleus of operative facts.  The only overlapping fact is essentially the parties—Luminati and BIScience.  This is not sufficient to establish pendent jurisdiction.  Accordingly, the Court should decline to exercise pendent jurisdiction over the tortious interference claim involving Luminati's alleged employment agreements and the alleged hiring of salespeople in Israel.

III.    **ALTERNATIVELY, THIS CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK**

A.    **This Case Could Have Been Brought in the Southern District of New York**

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  However, a motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by

RESTRICTED—ATTORNEYS' EYES ONLY
FILED UNDER SEAL

the plaintiff.  *In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566

F.3d 1388, 1342 (Fed. Cir. 2009).

The first step is to determine "whether the judicial district to which transfer is sought would

have been a district in which the claim could have been filed."  *In re Volkswagen AG*, 371 F.3d

201, 203 (5th Cir. 2004) ("*Volkswagen I*").  This case could have been brought in the Southern

District of New York.  BIScience has one office outside of Israel and in the U.S., which is located

in shared office space at 345 Madison Ave, Floor 16, New York, New York, 10017.  Ex. A ¶ 4.

BIScience conducts business out of its New York office, employs personnel in New York,

references the New York office on its website www.biscience.com, visits New York regularly, and

attends trade shows and conferences in New York.  Ex. A ¶¶ 8, 12, 14.  In BIScience's contracts

with customers, purchase agreements, non-disclosure agreements, and terms of use for GeoSurf,

BIScience specifically invokes New York law and the venue of New York courts.  BIScience's

contacts with New York are so systematic and continuous that it is essentially at home there such

that the Southern District of New York could exercise general jurisdiction over it.  Venue is also

proper because BIScience is a foreign corporation amenable to venue in the Southern District of

New York.  *In re BigCommerce, Inc.*, 890 F.3d 978, 981 (Fed. Cir. 2018); *In re HTC Corp.*, 889

F.3d 1349, 1361 (Fed. Cir. 2018).

B.    **The Private Factors Strongly Favor Transfer**

Once the threshold first step is met, courts then analyze both public and private factors

relating to the convenience of parties and witnesses, as well as the interests of particular venues in

hearing the case.  *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir.

1963); *Nintendo*, 589 F.3d at 1198.

RESTRICTED—ATTORNEYS' EYES ONLY
FILED UNDER SEAL

The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  *Volkswagen I*, 371 F.3d at 203.

### 1.    Relevant Sources of Proof Are in the Southern District of New York and Israel

As stated, BIScience has two office locations outside of Israel, one in Ukraine and the other being located at 345 Madison Ave, Floor 16, New York, New York, 10017, which is within the Southern District of New York.   Ex. A ¶ 4.   This New York office has access to relevant documentation, such as documents regarding sales and marketing activity.  *Id.* ¶¶ 4, 8.  In contrast, there are no sources of proof or even access to the same located in Texas.  *Id.* ¶¶ 5, 6.  To the extent documents are available electronically, they can be securely accessed remotely and maintained in the New York office.  The critical inquiry "is relative ease of access, not absolute ease of access." *In re Toa Techs., Inc.*, 543 F. App'x 1006, 1009 (Fed. Cir. 2013) (citing *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013)).  Here, the relative ease of access to relevant sources of proof weighs in favor of transfer.

### 2.    The Cost and Convenience for Witnesses Favors Transfer

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *Uniloc USA, Inc. v. Apple Inc.*, 2:17-cv-00258, slip op. at 15 (E.D. Tex. Dec. 22, 2017) (Ex. B) (quoting *Genentech, Inc.*, 566 F.3d at 1342). "[T]he convenience of non-party witnesses [] is the more important factor and is accorded greater weight in a transfer of venue analysis." *Gonzalez v. Autotrader.com*, 2:14-cv-650, 2015 WL 1387858 at *2 (E.D. Tex. Mar. 25, 2015). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct

RESTRICTED—ATTORNEYS' EYES ONLY
FILED UNDER SEAL

relationship to the additional distance to be travelled." *Uniloc*, slip op. at 15 (quoting *Genentech*, 566 F.3d at 1343).

