# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

LUMINATI NETWORKS LTD.

        Plaintiff,

        v.

BI SCIENCE INC.,

        Defendants.

Case No.  2:18-CV-00483-JRG

FILED UNDER SEAL

JURY TRIAL DEMANDED

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, AND**
**IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**
**AND MOTION FOR EARLY VENUE DISCOVERY**

## TABLE OF CONTENTS

I.   INTRODUCTION.................................................................................................1

II.  DEFENDANT'S ACCUSED GEOSURF SERVICE IS DIRECTED TOWARD
     TEXAS ..........................................................................................................2

III. THE COMPLAINT SHOULD NOT BE DISMISSED UNDER 12(B)(6), BECAUSE
     LUMINATI PROPERLY PLED ITS CLAIMS..............................................................4

   A. Plaintiff Properly Pled Indirect Infringement By Alleging that Defendant Advertised Its
      Infringing Geosurf Service Despite the Knowledge that the Service Infringed the Asserted
      Patents. ...........................................................................................................5

   B. The Defense of Trade Secrets Act Covers Defendant's Misappropriation of Trade Secrets,
      Because Defendant Used the Trade Secrets to Sell the Competing Geosurf Service in the
      United States.....................................................................................................6

IV.  PERSONAL JURISDICTION....................................................................................7

   A. This Court has Personal Jurisdiction Over the Patent Infringement Claims, Because
      Defendant Directed Its Infringing Geosurf Service to Texas................................8

   B. The Court Also Has Personal Jurisdiction under Fed. R. Civ. P. 4(k)(2), Because Neither
      New York, Nor Any Other State has General Personal Jurisdiction Over Defendant........10

   C. The Court Has At Least Pendant Jurisdiction Over the Non-Patent Claims, Because They
      Share the Same Nucleus of Facts With the Patent Claims. .................................11

V.   TRANSFER TO NEW YORK..................................................................................13

   A. The Private Factors Disfavor Transfer ................................................................13

   1. The Relevant Sources of Proof Are in Israel..........................................................13

   2. The Availability of Compulsory Process to Secure the Attendance of Witnesses is
      Netural .............................................................................................................14

   3. Cost and Convenience for Witnesses is Neutral. ...................................................14

   4. All Other Practical Considerations, Including Judicial Economy, Strongly Disfavor
      Transfer ............................................................................................................14

   B. The Public Factors Also Disfavor Transfer...........................................................15

   1. The Administrative Difficulties Flowing from Court Congestion Strongly Disfavor
      Transfer ............................................................................................................15

   2. The Local Interest in Having Localized Interests Decided at Home .......................15

   3. The Remaining Public Interest Factors .................................................................15

VI.  CONCLUSION ....................................................................................................15

ii

# TABLE OF AUTHORITIES

**Cases**

*Autogenomics Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012 (Fed. Cir. 2009) ........................... 8

*ConCam Int., Inc. v. Mobotix Corp.*, 2:13-cv-798 (E.D. Tex. Aug. 26, 2014) ........................... 14

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007) ................................ 4

*In re Nintendo Co.*, 589 F.3d 1194 (Fed. Cir. 2009) ...................................................... 13

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372 (Fed. Cir. 2017) ....................... 4

*Lormand v. US Unwired, Inc.*, 565 F.3d 228 (5th Cir. 2009) ........................................ 4

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005) ................ 5

*NobelBiz, Inc. v. InsideSales.com, Inc.*, No. 6:13-cv-360 (E.D. Tex. Oct. 14, 2014) ................ 4

*Roberts v. Paulin*, 2007 U.S. Dist. LEXIS 80490 (E.D. Mich. 2007) ........................... 9

*Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp.2d 765 (N.D. Tex. 2008) ................... 12

*Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559 (5th Cir. 2005) ....................... 4

*Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, 2014 U.S. Dist. LEXIS 28249 (E.D. Tex. 2014) ................................................................ 5

*Tuna Processors, Inc. v. Anova Food, Inc.*, 2007 U.S. Dist. LEXIS 81386 (D. Or. 2007) ........... 9

*United States v. Kolon Indus., Inc.*, 926 F.Supp.2d 794 (E.D. Va. 2013) ..................... 6

**Statutes**

18 U.S.C. § 1837 ........................................................................... 6

28 U.S.C. § 1404(a) ...................................................................... 13

35 U.S.C. § 271(b) ........................................................................ 5

**Rules**

Fed. R. Civ. P. 4(k)(2) ............................................................... 10, 11

