UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LUMINATI NETWORKS LTD.<br><br>Plaintiff,<br><br>v.<br><br>BI SCIENCE INC.,<br><br>Defendants. | Case No.  2:18-CV-00483-JRG<br><br>JURY TRIAL DEMANDED |

**LUMINATI'S REPLY IN SUPPORT OF ITS MOTION FOR VENUE DISCOVERY [DKT. 22] AND NOTICE OF READINESS FOR RULING ON PENDING MOTION TO DISMISS OR TRANSFER [DKT. 15] – NO REPLY FILED**

I.  **BI Science Filed a False Declaration Under Oath to Support its Motion to Dismiss for Lack of Personal Jurisdiction or to Transfer Venue, then, After Luminati's Opposition, Waived its Reply**

Pending before the Court is Defendant's Motion to Dismiss, and in the Alternative, Motion to Transfer Venue ("Motion," Dkt. 15), which includes a motion to dismiss for lack of personal jurisdiction or in the alternative to transfer under 28 U.S.C. 1404(a).  Plaintiff Luminati Networks Ltd. ("Luminati") filed Plaintiff's Opposition to Defendant's Motion to Dismiss, and In the Alternative, Motion to Transfer Venue and Motion for Early Venue Discovery ("Opposition") (Dkt. 21), with a second docket entry for Luminati's Motion for Early Venue Discovery ("Motion for Venue Discovery") (Dkt. 22)[1].  As Defendant has not filed a reply in support of its Motion, the motion to transfer venue is now fully briefed and ready for disposition by the Court.

---

[1] The briefing is identical between docket entries 21 and 22.  Only the proposed orders differ to reflect the Opposition (Dkt. 21) and Motion for Early Venue Discovery (Dkt. 22) respectively.  While BI Science's Response to Plaintiff's Motion for Early Venue Discovery was filed in response to Luminati's Motion for Early Venue Discovery (Dkt. 22), it improperly requests

1

The motion to dismiss for lack of personal jurisdiction or transfer venue is based in substantial part on BI Science's false representation that BI Science has an office located at "345 Madison Ave, Floor 16, New York, New York, 10017" (Dkt. 15 at 9-10) as supported by a declaration from BI Science's Co-Founder and CEO Kfir Moyal (Dkt. 15-2 at ¶ 4). The Opposition and Motion for Venue Discovery, supported by a declaration from an independent and licensed investigator Michael J. Dell-Olio, showed BI Science's representation to be false and dispositive as the purported location for the office is a *vacant fifteen-story building* (Dkt. 21-9 at ¶¶ 3-9; Dkt. 22-9 at ¶¶ 3-9).

Despite being granted an extension to file a reply by February 25, 2019 (Dkt. 29), BI Science chose not to do so. Instead, despite repeated warnings from Luminati to the contraray, BI Science has taken the position that BI Science's Motion, including its motion to transfer, and Luminati's opposition and motion for venue discovery are moot.

## I. BI Science Has Not Filed a Substantive Opposition to Luminati's Venue Discovery Motion

Despite repeated warnings from Luminati in email correspondence and the February 25, 2019 meet and confer that BI Science's jurisdiction and venue transfer motions remain pending, BI Science chose not to provide a substantive reply to the Opposition. Instead, BI Science filed no reply to the Opposition but filed "Defendant's Response to Plaintiff's Motion for Early Venue Discovery" (Dkt. 31) on February 27, 2019 requesting that the motion for venue discovery (Dkt. 22) be denied as moot along with the Motion (Dkt. 15) and Opposition (Dkt. 21), two days after a reply to the Opposition was due. BI Science did not withdraw its Motion to Dismiss or Transfer

---

the Court deny the Motion (Dkt. 15) and Opposition (Dkt. 21) as moot without having filed a reply to the Opposition. Out of an abundance of caution, this reply is also being filed as a notice that the 12(b)(2) and venue transfer motions (Dkt. 15) are fully briefed and ready for a hearing to address Defendant's arguments that the Opposition and Motion are also moot.

