**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LUMINATI NETWORKS LTD.<br><br>    Plaintiff,<br><br>    v.<br><br>BI SCIENCE INC.,<br><br>    Defendants. | Case No.  2:18-CV-00483-JRG<br><br>JURY TRIAL DEMANDED |

**LUMINATI'S OPPOSED MOTION TO STRIKE PORTIONS OF
DEFENDANT'S MOTION TO DISMISS, AND IN THE ALTERNATIVE,
MOTION TO TRANSFER VENUE [DKT. 36]**

**TABLE OF CONTENTS**

I. Procedural History ................................................................................................................ 2

II. Legal Authority .................................................................................................................... 3

III. Argument ............................................................................................................................. 5

    A. BI Science's Second Motion to Dismiss is an Abusive Litigation Tactic and a Waste of Resources ................................................................................................................... 5

    B. Rule 12(g) Bars BI Science from Filing Multiple 12(b)(2) Motions. ............................... 7

    C. BI Science's Second Motion to Dismiss Circumvents the Local Rules .......................... 8

    D. BI Science's Second Motion to Dismiss Is Based On the Same Grounds as the First Motion to Dismiss, But Fails to Provide Documentary Evidence that BI Science Controls the Purported Office at the Second Location. ................................................. 9

IV. Conclusion .......................................................................................................................... 10


# TABLE OF AUTHORITIES

**Cases**

*Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907 (5th Cir. 1993) .............................. 5, 8

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ........................................................................ 4, 6

*Collins v. Baylor Univ.*, No. 6:15-CV-112 RP, 2016 U.S. Dist. LEXIS 176430 (W.D. Tex. Dec. 21, 2016) ...................................................................................................................... 3, 5

*Hild v. Bank of Am., N.A.*, No. EDCV 14-2126 JGB (SPx), 2015 U.S. Dist. LEXIS 55029 (C.D. Cal. Apr. 21, 2015) ............................................................................................................. 7

*Metzger v. Hussman*, 682 F.Supp. 1109 (D. Nev. 1988) .................................................................. 4

*Randolph Engineering Co. v. Fredenhagen Kommandit-Gesellschaft*, 476 F. Supp. 1355, 1358 (W.D. Pa. 1979) ............................................................................................................. 5, 8

*Rogers v. State Bd. of Nursing*, 665 Fed. App'x. 326 (5th Cir. 2016) .......................................... 4, 8

*Tagle v. Bean*, 2017 U.S. Dist. LEXIS 75922, at *8-9 .................................................................... 4

*Tagle v. Bean*, No. 2:15-cv-01402-JAD-VCF, 2017 U.S. Dist. LEXIS 75922 (D. Nev. May 18, 2017) ........................................................................................................................ 3, 5, 6

*Thompson v. Capstone Logistics, L.L.C.*, 2016 U.S. Dist. LEXIS 117537 (S.D. Tex. Aug. 31, 2016) .......................................................................................................................................... 7

*Woodson v. Surgitek, Inc.*, 57 F.3d 1406 (5th Cir. 1995) ................................................................ 6

*Wowwee Grp. Ltd. v. Wallace*, No. CV-12-2298-MWF(VBKx), 2012 U.S. Dist. LEXIS 199343 (C.D. Cal. June 27, 2012) .................................................................................................. 6

*Yeti Coolers, LLC v. Walmart Inc.*, No. A-17-CV-1145-RP, 2018 U.S. Dist. LEXIS 183077 (W.D. Tex. Oct. 25, 2018) .............................................................................................................. 4

**Rules**

FRCP 12(g)(2) ................................................................................................................ 2, 4, 7

Local Rule CV-7 .................................................................................................................... 2

**Treatises**

5C Charles Alan Wright & Arhur R. Miller, Federal Practice and Procedure §1388 .................... 4

Wright, Miller, & Cooper, Federal Practice & Procedure, § 1476 .................................................. 6

