IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LUMINATI NETWORKS LTD. § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 2:18-cv-483-JRG |
| § | |
| § | |
| v. § | JURY TRIAL DEMANDED |
| § | |
| BISCIENCE INC. § | |
| § | |
| Defendant. § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO STRIKE PORTIONS OF DEFENDANT'S MOTION TO DISMISS, AND
IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

Defendant BIScience (2009) Ltd. (which Plaintiff alleges is also known as BIScience Inc.) (hereinafter referred to as "BIScience") files this Response to Plaintiff's Motion to Strike Portions of Defendant's Motion to Dismiss, and in the Alternative, Motion to Transfer Venue, (Dkt. No. 40), subject to and while reserving its rights to contest personal jurisdiction in its Motion to Dismiss, and in the Alternative, Motion to Transfer Venue (Dkt. No. 36).

**I.      Introduction and Background**

On November 8, 2018, Luminati Networks Ltd. ("Luminati" or "Plaintiff") filed its Complaint for Patent Infringement against BIScience. Dkt. No. 1. In response, BIScience filed its Motion to Dismiss and in the Alternative, Motion to Transfer Venue ("Motion to Dismiss") (Dkt. No. 15), to which Luminati filed its Opposition to Defendant's Motion to Dismiss, and in the Alternative, Motion to Transfer Venue and Motion For Early Venue Discovery ("Plaintiff's Opposition") (Dkt. No. 21). In Plaintiff's Opposition, Plaintiff requested venue discovery—"to the extent that the Court concludes either motion has merit, Plaintiff moves for limited discovery…

" Dkt. No. 21 at 15. Before BIScience's reply was due in support of its Motion to Dismiss, on February 19, 2019, Plaintiff filed an Amended Complaint for Patent Infringement against BIScience. Dkt. No. 28. This Amended Complaint included additional causes of action and additional language in the jurisdictional and factual background sections, among other material changes.

Even though Plaintiff's venue discovery request was an alternative plea for relief contingent on the Court's conclusion whether "either motion has merit" (Dkt. No. 21 at 15), out of an abundance of caution, BIScience filed a response to Plaintiff's Motion for Venue Discovery (Dkt. No. 31). Plaintiff then filed a Reply in Support of its Motion for Venue Discovery and Notice of Readiness for Ruling on Pending Motion to Dismiss or Transfer. Dkt. Nos. 33 and 34. Subsequently, BIScience timely filed its renewed Motion to Dismiss the Amended Complaint, and in the Alternative, Motion to Transfer Venue, which was necessitated Plaintiff's Amended Complaint. Dkt. No. 36. Less than a week later, Plaintiff filed an unnecessary pleading complaining about BIScience's renewed Motion to Dismiss—Plaintiff's Motion to Strike Portions of BIScience's Motion to Dismiss and in the Alternative, Motion to Transfer Venue ("Motion to Strike"). Dkt. No. 40. For the following reasons, Plaintiff's Motion to Strike should be denied.

## II. Plaintiff's Amended Complaint Mooted BIScience's Motion to Dismiss the Original Complaint

"When a motion to dismiss is filed against a superseded complaint, courts ordinarily deny the motion as moot." *Garza-Selcer v. 1600 Pacific Subtenant, LLC*, No. 3:15-cv-03791, 2016 WL 11474103 at *2 (Aug. 30, 2016); *Mangum v. United Parcel Servs.*, No. 3:09-cv-0385, 2009 WL 2700217 at *1 (N.D. Tex. 2009). Plaintiff's Amended Complaint superseded the original Complaint and mooted the previous briefing related to the original Complaint. *See Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015) ("An amended complaint supersedes

the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.") (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)).  Here, Plaintiff's Amended Complaint does not refer to or adopt or incorporate by reference its earlier pleading.  For this reason alone, Plaintiff's Motion to Strike should be denied.  To further support this contention, Plaintiff's Amended Complaint includes additional causes of action and additional language in the jurisdictional and factual background sections, among others.  Dkt. No. 28.

The following are a few examples of new allegations in Plaintiff's Amended Complaint (Dkt. No. 28) related to the jurisdiction and venue issues versus its original Complaint (Dkt. No. 1):

- "BIScience touts this service as permitting its customers to harvest data over the web via millions of "clean residential IPs."  BIScience also advertises this service as permitting its customers to select the proxy devices based on their location in specific states and cities.  BIScience also specifically touts the ability to select proxies located within 10 specific cities in Texas.  Exhibit E at 2-3."  Dkt. No. 28 at 10.

- "Upon information and belief, some of these user devices serving as residential proxies (and associated with respective IP addresses) are located in the Eastern District of Texas. Upon information and belief, on a given day a hundred or more user devices belong to residents in the Eastern District of Texas are available for use as proxy devices for the Geosurf service. In addition to the residential proxies, upon information and belief, BI Science has customers in Texas who use its Geosurf residential service."  Dkt. No. 28 at 12.

