IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § § | |
| v. | § § | Case No. 2:18-CV-0483-JRG-RSP |
| BI SCIENCE INC. | § § | |

### JOINT MOTION FOR ENTRY OF PARTIALLY DISPUTED DISCOVERY ORDER

Plaintiff Luminati Networks Ltd. ("Plaintiff") and Defendant BI Science (2009) Ltd., also known as BI Science Inc. ("Defendant") (collectively, "the Parties") respectfully request that the Court resolve the disputes in the attached proposed Partially Disputed Discovery Order.

Having met and conferred, the Parties have a number of disputes remaining regarding (a) venue/jurisdictional discovery; (b) the number of interrogatories; and (c) the number of hours of non-expert depositions. The positions of the Parties are presented below.[1]

*Venue/Jurisdictional Discovery*:

**Plaintiff's Position:**

Plaintiff's proposal reflects the venue discovery requests made in Plaintiff's pending motion for venue discovery (Dkt. 22) filed on February 12, 2019. Defendant's original Motion to Dismiss (Dkt. 15) and Second Motion to Dismiss (Dkt. 36) both move to dismiss based on lack of personal jurisdiction and alternatively move for transfer of venue under 28 U.S.C. § 1400(b) to the Southern District of New York.  As addressed in Plaintiff's opposition to both motions, these motions relied upon declarations from BI Science CEO

---

[1] The accompanying [Disputed] Discovery Order identifies the areas in dispute with Plaintiff's proposals highlighted in green and Defendant's proposals highlighted in yellow.

Kfir Moyal that included false and inconsistent representations regarding BI Science's presence in New York without any documentary support. For example, after initially providing a declaration representing that BI Science has an office on the sixteenth floor of a vacant fifteen-story building, Mr. Moyal provided a second declaration stating that "BIScience sublets its office space" at a second location without providing any lease agreement. Dkt. 39-1 at 5.   Similarly, Mr. Moyal has represented that BI Science has "2 employees (through consulting agreements)" at this office, without providing the referenced "consulting agreements" or an explanation as to how these consultants are employees.  Dkt. 39-1 at 5. This discovery is necessary and reasonable to address the pending motions to dismiss/transfer.  Plaintiff also requests leave from the Court for this venue/jurisdictional discovery to permit a limited deposition of Mr. Moyal to avoid the normal limitations imposed on depositions under FRCP 30(a)(1).  To be clear, Plaintiff seeks to preserve its substantive deposition of Mr. Moyal during the normal course of discovery.

**Defendants' Position:**

Plaintiff has requested venue/jurisdictional discovery in its response to Defendants' Motion to Dimiss Dkt. No. 44.  Defendants oppose this request for the reasons stated in the Motion to Dismiss Plaintiff's Amended Complaint, Dkt. No. 36, and Defendants' Reply in support thereof, Dkt. No. 53.  Defendants, therefore, contend that this additional request for venue/jurisdictional discovery is redundant and not warranted.

***Number of Interrogatories and depositions*:**

**<u>Plaintiff's Position:</u>**

Interrogatories: Plaintiff requests 60 interrogatories in this matter. This request is reasonable given the number of claims asserted including tortious interference with Luminati's employment agreements; misappropriation of trade secrets under the Federal Defense of Trade Secret Act; false advertising under the Lanham Act; and tortious interference with Luminati's current and prospective business relationships in addition to the claims of patent infringement. This case involves the same number of claims including similar claims for trade secret misappropriation, false advertising, and tortious interference with Luminati business relationships as that asserted in Luminati Networks Ltd. v. UAB Tesonet, Case No. 2:18-cv-299, Dkt. 32, where the parties agreed that 60 interrogatories was appropriate.

Depositions: Plaintiff requests 100 hours of non-expert depositions and opposes Defendant's proposal to add the limitation of "no more than 28 hours to be taken from either side's party and employee depositions." As discussed above, this case involves a number of claims beyond patent infringement. Without the benefit of Defendant's initial disclosures, Plaintiff has already referenced four party witnesses in its own complaint as having relevant information related to these claims. Specifically, Luminati's allegations referenced Defendant's salespeople Alon Ghelber, Samuel Levy, and Vadim Feldman, each of whom were former employees of Luminati, along with Defendant's CEO Kfir Moyal. Dkt. 28, Amended Complaint at ¶¶ 14-18. The 28 hours proposed by Defendant could be consumed by these four individuals alone without including the corporate

representative. Consequently, Defendant's proposed limitation on the deposition of party witnesses is completely unreasonable.

**Defendants' Position:**

Defendants believe that the Court's default provision for 40 interrogatories per side is adequate. However, in attempt to find compromise, Defendants agreed to raise that number to 50 interrogatories per side.

Defendants propose 75 hours of non-expert deposition, with no more than 28 hours to be taken from either side's party or employee depositions. Defendants contend that the Court's default Discovery Order provision of 60 hours of non-party depositions per side is sufficient for this case. But in an effort to reach compromise with Plaintiff, Defendants proposed 75 hours for "non-expert depositions", as characterized by Plaintiff. However, Defendants further contend that a reasonable limit as to the time either side's employees and principles should be deposed is warranted. Both Plaintiff and Defendants are relatively small companies. Both sides have an interest in minimizing costs and disruptions to their respective businesses. Therefore, Defendants propose a reasonable 28 hour limit on depositions of the parties and their employees.

Dated: April 1, 2019

By: */s/ Ronald Wielkopolski*
S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Korula T. Cherian
Robert Harkins
CA State Bar No. 179525
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94702
(510) 944-0190
Email: sunnyc@ruyakcherian.com
Email: bobh@ruyakcherian.com

Ronald Wielkopolski
RuyakCherian LLP
1700 K St. NW, Suite 810
Washington, DC 20006
Email: ronw@ruyakcherian.com

Attorneys for Plaintiff

*/s/ Eric H. Findlay*
Eric H. Findlay
(TX Bar No. 00789886)
Brian Craft
(TX Bar No. 04972020)
Debby Gunter
(TX Bar No. 24012752)
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com
Email: dgunter@findlaycraft.com

*ATTORNEY FOR EFENDANT
BI SCIENCE INC.*