IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:18-cv-483-JRG |
| | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| BISCIENCE INC. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

Defendant BIScience (2009) Ltd.'s (referred to by Plaintiff as BIScience Inc.) ("BIScience") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction or, in the alternative Motion to Transfer Venue to the Southern District of New York pursuant to 28 U.S.C. §1404(a) should be granted for the following reasons: (1) Luminati has failed to establish that BIScience is subject to general or specific personal jurisdiction in Texas; (2) Luminati has failed to establish that there is pendant jurisdiction over its non-patent claims; and (3) the public and private factors weigh in favor of transferring the case to the Southern District of New York where BIScience concedes jurisdiction and operates its only U.S. office.

## I.     Introduction

Plaintiff's continuing gamesmanship *vis-a-vis* its Motion to Strike (Dkt. No. 40) and Amended Complaint (Dkt. No. 28), and its continuing intentional misconstruction of a typographical error in Mr. Moyal's initial declaration identifying the location of BIScience's New York office as something nefarious and "falsified," cannot alter the inescapable conclusion that this case, and these parties, have no connection with the State of Texas. Consider what Plaintiff does not and cannot dispute:

- BIScience has no property of any kind, either owned or leased, in Texas;
- BIScience has no employees in Texas;
- BIScience has no servers supporting the GeoSurf residential proxy product at issue in this case in Texas;
- BIScience leases servers in Texas, but none of the servers support the accused GeoSurf residential proxy product at issue in this case;
- BIScience is not registered to do business in Texas;
- BIScience has never held a bank account in Texas;

1

- BIScience has never directed any advertising specifically to Texas;
- BIScience has no registered agent in Texas;
- BIScience has never attended a trade show or convention in Texas;
- No BIScience employees have ever visited Texas for any business or even personal purpose.

Dkt. No. 36, Kfir Moyal Declaration. The only argument Plaintiff presents, unsupported by any case law, is that the use and practice of providing proxy IP addresses located within the state of Texas constitutes purposeful direction towards Texas and Texas residents. No court has ever held as such, and by logical extension it would mean that relatively small companies such as BIScience purposefully avail themselves towards any State, Country or jurisdiction where they offer residential proxy services. That is not the law.

## II. Plaintiff Has Failed to Show Jurisdiction Over BIScience in Texas

### A. There Is No Dispute Over General Jurisdiction

Plaintiff does not dispute that there is no general jurisdiction over BIScience in Texas. BIScience's corporate activities are not so continuous and systematic such that it would be "at home" in Texas sufficient to exercise general jurisdiction in this forum. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). BIScience is not registered to do business in Texas, does not have a registered agent in Texas, does not have a bank account in Texas, does not have an office or any property in Texas, does not employ personnel in Texas, does not conduct visits to Texas for business (or otherwise), does not attend trade shows or conferences in Texas, and does not specifically advertise to Texas residents as opposed to other locations. Accordingly, there is no general jurisdiction over BIScience in Texas.

### B. Plaintiff Has Failed to Establish Specific Personal Jurisdiction Over BIScience in Texas

Plaintiff has failed to show that BIScience purposefully availed itself of doing business in Texas. Plaintiff's focus on the existence or operation of residential proxy software in Texas does not establish personal jurisdiction over BIScience. The location and use of the residential proxy software is not the focus of Plaintiff's alleged theory of infringement as made clear by its Amended Complaint, and Plaintiff does not deny this. Dkt. No. 28. Plaintiff's infringement theory is that the claimed methods are performed by a "user" or "customer" of the accused Geosurf service. Dkt. No. 28 ¶¶34-37, 49-51. Plaintiff never addresses or rebuts this in its Response. Instead, Plaintiff generically asserts that the claims require a user, proxy devices, and a target (Dkt. No. 44, p.9), but it does not address the actual alleged infringer in Plaintiff's infringement theory. It is undisputed that the customer, not the location of the proxy service, is the focus of Plaintiff's alleged theory of infringement. Plaintiff has failed to show that BIScience purposefully availed itself of the benefits of doing business in Texas.

