### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| LUMINATI NETWORKS LTD. | |
| Plaintiff, | Case No.  2:18-CV-00483-JRG |
| v. | JURY TRIAL DEMANDED |
| BI SCIENCE INC., | FILED UNDER SEAL |
| Defendants. | |

### LUMINATI'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF DEFENDANT'S MOTION TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE [DKT. 36]

Luminati's Motion to Strike portions of the BI Science's Second Motion to Dismiss should be granted because (a) Luminati only seeks to strike the jurisdictional and venue motions that were not mooted by the Amended Complaint; (b) BI Science misleadingly relies upon case law that does not support the proposition that an amended complaint moots jurisdictional and venue challenges; and (c) BI Science's tactical gamesmanship by filing repeated motions under 12(b)(2) and 1404(a) now based on *three* false and contradictory declarations from Mr. Moyal (including attesting to facts that post-date BI Science's original motion and cannot support it) have only served to prejudice Luminati by repeatedly reframing its jurisdictional/venue theories while continuing to withhold jurisdictional/venue discovery.

### I.    Luminati Only Seeks to Strike the Jurisdictional and Venue Motions of the Second Motion to Dismiss, Which Were Not Mooted by the Amended Complaint

Luminati only seeks to strike those portions of the Second Motion to Dismiss that attempt to reargue the motions to dismiss for lack of personal jurisdiction and motion to transfer venue still

1

pending from the original Motion to Dismiss.  BI Science previously argued in the original Motion to Dismiss that this Court lacks general and specific personal jurisdiction over Defendant despite its admitted sale of the accused residential proxy service "Geosurf" in Texas. Motion to Dismiss at 4-6. In addition, BI Science also argued that this Court lacks pendant jurisdiction over the non-patent claims despite the fact that these claims relate to the same "Geosurf" service. *Id*. At 6-8.

In its Opposition to the Motion to Strike ("Opposition," Dkt. 51), BI Science argues that the additional causes of action in the Amended Complaint of false advertising and tortious interference with Luminati's current and prospective business relationships moots the original Motion to Dismiss. Opposition at 4.  This is a red herring.  The Second Motion to Dismiss simply repeats the same jurisdictional and venue arguments as the original motion. Compare Motion to Dismiss at 4-8 with Second Motion to Dismiss at 3-10.  Specifically, BI Science argues that there is no pendant jurisdiction for the tortious interference claims involving the Luminati salespeople and customers of Luminati's patented residential proxy service, despite the asserted patent infringement claims being based on BI Science's competing and infringing residential proxy service "Geosurf."  Second Motion to Dismiss at 8-9.

## II.   BI Science Misleadingly Relies Upon Case Law Regarding Judgment on the Pleadings and Motions to Dismiss for Failure to State a Claim That Do Not Support Its Position that an Amended Complaint Moots Motions to Dismiss for Lack of Personal Jurisdiction or Motions to Transfer Under 28 U.S.C. § 1400(b)

BI Science cites no case law in support of its position that an Amended Complaint moots motions to dismiss for lack of personal jurisdiction under FRCP 12(b)(2) or motions to transfer under 28 U.S.C. § 1400(b).  None of the cases cited by BI Science address jurisdictional challenges in motions to dismiss for lack of personal jurisdiction under FRCP 12(b)(2) or motions to transfer under § 1400(b).  Unlike a motion under FRCP 12(b)(6), BI Science's Rule 12(b)(2) motion for lack of personal jurisdiction and the motion to transfer for convenience are based on affirmative

2

facts submitted by BI Science and not based on how the complaint is pled.  Consequently, as in *Wowwee Grp. Ltd. v. Wallace*, these motions in the original Motion to Dismiss remain pending and these portions in the Second Motion to Dismiss should be struck.  Motion to Strike at 5-6.

Instead, BI Science's entire legal argument is a red herring because the cited cases focus on substantive facts pled in the complaint rather than jurisdictional or venue issues raised by the defendant.  For example, BI Science continues to misleadingly cite[1] to the Fifth Circuit cases of *Bosarge v. Miss. Bureau of Narcotics* and *King v. Dogan* in support of its position. Opposition at 2-3. However, these cases stand for the undisputed proposition that motions for judgment on the pleadings and motions for summary judgment must be evaluated on the basis of the last amended complaint. *Bosarge*, 796 F.3d 435, 440 (5th Cir. 2015) ("In considering a motion for judgment on the pleadings under Rule 12(c), the court is generally limited to 'the contents of the pleadings, including attachments thereto'…. However, we agree with Bosarge that we should evaluate his claims with reference to his amended complaint, which supersedes his earlier pleading"); *King v. Dogan*, 31 F.3d 344, 345-346 (5th Cir. 1994) (holding that only the last amended complaint was effective in considering a motion for summary judgment).  Similarly, BI Science's reliance on the district court cases of *Garza-Selcer v. 1600 Pacific Subtenant*, *LLC* and *Mangum v. United Parcel Servs.* is also misplaced as both cases address motions to dismiss for failure to state a claim under FRCP 12(b)(6), rather than jurisdictional challenges.  *Garza-Selcer*, No. 3:15-cv-03791 (Aug. 30, 2016); *Mangum*, No. 3:09-cv-0385, 2009  (N.D. Tex. 2009).

