IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:18-cv-483-JRG |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| BISCIENCE INC. | § | |
| | § | |
| Defendant. | § | |

## DEFENDANTS' MOTION TO REMOVE THE CONFIDENTIAL DESIGNATION TO PLAINTIFF LUMINATI NETWORKS LTD.'S INFRINGEMENT CONTENTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant BIScience (2009) Ltd. (which Plaintiff alleges is also known as BIScience Inc.) (hereinafter referred to as "BIScience"), and files this Motion to Remove the Confidential Designation to Plaintiff Luminati Networks Ltd.'s ("Luminati") Infringement Contentions and/or otherwise allow BIScience's outside counsel at Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, ("Finnegan"), access to the Infringement Contentions, and would respectfully show the Court as follows:

### I.     Introduction

This Motion should not have been necessary. Luminati has designated their infringement contentions as confidential despite containing no Luminati confidential information. Rather, the infringement contentions appear to contain only publicly available information, most of it pulled from BIScience websites. Moreover, Luminati is refusing to permit the contentions to be shared with preexisting BIScience counsel at the law firm of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, ("Finnegan"), who are acting as settlement and post-grant review counsel.

1

Accordingly, BIScience respectfully requests this Honorable Court grant this Motion and order Luminati to either remove the confidentiality designation affixed to their infringement contentions, or otherwise permit the Finnegan law firm access thereto.

## II.     Background

BIScience is represented by two law firms in connection with this litigation.  Its preexisting counsel, Finnegan, and Findlay Craft, PC.  Findlay Craft is counsel of record on this docket, while Finnegan is engaged primarily as settlement counsel and counsel for any post-grant review proceedings.  Luminati is well aware of these facts.

When Luminati served its Infringement Contentions in this case, they were marked "Confidential – Outside Counsel Only" and "Confidential" pursuant to Local P.R. 2-2.  Upon receipt the undersigned asked if Luminati objected to sharing the contentions with BIScience directly and with Finnegan.[1]  Luminati responded that the infringement charts could be disclosed to the client, but indicated, "We are not providing authorization to disclose the charts to any third-party, including Finnegan."[2]  In response to an inquiry as to the basis for the confidential designation, Luminati responded, in part, that "Luminati has a strong interest in preventing the disclosure of its infringement contentions to third parties [referencing at least Finnegan] as the infringement contentions reveal Luminati's confidential information."[3]

Finding, upon initial review, no Luminati confidential information within the infringement contentions, BIScience asked Luminati to identify what "Luminati confidential information" it was referring to and where it could be located.[4]  In response, Luminati changed its position.  Instead

---

[1] Email from Eric Findlay to Ron Wielkopolski on March 14, 2019.
[2] Email from Ron Wielkopolski to Eric Findlay on March 15, 2019.
[3] Email from Ron Wielkopolski to Eric Findlay on March 19, 2019.
[4] Email from Eric Findlay to Ron Wielkopolski on March 26, 2019.

of further claiming that the contentions contained Luminati confidential information, Luminati switched to claim that the contentions "reveal Luminati's confidential strategies for determining infringement."[5] Following this, BIScience and Luminati had a telephonic meet and confer. During that call it was reiterated to Luminati that Finnegan was acting as settlement and post-grant review counsel for BIScience. Moreover, BIScience suggested--trying to find some compromise--that if there were particular portions of the contentions that Luminati believed were particularly sensitive for some reason, perhaps those sections could be redacted, but the rest shared with Finnegan. Luminati refused, taking the position that because Finnegan had not made a formal appearance on the docket it was not entitled to see the contentions.

### III.   Argument

This Court has previously found, under certain circumstances, that infringement contentions and claim charts may be properly characterized as confidential. This is not one of those circumstances. In *ExitExchange Corp. v. Casale Media Inc., et al.*, this Court held that under its Protective Order "to be properly designated as confidential information must be: (1) not generally known, (2) not normally revealed to third parties, and (3) detrimental to the conduct of the designating party's business." Civ. A. No. 2:10-cv-297-JRG, 2012 WL 996960, at *1. (E. D. Tex. Mar. 23, 2012). Here, Luminati's infringement contentions fail all three conditions. As to numbers 1 and 2, Luminati's contentions exclusively reference either the website(s) of BIScience and the accused instrumentality, or other publicly available websites, or material readily available over the Internet. (Exhibit A.)[6] Luminati has not, despite BIScience's request, identified or pointed to any confidential information of its own contained anywhere in the contentions. By definition,

---

[5] Email from Ron Wielkopolski to Eric Findlay on April 2, 2019.
[6] Luminati's Infringement Contentions are being filed under seal as a separate attachment due to their size.

materials kept on the internet, without any sort of password or other protection, cannot be said to be "confidential."

