# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LUMINATI NETWORKS LTD.,<br><br>Plaintiff,<br><br>v.<br><br>BI SCIENCE INC.,<br><br>Defendants. | Case No. 2:18-CV-00483-JRG<br><br>FILED UNDER SEAL<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. BI SCIENCE PURPOSEFULLY DIRECTS ITS GEOSURF SERVICE TO TEXAS THROUGH (A) DIRECT SALES TO TEXAS RESIDENTS AND (B) ADVERTISED USE OF TEXAS PROXY DEVICES ....................................................................................2

   A. BI Science Mischaracterizes the Patented System and Its Own "Geosurf" Residential Proxy Service ..................................................................................................2

   B. This Court Has Specific Personal Jurisdiction Because BI Science Sells the Accused "Geosurf" Service to Texas Customers .................................................................3

   C. This Court Has Specific Personal Jurisdiction Because BI Science Advertises Its Accused "Geosurf" Service as Permitting the Use of Proxy Devices Belonging to Texas Residents. 4

   D. This Court Has Pendent Personal Jurisdiction Because the Non-Patent Claims Relate to the Same "Geosurf" Service Sharing the Same Nucleus of Facts ...........................................5

III. BI SCIENCE FAILS TO MEET ITS BURDEN FOR ITS MOTION TO TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK ..........................................................5

   A. Despite Three False and Inconsistent Declarations from BI Science's CEO, BI Science has yet to produce any documentary evidence that it has employees or an office in New York 6

   B. Even If BI Science Was Found to Have Some Office Space in New York, the Private and Public Factors Weigh Heavily Against Transfer ..................................................................7

IV. THE AMENDED COMPLAINT SHOULD NOT BE DISMISSED UNDER 12(B)(6), BECAUSE LUMINATI PROPERLY PLED ITS CLAIMS .............................................8

   A. The Defense of Trade Secrets Act Expressly Applies to Conduct Occurring Outside the United States ..................................................................................................................8

   B. Luminati Properly Pled All the Allegations Necessary for its False Advertising claim Under the Lanham Act ...........................................................................................................9

V. CONCLUSION ....................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**

*Blue Spike, LLC v. Texas Instruments, Inc.*, No. 6:12-cv-499 (E.D. Tex. March 31, 2014) .......... 4

*Cave Consulting Grp., Inc. v. Truven Health Analytics Inc.*, No. 15-cv-02177-SI, 2017 U.S. Dist. LEXIS 62109 (N.D. Cal. Apr. 24, 2017) ................................................................................. 5

*ConCam Int., Inc. v. Mobotix Corp.*, 2:13-cv-798 (E.D. Tex. Aug. 26, 2014) ............................... 8

*Healthpoint, Ltd. v. Allen Pharm., L.L.C.*, No. SA-07-CA-0526-XR, 2008 U.S. Dist. LEXIS 20971 (W.D. Tex. Mar. 18, 2008) ....................................................................................... 10

*In re Volkswagen of Am., Inc.*, 566 F.3d 1349 (Fed. Cir. 2009) ..................................................... 8

*Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447 (5th Cir. 2001) ........................ 9

*Misko v. Backes*, No. 3:16-CV-3050-M, 2017 U.S. Dist. LEXIS 122490 (N.D. Tex. July 14, 2017) ............................................................................................................................... 10

*Pinnacle, Label, Inc. v. Spinnaker coating, LLC*, Civil Action No. 3:09-CV-0950-D, U.S. LEXIS 106135 (N.D. Tex. Nov. 12, 2009) ...................................................................................... 5

*Roberts v. Paulin*, 2007 U.S. Dist. LEXIS 80490 (E.D. Mich. 2007) ............................................ 4

*Ultratech, Inc. v. Ensure Nanotech (Beijing), Inc.*, 108 F.Supp. 3d 816 (N.D. Cal. 2015) ............ 5

**Statutes**

18 U.S.C. § 1837 ............................................................................................................................ 8

## I. INTRODUCTION

Tellingly, BI Science buries its reply as to its Rule 12(b)(6) motion in the last two pages in two paragraphs, because this, the only part of its motion that is procedurally appropriate, has no real basis and appears to have been included mainly as an excuse to inappropriately refile the other part of the motion that makes up the bulk of the reply. As noted in Luminati's motion to strike (Dkt. 40), there was already a pending 12(b)(2) personal jurisdiction dismissal or transfer venue motion fully briefed and pending and this second successive round was inappropriate.

