# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LUMINATI NETWORKS LTD.<br><br>Plaintiff,<br><br>v.<br><br>BI SCIENCE INC.,<br><br>Defendants. | Case No.  2:18-CV-00483-JRG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO REMOVE THE CONFIDENTIAL DESIGNATION TO PLAINTIFF LUMINATI NETWORKS LTD.'S <u>INFRINGEMENT CONTENTIONS</u>**

i

## I. INTRODUCTION

Plaintiff Luminati Networks, Ltd. ("Luminati") has a strong interest in protecting its confidential information including the work and methodology put into its infringement contentions, which would be damaging to Luminati's ability to protect its patents if such information were not kept confidential. In order to protect its confidential information without prejudicing Defendant BI Science (2009) Ltd. (a.k.a. BI Science Inc.) ("Defendant" or "BI Science"), Lumianti has permitted Findlay Craft, the only attorneys of record for BI Science, to share its infringement contentions with defendant, defendant's counsel of record, experts, or anyone else allowed to see confidential information under the protective order ("Protective Order," Dkt. 76). Instead of entering an appearance on behalf of BI Science to permit Finnegan, Henderson, Farabow, Garrrett & Dunner, LLP ("Finnegan") to access this information under the Protective Order, BI Science filed a motion to remove the confidentiality designation from Luminati's infringement contentions ("Motion," Dkt. 65). BI Science filed this motion despite agreeing that same day to a joint Protective Order which expressly permits outside counsel to participate in both the litigation and related proceedings before the PTAB. Dkt. 76. Clearly, BI Science's stated need to allow Finnegan to access this confidential information as "post-grant review counsel" is not the whole story.

## II. BACKGROUND

Since early in the litigation, Finnegan has operated behind the scenes. Finnegan unequivocally stated to Luminati that it does *not* represent BI Science in this litigation. Ex. 2 at 1. In the Motion, BI Science describes Finnegan as "engaged primarily as settlement counsel and counsel for any post-grant review proceedings," (Motion at 2) but then referenced the May 20, 2019, deadline to serve invalidity contentions in this litigation in support of its motion to expedite

1

briefing on this motion (Dkt. 68 at 2). Clearly, Finnegan and/or BI Science want Finnegan to be involved as counsel in the litigation without Finnegan appearing as counsel of record. This could easily be cured by Finnegan entering an appearance, but they refuse, indicating either a conflict here or the possibility there is some interest in sharing these infringement contentions with third parties (were the confidentiality removed) to hamper Lumanti's ability to protect its intellectual property.

Luminati served its confidential infringement contentions on March 14, 2019, under the "Confidential" designation and promptly gave counsel of record authorization to share these contentions with their client, but denied authorization to share with any third party, including Finnegan. Ex 1 at 2-4. Despite repeatedly informing BI Science that the infringement contentions are confidential, because they reveal "Luminati's confidential information" including "Luminati's confidential strategies for determining infringement" on March 14, March 19, and April 2, BI Science continued to push for permission to share this information with third-party Finnegan. *Id*. at 1-2; Ex. 2 at 1. BI Science is simply wrong when it states that Luminati "changed its position." Motion at 2-3. Luminati informed BI Science that it could not agree as Finnegan "has represented to us that it is not representing BI Science in the litigation" and "Finnegan falls outside the protective order." Ex. 1 at 1; see also Ex. 2 at 1.

As it became clear that Finnegan had no intention to appear in the litigation, on April 2, 2019, Luminati's counsel asked BI Science's counsel of record to "disclose any conflict preventing Finnegan from making an appearance." BI Science's litigation counsel never provided any such reason. Ex. 2 at 1. Consistent with its position in the related case of *Luminati Networks Ltd. v. UAB Tesonet*, 2:18-cv-00299-JRG ("Tesonet"), Luminati proposed edits to the draft protective order that expressly permits counsel of record to participate in related proceedings including any

2

inter partes reviews of the Asserted Patents. Protective Order at ¶ 1. Despite this agreement, the same day as the joint motion for Protective Order was filed, BI Science entered the Motion instead of having Finnegan appear as counsel of record in this litigation.

