IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL INFORMATION TECHNOLOGY, INC. d/b/a MEDITECH,<br><br>Defendant. | § § § § § § § § § § § | Civil Action No. 6:16-cv-00463-RWS<br>Lead Consolidated Case<br><br>**JURY TRIAL DEMANDED** |
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>OPTUMINSIGHT, INC. and OPTUM CLINICAL SOLUTIONS, INC.,<br><br>Defendants. | § § § § § § § § § § § § § | Civil Action No. 6:16-cv-00468-RWS<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT OPTUMINSIGHT, INC.'S EMERGENCY MOTION TO COMPEL DE-DESIGNATION UNDER PROTECTIVE ORDER**

Defendant OptumInsight, Inc. ("OptumInsight") brings this emergency motion in the consolidated lead case to permit the defendants in the consolidated lead case (collectively, "Defendants") to permit Defendants', or at a minimum, Defendants' outside counsel, to view the infringement contentions served by plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A. (collectively, "Uniloc") on individual defendants in the case.[1] Uniloc's contentions contain no

---

[1] As a procedural matter, OptumInsight files this motion and files excerpts of Uniloc's

confidential information, are based only on publicly-available information gathered before any discovery, and assert the infringement of the same two patents against all consolidated Defendants. Yet Uniloc – in a clear attempt to frustrate the Defendants' coordination of *Markman* positions and invalidity contentions in this consolidated case – has taken the position that Uniloc's allegations contain **Uniloc's** (not Defendants') confidential information and that neither individual defendants nor their outside counsel should be permitted to view the infringement contentions served on each other in the same case, despite the unanimous consent to such disclosure by all Defendants.

The Court should reject this position. Uniloc's contentions should be made available to all of the Defendants so that all may have a full understanding of the positions that Uniloc is taking in this consolidated case and so they can prepare a fully informed set of invalidity contentions and so that they can present the Court with coordinated, coherent *Markman* positions.

Because Defendants' invalidity contentions are due on January 13, 2017, this issue merits expeditious resolution.[2]

## I. BACKGROUND

Uniloc filed separate cases against the Defendants on May 27, 2016. On October 19, 2016, the Court entered an order consolidating the cases for all pre-trial purposes except venue. *See* Dkt. 28. On November 10, 2016, Uniloc served its P.R. 3-1 infringement contentions on

---

infringement contentions against OptumInsight under seal. The remaining Defendants will file joinder motions, so that they may attach excerpts of Uniloc's infringement contentions against them under seal without disclosure to the other Defendants, since Uniloc will not permit that disclosure. This is just an example of the unnecessary inconvenience caused by Uniloc's designation. The remaining Defendants will file respective notices of joinder motions, so that they can file Uniloc's infringement contentions without providing access to one another.

[2] In Section II.C, below, OptumInsight also presents an issue specific to OptumInsight and Picis, which also is a defendant in this consolidated case.

2

each defendant.[3] Uniloc's P.R. 3-1 Infringement Contentions against OptumInsight are attached Exhibit A (filed under seal).[4] Those infringement contentions, which Uniloc served before discovery in the case, are based upon publicly available information and contain no information that is confidential to Uniloc (or to any of Defendants). Uniloc, nevertheless, initially designated those infringement contentions as "Attorneys Eyes Only." *See id*. (all pages). Defendants collectively objected to that designation and Uniloc subsequently downgraded the designation to "Confidential" under the Protective Order. The downgrade is particularly significant because it demonstrates that Uniloc does not object to disclosure of the Infringement Contentions to certain in-house personnel and attorneys. Rather, Uniloc's objection is specific to outside counsel for the consolidated defendants. Uniloc continues to refuse to remove its confidentiality designation altogether or to grant outside counsel for each Defendant access to all of Uniloc's P.R. 3-1 infringement contentions. Uniloc has taken the position that because it has designated its infringement contentions as "Confidential" – allegedly because they contain confidential information of Uniloc – that, under paragraph 5(a) of the Protective Order, that neither Defendants nor their outside counsel should be permitted to compare their respective inbound infringement contentions with each other.

