IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:18-CV-00483-JRG |
| | § | |
| BI SCIENCE INC.,  BI SCIENCE (2009) LTD., | § | |
| | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is Defendant BIScience (2009) Ltd.'s ("BIScience") Motion to Remove the Confidential Designation to Plaintiff Luminati Networks Ltd.'s ("Luminati") Infringement Contentions (the "Motion"). (Dkt. No. 65.) The Motion requests that the Court remove the confidential designation to Plaintiff's Infringement Contentions and/or otherwise allow BIScience's outside counsel at Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, ("Finnegan"), access to the Infringement Contentions. (*Id.* at 1.) Having considered the Motion and for the reasons set forth herein, the Court finds that the Motion should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART**.

The Motion is **DENIED** insofar as it requests the removal of Plaintiff's confidentiality designation. However, the Motion is **GRANTED** insofar as it requests that Finnegan be granted access to the Infringement Contentions. The Infringement Contentions may be disclosed to Finnegan as set forth in this Order and provided that Finnegan complies with the Court's Protective Order (Dkt. No. 76) and this Order.

## I.     Background

BIScience and Luminati agreed to and jointly proposed the Protective Order entered by the Court in this case. (*See* Dkt. No. 69.) That order provides, "[a] Party shall designate documents, information or material as 'CONFIDENTIAL' only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets" (Dkt. No. 76 ¶ 6.) "'CONFIDENTIAL' documents, information and material may be disclosed" to "outside counsel of record in this Action or Related Proceedings for the Parties." (*Id.* ¶ 5(a).) "Related Proceedings" is defined as "any proceeding before the United States Patent and Trademark Office ("USPTO") or Patent Trial and Appeal Board ("PTAB") of a patent asserted in this litigation that was requested by Defendant or names Defendant as a petitioner or real-party-in-interest." (*Id.* ¶ 1.)

Finnegan has not appeared as counsel of record in this action. However, BIScience represents that Finnegan is acting as its "post-grant review counsel." (Dkt. No. 65, at 1.)

After Luminati served its Infringement Contentions in this case, Luminati consented to BIScience's counsel sharing the Infringement Contentions with BIScience directly. However, Luminati objected to their disclosure to Finnegan. (*Id.* at 2.) Consequently, BIScience filed this Motion arguing that Luminati's Infringement Contentions were not confidential and could not be protected from disclosure to Finnegan. (*Id.* at 3–4.) Luminati responds citing concerns that Finnegan seems reluctant to be bound by the requirements of the Protective Order and insisting that all Finnegan must do to gain access to the Infringement Contentions is appear in this case. (Dkt. No. 80, at 7.)

## II. Discussion

As an initial matter, the Court disagrees with BIScience that Luminati's Infringement Contentions do not merit confidentiality. The courts of this District have made clear that "infringement contentions may represent a plaintiff's confidential information." *Uniloc USA, Inc. v. Med. Info. Tech., Inc.*, No. 6:16-CV-463-RWS, 2017 WL 3836140, at *2 (E.D. Tex. Jan. 26, 2017); *see also generally ExitExchange Corp. v. Casale Media Inc.*, No. 2:10-CV-297, 2012 WL 996960 (E.D. Tex. Mar. 23, 2012). Luminati has demonstrated that it has a "good faith belief" that its Infringement Contentions contain material it maintains as confidential. (Dkt. No. 76 ¶6; *see also* Dkt. No. 80, at 3–5.) Therefore, the Court **DENIES** BIScience's Motion insofar as it asks the Court to remove Luminati's confidentiality designation.

While the Court finds that Luminati's designation is proper under the Protective Order, the Protective Order itself provides that confidential material may be disclosed to certain persons. (Dkt. No. 76 ¶5.) Luminati argues that "Finnegan need only appear in this litigation to gain access" to confidential materials. (Dkt. No. 80, at 6.) However, the Protective Order is clear that confidential materials may be disclosed to "outside counsel of record in this Action *or* Related Proceedings for the Parties." (Dkt. No. 76 ¶ 5(a).) If Finnegan is in fact BIScience's "post-grant review counsel" then it qualifies as "outside counsel of record in … Related Proceedings" and is entitled to review the Infringement Contentions subject to the Protective Order in this case, even if it does not appear as counsel of record in this case.

This does not mean, however, that Finnegan is not bound by the requirements of the Protective Order. The Court considers all persons entitled to review materials under the Protective Order—in-house counsel, designated representatives, outside consultants or experts, etc.—to be fully bound by the Court's Protective Order and expects their strict compliance therewith. (*See,*

*e.g.*, Dkt. No. 76 ¶ 5(c)–(e).) Therefore, the Court finds that the Motion should be **GRANTED** insofar as it seeks an order that Finnegan be granted access to the Infringement Contentions, under the terms and conditions discussed herein.

### III. Conclusion

For the reasons set forth herein, the Court **DENIES** the Motion insofar as it requests the removal of Luminati's confidentiality designation but **GRANTS** the Motion in so far as it requests that Finnegan be granted access to Luminati's Infringement Contentions.

Accordingly, it is **ORDERED** that BIScience may disclose to Finnegan the Infringement Contentions and any other materials that may be disclosed to individuals listed in paragraph 5(a) of the Protective Order *if and as soon as* Finnegan files a notice with this Court certifying (1) that it is or reasonably expects to be counsel of record for BIScience in a Related Proceeding as defined by the Protective Order[1] and (2) that Finnegan, Finnegan's attorneys, and Finnegan's employees will strictly comply with all of the provisions of the Protective Order in this case and this Order. Finnegan's right to receive such materials will end as soon as it ceases to be or no longer reasonably expects to be counsel of record for BIScience in a Related Proceedings, at which point Finnegan shall promptly return all such materials to BIScience's counsel of record in this action and otherwise comply with the provisions of the Protective Order.

---

[1] "Reasonably expects to be" means that Finnegan intends to file imminently a Related Proceeding on behalf of BIScience or reasonably believes that a Related Proceeding will be filed imminently and intends to appear in such proceeding on behalf of BIScience.

**So ORDERED and SIGNED this 24th day of April, 2019.**

                                        RODNEY GILSTRAP
                                        UNITED STATES DISTRICT JUDGE