**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **LUMINATI NETWORKS LTD.** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 2:18-cv-483-JRG** |
| | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **BISCIENCE INC.** | § | |
| | § | |
| **Defendant,** | § | |
| | § | |
| **and** | § | |
| | § | |
| **HOLA NETWORKS LTD.,** | § | |
| | § | |
| **Additional Defendant on** | § | |
| **Counterclaim.** | § | |

**DEFENDANT BISCIENCE'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant BIScience (2009) Ltd. (also known as BIScience Inc.) (hereinafter referred to as "BIScience") files its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Luminati Networks Ltd.'s ("Luminati" or "Plaintiff") Amended Complaint for Patent Infringement as follows:

**I.**

**ANSWER**

**THE PARTIES**

1.    On information and belief, BIScience admits the allegations in paragraph 1 of the Amended Complaint.

2.    BIScience admits the allegations in paragraph 2 of the Amended Complaint.

1

## JURISDICTION AND VENUE

3.      BIScience admits that Plaintiff's action purports to arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

4.      BIScience admits that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5.      BIScience denies that this Court has personal jurisdiction over BIScience for the reasons articulated in its Motion to Dismiss (Dkt. No. 36) and denies the remainder of the allegations in paragraph 5.

6.      BIScience denies that venue is proper in this Court.

## FACTUAL ALLEGATIONS

7.      BIScience admits that Shribman and Valenski are named as purported inventors in the Asserted Patents.

8.      BIScience denies Plaintiff's characterization of the Asserted Patents as set forth in paragraph 8 of the Amended Complaint, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein, and therefore denies them.

9.      BIScience is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Amended Complaint, and therefore denies them.

10.      On information and belief, Luminati and/or Hola have been providing managed, intermediated proxy services for many years.  However, BIScience is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Amended Complaint, and therefore denies them.

11.      BIScience is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Amended Complaint, and therefore denies them,

other than to allege on information and belief that the activities of Luminati and/or Hola described in par. 11 predated 2014.

12.    BIScience denies that anyone acting on its behalf ever had access to any confidential information or knowhow of Hola or Plaintiff. The allegations of paragraph 12 are further false in that the application for the '044 and '866 patents (as well as earlier applications with the same disclosures) was already published and thus fully public knowledge prior to the dates of the alleged misappropriation. BIScience is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 12 of the Amended Complaint, and therefore denies them.

13.    Denied. Neither Kfir Moyal nor BIScience conducted due diligence on Hola, which, on information and belief, was already completed (and iAngels had already made its investment decision) by the time Mr. Moyal was introduced to Mr. Vilenski in 2015.  The introduction was so that Hola and BIScience could explore a potential business relationship.  Mr. Vilenski only provided high-level information to Mr. Moyal.  There was no non-disclosure agreement or request for one, nor was there any understanding that confidential information was being provided.  At no time during this process did Mr. Moyal have access to any of Luminati's or Hola's confidential information.

14.    Admit that Kfir Moyal and Assaf Toval founded BIScience in 2009.  Since that time—and long before Luminati or Hola—BIScience was in the business and had developed and provided web proxy services through a server-based proxy solution.  This included GeoSurf Direct Connect, which, well before the applications for the '044 and '866 Patents, allowed customers to use an API to select the proxy/geolocation they wanted to exit from, and to use that proxy to fetch content over the Internet.  This was offered to the public through the "Geosurf Toolbar."  Luminati

3

was well aware of BIScience's existing business and technology in this field before any of its discussions with Mr. Moyal. BIScience admits that it introduced its own residential proxy service under the "Geosurf" brand in July 2017, with engineering based on completely unencumbered knowledge. BIScience denies the remaining allegations in paragraph 14 of the Amended Complaint.

15.    BIScience is without knowledge or information sufficient to form a belief as to the allegations in paragraph 15 of the Amended Complaint, and therefore denies them.

