# EXHIBIT A

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8 Director of the U.S. Patent and Trademark Office P.O. Box 1450 Alexandria, VA 22313-1450 | REPORT ON THE FILING OR DETERMINATION OF AN ACTION REGARDING A PATENT OR TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _____Eastern District of Texas, Marshall Division_____ on the following

☐ Trademarks or  ☑ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. 2:18-cv-299 | DATE FILED 7/19/2018 | U.S. DISTRICT COURT Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF Luminati Networks Ltd. | | DEFENDANT UAB Tesonet |

| | PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 9,241,044 B2 | 1/19/2016 | Luminati Networks Ltd. |
| 2 | 9,742,866 B2 | 8/22/2017 | Luminati Networks Ltd. |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading | | |
| | PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy**

 U͟NITED S͟TATES P͟ATENT AND T͟RADEMARK O͟FFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 14/468,836 | 08/26/2014 | Derry Shribman | HOLA-003-US |

**CONFIRMATION NO. 1003**

131926
May Patents Ltd. c/o Dorit Shem-Tov
P.O.B 7230
Ramat-Gan, 5217102
ISRAEL

**POA ACCEPTANCE LETTER**

 *OC000000096791990*

Date Mailed: 01/19/2018

## NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 01/10/2018.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

Questions about the contents of this notice and the
requirements it sets forth should be directed to the Office
of Data Management, Application Assistance Unit, at
**(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/ldvan/

_____

page 1 of 1

PTO/AIA/14 (12-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | ~~10469-0400~~ HOLA-003-US |
|---|---|---|
| | Application Number | 14/468,836 |

| Title of Invention | System and Method for Improving Internet Communication by Using Intermediate Nodes |
|---|---|

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76. This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2 (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Inventor Information:

**Inventor 1**    [Remove]
**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Derry | | Shribman | |

**Residence Information (Select One)** ○ US Residency  ◉ Non US Residency  ○ Active US Military Service

| City | Netanya | Country of Residence | IL |
|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 3 Hamachshev St. | | |
|---|---|---|---|
| Address 2 | PO BOX 8025 | | |
| City | Netanya | State/Province | |
| Postal Code | 4250713 | Country | IL |

**Inventor 2**    [Remove]
**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Ofer | | Vilenski | |

**Residence Information (Select One)** ○ US Residency  ◉ Non US Residency  ○ Active US Military Service

| City | Netanya | Country of Residence | IL |
|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 3 Hamachshev St. | | |
|---|---|---|---|
| Address 2 | PO BOX 8025 | | |
| City | Netanya | State/Province | |
| Postal Code | 4250713 | Country | IL |

All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button.    [Add]

## Correspondence Information:

PTO/AIA/14 (12-13)
Approved for use through 01/31/2014.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | ~~10450-6100~~ HOLA-003-US |
|---|---|---|
| | Application Number | 14/468,836 |

| Title of Invention | System and Method for Improving Internet Communication by Using Intermediate Nodes |
|---|---|

**Enter either Customer Number or complete the Correspondence Information section below.**
**For further information see 37 CFR 1.33(a).**

☐  An Address is being provided for the correspondence Information of this application.

| Customer Number | ~~57449~~  131926 | | |
|---|---|---|---|
| Email Address | ipadmin@sheehan.com | Add Email | Remove Email |

## Application Information:

| Title of the Invention | System and Method for Improving Internet Communication by Using Intermediate Nodes | | |
|---|---|---|---|
| Attorney Docket Number | ~~10450-3100~~ HOLA-003-US | Small Entity Status Claimed | ☒ |
| Application Type | Nonprovisional | | |
| Subject Matter | Utility | | |
| Total Number of Drawing Sheets (if any) | 134 | Suggested Figure for Publication (if any) | |

## Filing By Reference :

Only complete this section when filing an application by reference under 35 U.S.C. 111(c) and 37 CFR 1.57(a). Do not complete this section if application papers including a specification and any drawings are being filed. Any domestic benefit or foreign priority information must be provided in the appropriate section(s) below (i.e., "Domestic Benefit/National Stage Information" and "Foreign Priority Information").

For the purposes of a filing date under 37 CFR 1.53(b), the description and any drawings of the present application are replaced by this reference to the previously filed application, subject to conditions and requirements of 37 CFR 1.57(a).

| Application number of the previously filed application | Filing date (YYYY-MM-DD) | Intellectual Property Authority or Country |
|---|---|---|
| | | |

## Publication Information:

☐  Request Early Publication (Fee required at time of Request 37 CFR 1.219)

☐  **Request Not to Publish.** I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify  that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a  multilateral international agreement, that requires publication at eighteen months after filing.

## Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32). Either enter Customer Number or complete the Representative Name section below. If both sections are completed the customer Number will be used for the Representative information during processing.

| Please Select One: | ◉  Customer Number | ○  US Patent Practitioner | ○  Limited Recognition (37 CFR 11.9) |
|---|---|---|---|
| Customer Number | ~~57449~~  131926 | | |

EFS Web 2.2.11

PTO/AIA/14 (12-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | ~~18463-0160~~ HOLA-003-US |
|---|---|---|
| | Application Number | 14/468,836 |

| Title of Invention | System and Method for Improving Internet Communication by Using Intermediate Nodes |
|---|---|

## Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, or 365(c) or indicate National Stage entry from a PCT application. Providing this information in the application data sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.
When referring to the current application, please leave the application number blank.

| Prior Application Status | Pending | | Remove |
|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) |
| | Claims benefit of provisional | 61870815 | 2013-08-28 |

Additional Domestic Benefit/National Stage Data may be generated within this form
by selecting the **Add** button.

## Foreign Priority Information:

This section allows for the applicant to claim priority to a foreign application. Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55(d). When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX)[i] the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(h)(1) and (2). Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| | | | Remove |
|---|---|---|---|
| Application Number | Country[i] | Filing Date (YYYY-MM-DD) | Access Code[i] (if applicable) |
| | | | |

Additional Foreign Priority Data may be generated within this form by selecting the
**Add** button.

## Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

☐ This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.
NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA.

