**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

LUMINATI NETWORKS LTD.

       Plaintiff,

    v.

BISCIENCE INC.,

       Defendants.

Case No.  2:18-CV-483-JRG

Judge Rodney Gilstrap

**LUMINATI'S REPLY CLAIM CONSTRUCTION BRIEF**
**(LOCAL PATENT RULE 4-5(c))**

i

## TABLE OF CONTENTS

I.  INTRODUCTION ..................................................................................... 1

II.  LEVEL OF ONE OF ORDINARY SKILL IN THE ART AND PATENT
PRIORITY DATES ARE UNDISPUTED ..................................................... 1

III.  DISPUTED TERMS FOR CLAIM CONSTRUCTION ..................................... 1

A.  Whether the Preamble is Limiting for '044 Patent Claims 81 & 108 ...................... 1

B.  "First Device," "First Server," "Second Device," "Second Server" (Indefiniteness
of '044 Patent Claims 81 & 108) ................................................................................ 1

   1.  Claim 81 & 108 Indefiniteness ............................................................................ 1

   2.  Claim term meaning of "first device," "second device," "first server" and
   "second server" ...................................................................................................... 3

C.  First Content Identifier ............................................................................................ 4

D.  "identified in the Internet by a first identifier," "identified in the Internet by a
third identifier," and "identified in the Internet by a second identifier" ............... 4

E.  "receiving the second identifier from the first server" and "sending a second
request to the second device using the second identifier, the second request
includes the first content identifier and the third identifier," ............................... 6

H.  "sending the second identifier to the first server," "receiving a second request
from the first device, the second request includes the first content identifier and
the third identifier," and "in response to receiving the first content, sending the
first content to the first device using the first identifier" ..................................... 6

F. & G.  "multitasking or multiprocessing" and "proximity to the second server" are
no longer disputed ....................................................................................................... 7

I.  The preamble of '866 patent claim 15 is limiting ..................................................... 7

J. & K. "First server" and "a group of multiple devices" .............................................. 7

L.  Partitioning the content into a plurality of content slices ...................................... 7

M. "Each content slice containing at least part of the content" and "each content slice
… identified using a content slice identifier" ........................................................... 9

N.  A plurality of content slices … and for each of the content slices ........................... 9

O.  "Selecting a device from the group" and "sending over the Internet a first request
to the selected device using the group device identifier of the selected device".... 10

P. & Q. "The first request including the content slice identifier and the second
identifier" and "The partitioning is based on webpages level" ............................... 10

R.  All of the parts of the content are included in all of the content slices................... 10

S.  Part of the content is included in two or more content slices ................................... 10

# TABLE OF AUTHORITIES

*Cases*

*Aloft Media, LLC v. Microsoft Corp*., No. 6:08-CV-50, 2009 U.S. Dist. LEXIS 24124 (E.D. Tex. Mar. 24, 2009) .................................................................................................................... 4

*Astute Tech., LLC v. Learners Digest Int'l LLC*, No. 2:12-CV-689-JRG, 2014 U.S. Dist. LEXIS 45526 (E.D. Tex. Apr. 2, 2014) ............................................................................................. 4

*Bancorp Servs. L.L.C. v. Hartford Life Ins. Co.*, 359 F.3d 1367 (Fed. Cir. 2004) ....................... 2

*Interval Licensing LLC v. AOL, In*c., 766 F.3d 1364, 1370 (Fed. Cir. 2014) ................................ 3

*Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 913 (2014) ........................................... 3

*Plantronics, Inc. v. Aliph, Inc*., 724 F.3d 1343, 1350 (Fed. Cir. 2013) ........................................ 9

*Tech. Licensing Corp. v. Videotek, Inc*., 545 F.3d 1316 (Fed. Cir. 2008) .................................... 2

## I.      INTRODUCTION

The Court already construed the key terms of U.S. Patent Nos. 9,241,044 (the "'044 patent") and 9,742,866 (the "'866 patent") (collectively the "Patents-in-Suit" or "asserted patents") recently in *Luminati Networks Ltd. v. Tesonet Ltd.,* Case No. 2:18-cv-299-JRG at Dkt. 121 ("*Tesonet* lawsuit").  Defendant mostly ignores this and fails to show why the Court was wrong the first time.  With the exception of the '044 patent claim 108 indefiniteness ruling (discussed below), the Court should not deviate from its prior rulings as to the terms for construction in this case.  As to the other terms, these are used in their plain and ordinary sense and should be given their plain and ordinary meaning.  Defendant adds limitations that are incorrect (such as repeatedly redefining "content" to be "internet content") and simply injects confusion by taking simple terms and giving them complex and incorrect constructions.

