IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § § | |
| v. | § § § | Case No. 2:18-CV-00483-JRG |
| BI SCIENCE INC. | § § § | FILED UNDER SEAL |

**PLAINTIFF LUMINATI'S OPPOSED MOTION TO**
**<u>COMPEL PRODUCTION OF DOCUMENTS</u>**

## I. INTRODUCTION

BI Science (2009) Ltd. (a/k/a BI Science Inc. "Defendant" or "BI Science") is in violation of the Discovery Order (Dkt. 62) and this Court's Local Patent Rules. Defendant has produced virtually no documents to date and has objected to producing even the most basic financial documents and supporting agreements, third party communications referencing Plaintiff, the Asserted Patents or this litigation, documents obtained by BI Science from Luminati, and BI Science's communications with Luminati employees on the unsupportable basis that they are irrelevant to this case. Luminati requests an order from the Court requiring that Defendant immediately produce all responsive documents under the Local Rules and the Parties Discovery Order as further identified herein and any and all additional relief that the Court may deem appropriate.

## II. BACKGROUND

BI Science is obligated to produce relevant documents without the need for requests for production. Luminati also provided BI Science with a letter identifying a specific and non-exhaustive list of 68 categories of relevant documents on September 18, 2019 to aid BI Science's collection and production of documents. BI Science never responded to this letter and did not produce any documents by the substantial completion deadline of October 15, 2019 (Dkt. 102). BI Science belatedly produced very few documents weeks after Luminati was forced to serve a discovery deficiency letter on October 23, 2019.

By October 15, 2019, Defendant had only produced 628 pages of documents comprising generally limited to screenshots from Defendants' website and the prior art and extrinsic claim construction evidence served as part of Defendants' P.R. 3-4 and Pr. 4-2 disclosures. Instead of producing documents on the deadline, BI Science represented that it was encountering "technical difficulties" and would produce documents in the "next few days." Wielkopolski Declaration at

2. Having received no additional documents, Luminati promptly served a discovery deficiency letter on October 23, 2019 requesting a meet and confer pursuant to local rule 7(h). Exhibit A. Over two weeks after the substantial completion deadline, Defendants belatedly produced about 995 pages of documents on November 1, 2019, followed by a subsequent production of 1,524 pages on November 5.  These productions also consist almost entirely of multiple duplicative images from Defendants' website and marketing materials related to Defendants' non-accused data center proxy service with only a very few non-duplicative, non-cumulative, relevant documents. Defendant clearly has withheld entire categories of relevant documents from its barebones productions.

On November 5, 2019, the parties met and conferred regarding Defendants' discovery deficiencies. During the call, counsel for Defendant requesting that Luminati review the documents being produced that day and stating that it was willing to "shake the tree" for more documents.  The promised production provided virtually no non-duplicative documents and Defendant's subsequent November 6, 2019 interrogatory responses wrongly asserted that broad categories of documents identified in the September 18, 2019 letter and discussed herein are not relevant.

### III.   DOCUMENT PRODUCTION DEFICIENCIES

Pursuant to paragraphs 3(b) and (c) of the Discovery Order (Dkt. 62), BI Science has an obligation to "produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action…" and "produce or permit the inspection of documents or other evidentiary material on which [a complete computation of any category of damages claimed by any party to the action] is based, including materials bearing on the nature and extent of injuries suffered." Despite this action involving claims of patent

infringement, trade secret misappropriation, false advertising, and tortious interference with current and prospective business relationships, and counterclaims of non-infringement, invalidity (including obviousness), and false advertising, Defendant has produced few documents relevant to these claims and the associated damages.

    A.    *Financials*

Other than a single spreadsheet that appears to show residential IP service revenue by unnamed U.S. customers since May 2017, and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, Defendant provided **zero** financial documents related to the Accused Instrumentalities including documents showing its revenues and costs associated with the Accused Instrumentalities or any related products. Defendant has not produced any documents identifying its customers[1] or agreements or correspondence between BI Science and third parties regarding the Accused Instrumentalities including but not limited to (a) suppliers, (b) resellers, (c) distributors, (d) importers and/or (e) customers.

