**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § § § | |
| v. | § § | Case No. 2:18-CV-00483-JRG |
| BI SCIENCE INC. | § § § | |

**PLAINTIFF LUMINATI'S OPPOSED MOTION TO COMPEL
<u>PRODUCTION OF ELECTRONIC DISCOVERY</u>**

*Two months* after Luminati served its requests for electronic discovery on BI Science (2009) Ltd. (a/k/a BI Science Inc. "Defendant" or "BI Science"), Luminati has not received *any* electronic discovery.  After the 30-day period to respond passed with no objections from Defendant and no documents produced, Plaintiff served a deficiency letter on December 12, 2019 ("Deficiency Letter," Exhibit B).  Defendant was unable to meet and confer until December 30, 2019, during which Defendant promised to provide the number of documents identified by the search terms.  More than a week later, BI Science has still not produced any electronic discovery or even the number of search results.  The deficiencies addressed herein are in addition to Defendant's failure to provide non-electronic discovery, which is the subject of a separate pending motion to compel (ECF 120).

This matter is becoming urgent given the schedule.  The end of fact discovery was previously set for January 13, 2020 (ECF 59), but due to Defendant's prior failure to produce documents, Luminati agreed to push back the date as far as possible while maintaining the trial date.  The fact discovery deadline, now set for February 28, 2020 (ECF 124), currently includes international depositions that have not been scheduled because Defendant has simply refused to comply with its production obligations. Defendant's complete failure to produce e-mail and other e-discovery that is the subject of this motion is just the latest version of the problem.

Luminati cannot afford to continue to wait.  The parties are running out of time, and they are at an impasse since Defendant has not even identified the number of responsive documents, much less produced any of them more than a month after they were due.  Defendant did not object within the time period for a response under Fed. R. Civ. P. 34, so any objections are waived.  Luminati seeks an order from the Court requiring Defendant to promptly produce all

non-privileged electronic discovery responsive to Luminati's search terms[1], and all additional relief that the Court may deem appropriate.

I. **BACKGROUND**

The E-Discovery Order ("E-Discovery Order," ECF 107) was issued on October 10, 2019. Pursuant to the Order, Luminati served a letter on October 29, 2019 (Exhibit A) identifying ten searches and five BI Science custodians, followed by a letter on November 5, 2019 identifying an additional three BI Science custodians and the same ten searches.

Having received no productions of electronic discovery after waiting more than a month, Luminati served the Deficiency Letter on BI Science on December 12, 2019. Despite having served no objections or otherwise raised any issues with the search terms, counsel for BI Science sent an email on December 13, 2019 asserting for the first time that BI Science has not waived its objections and that "our client has run a test search with the parameters provided and has concluded that the terms are too broad to provide relevant emails."

While Luminati repeatedly requested a meet and confer, including in the Deficiency Letter, opposing counsel was unable to meet and confer until December 30, 2019. During the meet and confer, counsel for BI Science represented that most of the searches had returned responsive documents in the hundreds, but BI Science asserted that other searches were too broad as they returned documents in the thousands. Luminati asserted that thousands of documents in response to a request is a reasonable number of documents and requested the actual number of documents identified by these searches. BI Science could not provide the numbers during the meet and confer, but it agreed to do so following the conference. Over a week has

---

[1] Defendant has yet to assert privilege regarding any documents and has not produced a privilege log, but it redacted previously produced documents without explanation. Luminati requests that the Court order BI Science to produce the electronic discovery **without redactions**. To the extent that Defendant redact or withhold information on the basis of privilege, Defendant should be compelled to produce a privilege log identifying the withheld information accordingly.

2

passed since the meet and confer, and BI Science has not provided follow up information. Luminati has still not received any electronic discovery or information regarding the number of documents identified by the searches.

## II.    ARGUMENT

Pursuant to the E-Discovery Order, each party is permitted to serve up to ten search terms for up to eight custodians per party. E-Discovery Order at 8-9 (ECF 107). Luminati served ten search terms that were narrowly tailored to specific issues through the use of conjunctive combinations and even limits on spacing between conjunctive combinations (i.e. residential w/5 IP!). *See* Exhibit A.

Pursuant to Fed. R. Civ. P. 34(b)(2)(A), "[t]he party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." BI Science had 30 days to respond to each request or provide its objections. BI Science did not respond and accordingly waived any objections to Luminati's requests. *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived"); *see also Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991) ("Fed. R. Civ. P. 34(b) requires that a party upon whom a request for discovery is served respond within thirty days, either stating its willingness to comply or registering its objections. If the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections."); *see also Express Lien, Inc. v. Nat'l Ass'n of Credit Mgmt.*, No. 13-3323, 2014 U.S. Dist. LEXIS 200926, at *10 (E.D. La Mar. 20, 2014)("[Defendant] failed to follow the federal rules and has now waived any objection to production in native format.").

3

Defendant has no basis to continue withholding the electronic discovery requested two months ago. With the close of fact discovery approaching on February 28, 2020 and Luminati's need for electronic discovery to prepare for the anticipated depositions, Luminati cannot continue to wait on this discovery without suffering prejudice.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Luminati respectfully requests the above relief, including Plaintiff's fees and costs associated with the filing of this motion, and any other relief or sanctions that the Court may deem appropriate.

Dated: January 8, 2020

Respectfully submitted,

By: */s/ Korula T. Cherian*

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Ronald Wielkopolski
RuyakCherian LLP
1700 K St. NW, Suite 810
Washington, DC 20006

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94702

Attorneys for Plaintiff
Luminati Networks Ltd.

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that the counsels for the parties have complied with Local Rule CV-7(h). Counsel participating include: Sunny Cherian, Ron Wielkopolski and Calvin Capshaw on behalf of Plaintiff; Eric Findlay and Debby Gunter on behalf of Defendant.

The meet and confer process regarding the motion to compel began with a written letter from Plaintiff on December 9, 2019, and has continued since that time. The meet and confers have consisted of a telephonic conference on December 30, 2019 and subsequent emails between the parties. Having exchanged positions, Defendant agreed to identify the number of documents returned in response to the larger searches, but has not done so as of the filing of this motion. Given the continued disputes, the parties have been unable to come to an agreement and are at an impasse. Defendant opposes this motion.

/s/ *Korula T. Cherian*