IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:18-cv-483-JRG |
| | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| BISCIENCE INC. | § | |
| | § | |
| Defendant. | § | |

**<u>DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>**

Defendant BIScience (2009) Ltd. (which Plaintiff alleges is also known as BIScience Inc.) (hereinafter referred to as "BIScience") hereby files this response to Plaintiff Luminati Networks Ltd.'s ("Luminati") Motion to Compel Responses to Plaintiff's First Set of Interrogatories.

## I.   INTRODUCTION

Plaintiff Luminati Networks Ltd. ("Luminati") is the largest proxy service provider in the world. Luminati was acquired by EMK Investment in 2017 at a $200 million valuation. Upon information and belief Luminati's sole business involves the residential proxy service. In contrast, BIScience is a much smaller company that also provides a proxy service, but at a much smaller scale than Luminati. BIScience's proxy service software (the accused instrumentality), GeoSurf, is only a part of BIScience's business. BIScience has a handful of employees dedicated to GeoSurf compared to the hundreds of people Luminati employs. In an effort to strong arm the competition into settling or selling their businesses, Luminati has filed several lawsuits in the Eastern District of Texas, including the present case. Luminati previously filed a motion to compel against BIScience and now has filed two more motions to compel against BIScience. The timing of these motions deserves at least some consideration.

The first motion to compel was filed on November 14, 2019 (Dkt. No. 120) a little over a month before the scheduled mediation between the parties on December 18, 2019. The present motion was filed on January 8, 2020 (Dkt. No. 133) along with another Motion to Compel Production of Electronic Discovery (Dkt. No. 134). On the same date, Luminati finally made a settlement offer weeks after an unsuccessful mediation and representing that it would make this settlement offer within after mediation. It is reasonable to assume that this was no coincidence, but a strategy to attempt to force settlement on Luminati's terms. Regardless, BIScience has

2

engaged in discovery and even supplemented its discovery responses despite that the costs and legal fees incurred greatly outweigh any damages claimed in this matter.

Although Plaintiff complains of BIScience's interrogatory answers, interestingly, Plaintiff does not attach the supplemental answers which supposedly form the basis of Plaintiff's motion. BIScience has attached the supplemental responses to its Response as Exhibit 1, which reflects that Interrogatories 8, 9, 12, 15, 17, 18, 19, 21, 23, 24, 25, 27, 28, 29, and 30 were supplemented based on Plaintiff's complaints, and in an attempt to avoid burdening this Court with additional motion practice.

## II.   INTERROGATORIES AT ISSUE

### A.   Financials and Identities of Customers

Luminati complains that BIScience has produced no financial documents related to the Accused Instrumentalities other than a spreadsheet and server supplier invoices. This is the same complaint raised in Luminati's first Motion to Compel (Dkt. No. 12). The spreadsheet, however, does provide extensive financial information regarding GeoSurf including residential monthly revenue per customer. Luminati's main complaint is that BIScience has not provided individual customer names, which BIScience has objected to as overly broad and not relevant. The spreadsheet lists customers by an identification number rather than a personal name. Luminati and BIScience are engaged in businesses where anonymity is paramount. Providing customer names is not relevant to any claim or defense asserted in this matter. Luminati has not provided any reason why the customer names are relevant or related to any claim or defense, nor has Luminati provided any authority for discovery of every BIScience customer name. Due to the sensitive nature of that information, BIScience has not provided customer names absent a reasonable explanation of why it is relevant or necessary.

### B. Data Center Proxy Service

Luminati claims that BIScience should provide discovery related to BIScience's data center proxy service. The accused product in this case is the GeoSurf residential proxy service, not the data center proxy service. The Asserted Patents, according to Plaintiff's Complaint, are "directed toward methods for fetching content over the Internet through the use of intermediary tunneling devices." *See* Dkt. No. 28, Amended Complaint for Patent Infringement. BIScience's data center proxy service has been in existence since 2009 and does not operate in the manner Geosurf does. They are two different services. Plaintiff has provided no reason or basis for the discovery of the data center proxy service. Plaintiff asserts that it is at least relevant to patent damages, but does not provide an explanation or any support for that statement. Since BIScience's data center proxy service is not an accused product or even a reasonably similar product, BIScience has not provided discovery on this unrelated service.

### C. Technical Documents

Luminati complains about three interrogatory answers (Nos. 5, 6, and 7) claiming that the responses were "incomplete." However, Luminati failed to mention that objections were asserted as to Interrogatories 5 and 6, specifically identifying the overly broad nature of the interrogatory. Luminati made no attempt to narrow the interrogatories or explain why the interrogatories were not overly broad. BIScience stands on its objections to Interrogatory Nos. 5 and 6. With respect to Interrogatory No. 7, Luminati requested identification of all domain names and/or IP addresses that are used by the residential proxy service and some other information, per FRCP 33(d), BIScience referenced certain bates labeled documents containing that information. BIScience is not in possession of any agreements with owners.

### D. Communications Referencing Plaintiff, the Asserted Patents or this Litigation and Communication with Competitors, Resellers, and Distributors of the Accused Product

Plaintiff complains that BIScience provided "incomplete or no substantive responses" to Interrogatories 16, 17, 18, 20 and 30. *See* Dkt. 133, p. 5-6.

With respect to Interrogatory No. 16, here is the interrogatory and answer:

**INTERROGATORY NO. 16:**

Identify all communications between Defendant and third parties referencing Plaintiff, the Asserted Patents, or this litigation including but not limited to the identity of the third party and the date and subject matter of the communication.

