# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **LUMINATI NETWORKS LTD.** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 2:18-cv-483-JRG** |
| | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **BISCIENCE INC.** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S OBJECTIONS AND SUPPLEMENTAL ANSWERS TO**
**PLAINTIFF LUMINATI'S FIRST SET OF INTERROGATORIES NOS. 1-35**

COMES NOW Defendant BIScience (2009) Ltd., which Plaintiff alleges is also known as BIScience Inc., ("BIScience" or "Defendant") and serves its Objections and Supplemental Answers to Plaintiff Luminati Networks Ltd.'s ("Luminati") First Set of Interrogatories Nos. 1-35.

**GENERAL OBJECTIONS**

Defendant has not completed its fact investigation, discovery nor has it retained experts to formulate opinions to be given at trial. All of the answers contained herein are based on information and documents presently known. Further discovery, including but not limited to email production may supply additional facts and provide additional support for Defendant's positions and defenses in the present case. Defendant will supplement these interrogatories, as needed, in accordance with the Federal Rules of Civil Procedure and the Court's Docket Control order.

Defendant objects to each of Plaintiff's Interrogatories, including but not limited to the "Definitions" set forth therein including (but not limited to) "communication", "documents", and "identify and identification of" and the "Instructions" as they are overly broad and impose

1

requirements that are different from, or in addition to, those imposed by the Federal Rules of Civil Procedure or other applicable rule or statute. This objection is incorporated by reference into each of the following individual Answers, as though fully set forth therein, even if not specifically referred to in such Response. Defendant also objects to these interrogatories on the basis that the interrogatories and sub-parts exceed the limits imposed by the Court. Subject to and without waiving this General Objection, Defendant sets forth its specific objections and supplemental answers to the numbered interrogatories below.

## SPECIFIC OBJECTIONS AND SUPPLEMENTAL ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all Residential Proxy Services that the entity developed, used, provided, sold or offered to sell, or has plans to do so in the future.

**ANSWER:**

Defendant objects to identifying all residential proxy services that BIScience plans to develop or sell in the future on the basis that it is vague, ambiguous, and not relevant to the claims or defenses asserted in the present case. Subject to and without waiting the foregoing objections, the only residential proxy service BIScience has developed and offered to sell is GeoSurf.

**INTERROGATORY NO. 2:**

For each service or product identified in your response to Interrogatory No. 1 above, identify all customers of each Residential Proxy Service by month, or closest regular invoicing time period, for the Relevant Time Period and agreements between those customers and Defendant.

**ANSWER:**

2

Defendant objects to this interrogatory on the basis that identifying "all customers" and "agreements" between those customers and Defendant is overly broad and not relevant to the claims or defenses asserted in the present case. Subject to and without waiting the foregoing objections, per Rule 33(d) of the Federal Rules of Civil Procedure, please see documents produced and bates labeled BISCI_00773.

**INTERROGATORY NO. 3:**

For each service or product identified in your response to Interrogatory No. 1 above, provide all relevant sales, revenue, profit and cost information related to the service or product, including volume of traffic in gigabytes, revenue, cost and profit information related (directly or indirectly) to the Accused Instrumentalities within the United States based upon Residential Service Proxy customers located in the United States and Residential Service Proxy customer who initiate requests through the service from the United States by month, or closest regular invoicing time period, for the Relevant Time Period.

**ANSWER:**

Per Rule 33(d) of the Federal Rules of Civil Procedure, please see documents produced and bates labeled BISCI_001358-BISCI_001359, BISCI_00773.

**INTERROGATORY NO. 4:**

For each service or product identified in your response to Interrogatory No. 1 above, provide all relevant sales, revenue, profit and cost information related to the service or product, including volume of traffic in gigabytes, revenue, cost and profit information related (directly or indirectly) to the Accused Instrumentalities within the United States based upon the use of Residential Service

proxy devices located in the United States by month, or closest regular invoicing time period, for the Relevant Time Period.

