IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:18-cv-483-JRG |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| BISCIENCE INC. | § | |
| | § | |
| Defendant. | § | |

**<u>DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF ELECTRONIC DISCOVERY</u>**

Defendant BIScience (2009) Ltd. (which Plaintiff alleges is also known as BIScience Inc.) (hereinafter referred to as "BIScience") hereby files this response to Plaintiff Luminati Networks Ltd.'s ("Luminati") Motion to Compel Production of Electronic Discovery.

## I.   INTRODUCTION

Plaintiff Luminati Networks Ltd. ("Luminati") is the largest proxy service provider in the world. Luminati was acquired by EMK Investment in 2017 at a $200 million valuation. Upon information and belief Luminati's sole business involves the residential proxy service. In contrast, BIScience is a much smaller company that also provides a proxy service, but at a much smaller scale than Luminati. BIScience's proxy service software (the accused instrumentality), GeoSurf, is only a part of BIScience's business. BIScience has a handful of employees dedicated to GeoSurf compared to the hundreds of people Luminati employs. In an effort to strong arm the competition into settling or selling their businesses, Luminati has filed several lawsuits in the Eastern District of Texas, including the present case. Luminati previously filed a motion to compel against BIScience and now has filed two more motions to compel against BIScience. The timing of these motions deserves at least some consideration.

The first motion to compel was filed on November 14, 2019 (Dkt. No. 120) a little over a month before the scheduled mediation between the parties on December 18, 2019. The present motion was filed on January 8, 2020 (Dkt. No. 134) along with another Motion to Compel Responses to Plaintiff's First Set of Interrogatories (Dkt. No. 133). On the same date, Luminati finally made a settlement offer weeks after the unsuccessful mediation and after representing that it would make this settlement offer within days of the mediation. It is reasonable to assume that this was no coincidence, but a strategy to attempt to force settlement on Luminati's terms.

Regardless, BIScience has engaged in discovery including the e-discovery process despite the fact that the costs and legal fees incurred greatly outweigh any damages claimed in this matter.

## II.   ARGUMENT AND AUTHORITIES

### A.   E-Discovery Process

Luminati complains that the parties were at an impasse at the time of the filing of its motion. This is not true. Neither side has engaged in e-discovery as of today's date. As part of Luminati's strong arm campaign to force settlement on its terms, Luminati filed this motion before the parties were at a true impasse. Luminati identified five custodians initially on October 29, 2019. Then, on November 5, 2019, Luminati identified three more custodians to arrive at the limit of 8 custodians per the E-Discovery Order (Dkt. No. 107), and indicated that it wanted to use the same search terms as provided in the earlier letter. During November 2019, the parties were engaged in claim construction and discussing possible mediation. The claim construction hearing took place on November 26, 2019. Mediation was scheduled for December 18, 2019 in New York.

After not mentioning e-discovery since its letter of November 5, 2019, Luminati suddenly had an interest in the subject right before mediation was to occur and, on December 12, 2019, complained for the first time about the lack of BIScience's email production and immediately threatened a motion to compel. At no time before (or after) that time did Luminati attempt to work with BIScience to narrowly tailor the search criteria to this specific case to avoid the burden and expense associated with overproduction. In fact, when BIScience raised the issue of possibly narrowing the terms so that a reasonable number of relevant emails could be searched, Luminati claimed that BIScience waived any objections to the search terms and later claimed in a meet and confer that the approximate number of emails (in the thousands) was not unreasonable. It was clear in the meet and confer conference and subsequently that Luminati had no intention of trying

to resolve the e-discovery issue. Even though the undersigned suggested that the parties try and work this out as would be expected by the Court, Luminati moved forward with their goal and filed another motion to compel without making a good faith effort to resolve the issue.

### B.   BIScience Has Not Waived Any Objections

Luminati claims that BIScience has waived any objections to Luminati's search terms, and cites various cases it contends support its position. However, not a single case relied on by Luminati is out of the Eastern District of Texas; nor do any of the cases cited deal with e-discovery such as email discovery and production with an e-discovery order similar to the one entered in this case. A literal reading of Fed. R. Civ. P. 34 does not support Luminati's position either.

Fed. R. Civ. P. 34(b) provides:

**(b) Procedure.**

(1)  *Contents of the Request.* The request:

(A) must describe with reasonable particularity each item or category of items to be inspected;
(B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and
(C) may specify the form or forms in which electronically stored information is to be produced.

(2)  *Responses and Objections.*

(A) *Time to Respond.* The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2)—within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

(B) *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

    (C) *Objections.* An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

    (D) *Responding to a Request for Production of Electronically Stored Information.* The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form—or if no form was specified in the request—the party must state the form or forms it intends to use.

