AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | |
|---|---|
| Luminati Networks Ltd. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:18-cv-00483-JRG |
| BI Science Inc. ) | |
| *Defendant* ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Import.io Global Inc.
Building One 12980 Saratoga Ave Suite B, Saratoga, CA 95070
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
All facts underlying the documents listed in the enclosed Subpoena Document Rider.

| Place: Ruyak Cherian LLP<br>1936 University Avenue, Suite 350<br>Berkeley, CA 94704 | Date and Time:<br>02/24/2020 9:00 am |
|---|---|

The deposition will be recorded by this method: stenographic means, videotape, and real-time transcription

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See enclosed Subpoena Document Rider.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/07/2020

CLERK OF COURT
                                            OR

_____                    /s/ Robert Harkins
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Luminati Networks Ltd._____, who issues or requests this subpoena, are:
Robert Harkins, RuyakCherian LLP, 1936 University Avenue, Suite 350, Berkeley, CA 94704, (510) 944-0190

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:18-cv-00483-JRG

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SUBPOENA DOCUMENT RIDER

# DEFINITIONS

1. "Communication" or "communications" means all written, electronic, oral, telephonic, or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, computer mail, e-mail, and all other documents or things evidencing any verbal or nonverbal interaction between persons and entities.

2. "Document" or "documents" includes any document or thing as defined in Rule 34(a) of the Federal Rule of Civil Procedure and "writing and recording" as defined in Rule 1001(1) of the Federal Rule of Evidence and further including, without limitation, the following items, whether printed or recorded, filmed, electronic, digital, stored in a data processing system or other electronic, optical or magnetic format, or reproduced by any process, or written or produced by hand, and whether claimed to be privileged against discovery on any ground, and whether an original, master, copy or draft, namely: agreements, communications, including intra company communications and correspondence, cablegrams, electronic mail including all back up copies thereof, radiograms and telegrams, notes and memoranda, summaries, minutes and records of telephone conversations; meetings and conferences, including lists of persons attending meetings or conferences; summaries and records of personal conversations or interviews; books, manuals, publication and diaries; laboratory and engineering reports and notebooks; charts; plans, sketches and drawings; photographs; reports and/or summaries of investigations and/or surveys; opinions and reports of consultants; opinions of counsel; reports and summaries of negotiations; brochures; pamphlets, catalogs and catalog sheets; advertisements,

including storybook and/or scripts for television and radio commercials; circulars, trade letters; press publicity and trade and product releases; drafts of original or preliminary notes on, and marginal comments appearing on, any document; other reports and records; and any other information containing paper, writing or physical thing.

3. "You," "Your," and all forms thereof means Import.io Global Inc., and any present or former parent, subsidiary, department, division, subdivision, branch, affiliate or other company related to Import.io Global Inc., and it includes any of Import.io Global Inc.'s present or former officer, director, agent, employee or representative and any other person acting on Import.io Global Inc.'s behalf.

4. BI Science means BI Science (2009) Ltd., also known as BI Science Inc., and its successors, directors, agents, employees, attorneys, partners, affiliates, parents, subsidiaries, and other representatives or persons acting or purporting to act on its behalf, or within its control, and any person through whom or through which it conducts business.

5. The terms "relating," "identifying," and "concerning" and all variations thereof mean: relating to, referring to, pertaining to, regarding, concerning, identifying, containing, reflecting, describing, discussing, evidencing, embodying, constituting or showing, or in any way logically or factually connected with the matter discussed or identified.

6. As used herein, "Residential Proxy Service" refers to web data extraction products and services and other residential proxy services, including services branded under the GeoSurf label as part of BI Science's "Residential Proxy Network," comprising hardware products, software/firmware/application products, or any combination thereof, either stand-alone or integrated with other products, used for, or in conjunction with these services, such as Panel

IOS and Ad Clarity. Capitalization included in this definition is irrelevant and all references are to any capitalization of any word or words.

7. "Patents-in-Suit" or "Asserted Patents" shall mean any and all patents Plaintiff alleges that BI Science infringes in the above captioned matter, including but not limited to, U.S. Pat. No. 9,241,044 (the "'044 Patent") and U.S. Pat. No. 9,742,866 (the "'866 Patent"),

8. "This litigation" or "this lawsuit" refers to the above-captioned case in the subpoena and the events giving rise thereto.

## INSTRUCTIONS

1. Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

2. Should YOU seek to withhold any document based on some limitation of discovery (including a claim of privilege), supply a list of the documents for which limitation of discovery is claimed, indicating:

    a. The identity of each document's author, writer, sender; or initiator;

    b. The identity of each document's recipient, addressee, or person for whom it was intended;

    c. The date of creation or transmittal indicated on each document or an estimate of that date, indicated as such, if no date appears on the document;

    d. Its present location and the identity of its current custodian;

    e. A listing of all persons, including addressees, to whom either copies of, or information set forth in, the document or thing have been disclosed, including the date and means of such disclosure;

    f. The general subject matter as described on each document, or, if no such description appears, then another description sufficient to identify the document; and

    g. The nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting YOUR assertion thereof.

3. If any documents or things requested to be produced herein have been lost, discarded, destroyed, or are not available for production by YOU for any reason whatsoever, identify them as completely as possible, by stating without limitation: the information requested by the paragraphs (a)-(g) above, the date of disposal, the manner of disposal, the reason for disposal, any person, firm, or corporation who has possession, custody, or control of a partial or complete copy of such document, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the date and circumstances surrounding the destruction of the document or thing.

### REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1. Any documents, emails, text messages, or other communications YOU have sent to or received from BI Science describing BI Science's Residential Proxy Services, including any comparison of Residential Proxy Services with data center proxy services.

2. Any documents, emails, text messages, or other communications YOU have sent to or received from BI Science regarding guidance or instructions on how to operate BI Science's Residential Proxy Services.

3. Any documents, emails, text messages, or other communications YOU have sent to or received from BI Science regarding guidance or instructions on any limitations on the number of requests in fetching content from a website such as Google.

4. Any documents, emails, text messages, or other communications YOU have sent to or received from BI Science regarding guidance or instructions on how to use multiple requests in fetching content from a website such as Google.

5. Any documents, emails, text messages, or other communications YOU have sent to or received from BI Science regarding guidance or instructions regarding the user interface or API for BI Science's Residential Proxy Service.

6. Any documents, emails, text messages, or other communications YOU have sent to or received from BI Science referencing Luminati, Luminati's Residential Proxy Services, the Asserted Patents or this litigation.

7. Any documents, emails, text messages, or other communications YOU have sent to or received from Alon Ghelber, Samuel Levy, and/or Vadim Feldman referencing Residential Proxy Services, Luminati, the Asserted Patents or this litigation.

8. Any documents, emails, text messages, or other communications showing any testing or evaluation of BI Science's Residential Proxy Service, BI Science's data center proxy service, Luminati's Residential Proxy Service, Luminati's Residential Proxy Service, and/or other Residential Proxy Services or data center proxy services.

9. Any documents showing YOUR decision making behind the choice of Residential Proxy Service or data center proxy service and the choice of the provider of such service.

10. Documents sufficient to show YOUR use of Residential Proxy Services and Data Center Proxy Services since August 28, 2013, including the identity of the Residential Proxy Service provider(s), the amount paid, and the volume of traffic on a monthly basis.