```
 1                IN THE UNITED STATES DISTRICT COURT

 2               FOR THE EASTERN DISTRICT OF TEXAS

 3                       MARSHALL DIVISION

 4   LUMINATI NETWORKS LTD.        )(

 5                                 )(    CIVIL ACTION NO.

 6                                 )(    2:18-CV-483-JRG

 7   VS.                           )(    MARSHALL, TEXAS

 8                                 )(

 9   BI SCIENCE INC.              )(    FEBRUARY 3, 2020

10                                 )(    3:09 P.M.
```

<u>MOTION HEARING</u>

<u>BEFORE THE HONORABLE JUDGE RODNEY GILSTRAP</u>

<u>UNITED STATES CHIEF DISTRICT JUDGE</u>

```
15   APPEARANCES:

16   FOR THE PLAINTIFF: (See Attorney Attendance Sheet docketed
                          in minutes of this hearing.)
17

18   FOR THE DEFENDANT: (See Attorney Attendance Sheet docketed
                          in minutes of this hearing.)
19

20   COURT REPORTER:    Shelly Holmes, CSR, TCRR
                        Official Reporter
21                      United States District Court
                        Eastern District of Texas
22                      Marshall Division
                        100 E. Houston Street
23                      Marshall, Texas  75670
                        (903) 923-7464
24

25   (Proceedings recorded by mechanical stenography, transcript
     produced on a CAT system.)
```

1
                               I N D E X

2

3  February 3, 2020

4                                                    Page

5      Appearances                            1

6      Hearing                                  3

7      Court Reporter's Certificate      21

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

03:09:29   1                    COURT SECURITY OFFICER:  All rise.

03:09:32   2                    THE COURT:  Be seated, please.

03:09:33   3            All right.  This is the time set for a hearing

03:09:59   4  before the Court with regard to motions to compel.  This is

03:10:06   5  in Luminati Networks versus BI Science, Inc., Civil Case

03:10:10   6  No. 2:18-CV-483.

03:10:12   7            Let me call for announcements.

03:10:14   8            What says the Plaintiff, Luminati Networks?

03:10:17   9            MS. DERIEUX:  Elizabeth DeRieux, Your Honor, on

03:10:19  10  behalf of the Plaintiff.  With me today, Sunny Cherian and

03:10:22  11  Robert Harkins, and we are ready to proceed.

03:10:23  12            THE COURT:  All right.  What says the Defendant?

03:10:25  13            MR. FINDLAY:  Good afternoon, Your Honor.  Eric

03:10:26  14  Findlay and Debby Gunter on behalf of the Defendant.  Ready

03:10:29  15  to proceed.

03:10:29  16            THE COURT:  All right.  Counsel, before the Court

03:10:38  17  today, I have Document 120 in this case -- case, Plaintiff

03:10:46  18  Luminati's opposed motion to compel production of

03:10:49  19  documents.

03:10:50  20            I also have Document 133 on file herein,

03:10:58  21  Plaintiff's opposed motion to compel responses to

03:11:01  22  Plaintiff's first set of interrogatories.

03:11:05  23            And then I have Document 134, Plaintiff's opposed

03:11:10  24  motion to compel production of electronic discovery.

03:11:16  25            Are those all the motions that are set so far as

03:11:23   1   the parties are aware?  Does that cover everything?

03:11:28   2           MR. CHERIAN:  Yes, Your Honor.

03:11:30   3           MR. FINDLAY:  Yes, Your Honor.

03:11:30   4           THE COURT:  My understanding is that given the

03:11:32   5   parties' efforts to meet and confer, there's been a

03:11:35   6   substantial narrowing of these disputes, but yet there

03:11:38   7   remain a few discrete points where the parties are in need

03:11:43   8   of the Court's guidance; is that accurate?

03:11:46   9           MR. CHERIAN:  Yes, Your Honor.

03:11:47  10           MR. FINDLAY:  Yes, Your Honor.

03:11:47  11           THE COURT:  Mr. Cherian, Mr. Findlay, what's the

03:11:51  12   best way to proceed, in your view, to call those unresolved

03:11:53  13   matters to the Court's attention for resolution and to

03:11:57  14   fully document the agreements otherwise existing between

03:11:59  15   the parties so that we have a record are where we are.  I'm

03:12:03  16   open to your suggestions.

