IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 2:18-cv-483-JRG |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| BISCIENCE INC. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT BISCIENCE'S MOTION TO COMPEL SETTLEMENT AGREEMENT
AND DEPOSITIONS AND TO SHORTEN RESPONSE PERIOD**

Defendant BIScience (2009) Ltd. (which Plaintiff alleges is also known as BIScience Inc.) (hereinafter referred to as "BIScience") files this Motion to Compel Settlement Agreement, Depositions, and to Shorten Response Period, and would respectfully show the Court as follows:

**I.     Plaintiff is Refusing to Produce Its Settlement and License Agreement with Tesonet.**

As this Court is aware, Plaintiff filed suit against UAB Tesonet ("Tesonet") among other defendants for patent infringement of the same patents that are in the present case. *See Luminati v. UAB Tesonet*, et al, ("*Tesonet* case") Civ. Action No. 2:18-cv-00299-JRG. On January 3, 2020, the parties in the *Tesonet* case announced a settlement and terms of same on the record in a sealed court proceeding. Dkt. No. 326. The Court stayed the *Tesonet* case for thirty (30) days pending dismissal papers to be submitted to the Court. *Id*. On January 31, 2020, the parties in the *Tesonet* case submitted a sealed Joint Stipulation to Dismiss With Prejudice (Dkt. No. 328) and a sealed Patent Motion to Vacate Indefiniteness Finding of Claim 108 of U.S. Patent 9,241,044 (Dkt. No. 327). The Court granted the Joint Stipulation to Dismiss with Prejudice (Dkt. No. 332) and entered

1

an order granting the sealed Patent Motion to Vacate Indefiniteness Finding of Claim 108 of U.S. Patent 9,241,044 (Dkt. No. 331).

On February 3, 2020, BIScience formally requested Plaintiff to produce the settlement and license agreement since dismissal papers were filed and the Court dismissed the case with prejudice. Despite such request and conferences on same, to date, Plaintiff has refused to produce the settlement and license agreement or even the terms of same citing "confidentiality." In fact, most recently, Plaintiff is now also claiming that it cannot "violate the Court's order that maintains the proceedings under seal." *See* Ex. 1 (email from Robert Harkins dated February 6, 2020). This unwarranted refusal to provide this relevant settlement information is contrary to the case law and customary practice in this District.

Settlement agreements and license agreements are relevant and discoverable in patent cases. *See generally*, *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010). Prior license agreements are relevant to the calculation of a reasonable royalty as a measure of damages. *Id.*; *Tyco Healthcare Group LP v. E–Z–EM, Inc.*, 2010 WL 774878, *2 (E.D. Tex. March 2, 2010) (citing *Intergraph Hardware Tech. Co v. Dell Computer Corp.*, No. 2:02–cv–312, Dkt. No. 348 (E.D. Tex. June 2, 2004)). Clearly, Plaintiff's settlement agreement and any license agreement pertaining to the patents-in-suit are relevant to the present case and discoverable. Therefore, BIScience respectfully requests that the Court order Plaintiff to produce the settlement agreement and license agreement with Tesonet.

## II.  Plaintiff is Claiming it Cannot Produce Two Key EMK Witnesses for Deposition.

EMK Capital ("EMK") owns Luminati. EMK acquired Luminati in a $200 million transaction in 2017. The two managing partners of EMK are Edmund Lazarus and Mark Joseph. On information and belief, Mr. Lazarus and Mr. Joseph serve as board members for Luminati. In

