# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **LUMINATI NETWORKS LTD.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 2:18-cv-483-JRG** |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **BISCIENCE INC.** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AMENDED <u>INFRINGEMENT CONTENTIONS</u>

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................ 1

II.    ARGUMENT AND CITATION TO AUTHORITY ............................................. 2

    A.    Plaintiff's Purported P.R. 3-6(a) Amendment ..................................... 2

        1.    Legal Standard ................................................................ 2

        2.    Plaintiff's Purported P.R. 3-6(a) Amendment Should Be Stricken ........... 3

            a.    The Court's Claim Construction Order Did Not Contain Anything Unexpected or Unforeseeable ........................................ 4

            b.    Plaintiff's Amendment Expands the Scope of the Claim Far Beyond the Claim Construction Order ........................................ 5

            c.    Plaintiff's Amendment is Irrelevant to the Alleged Surprise ........ 8

III.    CONCLUSION ................................................................................ 9

## TABLE OF AUTHORITIES

**Cases**

*Azure Networks, LLC v. CSR PLC,* No. 6:11-cv-139, 2012 WL 12919538 (E.D. Tex. Dec. 4, 2012)............................................................................................... 2

*Cell & Network Selection LLC v. AT&T,* No. 6:13-cv-403, 2014 WL 10727108 (E.D. Tex. Nov. 10, 2014) ..................................................................................... 2

*CoreLogic Info. Sols., Inc. v. Fiserv, Inc.,* No. 2:10-cv-132, 2012 U.S. Dist. LEXIS 130554, 2012 WL 4051823 ............................................................................ 2

*Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664 (E.D. Tex. 2007) ........................................ 3

*Saffran v. Boston Sci. Corp.*, No. 2:05-cv-547, Dkt. No. 143, 2008 U.S. Dist. LEXIS 125225 (E.D. Tex. Jan. 28, 2008) ............................................................. 3

*Sycamore IP Holdings LLC v. AT&T Corp.*, 2018 U.S. Dist. LEXIS 58863. (E.D. Tex. Apr. 6, 2018) …………………………………………………………………3

**Other Authorities**

P.R. 3-6 .................................................................................................... ….. 2

## I.     INTRODUCTION

Plaintiff Luminati Networks Ltd.  ("Plaintiff") has attempted to use P.R. 3-6(a)(1) to amend its infringement contentions in regard to the '866 patent without leave of Court. By way of background, Plaintiff initially served its P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions on March 14, 2019. After having reviewed BIScience's source code, Plaintiff amended its infringement contentions on October 25, 2019 pursuant to ¶3(a)(i) of the Discovery Order. The Court held its claim construction hearing on November 26, 2019. A Claim Construction Order was entered on December 6, 2019 (Dkt. No. 130). Then, on January 6, 2020 - the last day possible under the Local Patent Rules - Plaintiff again amended its infringement contentions related to the '866 patent, claim 15 and dependents, under the guise of P.R. 3-6(a)(1).

BIScience does not challenge the October 25, 2019 P.R. 3-1 Amended Infringement Contentions in this motion and they should be Plaintiff's operative contentions.

BIScience is filing this motion because Plaintiff purported to amend its October 25, 2019 Amended Infringement Contentions for the '866 patent under the auspices of P.R. 3-6(a)(1) claiming this Court's claim construction was a "surprise".  P.R. 3-6(a)(1) allows amendment of infringement contentions without leave of court only if the party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires. Case law applying this rule requires that the Court adopt an unexpected or unforeseeable claim construction before amendment without leave is permitted. However, h e r e , there was nothing unexpected or unforeseeable in this Court's Claim Construction Order.

The construction claimed to be unexpected or unforeseeable by Plaintiff is for the phrase "partitioning the content into a plurality of content slices."  This same phrase was construed in a prior case involving Plaintiff and the same patent, *Luminati Networks Ltd. v. Tesonet Ltd.*, Case No. 2:18-cv-299-JRG at Dkt. 121 ("*Tesonet* Lawsuit").  The constructions in the Court's current

Claim Construction Order and the Court's Claim Construction Order for the *Tesonet* Lawsuit are substantially the same; any differences are merely minor clarifications that were added in response to specific arguments presented in this current case.   Additionally, the Court's current  Claim Construction Order is consistent with Plaintiff's clearly prior-stated positions.   Further, the Plaintiff's recent amendment to the phrase "selecting a device from the group" is not relevant to any alleged surprises that might have arisen from the Court's Claim Construction Order.

