# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LUMINATI NETWORKS LTD.<br><br>    Plaintiff,<br><br>    v.<br><br>BI SCIENCE INC.,<br><br>    Defendants. | Case No. 2:18-CV-00483-JRG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSITION TO DEFENDANT BI SCIENCE'S MOTION TO COMPEL**
**SETTLEMENT AGREEMENT AND DEPOSITIONS**

BI Science (2009) Ltd. ("BI Science") is attempting to use this Court to violate third party due process rights. As BI Science is aware, neither Luminati Networks Ltd. ("Luminati") nor the undersigned represent EMK Capital LLC ("EMK Capital"), UAB Teso Lt ("Teso"), and/or UAB Metacluster ("Metacluster") (collectively, "Impacted Third Parties"). Without providing anything in the record indicating that BI Science notified the Impacted Third Parties and Luminati is otherwise unaware of any such notice, and despite Luminati making it clear to BI Science that Luminati is not authorized to disclose such discovery, BI Science filed its motion to compel Luminati to unilaterally produce discovery designated as protected material by these third parties ("Motion," Dkt. 151).

In addition, Luminati provided BI Science with ample notice last month of the witnesses Luminati intends to depose before the hearing on Luminati's motion to compel. BI Science did not do so. Instead, it provided notice <u>for the first time</u> on Friday, February 7, 2020 that it seeks the depositions of third party EMK Capital owners and unilaterally demanded that they be deposed on specific days in Washington, DC. BI Science then immediately filed its motion to compel without meet and conferring or even attempting to schedule its belatedly noticed depositions. Luminati informed BI Science last month that the undersigned do not generally represent EMK Capital, a third-party company based in the United Kingdom and the undersigned obviously do not represent Tesonet, a defendant in separate cases pending before this Court. Regardless, BI Science filed its motion without any indication that BI Science has contacted EMK Capital, Teso, and/or Metacluster to seek permission to access their confidential information or to notify them of BI Science's Motion. BI Science's Motion is an improper and untimely attempt to secure third party discovery without authorization from the Impacted Third Parties and should be denied.

I.     BACKGROUND

1

On January 3, 2020, during the under seal portion of a hearing in the case of *Luminati Networks Ltd. v. Tesonet UAB*, Case No. 2:18-cv-299-JRG ("Tesonet Case"), the parties in that case entered the confidential terms of a settlement agreement ("Tesonet Settlement") into the record before this Court resolving that litigation.  The parties to that case did not execute any separate document regarding the settlement.

During a meet and confer regarding Luminati's request for a hearing on January 21, 2020, BI Science requested a copy of the deposition transcripts of the EMK Capital witnesses Edmund Lazarus and Mark Joseph ("EMK Transcripts") from the Tesonet Case.  As explained to BI Science during that call, we do not represent EMK Capital generally and Luminati is not permitted to disclose these transcripts, which contain EMK Capital confidential information and are designated "RESTRICTED – ATTORNEYS' EYES ONLY" under the protective order ("Tesonet Protective Order," Dkt. 39) entered in the Tesonet Case without authorization from EMK Capital.  Luminati does not have authorization to disclose these documents.  See Exhibit A.

During the meet and confer preceding the February 3, 2020 hearing on Luminati's then pending motions to compel, BI Science requested a copy of EMK Capital depositions and a copy of the Tesonet Settlement.  Luminati explained that it is not permitted to share EMK Capital confidential information under the Tesonet protective order and that the Tesonet Settlement was under seal and contains terms strictly confidential to both sides.

The next day, BI Science submitted a request in writing seeking a copy of the purported "settlement, license and/or resolution agreement."  Luminati responded on February 6, 2020 (See Dkt. 151-2 at 2), explaining again the following:

1. We explained earlier this week that we do not represent EMK and do not have their permission to share the deposition transcripts containing confidential information with anyone including BI Science.

2

    2.    I believe we also told you earlier this week that the terms of the dismissal, etc., in Tesonet are under seal and strictly confidential to both sides. We cannot waive Tesonet's confidentiality nor violate the Court's order that maintains the proceedings under seal, so we also cannot provide that information to you either.

On February 7, 2020, without any prior indication that BI Science intended to depose any witnesses, much less witnesses from EMK Capital, BI Science served notices of deposition of Edmund Lazarus and Mark Joseph ("Notices") on Luminati unilaterally requesting that they appear at RuyakCherian's office in Washington DC for depositions on February 27, 2020. The Notices include a certificate of service indicating only that they were served on counsel of record in this case.

One business day later and without a meet and confer, BI Science filed this motion to compel. As with the Notices, the certificate of service does not indicate that BI Science served the Motion on the Impacted Third Parties who have rights independent of any rights that Luminati may have.

On February 17, 2020, Luminati served its objections to the Notices. See Exhibit B.

**II.    ARGUMENT**

*A.    BI Science Ignored the Due Process Rights of EMK Capital, Teso, and Metacluster By Filing the Motion Without Providing Notice to these Third Parties that BI Science Is Seeking the Production of Discovery Confidential to these Third Parties*

As BI Science is aware, Luminati and the undersigned do not generally represent EMK Capital, Teso, and/or Metacluster who all have independent rights in the discovery that BI Science's improper motion seeks. Regardless, BI Science did not serve the Notices or Motion on the Impacted Third Parties as the included certificates of service only indicate service on the counsel of record in this action and Luminati is not otherwise aware of BI Science having served the Impacted Third Parties. By failing to serve this Motion on these parties, BI Science deprived

them of their due process rights to seek a protective order. On this basis alone, the Motion should be denied.

