IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **LUMINATI NETWORKS LTD.** § | |
| § | |
| **Plaintiff,** § | |
| § | CIVIL ACTION NO. 2:18-cv-483-JRG |
| § | |
| v. § | |
| § | JURY TRIAL DEMANDED |
| **BISCIENCE INC.** § | |
| § | |
| **Defendant.** § | |

### BISCIENCE INC.'S MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant BIScience, and files this Opposed Motion for Protective Order, and would respectfully show the Court as follows:

**I.   INTRODUCTION**

In an effort to strong arm the competition into settling or selling their businesses, Plaintiff Luminati Networks Ltd. ("Luminati") has filed several lawsuits in the Eastern District of Texas, including the present case.  It has been clear from the start that Luminati was not as interested in its patent infringement suit as it is attempting to destroy all competition.  This is evidenced by the suits filed in the Eastern District of Texas against UAB Tesonet[1], BIScience[2], IP Ninja Ltd.[3], and most recently, Tefincom S.A.[4]

What makes this situation worse is that Luminati's alleged damages are likely less than the legal fees and costs already incurred in this case.  BIScience has already incurred substantial legal

---
[1] 2:18-cv-299; 2:19-cv-395
[2] 2:18-cv-483; 2:19-cv-397
[3] 2:19-cv-196
[4] 2:19-cv-414

1

fees and expenses defending this case. Knowing that BIScience has limited resources, Luminati has engaged in an intentional practice to drown BIScience in discovery and significantly increase the cost of litigation. Luminati's timing has also been intentional, striking at time periods when settlement proposals are being exchanged or mediation conducted. Most recently, a new settlement proposal is being exchanged between the parties and, as has occurred repeatedly in the past, Luminati has once again ramped up the discovery in an overly burdensome and harassing way, this time serving an excessive number of subpoenas and deposition notices, all of which are to occur within the next 9 days.

To provide perspective on this issue, back in October of 2019, the parties discussed generally narrowing the depositions to the key witnesses on both sides; specifically, for Luminati—Ofer Vilenski and Or Lechner and for BIScience—Kfir Moyal and Assaf Toval. Even Luminati's counsel suggested a narrower streamlined approach. Unfortunately, the reasonable approach to save costs and streamline the depositions was short lived. On January 16, 2020, Luminati served a 30(b)(6) deposition notice to BIScience followed by 15 additional deposition notices on January 21, 2020. These 16 notices of deposition were served after BIScience rejected Luminati's offer of settlement and made a counter settlement proposal. After that time, Luminati represented that it would reconsider the number of depositions once it received BIScience's document production and email production. On February 14, BIScience made its 7th production and also produced a substantial amount of email discovery. Around the same time, a settlement proposal was circulated. And as expected, Luminati ramped up the discovery once again to exert pressure on BIScience. On February 17, Luminati withdrew certain notices of deposition, but then replaced them with additional notices which brings the total number of noticed depositions to fifteen (15) deponents plus Luminati has served six (6) third party subpoenas requesting

depositions and documents. Clearly, this is no coincidence in terms of timing with the settlement proposal. It is evidence of a strategically calculated effort to significantly increase costs, run a smaller competitor out of business, and attempt to extort a settlement.

Counsel has attempted to discuss the excessive number of depositions versus the need and costs to no avail. In fact, during one of the meet and confer conference calls, BIScience learned that Luminati's counsel intentionally flew to Washington D.C. *without confirming any of the unilaterally noticed depositions*, after ignoring multiple requests for discussions on the deposition witnesses and logistics. Now in a new low in litigation tactics, Luminati is threatening to seek sanctions for a situation they intentionally created. Therefore, BIScience has no choice but to seek court intervention.

## II.   ARGUMENT AND AUTHORITIES

### A.   BISCIENCE IS ENTITLED TO PROTECTION FROM LUMINATI'S UNREASONABLE AND CALCULATED DISPROPORTIONATE DISCOVERY REQUESTS.

The court has broad discretion to grant a protective order on a showing of good cause. *See* Fed. R. Civ. P. 26(c). In this case, good cause exists because the requested discovery is not proportional to the needs of the case or the amount in controversy. *See* Fed. R. Civ. P. 26(b)(1).

