IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **LUMINATI NETWORKS LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:18-CV-00483-JRG |
| | § | |
| **BI SCIENCE INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

Before the Court is (1) Defendant's Motion for Protective Order (Dkt. No. 160); (2) Plaintiff's Motion to Compel Depositions and Sanction Defendant BIScience (Dkt. No. 159); and (3) Plaintiff's Motion to Compel Documents from Defendant BIScience (Dkt. No. 161) (collectively, the "Motions"). The Court **SETS** these Motions for hearing on **Monday, February 24, 2020 at 1:30 p.m. CST in Marshall, Texas**.

Additionally, it is hereby **ORDERED** that, no later than **Monday, February 24, 2020 at 6:00 a.m. CST**, the parties shall each file a notice under seal containing the following:

- All written communication between counsel related to discovery in or settlement of the above-captioned action, including all requests for discovery and offers of settlement, from the time of the most recent hearing in the above-captioned action (*see* Dkt. Nos. 142, 148) until the time of the filing of the Motions.

- All fees and expenses incurred by that party related to discovery in the above-captioned action up to the present date.

- An estimate of the fees and expenses that would be incurred in completing the discovery requested by Defendant's motions (Dkt. Nos. 159, 161) and such that would be incurred in completing the discovery deemed appropriate by Plaintiff in its motion (Dkt. No. 160 at 6).

- A declaration from the party's damages expert stating the expert's best estimate, based upon the information presently available, of the maximum amount of damages supported by Plaintiff's claims and a brief summary of the reasons supporting that estimate. Such declarations shall not exceed five (5) pages and shall not be otherwise admissible in these proceedings to attack such expert's final report or for any other purpose.

The Court notes with displeasure Defendant's accusation that Plaintiff has wielded discovery in this case a club "to force a smaller competitor out of business or extort a settlement." (Dkt. No. 160 at 3.) At the same time, the Court is wary of Defendants attempt to ingratiate itself as a "smaller company with far less financial resources" who must be saved from "drown[ing] . . . in discovery." (*Id.* at 6–7.) *Both* parties have—now and in the past—leveled serious allegations about the other regarding their abuse and violation of the discovery process. The Court wishes to make clear that it does not exist as a mechanism to be used by these, or any other parties, as a source of commercial leverage; rather the Court exists to resolve legal disputes among parties of equal standing pursuant to a fair application of both law and procedure.

"Our system of discovery was designed to increase the likelihood that justice will be served in each case, not to promote principles of gamesmanship and deception in which the person who hides the ball most effectively wins the case." *Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 363 (5th Cir. 2018). By the same token, "[a] lawyer should not use any form of discovery or the scheduling of discovery as a means of harassing opposing counsel or counsel's client." Local Rule AT-3(h).

The Court intends to resolve the parties' disputes noted above at the hearing noticed herein; however, if as a part thereof the Court becomes convinced that any party is attempting to use this Court for an improper purpose, such will not be met with favor.

**So ORDERED and SIGNED this 20th day of February, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE