# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § § | Case No. 2:18-CV-00483-JRG |
| v. | § § § | **FILED UNDER SEAL** |
| BI SCIENCE INC. | § § § | |

## PLAINTIFF LUMINATI'S OPPOSED MOTION TO COMPEL DOCUMENTS FROM DEFENDANT BI SCIENCE

## SUBJECT TO SPECIAL EXPEDITED BRIEFING AND DECISION PURSUANT TO COURT'S ORDER OF FEB. 3-4, 2020  (ECF 142)

On February 3 and 4, 2020, the Court Ordered BI Science to produce its documents by February 14, 2020 (See ECF 142, Order Compelling Discovery), with discovery closing on February 28, 2020. BI Science produced documents on February 14, but the production was incomplete and is clearly hiding critical evidence. The parties met and conferred this morning (February 19, 2020), leading to the filing of this motion.[1]

On February 14, 2020, BI Science produced approximately 12,0000 – 13,000 pages of material. However, it became clear from a review of this material that it is incomplete and that some of the most critical information has been withheld. In particular, Luminati identified at least the following deficiencies with the production:

- Kfir Moyal, founder and CEO of BI Science, obtained confidential Luminati information through his wife Shelley Hod Moyal. Ms. Moyal obtained this information because she works with an investor that owns a minority stake in Luminati and has an NDA. It became apparent through review that Mr. Moyal did BI Science business and likely hid his trade secret theft and access to Luminati materials in other email addresses including at least kfir.m@cyhawk.com. It is clear that BI Science did not search or produce documents from these other email addresses. The only way Luminati found out was that the email address is included on some messages where there is independently a BI Science email address that was searched. This should also be done with General Manager Assaf Toval and former Luminati employee Alon Ghelber with any personal or other email they used to conduct BI Science business and/or discuss Luminati or Hola.

- BI Science produced BISCI 006217 (Ex. A), which █████████████████████
  ████████████████████████████████████████████████████

- BI Science is obligated to identify its customers, however, the newly produced and identified document in response to Interrogatory No. 2, BISCI_003761, associates customer names with customer identifiers ████████ that do not overlap with or identify the customer identifiers used in the other document identified in response to this interrogatory, BISCI_00773, which uses customer identifiers ████████ Under the Court's order not to redact customer names, BI Science was obligated to stop hiding the names with identifier numbers, but it did not, and Luminati seeks entirely unredacted

---

[1] Pursuant to February 3, 2020 order from the bench, there is an expedited, truncated procedure to follow for disputes under the order, which is that the parties have 48 hours to simultaneously submit up to three-page briefs and then the Court will rule at its earliest convenience. (February 3, 2020 transcript 9:23-10:8.)

   documents that include customer information.

- There were virtually no emails involving Andrey Zherebchenko despite him being one of the identified custodians.

- Almost no board meeting minutes or materials were produced, despite the fact that board materials produced were highly relevant, and Luminati should receive the complete set of board meeting materials and minutes.

The above information is clearly relevant to the claims and defenses in the case. This is true of both the materials themselves as well as the emails showing who saw Luminati materials and what was disclosed. Luminati asks that the Court compel BI Science to produce this information immediately. Since BI Science has also refused to provide witnesses for deposition (the subject of another motion filed today), the immediate production of such documents would allow Luminati to ask about them in depositions.

This request is particularly warranted given the extreme delay and dilatory nature of BI Science's document productions to date in this case. The substantial completion of document production was due on October 15, 2019. Luminati had served approximately 50,590 pages of material, while BI Science served less than 1,000 pages with subsequent productions amounting to less than 4,000 pages by February 3, 2020 hearing. Luminati served e-discovery requests on October 29 and November 5, yet 30 days later BI Science also completely ignored those requests and produced nothing. Luminati had to file motions to compel the production of documents (November 14, 2020, Dkt. No. 120), interrogatory responses (January 8, 2020, Dkt. 133), and electronic discovery (January 8, 2020, Dkt. 134) ("Luminati Discovery Motions"). In attempt to avoid requiring this Court's involvement, Luminati also agreed to a six-week extension of the fact discovery period (which was previously set to close on January 13, 2020) to allow for document production and depositions. Despite this, BI Science simply never provided any real document production.

Eventually, Luminati requested a hearing. During the February 3, 2020 hearing regarding Luminati's motions to compel (Dkt. Nos. 120, 133 and 134), the parties entered an agreement that was read on the record including the following provision, which was not disputed by counsel for BI Science, and subsequently adopted by the Court for enforceability (February 3, 2020 transcript at 6:2-17; 11:2-4; 17:12-17):

> First, the first aspect of our stipulated agreement is regarding e-discovery and depositions as it relates to the discovery.
> So within that, the agreement is, one, that BI Science will produce its e-discovery, including emails, responsive to Luminati's e-search terms revised only in that the term 'iAngels' will be changed to iAngels and, open paren, Luminati or Hola or Ofer or Vilenski, close paren, with no redactions and only privileged information removed.
> Second, after review, Luminati will notify BI Science which of the 15 currently noticed depositions will go forward.
> And, third, depositions of BI Science's witnesses are to occur in the United States.
> I believe all of that to be agreed upon.

February 3, 2020 Hearing Transcript 6:2-17 (emphasis added).

On February 4, 2020, the Court entered an order ("February 4 Order", Dkt. 142) requiring the production of documents to occur by noon Pacific time on February 14, 2020. The production, however, continues to hide documents despite the end of fact discovery set for February 28, 2020 and the February 4 Order requiring BI Science's employees to appear in the United States for depositions.

If the Court orders the production of documents as sought in this motion, Luminati further asks that if the documents are not produced prior to the depositions, BI Science witnesses be ordered to return to the United States to be deposed regarding the late produced documents.

Dated: February 19, 2020                    Respectfully submitted,

                                            By: /s/ Korula T. Cherian

3

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Ronald Wielkopolski
RuyakCherian LLP
1700 K St. NW, Suite 810
Washington, DC 20006

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94702

Attorneys for Plaintiff
Luminati Networks Ltd.

-1-

## CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served this 19th day of February 2020, with a copy of this document via electronic mail.

/s/ Korula T. Cherian

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ Korula T. Cherian

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that the counsels for the parties have complied with Local Rule CV-7(h).  Counsel participating include: Sunny Cherian, Bob Harkins, Ron Wielkopolski and Calvin Capshaw on behalf of Plaintiff; Eric Findlay and Debby Gunter on behalf of Defendant.

The meet and confer process regarding the motion to compel began with an exchange of emails on February 18, 2020 and a meet and confer held the next morning on February 19, 2020 involving the above individuals.

/s/ *Korula T. Cherian*