IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LUMINATI NETWORKS LTD. § | |
| § | Case No. 2:18-CV-00483-JRG |
| v. § | |
| § | **FILED UNDER SEAL** |
| BI SCIENCE INC. § | |
| § | |

# PLAINTIFF LUMINATI'S OPPOSED MOTION TO COMPEL DEPOSITIONS AND SANCTION DEFENDANT BI SCIENCE

# SUBJECT TO SPECIAL EXPEDITED BRIEFING AND DECISION PURSUANT TO COURT'S ORDER OF FEB. 3-4, 2020  (ECF 142)

1

On February 3 and 4, 2020, the Court Ordered BI Science to produce its witnesses in RuyakCherian's Washington, DC office for deposition (See ECF 142, Order Compelling Discovery), with discovery closing on February 28, 2020. Earlier today, counsel for BI Science informed Luminati's counsel that it would provide **no witnesses at all** by the close of discovery and even thereafter would produce no more than two people for deposition.[1]

BI Science is desperately trying to hide the evidence in this case, including key witnesses important to prove Luminati's case. This case is not just about patent infringement, it is also a case for trade secret theft and interference with contracts. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. A.

Luminati originally noticed depositions in January and then the day after the February 3 hearing, provided amended notices to ensure that BI Science's CEO Kfir Moyal and General Manager Assaf Toval would be in RuyakCherian's offices on February 20 and 21 for deposition. BI Science never served any objections to the notices. Luminati counsel traveled to Washington DC to take the depositions, but then, less than 48 hours before the depositions were to start, counsel for BI Science stated BI Science would not provide witnesses this week, and today told Luminati for the first time they would not provide witnesses during the discovery schedule at all and never intended to provide any witnesses other than Mr. Moyal and Mr. Toval. Ex. B.

Pursuant to paragraph 5(d) of the Discovery Order (Dkt. 62), the parties are permitted up to "90 hours of non-expert depositions per side, no more than 65 hours to be taken from either

---

[1] Pursuant to the February 3, 2020 Order from the bench, there is an expedited, truncated procedure to follow for disputes under the order, which is that the parties have 48 hours to simultaneously submit up to three page briefs and then the Court will rule at its earliest convenience. (February 3, 2020 Transcript, 9:23 – 10:8.)

side's party and employee depositions." Under ¶ 5(c), each set of company depositions are to occur over a two-week period to minimize travel.

BI Science repeatedly ignored its document and e-discovery production obligations, leading to several motions to compel that culminated in this Court's order of Feb. 3-4, 2020 compelling document and up to 15 witnesses (as reduced after Lumianti reviewed the documents produced on Feb. 14) to come to the U.S. (ECF 142). At the hearing, BI Science did not indicate any problem bringing any of the 15 witnesses to the U.S., but on Feb. 11 unilaterally stated that seven of the witnesses were not company employees anymore and they would not bring them. (Ex. C).

Luminati had indicated on multiple occasions that it required Kfir Moyal and Assaf Toval to attend depositions irrespective of the document review (including on Jan. 23, Ex. D), providing updated notices on February 4, 2020 for those depositions to occur on Feb. 20-21, 2020. BI Science never served any objections to nor ever indicated there was a problem with them attending. BI Science says it had asked to meet and confer "about witnesses" but Luminati responded that such a discussion would only make sense after the document review, and BI Science never responded that there was a problem with Mr. Moyal or Mr. Toval. (Ex. E)

BI Science made a document production on February 14, 2020. It was incomplete, but based on an over-the-weekend review on Feb. 17, 2020 Luminati was able to identify a shorter list of deponents (ultimately requiring seven BI Science witnesses to come to the U.S.). Counsel traveled to DC for the depositions, but then less than 48 hours before the first one, BI Science indicated it would not present the witnesses, and today indicated that it would not provide any witnesses in the U.S. during the discovery period and would never provide more than two

witnesses anywhere at anytime.[2]

## LUMINATI SEEKS THE FOLLOWING RELIEF

Luminati has reduced its discovery demands (Ex. F), but it is important for it to take the following depositions:

- Kfir Moyal – CEO
- Toval Assaf – General Manager
- Alon Ghelber – Director of Marketing and former Luminati employee
- Ben Linik – Customer Success Team Leader and former Luminati employee
- Yossi Nachum – DevOps Engineer
- Eran Netzeral - CFO
- Ryan Bloom – Business Development Manager

Additionally, because BI Science only last week represented that it cannot provide two other former Luminati employees who brought Luminati trade secrets to BI Science (Samuel Levy and Vadim Feldman), Luminati requests an order to allow it to obtain depositions outside the discovery schedule for these two witnesses.

BI Science is clearly involved in delaying tactics designed to ultimately deny Luminati its discovery and leave it unprepared for trial. BI Science should be ordered to produce these witnesses immediately at the RuyakCherian office in Berkeley, California and subject to appropriate sanctions including the attorney fees and costs associated with the cancelled depositions and any other sanctions as appropriate. Furthermore, given the repeated abuses up to and including ignoring this Court's order compelling discovery, Luminati asks that the Court consider entering judgment on Luminati's behalf for its claims and proceed to trial only on damages and to permit Luminati to pursue injunctive relief, or, alternatively, to not allow BI Science to put on any witnesses at trial.

---

[2] BI Science has asked to move the discovery deadline another two weeks, but even then it states it will only produce two witnesses and do so at the end of the proposed revised schedule. BI Science is already in violation of the Court's order to produce the witnesses this month, and it should not be able to unilaterally rewrite the schedule again or restrict Luminati's ability to obtain important information from key witnesses.

Dated: February 19, 2020

Respectfully submitted,

By: /s/ Korula T. Cherian

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Ronald Wielkopolski
RuyakCherian LLP
1700 K St. NW, Suite 810
Washington, DC 20006

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA  94702

Attorneys for Plaintiff
Luminati Networks Ltd.

4

-1-

## CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served this 19th day of February, 2020, with a copy of this document via CM/ECF.

/s/ *Korula T. Cherian*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ *Korula T. Cherian*

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that the counsels for the parties have complied with Local Rule CV-7(h).  Counsel participating include: Sunny Cherian, Bob Harkins, Ron Wielkopolski and Calvin Capshaw on behalf of Plaintiff; Eric Findlay and Debby Gunter on behalf of Defendant.

The meet and confer process regarding the motion to compel began with an exchange of emails on February 18, 2020 and a meet and confer held the next morning on February 19, 2020 involving the above individuals.

/s/