**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

LUMINATI NETWORKS LTD.          §
                                §          Case No. 2:18-CV-00483-JRG
        v.                      §
                                §          **FILED UNDER SEAL**
BI SCIENCE INC.                 §
                                §

**PLAINTIFF LUMINATI'S OPPOSITION TO BI SCIENCE INC.'S
MOTION FOR PROTECTIVE ORDER**

1

BI Science's its Motion for a Protective Order ("Motion") is not about money – this is about BI Science hiding evidence from Luminati. BI Science has presented an extreme misrepresentation of the record in the Motion to create a false narrative that Luminati has been driving up discovery costs to harm BI Science. Nothing could be further from the truth. On the contrary, there are many facts of which the Court should be made aware:

- BI Science refused to produce the vast majority of the documents that it has produced in this case until it was ordered to do so by the Court after the February 3, 2020 hearing. Prior to that hearing, BI Science had produced less than 4,000 pages of documents despite repeated requests from Luminati. BI Science produced less than 14,000 pages of documents on February 14, 2020. Luminati produced over 60,000 pages.

- Luminati (not BI Science) originally proposed to limit the number of depositions and hold them in the United States but BI Science refused. Luminati followed up on multiple occasions to reduce the amount of discovery in a reasonable way.

- Luminati reduced its requests for BI Science from the previous 15 deposition notices to ask BI Science to bring **just 7 witnesses** to the United States who are key witnesses, including the CEO, general manager, CFO, two former Luminati employees, a development engineer, and a sales and marketing representative. Although all of the noticed depositions were calculated to lead to the discovery of admissible evidence, the 7 deponents are the bare minimum and are necessary to prove not only the patent infringement case and damages, but also the trade secret theft, tortious interference, and false advertising claims. Luminati also agreed to limit its third-party witness subpoenas to five including two other former Luminati employees BI Science hired away.

- Luminati updated the notices of deposition of Kfir Moyal and Assaf Toval providing dates

and times for the depositions in Washington D.C. immediately following the Court's February 4 Order after the hearing, and BI Science never served any objections or indicated that they would be unavailable on the noticed dates until less than 48 hours before the deposition were to begin and after Luminati counsel flew out to take them.

- BI Science is not simply moving for protective order, it is using this motion as an excuse for the fact that it completely ignored this Court's order to present witnesses and has unilaterally stated it will not produce any witnesses during the fact discovery period. Luminati asked BI Science to at least produce witnesses it agreed were appropriate to depose, and BI Science flatly refused. This shows extreme bad faith.

- BI Science already demanded and received deposition transcripts for depositions of 9 Luminati employees on the same patents. Then they noticed three depositions and another two EMK depositions after demanding the transcripts of prior EMK depositions. Thus, BI Science wants to have the advantage of 17 depositions (9 from the Tesonet case plus 5 more from this case) but complains that Luminati's request for up to 12 BI Science employee and third party deponents is unfair.

- BI Science had no trouble funding its defense to this case, including an attempt to set up a false "office" in New York, threats to file an additional patent infringement lawsuit against Luminati, and the filing of two separate IPRs against Luminati, which BI Science is currently litigating at the PTAB.

*A. BI Science Has Forced Luminati to File Multiple Motions to Compel Instead of Producing the Discovery It Should Have Produced Without Requiring Court Intervention*

Luminati filed this action asserting that BI Science stole its confidential trade secrets, introduced an infringing residential proxy service based on Luminati's patented network service and tortiously interfered with Luminati's customers. BI Science has followed a pattern of

2

withholding evidence that continues today.  Dkt. 120, 133, and 134.  The documents the Court had to order BI Science to produce show that ██████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████ [Exhibit A is BISCI_006217]).  In addition, BI Science's second amended response to interrogatory no. 5 and documents BISCI_003859 and BISCI_004312, all of which were only produced on February 14, 2020, confirmed that ████████████████████████████████████████████

B.    *Despite BI Science's Long Patterns of Withholding Evidence Luminati Has Long Tried to Reach Accommodations to Avoid Discovery Related Expenses*

Luminati, not BI Science, first proposed that the parties agree to a reduced scope of depositions to occur in the United States to reduce expenses from 65 hours over two weeks to 14 hours plus five individuals in the United States in an October 25, 2019 email.  BI Science refused.  Later, after BI Science received deposition transcripts from 9 Luminati employees, it determined that there should only be two witnesses per side and would preclude Luminati from deposing its own former employees who went to BI Science.  That is not in the discovery order and would be grossly unfair to Luminati, who needs the witnesses to support its case.

