# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:18-cv-483-JRG |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| BISCIENCE INC. | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendant BIScience (2009) Ltd. (which Plaintiff alleges is also known as BIScience Inc.) (hereinafter referred to as "BIScience") hereby files this response in opposition to Plaintiff Luminati Networks Ltd.'s ("Luminati") Motion to Enforce Settlement Agreement.

### I.     THE COVID-19 PANDEMIC'S EFFECT ON SETTLEMENT

This is a truly unprecedented time in the history of our country and worldwide. In a few short weeks the COVID-19 pandemic has thrown much of the globe into chaos. Recession on a global scale is looming. According to the International Monetary Fund the pandemic is causing a global recession that may be worse than the financial crisis of 2008-2009.[1] The financial consequences from COVID-19 have devastated businesses in a variety of sectors all over the world. The impact of COVID-19 has caused major disruptions in the capital markets, severely curtailing corporate fundraising.[2] Private equity and venture capital deals have been put on hold as the uncertainty of COVID-19 looms.

This unparalleled crisis has hit BIScience particularly hard. As this Court is aware, BIScience is a small start-up company. ███████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████

---

[1] https://www.aljazeera.com/ajimpact/imf-covid-19-global-recession-2020-200323231228113.html
[2] There has been substantial coverage of the impact of COVID-19 in the news media. A few examples of such include: https://techcrunch.com/2020/03/07/vcs-warn-coronavirus-will-impact-fundraising-for-the-next-2-quarters/, https://www.cnbc.com/2020/03/19/silicon-valley-deals-on-pause-until-coronavirus-uncertainty-clears.html.

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████

This was the state of BIScience *before* the COVID-19 pandemic. On February 22 and 23, 2020 when BIScience agreed to the framework proposed by the meditator as a way to hopefully resolve this case, ███████████████████████████████████

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████.
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
██████████████████████████████████

Accordingly, BIScience cannot perform as contemplated under the mediated settlement at the current time, and BIScience contends it should be excused from performance in light of the impossibility and impracticability of the current situation. ███████████████████████████

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
████████████████████

## II.    THE DOCTRINES OF FORCE MAJEURE AND IMPOSSIBILITY

The longstanding common law doctrines of *force majeure* and impracticability of performance of contracts support this requested relief. Black's Law Dictionary defines force majeure as "an event or effect that can be neither anticipated nor controlled; esp., an unexpected event that prevents someone from doing or completing something that he or she had agreed or officially planned to do. The term includes both acts of nature (e.g., floods and hurricanes) and acts of people (e.g., riots, strikes, and wars)." Black's Law Dictionary (11th ed. 2019). *Force majeure* is commonly referred to as an "act of God", or a "superior force." *Force majeure* is a term that describes a particular type of event which may excuse performance under a contract. *See Perlman v. Pioneer Ltd. Partnership,* 918 F.2d 1244, 1248 n. 5 (5th Cir.1990).

While seldomly asserted, *force majeure* squarely applies to the case at hand. Unanticipated circumstances have dramatically changed in the short time between the mediator's proposal and the current day. This is a situation beyond anyone's control. In ways no one could have foreseen just a few weeks ago the world has been turned upside down. Virtually entire countries have been "shut down." Tens of millions are under "shelter in place" mandates. Cities and entire geographical regions are under quarantine.[3] These unforeseen, extraordinary events, beyond the

---

[3] Although the mediator's proposal does not include a *force majeure* provision, it was also not intended to be the final settlement agreement between the parties.

3

control of either party, prevent BIScience from being able to perform as contemplated under the mediator's proposal.

Similarly, and equally persuasive are the doctrines of impossibility and/or impractability:

> The doctrine of impossibility is sometimes referred to as "impracticability." *Tractebel Energy Marketing, Inc. v. E.I. Du Pont De Nemours & Co.,* 118 S.W.3d 60, 64–65 & n. 6 (Tex.App.2003). Impossibility is defined as "that which, in the constitution and course of nature or the law, no person can do or perform." Black's Law Dictionary 755 (6th ed.1990). "Impossibility of performance of contract" is defined as a "doctrine under which a party to a contract is relieved of his or her duty to perform when performance has become impossible or totally impracticable (through no fault of the party)." *Id.* **The definition goes on to note that an action may be legally impossible if it is impracticable, meaning "when it can only be done at an excessive and unreasonable cost."** *Id.; see also* Restatement (Second) of Contracts §261, cmt. d (1981) ("'impracticability' means more than 'impracticality'").

*Petroworks S.A. v. Rollings,* 2009 WL 728581, *6 (S.D. Tex. 2009) (citing *Tractabel Energy Marketing Inc. v. E.I. Du Pont De Nemours & Co.,* 118 S.W.3d 60, 64 (Tex.App.-Houston [14th Dist.], 2003 and Restatement (Second) of Contracts § 261, cmt. d (1981))) (emphasis added).

The case at hand certainly reflects an impossible or impracticable situation, 

If the Court does not find that the doctrines of *force majeure* and impossibility excuse performance under the mediator's proposal, then alternatively, the Court should order that performance, ▮▮▮▮▮▮▮▮▮▮ As mentioned previously, there is no time for performance mentioned in the mediated settlement. In fact, the parties intended that they enter into a formal settlement agreement to include all of the necessary details for such a settlement. Missing details, terms to implement

4

the agreement, timeline, clarifications, and other necessary information to complete the settlement was needed in a formal settlement agreement. As is customary in most patent case settlements, typically there is a short term sheet or understanding of the basic terms between the parties memorialized in some sort of writing, followed by a formal settlement agreement which sets out details, timelines, definitions, and clarification of any areas needed.

Admittedly, even Luminati understood that there were a variety of issues and clarifications needed to move the settlement to fruition. As evidenced in Plaintiff counsel's letter of March 9, attached as Ex. D, counsel for Luminati identifies *in three pages* a descriptive list of tasks, dates, means of implementation, and other instructions regarding the terms in the mediated settlement proposal. Clearly, the mediated settlement proposal was not the all-encompassing settlement agreement between the parties, nor was it intended to be.

### III.   CONCLUSION AND RELIEF REQUESTED

The COVID-19 pandemic has disrupted life and business in ways unimaginable just a few weeks or months ago. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ For these reasons, and the others set forth herein, BIScience respectfully requests that this Honorable Court deny Plaintiff Luminati Networks Ltd.'s Motion to Enforce Settlement Agreement, Dkt. No. 170, and, at least, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

Dated:  March 25, 2020                                         Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay (TX Bar No. 00789886)
Brian Craft (TX Bar No. 04972020)
Debby Gunter (TX Bar No. 24012752)
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com
Email: dgunter@findlaycraft.com

Ronald Abramson
M. Michael Lewis
Liston Abramson LLP
405 Lexington Ave.
46th Floor
New York,, NY 10174
212-257-1630
Fax: 917-633-5568
ron.abramson@listonabramson.com
michael.lewis@listonabramson.com

***ATTORNEYS FOR DEFENDANT BISCIENCE***

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that this document is being filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Eric H. Findlay*
Eric H. Findlay

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  This document will be served on Defendant in accordance with the Federal Rules of Civil Procedure.

*/s/   Eric H. Findlay*
Eric H. Findlay
