# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § | |
|     Plaintiff, | § | |
| v. | § | Case No. 2:18-CV-00483-JRG |
| BI SCIENCE, INC., | § | FILED UNDER SEAL |
|     Defendant. | § | |

## PLAINTIFF LUMINATI NETWORKS LTD.'S
## MOTION FOR SANCTIONS

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND......................................................................................... 2

    A. February 23, 2020 Settlement Agreement ......................................................... 2

    B. BI Science Refused to Confirm Validity of Settlement Agreement ................... 3

    C. BI Science Refused to ███████████████ ................................................... 3

    D. BI Science Filed A Countercomplaint in BI Science II ███████████████
       ███████████████ ............................................................................................. 4

E. BI Science Filed a Countercomplaint in BI Science III ███████████████
    ███████████████████████████ .......................................................... 5

F. After the Filing of the Motion for Enforcement, BI Science Asserted for the First Time the Contradictory Arguments that there Was No Settlement and Even if There Were, Performance Should Be Excused Under Force Majeure or Impossibility ....................... 6

    G. Despite Clear Guidance from the Court Finding ███████████████
       ████████, BI Science Continued to Dispute the Clear Language of the Settlement Terms and Assert Force Majeure to Excuse Performance. ............................................... 8

    H. Following Issuance of the Arbitrator's Award BI Science Continues to Obstruct Performance. ................................................................................................. 8

III. LEGAL STANDARD .................................................................................................... 9

IV. ARGUMENT................................................................................................................. 11

V. CONCLUSION ............................................................................................................. 13

# **TABLE OF AUTHORITIES**

**Cases**

*Batson v. Neal Spelce Assoc.*, 805 F.2d 546 (5th Cir. 1986) ....................................................... 10
*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) .................................................................... 10, 11
*Crowe v. Smith*, 261 F.3d 558 (5th Cir. 2001) ...................................................................... 10, 11
*F.D. Rich Co. v. United States ex rel. Industrial Lumber*, 417 U.S. 116 (1974) ......................... 10
*Hoey v. Sunrise Senior Living Mgmt.*, No. 11-CV-13740, 2013 U.S. Dist. LEXIS 27480 (E.D. Mich. Feb. 28, 2013) ................................................................................................................ 11, 12
*Procaccino v. Jeansonne*, No. 17-4748, 2017 U.S. Dist. LEXIS 213149 (E.D. La. Dec. 23, 2017) ............................................................................................................................................. 10, 12
*Radiant Sys. v. Am. Scheduling, Inc.*, No. 3:04-CV-2597-P, 2006 U.S. Dist. LEXIS 63984 (N.D. Tex. Sept. 7, 2006) ..................................................................................................................... 9, 13
*Saeed v. Kamboj*, No. 17-13427, 2019 U.S. Dist. LEXIS 132761 (E.D. La. June 21, 2019). 10, 12
*Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578 (5th Cir. 1986) ....................................... 9, 13
*SIPCO LLC v. Amazon.com, Inc.*, No. 2:08-CV-359-JRG, 2013 U.S. Dist. LEXIS 137518 (E.D. Tex. Sept. 25, 2013) ........................................................................................................................ 10
*Travelers Indem. Co. v. Superior Constr., Inc.*, Civil Action No. 87-7449, 1989 U.S. Dist. LEXIS 15221 (E.D. Pa Dec. 18, 1989) .................................................................................................. 10, 12

## I.   INTRODUCTION

Having agreed to a mediator's proposal on February 23, 2020 ("Settlement Agreement"), and jointly filed a motion to stay the case based on this settlement, Defendant BI Science (2009) Ltd., also known as BI Science Inc. ("BI Science" or "Defendant") refused to perform under the Settlement Agreement, or even acknowledge its validity, and subsequently breached the agreement by filing countercomplaints ▮▮▮▮—and continues to do so even today.  In addition to being deprived of the benefit of its bargain, Luminati Networks Ltd. ("Luminati") has been forced to incur legal fees and expenses related to (a) Luminati's Motion to Enforce the Settlement Agreement (Dkt. 170) in this case ("BI Science I"); (b) Luminati's Motion to Dismiss BI Science's Countercomplaint (ECF 19) in *Luminati Networks Ltd. v. BI Science (2009) Ltd.*, Case No. 2:19-cv-352 ("BI Science II"); (c) Luminati's Motion to Dismiss BI Science's Countercomplaint (ECF 33) in *Luminati Networks Ltd. v. BI Science (2009) Ltd.*, Case No. 2:19-cv-397 ("BI Science III"); and (d) Luminati's multiple motions for extensions and Luminati's preliminary responses in IPR2020-00166 and IPR2020-00167 ("BI Science IPRs").