Here, the travel for *every* witness to the Southern District of New York will be far more convenient than to the Eastern District of Texas. There are no nonstop flight options to Dallas from Israel, where most if not all witnesses from both Luminati and BIScience are located. Ex. A ¶ 12. The air travel between Dallas and Israel would range from 15 to 33 hours depending on the number of flight connections. In contrast, there are several nonstop flight options between Israel and New York area airports, with flight times of approximately 10-11 hours. *Id*. The individuals referenced and identified in Plaintiff's Complaint *all* live and work in Israel, including Kfir Moyal, Assaf Toval, Alon Ghelber, Samuel Levy, and Vadim Feldman, along with Luminati's own employees and witnesses. *See id.* ¶ 13. Further, the two named inventors of the asserted patents—Derry Shribman and Ofer Vilenski—are both believed to be based in Israel.

Accordingly, the cost and convenience of traveling to New York versus Marshall, Texas for *all* witnesses and for *both* parties weighs in favor of transfer.

### 3. Other Practical Considerations Are Neutral

The last private interest factor addresses practical considerations related to the ease, expense, and time to trial. These considerations include "judicial economy." *DSS Tech. Mgmt., Inc. v. Apple Inc.*, No. 6:13-cv-919, 2014 WL 6847569, at *4 (E.D. Tex. Nov. 17, 2014). This case is at its early stage in the proceedings, so a transfer would not cause any significant delay. There are no practical difficulties that would weigh heavily in favor or against transfer. Accordingly, this factor is neutral.

RESTRICTED—ATTORNEYS' EYES ONLY
FILED UNDER SEAL

### C.     The Public Factors Favor Transfer

In addition to the private factors, the public factors also weigh in favor of transfer.  The public factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *Volkswagen I*, 371 F.3d at 203.  These factors are to be decided based on "the situation which existed when suit was instituted."  *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).  Though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008).

### 1.     The Local Interest Factor Supports Transfer

The Southern District of New York has an interest in this dispute because BIScience operates its business out of an office in that district.  As alleged by Luminati, this suit calls into question the work and reputation of BIScience employees conducting business in the Southern District of New York.  *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2008) (transferee district's local interest is strong because the case "calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community.").  In contrast, the Eastern District of Texas has no local interest in this dispute.  Neither party has any ties to the Eastern District of Texas.  Neither company has any offices or employees located in the Eastern District of Texas.  Therefore, this factor weighs in favor of transfer.

12

RESTRICTED—ATTORNEYS' EYES ONLY
FILED UNDER SEAL

### 2.     The Other Public Interest Factors

Familiarity with the governing law is neutral.  Both districts are familiar with patent law and the asserted tort claims, suggesting that this factor is neutral.  The avoidance of unnecessary problems of conflict of laws or in the application of foreign law does not appear to apply here, therefore, this factor would also be neutral.

The administrative difficulties flowing from court congestion lean slightly in favor of the Eastern District of Texas as opposed to the Southern District of New York.  According to recent statistics, the average time to trial in a civil case in the Eastern District of Texas is 19.1 months, as compared to 29.4 months in the Southern District of New York. Administrative Office of the United States Courts, Caseload Statistics Data Tables,   https://www.uscourts.gov/sites/ default/files/data_tables/fcms_na_distprofile0930.2018.pdf.  The average time to trial difference between the two districts is only approximately 10 months.  When compared to the complete lack of contacts to the Eastern District of Texas combined with the convenience of transfer to the Southern District of New York, this factor should only be given minimal weight, if any.

## IV.   THIS CASE SHOULD ALSO BE DISMISSED DUE TO DEFECTS IN THE COMPLAINT

The Court should also dismiss Luminati's trade secret and indirect infringement claims for failing to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

### A.     The Defense of Trade Secrets Act Does Not Cover Conduct Abroad

Luminati's trade secret allegations must fail because the Defense of Trade Secrets Act ("DTSA") has explicit extraterritorial limits. 18 U.S.C. § 1837.  First, an "offender" must be either a U.S. citizen or "an organization organized under the laws of the United States or a State or political subdivision thereof."  18 U.S.C. § 1837(1).  Failing this, the statute requires "an act in

RESTRICTED—ATTORNEYS' EYES ONLY
FILED UNDER SEAL

furtherance of the offense [be] committed in the United States." 18 U.S.C. § 1837(2).  Neither of these situations apply here and Luminati's claim should be dismissed.