## I.    INTRODUCTION

Plaintiff Luminati Networks Ltd. ("Plaintiff" or "Luminati") filed a complaint ("Complaint", Dkt. 1) asserting various patent and non-patent claims directed toward Defendant BI Science Inc.'s[1] ("Defendant" or "BI Science") competing and infringing residential proxy service, including the "Geosurf" brand, and the hiring of Luminati's former salespeople and misappropriation of Luminati trade secrets to sell this infringing service. Defendant filed a Motion to Dismiss, and in the Alternative, Motion to Transfer Venue ("Motion", Dkt. 15).

As addressed below, Defendant's motion to dismiss under 12(b)(6) should be denied because (a) Luminati pled sufficient facts to support its indirect patent infringement claims; and (b) BI Science misappropriated Luminati's trade secrets to harm Luminati in the United States and Texas by using this information to sell BI Science's competing "Geosurf" service in the United States. Similarly, this Court has personal jurisdiction over the asserted patent claims, because BI Science directed its Geosurf service toward Texas by selling the service in Texas and advertising the use of proxy devices belonging to Texas Residents in ten Texas cities as part of its "Geosurf" service.  This Court also has at least pendant personal jurisdiction over the non-patent claims as they share the same nucleus of facts involving the sale of the same competing and infringing "Geosurf" service.

Defendant also has no basis to seek transfer to the Southern District of New York as the building identified in Mr. Ofal's sworn declaration as the location for BI Science's purported office

---

[1] While Defendant asserts that BI Science Inc. is not a legal entity, Defendant does not assert this as a basis for the Motion.  Regardless, Defendant's website identifies BI Science Inc. as the copyright holder of the website and Defendant's counsel has identified itself to Plaintiff as representing BI Science Inc. Ex. 1; Ex. 2.  Plaintiff intends to seek discovery clarifying the relationship between Defendant BI Science Inc. and BI Science (2009) Ltd.

is under construction and has been vacant for years.  In addition, this motion should be denied because there are no relevant sources of discovery in New York, judicial efficiencies favor retaining the case in Texas with the related Tesonet case, and the Courts in the proposed transferee district are far more congested.

Consequently, the motions to dismiss and transfer should be denied.  However, to the extent that the Court entertains either motion, Plaintiff requests limited discovery regarding Defendant's purported presence in New York and activities in Texas.

## II.     DEFENDANT'S ACCUSED GEOSURF SERVICE IS DIRECTED TOWARD TEXAS

In general, the asserted claims of the Asserted Patents (U.S. Patent Nos. 9,241,044 ("'044 Patent") and 9,742,866 ("'866 Patent")) are directed toward proxy services that permit a user to request content from a target server over the Internet via a proxy device, such as different individual's mobile device. By routing requests through a proxy device, these inventions permit a user to conceal its identity while the target server perceives the user to be a resident from a specific geographic location indicated by the residential proxy IP address.  The claims necessarily require (1) a first device such as a user or client device, (2) one or more proxy devices, and (3) a target server.

Plaintiff asserts that Defendant's residential proxy service known under the brand name "Geosurf" infringes Asserted Patent claims by providing a service that performs all the steps of the claims. Complaint at ¶¶ 20-56. BI Science's customers also infringe the Asserted Patents by implementing the service. Complaint at ¶ 25. As shown in the Complaint, "Geosurf" is touted as a residential proxy service enabling users to send requests to a target server over the internet via a pool of millions of proxy devices. Complaint at ¶ 20. This service involves both Texas customers,

who implement the service by activating Defendant's software through their user devices, and Texas residents, who implement the service through Defendant's use of their devices as proxy devices.  Complaint at ¶¶ 5, 20, 22 (explanatory text added in red below)



https://vimeo.com/250282014 (**Time: 00:47 sec to 01:20 sec**)



https://www.GeoSurf.com/resources/residential-ips-integration-guide/#ac_15173_collapse6

Complaint at ¶ 26.