Venue and, on the contrary, at the same time expressly reserves "its rights to contest personal jurisdiction in the appropriate forthcoming pleading." Dkt. 31 at 1. Consequently, the motion to dismiss for lack of personal jurisdiction or transfer for convenience (as well as Luminati's motion for venue discovery) are not moot. They are ripe for resolution. Rather than address the glaring false representations exposed in the Opposition, BI Science seeks to have the Court wipe the slate clean of the pending motions that include materially false, sanctionable representations, only to be able to turn around and file a new motion to transfer next week.

## II. The Amended Complaint Did Not Moot Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or to Transfer Venue under Section 1404.

Luminati does not dispute that BI Science's motions to dismiss under Fed. R. Civ. Pro. 12(b)(6) are dismissed. However, pending jurisdictional motions to dismiss and motions to transfer are *not* automatically mooted by an amended complaint. "[T]he Court disagrees with Plaintiff that the filing of the amended complaint necessarily moots Defendant's Motion to Dismiss…. While amending the complaint may cure deficiencies raised in a motion to dismiss, the simple act of filing an amendment does not automatically moot a motion to dismiss." *Frye Family P'ship v. Rough Creek Investors*, 2011 U.S. Dist. LEXIS 83618, at 3, 12, case no. 4:11-cv-193, (E.D.T.X. July 8, 2011). "The Court has discretion [to] interpret the Motion to Transfer as applicable to the First Amended Complaint where such a motion remains applicable." *Wowwee Grp. Ltd. v. Wallace*, 2012 U.S. Dist. LEXIS 199343 at 2-3, cv-12-2298 (C.D. Cal. June 27, 2017) (ruling on venue transfer motion despite amended complaint being filed after motion to dismiss or transfer on finding that motion to transfer was not mooted) (citing Wright, Miller, & Cooper, Federal Practice & Procedure, § 1476).[2]

---

[2] On February 27, 2019, BI Science filed an opposition to Lumanti's motion for venue discovery asserting that it was moot based on the filing of an amended complaint. [Dkt. 31] However, the case cited by BI Science only addresses a Fed. R. Civ. Pro. 12(c) motion for

3

### III. Conclusion

Luminati respectfully requests that the Court deny BI Science's motions to dismiss for lack of jurisdiction under Fed. R. Civ. Pro. 12(b)(2) and motion to transfer venue under 28 U.S.C. § 1404(a) in the alternative (Dkt. 15) on the merits. Alternatively, Luminati asks the Court to grant its Venue Discovery Motion (Dkt. 22). In addition, Luminati respectfully requests that the Court deny BI Science's Fed. R. Civ. Pro. 12(b)(6) motions (Dkt. 15) as moot.

Dated: March 1, 2019

By: */s/ Ronald Wielkopolski*
S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Korula T. Cherian
Robert Harkins
CA State Bar No. 179525
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94702
(510) 944-0190
Email: sunnyc@ruyakcherian.com
Email: bobh@ruyakcherian.com

Ronald Wielkopolski
RuyakCherian LLP

---

judgment on the pleadings, finding such motions mooted by amendments to the complaint. *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015). That is logical, because amended facts may cure the problem and negate the Rule 12(c) motion. In contrast, BI Science's Rule 12(b)(2) motion for lack of personal jurisdiction and the motion to transfer for convenience are based on affirmative facts submitted by the movant and not based on how the complaint is pled. Thus, consistent with the cases cited in this motion, motions challenging jurisdiction or venue are not mooted by the mere filing of an amended complaint.

>1700 K St. NW, Suite 810
>Washington, DC 20006
>Email: ronw@ruyakcherian.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

    I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served this 1st day of March, 2019, with a copy of this document via electronic mail.

>*/s/ Ronald Wielkopolski*