Plaintiff Luminati Networks Ltd. ("Luminati" or "Plaintiff") respectfully moves this Court to strike the portions of Defendant's second motion to dismiss related to jurisdiction and venue transfer (Dkt. 36). In Defendant's still pending and fully-briefed original motions to dismiss for lack of personal jurisdiction and alternative motion to transfer for *forum non conveniens* (Dkt. 15), BI Science ("BI Science" or "Defendant") submitted false representations regarding the location of its purported New York office supported by a declaration under oath from its CEO, Kfir Moyal ("First Moyal Declaration," Dkt. 15-2). Luminati filed an opposition (Dkt. 21 at 10-11) supported by a declaration from a licensed New York city investigator ("First Dell'Olio Declaration" Dkt. 21-9 at ¶¶ 3-9) showing the purported office to be located on the sixteenth floor of a vacant fifteen-story building and a motion for venue discovery (Dkt. 22) including requests for documentation evidencing BI Science's control of the purported office, BI Science's relationship to the purported New York employees, and a deposition of Mr. Moyal. Instead of filing a reply in support of its original motion, BI Science filed an opposition to the motion for venue discovery asserting incorrectly that all briefing following the original motion, including the motions challenging personal jurisdiction, requesting transfer of venue and venue discovery are mooted by the amended complaint. Dkt. 31.[1]

However, less than a week after misleadingly asserting that the jurisdictional and venue briefing are moot in an apparent attempt to sweep its initial misrepresentations under the rug, BI

---

[1] Luminati filed a prompt reply and notice (Dkts. 33 and 34) two days later providing case law to show that the mere filing of an amended complaint does not moot motions to dismiss under Fed. R. Civ. Pro. 12(b)(2), motions to transfer under 28 U.S.C. 1404 or motions for venue discovery. Prior to BI Science's opposition, Luminati advised BI Science's counsel that the motions remained pending, sent counsel supporting case law, and advised BI Science that if it chose not to file a substantive reply that it was waiving its ability to file further pleadings on jurisdictional or venue grounds later. Nevertheless, BI Science opted not to file any substantive response by the deadline.

Science filed the second motion to dismiss attempting to reargue the same jurisdictional and venue arguments already fully briefed in its first motion to dismiss (which includes another declaration by the same declarant that made the first false representations under oath and further fails to show the existence a New York office, let alone one that would support BI Science's motion, *see* Section III(D), *infra*).

BI Science's attempt to re-open briefing is an inappropriate waste of resources requiring duplicative work by all parties and this Court, and to the extent the second motion to dismiss is not duplicative, it is barred by FRCP 12(g)(2). An extra motion to dismiss gives BI Science a second bite at the apple and the unfair advantages of circumventing Local Rule CV-7's page limits for a reply and the possibility of an extra reply if Luminati is required to file a second opposition to these motions. BI Science purposely chose not to file a reply during the first round of briefing, and accordingly it should not be given the chance to delay adjudication on these issues, waste resources, and skirt the federal and local rules. Luminati respectfully asks the Court to strike the portions of BI Science's second motion to dismiss that discuss jurisdiction and venue (Dkt. 36), the issues that are already fully briefed and pending before this Court.

## I.     Procedural History

In response to Luminati's original complaint ("Original Complaint") (Dkt. 1), BI Science filed a motion to dismiss under FRCP 12(b)(6) and 12(b)(2) which also included an alternative motion to transfer under 1404(a) ("Motion to Dismiss") (Dkt. 15) supported by a declaration from BI Science CEO Kfir Moyal ("First Moyal Declaration," Dkt. 15-2). Luminati then filed its opposition and a motion for venue discovery (Dkts. 21 and 22) ("Opposition") followed by an amended complaint ("Amended Complaint") (Dkt. 28). Instead of filing a reply, two days after the deadline for the reply had passed, BI Science filed an opposition to Luminati's motion for