- "Luminati has suffered damages <u>in Texas and the United States</u> and BI Science has been unjustly enriched as Luminati lost business to BI Science's competing GeoSurf service."   Dkt. No. 28 at 28 (underlined portion is new)

- "Luminati has <u>suffered damages in Texas and the United States</u> and BI Science has been unjustly enriched as, upon information and belief, Luminati lost business to BI Science's competing GeoSurf

3

    service as a result of BI Science's misappropriation of Luminati's trade secrets." Dkt. No. 28 at 29 (underlined portion is new)

- "BI Science caused its false advertising to enter interstate commerce, including upon information and belief in the Eastern District of Texas. BI Science's false advertising has at been distributed through at least Internet advertisements including, but not limited to, advertisements placed with Google responsive to queries regarding Luminati and BI Science's publicly accessible website." Dkt. No. 28 at 30.

- "Luminati has contractual relationships with numerous customers and business relationships with numerous prospective customers, including in the Eastern District of Texas. These prospective customers have engaged in a relationship with Luminati with a reasonable probability for entering into an agreement to use Luminati's residential proxy service in the Eastern District of Texas, including at least through the testing of Luminati's residential proxy service. Upon information and belief, Defendant and the Former Luminati Employees have known about these relationships." Dkt. No. 28 at 31.

Based on the two new causes of action asserted—False Advertising Under 15 U.S.C. § 1125(a), (*id*. at 29-30), and Tortious Interference with Luminati's Current and Prospective Business Relationships, (*id*. at 31), the additional jurisdictional and venue allegations, and the lack of any reference to or incorporation of the original Complaint, Plaintiff's Amended Complaint unquestionably superseded the original. As a result, the original Complaint and related Motion to Dismiss the original Complaint are now moot.

Despite Plaintiff's reliance on a California case, *Wowwee Grp. Ltd. v. Wallace*[1], that case is distinguishable from the facts of the case at hand. In *Wowwee*, the *Plaintiff* argued that because its first amended complaint caused its original complaint to be non-operative, all pending motions should be denied as moot. The Court recognized "the firm precedent that motions to dismiss are

---

[1] No. CV-12-2298-MWF(VBKx), 2012 U.S. Dist. LEXIS 199343, at *2-3 (C.D. Cal. June 27, 2012).

generally mooted by the filing of an amended complaint." *Id*. at *2. The Court noted, however, that the Defendants had filed a separate motion to transfer the action and it was fully briefed. The Court held that it had the discretion to interpret the Motion to Transfer as applicable to the first amended complaint "where such a motion remains applicable." *Id*. The Court held that "[f]orcing Defendants to file the same motion a second time would be a waste of the Court's and the parties' resources." *Id* at. *3. The Court denied the Motion to Dismiss as moot without prejudice. *Id*. at *10. The parties in the California case were not attempting to gain an unfair advantage over the other—as Luminati is here—by seeking to limit briefing considered by the Court.

Here, BIScience filed a motion to dismiss on a jurisdictional basis, and in the alternative, a motion to transfer venue. Dkt. No. 15. Briefing for that one motion was *not* fully briefed when Plaintiff filed its Amended Complaint. This is materially different and distinguishable from the facts of *Wowwee* on which Plaintiff bases its motion. Plaintiff's Motion to Strike should be denied.

### III.     Plaintiff's Own Maneuvering Created the Situation of Which it Complains

Plaintiff's own actions are the source of its complaints. Plaintiff filed its Amended Complaint during the briefing of the Motion to Dismiss Plaintiff's original Complaint. Plaintiff is attempting to gain an unfair advantage over BIScience by engaging in gamesmanship and claiming that the "jurisdictional and venue arguments [are] already fully briefed in its first motion to dismiss." Dkt. No. 40 at 2. This is not true. Only BIScience's Motion to Dismiss and Plaintiff's Response were filed when Plaintiff amended its Complaint. Plaintiff cannot use its Amended Complaint in an attempt to limit BIScience's ability to fully brief its Motion to Dismiss.

Ironically, in Plaintiff's Motion to Strike, Plaintiff contends that BIScience is filing multiple motions on the same topic and "attempt[ing] to bolster its arguments." Dkt. No. 40 at 3, 5. Plainly, it is *Plaintiff* that has presented the same repetitive arguments to this Court—four times

in four separate filings. In Plaintiff's Reply in support of its Motion for Early Venue Discovery ("Reply"), (Dkt. No. 33), its Notice (although the same content as its Reply) ("Notice"), (Dkt. No. 34), its Motion to Strike (Dkt. No. 40), and most recently its Response to BIScience's Motion to Dismiss Plaintiff's Amended Complaint ("Response"), (Dkt. No. 44), Plaintiff presents duplicative arguments that (1) Plaintiff's Amended Complaint did not moot BIScience's Motion to Dismiss for lack of personal jurisdiction or to transfer venue under Section 1404; (2) BIScience's Motion to Dismiss should be struck; (3) Plaintiff should be entitled to venue discovery; and (3) BIScience filed a false declaration under oath to support its motion to dismiss.[2] To the extent a party in this case is attempting to "submit duplicate briefing on the same issues," (*id*. at 5), wasting "a significant amount of resources," (*id*.), attempting to "re-argue issues," (*id*.), and "circumventing page limits," (*id*. at 2, 5, 8), it is Plaintiff, as evidenced by its unnecessary four filings. All of Plaintiff's positions could and should have been included in one filing rather than engaging in abusive and wasteful litigation tactics, of which Plaintiff ironically claims. Plaintiff's actions in burdening BIScience and the Court with duplicative unnecessary filings should not be rewarded. For this additional reason, Plaintiff's Motion to Strike should be denied.