This case is similar to the *Blue Spike* case[1] cited in BIScience's Motion to Dismiss. Dkt. No. 36, p.7. Notably, Plaintiff did not mention or even attempt to distinguish *Blue Spike*. In *Blue Spike*, defendants moved to dismiss Plaintiff's case for lack of personal jurisdiction. Defendants were not licensed to do business in Texas nor did they have any offices in Texas. *Blue Spike*, at *2. On defendants' website, they listed a "partner locator" page that listed a third party company which had locations in Texas and other states. *Id*. Plaintiff argued that defendants through their partners operated pervasively throughout Texas and that defendants' website was used to solicit business in Texas. *Id*. at *3. Plaintiff contended that because defendants incorporated their

---

[1] *Blue Spike, LLC v. Texas Instruments, Inc.*, No. 6:12-cv-499, 2014 WL 11829323 (E.D.Tex. March 31, 2014).

software into the product of Texas based corporations, defendants have independently established contacts in Texas. *Id*. The Court granted defendants' motion to dismiss holding that plaintiff had not established "the type of purposeful contact necessary to support the exercise of this Court's jurisdiction." *Id*. The Court also denied plaintiff's motion for jurisdictional discovery on the basis that plaintiff had failed to make the necessary showing to be entitled to the same because it did not identify any facts it reasonably expected to discover that would correct its deficient jurisdictional arguments. *Id*. at *4. Here, Plaintiff is attempting to make it appear that BIScience has a pervasive presence in Texas by focusing on the existence or operation of residential proxy software and extrapolating data to misleadingly support its argument. For example, Plaintiff "conservatively" estimates the number of requests from a client device through the GeoSurf proxy service. This is irrelevant to the purposeful availment inquiry. The focus of Plaintiff's Amended Complaint and theory of infringement in this case is on the customer, not the number of proxy requests or location of the proxy service software. Plaintiff only makes the leaps and extrapolations because it knows the actual number of Texas customers and the revenue from the same is minimal, and cannot support personal jurisdiction. Importantly, Plaintiff provides no legal basis or support for its theory on the number of hypothesized requests supporting personal jurisdiction.

   Nothing in Plaintiff's Response negates the fact that BIScience's customer activity in Texas is minimal when compared to BIScience's overall business, and is not a result of purposeful solicitation toward Texas or Texas-based companies. As stated in BIScience's Motion to Dismiss, as of the end of February 2019, there were only ■ GeoSurf residential active customers and only ■ former GeoSurf customers. Dkt. No. 36, p. 7. The total revenue was only ■ of BIScience's overall 2018 revenue. This supports BIScience's argument that the contacts with Texas are too attenuated and fortuitous to establish personal jurisdiction. BIScience has never

purposefully directed its business operations to Texas, and the minimal number of customers and revenue support that.

For these reasons and those stated previously in BIScience's Motion to Dismiss, the allegations in Plaintiff's Amended Complaint are insufficient to establish personal jurisdiction in Texas.

### III. The Non-Patent Claims Do Not Share the Same Nucleus of Operative Fact

There is no independent basis for personal jurisdiction for Luminati's non-patent claims. The non-patent claims allege tortious interference with Luminati's employment agreements, tortious interference with Luminati's current and prospective business relationships, misappropriation of trade secret under the Federal Defense of Trade Secret Act, and false advertising. Additionally, there is no pendant jurisdiction over the non-patent claims because they do not share the same nucleus of operative facts with the patent claims. In its Response, Plaintiff asserts that the non-patent claims share the same nucleus of facts with the patent claims because "Luminati's former employee salespeople [are] selling or offering to sell the infringing "Geosurf" service to prospective and current Luminati customers." Dkt. No. 44, pp. 18-19. But in order for there to be pendent jurisdiction, Luminati's patent claims would need to arise from the same facts as its non-patent claims. *See Pinnacle Label, Inc. v. Spinnaker Coating, LLC*, No. 3:09-cv-0950, 2009 WL 3805798 (N.D. Tex. Nov. 12, 2009) (granting motion to dismiss state law claims for lack of personal jurisdiction because state law claims and Lanham Act claims did not arise from common nucleus of operative fact). Here, Luminati's patent claims involve allegations that BIScience infringed Luminati's patents by implementing and providing the GeoSurf service to customers. Dkt. No. 28 ¶¶ 21-57. The non-patent claims are entirely distinct, sharing none of the same elements of a cause of action. Plaintiff does not dispute this, but attempts to claim that there

are "overlapping allegations" because the non-patent claims involve salespeople selling the alleged infringing GeoSurf service. *See* Dkt. No. 44, p. 18. First, "overlapping allegations" does not satisfy the common nucleus of operative fact requirement for pendant jurisdiction. Second, the allegation that these salespeople sold GeoSurf is not sufficient to show the patent claims and non-patent claims share a common nucleus of operative facts.