**III.    BI Science – Rather than Luminati – Is Seeking to Gain Unfair Advantage by Making the Tactical Decision to Refile Its Jurisdictional and Venue Motions**

---

[1] Luminati has previously pointed out that these cases involve motions for judgment on the pleadings and summary judgment including for example in Luminati's reply in support of its motion for venue discovery. Dkt. 22 at fn. 2.

Despite being granted an extension (Dkt. 29) to file a reply in support of its original Motion to Dismiss and warnings from Luminati that the Amended Complaint did not moot the jurisdictional and venue motions (Dkt. 22 at 2), BI Science filed no reply in support of its Motion to Dismiss. It cannot now complain that the original Motion to Dismiss was not fully briefed. Opposition at 4-5.

BI Science's assertion that Luminati is trying to gain unfair advantage is baseless, particularly since Luminati's counsel very expressly informed it prior to the due date that BI Science could not simply refile the motion. Dkt. 31 at 3; Dkt. 33 at 2; Dkt. 34 at 2. Moreover, unlike the defendant in *Wowwee*, BI Science has repeatedly filed false and inconsistent briefings and declarations in supported of its motions to transfer. Specifically, BI Science filed a motion to transfer with no documentary support and a First Moyal Declaration alleging that BI Science had an office on the sixteenth floor of what turned out to be a fifteen-story building. Dkt. 21, Opposition to Motion to Dismiss at 11. BI Science then argued that all briefing on the original Motion to Dismiss and Luminati's motion for venue discovery was moot (Dkt. 31 at 3) and filed a Second Motion to Dismiss less than a week later supported by a Second Moyal Declaration alleging a purported BI Science office at a second location and "employees (through consulting agreements)" (Dkt. 36-1 at ¶¶ 4-5) – again without any documentary evidence other than a few pictures showing a large shared office space devoid of any signage for BI Science.

Only yesterday, BI Science filed a reply in support of its Second Motion to Dismiss alleging "a lease was signed by Kfir Moyal on behalf of BIScience (2009) Ltd. for shared office space" at a new third location (Dkt. 53 at 6) supported by a Third Moyal Declaration introducing documentary evidence for the first time. However, this purported "lease" is actually a ████████████████ signed on ██████████, well after BI Science filed its original venue

motion on February 12, 2019. Dkt. 53-2 at 1.  The only agreement produced to date directly contradicts the declaration and briefing defendant originally filed.  It thus appears that Defendant's "mootness" theory is an attempt to hide the fact that its purported New York office was set up *after* it filed its first motion. Even then, this ████████████████ contradicts the Third Moyal Declaration as it only provides ████████████████ and expressly states ████████████████ ████████████████████████████████████████████████████████████████ (Dkt. 53-2 at 1 and 9).

Despite the glaring inconsistencies within and between the three Moyal declarations and BI Science briefings, BI Science continues to repeatedly recast its jurisdictional and venue challenges through unnecessary and duplicative filings while withholding the venue discovery repeatedly sought by Luminati[2] and necessary to establish what, if any, contacts BI Science has to New York.  BI Science's conduct has prejudiced Luminati – not BI Science - and its tactical decision to assert that its jurisdictional and venue motions in the original Motion to Dismiss were moot rather than file a reply does not mean that these motions were not fully briefed.  Opposition at 5-6.  It is BI Science that is seeking unfair advantage by refiling the Second Motion to Dismiss in order to reargue its jurisdictional and venue motions.

## IV.    Conclusion

Luminati respectfully requests that the Court grant Plaintiff's Motion to Strike Portions of Defendant's Motion to Dismiss, and in the Alternative, Motion to Transfer Venue (Dkt. 40), specifically the 12(b)(2) jurisdiction issues and venue including at least pages 1-2, as well as sections I, II, and III.

---

[2] Just yesterday, BI Science objected to the inclusion of venue/jurisdictional discovery in the Joint Motion for Entry of Partially Disputed Discovery Order. Dkt.  55 at 2.

Dated:  April 2, 2019

By: */s/ Ronald Wielkopolski*
S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Korula T. Cherian
Robert Harkins
CA State Bar No. 179525
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA  94702
(510) 944-0190
Email: sunnyc@ruyakcherian.com
Email: bobh@ruyakcherian.com

Ronald Wielkopolski
RuyakCherian LLP
1700 K St. NW, Suite 810
Washington, DC 20006
Email: ronw@ruyakcherian.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served this 2nd day of April 2019, with a copy of this document via electronic mail.

*/s/ Ronald Wielkopolski*

6

## CERTIFICATE OFAUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Unopposed Motion for Leave to File Under Seal being filed on this same date.

*/s/ Ronald Wielkopolski*