Further, any claim by Luminati that its work product or "strategy for determining infringement" is "not generally known" or "not normally revealed to third parties" is also unsupportable. In *Uniloc USA, Inc., et al., v. Medical Information Technology, Inc. d/b/a Meditech*, the Court was presented with a similar argument. Civ. A. No. 6:16-cv-000463-RWS, 2017 WL 3836140 (E.D. Tex. Jan. 26, 2017). There, *Uniloc* argued that even though its contentions were "comprised of only publicly available information" they should be considered confidential because disclosure of them would "reveal its allegedly confidential strategies for collecting information concerning alleged infringement." *Id.*, at *1. Distinguishing the case from *ExitExchange*, the Court rejected *Uniloc*'s argument. Noting that it was unclear if the contentions in *ExitExchange* were limited to only publicly available information, the Court found that unlike the issue before it in *ExitExchange*, "the issue was whether outside counsel could disclose the contents of infringement contentions to employees of their clients and their clients' suppliers, *not whether counsel could disclose the infringement contentions to outside counsel for co-defendants or consolidated defendants*." *Id.*, at *2 *citing to ExitExchange*, Dkt. No. 206 (SEALED) at *3-5 (emphasis added). Here the only additional requested disclosure is to counsel who are representing BIScience in connection with possible resolution of the case, as well as possible PTAB proceedings. Despite this, Luminati is attempting to draw an unreasonable distinction that simply because Finnegan has not made an appearance in this case, they should not be permitted to view its contentions, even though Luminati well knows Finnegan is acting as settlement counsel and counsel for any actions at the PTAB.

Similarly, in *Constellation IP, LLC v. Avis Budget Group, Inc., et al.*, the Court rejected the comparable argument that infringement contentions should be protected as "work-product," since "[o]nce disclosed to the opposing party, such 'legal strategy' is not inherently worthy of the 'Confidential' designation." Civ. A. No. 5:07-cv-38-DF-CMC, 2007 WL 7658921, at *2 (E.D. Tex. Oct. 30, 2007).

Finally, while to date Luminati has not directly claimed that disclosure of the infringement contentions to Finnegan or removal of their confidential designation would be "detrimental" to their business, to the extent they raise that argument in response it too fails. Consider that, as noted above, Luminati has *already* given access to the infringement contention charts to BIScience directly. Not just outside counsel of record. And BIScience and Luminati are, to some extent, competitors. It would stretch credulity to suggest that Luminati's interests would be harmed by giving Finnegan access to the infringement contentions, when they have already provided the same to their competitor.

Without permitting Finnegan access to Luminati's infringement contentions, BIScience will be prejudiced. As just two examples, the perceived or subjective strength or weakness of a Plaintiff's infringement argument is undoubtedly relevant during settlement discussions, which Finnegan is responsible for on behalf of the client. Likewise, the positions and arguments a Plaintiff makes in its infringement contentions can be relevant in post-grant review proceedings involving the asserted patent(s). This relevance was explicitly confirmed through the provision of the Protective Order entered by this Court in the related case of *Luminati Networks Ltd. v. UAB Tesonet*.[7] Civ. A. No. 2:18-cv-00299-JRG, Dkt. No. 39.

---

[7] There, the Protective Order provides that confidential information may be disclosed to, among others, "outside counsel of record in this Action or Related Proceedings for the Parties." *Id.* at *4.

WHEREFORE, Defendant BIScience (2009) Ltd. (which Plaintiff alleges is also known as BIScience Inc.), respectfully requests that this Honorable Court enter an Order removing the confidential designation to Plaintiff Luminati Networks Ltd.'s Infringement Contentions, or otherwise Order that they be provided to the Finnegan law firm.

Dated: April 8, 2019

Respectfully submitted,

By: *Eric H. Findlay*
Eric H. Findlay (TX Bar No. 00789886)
Brian Craft (TX Bar No. 04972020)
Debby Gunter (TX Bar No. 24012752)
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com
Email: dgunter@findlaycraft.com

**ATTORNEYS FOR DEFENDANT BISCIENCE**

### CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on April 8, 2019, with a copy of this document via electronic mail.

*/s/ Eric H. Findlay*
Eric H. Findlay

## CERTIFICATE OF CONFERENCE

The Parties have complied with Local Rule CV-7(h).  On Tuesday, April 2, 2019 Eric H. Findlay, Counsel for BIScience, met and conferred with Ron Wielkopolski, Counsel for Luminati Networks Ltd.  Mr. Wielkopolski indicated that Luminati Networks, Ltd. opposes the motion.

*/s/ Eric H. Findlay*
Eric H. Findlay