As to the repeated motions to dismiss or transfer venue, BI Science submits yet a third declaration under penalty of perjury from BI Science's CEO Mr. Moyal in support of its Reply. Dkt. 53. However, instead of clarifying the inconstancies and false statements from the earlier declarations, Mr. Moyal makes new false representations that BI Science has leased an office in New York. On March 6, 2019, BI Science entered what is actually a ▮▮▮▮ that is expressly ▮▮▮▮ and only provides ▮▮▮▮ Even if this is true, BI Science falls far short of meeting its burden on its motion to transfer.

Similarly, specific personal jurisdiction is proper as BI Science admits to selling its infringing "Geosurf" service to Texas residents and further advertises the use of Texas proxy devices as part of this service. This Court also has pendent personal jurisdiction because all the claims share a common nucleus of fact related to BI Science's "Geosurf" service sold in competition with Luminati's residential proxy service. In addition, Luminati properly pled its non-patent claims, because the Lanham Act includes offenses occurring outside the United States and false advertising does not require allegations of deception when statements are alleged to be false.

Consequently, the Second Motion to Dismiss/Transfer should be denied. However, to the extent that the Court entertains the personal jurisdiction or venue motions, Plaintiff requests that its pending motion for venue discovery be granted (filed at Dkt. 22). [1]

## II. BI SCIENCE PURPOSEFULLY DIRECTS ITS GEOSURF SERVICE TO TEXAS THROUGH (A) DIRECT SALES TO TEXAS RESIDENTS AND (B) ADVERTISED USE OF TEXAS PROXY DEVICES

BI Science mischaracterizes Plaintiff's argument when it states that "the only argument Plaintiff presents, unsupported by any case law, is that the use and practice of providing proxy IP addresses located within the state of Texas constitutes purposeful direction toward Texas and Texas residents." Reply at 2. First, BI Science admits that it sells its "Geosurf" service to Texas residents. Reply at 4. Second, BI Science does not merely provide "proxy IP addresses" - it advertises the use of proxy devices located in Texas.

### A. BI Science Mischaracterizes the Patented System and Its Own "Geosurf" Residential Proxy Service

BI Science mischaracterizes the nature of its "Geosurf" residential proxy service. As addressed in the Opposition, the claimed system of the asserted patents involves a residential proxy service whereby a user can send requests over the Internet to a target server using proxy devices and receive the requested content from these proxy devices. Opposition at 9-11. BI Science directly and indirectly infringes these patents by providing this claimed system through at least software operating on the customer and proxy devices. *Id.*; Amended Complaint at ¶¶ 24, 39-40,

---

[1] Despite the opening of discovery, this motion is still relevant as Plaintiff should not be forced to conduct a deposition of declarant Mr. Moyal as a matter of right under FRCP 30(a)(1) to secure limited venue discovery, only to require Plaintiff to later seek leave of the Court to depose Mr. Moyal under FRCP 30(a)(2) on the substantive issues of the case.

53-54. As shown in the following "Geosurf" promotional materials the proxy devices are physical devices with their own IP address, some of which are advertised as being located in Texas. *Id.*



(**Time: 00:47 sec to 01:20 sec**)



https://www.GeoSurf.com/resources/residential-ips-integration-guide/#ac_15173_collapse6

> B. **This Court Has Specific Personal Jurisdiction Because BI Science Sells the Accused "Geosurf" Service to Texas Customers**

BI Science admits that it sells its accused "Geosurf" residential proxy service to ▇ Texas customers of whom ▇ are currently active. Reply at 4. BI Science also does not deny that the "Geosurf" service provided to its Texas customers conservatively corresponds to about ▇ requests a month, each of which is an act of infringement. *Id.*; Opposition at 14. Instead, BI Science argues only that this infringing activity is too attenuated. Reply at 4. But BI Science

3

provides no new law in support of this position, despite Luminati clearly distinguishing the cases cited in the Motion. Opposition at 14-15 ("'If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of the computer files over the Internet, personal jurisdiction is proper.' *Roberts v. Paulin*, 2007 U.S. Dist. LEXIS 80490, 17 (E.D. Mich. 2007)"). The very purpose of the "Geosurf" residential proxy service is to provide knowing and repeated transmissions of computer files over the Internet between a customer and target server using proxy devices, including devices advertised as located in Texas.