### III. LEGAL STANDARD

The Protective Order in this action permits parties to "designate as confidential for protection under this Order, in whole or in part any document, information or material that constitutes or includes, in whole or in part confidential or proprietary information or trade secrets of the Party…." Protective Order at ¶ 1. Despite agreeing upon the language in this Protective Order filed the same day as its Motion, Defendants erroneously rely on the protective order issued in the case of *ExitExchange Corp. v. Casale media Inc., et al.*, No. 2:10-CV-297, 2012 U.S. Dist. LEXIS 40000, at *5. (E.D. Tex. Mar. 23, 2012), which expressly limited confidential information to information "(1) not generally known, (2) not normally revealed to third parties, and (3) detrimental to the conduct of the designating party's business." Motion at 3. While its infringement contentions meet the requirements of both protective orders,[1] the appropriate standard to apply is from the Protective Order.

### IV. ARGUMENT

    *A. Luminati's Infringement Contentions Disclose Information that is Confidential to Luminati*

---

[1] As discussed below, Luminati has consistently maintained confidentiality for the work and methodology employed in its infringement contentions. Such information is not generally known, and disclosure of it would be detrimental to Luminati's business. Consistent with *ExitExchange*, "such information is confidential business information that is not generally known. Accordingly, the information should remain confidential." 2012 U.S. Dist. LEXIS 40000, at *5.

As Luminati informed BI Science, Luminati's infringement contentions disclose Luminati's confidential strategies for determining infringement. Motion at 2-3. Luminati would suffer harm if these contentions were treated as public information as, for example, third party competitors could use this information to help scrub otherwise public information on their websites to conceal the infringing operation of their services from Luminati. In addition, Luminati's competitors could use these charts to inform their own patent prosecution strategies in an attempt to cover similar claims to the detriment of Luminati.

Such examples are not merely theoretical. Luminati is currently asserting U.S. Patent Nos. 9,241,044 and 9,742,866 in both this litigation and the related Tesonet action. Since the filing of these complaints, Luminati has observed changes in both defendants' websites, including the scrubbing of information that was useful in identifying defendants' infringement in both actions. In order to protect Luminati's ability to continue enforcing its patents against known and unknown third parties entering the field of residential proxy service, Luminati maintains the confidentiality of its strategies for determining infringement and appropriately designated its infringement contentions as "Confidential" under the protective orders in these cases. BI Science is simply wrong when it asserts that Luminati's "infringement contentions contain[] no Luminati confidential information." Motion at 1.

Infringement contentions may be confidential even if they merely include patent holder's analysis of publicly available information. Specifically, like the plaintiff in *ExitExchange*, where the court upheld the confidentiality of infringement contentions, Luminati's contentions "contain a confidential description of how, in Plaintiff's view, the elements of Defendant's [systems] satisfy the elements of the claims. This description includes a number of elements that, taken separately would not be confidential, such as excerpts from the patent claims, website screen captures, links,

4

and code gathered by Plaintiff on various websites." No. 2:10-CV-297, Dkt. 229, Opp. Mot. Rem. Conf. Desig. at 6 (E.D. Tex. May 31, 2011) (Ex. 3). As in *ExitExchange*, "[t]hat the confidential description is constructed in part from building blocks that are not independently confidential does nothing to erase the fact that the description as a whole is highly confidential. For example, a business's confidential customer list or supplier list may be comprised entirely of the names of companies that are well-known to the general public. This does not make the list non-confidential." *Id*. at 6. Despite reliance on publicly available information, the *ExitExchange* Court found "that such information is confidential business information that is not generally known. Accordingly, the information in question should remain confidential." 2012 U.S. Dist. LEXIS 40000, at *6 (E.D. Tex. Mar. 23, 2012) (denying motion to remove confidentiality designation of infringement contentions). As in *ExitExchange*, Luminati does not disclose how its patents read on its competitors' products or how it gathers information identifying its competitors infringement for at least the reasons described above. The whole of the infringement contentions are confidential to Luminati and should be protected.[2]

    B. *BI Science Suffers No Prejudice From This Confidentiality Designation*

BI Science is wrong in asserting that it is prejudiced by the confidentiality designation. Motion at 5. Only Findlay Craft is counsel of record for BI Science in this litigation. While BI Science vaguely states that "Finnegan is engaged *primarily* as settlement counsel and counsel for any post-grant review proceedings," Finnegan has unequivocally represented to Luminati that it is

---

[2] BI Science's proposal of redacting the infringement contentions is not a practical solution, as redactions would not be able to conceal Luminati's confidential strategies for determining infringement. Motion at 3. Luminati clearly identified the infringement contentions as confidential to Luminati. *Id*.