Defendants' invalidity contentions are due in one month on January 13, 2017. Dkt. 63 (Docket Control Order) at 6. Defendants' identification of claim terms and the other events in the claim construction occur soon thereafter. *Id*. at 4-5.

---

[3] Defendants are reviewing the sufficiency of the content of Uniloc's respective infringement contentions and reserve the right to raise issues concerning their sufficiency in a separate motion, if necessary.
[4] Exhibit A is being filed seal, as allowed pursuant to the Protective Order (Doc. 70).

3

## II.     ARGUMENT

### A.     Uniloc's Claim Charts Do Not Qualify as "Confidential" Information Under the Protective Order

The Protective Order entered in this case provides that a party "may designate as confidential for protection under [the Protective] Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party…"  Doc. No. 70 (Protective Order), ¶ 1.  The Protective Order limits dissemination of "Confidential" information to specific categories of individuals, one of which is "outside counsel of record in this Action for the Parties."  *Id*. ¶ 5.  The Protective Order defines "Parties" as Plaintiffs and the Consolidated Defendants, the latter of which is defined as the defendants in a respective member case in the consolidated action.  *Id*. at 1.  Uniloc has taken the position that, under the Protective Order, anything that it designates as confidential to one Defendant cannot be disclosed to any other Defendant.  Uniloc also has taken the position that, because it has designated its Infringement Contentions as "Confidential," because it allegedly contains the confidential information of Uniloc (and not of any Defendant) that, under paragraph 5(a) of the Protective Order, no Defendant is permitted access to the Infringement Contentions that Uniloc has served on any other Defendant in the consolidated case.  Uniloc's position is flawed and a misuse of the Protective Order in an effort to prevent Defendants from understanding the full scope of the positions that Uniloc has taken in this consolidated case (which Uniloc has admitted during the meet and confer are inconsistent across Defendants) and from effectively coordinating their defense in this case.

Uniloc's infringement contentions do not constitute "confidential" information, and certainly not that of ***Uniloc***.  They are nothing more than preliminary legal ***arguments*** based solely upon publicly-available internet screen shots and other public information.  They contain no trade secrets, source code, or financial information of anyone.  Uniloc's designation of its

4

infringement contentions as confidential is a transparent attempt to prevent the Defendants from understanding the full scope of the positions that Uniloc has taken in this consolidated case (which Uniloc admitted during its meet and confer) and to coordinate. Their substance ultimately will be public. The law favors public disclosure. *Cf. Trover Group, Inc. v. Dedicated MicrosUSA et al.*, 2015 WL 1406259, C.A. No. 2:13-cv-1047 (E.D. Tex. Mar. 26, 2015), *1 (there is a "strong presumption in favor of a common law right of public access to court proceedings" and "courts have held that the district court's discretion to seal the record of judicial proceedings is to be exercised charily") (citations omitted). "The marking of legal argument as confidential under Rule 26(c)(1)(G) cannot be justified unless the argument discloses facts or figures of genuine competitive or commercial significance." *In re Violation of Rule 28(d)*, 635 F.3d 1352, 1360 (Fed. Cir. 2011). It is Uniloc's burden to show the materials here are not mere legal argument. Uniloc has failed to do so.