16.    BIScience admits that it hired Mesrs. Ghelber, Feldman, and Levy after they had been terminated by Luminati and left by Luminati without employment. BIScience is without knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 16 of the Amended Complaint, and therefore denies them.

17.    BIScience admits that Luminati has made numerous baseless written and oral demands on BIScience in efforts to harass and restrain lawful competition from BIScience as well as other competitors in the space, and is without knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 17 of the Amended Complaint, and therefore denies them.

18.    BIScience admits that Mr. Lechner sent a letter to Mr. Moyal claiming that that Luminati owned intellectual property and requesting licensing discussions, and asserts that the ensuing discussions are protected under Rule 408 of the Federal Rules of Evidence ("Rule 408"). BIScience denies the remainder of the allegations in paragraph 18.

19.    BIScience admits that on or about April 16, 2018, May 13, 2018, May 31, 2018, and June 18, 2018 there were communications between representatives of BIScience, which are

protected under Rule 408, and Luminati. BIScience denies the remainder of the allegations in paragraph 19.

20.    BIScience denies the allegations in paragraph 20 of the Amended Complaint.

21.    BIScience denies the allegations in paragraph 21 of the Amended Complaint.

22.    BIScience denies the allegations in paragraph 22 of the Amended Complaint.

23.    BIScience denies the allegations in paragraph 23 of the Amended Complaint.

24.    BIScience denies the allegations in paragraph 24 of the Amended Complaint.

25.    BIScience denies the allegations in paragraph 25 of the Amended Complaint.

26.    BIScience denies the allegations in paragraph 26 of the Amended Complaint.

27.    BIScience denies the allegations in paragraph 27 of the Amended Complaint.

28.    BIScience denies the allegations in paragraph 28 of the Amended Complaint.

**COUNT I**
**(Infringement of the '044 Patent)**

29.    BIScience repeats and incorporates by reference its answers to paragraphs 1-28 as if fully set forth herein.

30.    BIScience admits that the '044 Patent issued in the form attached to the Amended Complaint as Exhibit A. Except as expressly admitted, BIScience denies any remaining allegations in paragraph 30 of the Amended Complaint.

31.    BIScience admits that the '044 Patent is entitled to a rebuttable presumption of validity, and denies the remaining allegations in paragraph 31 of the Amended Complaint.

32.    BIScience is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Amended Complaint, and therefore denies them.

33.    BIScience admits that claim 81 of the '044 Patent is recited in paragraph 33 of

the Amended Complaint.

34.    BIScience denies the allegations in paragraph 34 of the Amended Complaint.

35.    BIScience denies the allegations in paragraph 35 of the Amended Complaint.

36.    BIScience denies the allegations in paragraph 36 of the Amended Complaint.

37.    BIScience denies the allegations in paragraph 37 of the Amended Complaint.

38.    BIScience admits it has had notice of the '044 Patent since January 8, 2018. BIScience denies the remaining allegations in paragraph 38 of the Amended Complaint.

39.    BIScience denies the allegations in paragraph 39 of the Amended Complaint.

40.    BIScience denies the allegations in paragraph 40 of the Amended Complaint.

41.    BIScience denies the allegations in paragraph 41 of the Amended Complaint.

42.    BIScience denies the allegations in paragraph 42 of the Amended Complaint.

43.    BIScience denies the allegations in paragraph 43 of the Amended Complaint.

**COUNT II**
**(Infringement of the '866 Patent)**

44.    BIScience repeats and incorporates by reference its answers to paragraphs 1-43 as if fully set forth herein.

45.    BIScience admits that the '866 Patent issued in the form attached to the Amended Complaint as Exhibit B.  Except as expressly admitted, BIScience denies any remaining allegations in paragraph 45 of the Amended Complaint.

46.    BIScience admits that the '866 Patent is entitled to a rebuttable presumption of validity, and denies the remaining allegations in paragraph 46 of the Amended Complaint.