PTO/AIA/14 (12-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | ~~10456-6100~~ HOLA-003-US |
| | Application Number | 14/468,836 |

| Title of Invention | System and Method for Improving Internet Communication by Using Intermediate Nodes |

## Authorization to Permit Access:

☐ Authorization to Permit Access to the Instant Application by the Participating Offices

If checked, the undersigned hereby grants the USPTO authority to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the World Intellectual Property Office (WIPO), and any other intellectual property offices in which a foreign application claiming priority to the instant patent application is filed access to the instant patent application. See 37 CFR 1.14(c) and (h). This box should not be checked if the applicant does not wish the EPO, JPO, KIPO, WIPO, or other intellectual property office in which a foreign application claiming priority to the instant patent application is filed to have access to the instant patent application.

In accordance with 37 CFR 1.14(h)(3), access will be provided to a copy of the instant patent application with respect to: 1) the instant patent application-as-filed, 2) any foreign application to which the instant patent application claims priority under 35 U.S.C. 119(a)-(d) if a copy of the foreign application that satisfies the certified copy requirement of 37 CFR 1.55 has been filed in the instant patent application; and 3) any U.S. application-as-filed from which benefit is sought in the instant patent application.

In accordance with 37 CFR 1.14(c), access may be provided to information concerning the date o f filing this Authorization.

## Applicant Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

### Applicant 1

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.

Clear

| ⦿ Assignee | ◯ Legal Representative under 35 U.S.C. 117 | ◯ Joint Inventor |
| ◯ Person to whom the inventor is obligated to assign. | ◯ Person who shows sufficient proprietary interest | |

If applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

| Name of the Deceased or Legally Incapacitated Inventor : | |
| If the Applicant is an Organization check here. | ☒ |
| Organization Name | ~~Hola Networks Ltd.~~  LUMINATI NETWORKS LTD. |

PTO/AIA/14 (12-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | ~~10458-0108~~ HOLA-003-US |
| | Application Number | 14/468,836 |

| Title of Invention | System and Method for Improving Internet Communication by Using Intermediate Nodes |
| --- | --- |

## Mailing Address Information For Applicant:

| Address 1 | 3 Hamachshev St. | | |
| --- | --- | --- | --- |
| Address 2 | PO BOX 6025 | | |
| City | Netanya | State/Province | |
| Country | IL | Postal Code | 4250713 |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Applicant Data may be generated within this form by selecting the Add button.

## Assignee Information including Non-Applicant Assignee Information:

Providing assignment information in this section does not subsitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

### Assignee   1

Complete this section if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication . An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

| If the Assignee or Non-Applicant Assignee is an Organization check here. | | | | ☐ |
| --- | --- | --- | --- | --- |
| Prefix | Given Name | Middle Name | Family Name | Suffix |
| | | | | |

### Mailing Address Information For Assignee including Non-Applicant Assignee:

| Address 1 | | | |
| --- | --- | --- | --- |
| Address 2 | | | |
| City | | State/Province | |
| Country i | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Assignee or Non-Applicant Assignee Data may be generated within this form by selecting the Add button.

PTO/AIA/14 (07-14)
Approved for use through 04/30/2017.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | HOLA-003-US |
| | Application Number | 14/468,836 |

| Title of Invention | System and Method for Improving Internet Communication by Using Intermediate Nodes |

## Signature:

| NOTE:  This form must be signed in accordance with 37 CFR 1.33.  See 37 CFR 1.4 for signature requirements and certifications. | | | | | |
|---|---|---|---|---|---|
| **Signature** | /Yehuda Binder/ | | | Date  (YYYY-MM-DD) | 2018-01-10 |
| First Name | Yehuda | Last Name | BINDER | Registration Number | 73612 |
| Additional Signature may be generated within this form by selecting the Add button. | | | | | |

This collection of information is required by 37 CFR 1.76.  The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application.  Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14.  This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO.  Time will vary depending upon the individual case.  Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.   The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2.   A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.   A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.   A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.   A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent C o o p eration Treaty.

6.   A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.   A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.   A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.   A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

UNITED STATES PATENT AND TRADEMARK OFFICE

# CERTIFICATE OF CORRECTION

PATENT NO.            : 9,241,044 B2                                          Page 1 of 1
APPLICATION NO.       : 14/468836
DATED                 : January 19, 2016
INVENTOR(S)           : Shribman et al.

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

Claims

In Column 170, Line 5, Claim 16, instead of "selecting 7, 8, 9 or 9 devices"; should be -- selecting 7, 8 or 9 devices --;

In Column 172, Line 41, Claim 66, instead of "4.4 (KitKat))"; should be -- 4.4 (KitKat) --.

Signed and Sealed this
Seventh Day of June, 2016

Michelle K. Lee
*Director of the United States Patent and Trademark Office*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

ATTY.'S DOCKET:  HOLA-003-US

| | | |
|---|---|---|
| In re Application of: | ) | Confirmation No.  1003 |
| | ) | |
| US Patent No. 9,241,044 | ) | Art Unit:  2453 |
| | ) | |
| Appln. No.: 14/468,836 | ) | Examiner: SCOTT, RANDY A |
| | ) | |
| Filed:  August 26, 2014 | ) | Washington, D.C. |
| | ) | |
| For: System and Method for | ) | April 8, 2016 |
| Improving Internet | ) | |
| Communication by Using | | |
| Intermediate Nodes | | |

### *37 CFR 1.323*  REQUEST FOR CERTIFICATE OF CORRECTION *OF APPLICANT'S MISTAKE*:

Honorable Commissioner for Patents
U.S. Patent and Trademark Office
Randolph Building, Mail Stop Amendments
401 Dulany Street
Alexandria, VA  22314

Sir:

The following is a request for a certificate of correction in US Application No. 14/468,836, now US Patent No. 9,241,044.

A certificate of correction under 35 USC 255 is respectfully requested in the above identified patent in accordance with the first statutory requirement concerns the nature, i.e. a typographical nature, of the mistake for which a correction is sought.

A support for the first correction can be found in the US Patent specification Column 58, Line 1.

The exact location where the errors appear in the patent are as follows:

In Column 170, Line 5, Claim 16, instead of "selecting 7, 8, 9 or 9 devices"; should be -- selecting 7, 8 or 9 devices –

In Column 172, Line 41, Claim 66, instead of "4.4 (KitKat))"; should be -- 4.4 (KitKat) --

Electronic Payment in the amount of US\$ 100 is being made
by deposit account no. 506726 to cover the fee for providing a
correction of applicant's mistake, as set forth in 37 CFR
1.20(a).