## II.     LEVEL OF ONE OF ORDINARY SKILL IN THE ART AND PATENT PRIORITY DATES ARE UNDISPUTED

Defendant did not dispute Luminati's proposed priority dates of the Asserted Patents or the level of ordinary skill in the art.

## III.    DISPUTED TERMS FOR CLAIM CONSTRUCTION

### A.      Whether the Preamble is Limiting for '044 Patent Claims 81 & 108

Whether the preamble is limiting for claims 81 and 108 of the '044 Patent does not appear to be in dispute to the extent that terms in the claimed methods are part of a network structure set forth in the preambles.  If Defendant attempts to use the preamble to import a limitation that the "first device" must perform the steps of the method of claim 108, that is clearly incorrect and is addressed below regarding indefiniteness.

### B.      "First Device," "First Server," "Second Device," "Second Server" (Indefiniteness of '044 Patent Claims 81 & 108)

#### 1.      Claim 81 & 108 Indefiniteness

1

First, Defendant fails to explain why it should be entitled to assert indefiniteness at all, given that its Local Patent Rule 4-2 disclosures provided no explanation whatsoever of why the claims are indefinite and instead just stated, "Indefinite under 35 U.S.C. § 112."[1] Similarly, Defendant has not submitted any expert support for its indefiniteness position, so the only expert testimony is that of Dr. Rhyne supporting definiteness of both claims.

Second, Defendant ignores the presumption that claims are valid and definite that can only be overcome by clear and convincing evidence, that the patent examiner found the claims definite by agreeing to issue them, and that it is a principle of claim construction that claims should be construed to preserve their validity if possible. *See Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1329 (Fed. Cir. 2008); *Bancorp Servs. L.L.C. v. Hartford Life Ins. Co.*, 359 F.3d 1367, 1371 (Fed. Cir. 2004) (close questions of indefiniteness should go to the patentee).

Third, Defendant asserts that its proposed constructions are merely alternatives and do not show that Defendant understands the claims, but the ability to provide such constructions shows that the claims are capable of being understood, and therefore they are not indefinite. Further, the argument that the claims are too ambiguous is a repeat of the argument that this Court rejected in the *Tesonet* lawsuit, including for the reasons set forth in Luminati's opening brief.

Fourth, Defendant ultimately appears to agree that claim 81 is definite in line with the Court's construction, so there appears to be no actual dispute as to claim 81. *See* Opp'n, at 4.

As to claim 108, Defendant misrepresents the record to put forward a straw man argument.

---

[1]Also, for the first time in its opposition brief (not identified in its Rule 4-2 disclosures), Defendant asserts indefiniteness of the claim 108 terms "sending the second identifier to the first server"; "receiving a second request from the first device, the second request includes the first content identifier and the third identifier"; and "in response to receiving the first content, sending the first content to the first device using the first identifier." *See* Ex. A to Jt. Claim Construction Statement (Dkt. 103-1) & 4-2 Disclosures. It is too late for Defendant to make these assertions now.

They incorrectly apply Dr. Rhyne's position about claim 81 as if he provided the same testimony about claim 108, which he did not.  As Dr. Rhyne noted, the preamble is the same for claim 81 and claim 108, but the two claims focus on method steps of a different part of the fetching.  Both claims recite "fetching … by a first device … via a second device."  Dr. Rhyne correctly noted that claim 81 relates to steps performed by the first device, whereas claim 108 relates to steps performed via the second device.  That division is entirely consistent with the preamble that sets out all the major components and their roles, even though two different devices perform different steps set forth in the different claims. Dr. Rhyne set out in detail how claim 108 is supported in this way (Rhyne Dec., ¶¶ 8-19), and there is no refuting testimony.