These documents are clearly relevant and must be produced under the Discovery Order and Local Rules. Plaintiff respectfully requests that the Court order BI Science to produce the following: all agreements and correspondence regarding the Accused Instrumentalities;[2] all documents showing revenues, sales, earnings, profits, losses, costs, return on investment, projections related to the Accused Instrumentalities and other proxy products that BI Science may sell on a monthly basis or the next closest billing cycle used by BI Science; all other

---

[1] In its response to Interrogatory No. 2, BI Science objected to identifying "all customers" for its residential proxy services as "overly broad and not relevant." Instead, BI Science points to a single spreadsheet in which all the names of its customers have been replaced with identification numbers. Luminati, a much bigger company with far more customers, has produced this information to BI Science.

[2] In its response to Interrogatory No. 20, BI Science objected to identifying "communications between Defendant and third parties involved in the sale of Defendant's Residential Proxy Service, including resellers and distributors" as "not relevant."

financial information related to the Accused Instrumentalities; documents that identify BI Science's revenue and network traffic that show a) the location of the customer; the location of the residential proxies; (c) the location of BI Science's servers; and (d) the information sought in (a)-(c) above for Defendant's other services to the extent that they rely upon the Accused Instrumentalities, such as AdClarity. Plaintiff also requests an order requiring BI Science to produce: (e) documents showing the compatibility of BI Science's other services with the Accused Instrumentalities; (f) the same information sought in (a)-(c) above for purported non-infringing alternatives including Defendant's data center proxy service[3]; and (g) any other documents that may be relevant to lost profits, reasonable royalties, or any other damages in this case including but not limited to any license agreements or settlements. These documents are clearly relevant to damages, secondary considerations of non-obviousness (commercial success of the Accused Instrumentalities *vis a vis* data center proxy services), misappropriation, and tortious interference, and BI Science has no basis to withhold them.

### B. BI Science Organizational Documents

Defendant should produce all documents and things identifying Defendant's organizational structure, including the structure regarding its sales, purchasing, research and development, marketing and customer support functions. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Similarly, BI Science has produced none of its board meeting materials which are also relevant to the claims in this case.

### C. Third Party Developers and Partners

Defendant has produced ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉,

---

[3] In its response to Interrogatory Nos. 13 and 14, BI Science objected to providing information regarding data center services and other alternatives to Residential Proxy Services as "not relevant."

4

██████████████████████████████████████████████████

██████████████  ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████. Defendant should produce all agreements regarding development of the Accused Instrumentalities or any purported design-arounds as relevant to infringement.

D.  *Technical Documents*

Defendant has produced no documents identifying or describing the development, implementation, testing, configuration and/or maintenance of the Accused Instrumentalities, including any components provided or operated by third parties.[4]  Similarly, Defendant has produced marketing materials regarding its AdClarity service, which is a product that utilizes BI Science's residential proxy service, but no technical or financial documents regarding BI Science's services that rely upon the Accused Instrumentalities or how such services operate with the Accused Instrumentalities.  Such documents are relevant to Luminati's patent infringement claims.

E.  *Documents, Correspondence, and Advertisements referencing Luminati, the Asserted Patents, or this Litigation*

Defendant have produced no documents, correspondence or advertisements referencing Luminati, Luminati's products and services, this litigation, the Asserted Patents,[5] the inventors of the Asserted Patents, other patents or applications by the same inventors, or any employee of Luminati, including correspondence with third parties such as prospective or current customers

---

[4] In its response to Interrogatory No. 8, BI Science objected to identifying "software development kits and applications, including third-party software development kits and applications, that are or have been used to add proxy devices to Defendant's Residential Proxy Service" for its residential proxy services as "vague, ambiguous, and not relevant."

[5] In its response to Interrogatory Nos. 16, 17 and 18, BI Science objected to providing this information as "not relevant."

of Luminati's services or the Accused Instrumentalities. Such documents are relevant to the issue of willfulness, false advertising and tortious interference.