**ANSWER:**

Defendant objects to this interrogatory on the basis that it is overly broad requesting "all communications between Defendant and third parties referencing Plaintiff", vague and ambiguous with respect to "third parties", requests information protected by attorney client privilege or work product doctrine, and not relevant to any claims or defenses in this matter.
(Ex. 1, p. 12). BIScience stands by its objections asserted.

Interrogatory No. 20 is similar to 16 requesting "all communications between Defendant and third parties involved in the sale of Defendant's Residential Proxy Service…". BIScience asserted similar objections to Interrogatory No. 16 in response. Both of these interrogatories are extremely overly broad. If Luminati was truly pursuing relevant information, it could have easily crafted more narrowly tailored interrogatories to obtain that information.

With respect to Interrogatory No. 17, Plaintiff makes an attempt to at least narrow part of the interrogatory. The interrogatory and answer are as follows:

**INTERROGATORY NO. 17:**

5

Identify all communications between Defendant and third parties involved in Residential Proxy Services including competitors offering residential proxy services suppliers providing residential IP proxies for use in Residential Proxy Services including but not limited to UAB Tesonet Ltd., UAB Teso Ltd., UAB Metacluster Ltd., IP Ninja Ltd., including but not limited to the identity of the third party and the date and subject matter of the communication.

**ANSWER:**

Defendant objects to this interrogatory on the basis it is not relevant to any claims or defenses in this matter and overly broad requesting "all communications between Defendant and third parties involved in Residential Proxy Services." Subject to and without waiving the foregoing objections, below is a list of suppliers Defendant has communicated with in order to buy residential proxies:

| Supplier | Subject | Periods |
| --- | --- | --- |
| Netnut | Buy residential proxies in wholesale to supplement Defendant's own DB of residential IPs | Aug 2017 |
| Smartproxies | Buy residential proxies in wholesale to supplement Defendant's own DB of residential IPs | Nov 2018 |
| Packetstream | Buy residential proxies in wholesale to supplement Defendant's own DB of residential IPs | 2019 |
| UAB Teso | Buy residential proxies in wholesale to supplement Defendant's own DB of residential IPs | June 2019 to July 2019 |
| Microleaves | Buy residential proxies in wholesale to supplement Defendant's own DB of residential IPs | Jan 2017 |
| ServersGets | Buy residential proxies in wholesale to supplement Defendant's own DB of residential IPs | Nov 2018 |

| | | |
|---|---|---|
| IPNinja | Buy residential proxies in wholesale to supplement Defendant's own DB of residential IPs | Jan 2019 |

- The scope of such discussions with the above mentioned third parties only involved asking for a quote from such providers to supplement Defendant's core database of residential proxies and in some cases this resulted in an engagement and in other cases, it did not.

(Ex. 1, pp. 13-14). It is unclear from Plaintiff's Motion what the claimed deficiency is with respect to this interrogatory. Despite the continued overly broad interrogatory language, BIScience provided a sufficient answer.

With respect to Interrogatory No. 18, BIScience responded without objection and provided a blog from its website. Apparently, BIScience did not include the blog entry Plaintiff attached to its Amended Complaint (Dkt. No. 28-3). BIScience will certainly supplement its interrogatory answer to include the blog entry Plaintiff already has in its possession if that resolves the issue.

With respect to Interrogatory No. 30, that interrogatory requested a broader version of information included in Interrogatory No. 18 (see Ex. 1, p. 20), and BIScience objected to the overly broad nature of the interrogatory and subject to those objections, referred to Interrogatory No. 18 and its website. Plaintiff misrepresents BIScience's answer to Interrogatory No. 30 in its Motion to Compel combining it with Interrogatory No. 18, and Plaintiff's complaint regarding this interrogatory is not clear in the Motion.

      E.      **Interrogatories- No. 23, 25, and 27**

With respect to Interrogatory No. 23 and 25, subject to objections, BIScience clearly asserted it does not have any documents responsive to those interrogatories. *See* Ex. 1, pp. 16-18. Plaintiff's complaint appears to only be that the answers are not verified. BIScience is providing a verification of its Supplemental Answers to Interrogatories.

With respect to Interrogatory No. 27, BIScience objected to, but provided an answer to this interrogatory. Plaintiff's complaint seems to be that there is "inconsistency" with a date mentioned in the answer, and a pursuit of more information than the interrogatory even requests. The complaint appears to question the answer itself, which is not a basis to include in a motion to compel.

## CONCLUSION

For all of these reasons, BIScience respectfully requests that the Court deny Plaintiff Luminati Networks Ltd.'s Motion to Compel Responses to Plaintiff's First Set of Interrogatories.

Dated: January 22, 2020

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay (TX Bar No. 00789886)
Brian Craft (TX Bar No. 04972020)
Debby Gunter (TX Bar No. 24012752)
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com
Email: dgunter@findlaycraft.com

Ronald Abramson
M. Michael Lewis
Liston Abramson LLP
405 Lexington Ave.
46th Floor
New York,, NY 10174
212-257-1630
Fax: 917-633-5568
ron.abramson@listonabramson.com
michael.lewis@listonabramson.com

***ATTORNEYS FOR DEFENDANT BISCIENCE***

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. This document will be served on Defendant in accordance with the Federal Rules of Civil Procedure.

*/s/  Eric H. Findlay*
Eric H. Findlay