**ANSWER:**

Per Rule 33(d) of the Federal Rules of Civil Procedure, please see documents produced and bates labeled BISCI_001358-BISCI_001359, BISCI_00773.


**INTERROGATORY NO. 5:**

For each service or product identified in your response to Interrogatory No. 1 above, identify all servers used to implement Defendant's Residential Proxy Service including the Accused Instrumentalities, whether or not owned by Defendant or a third party, such as for example the authentication of client and proxy devices, including the gateway used by GeoSurf, by location, including city, state and country by month, or closest regular invoicing time period, for the Relevant Time Period.

**ANSWER:**

Defendant objects to identifying all servers used to implement residential proxy services on the basis that it is overly broad, vague and ambiguous.  Subject to and without waiting the foregoing objections, per Rule 33(d) of the Federal Rules of Civil Procedure, please see documents produced and bates labeled BISCI_001359.


**INTERROGATORY NO. 6:**

For each server identified in response to Interrogatory No. 5, identify the party who owns the server, all agreements between Defendant and the server owner, and all financial transactions between Defendant and the server owner.

**ANSWER:**

Defendant objects to identifying "all financial transactions" on the basis that it is overly broad. The following parties own the servers used by GeoSurf: Packetstream, Serverloft, SmartProxy, and Serversget.  Per Rule 33(d) of the Federal Rules of Civil Procedure, please also see documents produced and bates labeled BISCI_001304, BISCI_001488-BISCI_001489–Packetstream; BISCI_001508-BISCI_001546–Serverloft;    BISCI_001387,    BISCI_001549-BISCI_001550–SmartProxy; BISCI_001547- BISCI_001548 – Serversget.

**INTERROGATORY NO. 7:**

Identify all domain names and/or IP addresses for public and/or external servers that have been and are used for the Residential Proxy Service including by domain name, IP address and owner, as well as any agreements between the owner(s) of these domain names and Defendant during the Relevant Time Period.

**ANSWER:**

Per Rule 33(d) of the Federal Rules of Civil Procedure, please see documents bates labeled BISCI_001487, BISCI_00905, BISCI_001122.

**INTERROGATORY NO. 8:**

For each service or product identified in your response to Interrogatory No. 1 above, identify all software development kits and applications, including third-party software development kits and applications, that are or have been used to add proxy devices to Defendant's Residential Proxy Service during the Relevant Time Period, and to the extent that Defendant's Residential Proxy Service relies on third parties to provide proxy devices, all agreements and invoices between

5

Defendant and these third parties during the Relevant Time Period.

**ANSWER:**

Defendant has previously provided source code for Plaintiff to review. The residential devices are based on Windows software and in the past, BIScience has used 3proxy (no longer used), OpenSSH, Putty, and OpenVPN. BIScience distributes its core residential proxy client through the distribution of the app Urban VPN which is distributed through www.urban-vpn.com website from which users can download BIScience's software. BIScience currently has one distributor beyond the website which is a company called Rapid Repaid which specializes in Windows based app distribution. In the past, BIScience has also used Amonetize.


**INTERROGATORY NO. 9:**

On a limitation-by-limitation basis, please state all factual and legal bases for all assertions and/or contentions that you are not liable for infringement of the Asserted Claims.

**ANSWER:**

Defendant objects to this interrogatory on the basis that it is overly broad, a premature contention interrogatory as the deadlines relating to expert disclosures and reports have not occurred per the Court's Docket Control Order. Subject to and without waiving the foregoing objections, please see the following:

Plaintiff has failed to establish that Defendant practices or contributes to the practice of all of the limitations of any of the claims as properly construed. Defendant reserves the right to amend the positions stated herein in response to any amendments or further detail on infringement theories provided by Plaintiff, such as in an expert report.

Plaintiff has failed to establish that Defendant provides or contributes to the arrangement of

devices and servers identified in the preambles of '044 Patent Claims 81 and 108, and '866 Patent Claim 15. Plaintiff has failed to establish that Defendant provides the first server (acceleration server).