    (E) *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
      (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
      (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
      (iii) A party need not produce the same electronically stored information in more than one form.

  First, Luminati's e-discovery letter was not a request for documents or electronically stored information as anticipated by Rule 34. A review of FRCP 34(b) illustrates that point because it provides the requirements for the contents of the requests—for example—the request must describe with reasonable particularity each item or category of items to be inspected; must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and may specify the form or forms in which electronically stored information is to be produced. FRCP 34(b)(1)(A)-(C). None of these requirements were satisfied by Luminati's e-discovery letter. Clearly, a letter listing custodians and search terms pursuant to an E-Discovery Order is not a "request" as contemplated by Rule 34.

  Second, since Luminati's e-discovery letter is not a Rule 34 production request, the 30 day response deadline is not applicable to responding to the other side's custodians and search terms.

  Third, sections (B), (C), and (D) do not apply in the e-discovery process as provided for in

5

the E-Discovery Order entered in this case. So, there would not be any waiver of objections under this Rule.

And finally, in the E-Discovery Order, paragraph 6 states:

"General ESI production requests under Federal Rule of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific email production requests." Dkt. No. 107. Luminati is careful in its motion to compel to use the words "electronic discovery" and "documents" apparently in an attempt to try and support its position that there is a waiver of objections under Rule 34, but the fact of the matter is that this is all about emails—searching emails by 8 custodians and with 10 search terms. Luminati's attempt to play a "gotcha" game waiting a little over 30 days after it sends its letter on proposed custodians and search terms and then claiming BIScience waived all rights to object is not in line with the e-discovery process in EDTX. In fact, the E-Discovery Order instructs that the parties should "cooperate to identify the proper custodians, proper search terms, and proper time frame." See Dkt. No. 107, ¶8. Luminati's actions reflect that it is not serious about cooperating or narrowing issues without court intervention. To the contrary, Luminati would rather have discovery disputes, than discovery.

BIScience is currently working to narrow the search terms to search relevant emails and will continue to attempt to work with Luminati despite their position on this issue. The current number of hits using Luminati's search terms with only the originally identified 5 custodians totals 15,891 emails, much of which is not related to this case. For example, iAngels is one of Luminati's proposed search terms and iAngels' founding partner and co-CEO is Kfir Moyal's wife (Mr. Moyal is the co-founder of BIScience and one of the custodians identified by Luminati), so there is a great

deal of personal communication between husband and wife that is not related to or relevant to the present case. And, this is just one example of the issues with the search terms. Overproduction of emails benefits neither side and needlessly increases the financial burden placed on the producing party. Certainly, Luminati's harsh approach and lack of cooperation in this situation is not in line with the spirit or the language of the E-Discovery Order whose goal is to streamline Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action.

     Finally, to place an unnecessary burden and extra expense on BIScience such as this is not proportional to the needs of the case. Pursuant to FRCP 26(b)(1), the parties and the court must take into consideration the following considerations: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. In this case, the email discovery (with the current search terms) is not proportional to the needs of the case. First, the amount in controversy supports BIScience's position- the costs and legal fees even at this stage in the litigation exceeds Plaintiff's claimed damages. Second, the parties' resources weigh in favor of BIScience as well because BIScience is a much smaller company with far less financial resources than Luminati. Third, it is not logical to spend money and time searching over 15,000 emails knowing that a great deal of them are "mis-hits", especially since the parties have an alternative to agree to search terms which will narrow the search terms to appropriately tailor the email discovery to the needs of the case. Accordingly, the burden and expense of the email discovery based on the current search terms outweighs its likely benefits. Although 15,891 emails may not sound like a significant amount on its face, when you add the other 3 custodians into the

search, it is very likely that there will be thousands more emails added to this search which will substantially increase the burden and expense on BIScience. And to a smaller company like BIScience reviewing and producing thousands of emails is a substantial cost and burden.

## CONCLUSION

For all of these reasons, BIScience respectfully requests that the Court deny Plaintiff Luminati Networks Ltd.'s Motion to Compel Production of Electronic Discovery.

Dated: January 22, 2020

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay (TX Bar No. 00789886)
Brian Craft (TX Bar No. 04972020)
Debby Gunter (TX Bar No. 24012752)
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com
Email: dgunter@findlaycraft.com

Ronald Abramson
M. Michael Lewis
Liston Abramson LLP
405 Lexington Ave.
46th Floor
New York,, NY 10174
212-257-1630
Fax: 917-633-5568
ron.abramson@listonabramson.com
michael.lewis@listonabramson.com

***ATTORNEYS FOR DEFENDANT BISCIENCE***

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 22, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  This document will be served on Defendant in accordance with the Federal Rules of Civil Procedure.

                                        */s/   Eric H. Findlay*
                                        Eric H. Findlay