03:12:05  17           MR. CHERIAN:  Yes, Your Honor.  From our point of

03:12:07  18   view, Your Honor, we came, we met, and we spent a lot of

03:12:10  19   time.  And then we documented -- we, you know, got it on a

03:12:13  20   computer, and we printed out the areas of agreement.  I

03:12:16  21   think there are three -- maybe four, I'm not sure -- there

03:12:22  22   are four very minor areas of disagreement.

03:12:23  23           What we propose is to read into the record the

03:12:25  24   agreement from our side.  To the extent there are any

03:12:28  25   disagreements that need to be resolved, Mr. Findlay can

| | | |
|---|---|---|
| 03:12:31 | 1 | address them.  And I think we can get this done in very |
| 03:12:33 | 2 | short order. |
| 03:12:34 | 3 | THE COURT:  All right.  I'm open to proceeding on |
| 03:12:36 | 4 | that basis.  Why don't we -- why don't we start with |
| 03:12:44 | 5 | Plaintiff's opposed motion to compel production of |
| 03:12:44 | 6 | documents? |
| 03:12:47 | 7 | And, Mr. Cherian, why don't you give me a |
| 03:12:50 | 8 | rendition from the podium of what you believe the parties' |
| 03:12:52 | 9 | agreement is, and then I'll hear from Mr. Findlay. |
| 03:12:55 | 10 | MR. CHERIAN:  Your Honor, we may have done it even |
| 03:12:57 | 11 | better than that.  We've got all three motions |
| 03:12:59 | 12 | consolidate -- consolidated into one set of agreements.  If |
| 03:13:07 | 13 | Mr. Harkins could read it from the computer into the |
| 03:13:07 | 14 | record -- |
| 03:13:07 | 15 | THE COURT:  That's fine. |
| 03:13:07 | 16 | MR. CHERIAN:  -- we can get it done shortly. |
| 03:13:09 | 17 | THE COURT:  That's fine.  We'll take up the whole |
| 03:13:12 | 18 | enchilada at one time. |
| 03:13:18 | 19 | What -- what's your understanding of the parties' |
| 03:13:20 | 20 | agreement, Mr. Harkins? |
| 03:13:21 | 21 | MR. HARKINS:  Thank you, Your Honor. |
| 03:13:22 | 22 | So what I will do is I will read what I -- what we |
| 03:13:29 | 23 | have -- both parties have agreed upon, and then note the |
| 03:13:33 | 24 | part that's not in agreement, and then Mr. Findlay can -- |
| 03:13:38 | 25 | you know, if I've missed something, I'm sure he will let |

03:13:41    1    you know.

03:13:41    2         First, the first aspect of our stipulated

03:13:45    3    agreement is regarding e-discovery and depositions as it

03:13:48    4    relates to the discovery.

03:13:50    5         So within that, the agreement is, one, that BI

03:13:57    6    Science will produce its e-discovery, including emails,

03:13:59    7    responsive to Luminati's e-search terms revised only in

03:14:05    8    that the term "iAngels" will be changed to iAngels and,

03:14:13    9    open paren, Luminati or Hola or Ofer or Vilenski, close

03:14:21   10    paren, with no redactions and only privileged information

03:14:24   11    removed.

03:14:25   12         Second, after review, Luminati will notify BI

03:14:29   13    Science which of the 15 currently noticed depositions will

03:14:32   14    go forward.

03:14:33   15         And, third, depositions of BI Science's witnesses

03:14:37   16    are to occur in the United States.

03:14:38   17         I believe all of that to be agreed upon.

03:14:41   18         There are two areas of disagreement with regard to

03:14:45   19    this procedure, which is one, the dates that we have

03:14:48   20    proposed to make these things happen and the location in

03:14:52   21    the United States.

03:14:53   22         So our proposal is that the production date be a

03:14:57   23    week from today, February 10th, 2020.  That by February

03:15:03   24    14th, four business days later, we will notify BI Science

03:15:07   25    of the -- which depositions we will go forward with, and

03:15:10  1  that depositions will start in our offices in Berkeley on

03:15:14  2  February 19th.  That's our proposal, but that aspect of it

03:15:18  3  is still open.