the *Tesonet* case, Plaintiff also refused initially to produce Mr. Lazarus and Mr. Joseph for deposition in that case, but eventually did produce both witnesses for deposition. And in fact, Plaintiff's counsel, Ruyak Cherian, produced both witnesses for deposition. On January 21, 2020 during a call with Plaintiff's counsel, BIScience requested that Plaintiff provide deposition transcripts for Mr. Lazarus and Mr. Joseph in addition to Plaintiff's other witnesses. Plaintiff's counsel initially agreed to provide the deposition transcripts, and even made a production of deposition transcripts pursuant to BIScience's request. Upon review of that production, it was discovered that the transcripts for Mr. Lazarus and Mr. Joseph were not included, even though Plaintiff's counsel never mentioned that these transcripts were not included. When questioned on the missing transcripts, Plaintiff's counsel stated that he would check on that. On February 3, 2020, during the Court ordered meet and confer on Plaintiff's motions to compel, the undersigned inquired again as to the deposition transcripts. For the first time, Plaintiff's counsel claimed that they no longer represent Mr. Lazarus or Mr. Joseph, even though counsel presented both witnesses for deposition in the *Tesonet* case. And, Plaintiff's counsel stated for the first time that they would not produce the transcripts regardless of the confidentiality designation, nor will they produce the witnesses for deposition. Clearly, this contradictory position appears to be some sort of gamesmanship. Because these two witnesses' deposition transcripts in the *Tesonet* case are relevant to the present case, BIScience respectfully requests the Court to compel Plaintiff to produce these transcripts to BIScience.

On February 7, 2020, BIScience served notices on Luminati for the depositions of several witnesses including Mr. Lazarus and Mr. Joseph. "[D]epositions of parties, officers, directors, and managing agents of parties do not require the use of a subpoena." *Mylan Institutional LLC v. Aurobindo Pharma Ltd*, Civ. A. No. 16-CV-00491-RWS-RSP, 2016 WL 9245112, at *4 (E.D.

Tex. Nov. 14, 2016) (Payne, M.J.); Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.) ("[T]he corporation is responsible for producing its officers, managing agents, and directors if notice is given; a subpoena for their attendance is unnecessary, and sanctions may be imposed against the corporation if they fail to appear."). At the motion to compel hearing, this Court ordered certain depositions to be conducted in Ruyak Cherian's office in Washington D.C. BIScience has noticed Mr. Lazarus' and Mr. Joseph's depositions to take place in Washington D.C. along with the other witnesses. *Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 112 (D. Del. 2010) (requiring patent owner plaintiff to make a member of its board of directors available for deposition in the United States, as "[g]enerally, officers, directors, and managing agents of a plaintiff are expected to be deposed within the forum district in which the plaintiff has chosen to file suit"). As in the *Aerocrine AB* case, the depositions of these two Luminati board members should occur in the United States. Accordingly, BIScience respectfully requests that the Court compel the depositions of Edmund Lazarus and Mark Joseph in the United States, specifically in Washington D.C. during the time the other witnesses' depositions are to take place.

### III.   BIScience Requests A Shortened Response Period To Its Motion to Compel.

The fact discovery deadline is February 28, 2020. Per the Eastern District's Local Rules, a party may move for an order shortening the response period for briefing. *See* Local Rule CV-7(e). Accordingly, BIScience requests the Court to shorten the response period for Plaintiff's Response to BIScience's Motion to Compel and order it due on February 14, 2020. BIScience respectfully requests this shortened response period be ordered by the Court.

Dated: February 10, 2020                  Respectfully submitted,

*/s/ Eric H. Findlay*
Eric H. Findlay (TX Bar No. 00789886)
Brian Craft (TX Bar No. 04972020)
Debby Gunter (TX Bar No. 24012752)
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
efindlay@findlaycraft.com
bcraft@findlaycraft.com
dgunter@findlaycraft.com

Ronald Abramson
M. Michael Lewis
Liston Abramson LLP
405 Lexington Ave.
46th Floor
New York,, NY 10174
212-257-1630
Fax: 917-633-5568
ron.abramson@listonabramson.com
michael.lewis@listonabramson.com

***ATTORNEYS FOR DEFENDANT BISCIENCE***

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. This document will be served on Defendant in accordance with the Federal Rules of Civil Procedure.

*/s/ Eric H. Findlay*
Eric H. Findlay

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned counsel for BIScience certifies he has meet and conferred with counsel for Plaintiff both in person, over the phone, and via email communication. Unfortunately, an agreement could not be reached. Accordingly, discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve, and this motion is opposed.

*/s/ Eric H. Findlay*
Eric H. Findlay