In sum, Plaintiff's purported January 6, 2020 amendments to its October 25, 2019 Amended Infringement Contentions should be stricken.

## II.    ARGUMENT AND CITATION TO AUTHORITY

### A.    Plaintiff's Purported P.R. 3-6(a) Amendment

#### 1.    Legal Standard

Patent Rule 3-6(a)(1) sets forth the situation in which Plaintiff may amend its infringement contentions without leave of Court:

> If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Amended Infringement Contentions" without leave of court that amend its "Infringement Contentions" with respect to the information required by Patent R. 3-1(c) and (d). P.R. 3-6(a)(1).

Amendment under P.R. 3-6(a)(1) must be in response to an "unexpected or unforeseeable" claim construction ruling by the Court. *See, e.g., Azure Networks, LLC v. CSR PLC,* No. 6:11-cv-139, 2012 WL 12919538, at *2 (E.D. Tex. Dec. 4, 2012); *see also Cell & Network Selection LLC v. AT&T,* No. 6:13-cv-403, 2014 WL 10727108, at *2 (E.D. Tex. Nov. 10, 2014) ("P.R. 3-6(a)(1) allows a party alleging patent infringement to amend its contentions in light of an unexpected claim construction by the Court." (quoting *VirnetX Inc. v. Cisco Sys., Inc.,* No. 6:10-cv-417, 2012 U.S. Dist. LEXIS 191110, 2012 WL 12546881, at *3 (E.D. Tex. Oct. 22, 2012))); *CoreLogic Info. Sols., Inc. v. Fiserv, Inc.,* No. 2:10-cv-132, 2012 U.S. Dist. LEXIS 130554, 2012 WL 4051823, at *1.

2

Whether the Court's claim construction was foreseeable is "determined from the time of the claim construction briefing, rather than the time the original infringement contentions are served." *Sycamore IP Holdings LLC v. AT&T Corp.*, 2018 U.S. Dist. LEXIS 58863. *22 (E.D. Tex. Apr. 6, 2018).

In other words, amendment is not permitted as a matter of course after the Court issues a claim construction order and is not permitted simply because the Court adopted a construction with which a party does not agree. *Saffran v. Boston Sci. Corp.*, No. 2:05-cv-547, Dkt. No. 143, at 5, 2008 U.S. Dist. LEXIS 125225 (E.D. Tex. Jan. 28, 2008) ("A party is permitted to amend its contentions in response to an *unexpected* claim construction, not simply a construction with which the party disagrees.")(emphasis added); *Sycamore*, 2018 U.S. Dist. LEXIS 58863 at *20-21 ("the court's adoption of an opposing party's claim construction is not sufficient to support the movant's claim that it was surprised by the court's ruling" (internal citations omitted)); *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007) ("This exception is intended to allow a party to respond to an unexpected claim construction by the court. This does not mean that after every claim construction order, new infringement contentions may be filed. That would destroy the effectiveness of the local rules in balancing the discovery rights and responsibilities of the parties.").

### 2.    Plaintiff's Purported P.R. 3-6(a) Amendment Should Be Stricken

Plaintiff amended its infringement contentions as to Claim 15 and its dependents of the '866 patent without leave of Court on January 6, 2020 – exactly 30 days after the Court issued its Claim Construction Order – citing the claim construction order as its justification for doing so. (Ex. A, 1/14/20 Email from R. Wielkopolski to BIScience Counsel). However, there was nothing "unexpected" or "unforeseeable" about the Court's claim construction ruling that would justify amendment under P.R. 3-6(a).

3

### a. The Court's Claim Construction Order Did Not Contain Anything Unexpected or Unforeseeable

The constructions in the Court's current Claim Construction Order (Dkt. No. 130) and the Court's earlier Claim Construction Order for the *Tesonet* Lawsuit (Tesonet Dkt. No. 121) are substantially the same. For the earlier *Tesonet* Lawsuit, "partitioning the content into a plurality of content slices" was construed as "splitting the content into content slices (the resulting content slices may be overlapping or non-overlapping)." (*Id.* at pg. 46). In the Court's current Claim Construction Order, the construction (underlined to indicate additions) is "splitting the content into multiple content slices that each include some or all of the content (the resulting content slices may be overlapping or non-overlapping)." (Dkt. No. 130 at pg. 44). Changes from the *Tesonet* Lawsuit construction are merely the addition of "multiple" and "that each include some or all of the content". Neither of these additions could be unexpected or unforeseeable.