B.     *Luminati is Prohibited from Disclosing Confidential Information of Defendants and Third Parties Under the Tesonet Protective Order*

Paragraph 13 of the Tesonet Protective Order states as follows:

> There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby **ORDERED** to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

Luminati is not permitted to disclose third party confidential information under the Tesonet Protective Order without authorization of those parties. As Luminati does not have authorization, Luminati cannot produce the EMK Transcripts, which contain information confidential to EMK Capital.

In addition, the Tesonet Settlement similarly contains information confidential to Teso and Metacluster, and is also under seal by Court order. Luminati cannot unilaterally disclose the Tesonet Settlement without both authorization from the Defendants in that case as well as an order from the Court permitting the disclosure of the under seal transcript from the January 3, 2020 hearing.

C.     *BI Science Improperly Filed Its Motion to Compel One Business Day After Noticing the Deposition of the EMK Capital Witnesses Without a Meet and Confer and Otherwise Following the Procedures in the Discovery Order*

BI Science served the Notices on February 7, 2020, without providing any previous indication that it intended to seek the depositions of EMK Capital owners Mark Joseph and Edmund Lazarus. Based on the certificates of services accompanying the Notices and Motion, BI Science then filed its Motion to Compel one business day later without following the procedure laid out in the Discovery Order. Specifically, BI Science didn't serve a written statement of any

purported deficiencies in responding to the Notices or even request a meet and confer on this issue as required by paragraph 9 of the Discovery Order (Dkt. 62). Prior to the filing of the Motion, BI Science had only raised the issues of the EMK Transcriptsand the Tesonet Settlement, not the depositions of EMK Capital witnesses.

Since service of the Notices on Luminati, Luminati served its objections to both Notices on February 17, 2020. The representative objections to the Notice for Mr. Lazarus is attached as Exhibit B. As addressed in Luminati's Objections, the Notices are untimely given that BI Science knowingly pushed the schedule to require Luminati to finish its depositions during the last week of February by arguing for more time to produce the discovery that it baselessly failed to produce during the February 3, 2020 hearing, only to turn around and demand that Luminati produce the EMK Capital witnesses during an overlapping period in Washington DC. While untimely, Luminati agreed to meet and confer on the possibility of taking depositions outside of fact discovery. See Exhibit B at 2. The Motion was clearly filed prematurely and should be denied on this basis alone.

Paragraph 9(c) of the Discovery Order (Dkt. 62) includes the following provision:

> To the extent that party witnesses are located in the party's state of incorporation (i.e. Israel for Luminati and BIScience), the party defending the depositions will endeavor to make the deponents available over a two-week period for deposition in that party's state of incorporation. The parties shall endeavor and cooperate in the planning and scheduling of foreign depositions to minimize the need for foreign travel. Foreign located witnesses, such as those situated in Israel may be made available for deposition at a mutually agreeable location, outside their state of incorporation.

In addition, as Mr. Lazarus and Mr. Joseph are residents of the U.K., BI Science has no basis to demand the depositions of the EMK Capital witnesses in Washington, D.C. The February 4, 2020 Order (Dkt. 142) is expressly limited to "the depositions of certain witnesses originally

5

noticed to be taken outside of the United States" and does not apply to the BI Science's February 7, 2020 Notices.

Also, the agreement entered into the record at the February 3, 2020 Discovery Hearing only addressed BI Science's failure to produce discovery in this litigation and the necessary remedies that would apply as described in Luminati's motions to compel (Dkt. Nos. 120, 133, and 134). Having argued at the Discovery Hearing for additional time to meet its discovery obligations, BI Science pushed Luminati's time to take depositions up to the close of fact discovery on February 28, 2020 leaving BI Science no time left within fact discovery to take the depositions belatedly requested by the Notice. To the extent that BI Science complains that the fact discovery deadline is February 28, 2020, BI Science's failure to timely produce its documents and witnesses, failure to timely seek discovery from Luminati, failure to notify any of the Impacted Third Parties regarding the discovery that it sought, failure to meet and confer regarding the alleged issues raised in its motion or the relief that it seeks are all problems of BI Science's own making. BI Science was well aware of the schedule in this case, but nonetheless failed to seek the information that it now unilaterally demands in a timely manner.

## III.    CONCLUSION

For the reasons provided above, Luminati respectfully requests that BI Science's Motion to Compel be denied.

| | |
|---|---|
| Dated: February 18, 2020 | Respectfully submitted,<br><br>By: */s/ Korula T. Cherian*<br><br>S. Calvin Capshaw<br>State Bar No. 03783900<br>Elizabeth L. DeRieux<br>State Bar No. 05770585<br>Capshaw DeRieux, LLP<br>114 E. Commerce Ave.<br>Gladewater, TX 75647<br>Telephone: 903-845-5770<br>ccapshaw@capshawlaw.com<br>ederieux@capshawlaw.com<br><br>Amadou Kilkenny Diaw<br>Ronald Wielkopolski<br>RuyakCherian LLP<br>1700 K St. NW, Suite 810<br>Washington, DC 20006<br><br>Korula T. Cherian<br>Robert Harkins<br>RuyakCherian LLP<br>1936 University Ave, Ste. 350<br>Berkeley, CA  94702<br><br>*Attorneys for Plaintiff*<br>*Luminati Networks Ltd.* |