First, this case is being litigated unjustifiably aggressively, with intention to harass rather than seek facts, particularly around the time period when settlement proposals are being exchanged. This evidences the litigation tactics being employed by Luminati to force a smaller competitor out of business or extort a settlement. In total, Luminati has requested 21 depositions all of which are to occur (according to the notices) starting February 20th through February 28th. *See* Exhibit 1.

In each of the notices of deposition served on BIScience, notably, the deposition notice language states "The deposition will commence on February 20, 2020 at 9:00 a.m. at the law firm

offices of Ruyak Cherian, 1700 K St NW, Ste. 810, Washington, DC 20006 **or at a date, time, and location to be agreed upon by counsel.**" *See* Exhibit 2 (Plaintiff's Updated Notice of Deposition of Kfir Moyal, p.1)(emphasis added).  Since Mr. Moyal, one of the BIScience witnesses, would be traveling from his residence in Tel Aviv, Israel and the parties are on a tight schedule to complete discovery, it is reasonable and expected that there may be some variance from the proposed date and time.  As evidenced by the notice, the language in the notice itself expects this variance and at the very least, some communication.  BIScience's counsel reached out to Luminati's counsel on February 11 regarding the 15 noticed depositions requesting which depositions would be necessary and requesting a decision to be made on February 14 because of the time frame involved, travel, and costs. The undersigned stated in an email on February 11, 2020, "At the very least, we request that you make a decision as to which depositions Luminati contends are necessary by 9 a.m. PST on February 14. Because of the time frame involved, travel and costs involved, it is not practical or reasonable for this decision to be made late in the day on Friday, February 14. Please let us know your position." A few hours later, counsel for BIScience learned that some of the proposed deponents were no longer BIScience employees and notified Luminati immediately of same and requested a call that day (Feb. 11th) or the following day. On February 12, again, counsel for BIScience reached out to Luminati stating "And on the depositions, we need to have a call to coordinate the time and dates on both sides.  Both sides have international travel that needs to be set.  Let me know when you can visit about this." *See* Exhibit 3.  Finally, two days later on February 13 after business hours, Luminati's counsel responded that Luminati did not need to identify witnesses to be deposed until after they reviewed BIScience's production, and ignored the request for a call to coordinate time, date, and logistics on the noticed depositions. Even at that time, and regardless of the language in the deposition notices, it was apparent between

the parties that a discussion was needed regarding who was to be deposed and the schedule for same. BIScience made its production on February 14 around noon CST. On February 16, BIScience's counsel reached out again and requested a time on Monday, the 17th to discuss depositions. Hearing nothing in response, BIScience's counsel reached out again later on February 17 as follows:

> Bob,
> We still haven't heard from you on these issues. **And on the depositions, we've asked to speak regarding them on several occasions, but you've not responded. To be clear, they cannot go forward until we have a discussion regarding the dates, times, and locations, on both sides. And I think the sooner we do this the better.** Moreover, as we've indicated previously and as I hope you'll be in a position to do given our production, we think the number of depositions should be significantly limited.

*See* Exhibit 3 (emphasis added). Later that afternoon on the 17th, one of Luminati's counsel served additional and "updated" notices of deposition and withdrew certain notices of deposition, but still the number of notices alone totaled 15. *See* Exhibit 1. Luminati's counsel also stated that Mr. Harkins was traveling and would reach out the following day (February 18). Surprisingly, when Mr. Harkins reached out on February 18, he was insistent that the depositions were taking place on the date and time in the notice despite the language on agreement between counsel and despite the numerous specific requests made by BIScience's counsel to discuss the deposition schedule in light of international travel, etc. In response, BIScience's counsel reiterated that the parties are to work together to schedule depositions and that it is unreasonable to set a deposition unilaterally and then contend it is non-negotiable, especially under these circumstances. *See* Exhibit 4.

These depositions noticed and subpoenaed by Luminati are not proportional to the needs of the case. Pursuant to FRCP 26(b)(1), the parties and the court must take into consideration the following considerations in determining whether discovery is proportional: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to

5

relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. In this case, the requested depositions are not proportional to the needs of the case. First, the amount in controversy supports BIScience's position—the costs and legal fees even at this stage in the litigation exceeds Plaintiff's likely claimed damages. Second, the parties' resources weigh in favor of BIScience as well because BIScience is a much smaller company with far less financial resources than Luminati. Third, a shotgun approach to these depositions will not likely yield critical information to the case; therefore, these depositions are not important or so critical to resolving the issues in the case. The motive behind this discovery is to burden and harass, not to pursue discovery in good faith as the rules intend.