C.    *Luminati's Discovery Requests Are Well Within the Limits of the Discovery Order*

Paragraph 5(d) of the Discovery Order (ECF 62) provides for "90 hours of non-expert depositions per side, no more than 65 hours to be taken from either side's party and employee depositions." As addressed in Luminati's February 19, 2020 email served about three hours before BI Science filed this motion, Luminati is seeking no more than about 12-13 depositions, only seven of which are current BI Science employees, which would easily fit within the limits of the Discovery Order, particularly given that a number of individuals were only noticed for half days.  Exhibit B.

As made clear in its follow-up email to BI Science served before the Motion was filed, Luminati agreed to reduce the number of BI Science witnesses to **<u>seven</u>** – less than the number of witness deposition transcripts BI Science already had from Luminati – and further reduce third party witnesses to five including two other former Luminati employees that apparently no longer work at BI Science. Ex. B.  Consequently, Luminati only intends to seek about 12.  Regardless, BI Science falsely represents that there are 21 depositions. Motion at 3.

The number of depositions remaining is not unreasonable given that BI Science continues to withhold basic discovery identifying, for example, its employees as addressed in Luminati's motion to compel documents (ECF 161). Also, the February 14, 2020 production included important documents confirming BI Science's theft of Luminati's confidential trade secrets.

### D. BI Science Has **Doctored** Evidence to Mislead the Court in its Motion for a Protective Order

The Motion is premised on false information including **doctored** evidence that attempts to mislead the Court in order to excuse its long standing pattern of withholding discovery to conceal facts underlying its theft of Luminati trade secrets, copying and infringement of Luminati's patented residential proxy service and tortious interference with Luminati's residential proxy service customers.

For example, Exhibit 3 to the Motion comprises two separate emails dated February 12, 2020 and February 17, 2020 from different parts of an email chain  and omitting Luminati's intervening responses and the preceding email record, creating a manufactured version of the document to falsely assert that the correspondence refers to the previously noticed depositions of BI Science, Kfir Moyal, and Assaf Toval.  The preceding February 11, 2020 email in the chain shows that the discussion referred to depositions that had yet to be noticed: "At the very least, we request that you make a decision as to which depositions Luminati contends are necessary by 9

a.m. PST on February 14.  Because of the time frame involved, travel and costs involved, it is not practical or reasonable for this decision to be made late in the day on Friday, February 14." Motion at 4. BI Science misleadingly refers to this email chain as applying to the updated notice of deposition of Kfir Moyal, which was served on February 4, 2020, a week before the February 11 email.  In fact, BI Science also submitted only a partial updated notice (ECF 160-3) to exclude the second page with the service date of February 4, 2020 Order.  A complete copy of the notice is attached as Exhibit C.

In addition, BI Science's Exhibit 3 was altered to omit Luminati's responses, including the subsequent February 13, 2020 email in the same chain that shows Luminati correcting BI Science's misrepresentation of the timing of notices under the February 3-4, Order:

> "I was out of town and actually before Mag. Judge Payne yesterday…. With regard to noticed depositions, as agreed upon at the discovery hearing on February 3, 2020 (see 6:5-14 of the transcript copied below), Luminati does not need to identify witnesses until after we have reviewed BI Science's documents…. Furthermore, you represented to the Court that you would provide your witnesses in the United States based on the list of 15 depositions we noticed (noting only that if the resulting final list were too long you may request a protective order).  We are appalled that you never told us or the Court you would refuse to bring any of the witnesses to the United States, but now, after the Court ordered all such witnesses to come to the U.S., you have apparently decided to ignore that order and tell us that approximately half of the witnesses would not come because you suddenly claim they are no longer at the company.  That is a violation of the Court's order.  We expect all of the witnesses to appear at our DC offices once we have determined which we need to depose from our original list of 15, in compliance with the Court's order, or we may be forced to seek sanctions."

Having waited until noon on Friday, February 14, 2020 to produce its documents, BI Science cannot complain that Luminati took until Monday on the three-day holiday weekend to review the documents and serve updated notices of deposition.  Motion at 5.