Following the Court's finding ▮▮▮▮ (Dkt. 183 at 42:12-44:20), Luminati requested its attorneys' fees for the above expenses in the arbitration.  The arbitrator confirmed that the February 24, 2020 mediator signed agreement (Ex. A) ▮▮▮▮  However, as the arbitrator determined that the issue of post-settlement attorneys' fees is outside the scope of arbitration (Ex. G at 1), Luminati respectfully requests sanctions against BI Science, including Luminati's attorneys' fees incurred in response to BI Science's above post-settlement activity and any other relief deemed appropriate by the Court.  Further, given BI Science's continuing breaches of the agreements and ongoing refusal to comply, fees continue to mount, and Luminati requests additional fees going forward as well.

## II. FACTUAL BACKGROUND

### A. February 23, 2020 Settlement Agreement

On February 23, 2020, the parties entered a mediated Settlement Agreement, which was confirmed by an email from mediator William Cornelius stating as follows:



(Ex. B). Defendant's counsel responded shortly thereafter stating, "Thanks for all your hard work Bill" and authorized the filing of the joint motion to stay all deadlines and notice of settlement. *Id*., Dkt. 166, Ex. I. A copy of the Settlement Agreement signed by the mediator comprised ▓▓▓ (Ex. A), including, but not limited to, the following:



2

Ex. A ("Settlement Agreement") (emphasis added).

### B. BI Science Refused to Confirm Validity of Settlement Agreement

Following the Settlement Agreement, Luminati requested that BI Science sign the mediator signed Settlement Agreement, but BI Science refused to do so. Ex. C at 6. Instead, BI Science delayed performance to the detriment of Luminati while attempting to renegotiate the Settlement Agreement including the changing of multiple essential terms. *Id.* at 1-4. After three weeks of obstruction and delay, Luminati was forced to file its Motion to Enforce the Settlement Agreement (Dkt. 170) on March 18, 2020 to confirm the validity and enforceability of the agreement as a first step before ▮▮▮▮▮▮▮▮▮▮▮▮. During the April 13, 2020 hearing (Dkt. 183 at 42:12-43:24), the Court found ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

### C. BI Science Refused to ▮▮▮▮▮▮▮▮▮▮

The February 23, 2020 Settlement Agreement includes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮), which provided a material benefit to Luminati as it should have permitted Luminati to avoid the expense of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Despite the clear language of the Settlement Agreement, BI Science refused to ▮▮▮▮▮▮▮▮▮▮ "until the settlement is finalized." Ex. C at 6. Understanding the ongoing expenses incurred by Luminati, BI Science used ▮▮▮▮ as leverage in an improper attempt to renegotiate essential terms of the Settlement Agreement.[1]

---

[1] For example, attached to its March 11, 2020 email (Ex. C at 1) was a proposal which for example sought to change ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. D at ¶ 5.

The ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Ex. D at 3. Despite repeatedly requesting BI Science's compliance with the Settlement Agreement, BI Science refused ████████████████████████████████████████████████████████:

> This is a predicament of your own making. **Had you shown any good faith willingness over the past several weeks to negotiate a comprehensive agreement based on the mediator's proposal, and shown any consideration for, among other things, the havoc that the COVID-19 pandemic is having on BIScience's business this likely could have been avoided**.

Ex. D at 1. (Emphasis Added)  Having made clear that BI Science's own performance under the Settlement Agreement was conditioned on Luminati agreeing to changes to that agreement, BI Science promptly followed up the same day with a second email stating "**Given Luminati's actions per the below, and more, my client is not willing to assist** ████████████." *Id*. at 1 (emphasis added).