Under the first prong, Luminati's complaint fails to state a claim because BIScience is an Israeli corporation not covered under the statute.  BIScience's U.S.-based office is not a separate entity, and notwithstanding, did not engage in any of the purported activity in Luminati's complaint—i.e., the alleged hiring of three former Luminati employees in Israel and the activities of those former Luminati employees in Israel.  *See* Dkt. 1 at ¶¶ 15-17.  Under the second prong of the statute, Luminati fails to allege any conduct occurring in the U.S. relating to the alleged misappropriation.  The complaint merely alleges that Luminati employees based in Israel were terminated and then hired by BIScience in Israel.  Along with failing to even identify the subject of any purported trade secret in its complaint, Luminati fails to allege any conduct related to the misappropriation occurring outside of Israel.  *See Vendavo, Inc. v. Price f(x) AG,* 3:17-cv-06930, slip op. at 6-7 (N.D. Cal. Mar. 23, 2018) (Ex. C) ("Given the territorial and temporal limits of the DTSA, such facts are foundational to the existence of a viable claim").  For these reasons, Luminati's trade secret claims should be dismissed.

### B. Luminati's Complaint Lacks Any Facts Regarding Indirect Infringement

Luminati's complaint fails to allege even the basics of indirect infringement.  Nowhere does Luminati allege any facts of "inducement" of infringement under 35 U.S.C. § 271(b) or "contributing" to infringement under § 271(c).  Instead, Luminati offers only an incomplete reference to unspecified "indirect" infringement for both the '044 and '866 patents.  Dkt. 1 ¶ 39, 53.

With respect to inducement, for example, Luminati does not allege any alleged direct infringer being allegedly induced by BIScience, or how such alleged inducement occurs.  With

RESTRICTED—ATTORNEYS' EYES ONLY
FILED UNDER SEAL

respect to contributory infringement, Luminati does not address any particular patented "component" being a "material part of the invention" in its complaint, nor does Luminati address how such a component is "especially made or especially adapted for use in an infringement of such patent" or "not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c).  Because Luminati does not allege facts supporting any theory of indirect infringement—or even specifically allege inducement or contributory infringement—Luminati's claims of indirect infringement should be dismissed under Fed. R. Civ. P. 12(b)(6).  *See NobelBiz, Inc. v. InsideSales.com, Inc.*, No. 6:13-cv-360, 2014 WL 12378804, at *3-*4 (E.D. Tex. Oct. 14, 2014) (granting motion to dismiss for allegations of inducement of infringement and contributory infringement for failure to plead supporting facts); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (complaints lacking "sufficient factual matter" to support a claim should be dismissed).

## V.     **CONCLUSION**

For the above reasons, the Court should dismiss this case for lack of personal jurisdiction or, in the alternative, transfer the case to the Southern District of New York.  Luminati's trade secret claim should also be dismissed as an improper extraterritorial application of law, and Luminati's indirect infringement claims should be dismissed for failure to plead any supporting facts.

Dated:  January 28, 2019        By:   */s/ Eric H. Findlay*
                                      Eric H. Findlay (TX Bar No. 00789886)
                                      FINDLAY CRAFT, P.C.
                                      102 North College Avenue, Suite 900
                                      Tyler, Texas 75702
                                      Tel: (903) 534-1100
                                      Fax: (903) 534-1137
                                      Email: efindlay@findlaycraft.com

                                      *ATTORNEY FOR DEFENDANT*
                                      *BI SCIENCE INC.*

**RESTRICTED—ATTORNEYS' EYES ONLY**
**FILED UNDER SEAL**

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2019 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Eric H. Findlay*
Eric H. Findlay

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Unopposed Motion for Leave to File Under Seal (D.I. 14) entered in this case.

*/s/ Eric H. Findlay*
Eric H. Findlay