Defendant admits that it has multiple Texas customers currently utilizing this service, but ignores its reliance on Texas residents to provide the necessary residential proxy devices in Texas. Motion at 6. As admitted by Defendant, Plaintiff has alleged that "Geosurf" also uses residential proxies or residential IPs located in Texas, which would include user devices belonging to Texas residents operating in Texas, including the Eastern District of Texas.  Complaint at ¶¶ 5, 20;

Motion at 5.  Defendant cannot deny that it uses Texas residents, because it advertises its residential proxy service as permitting "Geosurf" customers to selectively choose the state, and even the city, in which the proxy residential IPs are located.  Complaint at ¶ 22.  In fact, on its website at https://www.geosurf.com/resources/residential-ips-integration-guide/#ac_15171_collapse2, Defendant touts the following ten specific Texas cities as locations that Geosurf customers can choose for its residential proxies: Arlington, Austin, Crowley, Dallas, El Paso, Fort Worth, Houston, Katy, San Antonio, and Spring. Ex. 3 at 2; Ex. 4 at 2-3. In addition, at any given time Geosurf is believed to have a hundred or more residential proxies available in the Eastern District of Texas. Defendant is providing a service allowing customers located outside of Texas to specifically route internet requests and responses through the devices of Texas residents.

## III.   THE COMPLAINT SHOULD NOT BE DISMISSED UNDER 12(B)(6), BECAUSE LUMINATI PROPERLY PLED ITS CLAIMS

Motions to dismiss for failure to state a claim are governed by regional circuit law.  *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376 (Fed. Cir. 2017). "In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) for failure to state a claim 'are viewed with disfavor and are rarely granted.'"  *NobelBiz, Inc. v. InsideSales.com, Inc.*, No. 6:13-cv-360, Dkt. 32 at 1-2, (E.D. Tex. Oct. 14, 2014); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  The Court must accept as true all facts alleged in a plaintiff's complaint, and the Court views the facts in the light most favorable to a plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a Rule 12(b)(6) motion if it includes facts sufficient "to raise a right to relief above the speculative level." *Id*. at 205 (quotations and citations omitted). In other words, the issue

is whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A. *Plaintiff Properly Pled Indirect Infringement By Alleging that Defendant Advertised Its Infringing Geosurf Service Despite the Knowledge that the Service Infringed the Asserted Patents.*

Defendant seeks the dismissal of Plaintiff's indirect infringement claims under Fed. R. 12(b)(6) on the incorrect assertions that "[n]owhere does Luminati allege any facts of 'inducement' of infringement under 35 U.S.C. § 271(b)" and "Luminati does not allege any alleged direct infringer being allegedly induced by BIScience, or how such alleged inducement occurs." Motion at 14.  This is not true.

"[A] party may be held liable for induced infringement on the basis of evidence that the defendant advertised the infringing feature of the product or tied its revenue to infringing uses." *Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, 2014 U.S. Dist. LEXIS 28249, 11 (E.D. Tex. 2014)(*citing Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 926 (2005)).  For each of the asserted patents, Plaintiff alleges that BI Science "has been and is now indirectly infringing, literally and/or under the doctrine of equivalents, one or more claims, including at least claim [15 of the '866 Patent / claim 81 of the '044 Patent], by providing this residential proxy service to its customers knowing that the use of such service infringes these claims in the United States without authority and/or license from Luminati and is liable to Luminati under 35 U.S.C. § 271(b).  Complaint at ¶¶ 39 and 53.  As discussed above, the Complaint explains how Defendant's customers, through their use of a client device, practice the elements of the claims. Complaint at ¶¶ 25-26.  The Complaint also explains that Defendant was aware of Plaintiff's patents and knew that its customers would practice the patents by merely using the Geosurf service, but continued to sell that service anyway. Complaint at ¶¶ 12-19.

5

As addressed in the Complaint and discussed above, the purpose of Geosurf is to provide Defendant's customers a residential proxy service. Complaint at ¶ 20. By actively advertising the Geosurf service as routing communications through residential IPs, Defendant was actively inducing its customers to practice the Asserted Patents.  *id*.  Plaintiff's complaint includes sufficient facts to state a claim for indirect infringement that is plausible on its face and Defendant's motion should be denied.