venue discovery (Dkt. 31) arguing that all pending briefings were moot in light of Luminati's Amended Complaint. To correct the record, Luminati filed a reply and notice (Dkt. 33 and 34) ("Notice") pointing out that only the 12(b)(6) motions are mooted by the Amended Complaint while the remaining jurisdictional, venue, and venue discovery motions are still pending before this Court and are ready for disposition. Nonetheless, despite no material changes to the jurisdictional and venue issues in the Amended Complaint, BI Science filed a second Motion to Dismiss that again addresses 12(b)(2) jurisdiction issues and asks for the case to be transferred (Dkt. 36) ("Second Motion to Dismiss") supported by a second declaration from Mr. Moyal (Dkt. 36-1).

Luminati now moves this Court to strike the portions of the Second Motion to Dismiss (Dkt. 36) that address 12(b)(2) jurisdiction issues and venue, which include at least pages 1-2, as well as Sections I, II, and III.

## II. Legal Authority

"Filing multiple motions on the same topic is an abusive litigation practice and a waste of scarce judicial resources." *Collins v. Baylor Univ.*, No. 6:15-CV-112 RP, 2016 U.S. Dist. LEXIS 176430, *12 (W.D. Tex. Dec. 21, 2016). Filing multiple motions requesting the same relief places an undue burden not only the Court, but also the parties to the lawsuit. *Tagle v. Bean*, No. 2:15-cv-01402-JAD-VCF, 2017 U.S. Dist. LEXIS 75922, *3-4 (D. Nev. May 18, 2017)("Filing multiple motions requesting the same relief is an abusive litigation tactic that taxes the resources of the court and all of the parties to a lawsuit.")(denying motion and warning party against filing further duplicative motions). *"In fact, filing duplicate motions increases the Court's workload and generally delays decision while a new round of responses and reply deadlines run." Id.*

To prevent such abuse, Courts have inherent power to strike a party's submissions. *Tagle v. Bean*, 2017 U.S. Dist. LEXIS 75922, at *8-9. (citations omitted); *see e.g, Metzger v. Hussman*, 682 F.Supp. 1109, 1110 (D. Nev. 1988)(striking untimely opposition). A district court has inherent power over the administration of its affairs and to regulate the conduct of attorneys appearing in its court, as well as the inherent authority to promulgate and enforce rules to "achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). As such, a district court's decision to strike a filing is reviewed only for abuse of discretion. *See Rogers v. State Bd. of Nursing*, 665 Fed. App'x. 326, 328 (5th Cir. 2016)(upholding district court's decision to strike opposition brief because the court did not abuse its discretion).

The Federal Rules also prevent and discourage multiple filings. FRCP 12(g)(2) prohibits multiple motions to dismiss:

> (2) *Limitation on Further Motions.* Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Even "[t]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading." *Yeti Coolers, LLC v. Walmart Inc.*, No. A-17-CV-1145-RP, 2018 U.S. Dist. LEXIS 183077, *4-5 (W.D. Tex. Oct. 25, 2018) citing 5C CHARLES ALAN WRIGHT & ARHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE at §1388. "Accordingly, Rule 12(g) applies even when the plaintiff voluntarily serves an amended complaint, as long as the defense was available when the first 12(b)(6) motion was made." *Id.* (citation omitted).

Courts have held that this Rule and the same logic apply when a movant attempts to supplement a defense raised in a previous motion to dismiss. For example, in *Randolph Engineering Co. v. Fredenhagen Kommandit-Gesellschaft*, 476 F. Supp. 1355, 1358 (W.D. Pa.

1979), the court denied a second 12(b) motion related to venue where the second motion raised a new theory in support of the original venue defense. The Court held, "[t]he fact that both motions raise a defense based upon improper venue does not deactivate Rule 12(g) and Rule 12(h)(1). The policy concern underlying the consolidation requirement is violated whether the second motion raises a new Rule 12(b) defense or whether it raises a new theory supporting the original Rule 12(b) defense." *Id.; see also Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909-910, (5th Cir. 1993)(precluding party from raising specific objection to venue in a second motion to dismiss though other venue objections were made in the first motion to dismiss).