**IV.    Rule 12(g) Does Not Bar BIScience From Filing Its Motion to Dismiss Plaintiff's Amended Complaint**

Plaintiff's reliance on Fed. R. Civ. P. 12(g) to strike BIScience's Motion to Dismiss with respect to the jurisdictional and venue issues is also without merit. Rule 12(g) prohibits a party from making another motion raising an objection or defense that was available to the party but omitted from its earlier motion. This Rule is one dealing with the issue of waiver. Even with all of Plaintiff's various accusations, it does not contend that BIScience has waived any defenses.

---

[2] Plaintiff spends two pages in its Motion to Strike presenting arguments about the New York office location and even attached exhibits from its investigator in support.

Instead, Plaintiff attempts to make an argument that BIScience may not "supplement a defense." Dkt. No. 40 at 4-5.

Plaintiff relies on a Pennsylvania case, *Randolph Eng'g Co. v. Fredenhagen Kommandit-Gesellschaft*, 476 F. Supp. 1355, 1358 (W.D. Pa. 1979), having substantially different facts, to support its position. In *Randolph*, the defendant moved to dismiss the complaint based on, *inter alia*, improper venue. The venue challenge related to a specific paragraph in a contract on place of performance and place of jurisdiction. *Id*. at 1357. The Court denied defendant's motion to dismiss. The defendant then answered and filed a counterclaim raising the venue argument again. After plaintiff filed a reply, defendant filed a motion to dismiss for improper venue raising another, but new, argument that the case should be transferred to Michigan. *Id*. The Court held that defendant waived the new argument that the case should be transferred to Michigan because it did not raise that argument in its initial motion to dismiss, which was denied. *Id*. Nowhere does *Randolph* address "supplementing" a defense raised in a previous motion to dismiss. In fact, the Court held that the policy concern underlying Rule 12(g) "is violated whether the second motion raises a *new* Rule 12(b) defense or whether it raises a *new* theory supporting the original Rule 12(b) defense." *Id*. at 1358 (emphasis added). Here, BIScience is not supplementing a defense or raising any new theories that could have been raised in response to Plaintiff's original Complaint; BIScience is moving to dismiss Plaintiff's Amended Complaint, which includes new allegations and new causes of action.

In another case cited by Plaintiff, *YETI Coolers, LLC v. Walmart Inc.*, No. A-17-cv-1145, 2018 WL 5304119 (W.D. Tex. Oct. 25, 2018), Walmart filed a Rule 12 motion to dismiss in response to YETI's original complaint. *Id*. at *2. YETI then filed an Amended Complaint to which Walmart responded with a Motion for a More Definite Statement. *Id*. Yeti opposed the

motion on the basis that it was barred by Rule 12(g)(2).  The Court agreed "[b]ecause Walmart concedes it could have raised the same argument in its original Rule 12 motion, Rule 12(g) bars the motion for more definite statement from being filed now."  *Id*.  The Court went on to state that even if the motion were not procedurally barred the Court would have denied it because the information could have been sought in discovery.  *Id*. at *3.  The *YETI* case is distinguishable because BIScience timely raised its jurisdictional and venue objections in its Rule 12(b) Motion to Dismiss Plaintiff's original Complaint.  Dkt. No. 15.  There is no allegation that BIScience waived or untimely raised any defense, or that a new defense or objection is being asserted that was available at the time the first motion to dismiss was filed by BIScience.  Therefore, the *YETI* case, among others cited by Plaintiff for the same reason, are not applicable here.  None of the cases cited by Plaintiff with respect to Rule 12(g) bar BIScience from filing a renewed Motion to Dismiss Plaintiff's Amended Complaint.

      For the foregoing reasons, Plaintiff's Motion to Strike should be denied.

Dated:  March 26, 2019           By:  */s/ Eric H. Findlay*
                                               Eric H. Findlay (TX Bar No. 00789886)
                                               FINDLAY CRAFT, P.C.
                                               102 North College Avenue, Suite 900
                                               Tyler, Texas 75702
                                               Tel: (903) 534-1100
                                               Fax: (903) 534-1137
                                               Email: efindlay@findlaycraft.com

                                               *ATTORNEY FOR DEFENDANT*
                                               *BISCIENCE*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2019 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Eric H. Findlay*
Eric H. Findlay