For these reasons, the Court should decline to exercise pendant jurisdiction over Luminati's non-patent claims.

**IV.     Alternatively, This Case Should be Transferred to the Southern District of New York**

Plaintiff's dramatization of Mr. Moyal's single-digit typographical error in the address of the New York office space speaks volumes. Even though BIScience has addressed an issue that could have easily been a non-issue through a simple call to counsel, Plaintiff continues to raise the error in every pleading filed. And even after the address was corrected, Plaintiff still infers that there is something suspect about the New York office space, even going so far as to again pay an investigator (who was not permitted in the office space) to go to the location. Despite its criticism of the New York office space, Plaintiff does not dispute BIScience's presence in New York. Recently, the new office space in New York has been solidified and a lease was signed by Kfir Moyal on behalf of BIScience (2009) Ltd. for shared office space at 510 5th Avenue, 3rd Floor, in New York City. A copy of the signed lease is attached to the Declaration of Kfir Moyal ("Moyal Dec."), as Ex. D. Regardless of the unwarranted insults and criticisms, BIScience is and has been conducting business out of a New York office—starting in the first quarter of 2018 in shared office space located as 335 Madison Avenue, Floor 16 in New York[2] and currently from the new shared

---

[2] Kfir Moyal Declaration, Dkt. No. 36, ¶¶4-5.

office space located at 510 5th Avenue, 3rd Floor, in New York City. *See* Moyal Dec. BIScience maintains this New York office space for U.S. sales and marketing activities. *Id*.

Both parties agree, although for different reasons, that this case could have been brought in the Southern District of New York. Dkt. No. 44, p. 20. Accordingly, the first step in the transfer analysis has been met. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (the first step is to determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.").

### A.     Private Factors Favor Transfer

#### 1.     Relevant Sources of Proof Favors Transfer

Both parties agree that the relevant sources of proof for the most part are located in Israel. Dkt. No. 44, pp. 20-21. But, with respect to the United States, there are no sources of proof or access to the same in Texas. Here, the relevant ease of access to relevant sources of proof weighs in favor of transfer because BIScience's documents can be accessed remotely and securely from its New York office. On balance, this factor weighs in favor of transfer.

#### 2.     Availability of Compulsory Process to Secure Witnesses Is Neutral

The parties agree that neither District has an advantage in the availability of compulsory process to secure the attendance of a witness. Dkt. No. 44, p. 21. Therefore, this factor is neutral.

#### 3.     Cost and Convenience for Witnesses Favors Transfer

Plaintiff did not dispute the facts related to this factor, but merely asserted the unsupported claim that "[a]ny relative difference in international travel time between Israel and Texas and New York is marginal." Dkt. No. 44, p. 22. As evidenced by Mr. Moyal's declaration in support of BIScience's Motion to Dismiss Dkt. No. 36, Kfir Moyal Declaration ¶14, travel for every witness to the Southern District of New York will be far more convenient than that to the Eastern District

7

of Texas. The air travel between Dallas and Israel would range between 15 to 33 hours, depending on the number of connections as there are no nonstop flights. *Id*. In contrast, there are several nonstop flights between New York and Israel with flight times on only 10-11 hours. *Id*. For that reason, the cost and convenience of traveling to New York versus Marshall, Texas for all witnesses weighs in favor of transfer.

### 4. Other Practical Considerations Are Neutral

Considering judicial economy, the *Luminati Networks Ltd. v. UAB Tesonet* case, No. 2:18-cv-299-JRG, may involve the same patents, but the patents and the Plaintiff are the only common factors between the cases. The accused infringing services are different and unrelated. In each case, Plaintiff asserts different non-patent claims unique to each defendant, the defendant's employees, and the defendant's alleged actions. The *Tesonet* case is on a different schedule than the current case. The *Tesonet* case has different deadlines already in place and is well ahead in its litigation schedule compared to this case. The parties in this case will still have to engage in discovery, claim construction briefing and argument specific to this case, dispositive motions pertaining to issues specific to these parties, and finally two separate trials—these phases of the cases will be wholly distinct and non-overlapping. For these reasons and those raised in BIScience's Motion to Dismiss (Dkt. No. 36), there are no practical considerations that would weigh heavily in favor of or against transfer; therefore, this factor is neutral.