BI Science's reliance on *Blue Spike, LLC v. Texas Instruments, Inc.*, No. 6:12-cv-499, Dkt. 1384 (E.D. Tex. March 31, 2014) is misplaced. Reply at 3-4. Blue Spike did not directly sell its accused application to Texas customers. *Id.* at 6. In contrast, BI Science admitted to directly providing its "Geosurf" service to Texas customers and BI Science actively advertises this service as permitting customers to use proxy devices of Texas residents. Similarly, the same *Blue Spike* Court denied a second motion to dismiss that same day where defendant admitted that Texas residents subscribed to defendant's services via its website. *Id.*, Dkt. 1385; 2014 U.S. Dist. LEXIS 189995 at 144 (E.D. Tex. March 31, 2014).

> *C. This Court Has Specific Personal Jurisdiction Because BI Science Advertises Its Accused "Geosurf" Service as Permitting the Use of Proxy Devices Belonging to Texas Residents*

BI Science does not deny that it specifically and expressly touts the "Geosurf" service as permitting its customers to use proxy devices located in the following ten Texas cities: Arlington, Austin, Crowley, Dallas, El Paso, Fort Worth, Houston, Katy, San Antonio, and Spring. Opposition at 9-10. Defendant cannot deny that it has purposefully availed itself of the benefits of doing business in Texas by advertising its "Geosurf" service as allowing its customers to use the devices of Texas residents as proxies. Reply at 3.

### D. This Court Has Pendent Personal Jurisdiction Because the Non-Patent Claims Relate to the Same "Geosurf" Service Sharing the Same Nucleus of Facts

BI Science does not deny that the allegations underlying the non-patent claims involve (a) BI Science's tortious interference with Luminati's agreements with its former residential proxy service salespeople by hiring them to sell BI Science's competing "Geosurf" service; (b) the misappropriation of Luminati's trade secrets by BI Science through these same former employees to sell "Geosurf;" (c) false advertising by the former salespeople regarding Luminati's residential proxy service to promote "Geosurf"; and (d) tortious interference with Luminati's current and prospective business relationships through BI Science's sale of "Geosurf."

BI Science is simply wrong when it claims that the sale of the "Geosurf" service does satisfy the common nucleus of operative facts. Reply at 5-6; see *Ultratech, Inc. v. Ensure Nanotech (Beijing), Inc.*, 108 F.Supp. 3d 816, 823 (N.D. Cal. 2015) (finding a "common nucleus of fact" supporting pendent jurisdiction over claims including patent infringement, misappropriation of trade secrets, and unfair competition through sale of competing product); *also Cave Consulting Grp., Inc. v. Truven Health Analytics Inc.*, No. 15-cv-02177-SI, 2017 U.S. Dist. LEXIS 62109 (N.D. Cal. 2017). Defendant's reliance on *Pinnacle, Label, Inc. v. Spinnaker coating, LLC*, Civil Action No. 3:09-CV-0950-D, U.S. LEXIS 106135 (N.D. Tex. Nov. 12, 2009) is again misplaced. There, the Court denied pendent jurisdiction where plaintiff admitted its "trademark claims are not related to the contract claims." *Pinnacle, Label, Inc. v. Spinnaker coating, LLC*, Civil Action No. 3:09-CV-0950-D, U.S. LEXIS 106135, 17 (N.D. Tex. Nov. 12, 2009). Here, the claims clearly share a common nucleus of operative facts.

### III. BI SCIENCE FAILS TO MEET ITS BURDEN FOR ITS MOTION TO TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK

A. *Despite Three False and Inconsistent Declarations from BI Science's CEO, BI Science has yet to produce any documentary evidence that it has employees or an office in New York*

First, BI Science submitted a declaration under oath claiming an office on the sixteenth floor of a vacant fifteen-story building. Opposition at 2. Subsequently it claimed under oath "employees (through consulting agreements)" and a sublease in a shared space at a second location. Now, again under oath by the same declarant, BI Science claims a new office at a third location including "a lease was signed by Kfir Moyal on behalf of BIScience (2009) Ltd. for shared office space."[2] Dkt. 53-1, "Third Moyal Declaration".