5

***not*** representing BI Science in this litigation.  Motion at 2.  Luminati's confidentiality designation permits BI Science, its counsel of record and experts to access Luminati's confidential infringement contentions under the provision of the Protective Order.

This designation is actually less restrictive than the positions held by the plaintiffs in *ExitExchange* or *Uniloc USA, Inc. v. Med. Info. Tech., Inc.*. 2012 U.S. Dist. LEXIS 40000, at *5; *Uniloc USA, Inc. v. Med. Info. Tech, Inc.,* 2017 U.S. Dist. LEXIS 215190, at *7 (E.D. Tex. Jan. 26, 2017).  In *Uniloc*, plaintiffs attempted to prohibit counsel of record from sharing infringement contentions in the same consolidated litigation. 2017 U.S. Dist. LEXIS 215190 at *7.  BI Science mischaracterizes *Uniloc* by ignoring the fact that the Uniloc court did not remove the confidentiality designation of Uniloc's infringement contentions.  On the contrary, the court expressly denied sharing the infringement contentions with a third party, despite that party's contractual relationship with a defendant.  2017 U.S. Dist. LEXIS 215190 at *7 (E.D. Tex. Jan. 26, 2017); *id*. at Dkt. 85 (Ex. 4). BI Science also is wrong to rely on *Uniloc* for the proposition that "work product or 'strategy for determining infringement' is 'not generally known' or 'not normally revealed to third parties'" cannot be confidential.  Motion at 4.  In contrast to *Uniloc*, Luminati is not trying to bar counsel of record from sharing infringement contentions in a consolidated case, but merely trying to protect its confidential information from third parties who Luminati will not be able to stop from seeing the material if the confidential designation is removed.

The parties already agreed to a Protective Order (entered by the Court in this case) that would permit Finnegan to serve as counsel in both the litigation and any related proceeding including any future "post-grant review proceedings."  Finnegan need only appear in this litigation to gain access. There is no prejudice to BI Science.

6

> C. *Luminati Has Legitimate Concerns Regarding Finnegan's Interest In Gaining Access to Luminati's Confidential Infringement Contentions Outside the Protective Order*

As addressed above, Finnegan could gain access to this confidential information by simply making an appearance subjecting itself to the Protective Order. Despite the amendments made to the template protective order, which would allow Finnegan to appear in both the litigation and any purported related "post-grant review proceeding," Finnegan still avoids subjecting itself to the Protective Order. Luminati has real concerns that Finnegan has some kind of conflict preventing it from doing so.

BI Science's current litigation counsel was quick to represent "there is no conflict vis a vis Finnegan." (Ex. 2 at 1). However, Luminati has seen no such representation from Finnegan. In addition to any unknown third-party competitors in this field that Finnegan may represent, Luminati has reason to believe that Finnegan does prosecute patent applications in similar fields of technology. As just one example, Finnegan prosecuted the patent application resulting in U.S. Patent No. 10,019,557 titled "Method, systems, and apparatus for fragmented file sharing," which issued last July. Luminati has a legitimate concern that Finnegan is simply trying to make an end run around the Protective Order to avoid, for example, the prosecution bar of section 11. As discussed above, permitting Finnegan to use this information to advise third-party competitors would be harmful to Luminati.

**V. CONCLUSION**

Luminati respectfully requests that the Court deny the Motion.

|  |  |
|---|---|
| Dated: April 12, 2019 | By: */s/ Ronald Wielkopolski*<br>S. Calvin Capshaw<br>State Bar No. 03783900<br>Elizabeth L. DeRieux |

7

        State Bar No. 05770585
        Capshaw DeRieux, LLP
        114 E. Commerce Ave.
        Gladewater, TX 75647
        Telephone: 903-845-5770
        ccapshaw@capshawlaw.com
        ederieux@capshawlaw.com

        Korula T. Cherian
        Robert Harkins
        CA State Bar No. 179525
        RuyakCherian LLP
        1936 University Ave, Ste. 350
        Berkeley, CA  94702
        (510) 944-0190
        Email: sunnyc@ruyakcherian.com
        Email:  bobh@ruyakcherian.com

        Ronald Wielkopolski
        RuyakCherian LLP
        1700 K St. NW, Suite 810
        Washington, DC 20006
        Email: ronw@ruyakcherian.com

        Attorneys for Plaintiff