Uniloc has relied upon a decision in *ExitExchange Corp. v. Casale Media Inc., et al.*, 2012 WL 996960, C.A. No. 2:10-cv-297 (E.D. Tex. Mar. 23, 2012) (Dkt. 330) for its position that infringement contentions are *per se* confidential because the specific contentions in that case were considered confidential under the protective order in that case. *ExitExchange* is inapplicable here. The infringement contentions in that case were filed under seal, and Defendants have no way to know whether they contained more than the bare bones recitations and publicly-available screen shots at issue here. The claim charts in this case are cut-and-paste images from internet websites and product manuals. Nothing about that is confidential to Uniloc. More broadly, *ExitExchange* cannot stand for the proposition that infringement contentions are entitled to confidential treatment regardless of their content. Such a holding would unnecessarily limit the defendants in a consolidated case from working together to prepare invalidity contentions, and identifying and construing claim terms in a joint *Markman* brief, as

5

the Court expects, in a consolidated case. It is hard to see any prejudice *to Uniloc* resulting from Defendants being permitted to see all of the infringement contentions based upon publicly available information, unless Uniloc's aim is to prevent meaningful cooperation among the Defendants and drive up attorneys' fees in hopes of forcing early settlement. By Uniloc's reasoning, Uniloc's claim construction positions against one Defendant also could not be disclosed to another Defendant.

### B. Uniloc's Conduct Will Prejudice the Defendants

Uniloc's unjustified restrictions on Defendants or their baseless position will prejudice the Defendants. During the meet and confer process, Uniloc has explained that Defendants should not be permitted to see the inconsistent positions it may be taking as to different Defendants. Why not? In fact, it would be prejudicial for Defendants not to have full knowledge of the different positions that Uniloc may be taking. Defendants are expected to submit a combined Markman brief, which necessarily will entail discussing the contentions that led to the disputed claim terms and to allocate briefing space. Uniloc argues that Defendants should have to work through that necessarily combined process in the dark.

That position is entirely wrong. To be clear – the issue here is *not* the dissemination of anything that is a Defendant's confidential information (for which any such Defendant would have the right to waive confidentiality). By Uniloc's reasoning, a given Defendant (or at least its outside counsel) would not be allowed to see what types of licensing agreements Uniloc entered with other parties, even though clearly relevant in the case.

Uniloc has also relied upon the Court's Order in *TiVo Inc. v. Verizon Communications, Inc., et al.*, C.A. No. 2:09-cv-257 (Aug 1, 2011) (Dkt. 208), for the proposition that a plaintiff's infringement contentions against one defendant in a consolidated case are irrelevant to another defendant. Simply put, *TiVo* concerned limitations that the Court put on obtaining the

6

confidential technical and damages discovery of *opposing parties* in an entirely separate lawsuit. *TiVo* is inapposite in two ways – *TiVo* did not concern a pre-trial consolidated case, and the confidential information at issue was that of a non-party to the case at hand. Here, Uniloc is making (apparently) inconsistent representations about the scope and nature of its claims, all in the same consolidated case, all in advance of a consolidated *Markman* and consolidated invalidity contentions. Moreover, whether protective order accommodations could or could not have addressed the confidentiality issues in *TiVo* is a separate issue that need not be addressed here.

  **C.** **Even if Subject to Confidentiality Protections, Outside Counsel for Consolidated Defendants Should Receive Access to Uniloc's Patent Rule 3-1 Contentions**

Even if the Court were to consider Uniloc's infringement contentions to constitute Uniloc's confidential information and the Court is unprepared to make them entirely public, then at a minimum, Defendants request that the Court issue an Order, amending the Protective Order, if necessary, specifically permitting access by outside counsel for all Defendants in this consolidated case access to all of Uniloc's P.R. 3-1 Infringement Contentions in this case.

  **D.** **The Relationship between OptumInsight and Picis, Inc. n/k/a Picis Clinical Solutions, Inc. Necessitates in-House Access to Uniloc's Infringement Contentions Against the Other**

Defendant, Optum Clinical Solutions was a former subsidiary of Defendant OptumInsight, but the entity was spun off, acquired, combined and renamed as Picis Inc. n/k/a Picis Clinical Solutions. Picis is a Defendant in this consolidated case but via a different member case (C.A. No. 6:16-cv-00465). As the Court will see, Uniloc has accused OptumInsight and Picis of infringement by overlapping products. *Compare* Complaint Ex. C against Optum, C.A. No. 6:16-cv-00468-RWS, Dkt. No. 1-4 at pp. 62-64, *with* Complaint Ex. C. against Picis, C.A. No. 6:16-cv-0465-RWS, Dkt. 1-4 at pp. 64-66. OptumInsight has