47.    BIScience is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Amended Complaint, and therefore denies any

such allegations.

48.     BIScience admits that claim 15 of the '866 Patent is recited in paragraph 48.

49.     BIScience denies the allegations in paragraph 49 of the Amended Complaint.

50.     BIScience denies the allegations in paragraph 50 of the Amended Complaint.

51.     BIScience denies the allegations in paragraph 51 of the Amended Complaint.

52.     BIScience admits it has had notice of the '866 Patent since January 8, 2018.
BIScience denies the remaining allegations in paragraph 52 of the Amended Complaint.

53.     BIScience denies the allegations in paragraph 53 of the Amended Complaint.

54.     BIScience denies the allegations in paragraph 54 of the Amended Complaint.

55.     BIScience denies the allegations in paragraph 55 of the Amended Complaint.

56.     BIScience denies the allegations in paragraph 56 of the Amended Complaint.

57.     BIScience denies the allegations in paragraph 57 of the Amended Complaint.

## COUNT III
### (Tortious Interference with Luminati's Employment Agreements)

58.     Pursuant to the Court's Order granting BIScience's Motion to Dismiss this claim (Dkt. No. 82), no response is required.

59.     Pursuant to the Court's Order granting BIScience's Motion to Dismiss this claim (Dkt. No. 82), no response is required.

60.     Pursuant to the Court's Order granting BIScience's Motion to Dismiss this claim (Dkt. No. 82), no response is required.

61.     Pursuant to the Court's Order granting BIScience's Motion to Dismiss this claim (Dkt. No. 82), no response is required.

## COUNT IV
### (Misappropriation of Trade Secret Under Federal Defense of Trade Secret Act)

62.    BIScience repeats and incorporates by reference its answers to paragraphs 1-61 as if fully set forth herein.

63.    BIScience denies the allegations in paragraph 63 of the Amended Complaint and asserts that Plaintiff and its predecessor have failed to take appropriate measures to safeguard any alleged confidential or trade secret information.

64.    BIScience denies the allegations in paragraph 64 of the Amended Complaint.

65.    BIScience denies the allegations in paragraph 65 of the Amended Complaint.

66.    BIScience denies the allegations in paragraph 66 of the Amended Complaint.

67.    BIScience denies the allegations in paragraph 67 of the Amended Complaint.

68.    BIScience denies the allegations in paragraph 68 of the Amended Complaint.

**COUNT V**
**(False Advertising Under 15 U.S.C. § 1125(a) *et sec*.)**

69.    BIScience repeats and incorporates by reference its answers to paragraphs 1-68 as if fully set forth herein.

70.    BIScience denies the allegations in paragraph 70 of the Amended Complaint.

71.    BIScience denies the allegations in paragraph 71 of the Amended Complaint.

72.    BIScience denies the allegations in paragraph 72 of the Amended Complaint.

73.    BIScience denies the allegations in paragraph 73 of the Amended Complaint.

74.    BIScience denies the allegations in paragraph 74 of the Amended Complaint.

**COUNT VI**
**(Tortious Interference with Luminati's Current and Prospective Business Relationships)**

75.    BIScience repeats and incorporates by reference its answers to paragraphs 1-74 as if fully set forth herein.

76.     BIScience is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Amended Complaint, and therefore denies them.

77.     BIScience denies the allegations in paragraph 77 of the Amended Complaint.

78.     BIScience denies the allegations in paragraph 78 of the Amended Complaint.

## PRAYER FOR RELIEF

BIScience denies that Plaintiff is entitled to any relief against BIScience.

## II.

## AFFIRMATIVE DEFENSES

BIScience alleges and asserts the following defenses, affirmative defense or otherwise, without assuming any burden of proof that it would not otherwise have.  In addition to the affirmative defenses set out below, and subject to its responses above, BIScience specifically reserves all rights to assert additional defenses, affirmative or otherwise, that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

79.     The Amended Complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### Non-Infringement

80.     BIScience has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '044 Patent or the '866 Patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner.