The requested correction is attached on Form PTO
1050.

Respectfully submitted,

By  / Yehuda Binder /
     Yehuda Binder
     Registration No. 73,612

- 3 -

| *Response to Rule 312 Communication* | Application No. | Applicant(s) |
|---|---|---|
| | 14/468,836 | SHRIBMAN ET AL. |
| | **Examiner** | **Art Unit** |
| | RANDY SCOTT | 2453 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address –*

1. ☒ The amendment filed on <u>23 November 2015</u> under 37 CFR 1.312 has been considered, and has been:

   a) ☐  entered.

   b) ☒  entered as directed to matters of form not affecting the scope of the invention.

   c) ☐  disapproved because the amendment was filed after the payment of the issue fee.
   Any amendment filed after the date the issue fee is paid must be accompanied by a petition under 37 CFR 1.313(c)(1) and the required fee to withdraw the application from issue.

   d) ☐  disapproved.  See explanation below.

   e) ☐  entered  in part. See explanation below.

| | /RANDY SCOTT/ <br> Primary Examiner, Art Unit 2453 |
|---|---|

OK To Enter

## AMENDMENTS TO THE SPECIFICATION

Please insert the following new paragraph beginning at page 107, after line 17 (paragraph [0370] in published application US2015/0067819):

FIG. 48a illustrates schematically a simplified flowchart relating to implementing a compression using both dictionaries;

Please delete the paragraph beginning at page 109, line 15 (paragraph [0404] in published application US2015/0067819).

Please amend as follows the paragraph beginning at page 110, line 14 (paragraph [0420] in published application US2015/0067819):

FIG. 93 94 illustrates schematically a simplified flowchart for estimating BW and RTT values relating to network elements.

2

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re Appln. Of: | Derry Shribman, et al. | Group Art Unit: 2453 |
| Serial No.: | 14/468,836 | Examiner: SCOTT, RANDY A |
| Filed: | August 26, 2014 | DOCKET: 19459-6109 |

For:    System and Method for Improving Internet Communication by Using Intermediate Nodes

Confirmation No.: 1003

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## <u>RESPONSE TO NOTICE TO FILE CORRECTED APPLICATION PAPERS</u>

The enclosed amendment is being filed in response to the Notice to File Corrected Application Papers mailed 9/24/2015.

## <u>AUTHORIZATION TO DEBIT ACCOUNT</u>

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this response.  However, in the event that additional extensions of time are necessary to allow consideration of this response, such extensions are hereby petitioned under 37 C.F.R. § 1.136(a) and any fee required therefore are hereby authorized to be charged to deposit account No. 501304.

1

## AMENDMENTS TO THE SPECIFICATION

Please insert the following new paragraph beginning at page 107, after line 17 (paragraph [0370] in published application US2015/0067819):

FIG. 48a illustrates schematically a simplified flowchart relating to implementing a compression using both dictionaries:

Please delete the paragraph beginning at page 109, line 15 (paragraph [0404] in published application US2015/0067819).

Please amend as follows the paragraph beginning at page 110, line 14 (paragraph [0420] in published application US2015/0067819):

FIG. ~~93~~ 94 illustrates schematically a simplified flowchart for estimating BW and RTT values relating to network elements.

## REMARKS/ARGUMENTS

This is a full and timely response to the Notice to File Corrected Application Papers mailed 9/24/2015.

## CONCLUSION

In light of the foregoing and for at least the reasons set forth above, the Applicants respectfully requests favorable reconsideration and allowance of the present application and the presently pending claims. If in the opinion of the Examiner, a telephonic conference would expedite the examination of this matter, the Examiner is invited to call the undersigned attorney at (603) 627-8134.

Respectfully submitted,

Peter A. Nieves
Attorney for Applicants
Reg. No. 48,173

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/468,836 | 08/26/2014 | Derry Shribman | 19459-6109 | 1003 |

57449        7590        09/24/2015
SHEEHAN PHINNEY BASS & GREEN, PA
c/o PETER NIEVES
1000 ELM STREET
MANCHESTER, NH 03105-3701

| EXAMINER |
|---|
| SCOTT, RANDY A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2453 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 09/24/2015 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

| | |
|---|---|
| Application No. : | 14468836 |
| Applicant : | Shribman |
| Filing Date : | 08/26/2014 |
| Date Mailed : | 09/24/2015 |

# NOTICE TO FILE CORRECTED APPLICATION PAPERS

## *Notice of Allowance Mailed*

This application has been accorded an Allowance Date and is being prepared for issuance. The application, however, is incomplete for the reasons below.

**Applicant is given two (2) months from the mail date of this Notice within which to respond. This time period for reply is extendable under 37 CFR 1.136(a) for only TWO additional MONTHS.**

The informalities requiring correction are indicated in the attachment(s). If the informality pertains to the abstract, specification (including claims) or drawings, the informality must be corrected with an amendment in compliance with 37 CFR 1.121 (or, if the application is a reissue application, 37 CFR 1.173). Such an amendment may be filed after payment of the issue fee if limited to correction of informalities noted herein. See Waiver of 37 CFR 1.312 for Documents Required by the Office of Patent Publication, 1280 Off. Gaz. Patent Office 918 (March 23, 2004). In addition, if the informality is not corrected until after payment of the issue fee, for purposes of 35 U.S.C. 154(b)(1)(iv), "all outstanding requirements" will be considered to have been satisfied when the informality has been corrected. A failure to respond within the above-identified time period will result in the application being ABANDONED.

**See attachment(s).**

*A copy of this notice <u>MUST</u> be returned with the reply. Please address response to*
*"Mail Stop Issue Fee, Commissioner for Patents,*
*P.O. Box 1450, Alexandria, VA 22313-1450".*

/Russell Lucas/
Publication Branch
Office of Data Management
(571) 272-4200

**Application No. <u>14468836</u>**

## IDENTIFICATION OF SPECIFICATION/DRAWING INCONSISTENCIES

[ ] On Page  of the specification there is a brief description of FIG. , but the drawings filed  do not include a drawing with that designation.  Applicant must respond either by supplying the omitted drawing or by amending the specification to remove all references to that drawing.

[X] The drawings filed <u>08/26/2014</u> include FIG. <u>48A,94,</u> but the specification's brief description of the drawings does not describe a drawing with that designation.  Applicant must respond either by amending the specification to add a brief description of that drawing or by correcting the drawings to remove the drawing in question.