Defendant's challenges to Dr. Rhyne ignore his actual analysis.  Defendant also asserts that Dr. Rhyne looks outside the claim by reviewing the specification, but in fact, Dr. Rhyne found that claim 108 itself would be understood by a POSA to identify steps taken by the second device, and merely confirmed that by viewing the claim in light of the specification, which is required by the legal test regarding definiteness.  *Interval Licensing LLC v. AOL, In*c., 766 F.3d 1364, 1370 (Fed. Cir. 2014) ("The claims, when read in light of the specification and the prosecution history, must provide objective boundaries for those of skill in the art.") (*citing Nautilus, Inc. v. Biosig Instruments, Inc*., 572 U.S. 898, 913 (2014)).

### 2.    Claim term meaning of "first device," "second device," "first server" and "second server"[2]

The Court found these terms to have plain meaning.  Defendant's argument already shows the problem with its construction.  First, Defendant asks to add the word "separate," then says

---

[2] Defendant's proposed constructions of the terms "first server" and "second server" are clearly erroneous since Defendant asks that they be construed as separate from both the "first server" and "second server," respectively (Opp'n at 6), so Defendant asks the Court to find that the first server is separate from itself, and that the second server is separate from itself, which is nonsensical.

"separate" does not mean geographical separation, but Defendant fails to say what it does mean. In its infringement contentions, Luminati identified the devices and servers, and Defendant has not asserted that the contentions point to a device or server that is the same as other identified devices and servers, so it is unclear what the purpose of this addition is other than to confuse the jury. *See Astute Tech., LLC v. Learners Digest Int'l LLC*, No. 2:12-CV-689-JRG, 2014 U.S. Dist. LEXIS 45526, at \*76-77 (E.D. Tex. Apr. 2, 2014) (refusing to construe claim terms when the proposed constructions would not assist the jury).

## C.     First Content Identifier

There is no claim requirement that a "content identifier" be an "internet content identifier" or even what "internet content" is, so Defendant's construction (and every other construction attempting to change the term "content" to "internet content") is incorrect.  Whether content is fetched over the Internet or not has nothing to do with the content itself.  The Court previously held that "content" in these patents means "digital data."[3]  The Court in the *Tesonet* lawsuit and in other cases have stated that "the plain and ordinary meaning of the term 'identifier' is easily understood, no construction of this term is necessary." *Aloft Media, LLC v. Microsoft Corp.*, No. 6:08-CV-50, 2009 U.S. Dist. LEXIS 24124, at \*19 (E.D. Tex. Mar. 24, 2009).

## D.     "identified in the Internet by a first identifier," "identified in the Internet by a third identifier," and "identified in the Internet by a second identifier"[4]

Defendant's argument appears to be an attempt to sow confusion where none is present.

---

[3] Similarly, Defendant is wrong to suggest that Luminati's construction permits "fetching local content from local storage devices" (Opp'n at 8) — Luminati has made no such contention, and the preamble clearly requires "fetching … a first content … from a second server identified in the Internet…."

[4] In its brief at p. 19, Defendant included a separate section regarding "identified in the Internet by a second identifier" in the '866 patent but merely states that the argument is the same as for the '044 patent.  Luminati agrees the claim term and scope are the same in both patents.

An identifier is an identifier.  Defendant provides no discussion of what the "overlap in part" might constitute.  Defendant further appears to confuse a device identifier with a content identifier.  One identifies the device, the other content.  The content is typically resident on the device, and any request for content over the Internet typically includes both a server identifier such as a domain name (that generally corresponds with an IP address).  For example, if someone wanted to learn about the history of Marshall, Texas, they could request http://www.marshalltexas.net/visitors/history/.  That request includes the identifier of the target server (http://www.marshalltexas.net) as well as the content identifier in the URL (uniform resource locator) that identifies the content itself at that domain (e.g., http://www.marhsalltex.net/visitors/history/, which asks for the default content resident in the history folder).  A request for the content at http://www.marshalltexas.net will provide the default content at that domain (generally the website's home page). The '044 and '866 patents expressly set this forth the use of domain names and URLs as embodiments of the patent claims, but it is unclear whether Defendant would then argue that is within or outside the scope of the claims as they have construed them.  Defendant is attempting to add this "separate but maybe overlapping" language when the claim itself makes clear that the various devices and content have identifiers but that otherwise they are not restricted.  Additionally, the example given in this paragraph is non-limiting because the patent specifications make clear that content is a broad concept and that identifier can be any identifier and need not be limited to IP and URL addresses.