### F.   *Documents Related to Luminati's Trade Secrets Claim*

Other than a few agreements between Defendant and certain former Luminati employees, Defendant has produced no documents or correspondence regarding current and former Luminati employees that BI Science has contacted, documents or information obtained from such individuals including Alon Ghelber, Samuel Levy and Vadim Feldman, each of whom were former employees of Luminati engaged by BI Science, as well as documents and information gathered from Luminati's computer system, whether directly or via a third party.[6] Such documents are clearly relevant to Luminati's trade secret and tortious interference claims.

### G.   *Defendant Has Produced No Documents Relevant to Numerous Topics at the Heart of Many of the Parties' Claims and Defenses in this Case*

Defendant has produced no documents showing any of its policies or practices related to intellectual property and the licensing thereof as well as any such licenses that BI Science has entered into. In addition, Defendant has produced no documents related to secondary considerations of non-obviousness such as long-felt need, despite BI Science's clear decision to add the Accused Instrumentalities to its pre-existing data server IP service ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Defendant has also produced no documents relating to Defendant's contentions that it does not infringe the Asserted Patents, as well as its other affirmative defenses including invalidity, unenforceability, prior user rights, waiver etc. other than the references cited in Defendant's P.R. 3-4 disclosures. In addition, to the extent applicable, Defendant has produced no documents showing any purported design-arounds or changes to the Accused Instrumentalities in view of the Asserted Patents. Such documents are

---

[6] In its response to Interrogatory Nos. 21-25, BI Science objected to providing this information as "not relevant" and/or "vague, ambiguous, and overly broad."

clearly relevant to the patent infringement claims as well as BI Science's invalidity claims and affirmative defenses.

### H. Documents Related to Mr. Moyal's Investigation of Luminati

Defendants have produced no documents or correspondence regarding Luminati investor iAngels, iAngels representative and wife of Mr. Moyal, Ms. Shelly Hod Moyal, and Mr. Moyal's investigation of Luminati at the request of Ms. Moyal, despite Luminati expressly disclosing this investigation in the complaint at paragraphs 12 to 13 as occurring in May 2015, and such information being clearly relevant to willfulness and misappropriation.[7]

### IV. GIVEN THE STATE OF DEFENDANT'S PRODUCTION LUMINATI WILL NOT HAVE THE DISCOVERY NECESSARY TO CONDUCT INFORMED DEPOSITIONS PRIOR TO THE CURRENT DEADLINE FOR CLOSE OF FACT DISCOVERY

Given the utterly deficient document production from Defendant, Luminati does not currently have the discovery necessary to conduct informed depositions prior to the current deadline for the close of fact discovery. With Defendant agreeing that an extension on fact discovery is necessary (Ex. 2 at 2), separate from this Motion, Plaintiff seeks an extension on the fact discovery and subsequent deadlines to give Plaintiff time to review documents in preparation for depositions.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff Luminati respectfully requests that the above relief including Plaintiff's fees and costs associated with the filing of this motion, and any other sanctions as appropriate.

---

[7] In its response to Interrogatory Nos. 27, BI Science objected to providing this information as "not relevant."

7

Dated: November 14, 2019   Respectfully submitted,

By: */s/ Korula T. Cherian*

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Ronald Wielkopolski
RuyakCherian LLP
1700 K St. NW, Suite 810
Washington, DC 20006

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA  94702

Attorneys for Plaintiff
Luminati Networks Ltd.

-1-

## CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served this 14th day of November 2019, with a copy of this document via electronic mail.

/s/ *Korula T. Cherian*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Korula T. Cherian*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that the counsels for the parties have complied with Local Rule CV-7(h).  Counsel participating include: Sunny Cherian, Robert Harkins, Ron Wielkopolski and Calvin Capshaw on behalf of Plaintiff; Eric Findlay and Debby Gunter on behalf of Defendant.

The meet and confer process regarding the motion to compel began with a written email from Defendant on October 23, 2019, and has continued since that time.  The meet and confers have consisted of a telephonic conference on November 5, 2019 and subsequent emails between the parties.  Having exchanged positions, Defendant represented that it was producing additional documents the same day as the meet and confer, however Defendant only produced a negligible number of documents.  Given the small production and Defendant's objection in its interrogatory responses to producing many relevant categories of documents the parties have been unable to come to an agreement and are at an impasse. Defendant opposes this motion.

/s/ *Korula T. Cherian*