Plaintiff has failed to establish that the accused systems send a first request to the first server, receive the second identifier from the first server, and send a second request to the second device using the second identifier when the second request includes the first content identifier and the third identifier.

Plaintiff has failed to establish that the accused systems send the second identifier to the first server, receive a second request from the first device, the second request including the first content identifier and the third identifier, in response to receiving the second request, send the first content identifier to the second server using the third identifier, and in response to receiving the first content, send the first content to the first device using the first identifier.

Plaintiff has failed to establish that the accused systems communicate in the arrangement required by the claims, since the first server (acceleration server) is absent, and the first device does not communicate with the second device or group of devices. The accused systems do not use the first identifier, second identifier, third identifier, and group identifiers in the manner required by either the independent Claims or the dependent Claims. For example, the first and third identifiers are not sent in a message, and the first content identifier is not sent using the third content identifier. Therefore, Plaintiff has failed to establish any particular order or temporal relationship among the steps.

Plaintiff has failed to establish the existence of a fourth or fifth identifier, a third device, a third request, a third server, selection of a device, any selection is random, as required by the claims but instead appears to be double-counting previously (incorrectly) accused portions. Any

communications between the absent components are not present.

Plaintiff has failed to establish any differences or similarities between content fetched according to the method required by the claims.

Plaintiff has failed to establish that the accused systems partition the content into a plurality of content slices, each content slice containing at least part of the content, and identified using a content slice identifier.

Plaintiff has failed to establish that, for each of the content slices, anything selects a device from the group. Plaintiff has failed to establish that, for each of the content slices, anything sends over the Internet a first request to the selected device using the group device identifier of the selected device, the first request including the content slice identifier and the second identifier, in response to receiving the sent first request by the selected device, receives over the Internet the content slice from the selected device, or constructs the content from the received plurality of content slices. The Claims of both the '044 and '866 require a different set of devices (e.g., an acceleration server) and a different flow of communication between the first device and the second device than is present in the closest equivalents within the accused systems.

Because Plaintiff has failed to establish that the claimed partitioning occurs, none of the requirements for the partitioning, such as contents, size, or numbers are present. Further, Plaintiff has simply not provided any showing of duplication or overlap, ordering, selection of devices, size similarities, or number of any alleged partitions, such as the same or different number than the number of devices in the group.

**INTERROGATORY NO. 10:**

State all factual and legal bases for all assertions and/or contentions that any claims of the Patents-

in-Suit are unenforceable for any reason.

**ANSWER:**

Defendant objects to this interrogatory on the basis it is a premature contention interrogatory and overly broad with respect to "unenforceable for any reason." Subject to and without waiving the foregoing objections, please see answers to interrogatory numbers 9, 11, and 12.


**INTERROGATORY NO. 11:**

State all factual and legal bases for all assertions and/or contentions that Luminati is foreclosed from recovering damages for any reason.

**ANSWER:**

Defendant objects to this interrogatory on the basis that it is premature contention interrogatory as expert reports or disclosure deadlines have not yet occurred per the Court's Docket Control Order. Additionally, this interrogatory is overly broad and vague with respect to "foreclosed" and "from recovering damages for any reason." Subject to and without waiving the foregoing objection, BIScience has not yet identified all of its assertions and/or contentions that Luminati is foreclosed from recovering damages for any reason. At this time, BIScience directs Luminati to its invalidity contentions and the defenses plead by BIScience.


**INTERROGATORY NO. 12:**

State all factual and legal bases for all assertions and/or contentions that any claims of the Patents-in-Suit are invalid for any reason.

**ANSWER:**

Defendant objects to this interrogatory on the basis that it is overly broad and a premature

contention interrogatory.  Subject to and without waiving the foregoing objections, please see the following:

Please see BIScience's claim construction briefing which is incorporated herein as if fully set forth.

Additionally, please see the following summary of BIScience's invalidity position:

The claims are invalid under 35 USC §112 for indefiniteness; the claims fail to inform those skilled in the art about the scope of the invention with reasonable certainty.