03:15:20  4       So that's the -- that's the first aspect of this.

03:15:23  5       The second one is there's a lengthy agreement, but

03:15:29  6  it's all agreed upon.  And -- and the only disagreement

03:15:33  7  that we have about this second part I'm going to talk about

03:15:36  8  is the date upon which the production will happen.

03:15:40  9       We, again, are asking for February 10th, and that

03:15:43  10  date has not been agreed upon.

03:15:44  11       But the substance that has been agreed upon is --

03:15:48  12  and it's going to take me a couple of minutes to read this

03:15:51  13  into the record.  BI Science will supplement its document

03:15:56  14  production and verified interrogatory responses in

03:16:00  15  accordance with this stipulation and order and will provide

03:16:04  16  the following:

03:16:06  17       One, customer identification, including names and

03:16:10  18  locations, including serving unredacted copies of the pages

03:16:14  19  currently redacted in its current productions.

03:16:18  20       Two, the parties agree that as to outside counsel

03:16:23  21  only documents, that -- containing unredacted customer

03:16:28  22  information and so noted by either party with its

03:16:31  23  production, no client representative will allow -- be

03:16:34  24  allowed to review those documents.

03:16:36  25       Three, financials on GeoSurf and proxy services

03:16:42  1    for residential proxy services will be provided that

03:16:46  2    include revenue, costs, and profits on a monthly basis.

03:16:49  3             Four, all documents related to the development of

03:16:53  4    the accused residential proxy services.

03:16:55  5             Five, copies of the versions of open source code

03:17:00  6    used in the BI Science residential proxy service.

03:17:04  7             Six, contracts and other documents about the

03:17:12  8    location of all servers in the U.S. employed by BI Science

03:17:14  9    in its residential proxy service.

03:17:18  10            And then we have a parentheses here:  Unless the

03:17:22  11   parties stipulate that BI Science will not rely on server

03:17:24  12   locations for any purpose or defense in this case.

03:17:26  13            Seven, all board minute meetings -- excuse me,

03:17:32  14   excuse me -- all board meeting minutes and internal

03:17:36  15   documents referring to Luminati, Hola, or its -- their

03:17:39  16   personnel, directors, or officers and/or residential proxy

03:17:43  17   services.

03:17:45  18            Eight, all documents communicating with third

03:17:50  19   parties or referencing advantages of residential proxy

03:17:54  20   services or comparing them to data center proxy services or

03:17:58  21   referring to Luminati -- Luminati, Hola, or their personnel

03:18:04  22   officers or directors.

03:18:05  23            Nine, all contracts with third parties who supply

03:18:10  24   or supplied technology or services for the accused

03:18:15  25   residential proxy services and/or who are partners for SDKs

03:18:21  1  or distribution of the accused residential proxy services.

03:18:25  2         Ten, if BI Science intends to rely on any

03:18:31  3  non-infringing alternative, it must identify it and provide

03:18:34  4  any documents it would rely upon.

03:18:35  5         That is the list of what the parties have agreed

03:18:40  6  on.

03:18:40  7         What is remaining not agreed on is:

03:18:46  8         One, we have also asked that financials be

03:18:49  9  provided for GeoSurf and its data center services regarding

03:19:00  10  revenue, costs, and profits.  That is not agreed upon, and

03:19:00  11  we'd be glad to explain our position on that if -- if the

03:19:03  12  Court so desires.

03:19:05  13         And, two, BI Science has agreed it will identify

03:19:08  14  and provide an interrogatory response on any non-infringing

03:19:11  15  alternatives, but has not committed -- by February 10th,

03:19:15  16  but has not committed to provide documents by February

03:19:18  17  10th.

03:19:18  18         Otherwise, what's above -- what we've discussed is

03:19:22  19  agreed upon.

03:19:23  20         Next, the parties have agreed that BI Science will

03:19:27  21  provide a privilege log by February 10th if it is excluding

03:19:31  22  any information based on privilege.

03:19:35  23         And the -- the parties have also agreed on a

03:19:38  24  procedure for any further disputes regarding the order that

03:19:43  25  will come out of this hearing if there are any differences

03:19:46  1  that require judicial intervention about -- about today.