The Court's Claim Construction in the *Tesonet* Lawsuit notes "The specification refers to "partitioning the content into a **plurality of** content slices, each content slice containing at least part of the content." (Tesonet Dkt. No. 121 at pg. 45, emphasis added). Plaintiff described the relevant claim limitation using the example of "partitioning [content] into **three** content slices". (Dkt. No. 109 at pg. 24, emphasis added). The addition of "multiple" cannot be unexpected in view of the construed clause itself using the phrase "plurality of content slices", the prior Claim Construction Order, or even Plaintiff's own arguments.

Similarly, the addition of "that each include some or all of the content" cannot be a unexpected or unforeseeable either. In the current case, both Plaintiff and Defendant made myriad statements regarding the content slices having "overlapping content", which is also part of the *Tesonet* Lawsuit construction. See, for example, Plaintiff's expert's Declaration, (Dkt. No. 109-5 at pgs. 9-10); (Dkt. No. 109 at pgs. 24-25), and Ex. B, Defendant's P.R. 4-2 Disclosures at pg. 4.

4

"Overlapping content" is effectively a shorthand way of stating that each content slice includes some or all of the content.  Plaintiff described this in some detail with:

> A content can be partitioned in overlapping parts, so for example, a set of 15 search results from a website can be partitioned into the first 10 results and the last 10 results, where there is an overlap of the middle five results. See *id*. And it can be completely overlapping, so that the entire content is fetched through different group devices to provide intended redundancy and overcome potential errors in transmission. See *id.* at 62:26-29 ("All parts of the content may be included in all of the content slices, and two or more, or all of the content slices, may be having the same size. Two or more of the content slices may include the same information.");

(Dkt. No. 109, at pg. 25)

Any differences between the prior Claim Construction Order in the *Tesonet* Lawsuit and the current Claim Construction Order are merely minor clarifications that were added in response to specific arguments presented in this current case, and are fully consistent with the '866 Patent's specification and even the Plaintiff's own pleadings.  Therefore, there is nothing that was unexpected or unforeseeable.

> **b.  Plaintiff's Amendment Expands the Scope of the Claim Far Beyond the Claim Construction Order**

Plaintiff's recent attempt to alter its infringement charts is not a minor change as it is posed by Plaintiff, is not necessitated by the Claim Construction Order, and unfairly attempts to expand the claim scope far beyond the Claim Construction Order.  Plaintiff's new infringement chart attempts to expand the infringement theory to cover the following scenario:

A prior art proxy server system, which is incapable of performing the allegedly novel aspect of Claim 15 of the '866 Patent, specifically partitioning content to be fetched from a website, is used (according to the teachings of the prior art) to fetch some content from a target website.  Later, the user decides to fetch additional content from the same target website, and so uses the prior art proxy server system a second time to repeat the teachings of the prior art to fetch that additional

content.

Plaintiff's proffered new infringement theory reads on using a prior art system, in a manner that is fully within the teachings of the prior art, with the only alleged difference being that the user visits the same website a second time to fetch additional content. This second visit, which itself is performed within teachings of the prior art, becomes the alleged basis for rendering the prior art system and method suddenly infringing. The idea that someone would visit the same website twice, and seek different content during the second visit, is trivially obvious, and has certainly been a common practice since the earliest days of the internet. Permitting Plaintiff to amend its infringement contentions with the currently-proffered chart will permit Plaintiff to assert that the mere act of visiting a website twice (both times using a prior art system and both times operating according to teachings within the prior art) qualifies for infringement.

The January 6, 2020 amended infringement contentions address the claim limitation "selecting a [proxy] device from the group." (Ex. C at pgs. 36-38). This step is performed for each partition. Plaintiff had previously contended in its October 25th infringement contentions that ▇



. (Ex. D at pgs. 36-38.) In the January 6 amended contentions, Plaintiff now alleges ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Plaintiff states:

**Any differences** in the context of the claims as understood by a person of ordinary skill in ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Ex. C at pg 37, emphasis added).

In addition, the January 6, 2020 amended infringement contentions state ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

████████████████████████████████ (Ex. C at pg. 3, emphasis added).  The

Plaintiff's notes for Doctrine of Equivalents (starting on that same page) state:



The addition of the new Doctrine of Equivalents argument for "selecting," viewed in

combination of the Doctrine of Equivalents argument for "partitioning", now allege that ██

████████████████████████████████████

████████████████████████████████████

██. Specifically, the most recent Amended Infringement Contentions now allow that:

████████████████████████████████████

████████████████████████████████████

██████

████████████████████████████████████

█████████████████████████████████

████████████████████████████████████

██████████████████████████████.