Therefore, BIScience respectfully requests that the Court protect BIScience from the 21 noticed depositions and require Luminati to pursue only necessary depositions that are proportionate to the needs of the case. BIScience asserts that the depositions should be limited to Ofer Vilenski, Or Lechner, and a 30(b)(6) witness for Luminati[5] and Kfir Moyal, Assaf Toval, Alon Ghelber, and a 30(b)(6) witness for BIScience. For non-party witnesses, BIScience contends that former Luminati employees (that are subject of the non-patent claims) Samuel Levy and Vadim Feldman are appropriate to be deposed. With respect to fact discovery, if there are any other depositions that are necessary to adequately prepare or defend the parties' claims, the parties should first meet and confer to attempt to reach agreement and if unsuccessful, seek leave of Court following the abbreviated motion practice and expedited track provided and agreed upon at the hearing which occurred February 3, 2020.

---

[5] BIScience also contends that EMK Capital owners (who are also owners of Luminati and serve on the Board of Directors for Luminati) should be deposed as well which is the subject of Defendant's pending Motion to Compel, Dkt. No. 151. In the alternative, BIScience would request the deposition transcripts for these two witnesses from the *Luminati v. Tesonet* case.

### B.    LUMINATI'S GAMESMANSHIP

In addition to employing the deliberately aggressive attempts to drown BIScience in discovery strategically at times when settlement proposals are being exchanged, Luminati has now taken its litigation tactics to a new extreme—setting up a situation of their own making so that Luminati can threaten or claim sanctions.  As set forth above, Luminati's counsel refused, ignored and delayed all of BIScience's attempts and requests to discuss the deposition schedule, witnesses and logistics.   Yet, all the while apparently planning to travel to Ruyak Cherian's Washington D.C. office, without so much as an email confirming the witness, date and time for the deposition. This action was taken despite communication from the undersigned that the depositions could not move forward until there was communication between counsel.  Neither Mr. Harkins nor any other member of his team ever confirmed any of the depositions before he traveled to Washington D.C. On the meet and confer conference call on February 19, Mr. Harkins not only informed the undersigned that he was already in Washington D.C., but that he intended to move the Court and ask for sanctions for his travel.  It is clear that this was done intentionally in some contrived attempt to manufacture a now threatened motion for costs or sanctions.  This is a pattern of conduct designed to burden and harass BIScience and increase costs.  Luminati is not a stranger to this District, and is fully aware of the expectations of conduct.  Local Rule AT-3 (h) provides that "A lawyer should not use any form of discovery or the scheduling of discovery as a means of harassing opposing counsel or counsel's client."  BIScience submits that Luminati is doing just that, and seeks relief from this Honorable Court.  Accordingly, BIScience respectfully requests that this Court grant its Motion for Protective Order.

 Dated:  February 19, 2020                                Respectfully submitted,

<pre>
                                    By:  <u>Eric H. Findlay</u>
                                         Eric H. Findlay (TX Bar No. 00789886)
                                         Brian Craft (TX Bar No. 04972020)
                                         Debby Gunter (TX Bar No. 24012752)
                                         FINDLAY CRAFT, P.C.
                                         102 North College Avenue, Suite 900
                                         Tyler, Texas 75702
                                         Tel: (903) 534-1100
                                         Fax: (903) 534-1137
                                         Email: efindlay@findlaycraft.com
                                         Email: bcraft@findlaycraft.com
                                         Email: dgunter@findlaycraft.com

                                         **ATTORNEYS FOR DEFENDANT**
                                         **BI SCIENCE**
</pre>

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3), on this the 19th day of February, 2020.

<pre>
                                         <u>/s/ Eric H. Findlay</u>
                                         Eric H. Findlay
</pre>

## CERTIFICATE OF CONFERENCE

The Parties have complied with Local Rule CV-7(h). On February 19, 2020, Eric H. Findlay, Counsel for BIScience, met and conferred with Counsel for Luminati Networks Ltd. Counsel for Luminati indicated they were opposed to the Motion.

<pre>
                                         <u>/s/ Eric H. Findlay</u>
                                         Eric H. Findlay
</pre>