*E.  BI Science Violated the Stipulated Agreement Adopted by the Court for Enforcement by Not Making its Witnesses Available for Deposition in Washington D.C.*

As agreed by BI Science and incorporated in the February 3-4, 2020 Court Order

5

("Discovery Hearing Order"), BI Science had an obligation to make its witnesses available in Washington DC for depositions after the review of its documents produced on February 14, 2020. February 3, 2020 Transcript at 6:2-17; February 4, 2020 Order at 2. Instead, it refused to produce **any** witnesses for deposition during fact discovery.

F.  *BI Science Refused to Produce BI Science, Kfir Moyal or Assaf Toval for Deposition Despite Receiving the Notices of Deposition on February 4, 2020*

Luminati was consistently clear that it would definitely be seeking the depositions of Kfir Moyal and Assaf Toval.  When BI Science initially threatened to seek a protective order when Luminati requested a hearing on its motions to compel, Luminati responded on January 23, 2020 as follows (emphasis added):

> We need to get the motion for a hearing on file today. If you need to make edits, please send us the draft redlines right away.
>
> With regard to your new request for a protective order, under paragraph 5 of the Discovery Order Luminati is permitted up to 65 hours of non-expert depositions from Defendant, with the parties to endeavoring to schedule the depositions over a two-week period. There is no limit based on the number of deponents. The current number of depositions could certainly be done within the time period as a half day should be sufficient for many of the deponents.
>
> We have previously proposed narrowing the scope of the depositions to a single week (we most recently repeated this request during our call on Monday), and are still open to narrowing the depositions to a reasonable number of deponents in a week if it is mutual and the deponents are available during that week. However, we won't be in a position to reduce the number of deponents until we receive the discovery that is the subject of the pending motions to compel. **Regardless, we know for sure that we'll need the depositions of Messrs. Kfir Moyal and Assaf Toval**.

Having already made clear to BI Science that Luminati would definitely request depositions of Kfir Moyal and Assaf Toval, Luminati served updated notices on BI Science and these individuals on February 4, 2020, the same day the Discovery Hearing Order issued, to take their depositions in Washington D.C. on February 20 and 21. Ex. C.  BI Science never objected to these notices of depositions and still don't dispute that BI Science and Messrs. Moyal and

Toval should be deposed, but waited until less than 48 hours before the noticed date to inform Luminati that they would not be made available on the noticed date or indeed any date during the discovery period.

G. *BI Science Misrepresents Its Financial Situation – It Has Engaged Three Law Firms, Threatened Additional Lawsuits and Pursued IPRs Against Luminati Using Expensive National Counsel*

Despite BI Science arguing it is a small company, over the course of this litigation, BI Science engaged Finnegan, Henderson, Farabow, Garrett & Dunner, LLP[1] to represent them in settlement negotiations, Findlay Craft to handle this litigation, and Liston Abramson to handle the two *inter partes* review proceedings (IPR2020-00166 & IPR2020-00167). In addition to seeking leverage against Luminati in proceedings before the PTAB, BI Science has also engaged in tactical maneuvers such as manufacturing a fictious office in New York to support a motion to transfer and an expensive campaign of resisting discovery in this case to the extent that it redacted seven hundred pages of invoices to remove customer names. If BI Science had resources to file IPRs and engage in these other tactics, they had the resources to meet its obligations including making their witnesses available for deposition.

For the reasons discussed above and addressed in its pending motions to compel, Luminati respectfully requests that the Court deny BI Science's Motion and consider all reasonable sanctions.


Dated: February 21, 2020                                Respectfully submitted,

By: */s/ Korula T. Cherian*

---

[1] BI Science moved to de-designate Luminati's confidential infringement contentions for the purposes of sharing this information with their Finnegan counsel, who are believed to have been conflicted out of accessing this material given that they never filed a representation with the Court agreeing to be bound by the protective order.

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Ronald Wielkopolski
RuyakCherian LLP
1700 K St. NW, Suite 810
Washington, DC 20006

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA  94702

Attorneys for Plaintiff
Luminati Networks Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served this 21st day of February 2020, with a copy of this document via electronic mail.

*/s/ Korula T. Cherian*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Korula T. Cherian*