Despite BI Science's refusal to ████████████████████████████████████████████████████████████████████████████████████████. Yet, even in the face of the Court's order, and even though BI Science ████████████████████████████████, it continued to refuse to cooperate in ████████ until ████████████████████████████████████████████████.

### D. BI Science Filed A Counterclaim in BI Science II ██████████████

The February 23, 2020 Settlement Agreement includes ████ ████████████████████████████████████████████████████████

4

██████ BI Science filed a countercomplaint in BI Science II on March 27, 2020 that asserted that Luminati infringed the '244 Patent, ████████████████████ ████████.[2] Luminati was forced to file a motion to dismiss this countercomplaint (BI Science II, ECF 19) on April 17, 2020 asserting BI Science ███████████████████████ ██████████████ and noting that "this Counterclaim has no basis in law, couldn't have been filed in good faith, and should be subject to dismissal." BI Science II, ECF 19 at 1, 3-8. Luminati clearly asserted that any disputes ████████████████ without waiving any rights to attorney fees. *Id.* at 6 ("While BI Science's dispute is clearly meritless, ████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████)

   E. *BI Science Filed a Counterclaim in BI Science III* ████████████ █ ████████████████████████████

The February 23, 2020 Settlement Agreement includes ████ ████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

---

[2] Notably, BI Science was not required to file anything at all. Luminati informed BI Science it did not need to answer the complaints ████████████████████████████████. Ex. H at 1. BI Science thus decide to spend its time and money—and cause Luminati to spend time and money on motions to dismiss—when it had no reason to do so.

████████████████████████████████████, BI Science filed a countercomplaint in BI Science III on March 27, 2020 asserting a claim of monopolization / attempt to monopolize, ████████████████████████████████████████████████████████████████████████████████████████████. Luminati was forced to file a motion to dismiss this countercomplaint (BI Science III, ECF 33) on April 17, 2020 asserting ████████████████████████████████████████████████, and noting that "this Countercomplaint has no basis in law, couldn't have been filed in good faith, and should be subject to dismissal." BI Science II, ECF 33 at 1, 3-8. Luminati clearly asserted that ████████████████ without waiving any rights to attorney fees. *Id.* at 5 ("While BI Science's dispute is clearly meritless, ████████████████████████████████████████████████████████████████████████████████████████).

> F. *After the Filing of the Motion for Enforcement, BI Science Asserted for the First Time the Contradictory Arguments that there Was No Settlement and Even if There Were, Performance Should Be Excused Under Force Majeure or Impossibility*

During the April 13, 2020 hearing, BI Science disclosed for the first time its position to Luminati and the Court that ████████████████████████████████████████ ████████████████ (Ex. B) ████████████████████████████████ (Ex. I). Dkt. 183 at 8:21-9:4 ████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ *Id.* at 9:7-10:15.

As noted by the Court:

> ████████████████████████████████████████████████████████████

███

*Id.* at 34:15-22.

During extensive questioning at the hearing, Defendant argued the contradictory positions ███ ███ ███ *Id.* at 25:23-26:4; *see also* 23:24-29:24.

In addition, while asserting that there was no agreement, BI Science also argued "in the alternative" that performance under the agreement was excused by impossibility or force majeure. Regardless, ███ (Dkt. 183 at 42:12-43:17) ███

███

Dkt. 183 at 34:23-35:18.

    G. *Despite Clear Guidance from the Court* ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓ *BI Science Continued to Dispute the Clear Language of the Settlement Terms and Assert Force Majeure to Excuse Performance.*

At the outset of arbitration on April 17, 2020, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Ex. J at 1. Regardless, during arbitration, BI Science continued to push to change material terms based on its rejected force majeure argument. Ex. E at 1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (emphasis in original).

In its opening arbitration brief, BI Science also argued that "Luminati's request for fees or costs does not fall within the narrow scope of the arbitration clause here which states that ▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. F at 9. In the April 28, 2020 Final Arbitration Award, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. G at 1.

    H. *Following Issuance of the Arbitrator's Award BI Science Continues to Obstruct Performance.*

8

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████ As BI Science refused, Luminati was forced to file the Award as an opposed motion. Dkt. 185. ██ ██████████████████████████████████████████, which BI Science would not agree to, forcing the arbitrator to issue a separate award on the form of the press release.