B.  *The Defense of Trade Secrets Act Covers Defendant's Misappropriation of Trade Secrets, Because Defendant Used the Trade Secrets to Sell the Competing Geosurf Service in the United States.*

The Defense of Trade Secrets Act includes provisions specifically covering conduct outside the United States by a foreign entity.  Pursuant to 18 U.S.C. § 1837, "[t]his chapter also applies to conduct occurring outside the United States if (1) the offender is a natural person who is a citizen or permanent resident alien of the United States, or an organization organized under the laws of the United States or a State or political subdivision thereof; *or* (2) an act in furtherance of the offense was committed in the United States." (emphasis added). "In enacting the trade secrete statutes, Congress plainly provided that their terms are applicable to foreign defendants where 'an act in furtherance of the offense was committed in the United States.'"  *United States v. Kolon Indus., Inc.*, 926 F.Supp.2d 794, 802 (E.D. Va. 2013).  Consistent with the clear language of this section, an "act in furtherance of the offense" need not include every element of the offense, as such an offense would otherwise already be covered by this chapter without the need for this section.

Plaintiff alleges that BI Science misappropriated Luminati's trade secrets disclosed by Luminati's former employees, which were subsequently used on behalf of BI Science in furtherance of the competing "Geosurf" residential proxy service, including through sales in the

6

United States, causing harm to Luminati.  Complaint at ¶64; see also ¶¶ 15-17, 59-60.  Luminati alleges, for example, that the former employees had access to "client lists, client records, client data usage, accounts receivable documents, business plans, marketing research, technical documents related to the architecture of Luminati's residential proxy network, and related work product." Complaint at ¶16. "Upon information and belief, Luminati's former employees employed Luminati's confidential trade secrets on behalf of BI Science in furtherance of the competing "Geosurf" residential proxy service.  Upon information and belief, Luminati lost customers for its residential proxy service to BI Science's competing Geosurf service."  Complaint at ¶17.

BI Science's actions in the United States related to the sale of the competing "Geosurf" residential proxy service using these trade secrets were clearly in furtherance of its misappropriation of Luminati's trade secrets.  As Defendant is well aware, these former Luminati employees did not exclude the United States from their "Geosurf" sales activities.  For example, Luminati's former employee Vadim Feldman posted a picture on Facebook of him in what appears to be a Geosurf-branded shirt at a convention in Las Vegas, Nevada in July 2018. Ex. 5.  Similarly, former employee Samuel Levy posted a notice on LinkedIn seeking to schedule meetings at the Affiliate Summit West 2019! Convention held in Las Vegas, Nevada.  Ex. 6.  Upon information and belief, Luminati has lost customers for its residential proxy service to BI Science's competing "Geosurf" in Texas.  As Defendant has furthered its misappropriation of trade secrets by selling the accused "Geosurf" service in the United States, Plaintiff may properly assert this claim and Defendant's motion should be dismissed.

IV.    **PERSONAL JURISDICTION**

A district court may exercise "specific personal jurisdiction over the defendant subject to a three part test: (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair. With respect to the last prong, the burden of proof is on the defendant, which must 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable' under the five-factor test articulated by the Supreme Court in *Burger King*." *Autogenomics Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018 (Fed. Cir. 2009).

A. *This Court has Personal Jurisdiction Over the Patent Infringement Claims, Because Defendant Directed Its Infringing Geosurf Service to Texas.*

As discussed above, Defendant purposefully directs its activities at residents of Texas, both through Texas customers of the accused Geosurf service and the Texas residents whose devices serve as proxy devices for this service. As admitted by Defendant, Plaintiff alleges that "BI Science utilizes software, which is, inter alia, the subject of the infringement alleged herein, that routes internet communications through user devices having IP addresses serving as residential proxies located in the State of Texas, as well as this Judicial District, permitting BI Science to include user devices in this Judicial District as part of BI Science's residential proxy service." Motion at 5; Complaint at ¶5.

The asserted infringement claims clearly arise or relate to BI Science's accused residential proxy service. Complaint at ¶¶ 20-56. Defendant admits that it has current and former "GeoSurf" residential customers in Texas. Motion at 6. As alleged in the Complaint, Defendant and these customers practice the asserted claims *each time* they send a request from a client device in Texas through the Geosurf proxy service. Complaint at ¶ 25, see also ¶¶ 20-56. Tellingly, Defendant provides no data showing the number of requests that each Texas customer submitted, but based

upon Defendant's advertised prices, BI Science appears to charge about $10-$15/GB. Ex. 7. Estimating an average request to be about 20KB or about 50,000 requests/GB, and given that Defendant admits to current sales of approximately ███████████ in Texas, we can conservatively estimate more than ████████ or ████████████████████ in Texas. Motion at 6.