### III. Argument

Luminati respectfully asks this Court to strike the 12(b)(2) jurisdiction and venue portions of BI Science's Second Motion to Dismiss because it is an attempt to submit duplicate briefing on the same issues, waste a significant amount of resources, re-argue issues where briefing is complete, is barred by the federal rules, and circumvents the page limits set forth in the local rules, L.R. CV-7.

#### A. BI Science's Second Motion to Dismiss is an Abusive Litigation Tactic and a Waste of Resources.

BI Science filing duplicative motions is an abusive litigation tactic that wastes this Court's resources as well as Luminati's. *see Collins*, 2016 U.S. Dist. LEXIS 176430, at *12; *see also Tagle*, 2017 U.S. Dist. LEXIS 75922, at *3-4. As described above, BI Science filed an initial motion to dismiss. After Luminati filed its Amended Complaint, BI Science filed a second duplicative motion to dismiss that attempts to bolster its previous arguments.

As stated in Luminati's Notice, Luminati does not dispute that BI Science's pending 12(b)(6) arguments are moot. Notice at 3. But as also discussed in the Notice, the jurisdictional and venue arguments remain pending and are not moot. *Id; see Wowwee Grp. Ltd. v. Wallace*,

5

No. CV-12-2298-MWF(VBKx), 2012 U.S. Dist. LEXIS 199343, at *2-3 (C.D. Cal. June 27, 2012) (ruling on venue transfer motion despite amended complaint being filed after motion to dismiss or transfer on finding that motion to transfer was not mooted) (citing Wright, Miller, & Cooper, Federal Practice & Procedure, § 1476). Thus, BI Science's re-briefing of these issues is duplicative, resulting in two motions pending before the Court on the same issues.

Two rounds of briefing on these same issues is a waste of resources and will delay adjudication on this issue. "In fact, filing duplicate motions increases the Court's workload and generally delays decision while a new round of responses and reply deadlines run." *Tagle*, 2017 U.S. Dist. LEXIS 75922, at *3-4. Instead of opening an entirely new round of briefing, BI Science could have simply filed a reply during the initial round of briefing. BI Science chose not to do so. BI Science did not file a reply and did not withdraw its original Motion to Dismiss. Instead, BI Science tried to improve upon its original arguments through an improper second round of briefing. However, even in this improper second new round of briefing, BI Science chose to withhold venue discovery evidence specifically requested by Luminati in its motion for venue discovery, including documentation evidencing BI Science's control over the purported office and relationship with purported employees residing in New York. BI Science should be denied two rounds of briefing on the same issues, and Luminati should be spared the delay and duplicative expenditure of resources in investigating this new purported office location and filing a new opposition and motion for venue discovery.

Federal courts have inherent power to manage their own proceedings. *Chambers* at 43-44; *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995)(upholding district court's inherent power to manage its cases)(citations omitted). Thus, it is within this Court's discretion to strike multiple and duplicative filings. Luminati respectfully requests that the Court do so here.

6

### B. Rule 12(g) Bars BI Science from Filing Multiple 12(b)(2) Motions.

FRCP 12(g)(2) also prevents parties from filing successive motions to dismiss when the arguments were previously available to the moving party. "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FRCP 12(g)(2). Accordingly, to the extent that BI Science argues that its Second Motion to Dismiss is not duplicative, BI Science is prohibited from raising new 12(b)(2) arguments.