### B. Public Factors Favor Transfer

The local interest factor supports transfer. Despite Plaintiff's improper description of "Defendant's bogus argument" (Dkt. No. 44, p.23), New York does have a local interest because BIScience conducts business in the Southern District of New York and BIScience employees regularly work out of the New York office. Contrary to Plaintiff's statement in its Response, the

individuals referenced in the Complaint do live and work in Israel, but BIScience has other employees besides those listed in Plaintiff's Amended Complaint and some of those employees do work in New York.  The fact that the proxy service at issue is used in Texas and New York as well as other states in the United States does not bear on the local interest factor.  Accordingly, the local interest factor weighs in favor of transfer.

BIScience admits that the administrative difficulties flowing from court congestion leans slightly in favor of the Eastern District of Texas.  But when compared to the complete lack of contacts with Texas and specifically the Eastern District of Texas, this leaning should be given little weight, if any.  Both parties agree that the remaining factors are neutral.  Dkt. No. 44, p.23.

Overall, the public factors weigh in favor of transfer to the Southern District of New York.

## V. Plaintiff's Complaint is Deficient

### A. Plaintiff's Defense of Trade Secrets Act Claim Should Be Dismissed

In order to have a valid claim under the Defense of Trade Secrets Act, the statute requires "an act in furtherance of the offense [be] committed in the United States."  18 U.S.C. §1837(2).  Plaintiff's Amended Complaint states that "BIScience misappropriated Luminati's trade secrets by hiring Luminati's former employees, knowing that each of them had access to Luminati's trade secrets…."  Dkt. No. 28 ¶65.  It is undisputed that both parties are located in Israel and that the alleged hiring of these former Luminati employees occurred in Israel.  Plaintiff fails to allege any conduct "in furtherance of" the alleged misappropriation occurring outside of Israel.  In an effort to sidestep this deficiency, Plaintiff alleges in its Response that BIScience's sales of GeoSurf in the United States constitute an act committed in the United States.  However, this allegation does not satisfy the requirement of "an act in furtherance of the offense [be] committed in the United States."  The alleged misappropriation, as pled by Plaintiff, occurred in Israel.  Where BIScience

9

later sells GeoSurf or where Plaintiff claims alleged damages arise is irrelevant. For these reasons, Plaintiff's Defense of Trade Secrets Act claim should be dismissed.

### B. Plaintiff's False Advertising Claim Should Be Dismissed

In response to BIScience's Motion to Dismiss Plaintiff's False Advertising claim, Plaintiff claims that a BIScience employee made a false statement on a BIScience blog post related to whether a user has to install a proxy manager in order to use a residential proxy service. Dkt. No. 44, p. 8. There are no sufficient allegations in Plaintiff's Amended Complaint that any blog post or "false statement" actually deceived or has a tendency to deceive a substantial segment of its audience or that the deception is likely to influence the purchasing decision. For these reasons, Plaintiff's false advertising claim should be dismissed.

### VI. Conclusion

For the above reasons, the Court should dismiss this case for lack of personal jurisdiction or, in the alternative, transfer the case to the Southern District of New York. Additionally, Luminati's non-patent claims should be dismissed as well.

Dated: April 1, 2019

By: *Eric H. Findlay*
Eric H. Findlay (TX Bar No. 00789886)
Brian Craft (TX Bar No. 04972020)
Debby Gunter (TX Bar No. 24012752)
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com
Email: dgunter@findlaycraft.com

*ATTORNEY FOR DEFENDANT BI SCIENCE INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2019 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*Eric H. Findlay*
Eric H. Findlay

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to Defendant's Unopposed Motion for Leave to Seal Defendant's Reply in Support of its Motion, Dkt. No. 52 entered in this case.

*Eric H. Findlay*
Eric H. Findlay