Consistent with the false and inconsistent statements in the previous two, this new declaration includes a false representation regarding the purported agreement submitted in support of the Reply, specifically that "a new lease agreement has been signed" and "[a]ttached as Ex. D to this declaration is a copy of the lease between BIScience and The Yard Operating Company LLC." *Id*. at ¶¶ 2-3. This is false. The purported "lease" is actually a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, well after BI Science filed its original venue motion on February 12, 2019. Ex. D, Dkt. 53-2 at 1. For ▮▮▮▮▮▮▮, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. at page 1 and Section 7 (a). The agreement expressly states that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." *Id*. (emphasis added). It further states ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." Id. at Section 5(f)

---

[2] BI Science's website only identifies a fourth address, but BI Science admits that this is merely a mailing address. Motion at 1.

(emphasis added). Furthermore, Mr. Moyal implicitly admits he has never even been there, indicating that he intends at some point to go there in the future. Third Moyal Declaration at ¶3. Meanwhile, despite repeated requests for discovery in Luminati's pending motion for venue discovery (Dkt. 22) and the motion for a partially disputed discovery order, Defendant has yet to produce any other documentary evidence beyond this ▓▓▓▓ agreement showing that there is no real presence.³ This is a far cry from the type of physical presence of documents and witnesses of an ongoing business concern that would be relevant to a venue transfer motion. BI Science's claims of an office are simply not credible and the motion to transfer should be denied on this basis alone.

> B. *Even If BI Science Was Found to Have Some Office Space in New York, the Private and Public Factors Weigh Heavily Against Transfer*

While the above post-complaint activity is irrelevant, even if BI Science were found to have a purported shared office in New York, BI Science falls far short of showing that New York is clearly more convenient. As admitted by BI Science, "the relevant sources of proof for the most part are located in Israel," BI Science has identified no witnesses in New York, and the parties have agreed to conduct depositions in Israel. Reply at 7; Dkt. 62 at 5(c). BI Science argues that the "relevant ease of access to relevant sources of proof weighs in favor of transfer because BIScience's documents can be accessed remotely and securely from its New York office." Reply at 7. This is now shown clearly to be false given that the only "office" is a ▓▓▓▓ in ▓▓▓▓ with ▓▓▓▓▓▓▓▓▓▓. Consequently, none of the private factors of (1) relevant sources of proof, (2) availability of compulsory process to secure witnesses, and (3) cost and

---

³ Luminati has repeatedly sought this venue discovery. BI Science cannot credibly claim that "Plaintiff does not dispute BIScience's presence in New York." Reply at 6.

convenience for witnesses favor transfer. The fourth factor of other practical considerations favors retaining the case before this Court, because there is already a pending case involving the same patents which improves judicial economy at the very least through this Court's greater familiarity with the technology and claims. *ConCam Int., Inc. v. Mobotix Corp.*, 2:13-cv-798, slip op. at 7 (E.D. Tex. Aug. 26, 2014) (citing *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009)).

Similarly, with regard to the public factors, BI Science has admitted that "the individuals referenced and identified in Plaintiff's Complaint all live and work in Israel" Second Motion to Dismiss/Transfer at 12-13. BI Science cannot credibly claim that New York has a local interest because BI Science has "employees (through consulting agreements)" that regularly work from a ▌ in New York. Reply at 8-9. Texas has at least as strong a local interest as New York. This factor is neutral. In contrast, as BI Science concedes administrative difficulties flowing from Court congestion favor the Eastern District of Texas. *Id*. at 9. Consequently, even should the Court find that BI Science has an office in New York, the public and private factors weigh against transfer.