7

explained and proven to Uniloc the move of historical responsibility and core technical information (including source code) for accused products.[5] Optum also has explained and proven that OptumInsight and Picis have ongoing contractual responsibilities to one another concerning those products. The linkage between OptumInsight and Picis necessitates both outside counsel and in-house access to Uniloc's infringement contentions against the other, but, Uniloc has refused such access. Without that, Picis and OptumInsight are unable to coordinate their defenses concerning the same products. That is prejudicial to OptumInsight.

### III.  CONCLUSION

For the foregoing reasons, OptumInsight respectfully requests that the Court order Uniloc to remove the confidentiality designations from its infringement contentions. In the alternative, should the Court determine that Uniloc's infringement contentions are entitled to confidentiality protections, then OptumInsight respectfully requests that the Court enter an order: 1) permitting outside counsel access for all consolidated defendants access to all of Uniloc's P.R. 3-1 infringement contentions served on November 10, 2016; and 2) due to the contractual relationship between OptumInsight and Picis, Inc., n/k/a Picis Clinical Solutions, permitting technical personnel of those companies access to Uniloc's infringement contentions against the other, so that they may adequately prepare their defenses in this case.

Dated:  December 9, 2016                    Respectfully Submitted,


                                            By:  */s/ Peter J. Chassman*
                                                 Peter J. Chassman
                                                 State Bar Number: 00787233
                                                 Reed Smith LLP

---

[5] Both OptumInsight and Picis have urged the substitution of Picis for Optum Clinical Solutions, which is essentially just the name of a former Optum entity. Although both OptumInsight and Picis have urged the substitution in an effort to avoid involving the Court, Uniloc has not consented to the substitution. If unresolved, that may be the subject of separate motion practice.

811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: (713) 469-3885
Facsimile: (713) 469-3899
pchassman@reedsmith.com

*Attorney for Defendant OptumInsight, Inc.*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on December 5, 2016, the undersigned, Peter J. Chassman, who serves as lead and local counsel for OptumInsight, Inc. met and conferred telephonically with, Jim Etheridge, lead and local counsel for Uniloc in accordance with Local Rule CV-7(h). Other counsel for Uniloc – Ryan Loveless, Travis Richins, and Emily White also participated. In addition, counsel for other consolidated defendants, who OptumInsight understands will file separate joinder papers, also participated and will identify themselves in their joinder papers. On December 9, 2016 all of the above-identified counsel and the following counsel for the other consolidated Defendants met and conferred concerning the motion to expedite associated with this Motion and also further met and conferred concerning the subject of this Motion. Those additional counsel included counsel for Viztek (Bo Davis, Tryn Stimart, and Thomas Bean), Picis, N. Harris, and Quadramed (Hunter Keeton, Michael Albert, and Sean Rommel), Meditech (Douglas Kline, and Jennifer Ainsworth), Practice Fusion (Michael Sacksteder and Geoffrey Miller), Netsmart (Taylor Corbitt, Jeff Rambin, and Elizabeth DeRieux), and Amazing Charts (Timothy Shannon and Seth Coburn). During the conferences, the parties engaged in discussion about why they believed Uniloc's P.R. 3-1 Infringement Contentions did or did not constitute information that should be subject to the protective order in this case and whether they could be

9

shared among the consolidated Defendants, as explained in the foregoing motion. The parties discussed and disagreed about the applicability of the *ExitExchange* and *TiVo* cases referenced in the foregoing motion, with Uniloc contending that they were applicable and OptumInsight (and others) contending that they were not. The parties reached impasse, despite lengthy discussion.

/s/ *Peter J. Chassman*
Peter J. Chassman

### CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 9, 2016.

/s/ *Peter J. Chassman*
Peter J. Chassman

10