## THIRD AFFIRMATIVE DEFENSE
### Invalidity

81.     Each and every claim of the '044 patent and the '866 Patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FOURTH AFFIRMATIVE DEFENSE
### Statute of Limitations

82.     Plaintiff's claims are barred, in whole or in part, by applicable Statutes of Limitations.

## FIFTH AFFIRMATIVE DEFENSE
### Prosecution History Estoppel

83.     Plaintiff is barred from relief, in whole or in part, under the doctrine of prosecution history estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### Public Disclosure

84.     Plaintiff destroyed any trade secrets it might otherwise have had by reason of plaintiff's own publications and unrestricted disclosures prior to any alleged misappropriation by BIScience.

## SEVENTH AFFIRMATIVE DEFENSE
### Failure to Identify Alleged Trade Secrets

85.     Plaintiff has failed to adequately identify the trade secrets it claims that BIScience has misappropriated and consequently is not entitled to maintain an action for their misappropriation.

## EIGHTH AFFIRMATIVE DEFENSE
### Estoppel by Conduct

86.     Plaintiff is estopped by its own conduct from asserting any claims with respect to the employment by BIScience of Plaintiff's former employees, who Plaintiff terminated.

## NINTH AFFIRMATIVE DEFENSE
### Preemption

87.     Plaintiff's non-federal claims are preempted by U.S. patent law.

## ELEVENTH AFFIRMATIVE DEFENSE
### Prior User Rights

88.     By reason of its activities since 2009 as herein set forth, BIScience is entitled to a defense against both the '044 and '866 Patents on the basis of prior user rights under 35 U.S.C. §273.

## TWELFTH AFFIRMATIVE DEFENSE
### Patent Misuse

89.     Luminati's patents are unenforceable due to patent misuse, in that Luminati has asserted against BIScience and others patents that Luminati knows or should know to be invalid, claiming infringements that Luminati knows or with reasonable diligence should have known do not exist.

## III.

## COUNTERCLAIMS

90.     For its counterclaims against Luminati Networks Ltd. ("Luminati" or "Plaintiff"), Counterclaimant BIScience does not directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, infringe United States Patent Nos. 9,241,044 ("the '044 Patent"), 9,742,866 ("the '866 Patent") and/or such patents are invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112. Further, Luminati has engaged in false advertising against BIScience, under 15 U.S.C. § 1125(a), and these false statements are the direct cause of BIScience's injuries to its commercial interests in its reputation and sales.

## PARTIES

91.    Counterclaimant BIScience is a corporation organized and existing under the laws of Israeli, having a principal place of business at 6 Hanechoshet ST., Tel Aviv, 6971070, Israel.

92.    On information and belief, and as stated by Plaintiff in its Amended Complaint, Plaintiff Luminati Networks Ltd. ("Luminati") is an Israeli company having a principal place of business at 3 Hamahshev St., Netanya 42507, Israel.

93.    Counterclaim Defendant Hola Networks Ltd. ("Hola") is an Israeli company co-located with and under common ownership and control with Luminati.

## NATURE OF THE ACTION

94.    The counterclaims herein arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under 21 U.S.C. § 355, based upon an actual controversy between the parties. BIScience seeks entry of a declaratory judgment order that the '044 Patent and the '866 Patent are not infringed by BIScience, and/or an order that the '044 Patent and the '866 Patent are invalid.

## JURISDICTION AND VENUE

95.    This Court has subject matter jurisdiction over the asserted counterclaims under 28 U.S.C. §§ 1331, 1337(a) and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. § 1 *et seq*.

96.    This Court has jurisdiction over Plaintiff, at least, because Plaintiff has brought suit against BIScience in this Court

97.    Venue is proper under 28 U.S.C. § 1391, and as a result of Plaintiff's choice of forum.

98.    The counterclaims encompass an action based on an actual controversy between

12

Counterclaimant BIScience, and Plaintiff Luminati concerning the non-infringement and/or invalidity of the '044 Patent and the '866 Patent.