[ ] Drawings are present in the application and are referred to in the detailed description of the invention, but the specification does not contain a brief description of the drawings as required by 37 CFR 1.74 and 37 CFR 1.77(b)(8).

[ ] Page  of the specification refers to FIG. , but no drawing with that designation is described in the brief description of the drawings and no drawing with that designation is present in the application.  Applicant must respond either by amending the specification to remove all references to that drawing, or by supplying that drawing and amending the specification to add a brief description of it.

[ ] In the reissue application, FIG. , is labeled as "New" but is not described in the reissue specification's brief description of the drawings.  Applicant must respond by amending the reissue specification's brief description of the drawings to add a brief description of the new drawing.

[X] OTHER: <u>Figures 78 and 93 have two differing descriptions</u>

[ ] COMMENTS:

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/468,836 | 08/26/2014 | Derry Shribman | 19459-6109 | 1003 |

| 7590 | 09/18/2015 |
|---|---|

SHEEHAN PHINNEY BASS & GREEN, PA
c/o PETER NIEVES
1000 ELM STREET
MANCHESTER, NH 03105-3701

| EXAMINER |
|---|
| SCOTT, RANDY A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2453 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 09/18/2015 | PAPER |

## Letter Withdrawing a Notice Requiring Inventor's Oath or Declaration

The Notice Requiring Inventor's Oath or Declaration mailed on  9/11/15  was sent in error, and is hereby withdrawn. The time period set forth in the Notice of Allowance and Fee(s) Due to file a reply and pay the required fees continues to run from the mailing date of the Notice of Allowance and Fee(s) Due. Any time period set forth in the Notice of Allowability continues to run from the mailing date of the Notice of Allowability.

Questions relating to this Notice should be directed to the Application Assistance Unit at 571-272-4200.

(571)-272-4200 or 1(888)-786-0101

Patent Publication Branch

Office of Data Management



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

57449          7590          09/11/2015

SHEEHAN PHINNEY BASS & GREEN, PA
c/o PETER NIEVES
1000 ELM STREET
MANCHESTER, NH 03105-3701

| EXAMINER |
|---|
| SCOTT, RANDY A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2453 | |

DATE MAILED: 09/11/2015

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/468,836 | 08/26/2014 | Derry Shribman | 19459-6109 | 1003 |

TITLE OF INVENTION: System and Method for Improving Internet Communication by Using Intermediate Nodes

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 12/11/2015 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

PTOL-85 (Rev. 02/11)

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to: <u>Mail</u>**

Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

**or <u>Fax</u>** (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

| | | |
|---|---|---|
| 57449 | 7590 | 09/11/2015 |

SHEEHAN PHINNEY BASS & GREEN, PA
c/o PETER NIEVES
1000 ELM STREET
MANCHESTER, NH 03105-3701

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/468,836 | 08/26/2014 | Derry Shribman | 19459-6109 | 1003 |

TITLE OF INVENTION: System and Method for Improving Internet Communication by Using Intermediate Nodes

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 12/11/2015 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| SCOTT, RANDY A | 2453 | 726-012000 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

**2. For printing on the patent front page, list**

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☐ Corporation or other private group entity ☐ Government

**4a. The following fee(s) are submitted:**

☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

**4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)**

☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

**5. Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____    Date _____

Typed or printed name _____    Registration No. _____

Page 2 of 3

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.    OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



U NITED S TATES P ATENT AND T RADEMARK O FFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/468,836 | 08/26/2014 | Derry Shribman | 19459-6109 | 1003 |

| 57449        7590        09/11/2015 | EXAMINER |
|---|---|
| SHEEHAN PHINNEY BASS & GREEN, PA | SCOTT, RANDY A |
| c/o PETER NIEVES | |
| 1000 ELM STREET | ART UNIT       PAPER NUMBER |
| MANCHESTER, NH 03105-3701 | 2453 |

DATE MAILED: 09/11/2015

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

| *Notice Requiring Inventor's Oath or Declaration* | Application No.<br>14/468,836 | Applicant(s)<br>Derry Shribman | |
|---|---|---|---|
| | Examiner<br>SCOTT, RANDY A | Art Unit<br>2453 | |

This notice is an attachment to the Notice of Allowability (PTOL-37), or the Notice of Allowability For A Design Application (PTOL-37D).

An inventor's oath or declaration in compliance with 37 CFR 1.63 or 1.64 executed by or with respect to each inventor has not yet been submitted.

An oath or declaration in compliance with 37 CFR 1.63, or a substitute statement in compliance with 37 CFR 1.64, executed by or with respect to each inventor (for any inventor for which a compliant oath, declaration, or substitute statement has not yet been submitted) MUST be filed <u>no later than the date on which the issue fee is paid.</u> See 35 U.S.C. 115(f). Failure to timely comply will result in ABANDONMENT of this application.

A properly executed inventor's oath to declaration has not been received for the following inventor(s):

If applicant previously filed one or more oaths, declarations, or substitute statements, applicant may have received an informational notice regarding deficiencies therein.

The following deficiencies are noted:

INFORMAL ACTION PROBLEMS
  • A properly executed inventor's oath or declaration has not been received for the following inventor(s): **Derry Shribman** and **Ofer Vilenski**.
    Applicant may submit the inventor's oath or declaration at any time before the Notice of Allowance and Fee(s) Due, PTOL-85, is mailed.

Questions relating to this Notice should be directed to the Application Assistance Unit at 571-272-4200.

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| *Notice of Allowability* | Application No.<br>14/468,836 | | Applicant(s)<br>SHRIBMAN ET AL. | |
|---|---|---|---|---|
| | Examiner<br>RANDY SCOTT | | Art Unit<br>2453 | AIA (First Inventor to File) Status<br>Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *the communication filed 8/26/14*.

   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on_____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *1-108*. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov .

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   **Certified copies:**

   a) ☐ All   b) ☐ Some   *c) ☐ None of the:

   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   * Certified copies not received: _____.

   Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
   **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

   ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.

   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☒ Notice of References Cited (PTO-892)
2. ☒ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date See Continuation Sheet
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☒ Interview Summary (PTO-413), Paper No./Mail Date *8/31/15* .