Defendant also argues that the prosecution history is relevant because the examiner of the '044 patent application found no prior art that requested both the first content identifier and the second identifier.  However, the patentee never argued and the examiner never found that the term "identifier" was limiting or had more restricted meaning in reaching that determination.  There

was no prosecution history estoppel or narrowing amendment, so this cannot give rise to a reason to import additional limitations.

      **E.**    **"receiving the second identifier from the first server" and "sending a second request to the second device using the second identifier, the second request includes the first content identifier and the third identifier," and**

      **H.**    **"sending the second identifier to the first server," "receiving a second request from the first device, the second request includes the first content identifier and the third identifier," and "in response to receiving the first content, sending the first content to the first device using the first identifier"**

Defendant's constructions include and build on the errors of the constructions proposed in Section D above. Defendant also adds restrictions that are not in the claim at all, such as redefining "second identifier" in a way that the claims do not require. For example, a "second identifier" can identify a second device in the Internet without using its address. It could, for example, use a unique code that can be used to identify the second device that is not the device's address but may, for example, be associated with an address in a separate look-up table. If a second device is uniquely identified as "Device#A03F378B1" or by a session ID associated with the second device, then it meets the claim requirement but not Defendant's proposal. This is similar to the use of domain names. The domain name itself is not an IP address, but when a browser uses the domain name in a request, a DNS (Domain Name Server) will find the IP address to send the request. Under Defendant's construction, a domain name would not be an "identifier" in the Internet because it is not itself the IP address, but the specifications of the asserted patents clearly indicate that domain names are used to identify servers in the Internet. *See* '044 pat., 50:18-31; 72:52-55; 75:48-63; 124:26-38. Defendant's construction is wrong.

Defendant then argues that Luminati's alternative constructions are inconsistent with its position, but they are not. In both cases, Defendant's proposal improperly imports limitations not found in the claim. The Court should just find that these terms have their plain and ordinary

meaning.  Additionally, since Defendant proposes that the steps in claim 108 are performed by the second device, that is further evidence that the claim is not indefinite.

### F. & G.  "multitasking or multiprocessing" and "proximity to the second server" are no longer disputed

BI Science both refuses to agree to Luminati's proposals but also "is not challenging" them. The Court should give the terms the same meaning it did in the *Tesonet* lawsuit.

### I.       The preamble of '866 patent claim 15 is limiting

There appears to be no real dispute here.  To the extent there is any confusion, Luminati agrees the preamble is limiting.

### J. & K. "First server" and "a group of multiple devices"

Defendant's "first server" definition has the same flaws as its other device and server definitions, where it adds the term "separate" without explanation and in a way that will only cause confusion.  *See* Section II.B.2, *infra.*   Also, the term "first server" itself does not require content to be fetched from it, so the definition is clearly wrong.  The proposed construction of "group of multiple devices" that replaces the easily understood word "multiple" with the legal term "plurality" and then adds incorrect requirements such as "internet content" are also incorrect. These terms are easily understood by a jury as they are.

### L.       Partitioning the content into a plurality of content slices

Defendant also asserts that '866 patent claim 15 is indefinite.  It did not explain its position on this point in its Patent Rule 4-2 disclosures and should not be able to present this argument for the first time in its brief.  It also submitted no supporting testimony or evidence.   In the prior *Tesonet* lawsuit the defendants did not even question the definiteness of the claim. The questions raised by Defendant are not real questions, and they are easily answered: the method is performed by the device that performs the method, and it performs all the steps of the method.  It is the device

that fetches the content over the Internet as recited at the beginning of the preamble, it partitions the content using a content slice identifier, it selects a device from a group, it sends a request to the selected device, and receives a content slice and constructs the content from the received content slices.  A POSA would clearly understand a device that performs those steps practices the patent claim.  Dr. Rhyne provided analysis as to why the claim is definite.  Rhyne Dec., ¶¶ 20-25. Defendant takes issue with Dr. Rhyne saying he did not perform as detailed an analysis, but they forget it is Defendant's own burden to prove indefiniteness by clear and convincing evidence, and they have presented none.