'044 Patent Claim 81 is invalid because the claim body does not specify which device performs which step.  '044 Patent Claim 108 is invalid because the claim body does not specify which device performs which step.  Even if the preamble '044 Patent Claim 108 is found by the Court to be limiting, it specifies that the method (*e.g.*, the steps) is performed by an incorrect device (i.e., the preamble requires that the method is performed "by a first device" whereas Plaintiff has previously stated that the method is performed "by a second device").

'866 Patent Claim 15 is invalid because the claim body does not specify which device performs which step.  Dependent claims are invalid for depending on an invalid independent claim.  Additionally, specific terms within the patent claims are indefinite, as identified in Defendant's Responsive Claim Construction Brief: "sending the second identifier to the first server," "receiving a second request from the first device, the second request includes the first content identifier and the third identifier," "in response to receiving the first content, sending the first content to the first device using the first identifier," "partitioning the content into a plurality of content slices," and "all of the parts of the content are included in all of the content slices."

Further, there is no difference between the claims, as interpreted by BI Science, and the prior art, such as the admitted prior art (APA).  See, for example, FIG. 5 of the '044 Patent.  See also US Patent Application 12/836,059.

10

**INTERROGATORY NO. 13:**

Identify all documents that describe the advantages of Residential Proxy Services as compared to data center services and other alternatives.

**ANSWER:**

Defendant objects to this interrogatory on the basis that it is not relevant to the claims or defenses in the present case and on the basis that it is overly broad and vague as to "data center services" and "other alternatives." Subject to and without waiving the foregoing objections, BIScience does not have any responsive documents to identify.

**INTERROGATORY NO. 14:**

For each service or product identified in your response to Interrogatory No. 1 above, provide all relevant sales, revenue, profit and cost information related to the service or product, including volume of traffic in gigabytes, revenue, cost and profit information related (directly or indirectly) to your data center IP business within the United States based upon data center IP customers located in the United States and data center IP customers who initiate requests through the service from the United States by month, or closest regular invoicing time period, for the Relevant Time Period.

**ANSWER:**

Defendant objects to this interrogatory on the basis that it is overly broad in that it requests "all relevant sales, revenue, profit and cost information" and "volume of traffic in gigabytes, revenue, cost and profit information related (directly or indirectly) to your data center IP business" and vague with respect to "data center IP business."

11

**INTERROGATORY NO. 15:**

For each service or product identified in your response to Interrogatory No. 1 above, provide all relevant sales, revenue, profit and cost information related to the service or product, including volume of traffic in gigabytes, revenue, cost and profit information related (directly or indirectly) to your data center IP business within the United States based upon the use of data center IPs located in the United States by month, or closest regular invoicing time period, for the Relevant Time Period.

**ANSWER:**

Defendant objects to this interrogatory on the basis that it is duplicative, overly broad in that it requests "all relevant sales, revenue, profit and cost information" and "volume of traffic in gigabytes, revenue, cost and profit information related (directly or indirectly) to your data center IP business" and vague with respect to "data center IP business."

**INTERROGATORY NO. 16:**

Identify all communications between Defendant and third parties referencing Plaintiff, the Asserted Patents, or this litigation including but not limited to the identity of the third party and the date and subject matter of the communication.

**ANSWER:**

Defendant objects to this interrogatory on the basis that it is overly broad requesting "all communications between Defendant and third parties referencing Plaintiff", vague and ambiguous with respect to "third parties", requests information protected by attorney client privilege or work product doctrine, and not relevant to any claims or defenses in this matter.

**INTERROGATORY NO. 17:**

Identify all communications between Defendant and third parties involved in Residential Proxy Services including competitors offering residential proxy services suppliers providing residential IP proxies for use in Residential Proxy Services including but not limited to UAB Tesonet Ltd., UAB Teso Ltd., UAB Metacluster Ltd., IP Ninja Ltd., including but not limited to the identity of the third party and the date and subject matter of the communication.