03:19:50  2      And that procedure is first that the parties will

03:19:54  3  meet and confer within 24 hours of a party providing such

03:19:58  4  notice of the dispute, that the parties will file

03:20:02  5  simultaneous briefs of up to three pages within 48 hours of

03:20:05  6  the meet and confer, and then the Court will rule as soon

03:20:08  7  as it has -- with its availability and conveniences, as

03:20:12  8  soon thereafter as possible.

03:20:13  9      What's left -- what's left in this respect that

03:20:19  10  hasn't been agreed upon is we're asking that the Court --

03:20:25  11  yeah, I -- I thought -- if I -- Mr. Cherian has pointed

03:20:28  12  out, and if I wasn't clear in the above, that entire list

03:20:31  13  of documents to be produced, we are asking for that to be

03:20:34  14  by the 10th, as well, February 10th.  And I -- and I think

03:20:37  15  the date is something that hasn't been agreed upon so far.

03:20:40  16      Then the one last thing here is that we're asking

03:20:45  17  that this stipulation be reduced to an order of the Court

03:20:48  18  and that -- and that -- that it would be all available

03:20:53  19  remedies if the order is not -- not met, and that any

03:20:58  20  documents not produced in whatever time table the Court

03:21:01  21  does order cannot be relied upon by the producing party in

03:21:04  22  the case.

03:21:05  23      And I think I've summed up all the agreements and

03:21:11  24  the areas where we don't have agreement.

03:21:12  25      THE COURT:  All right.  Mr. Findlay, let me hear

03:21:14  1  from you in response, please.

03:21:17  2       MR. FINDLAY:  Thank you, Your Honor.

03:21:18  3       I would generally agree with Mr. Harkins's

03:21:21  4  representations as to those areas of agreement.

03:21:26  5       On the few areas of disagreement, if it would be

03:21:30  6  helpful, let me just outline our position with respect to

03:21:33  7  those briefly.

03:21:34  8       THE COURT:  All right.

03:21:34  9       MR. FINDLAY:  With respect to the production of

03:21:37  10  documents, be they emails or other items that Mr. Harkins

03:21:41  11  indicated, I can represent to the Court that some of that

03:21:44  12  will start tomorrow or Wednesday.  I cannot represent to

03:21:50  13  the Court with -- with confidence, and that's why I've

03:21:53  14  hesitated, that that will all be completed by the 10th.

03:21:57  15       I feel --

03:21:58  16       THE COURT:  Do you have a date by which you can

03:22:00  17  represent with confidence it will be completed?

03:22:02  18       MR. FINDLAY:  I -- I believe I can represent with

03:22:04  19  confidence that it would -- that 90 percent or more would

03:22:07  20  be done by February 14th, which is a week from this coming

03:22:11  21  Friday.

03:22:11  22       Now, I know we are getting admittedly close to our

03:22:15  23  fact discovery deadline in this case, which is February

03:22:17  24  28th.  We will work with the other side to try to adjust

03:22:24  25  that if we need to, but that does provide us with two weeks

03:22:27  1  remaining to do depositions and whatnot.

03:22:29  2       But that, I think, is the -- is the best estimate

03:22:35  3  I feel comfortable giving at this point, Your Honor.

03:22:37  4       THE COURT:  All right.  What about the dispute

03:22:39  5  regarding a location in the U.S. where depositions are

03:22:41  6  going to be conducted?

03:22:43  7       MR. FINDLAY:  The discovery order that was

03:22:44  8  negotiated in this place indicated that those parties and

03:22:47  9  individuals that were located in Israel would be deposed in

03:22:51  10  Israel.  Both companies are from Israel.  Most of their

03:22:55  11  folks are there.  All of our folks are there for the most

03:22:58  12  part.

03:22:58  13       We have agreed, in order to save costs, that we'll

03:23:02  14  do that in the United States.  We have agreed to that, and

03:23:04  15  Plaintiff has, as well.

03:23:05  16       Mr. Cherian is arguing for San Francisco.  I

03:23:08  17  believe he has his reasons for that.  I don't want to put

03:23:11  18  words in his mouth.

03:23:12  19       We have tentatively suggested either perhaps New

03:23:15  20  York or Dallas being preferable, a little bit more equal in

03:23:20  21  terms of distance that folks have to travel.  So that is

03:23:23  22  the discrete issue there, Your Honor.