Such a drastically altered infringement theory and claim scope is directly contrary to

Plaintiff's own representations to the Court.  Leading up to the claim construction hearing on

7

November 26, 2019, Plaintiff clearly and unambiguously admitted in its Reply Claim Construction brief that the '866 Patent required that *a device – not a user* –performs the partitioning:

> It is **the device that** fetches the content over the Internet as recited at the beginning of the preamble, it **partitions the content** using a content slice identifier, it selects a device from a group, it sends a request to the selected device, and receives a content slice and constructs the content from the received content slices. A POSA would clearly understand **a device that performs those steps** practices the patent claim.

(Doc. No. 119, pgs. 7 – 8, emphasis added).

During the claim construction hearing, Plaintiff underscored this point, that a device – not a user, perform the partitioning.  For example, Plaintiff clarified that "Defendant's argument that [Plaintiff's expert] Dr. Rhyne doesn't specify which device take steps is incorrect – he opines that **the same device performs entire method."**  (Dkt. No. 127-1 at pg. 52, emphasis added.).  The "entire method" includes the partitioning.  Therefore, moving "partitioning" out from Plaintiff's admission as being performed by a device, and permitting a human merely visiting a website twice with a prior art system to qualify as partitioning, is a drastic expansion of the claim scope that reaches far beyond the claim construction order.

### c.    Plaintiff's Amendment is Irrelevant to the Alleged Surprise

The Plaintiff's recent amendment is not relevant to any alleged surprises that might have arisen from the Court's current Claim Construction Order.  The alleged surprise cannot extend beyond the Court's addition of "multiple" and "that each include some or all of the content" to the *Tesonet* Lawsuit Claim Construction Order.  Plaintiff's proffered claim chart does not address either of those additions, but merely expands the claim scope by amending the phrase "selecting a device from the group" so that a human user, rather than a device, performs the selecting (in conjunction with the partitioning).  There is no relationship between that drastic claim scope change and the minor clarifications in the Court's current Claim Construction Order.

Against this backdrop, it is clear that Plaintiff's amended contentions are an improper attempt by Plaintiff to revise to its infringement theories in contravention of the Patent Rules. The Court's Claim Construction Order did not contain anything unexpected or unforeseeable to justify amendment without leave of Court. And of course, instead of seeking leave of court, Plaintiff waited until exactly 30 days after the Court's Claim Construction Order and attempted to slip its amendments in under the guise of P.R. 3-6(a). Accordingly, Plaintiff's amended infringement contentions should be stricken for failure to comply with P.R. 3-6.

## III.   CONCLUSION

For the foregoing reasons, the Court should strike Plaintiff's January 6, 2020 amended infringement contentions.

Dated: February 11, 2020                          Respectfully submitted,

                                                  */s/ Eric H. Findlay*
                                                  Eric H. Findlay (TX Bar No. 00789886)
                                                  Brian Craft (TX Bar No. 04972020)
                                                  Debby Gunter (TX Bar No. 24012752)
                                                  FINDLAY CRAFT, P.C.
                                                  102 North College Avenue, Suite 900
                                                  Tyler, Texas 75702
                                                  Tel: (903) 534-1100
                                                  Fax: (903) 534-1137
                                                  efindlay@findlaycraft.com
                                                  bcraft@findlaycraft.com
                                                  dgunter@findlaycraft.com


                                                  Ronald Abramson
                                                  M. Michael Lewis
                                                  Liston Abramson LLP
                                                  405 Lexington Ave.
                                                  46th Floor
                                                  New York,, NY 10174

212-257-1630
Fax: 917-633-5568
ron.abramson@listonabramson.com
michael.lewis@listonabramson.com

***ATTORNEYS FOR DEFENDANT
BISCIENCE***

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that this document is being filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Eric H. Findlay*
Eric H. Findlay

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned counsel for BIScience certifies that Defendant has complied with the meet and confer requirement in Local Rule CV- 7(h). Specifically, counsel for BIScience and Luminati discussed via email and via telephonic conference the subject of BIScience's motion to strike. An agreement could not be reached. Accordingly, discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve, and this motion is opposed.

*/s/ Eric H. Findlay*
Eric H. Findlay

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  This document will be served on Defendant in accordance with the Federal Rules of Civil Procedure.

*/s/ Eric H. Findlay*
Eric H. Findlay