The Award set a deadline for the parties to ████████████████████████████ ████████████████████████████████████████ to which BI Science never objected, but today BI Science refused to comply with this term of the Award as well, forcing Luminati to ████████████████████████████. Luminati's counsel learned for the first time today that BI Science is planning to file a motion to stay and its counsel will be asking to withdraw and requesting to further delay performance owed under the Settlement Agreement to Luminati's ongoing damage and detriment. BI Science, who has professed having no money and no ability to continue, plans to spend more money and time on a pointless and baseless appeal without ever having objected to the arbitration process over the past weeks since the Court issued its order. These games to cause delay should stop immediately and BI Science should be held accountable for its ongoing campaign to flout its obligations.

## III. LEGAL STANDARD

In confirming an arbitration award, a district court may award attorneys' fees and costs as long as such an award does not modify the arbitration decision. *Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 580-581 (5th Cir. 1986); *Radiant Sys. v. Am. Scheduling, Inc.*, No. 3:04-CV-2597-P, 2006 U.S. Dist. LEXIS 63984, at *5-7 (N.D. Tex. Sept. 7, 2006) (Finding that the Court has jurisdiction to award fees and costs incurred in the litigation following arbitrator's ruling that he could neither deny nor grant attorneys fees).

Federal courts have the inherent power to impose attorneys' fees as a sanction for bad faith litigation conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47-48 (1991); *see also Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001); *Batson v. Neal Spelce Assoc.*, 805 F.2d 546, 550 (5th Cir. 1986) ("[F]ederal courts possess inherent power to assess attorney's fees and litigation costs when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons.") (quoting *F.D. Rich Co. v. United States ex rel. Industrial Lumber*, 417 U.S. 116, 129 (1974)); *see also SIPCO LLC v. Amazon.com, Inc.*, No. 2:08-CV-359-JRG, 2013 U.S. Dist. LEXIS 137518, at *8 (E.D. Tex. Sept. 25, 2013).

A party's post-settlement actions reneging on a binding settlement agreement and frivolous defense to enforcement constitutes bad faith and warrants attorneys' fees incurred by the opposing party. *Procaccino v. Jeansonne*, No. 17-4748, 2017 U.S. Dist. LEXIS 213149, at *12-13 (E.D. La. Dec. 23, 2017) ("The only issue is whether the defendants' conduct amounts to bad faith. The Court finds that the defendants inexplicably reneged on a binding settlement agreement and then unnecessarily multiplied proceedings by opposing enforcement of the settlement agreement with no factual predicate in support of their opposition….The appropriate sanction is to compensate the plaintiff for the attorneys' fees she was forced to incur as a result of defendant's' misconduct in obstructing the settlement and multiplying proceedings."); *see also Saeed v. Kamboj*, No. 17-13427, 2019 U.S. Dist. LEXIS 132761, at *26 (E.D. La. June 21, 2019) (Defendant's failure to comply with settlement agreement based on meritless argument constitutes bad faith warranting an award of attorneys' fees to Plaintiff); *Travelers Indem. Co. v. Superior Constr., Inc.*, Civil Action No. 87-7449, 1989 U.S. Dist. LEXIS 15221, at *5-6 (E.D. Pa Dec. 18, 1989) ("[Defendant] is liable to plaintiff for reasonable costs and attorneys' fees incurred due to his bad faith behavior in refusing to honor the settlement reached in this matter."); *Hoey v. Sunrise Senior Living Mgmt.*,

10

No. 11-CV-13740, 2013 U.S. Dist. LEXIS 27480, at *8 (E.D. Mich. Feb. 28, 2013) ("Plaintiff should not be required to bear the burden of paying attorney fees for Defendant's failure to comply with the settlement agreement. The consequences of Defendant's belief that the terms would later be included should be borne by Defendant alone. In order to restore Plaintiff to the same position as she would have been if Defendant had complied with the settlement agreement, the Court will award the costs and fees of bringing and defending this motion.")