Defendant's reliance on *Roberts v. Paulin* and *Tuna Processors, Inc. v. Anova Food, Inc.* for the proposition that "minimal sales in a forum state, *absent any purposeful activity focused on the state*, are insufficient to confer personal jurisdiction" is misplaced.  Motion at 6 (emphasis added).  *Roberts* states that "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet…. At one end of the spectrum are situations where a defendant clearly does business over the Internet.  If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of the computer files over the Internet, personal jurisdiction is proper."  *Roberts v. Paulin*, 2007 U.S. Dist. LEXIS 80490, 17 (E.D. Mich. 2007) (finding that defendant did not direct her activities to Michigan where defendant did not make the product available in Michigan stores or feature Michigan on defendant's website); see also *Tuna Processors, Inc. v. Anova Food, Inc.*, 2007 U.S. Dist. LEXIS 81386 at 7 (D. Or. 2007) (finding lack of personal jurisdiction in Oregon where only two products were purchased by Oregon residents through defendant's website and crucially defendant had no distribution network designed to bring its products into Oregon).  By offering a residential proxy service advertising its IP addresses in Texas, Defendant is purposefully focusing on Texas.  In addition, as discussed above, BI Science is purposefully directing Internet communications through devices in Texas as an express feature of its Geosurf service, which is touted on BI Science's website. Exs. 3 and 4.

The asserted claims clearly arise *or relate* to BI Science's advertised use of proxy devices belonging to Texas residents.   The asserted claims of the '044 Patent include the elements of "sending a second request to the second device," and "receiving the first content from the second device" where the second device is a proxy device including the above devices of Texas residents. Complaint at ¶36, ¶¶ 19-25.  The asserted claims of the '866 Patent include the elements of "sending over the Internet a first request to the selected device…" and "receiving over the Internet the content slice from the selected device" where the selected device is a proxy device including the above devices of Texas residents.  Complaint at ¶¶ 49-50, ¶¶ 19-25.  Given that BI Science touts Texas proxy devices, Defendant's position that the use of proxy devices in Texas "is unrelated to any BIScience customer or user" is ridiculous.  Motion at 5.

Defendant's assertion that it "never purposefully directed any aspect of its business operations to Texas" is simply not true.  Motion at 6. Similarly, despite having the burden of proof for the last prong, Defendant has put forth no argument that personal jurisdiction would not be reasonable and fair.  Consequently, personal jurisdiction is proper.

B. *The Court Also Has Personal Jurisdiction under Fed. R. Civ. P. 4(k)(2), Because Neither New York, Nor Any Other State has General Personal Jurisdiction Over Defendant.*

In the alternative, Plaintiff asserted personal jurisdiction under Fed. R. Civ. P. 4(k)(2), which provides "for a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws."  Complaint at ¶5.  Defendant asserted that such general personal jurisdiction exists in the Southern District of New York based upon its false statement that  BI Science has a "shared office space at 345 Madison Ave, Floor 16, New York,

10

New York, 10017" ("Purported Office").  Motion at 9-10.  This false assertion is stated in paragraph 4 of the declaration submitted by Mr. Moyal, co-founder and CEO of BI Science.

A New York licensed private investigator physically inspected the adjoining office buildings at 345 and 346 Madison Avenue, New York, New York, 10017 and found it to be a vacant building under construction without any signage or other evidence that Defendant has an office at that location.  Dell'Olio Declaration at ¶¶4, 8.  In fact, an individual in the building wearing a "CBRE" uniform said the building was owned by the Metropolitan Transportation Authority and managed by CBRE, but has been vacant for years and under construction.  *id*. at ¶6.  He confirmed that there are no tenants in the building and that he had never heard of "Geosurf."  *id*. at ¶7.  He also stated that the building has only fifteen floors, while the address of the Purported Office is on the non-existent sixteenth floor. *Id*.  This is consistent with an article from last August describing the building as "empty."  *Id*. at ¶9, Ex. D.  Counsel for Defendant and Mr. Moyal have committed gross negligence and/or asserted a blatant falsehood in furtherance of the Motion.

Without any evidence that the Southern District of New York has general jurisdiction over Defendant and given Defendant's activities in Texas, this Court has personal jurisdiction over at least the patent and misappropriation of trade secrets claims under Fed. R. Civ. P. 4(k)(2).