Nothing in Luminati's Amended Complaint provides BI Science with a basis to change its first 12(b)(2) motion to dismiss. The facts and arguments in the Second Motion to Dismiss with regard to jurisdiction and venue were available to BI Science when it filed its first Motion to Dismiss, and so BI Science is prohibited from now changing or adding to those arguments. *See Hild v. Bank of Am., N.A.*, No. EDCV 14-2126 JGB (SPx), 2015 U.S. Dist. LEXIS 55029, at *10-11 (C.D. Cal. Apr. 21, 2015) (In the case of an amended complaint, "a defendant is free to file a subsequent 12(b)(6) motion raising arguments that were previously unavailable. However, a defendant can neither object to allegations that were present in the first complaint nor revive defenses under Rule 12(g) and Rule 12(h) that were previously waived. Thus the key inquiry is whether an argument for dismissal was available to a defendant in response to an earlier version of the complaint yet omitted from the defendant's previous motion to dismiss. If so, the argument cannot be raised in a successive motion to dismiss."); *see also Thompson v. Capstone Logistics, L.L.C.*, 2016 U.S. Dist. LEXIS 117537, at *16 (S.D. Tex. Aug. 31, 2016)("[w]hen the Federal Rules govern, it is neither up to the parties nor up to this Court to determine what makes the best procedural sense. Rather this Court will follow the Federal Rules and strike the Third-Party Defendants' Second Motion to Dismiss as improper under Rule 12(g).")(quotation omitted).

For the same reasons, BI Science is also prohibited from supplementing its pending 12(b)(2) arguments through a second motion to dismiss. Courts have denied a second motion to dismiss where the movant attempted to supplement arguments for a defense included in a first motion to dismiss. *See Randolph Engineering Co.*, 476 F. Supp. 1355, at 1358 (denying a second motion to dismiss that added a new theory to an existing improper venue defense); *see also Albany Ins. Co.*, F.3d 907, 909-910 (precluding party from raising specific objection to venue in a second motion to dismiss though other venue objections were made in the first motion to dismiss). Luminati's Amended Complaint does not provide a basis for BI Science to supplement its pending 12(b)(2) arguments. Thus, to the extent that BI Science argues that its Second Motion to Dismiss does not present duplicative arguments for its 12(b)(2) challenge, this Court should grant Luminati's motion to strike the improper 12(b)(2) portions of BI Science's Second Motion to Dismiss.

### C.  BI Science's Second Motion to Dismiss Circumvents the Local Rules.

Striking non-complying filings is squarely within the Court's discretion. *Rodgers v. State Bd. of Nursing*, 665 Fed. App'x. 326 at 328-329 (upholding district court's decision to strike a response that was four days late and over the page limit). Despite repeated warnings from Luminati in email correspondence and a February 25, 2019 meet and confer that BI Science's jurisdiction and venue transfer motions remain pending, BI Science chose not to provide a substantive reply to Luminati's Opposition. Instead, in what is clearly an attempt to circumvent the page limits set forth by the local rules and to improve their arguments based on Luminati's Opposition, BI Science used 15 pages re-arguing its original jurisdiction and venue positions. BI Science's inclusion of these arguments has the effect of giving BI Science a 15-page reply, more time to respond, and an extra reply in this second round of briefing, all without requesting leave of the Court.

Accordingly, this Court should prevent BI Science from circumventing this Court's own rules and strike the portions of the Second Motion to Dismiss related to jurisdiction and venue.

### D. BI Science's Second Motion to Dismiss Is Based On the Same Grounds as the First Motion to Dismiss, But Fails to Provide Documentary Evidence that BI Science Controls the Purported Office at the Second Location.

Having asked the Court to wipe the slate clean by mooting all briefing, BI Science has provided a second declaration by Mr. Moyal (Dkt. 36-1 at ¶¶ 4-5) providing a different address for its purported New York office at a second location supposedly occupied by "2 employees (through consulting agreements)," neither of whom are identified, with pictures showing what appears to be an empty conference room (Dkt. 36-2, Ex. A), a receptionist area with approximately 143 mailboxes (Dkt. 36-3, Ex. B), and a large room with at least five rows of tables with at least 3-4 workstations/desks a piece (Dkt. 36-4, Ex. C). These pictures do not show any signage for BI Science or other evidence that Defendant controls any portion of this office, much less a space where "some sales and marketing documents are located." (Dkt. 36-1 at ¶ 10). Glaringly, despite Lumianti's specific request for documentation showing Defendant's control over the purported office and relationships with any purported employees residing in New York (Dkt. 22), BI Science provided no agreements or other such documentary evidence of BI Science's control of this space or employment of the two unnamed consultants.[2]