## IV. THE AMENDED COMPLAINT SHOULD NOT BE DISMISSED UNDER 12(B)(6), BECAUSE LUMINATI PROPERLY PLED ITS CLAIMS

### A. The Defense of Trade Secrets Act Expressly Applies to Conduct Occurring Outside the United States

The Defense of Trade Secrets Act includes provisions specifically covering conduct outside the United States by a foreign entity. Pursuant to 18 U.S.C. § 1837, "[t]his chapter also applies to conduct occurring outside the United States if (1) the offender is a natural person who is a citizen or permanent resident alien of the United States, or an organization organized under the laws of the United States or a State or political subdivision thereof; *or* (2) an act in furtherance of the offense was committed in the United States." (emphasis added). Without any supporting

8

case law, BI Science interprets the "act in furtherance of the offense" to improperly require the trade secrets to be accessed in the United States. Reply at 9. This is counter to 18 U.S.C. § 1837, which expressly applies to conduct outside the United States. BI Science is simply wrong when it asserts "Plaintiff fails to allege any conduct 'in furtherance' of the alleged misappropriation occurring outside of Israel." Reply at 9. As alleged in the complaint, BI Science accessed the content in Israel, but subsequently caused Luminati harm by using these trade secrets to sell 'Geosurf' in Texas and the United States to the harm of Luminati in furtherance of the offense. Amended Complaint at 16. ("Upon information and belief, Luminati's former employees employed Luminati's confidential trade secrets on behalf of BI Science in furtherance of the competing "Geosurf" residential proxy service. Upon information and belief, Luminati lost Texas and United States customers for its residential proxy service and associated revenues to BI Science's competing Geosurf service.")

> B. *Luminati Properly Pled All the Allegations Necessary for its False Advertising claim Under the Lanham Act*

As addressed in the Opposition, Luminati properly pled all the allegations necessary for its false advertising claim under the Lanham Act. Opposition at 7-9. While BI Science argues without support that the allegations do not prove consumer deception resulting from BI Science's false statement (Reply at 10), "a case involving a false advertising claim under the Lanham Act, we stated that 'when the statements of fact at issue are shown to be literally false, the plaintiff need not introduce evidence on the issue of the impact the statements had on consumers….In such a circumstance, the court will assume that the statements actually misled consumers." *Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 462 (5th Cir. 2001). Consequently, "[t]he Court must allow for a determination of the nature of [Defendant's] statements before reaching the

9

question of whether Plaintiffs should be subject to the increased burden of adducing evidence of materiality." *Misko v. Backes*, No. 3:16-CV-3050-M, 2017 U.S. Dist. LEXIS 122490, at *13 (N.D. Tex. July 14, 2017).  Luminati clearly identified the "false statement" regarding the operation of Luminati's residential proxy service, explained why it was false and alleged that BI Science employs the "false statement" to sell its competing "Geosurf" service.  Opposition at 8; Amended Complaint at ¶ 20.  "A court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines whether a plaintiff has stated a legally cognizable claim."  *Id*. (citing *Healthpoint, Ltd. v. Allen Pharm., L.L.C.*, No. SA-07-CA-0526-XR, 2008 U.S. Dist. LEXIS 20971, 2 n. 4 (W.D. Tex. Mar. 18, 2008) ("[T]he Fifth Circuit has not held that a heightened pleading standard applies to false advertising claims under §43 of the Lanham Act.")  Luminati has satisfied the pleading requirements of its false advertising claim.

## V.  CONCLUSION

Luminati respectfully requests that the motions to dismiss and transfer be denied. However, to the extent that the Court entertains either motion, Luminati also requests that its pending motion for venue discovery be granted.

Dated:  April 9, 2019

By: */s/ Ronald Wielkopolski*
S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Korula T. Cherian

10

Robert Harkins
CA State Bar No. 179525
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA  94702
(510) 944-0190
Email: sunnyc@ruyakcherian.com
Email:  bobh@ruyakcherian.com

Ronald Wielkopolski
RuyakCherian LLP
1700 K St. NW, Suite 810
Washington, DC 20006
Email: ronw@ruyakcherian.com

Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served this 9th day of April, 2019, with a copy of this document via electronic mail.

*/s/ Ronald Wielkopolski*

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that this document is being filed under seal pursuant to the Unopposed Motion for Leave to File Under Seal that is being filed concurrently with this Response.

*/s/ Ronald Wielkopolski*