## BACKGROUND

99.    On information and belief, and based on statements made by Plaintiff in its Complaint, Plaintiff Luminati is the current assignee of the '044 patent. The '044 patent is entitled "System and Method for Improving Internet Communication by Using Intermediate Nodes." The '866 patent is entitled "System and Method for Improving Internet Communication by Using Intermediate Nodes."

100.    Plaintiff filed a Complaint for Patent Infringement against BIScience in this Court on November 8, 2018, alleging infringement of the '044 patent and the '866 patent.

101.    BIScience denies that it has infringed, currently infringes or will infringe, directly or indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, any valid and enforceable claim of the '044 patent or the '866 patent. BIScience further asserts that the claims of the '044 patent and the '866 patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FIRST COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '044 Patent by BIScience

102.    BIScience repeats and realleges paragraphs 79-101 as if fully set forth herein.

103.    This counterclaim is proper and arises under 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

104.    An actual controversy exists between BIScience and Plaintiff, warranting the issuance of a declaration of rights by this Court concerning the '044 patent.

105.    Plaintiff has asserted in its Complaint that BIScience's Geosurf product infringes or will infringe directly or indirectly at least claim 81 of the '044 patent.

106.    BIScience asserts that it has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '044 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner

107.    BIScience is entitled to a declaration that the manufacture, use, sale, offer for sale, importation, exportation, and/or marketing of BIScience's Geosurf product does not and will not infringe any valid claim of the '044 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner.

108.    This case is exceptional due to Plaintiff's conduct in this case and BIScience is entitled to an award of attorney's fees under 35 U.S.C. § 285.

## SECOND COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '044 patent

109.    BIScience repeats and realleges paragraphs 79-108 as if fully set forth herein.

110.    This counterclaim is proper and arises under 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

111.    An actual controversy exists between BIScience and Plaintiff, warranting the issuance of a declaration of rights by this Court concerning the '044 patent.

112.    BIScience asserts that each and every claim of the '044 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

113.    BIScience is entitled to a declaration that the claims of the '044 patent are invalid under one or more provisions of Title 35 of the United States Code, including, but not limited to,

35 U.S.C. §§ 101, 102, 103 and/or 112.

114.    This case is exceptional, because, *inter alia*, Plaintiff's claims of infringement of the '044 patent are meritless, and BIScience is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## THIRD COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '866 Patent by BIScience

115.    BIScience repeats and realleges paragraphs 79-114 as if fully set forth herein.

116.    This counterclaim is proper and arises under 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

117.    Based on Plaintiff's assertions against BIScience in its Complaint concerning the '866 patent, a justiciable, actual, substantial and continuing case and controversy with immediacy exists between BIScience and Luminati, warranting the issuance of a declaration of rights by this Court concerning the '866 patent.

118.    Plaintiff has asserted in its Complaint that BIScience's Geosurf product infringes or will infringe directly or indirectly at least claim 15 of the '866 patent.

119.    BIScience asserts that it has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '866 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner.  BIScience is entitled to a declaration that the manufacture, use, sale, offer for sale, importation, exportation, and/or marketing of BIScience's Geosurf Product does not and will not infringe any valid claim of the '866 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner.

120.    This case is exceptional, because, *inter alia*, Plaintiff's claims of infringement of

15

the '866 patent are meritless, and BIScience is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## FOURTH COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '866 patent

121.     BIScience repeats and realleges paragraphs 79-120 as if fully set forth herein.

122.     This counterclaim is proper and arises under 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

123.     Based on Plaintiff's assertions against BIScience in its Complaint concerning the '866 patent, a justiciable, actual, substantial and continuing case and controversy with immediacy exists between BIScience and Plaintiff, warranting the issuance of a declaration of rights by this Court concerning the '866 patent.