5. ☒ Examiner's Amendment/Comment
6. ☒ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____.

| /RANDY SCOTT/<br>Primary Examiner, Art Unit 2453 | |
|---|---|

Continuation of Attachment(s) 2. Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date: 9/23/14 , 9/24/14, & 3/30/15.

Application/Control Number: 14/468,836                                    Page 2
Art Unit: 2453

The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

**Examiner's Amendment**

An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview with Peter Nieves (reg # 48,173) on 8/31/15.

The Amendments are as followed:

109-147 (Canceled).

**Allowable Subject Matter**

1.    Claims 1-108 are allowable.

The following is an examiner's statement of reasons for allowance:

The prior art of record fails to teach or fairly suggest a first device sending a second request to a second device using a second identifier, the second request including a first content identifier and a third identifier, in the specific manner and combinations recited in claims 1, 81, and 108.

Dependent claims 2-80 and 82-107 incorporate the novel and non-obvious features disclosed above, and therefore also allowed.

Application/Control Number: 14/468,836                                                    Page 3
Art Unit: 2453

The closest related prior art are cited to state the general state of the art and are not considered to teach the distinguishing features noted above.  The prior art includes:

(i) US PG Pub Binder et al (US 2013/0201316), which teaches server based control for internal and external network access;

(ii) US Pat Owen et al (US 8,832,179), which discloses providing firewall access via a relay server;

(iii) US PG Pub Laine et al (US 2012/0099566), which discloses wireless docking for devices out of range with connection; and

(iv)    NPL document "On the Leakage of Personally Identifiable Information Via Online Social Networks" – Wills et al, AT&T, 4/2009.

After thorough review of related prior art, the application has been deemed allowable because of the limitations of a first device sending a second request to a second device using a second identifier, the second request including a first content identifier and a third identifier, recited in the specific manner and combinations recited within the claims. Upon an extensive search and review, none of the cited prior art taught the specified limitation or provided language for the specified limitations.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee.  Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

Application/Control Number: 14/468,836                                    Page 4
Art Unit: 2453

## Conclusion

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Randy A. Scott whose telephone number is (571) 272-3797. The examiner can normally be reached on Monday-Thursday 7:30 am-5:00 pm, second Fridays 7:30 am-4pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Krista Zele can be reached on (571) 272-7288. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/RANDY SCOTT/

Examiner, Art Unit 2453

20150831

Application/Control Number: 14/468,836                                        Page 5
Art Unit: 2453

| *Examiner-Initiated Interview Summary* | Application No. | Applicant(s) | |
|---|---|---|---|
| | 14/468,836 | SHRIBMAN ET AL. | |
| | Examiner | Art Unit | |
| | RANDY SCOTT | 2453 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _RANDY SCOTT_.                                    (3) _____.

(2) _Peter Nieves_.                                      (4) _____.

Date of Interview: _31 August 2015_.

Type:      ☒ Telephonic     ☐ Video Conference
           ☐ Personal [copy given to: ☐ applicant     ☐ applicant's representative]

Exhibit shown or demonstration conducted:     ☐ Yes     ☒ No.
  If Yes, brief description: _____.

Issues Discussed     ☐101  ☐112  ☐102  ☐103  ☒Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: _1-147_.

  Identification of prior art discussed: _____.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

  _Attorney Nieves informed examiner Scott that the applicant agreed to cancel claims 109-147 in light of the proposed allowance of claims 1-108_.

**Applicant recordation instructions:** It is not necessary for applicant to provide a separate record of the substance of interview.

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

| /RANDY SCOTT/ Primary Examiner, Art Unit 2453 | |
|---|---|

## CLAIMS

1. A method for fetching over the Internet a first content, identified by a first content identifier, by a first device, identified in the Internet by a first identifier, from a second server identified in the Internet by a third identifier via a second device identified in the Internet by a second identifier, using a first server, the method comprising the steps of:

    (a) the second device sending the second identifier to the first server;

    (b) in response to receiving the second identifier, the first server storing the second identifier;

    (c) the first device sending a first request to the first server;

    (d) in response to receiving the first request, the first server sending the second identifier to the first device;

    (e) the first device sending a second request to the second device using the second identifier, the second request includes the first content identifier and the third identifier;

    (f) in response to receiving the second request, the second device sending the first content identifier to the second server using the third identifier;

    (g) in response to receiving the first content identifier, the second server sending the first content to the second device; and

    (h) in response to receiving the first content, the second device sending the first content to the first device.

2. The method according to claim 1 further comprising the steps of:

    (i) the first device sending the first content identifier to the second server using the third identifier; and

    (j) in response to receiving the first content identifier, the second server sending the first content to the first device.

3. The method according to claim 2 wherein steps (i) and (j) are preceding step (e).

4. The method according to claim 2 wherein steps (i) and (j) are following step (h).

5. The method according to claim 2 wherein steps (i) and (j) are simultaneously with one of the steps (e) - (h) using multitasking or multiprocessing.

6. The method according to claim 1 for use with a third device identified in the Internet by a fourth identifier, further comprising the steps of:

    (i)  the third device sending the fourth identifier to the first server;

    (j) in response to receiving the fourth identifier, the first server storing the fourth identifier;

    (k)  in response to receiving the first request, the first server sending the fourth identifier to the first device;

    (l)  the first device sending a third request to the third device using the fourth identifier, the third request includes the first content identifier and the third identifier;

    (m) in response to receiving the third request, the third device sending the first content identifier to the second server using the third identifier;

    (n) in response to receiving the first content identifier, the second server sending the first content to the third device; and

    (o) in response to receiving the first content, the third device sending the first content to the first device.

7. The method according to claim 6 wherein steps (i) to (o) are simultaneously with steps (e) - (h) using multitasking or multiprocessing.

8. The method according to claim 1 for use with a group consisting of a plurality of devices, each associated with a respective identifier for being identified in the Internet, for each of the devices in the group the method further comprising the steps of:

    (i)  the group device sending the associated identifier to the first server; and

    (j)  in response to receiving the associated identifier, the first server storing the associated identifier.

9. The method according to claim 8 further comprising the step of:

    (a) in response to receiving the first request, the first server sending the identifiers of all the devices in the group to the first device.