As for the proposed alternative construction, it makes no sense.  Defendant's proposal is lengthy and incorrect: "dividing, among a group of multiple devices that is fetching internet content, the internet content to be fetched into a plurality (more than just one) of portions, although the portions can have overlapping content."  Defendant's argument regarding packets is entirely beside the point, mischaracterizes Luminati's position (which does not involve sending or receiving packets but instead is about sending content slices) and does not support its position. Defendant provides the embodiment at Figs. 23-23a that shows a client device performing what Defendant states is "partitioning" but contradicts itself by proposing a construction that requires "dividing, among a group of multiple devices."  As used in the claim, partitioning includes requesting partitioned content in content slices, which can be done by a single device.  The patent specification specifically states that the partitioning can be performed by requesting partitioned content (which the Court quoted in its claim construction in the *Tesonet* lawsuit at p. 23):  "**The content may be composed of inherent or identifiable parts or segments, and the partition may make use of these parts. The content may be a website content composed of multiple webpages, and each slice may include one (or few) webpages.**" '866 pat., 53:36-47; see also

col. 94:23-26; 104:19-22.   Defendant's proposed construction also says content can be overlapping, but not identical, yet the patent very clearly states that the slices can be identical. *See* '866 pat., col. 63:62-63 ("Two or more content parts may be identical and may contain the same data.")   The claim term here is again easily understood and does not mean what Defendant proposes.   The Court should give the term its plain and ordinary meaning.

M.      **"Each content slice containing at least part of the content" and "each content slice … identified using a content slice identifier"**

Defendant provides no reason to change "content slice" to "portion."   Defendant's argument that the content is sent via the Internet has nothing to do with the meaning of the word "content" and therefore is also incorrect.   The content identifier need not be unique either, since the '866 patent expressly states that the content slices can be identical.   '866 pat., col. 63:62-63. The terms should be given their plain and ordinary meaning.

N.      **A plurality of content slices … and for each of the content slices**

To the extent Defendant's argument is based on the preamble not being limiting, Luminati has clarified its position; thus, this issue no longer exists and there is no reason to adopt Defendant's long, convoluted and incorrect construction.   Defendant argues that claim 15 states that the method is for each of the content slices, but it fails to dispute the point in Luminati's opening brief that the method can be performed once but applied for each of the content slices and still meet the claim.   Other than that, Defendant merely attempts to import the specification (specifically Fig. 23a) into the claim, which violates a basic claim construction principle. The Court should find that this limitation has its plain and ordinary meaning.

**O.** **"Selecting a device from the group" and "sending over the Internet a first request to the selected device using the group device identifier of the selected device"**

Defendant cites Dr. Rhyne's discussion of exemplary Fig. 23a as if it is limiting.  Fig. 23a can inform a POSA of meaning, but that is not the same as limiting the claim to the embodiment. *See Plantronics, Inc. v. Aliph, Inc*., 724 F.3d 1343, 1350 (Fed. Cir. 2013) (reversing district court for limiting claim to an embodiment, stating, "The patentee is entitled to the full scope of his claims, and we will not limit him to his preferred embodiment or import a limitation from the specification into the claims.").

**P. & Q. "The first request including the content slice identifier and the second identifier" and "The partitioning is based on webpages level"**

Defendant adds no new argument and simply refers to its prior argument as to these terms. For the same reasons set out above, Defendant's construction is erroneous.

**R.** **All of the parts of the content are included in all of the content slices**

Defendant asks questions that Dr. Rhyne already answered in his declaration at paragraph 26.  He clearly identifies that to a POSA this refers to the content.  No one has argued that it would refer to an index that is not itself the totality of the content.  Defendant also asserts that the language is not in the specification except for the places it is in the specification—it is in the specification. Defendant has presented no evidence or expert testimony to meet its high burden of proving indefiniteness by clear and convincing evidence.

**S.** **Part of the content is included in two or more content slices**

Defendant is improperly attempting to redefine content as "internet content," which is an unclear term given that the claimed content exists on the second server, whether or not it will be "fetched over the Internet." Opp'n at 28. Luminati's proposal is straightforward and matches the claim language.

10

Dated: November 14, 2019

Respectfully submitted,

By: */s/Robert Harkins*

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Robert Ruyak
Corrine Saylor Davis
Ronald Wielkopolski
RuyakCherian LLP
1700 K St. NW, Suite 810
Washington, DC 20006

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA  94702

Attorneys for Plaintiff
Luminati Networks Ltd.