**ANSWER:**

Defendant objects to this interrogatory on the basis it is not relevant to any claims or defenses in this matter and overly broad requesting "all communications between Defendant and third parties involved in Residential Proxy Services."   Subject to and without waiving the foregoing objections, below is a list of suppliers Defendant has communicated with in order to buy residential proxies:

| Supplier | Subject | Periods |
|---|---|---|
| Netnut | Buy residential proxies in wholesale to supplement Defendant's own DB of residential IPs | Aug 2017 |
| Smartproxies | Buy residential proxies in wholesale to supplement Defendant's own DB of residential IPs | Nov 2018 |
| Packetstream | Buy residential proxies in wholesale to supplement Defendant's own DB of residential IPs | 2019 |
| UAB Teso | Buy residential proxies in wholesale to supplement Defendant's own DB of residential IPs | June 2019 to July 2019 |
| Microleaves | Buy residential proxies in wholesale to supplement Defendant's own DB of residential IPs | Jan 2017 |

| ServersGets | Buy residential proxies in wholesale to supplement Defendant's own DB of residential IPs | Nov 2018 |
| IPNinja | Buy residential proxies in wholesale to supplement Defendant's own DB of residential IPs | Jan 2019 |

- The scope of such discussions with the above mentioned third parties only involved asking for a quote from such providers to supplement Defendant's core database of residential proxies and in some cases this resulted in an engagement and in other cases, it did not.

**INTERROGATORY NO. 18:**

Identify all Defendant advertisements referencing Plaintiff, the Asserted Patents, or this litigation during the Relevant Time Period.

**ANSWER:**

In the GeoSurf blog, there is a review and comparison of BIScience's services to a competitor services from a functionality perspective where Luminati's service is mentioned- https://www.geosurf.com/blog/proxy-pricing/.

**INTERROGATORY NO. 19:**

Identify all communications between Defendant and third-party application stores, including but not limited to Windows Apps, Google Play and Apple App Store, referencing Residential Proxy Service or software/firmware/application products utilized by Defendant's Residential Proxy Service including but not limited to the identity of the third-party application store and the date and subject matter of the communication.

14

**ANSWER:**

BIScience did not (and does not) submit any of its software applications or browser add-ons including residential proxy components to any third party application stores. The only software that includes residential capabilities is downloadable through BIScience's website. Therefore, there are no communications responsive to this interrogatory.

**INTERROGATORY NO. 20:**

Identify all communications between Defendant and third parties involved in the sale of Defendant's Residential Proxy Service, including resellers and distributors, including but not limited to the identity of the third-party and the date and subject matter of the communication during the Relevant Time Period.

**ANSWER:**

Defendant objects to this interrogatory on the basis that it is not relevant to any of the claims or defenses in this matter and it is vague with respect to "resellers and distributors" and overly broad with respect to "all communications between Defendant and third parties."

**INTERROGATORY NO. 21:**

Identify all current and former Luminati employees that Defendant has contacted and/or communicated with during the Relevant Time Period, providing the approximate date(s) of such contact and/or communications.

**ANSWER:**

Defendant objects to this interrogatory on the basis that it is overly broad with respect to "all current and former Luminati employees" and not relevant to the claims or defenses in this matter.

15

Subject to and without waiving the foregoing objections, please see the following:

| Employee Name | Communication Time Period |
|---|---|
| Ofer Vilenski | May 2015 |
| Eran Rom | September 2016 |
| Omri Orgad | September 2016 |
| Alon Ghelber | March 2017 |
| Samuel Levy | May 2017 |
| Vadim Feldman | June 2017 |
| Or Lenchner | February 2018 |

## INTERROGATORY NO. 22:

Identify all documents in Defendant's possession, custody or control that originated in Luminati's computer system during the Relevant Time Period.

## ANSWER:

BIScience is not in possession of any documents to identify in response to this interrogatory.

## INTERROGATORY NO. 23:

Identify all Luminati documents and documents containing information derived from Luminati during the Relevant Time Period in Defendant's possession, custody or control that originated from any Luminati current or former employee including Alon Ghelber, Samuel Levy, and Vadim Feldman ("Former Luminati Employees").