03:23:27  23       With respect to the data center issue, the accused

03:23:34  24  instrumentality here is the GeoSurf residential proxy

03:23:39  25  service software and instrumentality.  Data center is not

03:23:42  1  the same sort of residential proxy service.  It does

03:23:47  2  provide proxy services, but it is different.  It's not

03:23:50  3  accused in this case.

03:23:51  4        THE COURT:  Is it going to be a non-infringing

03:23:52  5  alternative in this case?

03:23:53  6        MR. FINDLAY:  It may.  And -- and I apologize, I

03:23:56  7  can't answer this with total confidence with Your Honor

03:23:58  8  today.  It may very well be one.  We will have to disclose

03:24:02  9  that no later than -- we may do it before then -- February

03:24:07  10  10th.

03:24:08  11        If we do rely on it as a non-infringing

03:24:10  12  alternative, Your Honor, then we won't have any

03:24:12  13  disagreement with respect -- with respect to the production

03:24:13  14  of documents regarding it.  Obviously, that would bring it

03:24:16  15  into the case as being relevant, and they would be entitled

03:24:19  16  to that production.

03:24:20  17        So you anticipated the -- the correct issue, I

03:24:24  18  think.  If it's not a non-infringing alternative, we don't

03:24:27  19  think the discovery is warranted.  If it is, we will

03:24:29  20  certainly produce that in a timely basis and on the

03:24:33  21  timeline that I provided.

03:24:36  22        The -- another point that I wanted to raise, and

03:24:41  23  this is more of a -- just to alert the Court to something

03:24:45  24  that might come up.  Your Honor may recall when we filed

03:24:48  25  the unopposed notice for hearing, we mentioned in there --

03:24:53  1  we being Luminati -- that we were meeting and conferring

03:24:57  2  the next little while about a motion for protective order.

03:25:00  3       That motion for protective order is -- in part,

03:25:03  4  was raised with the other side based upon their issuing of

03:25:10  5  15 deposition notices.  As Your Honor may or may not have

03:25:13  6  gleaned from the papers in this case, Your Honor, BI

03:25:16  7  Science is an incredibly small company when compared with

03:25:20  8  Luminati.  They have incurred defense costs in this case

03:25:24  9  probably around half a million dollars at this point.

03:25:27  10       It is my position -- Mr. Cherian may argue, and I

03:25:30  11  don't want to put words in his mouth -- that if you look at

03:25:32  12  any reasonable damages number in this case, it's -- it's

03:25:39  13  dwarfed by the costs that are being incurred and certainly

03:25:41  14  that will be incurred between now until pre-trial and then

03:25:46  15  certainly as to trial.

03:25:47  16       So while Mr. Cherian indicates that on a date

03:25:51  17  certain they will decide which of those 15 deposition

03:25:53  18  notices they actually want to go forward with, I just

03:25:56  19  wanted to be upfront with the Court to let the Court know

03:26:00  20  that it may see another motion on its hands.

03:26:02  21       We have proposed and suggested to the Plaintiffs

03:26:05  22  that we think that is disproportionately excessive.  Under

03:26:11  23  Rule 26 now, proportionality, I think, should be taken into

03:26:15  24  consideration with how much discovery, how much money is

03:26:17  25  spent in relation to the possible damages and the issues

03:26:22  1  involved in relation to the size of the parties.

03:26:25  2          The email discovery that we are agreeing to and

03:26:29  3  are in the process of doing, as Your Honor well knows, is a

03:26:32  4  very expensive process, requiring upload, hosting, review

03:26:37  5  of documents.  And we just think it is appropriate that the

03:26:41  6  Court be aware of those issues that we are concerned about.

03:26:43  7  And so I don't want disputed motion practice in front of

03:26:47  8  Your Honor, and we'll do what we can to avoid it, but that

03:26:51  9  sort of dispute may be coming before Your Honor in the not

03:26:55  10  too distant future.

03:26:57  11         Finally, I would defer to Your Honor's discretion

03:27:00  12  in terms of whether it is appropriate for this to be a

03:27:04  13  written order or not.  Certainly, I think anything Your

03:27:07  14  Honor indicates from the bench, Your Honor, has the effect

03:27:10  15  of something written in gold stamped.  So it -- it is --

03:27:13  16  has the same effect.