### IV. ARGUMENT

BI Science needlessly drove up Luminati's costs and deprived Luminati of the benefit of its bargain by refusing to perform under the Settlement Agreement or even admit the validity of that agreement. Defendant's opposition to the Motion to Enforce and subsequent defenses of force majeure and impossibility were meritless and had no basis in the Settlement Agreement ▓▓▓▓▓▓▓▓▓▓. *See* Dkt. 183 at 34:23-35:18; *see also* Ex. G at 2 (e.g. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). BI Science's actions were particularly egregious as it continued to avoid even stating whether Defendant agreed that the Settlement Agreement was valid and enforceable or not – ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Dkt. 183 at 34:15-20 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓).

BI Science's post-settlement actions could only have been taken in bad faith justifying the Court exercising its inherent authority to grant attorneys' fees. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47-48; *see also Crowe v. Smith*, 261 F.3d 558, 563. This was even worse than the

11

defendant in *Procaccino*, where the defendant reneged on the settlement a day after agreement, as BI Science knew that Luminati relied upon the Settlement Agreement and continued to incur costs as a result of BI Science's obstruction and delay in performance. *Procaccino v. Jeansonne*, 2017 U.S. Dist. LEXIS 213149, at *12-13. As in *Procaccino*, BI Science's post-settlement actions were taken in bad faith. *Id.*; *see also Saeed v. Kamboj*, No. 17-13427, 2019 U.S. Dist. LEXIS 132761, at *26; *Travelers Indem. Co. v. Superior Constr., Inc.*, 1989 U.S. Dist. LEXIS 15221, at *5-6; *Hoey v. Sunrise Senior Living Mgmt.*, 2013 U.S. Dist. LEXIS 27480, at *8.

Following the February 23, 2020 Settlement, BI Science refused to ▓▓▓▓▓▓▓▓▓▓ and attempted to use this as leverage in an attempt to renegotiate terms more favorable to BI Science. BI Science also filed countercomplaints that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Given BI Science's agreement to the Settlement Agreement, BI Science ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ none of the above actions could have been taken in good faith. Furthermore, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to file dismissals of those actions including the countercomplaints, and against BI Science has refused to comply, forcing Luminati to file the motions as opposed despite never objecting to them during the pendency of the arbitration.

In order to enforce the terms of the Settlement Agreement, Luminati was forced to file a motion to enforce the Settlement Agreement (Dkt. 171) to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. As Arbitrator Cornelius has now determined that an award of attorneys' fees are outside the scope of

arbitration (Ex. G at 1), Luminati is free to seek relief from this Court. *Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 580-581. *Radiant Sys. v. Am. Scheduling, Inc.*, Civil Action No. 3:04-CV-2597-P, at *5-7. In enforcing the Arbitration Award, Luminati respectfully requests its attorneys' fees and costs incurred in response to the above post-settlement activity, including fees it continues to incur as BI Science continues to refuse to comply and repeatedly breaches the Settlement Agreement including as set forth in the Arbitration Award.

## V. CONCLUSION

For the reasons provided above, Plaintiff respectfully requests that the Court grant Luminati its post-settlement attorneys' fees and costs incurred in BI Science I, ████████ ████████████████████ including in response to BI Science's (a) refusal to admit the Settlement Agreement valid and enforceable in BI Science I, ████████████████ ████████████████████████████████

Dated: May 1, 2020

Respectfully submitted,

By: */s/ Korula T. Cherian*
Mark Mann
Mann | Tindel | Thompson
300 West Main
Henderson, TX 75652
mark@themannfirm.com
Office 903-657-8540
Cell 903-658-0401
Marshall Office 903-472-4294
Tyler Office 903-596-0900
Waco Office 254-776-3336

Amadou Kilkenny Diaw
Ronald Wielkopolski
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036

13

        Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA  94702

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Attorneys for Plaintiff
Luminati Networks Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 1st day of May 2020, with a copy of this document via electronic mail.

/s/ *Korula T. Cherian*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that the counsels for the parties have complied with Local Rule CV-7(h). Counsel participating on the May 1, 2020 meet and confer included: Robert Harkins, Ron Wielkopolski, Mark Mann and Calvin Capshaw on behalf of Plaintiff; Eric Findlay and Debby Gunter on behalf of Defendant. Defendant opposes this motion.

/s/ *Korula T. Cherian*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ *Korula T. Cherian*