C. *The Court Has At Least Pendant Jurisdiction Over the Non-Patent Claims, Because They Share the Same Nucleus of Facts With the Patent Claims.*

The non-patent claims are similarly related to the infringement claims. Defendant tortiously interfered with Luminati's employee contracts that prohibited former employees from disclosing Luminati's trade secrets and competing with Luminati. Complaint at ¶64; ¶¶ 15-17, 59-60.  As discussed above, these sales employees previously sold Luminati's residential proxy service and have since sold BI Science's "Geosurf" service in the United States.  *Id*.

Defendant "misappropriated Luminati trade secrets by hiring Luminati's former employees, knowing that each of them had access to Luminati's trade secrets related to Luminati's residential proxy service for the purpose of competing with Luminati's residential proxy service." *id*. "Upon information and belief, Luminati's former employees employed Luminati's confidential trade secrets on behalf of BI Science in furtherance of the competing "Geosurf" residential proxy service. Upon information and belief, Luminati lost customers for its residential proxy service to BI Science's competing Geosurf service." Complaint at ¶17. As discussed above, Luminati lost customers of its residential proxy service in Texas to BI Science's competing "Geosurf" service. Consequently, personal jurisdiction is proper, because elements of the claim, including the harm suffered by Plaintiff as a result of Defendant's tortious interference were committed in Texas.

In the alternative, to the extent that the Court does not find specific personal jurisdiction, "[p]endant personal jurisdiction … exists when a court possesses personal jurisdiction over a defendant for one claim, lacks an independent basis for personal jurisdiction over the defendant for another claim that arises out of the same nucleus of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts personal jurisdiction over the second claim." *Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp.2d 765, 783 (N.D. Tex. 2008). "[T]he exercise of pendent personal jurisdiction remains discretionary with the court." *id*. at 784.

Here, the misappropriation of trade secrets and tortious interference claims involve former Luminati salesmen who breached their employment agreements by disclosing Luminati's trade secrets and selling the competing accused "Geosurf" service and regarding the same resulting in harm to Luminati. These non-patent claims share the same nucleus of facts with the patent claims relating to the sale of the infringing and competing residential proxy service. Complaint at ¶¶ 5,

12

38-39, 52-53, 59-60, 64-65.   Under either specific personal jurisdiction or pendant personal jurisdiction, the Court has personal jurisdiction over the tortious interference claim.

## V.    TRANSFER TO NEW YORK

As an alternative to dismissal, Defendant seeks transfer of this action to the Southern District of New York under 28 U.S.C. § 1404(a).  This transfer is premised on Defendant's false statement that Defendant has a "shared office space at 345 Madison Ave, Floor 16, New York, New York, 10017." Motion at 9.  As discussed above, this is not true.  Dell'Olio Declaration at ¶¶4-9.  Plaintiff does not dispute that this case could have been brought in the Southern District of New York, given that BI Science similarly directs its "Geosurf" service to customers and residents of New York, although Defendant only advertises half as many cities in New York compared to Texas as proxy locations.  Ex. 4.  However, the Southern District of Texas is not "clearly more convenient" than the Eastern District of Texas and this motion should be denied.  *In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009).

### A.   *The Private Factors Disfavor Transfer*

#### 1.   The Relevant Sources of Proof Are in Israel

To the extent that evidence needs to be collected on site, the relevant sources of proof are in Israel for both parties.  Plaintiff believes that both the parties and party employees with relevant knowledge are located in Israel and Plaintiff anticipates proposing that the depositions of these individuals be coordinated in Israel for the convenience of the parties and witnesses.  Electronic data would be produced to either party without need of either party's offices.  Consistent with the default protective order, Plaintiff anticipates source code being stored at the offices of outside counsel.  Consequently, this factor does not favor transfer.

13

2. <u>The Availability of Compulsory Process to Secure the Attendance of Witnesses is Neutral</u>

While not addressed in Defendant's motion, neither District has an advantage in the availability of compulsory process to secure the attendance of witnesses. This factor is neutral.

3. <u>Cost and Convenience for Witnesses is Neutral.</u>

Defendant mistakenly relies upon *Uniloc USA, Inc. v. Apple, Inc.* where the Court transferred an action to the Northern District of California stating "the Court finds that the significant number of both party and non-party witnesses in California have shown that the convenience of the witnesses weighs strongly in favor of transfer." Ex. B to Motion (Dkt. 15-3) at 21. In contrast, as admitted by Defendant, all the known witnesses live and work in Israel. Motion at 11. Any relative difference in international travel time between Israel and Texas or New York is marginal. This factor does not favor transfer.