---

[2] Neither Mr. Moyal nor BI Science have identified who these purported employees are, clarified how they are employees through consulting agreements, or provided the purported consulting agreements for these individuals. Luminati has been provided no information to allow it to investigate whether these individuals really are employees of BI Science or third-parties who provide consulting work and control the purported office space themselves. In addition, Mr. Moyal also asserts that BI Science is currently in process of leasing a different office location in New York City at yet a third location, but has not identified this location, and as with the purported current location, has provided no documentation evidencing BI Science's lease or control of this location. Dkt. 36-1 at ¶ 6. The only New York address on BI Science's website (https://www.biscience.com/) is at a fourth location, which BI Science admits is not an office, but merely a mail box. Dkt. 36 at 1.

Mr. Dell'Olio, the licensed investigator who submitted the First Dell'Olio Declaration (Dkt. 21-9) showing the representations regarding the purported office in the original Motion to Dismiss and First Moyal Declaration to be false, has also investigated the purported BI Science office location identified in the Second Moyal Declaration, finding no signage for BI Science (2009) Ltd., BI Science Inc. or Geosurf outside the building or in the lobby and no listing for any of entities as occupants at this second location identified in the Second Moyal Declaration. Second Dell'Olio Declaration, Ex. A at ¶ 5.  Mr. Moyal asserts that this office "is part of shared office space, and BI Science sublets its office space there." Dkt. 36-1 at ¶ 5.  However, consistent with the pictures submitted as part of the Second Moyal Declaration, this location appears to simply be a shared office space where one can rent a desk for as little as $550/month. http://www.coworkingnyc.info/places/build-grand-central-tech-midtown-west-335-madison-ave.html.  Without any documentary evidence showing what exactly BI Science is "subletting" from whom, it appears that BI Science could simply be claiming a desk used by a purported consultant as BI Science's New York office space.

### IV.     Conclusion

For all of the foregoing reasons, Luminati respectfully requests that the Court strike the portions of the Second Motion to Dismiss (Dkt. 36) that address 12(b)(2) jurisdiction issues and venue, which include at least pages 1-2, as well as sections I, II, and III.

Dated:  March 12, 2019

By: */s/ Ronald Wielkopolski*
S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.

        Gladewater, TX 75647
        Telephone: 903-845-5770
        ccapshaw@capshawlaw.com
        ederieux@capshawlaw.com

        Korula T. Cherian
        Robert Harkins
        CA State Bar No. 179525
        RuyakCherian LLP
        1936 University Ave, Ste. 350
        Berkeley, CA  94702
        (510) 944-0190
        Email: sunnyc@ruyakcherian.com
        Email: bobh@ruyakcherian.com

        Ronald Wielkopolski
        RuyakCherian LLP
        1700 K St. NW, Suite 810
        Washington, DC 20006
        Email: ronw@ruyakcherian.com

        Attorneys for Plaintiff

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties have complied with the meet and confer requirement in Local Rule CV-7(h). On March 11, 2019, Ronald Wielkopolski (counsel for Plaintiff) and Eric Findlay (Counsel for Defendant) conferred by phone regarding this Motion. Although the parties had a cordial conversation about the basis for this Motion, counsel for Defendant is opposed to the relief requested herein. As a result, the parties were unable to reach an agreement and are at an impasse, leaving open issues for the Court to resolve.

*/s/ Ronald Wielkopolski*

## CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served this 12th day of March, 2019, with a copy of this document via electronic mail.

*/s/ Ronald Wielkopolski*