124.     BIScience asserts that each and every claim of the '866 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112. As one non-limiting example, each claim of the '866 patent is invalid under 35 U.S.C. § 101 as drawn to non-statutory subject matter. Specifically, the claims are drawn to abstract ideas and lacking patentable utility.

125.     BIScience is entitled to a declaration that the claims of the '866 patent are invalid under one or more provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

126.     This case is exceptional, because, *inter alia*, Plaintiff's claims of infringement of the '866 patent are meritless, and BIScience is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## FIFTH COUNTERCLAIM

## False Advertising

127.     BIScience repeats and realleges paragraphs 79-126 as if fully set forth herein.

128.     This counterclaim is proper and arises under the Lanham Act, 15 U.S.C. § 1125(a).

129.     Based on Plaintiff's assertions against BIScience in its Complaint concerning the '044 patent and the '866 patent, a justiciable, actual, substantial and continuing case and controversy with immediacy exists between BIScience and Plaintiff, warranting an affirmative judgment and an award of damages by this Court.

130.     BIScience asserts that Plaintiff has engaged in false advertising against BIScience, under 15 U.S.C. § 1125(a) by making false advertisements to BIScience's customers and the public.  As one, non-limiting, example upon information and belief on or about March 12, 2018, Luminati communicated with members of the media in Israel and caused an article to appear in the Israeli publication "TheMarker," which contained numerous falsehoods and damaging statements about BIScience and its representatives.  *See* Exhibit A.

131.     Based on the above facts and conduct, BIScience is informed and believes, and thus avers, that Plaintiff has made and continues to make allegations of patent infringement in bad faith because Plaintiff knows, or should know, after a reasonable inquiry and due diligence that these allegations are unfounded, not supported, and wholly improper.

132.     Plaintiff's false advertising and material misrepresentations have deceived, or are likely to deceive, a substantial segment of BIScience's customers who have purchased or would otherwise purchase the Geosurf products, and diverted sales to Luminati.

133.     Plaintiff's actions have caused BIScience injury to a commercial interest in both its business reputation and its sales.

17

134.    BIScience is entitled to a judgment that Plaintiff has engaged in false advertising against BIScience, which is the direct cause of BIScience's injuries to its commercial interests in its reputation and sales under 15 U.S.C. § 1125(a), and damages pursuant to 15 U.S.C. § 1117.

135.    This case is exceptional, because, *inter alia*, Plaintiff's advertisement of its false claims of infringement of the '044 patent and the '866 patent are meritless and made in bad faith, and BIScience is entitled to an award of attorneys' fees under 15 U.S.C. §1117(a).

### SIXTH COUNTERCLAIM

### Monopolization/Attempt to Monopolize

136.    BIScience repeats and realleges paragraphs 79-135 as if fully set forth herein.

137.    At the times relevant hereto a market has existed in the U.S. and internationally for the service of providing residential proxies (the service of commercially providing a communications facility that operates through a plurality of intermediary devices having IP addresses dynamically assigned to those devices by Internet Service Providers (ISPs) ("Relevant Market").

138.    Luminati, as well as BIScience, UAB Tesonet LT (a Lithuanian company) ("Teso"), IP Ninja Ltd. (another Israeli company) ("IP Ninja"), and others, compete in the Relevant Market.

139.    The commercial activities of said competitors in the Relevant Market are carried out as part of trade or commerce among the several States, or with foreign nations.

140.    On information and belief, Luminati currently possesses a dominant position in the Relevant Market.  Luminati describes itself on its web site as "World's Largest Proxy Service."