10. The method according to claim 8 for each of the group devices in the group further comprising the steps of:

    (p) the first device sending a third request to the group device using the device associated identifier, the third request includes the first content identifier and the third identifier;

(q) in response to receiving the third request, the group device sending the first content identifier to the second server using the third identifier;

(r) in response to receiving the first content identifier, the second server sending the first content to the group device; and

(s) in response to receiving the first content, the group device sending the first content to the first device.

11. The method according to claim 8 wherein the second device is included in the group, the method further comprising the step of selecting the second device out of the devices in the group.

12. The method according to claim 11 wherein the first server is selecting the second device out of the devices in the group, and in step (d) the first server is sending the second identifier to the first device in response to the selection.

13. The method according to claim 11 wherein in step (d) the first server sending the identifiers of all devices and the group to the first device, followed by a step of the first device selecting the second device.

14. The method according to claim 11 further comprising the step of selecting one or more devices, distinct from the second device, out of the devices in the group.

15. The method according to claim 14 further comprising the step of selecting 2, 3, 4, 5 or 6 devices, each distinct from the second device, out of the devices in the group.

16. The method according to claim 14 further comprising the step of selecting 7, 8, 9, or 9 devices, each distinct from the second device, out of the devices in the group.

17. The method according to claim 14 further comprising the step of selecting 10 or more devices, each distinct from the second device, out of the devices in the group.

18. The method according to claim 8 wherein the second device is randomly selected out of the devices in the group.

19. The method according to claim 18 wherein the second device is randomly selected using one or more random numbers generated by a random number generator.

20. The method according to claim 19 wherein the random number generator is software based.

21. The method according to claim 19 wherein the random number generator is based on executing an algorithm for generating pseudo-random numbers.

22. The method according to claim 8 wherein the second device is selected based on attributes or characteristics of the device.

23. The method according to claim 8 wherein the second device is selected based on the physical geographical location.

24. The method according to claim 23 further comprising for each of the devices in the group the steps of sending the device physical geographical location to the first server, followed by the step of the first server storing the received group device physical geographical location.

25. The method according to claim 23 wherein the physical geographical location includes at least one out of a continent, a country, a state or province, a city, a street, a ZIP code, or longitude and latitude

26. The method according to claim 8 wherein the second device is selected based on the physical geographical proximity to the second server.

27. The method according to claim 8 wherein the second device is selected based on the second identifier.

28. The method according to claim 27 wherein the second identifier in an IP address, and the second device is selected based on its IP address.

29. The method according to claim 28 wherein the second device is selected based on comparing the second identifier to the third identifier.

30. The method according to claim 8 wherein the second device is selected based on past activities.

31. The method according to claim 8 wherein the second device is selected based on the timing of an event.

32. The method according to claim 31 wherein the event is the last communication between the second device and the first device.

33. The method according to claim 31 wherein the event is the last communication between the second device and the first server.

34. The method according to claim 31 wherein the event is the last communication between the second device and the second server.

35. The method according to claim 1 for fetching over the Internet a second content, identified by a second content identifier, by a third device, identified in the Internet by a fourth identifier, from a

third server identified in the Internet by a fifth identifier, via the first device, the method further comprising the steps of:

    (i)  the third device sending a third request to the first server;

    (k)  in response to receiving the third request, the first server sending the first identifier to the third device;

    (l)  the third device sending a fourth request to the first device using the first identifier, the fourth request includes the second content identifier and the fifth identifier;

    (m) in response to receiving the fourth request, the first device sending the second content identifier to the third server using the fifth identifier;

    (n)  in response to receiving the second content identifier, the third server sending the second content to the first device; and

    (o)  in response to receiving the second content, the first device sending the second content to the third device.

36. The method according to claim 35 wherein the third server is distinct from the second server.

37. The method according to claim 35 wherein the third server and the second server are the same server.

38. The method according to claim 35 wherein the third device is distinct from the second device.

39. The method according to claim 35 wherein the third device and the second device are the same.

40. The method according to claim 35 wherein the second content is distinct from the first content.

41. The method according to claim 35 wherein the second content and the first content are the same content.

42. The method according to claim 35 wherein the steps (i) – (o) are executed concurrently with steps (c) - (h) using multitasking or multiprocessing.


43. The method according to claim 1 wherein the steps are sequentially executed.

44. The method according to claim 1 wherein each of the identifiers is an IP address or a URL.

45. The method according to claim 44 wherein each of the IP addresses is in IPv4 or IPv6 form.

46. The method according to claim 1 wherein at least one of the servers is a web server using HyperText Transfer Protocol (HTTP) that responds to HTTP requests via the Internet.

47. The method according to claim 46 wherein the first and second requests are HTTP requests.

48. The method according to claim 46 wherein the communication with the second server is based on, or using, HTTP persistent connection.

49. The method according to claim 1 wherein the communication with the first device, the second device, the first server, or the second server, is based on, or according to, TCP/IP protocol or connection.

50. The method according to claim 1 wherein the step (e) is preceded by the step of establishing a connection between the first device and the second device in response to receiving the second identifier.

51. The method according to claim 50 wherein the first device is communicating with the second device over the established connection.

52. The method according to claim 50 wherein the step (e) the first device is sending the second request over the established connection.

53. The method according to claim 50 wherein the first device is communicating with the second device using TCP, and wherein the connection is established by performing 'Active OPEN' or 'Passive OPEN'.

54. The method according to claim 50 wherein the first device is communicating with the second device using a VPN.

55. The method according to claim 50 wherein the established connection is using a tunneling protocol.

56. The method according to claim 50 wherein the connection is established using authentication.

57. The method according to claim 1 further followed by the steps of the first device receiving the first content from the second device; and the first device storing the first content in a memory.

58. The method according to claim 1 wherein the first content includes, consists of, or comprises, a part or whole of files, text, numbers, audio, voice, multimedia, video, images, music, or computer program.

59. The method according to claim 58 wherein the first content includes, consists of, or comprises, a part of, or a whole of, a web-site page.

60. The method according to claim 1 wherein at least the first server or the second server is storing, operating, or using, a server operating system.

235

61. The method according to claim 60 wherein the server operating system consists or, comprises of, or based on, one out of Microsoft Windows Server®, Linux, or UNIX.