## ANSWER:

Defendant objects to this interrogatory on the basis that it is vague, ambiguous, and overly broad

16

with respect to "Luminati documents", "documents containing information derived from Luminati", and "that originated from any Luminati current or former employee." Subject to and without waiving the foregoing objections, BIScience is not in possession of any documents to identify in response to this interrogatory.

**INTERROGATORY NO. 24:**

For each Former Luminati Employee hired by Defendant during the Relevant Time Period, including Alon Ghelber, Samuel Levy, and Vadim Feldman, identify those Defendant customers for whom the Former Luminati Employee has communicated with since starting employment with Defendant.

**ANSWER:**

Defendant objects to this interrogatory on the basis that it is vague and ambiguous as to "Defendant customers" and overly broad. Defendant contends that this interrogatory is overly broad so as to include all of Defendant's customer names which Defendant has asserted previously is not relevant, and the Parties are engaged in businesses where anonymity is paramount.

**INTERROGATORY NO. 25:**

Identify all Luminati documents and documents containing information derived from Luminati during the Relevant Time Period in Defendant's possession, custody or control that originated from any Luminati investor or employee of investor including iAngels Crowd Ltd. and Shelly Hod Moyal.

**ANSWER:**

Defendant objects to this interrogatory on the basis that it is overly broad and vague with respect

to "all Luminati documents and documents containing information derived from Luminati" and "that originated from any Luminati investor or employee of investor."  Subject to and without waiving the foregoing objections, BIScience is not in possession of any documents to identify in response to this interrogatory.

**INTERROGATORY NO. 26:**

Identify in detail when and under what circumstances you first became aware of the existence of each of the Patents-in-suit or the applications that resulted in the Patents-in-suit, including but not limited to how you became aware and who specifically at your company first became aware of each of the Patent-in-Suit as well as an identification of any documents or emails that were the source of such first awareness.

**ANSWER:**

BIScience became aware from correspondence sent by Luminati's COO dated February 5, 2018 to Kfir Moyal.

**INTERROGATORY NO. 27:**

Identify all details regarding Kfir Moyal's investigation or due diligence of Hola Networks Ltd. ("Hola") in 2015, including identification of the Hola materials accessed by Mr. Moyal and the employees at Hola that Mr. Moyal communicated with.

**ANSWER:**

Defendant objects to this interrogatory on the basis that it is vague and ambiguous as to "investigation" and "due diligence" of Hola.  Subject to and without waiving the foregoing objections, Kfir Moyal was introduced to Ofer Vilenski to explore potential strategic partnerships

after iAngels decided to invest in Hola. In May of 2015, Mr. Moyal met with Ofer Vilenski in the Hola Networks office in Netanya. During the meeting which lasted less than one hour, Mr. Vilenski presented the company, its CDN business and its proxy business at a very high level. There was only a high level description of the products and services. No technical aspects were discussed or presented at the meeting. No documents were sent to Mr. Moyal before or after the meeting.

**INTERROGATORY NO. 28:**

For each of the Accused Instrumentalities, provide for each month, quarter or Defendant's equivalent billing cycle during the Relevant Time Period the volume of traffic through the Accused Instrumentalities in the United States including the volume of requests from Defendant's clients originating in the United States and the volume of traffic directed through Defendant's servers located in the United States, the revenue generated by this activity, the costs associated with this activity, and the profit associated with this activity.

**ANSWER:**

Defendant objects to this interrogatory on the basis that it is overly broad and vague with respect to the "volume of traffic", "volume of requests", and the revenue, costs and profit "generated by this activity." Subject to and without waiving the foregoing objections, per Rule 33(d) of the Federal Rules of Civil Procedure, please see documents produced and bates labeled BISCI_001358-BISCI_001359 and BISCI_00773.