03:27:14  17         And I think that correctly summarizes all the

03:27:21  18  possible disputes.

03:27:23  19         Ms. Gunter, is there anything I've missed?

03:27:26  20         MS. GUNTER:  No.

03:27:27  21         MR. FINDLAY:  That's all, Your Honor.  And thank

03:27:29  22  you for your time.

03:27:29  23         THE COURT:  So just for clarity, Mr. Findlay, you

03:27:32  24  are in agreement with Plaintiff's counsel, Mr. Harkins, on

03:27:37  25  what he's recited into the record, except for these

03:27:39  1  discrete areas of disagreement that you've called out?

03:27:41  2      MR. FINDLAY:  That is correct, Your Honor.

03:27:42  3      THE COURT:  Okay.

03:27:44  4      MR. FINDLAY:  Thank you.

03:27:44  5      THE COURT:  Mr. Harkins, I'd like a little

03:27:50  6  additional feedback from you and/or Mr. Cherian with regard

03:27:53  7  to this location within the United States for depositions.

03:27:58  8      Is it, in fact, the case that all the proposed

03:28:02  9  deponents are in the state of Israel?  And if that's true,

03:28:07  10  what's the rationale for the West Coast to the United

03:28:10  11  States as opposed to the East Coast?

03:28:12  12      MR. HARKINS:  Well, Your Honor, I think it -- just

03:28:15  13  literally we are located in -- we -- and Mr. Findlay said

03:28:20  14  San Francisco.  I think there are direct flights from Tel

03:28:24  15  Aviv to San Francisco, just like from Tel Aviv to New York.

03:28:24  16  I don't know if there are direct flights to Dallas.  I'm

03:28:30  17  going to assume there are.  But we don't think it's

03:28:31  18  particularly additional inconvenience.

03:28:33  19      We -- we've been waiting -- we are running up

03:28:37  20  against the end of discovery with this, and so we're

03:28:40  21  basically asking for these to be held in our office which

03:28:43  22  is in Berkeley which is very near the San Francisco

03:28:46  23  airport.  We don't think it's particularly additional

03:28:49  24  inconvenience for witnesses to -- to make it to our

03:28:52  25  offices.  And if they're coming to the United States

03:28:55  1  anyway, it's less expense for us if we can hold them in our

03:28:59  2  offices than to try to find third-party rental space.

03:29:02  3          I will say one other thing, though, we are -- we

03:29:05  4  are a firm that does have an East Coast office in

03:29:09  5  Washington, D.C., and I will just admit, we haven't

03:29:11  6  discussed this with Mr. Findlay.

03:29:11  7          But if -- if it's the East Coast versus the West

03:29:14  8  Coast, it's really about us just doing it in our offices

03:29:17  9  where we're going to get the documents at the last minute.

03:29:20  10  So if Washington, D.C., makes this happen and that solves

03:29:23  11  the problem, that would also be okay with us.

03:29:25  12          THE COURT:  All right.  Thank you for that

03:29:27  13  clarification.

03:29:32  14          All right.  With regard to the areas of

03:29:35  15  disagreement between the parties, I'll accept your areas of

03:29:39  16  agreement and treat those as a stipulation between the

03:29:41  17  parties and adopt them for enforceability by the Court.

03:29:45  18          With regard to your areas of disagreement, I'm

03:29:54  19  going to order the production agreed to by the parties to

03:29:58  20  be completed by noon on February the 14th.  And just so

03:30:16  21  there's no later dispute, I'll say noon Pacific time on

03:30:20  22  February the 14th.

03:30:22  23          I'm going to give Defendants until noon Pacific

03:30:28  24  time on February the 10th to either elect to go forward

03:30:35  25  with this data center proxy service as a non-infringing

03:30:39   1   alternative or not.

03:30:41   2          Once they make their election, if it is not going

03:30:44   3   to be a non-infringing alternative, then there's not going

03:30:46   4   to be any discovery into it.  If it is elected as a

03:30:49   5   non-infringing alternative, there's going to be discovery.

03:30:53   6          MR. HARKINS:  May I be heard briefly on this

03:30:55   7   point, Your Honor?