4. <u>All Other Practical Considerations, Including Judicial Economy, Strongly Disfavor Transfer</u>

Defendant admits that "judicial economy" is a consideration to be considered under other practical considerations, but ignores the fact that a case involving the same Asserted Patents is already pending before this Court in *Luminati Networks Ltd. v. UAB Tesonet*, case no. 2:18-cv-299-JRG. With a claim construction hearing and jury selection already scheduled for July 24, 2019 and February 3, 2020, judicial economy favors keeping the action in Texas. "Where multiple and parallel lawsuits in two different jurisdictions are contemplated, judicial economy weighs heavily in the Court's transfer analysis." *ConCam Int., Inc. v. Mobotix Corp.*, 2:13-cv-798, slip op. at 7 (E.D. Tex. Aug. 26, 2014) (citing *In re Volkswagen*, 566 F.3d at 1351). These cases will present common issues of law and fact, and judicial economy favors the avoidance of parallel litigation in multiple courts disfavoring transfer.

### B.  The Public Factors Also Disfavor Transfer

#### 1.  The Administrative Difficulties Flowing from Court Congestion Strongly Disfavor Transfer

Defendant admits that the average time to trial in the Southern District of New York is 29.4 months or 10 months longer than the average time to trial in the Eastern District of Texas of 19.1 months.  Motion at 13.  Clearly, this factor disfavors transfer.

#### 2.  The Local Interest in Having Localized Interests Decided at Home

Both Districts have the same interest in having this case decided locally as the case involves Defendant's infringing residential proxy service, which directs Internet requests through proxies located in both Districts.  Defendant's false assertions of a shared office at 345 Madison Avenue would not change this interest even if the Purported Office existed. This factor is neutral.

#### 3.  The Remaining Public Interest Factors

The remaining factors do not favor transfer either as the Eastern District of Texas has extensive experience with patent law cases.  These factors are at least neutral.

## VI.    CONCLUSION AND MOTION FOR VENUE DISCOVERY

Luminati respectfully requests that the motions to dismiss and transfer be denied. However, to the extent that the Court concludes either motion has merit, Plaintiff moves for limited discovery including (a) documentation showing Defendant's control over the Purported Office in New York and relationship with any purported employees residing in New York; (b) a deposition of Mr. Moyal limited to jurisdictional discovery; (c) documentation showing Defendant's correspondence with entities located in Texas regarding "Geosurf"; and (d) documentation and/or other written discovery showing the volume and number of Internet requests initiated from or routed through Texas as part of the Geosurf service by month and year.

15

Dated:  February 12, 2019                    By: */s/ Ronald Wielkopolski*
                                             S. Calvin Capshaw
                                             State Bar No. 03783900
                                             Elizabeth L. DeRieux
                                             State Bar No. 05770585
                                             Capshaw DeRieux, LLP
                                             114 E. Commerce Ave.
                                             Gladewater, TX 75647
                                             Telephone: 903-845-5770
                                             ccapshaw@capshawlaw.com
                                             ederieux@capshawlaw.com

                                             Korula T. Cherian
                                             Robert Harkins
                                             CA State Bar No. 179525
                                             RuyakCherian LLP
                                             1936 University Ave, Ste. 350
                                             Berkeley, CA  94702
                                             (510) 944-0190
                                             Email: sunnyc@ruyakcherian.com
                                             Email:  bobh@ruyakcherian.com

                                             Ronald Wielkopolski
                                             RuyakCherian LLP
                                             1700 K St. NW, Suite 810
                                             Washington, DC 20006
                                             Telephone:  202-838-1568
                                             Email: ronw@ruyakcherian.com

                                             Attorneys for Plaintiff


## CERTIFICATE OF CONFERENCE


I hereby certify that I, Elizabeth L. DeRieux, met and conferred with Eric Findlay on February 12, 2019, regarding the alternative request for venue discovery.  Defendants are currently opposed to the alternative request for venue discovery.


                                             */s/ Elizabeth L. DeRieux*

16

.

## **CERTIFICATE OF SERVICE**

I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served this 12th day of February, 2019, with a copy of this document via electronic mail.

*/s/ Ronald Wielkopolski*

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that this document is being filed under seal pursuant to the Unopposed Motion for Leave to File Under Seal that is being filed concurrently with this Response.

*/s/ Ronald Wielkopolski*

17