141.    Luminati has achieved its dominant position not through superior products, innovation, or business acumen, but as a result of having monopolized, or attempted to monopolize

18

the Relevant Market in interstate and/or foreign commerce in violation of 15 U.S.C. § 2.  It has done so, in combination with Hola, by engaging in predatory and anticompetitive conduct with specific intent to monopolize.  It has thereby achieved monopoly power in the Relevant Market or at a minimum reached a dangerous probability of achieving such monopoly power. Its predatory and anticompetitive acts so aimed includes without limitation the conduct alleged below.

142.    Luminati has built its market share by engaging in a pattern of deceptive and unlawful activities, including using its Hola affiliate to offer "free" VPN (Virtual Private Network) services to consumers, and, without proper disclosure, fraudulently using the consumers' devices as exit nodes for Luminati's "residential proxies," for which the consumers pay for the bandwidth but Luminati charges hundreds of dollars per month, per user. Luminati resells these services indiscriminately to persons widely known to be using the service to conduct massive frauds and cybercrime, including click fraud, illegal computer intrusion, illegal acquisition of personal information, distributed denial of service attacks, botnets, and other unlawful activities. Luminati uses the proceeds of this illicit business to fund its rapid growth. Its activities are notorious, and its services have been banned by Google and documented by reputable market observers, including Trend Micro.

143.    In an effort to fence off its lucrative market and deter lawful competitors, Luminati has sought and obtained U.S. and foreign patents for subject matter it knows is unpatentable over its own prior published patent applications and voluminous third-party prior art with which it is fully familiar, and asserted those patents in demands, publicity, and lawsuits in a manner intended to intimidate competitors and eliminate lawful competition in the Relevant Market.

144.    One of Luminati's published patents, U.S. Pat. Pub. US 2011/0087733 A1, was for an "Internet Accelerator" that was a business failure, but also included unclaimed disclosure of

everything Luminati would later seek to claim in further patent applications filed much later, including the applications for the '044 and '866 patents.

145.    Luminati pursued the later patent applications, initially purporting to distinguish them from the prior '733 publication, but later pivoting back to broadly claim managed intermediated proxies – technology that had existed for years, to which Luminati knew full well it was not entitled to a patent.

146.    Luminati has sought to use its patents to exclude lawful competition anywhere in the Relevant Market, beyond the scope of any legal protection to which Luminati is legally entitled, and thereby to secure for itself a monopoly in the Relevant Market.

147.    Luminati has pursued sham and objectively baseless patent litigation based on said invalid patents against BIScience, Teso, and IP Ninja, knowing or having good reason to know the patents to be invalid, for the purpose of eliminating lawful competition in the Relevant Market.

148.    Luminati has also asserted sham and baseless claims of misappropriation against BIScience, failing to identify what it claims is its trade secrets and knowing that it never provided confidential information to BIScience and had already published without restriction the details of its residential proxy service, prior to any dealings with BIScience.

149.    Luminati failed to make a proper pre-suit investigation prior to such litigation, to determine whether the companies it targeted actually practiced all limitations of its asserted patent claims.  Such failure reflects that its actions were filed for an improper purpose.  Its litigation seeks not only to deter competition within the claims of its invalid patents, but broadly beyond any reasonable interpretation of the patent claims (even assuming they were valid), disregarding such limitations as there are in its issued claims to improperly attempt to exclude others from practicing *any* form of managed intermediated proxy deployment.

150.    Luminati has also attempted to license its patents to BIScience on terms including contractual restrictions that seek to exclude competition beyond the scope of any reasonable construction of Luminati's patent claims.

151.    Luminati has engaged in false advertising against competitors, naming them in false allegations. These competitors include without limitation at least BIScience, and Teso, both of which have counterclaimed to this effect against Luminati. As with Luminati's sham patent acquisition and assertion, its campaign of false advertising has been pursued the purpose of eliminating lawful competition in the Relevant Market.

152.    Luminati has aggressively publicized its sham legal actions in the financial press with false, misleading, and baseless inflammatory statements in order to damage its competitors including BI Science, for example, the Israeli publications TheMarker and Technation. Luminati has put false and defamatory allegations in its pleadings, where it has limited privilege, but abused this privilege by publishing the same statements extrajudicially, again in an effort to sully and suppress its lawful competitors.