62. The method according to claim 60 wherein the server operating system consists or, comprises of, or based on, one out of Microsoft Windows Server® 2003 R2, 2008, 2008 R2, 2012, or 2012 R2 variant, Linux™ or GNU/Linux based Debian GNU/Linux, Debian GNU/kFreeBSD, Debian GNU/Hurd, Fedora™, Gentoo™, Linspire™, Mandriva, Red Hat® Linux, SuSE, and Ubuntu®, UNIX® variant Solaris™, AIX®, Mac™ OS X, FreeBSD®, OpenBSD, and NetBSD®.

63. The method according to claim 1 wherein the first device or the second device is storing, operating, or using, a client operating system.

64. The method according to claim 63 wherein the client operating system consists or, comprises of, or is based on, one out of Microsoft Windows 7, Microsoft Windows XP, Microsoft Windows 8, Microsoft Windows 8.1, Linux, and Google Chrome OS.

65. The method according to claim 63 wherein the client operating system is a mobile operating system.

66. The method according to claim 65 wherein the mobile operating system is one out of Android version 2.2 (Froyo), Android version 2.3 (Gingerbread), Android version 4.0 (Ice Cream Sandwich), Android Version 4.2 (Jelly Bean), Android version 4.4 (KitKat)), Apple iOS version 3, Apple iOS version 4, Apple iOS version 5, Apple iOS version 6, Apple iOS version 7, Microsoft Windows® Phone version 7, Microsoft Windows® Phone version 8, Microsoft Windows® Phone version 9, and Blackberry® operating system.

67. The method according to claim 1 further preceded by the step of intercepting a request for the first content in the first device.

68. The method according to claim 67 wherein the request is initiated in an application in the first device.

69. The method according to claim 68 wherein the interception is in the form of a plug-in or an extension of the application.

70. The method according to claim 68 wherein the application is a communication application.

71. The method according to claim 70 wherein the communication application is a TCP/IP or HTTP handling application.

72. The method according to claim 68 wherein the interception is by hooking to the application.

73. The method according to claim 68 wherein the interception is in a filter driver form.

236

74. The method according to claim 68 wherein the application and the steps are communicating using an Inter-Process Communication (IPC).

75. The method according to claim 74 wherein the IPC is using a file sharing, a signal, a socket, a pipe, a message queue, a shared memory, a semaphore, or memory mapped file.

76. The method according to claim 74 wherein the IPC is using a clipboard, a Component Object Model (COM), a data copy, a DDE protocol, or mailslots.

77. The method according to claim 68 wherein the application is a web browser.

78. The method according to claim 77 wherein the web browser consists of, comprises of, or based on, Microsoft Internet Explorer, Google Chrome, Opera™, or Mozilla Firefox®.

79. The method according to claim 68 wherein the web browser is a mobile web browser.

80. The method according to claim 79 wherein the mobile web browser consists of, comprises of, or based on, Safari, Opera Mini™, or Android web browser.


81. A method for fetching over the Internet a first content, identified by a first content identifier, by a first device, identified in the Internet by a first identifier, from a second server identified in the Internet by a third identifier via a second device identified in the Internet by a second identifier, using a first server, the method comprising the steps of:

   (a) sending the first identifier to the first server;

   (b) sending a first request to the first server;

   (c) receiving the second identifier from the first server;

   (d) sending a second request to the second device using the second identifier, the second request includes the first content identifier and the third identifier; and

   (e) receiving the first content from the second device.


82. The method according to claim 81 further comprising the step of:

   (f) sending the first content identifier to the second server using the third identifier.

83. The method according to claim 82 wherein step (f) is preceding step (d).

84. The method according to claim 82 wherein step (f) is following step (e).

85. The method according to claim 82 wherein step (f) is simultaneous with steps (d) - (e).

86. The method according to claim 85 wherein step (f) is simultaneous with steps (d) - (e) using multitasking or multiprocessing.

87. The method according to claim 81 for use with a third device identified in the Internet by a fourth identifier, further comprising the steps of:

> (f) receiving the fourth identifier from the first server;
>
> (g) sending a third request to the third device using the fourth identifier, the third request includes the first content identifier and the third identifier; and
>
> (h) receiving the first content from the third device.

88. The method according to claim 87 wherein steps (f) to (h) are executed concurrently with steps (d) - (e) using multitasking or multiprocessing.

89. The method according to claim 81 for use with a group consisting of a plurality of devices, each device in the group is associated with a respective identifier for being identified in the Internet, further comprising the steps of:

> (f) receiving the identifiers of the group devices from the first server;
>
> (g) sending a third request to the group device using their associated identifiers, the third request includes the first content identifier and the third identifier; and
>
> (h) receiving the first content from the group devices.

90. The method according to claim 89 wherein steps (f) to (h) are executed concurrently with steps (d) - (e).

91. The method according to claim 89 wherein steps (f) to (h) are executed concurrently with steps (d) - (e) using multitasking or multiprocessing.

92. The method according to claim 89 wherein the second device is included in the group, the method further comprising the step of selecting the second device out of the devices in the group.

93. The method according to claim 89 further comprising the step of selecting one or more devices, distinct from the second device, out of the devices in the group.

94. The method according to claim 89 wherein the second device is randomly selected out of the devices in the group.

95. The method according to claim 89 wherein the second device is selected based on attributes or characteristics of the device.

96. The method according to claim 89 wherein the second device is selected based on the physical geographical location.

238

97. The method according to claim 89 wherein the second device is selected based on the physical geographical proximity to the second server.

98. The method according to claim 89 wherein the second device is selected based on the second identifier.

99. The method according to claim 89 wherein the second device is selected based on past activities.

100. The method according to claim 89 wherein the second device is selected based on the timing of an event.

101. The method according to claim 81 for fetching over the Internet a second content, identified by a second content identifier, by a third device, identified in the Internet by a fourth identifier, from a third server identified in the Internet by a fifth identifier, via the first device, the method further comprising the steps of:

    (f)  receiving a third request from the third device, the third request includes the second content identifier and the fifth identifier;

    (g)  in response to receiving the third request, sending the second content identifier to the third server using the fifth identifier;

    (h)  receiving the second content from the third server; and

    (i)  in response to receiving the second content, sending the second content to the third device using the fourth identifier.

102. The method according to claim 101 wherein the third server is distinct from the second server.

103. The method according to claim 101 wherein the third server and the second server are the same server.

104. The method according to claim 101 wherein the second content is distinct from the first content.

105. The method according to claim 101 wherein the second content and the first content are the same content.

106. The method according to claim 101 wherein the steps (f) – (i) are executed after steps (a) - (e).

107. The method according to claim 101 wherein the steps (f) – (i) are executed concurrently with steps (a) - (e) using multitasking or multiprocessing.