**INTERROGATORY NO. 29:**

For each of the Accused Instrumentalities, provide for each month, quarter or Defendant's

19

equivalent billing cycle during the Relevant Time Period the volume of traffic through the Accused Instrumentalities in the United States including the volume of requests directed through residential proxy devices located in the United States, the revenue generated by this activity, the costs associated with this activity, and the profit associated with this activity.

**ANSWER:**

Defendant objects to this interrogatory on the basis that it is duplicative, overly broad and vague with respect to the "volume of traffic", "volume of requests", and the revenue, costs and profit "generated by this activity." Subject to and without waiving the foregoing objections, BIScience does not record the data of total traffic input and output per residential end point device.

**INTERROGATORY NO. 30:**

For each of the Accused Instrumentalities, identify all marketing material regarding that service or product, including advertisements, publicly available websites and blog posts regarding the Accused Instrumentalities, and communications directed toward current or potential customers regarding the Accused Instrumentalities, including marketing material comparing these products with Defendants' other services including its data center proxy service during the Relevant Time Period.

**ANSWER:**

Defendant objects to this interrogatory on the basis that it is overly broad and vague requesting "all marketing material", "communication directed toward current or potential customers." Subject to and without waiving the foregoing objections, please see answer to Interrogatory number 18 and BIScience's website in general.

**INTERROGATORY NO. 31:**

Identify all surveys, including market and consumer surveys referencing each of the Accused Instrumentalities during the Relevant Time Period.

**ANSWER:**

At this time, and to BI Science's knowledge, there are no surveys referencing GeoSurf.

**INTERROGATORY NO. 32:**

Identify all valuations of each of the Accused Instrumentalities conducted by or on behalf of you, a parent, subsidiary, predecessor, sister company or any third party during the Relevant Time Period.

**ANSWER:**

Defendant objects to this interrogatory on the basis it is overly broad and vague requesting "valuations" of "a parent, subsidiary, predecessor, sister company or any third party."   At this time, there is no valuation of GeoSurf conducted by or on behalf of BI Science (2009) Ltd.

**INTERROGATORY NO. 33:**

Identify all licensing agreements that you, a parent, subsidiary, predecessor or sister company have entered into concerning any intellectual property regarding the Accused Instrumentalities or Defendant's other related Internet services including Defendant's data center proxy service.

**ANSWER:**

BIScience (2009) LTD is the Assignee of US Patent No. 10,410,244 B2 (Behavioral Content Discovery) through an assignment agreement.

**INTERROGATORY NO. 34:**

Identify each entity related to Defendant including parents, subsidiaries, successors-in-interest, investors and sister companies of BIScience (2009) Ltd., since January 1, 2015.

**ANSWER:**

Urban Cyber Security is an entity related to BI Science (2009) Ltd., since January 1, 2015.

**INTERROGATORY NO. 35:**

Identify Defendant's patent rights including all patents assigned to Defendant, patent applications filed by Defendant, and any patent licenses held by Defendant since January 1, 2015, including identification of any patent licensing and assignment agreements.

**ANSWER:**

BIScience (2009) LTD is the Assignee of US Patent No. 10,410,244 B2 (Behavioral Content Discovery) through an assignment agreement.

Dated:  January 6, 2020                              Respectfully submitted,

                                                     */s/ Eric H. Findlay*
                                                     Eric H. Findlay (State Bar No. 00789886)
                                                     Brian Craft (State Bar No. 04972020)
                                                     Debby Gunter (State Bar No. 24012752)
                                                     FINDLAY CRAFT, P.C.
                                                     102 N. College Ave, Ste 900
                                                     Tyler, TX 75702
                                                     903-534-1100 (t)
                                                     903-534-1137 (f)
                                                     efindlay@findlaycraft.com
                                                     bcraft@findlaycraft.com
                                                     dgunter@findlaycraft.com

                                                     ***COUNSEL FOR DEFENDANT BISCIENCE***

## **CERTIFICATE OF SERVICE**

This is to certify that on January 6, 2020, all counsel of record were served with the foregoing document *via* electronic mail.

/s/ Eric H. Findlay
Eric H. Findlay