03:30:56   8          THE COURT:  Okay.

03:30:56   9          MR. HARKINS:  Okay.  So even if it's not -- I

03:31:00   10  mean, first of all, data center is not accused as a --

03:31:03   11         THE COURT:  Right.

03:31:04   12         MR. HARKINS:  -- as infringing.  So we -- we agree

03:31:06   13  with that.

03:31:07   14         However, what our damages expert is planning to do

03:31:10   15  is under the Georgia-Pacific factors, show that there's a

03:31:14   16  much higher profitability with the patented technology over

03:31:16   17  the non-patented technology, which we can't prove --

03:31:16   18         THE COURT:  Okay.

03:31:20   19         MR. HARKINS:  -- in a -- in a reasonable sense

03:31:21   20  without having both -- we're not asking for all their

03:31:24   21  customer information or technology.  We literally just want

03:31:26   22  the profitability, revenue, and cost numbers to compare.

03:31:30   23         THE COURT:  As far as it impacts the damages case,

03:31:32   24  I think that's right.

03:31:33   25         Well, I think -- I think Plaintiff's entitled to

03:31:38  1  the -- I think they're entitled to the revenue and cost

03:31:48  2  numbers on the data center proxy service regardless of

03:31:53  3  whether it's going to be an affirmative non-infringing

03:31:56  4  alternative by Defendants or not, so I'll order that

03:32:01  5  produced.

03:32:03  6          And I will order that produced by the 14th of

03:32:11  7  February at noon Pacific time so that we're on the same

03:32:14  8  timeline.

03:32:15  9          And I'll order the depositions to be taken in the

03:32:18  10  United States, taken at Plaintiff's law firm's offices in

03:32:23  11  the District of Columbia or the general Washington area,

03:32:27  12  since there's a prospect it might be across the river in

03:32:30  13  Virginia or Maryland -- the Washington, D.C., area,

03:32:32  14  counsel.

03:32:38  15          Also, I've got a note in the file that Defendants

03:32:38  16  previously filed an unopposed motion for extension of time

03:32:41  17  to file a response to Plaintiff's motion to compel

03:32:45  18  production of documents, which I believe that motion is

03:32:53  19  Docket -- Docket No. -- Document No. 125.  I'm going to

03:32:55  20  consider the filing timely, and I'm going to grant the

03:32:58  21  motion, just for clarity in the record.

03:32:59  22          All right.  Is there anything that is unclear

03:33:01  23  between counsel with regard to what the Court's given you

03:33:06  24  as far as guidance or anything else?

03:33:09  25          MR. CHERIAN:  None here, Your Honor.  Thank you.

03:33:11  1          MR. FINDLAY:  No, Your Honor.  Thank you very

03:33:12  2  much.

03:33:12  3          THE COURT:  All right.  I'm ordering the

03:33:14  4  agreements carried out with the additional guidance I've

03:33:19  5  given you from the bench.  And you're to consider those an

03:33:23  6  order of the Court, counsel.

03:33:25  7          All right.  That will complete the hearing on

03:33:28  8  these matters for today.  And the motions I recited at the

03:33:32  9  beginning of this hearing as being before the Court today

03:33:35  10  are considered disposed of pursuant to the guidance the

03:33:38  11  Court's given you.

03:33:40  12          Thank you for your attendance.  The Court stands

03:33:43  13  in recess.  You're excused.

03:33:48  14          MR. CHERIAN:  Thank you, Your Honor.

03:33:49  15          COURT SECURITY OFFICER:  All rise.

          16          (Hearing concluded.)

          17

          18

          19

          20

          21

          22

          23

          24

          25

1                         <u>CERTIFICATION</u>

2

3          I HEREBY CERTIFY that the foregoing is a true and

4   correct transcript from the stenographic notes of the

5   proceedings in the above-entitled matter to the best of my

6   ability.

7

8

9    <u>/S/ Shelly Holmes          </u>          <u>2/10/2020 </u>
     SHELLY HOLMES, CSR, TCRR                  Date
10   OFFICIAL REPORTER
     State of Texas No.: 7804
11   Expiration Date: 12/31/20

12

13

14

15

16

17

18

19

20

21

22

23

24

25