153.    BIScience has suffered substantial damage as a result of Luminati's and Hola's monopolization and attempted monopolization.  Such damage includes without limitation damages directly incurred as a result of defending against baseless litigation, lost profits resulting from having to compete lawfully against Luminati's and Hola's unlawful methods of building their network as herein alleged; and damage to its goodwill and commercial reputation as a result of Luminati's other predatory practices including unfair advertising, publicizing its baseless patent claims to wrongfully portray BIScience as an infringer, and commercial disparagement.

154.    BIScience has suffered additional harm as a result of Luminati's and Hola's unlawful conduct that cannot be fully compensated by monetary damages and BIScience is

accordingly entitled to temporary, preliminary, and permanent injunctive relief.

155.    BIScience is entitled to treble damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 15(a).

## DEMAND FOR JUDGMENT

WHEREFORE, BIScience prays for the following relief:

A.    Dismissal of all claims against BIScience with prejudice and denying all relief requested by Plaintiff;

B.    A declaration that BIScience has not infringed and will not infringe, directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner, any valid and enforceable claim of the '044 patent or the '866 patent;

C.    A declaration that BIScience has a lawful right to manufacture, use, import, market, sell and/or offer to sell BIScience's Geosurf products;

D.    A declaration that all claims of the '044 patent and the '866 patent are invalid and/or unenforceable;

E.    A judgment that Plaintiff has engaged in false advertising against BIScience, which has caused BIScience's injuries to its commercial interests in its reputation and sales, and order requiring Plaintiff to pay monetary relief to BIScience, including (i) profits received by Plaintiff and/or damages sustained by BIScience as a result of Plaintiff's false advertising and (ii) damages in the form of money to be spent on corrective advertising, to dispel any actual confusion that may have already occurred among relevant consumers and in the marketplace by virtue of Plaintiff's false advertising;

F.    That Plaintiff be found to have acted willfully in its false advertising, and that monetary relief for Plaintiff's false advertising be increased due to the willful nature of Plaintiff's

false advertising pursuant to 15 U.S.C. § 1117;

G.      That Plaintiff and Hola be found to have monopolized and attempted to monopolize in violation of 15 U.S.C. § 2.

H.      An injunction enjoining Plaintiff, its officers, employees, agents, representatives, attorneys and others acting on its or their behalf, from committing further acts of false advertising described herein and;

I.      An injunction enjoining Plaintiff, Hola, and their officers, employees, agents, representatives, attorneys and others acting on behalf of them (or either of them), from committing further acts of monopolization or attempts to monopolize as described herein; and

J.      A declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, 15 U.S.C. § 1117 and/or other applicable laws, and that BIScience is entitled to recover its reasonable attorney's fees and costs upon prevailing in this action; and

K.      Ana award in favor of BIScience against Luminati and Hola, jointly and severally, for monetary damages incurred by BIScience by reason of Luminati and Hola's monopolization and attempted monopolization.

L.      An award against Luminati and Hola, jointly and severally, of treble damages, costs, and BIScience's reasonable attorneys' fees herein with respect to BIScience's claims for monopolization and attempt to monopolize; and

M.      An award to BIScience of such further relief as this Court may deem necessary, just and proper.

Dated:  May 28, 2019                              Respectfully submitted,

                                      By:   */s/ Eric H. Findlay*
                                           Eric H. Findlay (TX Bar No. 00789886)
                                           Brian Craft (TX Bar No. 04972020)
                                           Debby Gunter (TX Bar No. 24012752)

FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com
Email: dgunter@findlaycraft.com

**_ATTORNEYS FOR DEFENDANT_**
**_BISCIENCE_**

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will serve all counsel via electronic mail.

_/s/  Eric H. Findlay_
Eric H. Findlay