108. A method for fetching over the Internet a first content, identified by a first content identifier, by a first device, identified in the Internet by a first identifier, from a second server identified in the Internet by a third identifier via a second device identified in the Internet by a second identifier, using a first server, the method comprising the steps of:

    (a) sending the second identifier to the first server;

    (b) receiving a second request from the first device, the second request includes the first content identifier and the third identifier;

    (c) in response to receiving the second request, sending the first content identifier to the second server using the third identifier;

    (d) receiving the first content from the second server; and

    (e) in response to receiving the first content, sending the first content to the first device using the first identifier.

109. A method for fetching over the Internet a first content, identified by a first content identifier, by a first device, identified in the Internet by a first identifier, from a second server identified in the Internet by a third identifier via a second device identified in the Internet by a second identifier, using a first server, the method comprising the steps of:

    (a) receiving the second identifier from the second device;

    (b) in response to receiving the second identifier, storing the second identifier;

    (c) receiving a first request from the first device; and

    (d) in response to receiving a first request, sending the second identifier to the first device.

110. The method according to claim 109 for use with a third device identified in the Internet by a fourth identifier, further comprising the steps of:

    (e) receiving the fourth identifier from the third device;

    (f) in response to receiving the fourth identifier, storing the fourth identifier; and

    (g) in response to receiving the first request, sending the fourth identifier to the first device.

111. The method according to claim 109 for use with a group consisting of a plurality of devices, each device in the group is associated with a respective identifier for being identified in the Internet, for each of the group devices in the group the method further comprising the steps of:

    (h) receiving the associated identifier from the group device;

    (i) in response to receiving the associated identifier, storing the associated identifier; and

240

(j) in response to receiving the first request, sending the identifier of all group devices to the first device.

112. The method according to claim 111 wherein the second device is included in the group, the method further comprising the step of selecting the second device out of the devices in the group, and wherein in step (d) the sending the second identifier to the first device is in response to the selection.

113. The method according to claim 112 wherein the second device is randomly selected out of the devices in the group.

114. The method according to claim 112 wherein the second device is selected based on attributes or characteristics of the device.

115. The method according to claim 112 wherein the second device is selected based on the physical geographical location.

116. The method according to claim 112 wherein the second device is selected based on the second identifier.

117. The method according to claim 112 wherein the second device is selected based on past activities.

118. The method according to claim 117 wherein the second device is selected based on the timing of an event.

119. The method according to claim 118 wherein the event is the last communication between the second device.

120. A method for fetching a content over the Internet by a first device identified in the Internet by a first identifier, from a first server identified in the Internet by a second identifier, via a group of multiple devices, each identified in the Internet by an associated group device identifier, wherein the content is partitioned into a plurality of content slices, each content slice containing at least part of the content, and identified using a content slice identifier,

and for each of the content slices, comprising the steps of:

(a) selecting a device from the group;

(b) the first device sending a first request to the selected device using the selected device identifier, the first request including the content slice identifier and the second identifier;

241

(c) in response to receiving the first request, the selected device sending a second request to the first server using the second identifier, the second request including the content slice identifier;

(d) in response to receiving the second request, the first server sending the content slice to the selected device; and

(e) in response to receiving the content slice, the selected device sending the content slice to the first device.

121. The method according to claim 120 wherein the content is composed of bits, nibbles, bytes, characters, words, or strings, and the partitioning is based on bit, nibble, byte, multi-byte, number, character, word, or string level.

122. The method according to claim 120 wherein the content is composed of files, or programs, and the partitioning is based on file or program level.

123. The method according to claim 120 wherein the content is a website content comprising multiple webpages, and the partitioning is based webpages level.

124. The method according to claim 120 wherein the all parts of the content are included in all of the content slices.

125. The method according to claim 120 wherein all of the content slices are having the same size.

126. The method according to claim 120 wherein at least two content slices are the same.

127. The method according to claim 120 wherein part of the content is included in two or more content slices.

128. The method according to claim 120 wherein the partitioning is sequential in the content.

129. The method according to claim 120 wherein the partitioning is non-sequential in the content.

130. The method according to claim 120 wherein the number of content slices is equal to the number of devices in the group.

131. The method according to claim 130 wherein a distinct device is selected for each content slice.

132. The method according to claim 120 wherein the number of content slices is higher than the number of devices in the group.

133. The method according to claim 120 wherein the number of content slices is lower than the number of devices in the group.

242

134. A method for fetching a content over the Internet from a first server identified in the Internet by a second identifier via a group of multiple devices, each identified in the Internet by an associated group device identifier, the method comprising the step of partitioning the content into a plurality of content slices, each content slice containing at least part of the content, and identified using a content slice identifier, and for each of the content slices, comprising the steps of:

    (a)  selecting a device from the group;

    (b)  sending a first request to the selected device using the selected device identifier, the first request including the content slice identifier and the second identifier;

    (c)  receiving the content slice from the selected device; and

    (d)  constructing the content from the received content slices.

135. The method according to claim 134 wherein the content is composed of bits, nibbles, bytes, characters, words, or strings, and the partitioning is based on bit, nibble, byte, multi-byte, number, character, word, or string level.

136. The method according to claim 134 wherein the content is composed of files, or programs, and the partitioning is based on file or program level.

137. The method according to claim 136 wherein the content is a website content comprising multiple webpages, and the partitioning is based webpages level.

138. The method according to claim 134 wherein the all parts of the content are included in all of the content slices.

139. The method according to claim 134 wherein all of the content slices are having the same size.

140. The method according to claim 134 wherein at least two content slices are the same.

141. The method according to claim 134 wherein part of the content is included in two or more content slices.

142. The method according to claim 134 wherein the partitioning is sequential in the content.

143. The method according to claim 134 wherein the partitioning is non-sequential in the content.

144. The method according to claim 134 wherein the number of content slices is equal to the number of devices in the group.

145. The method according to claim 144 wherein a distinct device is selected for each content slice.

146. The method according to claim 134 wherein the number of content slices is higher than the number of devices in the group.

243

147. The method according to claim 134 wherein the number of content slices is lower than the number of devices in the group.