# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § | |
|     Plaintiff, | § | |
| v. | § | Case No. 2:18-CV-00483-JRG |
| BI SCIENCE, INC., | § | FILED UNDER SEAL |
|     Defendant. | § | |
| | § | |

**PLAINTIFF LUMINATI NETWORKS LTD.'S MOTION TO ENFORCE
SETTLEMENT AGREEMENT AND ARBITRATION AWARD**

I.      INTRODUCTION

Pursuant to the February 23, 2020 Settlement Agreement (Ex. A) entered between Plaintiff Luminati Networks Ltd. ("Plaintiff") and Defendant BI Science (2009) Ltd., also known as BI Science Inc. ("BI Science") (Plaintiff and Defendants collectively, the "Parties"), and the April 29, 2020 Arbitration Award (Ex. B), the ▮▮▮▮ (Ex. H), ▮▮▮▮ (Ex. I), and ▮▮▮▮ (Ex. J). See Ex. A at ¶ 1, 2, and 6; Ex. B, ▮▮ at 5.

Despite the Settlement Agreement and subsequent Arbitration Award, and despite the form of the joint stipulation and joint motions being submitted to Defendant on April 23, 2020 as part of the arbitration without objection, on the May 6, 2020 deadline for performance, BI Science requested a two-day extension on the above deadlines. Emphasizing that Luminati was prepared to file the joint filings and was waiving no rights with regard to BI Science's ongoing breach of the Settlement Agreement and Arbitration Award, Luminati agreed to give BI Science until Friday at noon Central to approve the filing of the documents required in ▮▮. Having delayed the proceeding by two-days, BI Science refuses to approve the filings. Ex. K.

Pursuant to the Settlement Agreement, on April 29, 2020, Luminati already requested entry of an Court Order enforcing the Settlement Agreement (Ex. A) and Final Arbitration Award (Ex. B) (collectively, "Settlement"). (Dkt. 185).[1] Luminati files the present motion to address BI Science's ▮▮▮▮ as well as additional sanctions as appropriate in addition to those already requested in the pending resolution of its Motion for Sanctions (Dkt.

---

[1] Entry of an Court Order enforcing the Settlement will be necessary to the extent that Luminati is forced to seek relief in Israel.

187). Luminati also respectfully requests that the Court retain jurisdiction over enforcement of the Settlement, including the pending Motion for Sanctions, pursuant to the Final Arbitration Award.

## II. FACTUAL BACKGROUND

### A. February 23, 2020 Settlement Agreement

On February 23, 2020, the parties entered the settlement agreement (Ex. A, Settlement Agreement), ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. C, Dkt. 183 at 42:12-43:24) and arbitrator William Cornelius (Ex. D at 1). A copy of the Settlement Agreement signed by the mediator ▓▓▓▓▓▓▓▓ (Ex. A), including, but not limited to, the following:



Ex. A ("Settlement Agreement") (emphasis added).

### B. April 29, 2020 Arbitration

During the April 13, 2020 hearing, the parties were ordered to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓:

2



Ex. C at 43:8-15.

During the following arbitration, with regard to ▮▮▮ of the Settlement Agreement, BI Science agreed in its opening brief dated April 22, 2020[2] that it did not oppose Luminati's proposal that ▮▮▮ (Ex. E at 9) and consequently the April 29, 2020 Final Arbitration issued as general finding 2: ▮▮▮ Ex. B at 1.

### C. BI Science's Failure to Perform under Settlement Agreement and Arbitration Award

Consistent with the above April 13, 2020 Court Order, BI Science's opening April 23, 2020 brief and April 29, 2020 ▮▮▮, Luminati requested that the parties jointly file the Settlement Agreement and Arbitration Award. However, following the issuance of the Arbitration Award, BI Science reversed itself and refused to file the Arbitration Award with this Court for enforcement forcing Luminati to file the Award as an opposed motion. Dkt. 185.

During Arbitration, BI Science complied with the directives issued by Arbitrator Cornelius including the ▮▮▮. Ex. F. However, once the Final Arbitration Award was issued on April 29, 2020, BI Science reversed

---

[2] BI Science's opening brief was dated April 22, 2020, but actually served on April 23, 2020.

its position back to obstructing and delaying implementation of the Settlement Agreement and Arbitration Award. In addition to refusing to enter the Arbitration Award, and without challenging that award, Defendant has continued ███████████████████████████

███████████████████████████████████████████████████████

███████

- ███████████████████████████████████████;
- ███████████████████████████████
- ███████████████████████████████████
- ███████████████████████████████████
- ███████████████████████████████████████
- ███████████████████████████████

Ex. B at 5.

As of this Motion, BI Science ████████████████████████. ████

███████████████████████████████████████████████████

███████████████████████████████

████████████ Ex. G. Opposing counsel requested a two-day extension, and Luminati agreed to give opposing counsel until noon Central on May 8, 2020. Ex. K.  The parties held a telephonic

---

3 ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

meet and confer shortly thereafter on May 6, but having further delayed performance, BI Science sent a one-line email just before noon stating that they oppose this motion on May 8, 2020. *Id.*

### III. ARGUMENT

The Court has the authority to enter judgment confirming an arbitration award. *Stevens v. Conn's, Inc.*, No. 4:16-CV-309, 2019 U.S. Dist. LEXIS 132265, at *6-7 (E.D. Tex. Aug. 7, 2019). In addition, pursuant to the Arbitration Award, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. B at 1.

After two and a half months, BI Science has refused to meet the requirements of the February 23, 2020 Settlement Agreement and ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ of the April 29, 2020 Arbitration Award. Subject to resolution of the pending Motion to Enforce (Dkt. 185) and Motion for Sanctions (Dkt. 187) as well as other sanctions or other relief that the Court finds appropriate, pursuant to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, Luminati seeks an order issuing the following:

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇;
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



Given Defendant's ongoing breach of the Settlement, and Luminati's justified concerns that BI Science has no intention of performing, Luminati also requests that this Court retains jurisdiction over enforcement of the Settlement, pursuant to the Arbitration Award.

## IV. CONCLUSION

For the reasons provided above, pending resolution of Luminati's Motion for Enforcement of Settlement Agreement and Arbitrator's Award (Dkt. 185) and Motion for Sanctions (Dkt. 187), Plaintiff respectfully requests that the Court enter an order ███████████████████ ███████████ as any additional sanctions or other relief for Defendants' continued breach of the Settlement. Luminati also requests that this Court retains jurisdiction over enforcement of the Settlement.

Dated: May 8, 2020

Respectfully submitted,

By: */s/ Korula T. Cherian*
Mark Mann
Mann | Tindel | Thompson
300 West Main
Henderson, TX 75652
mark@themannfirm.com
Office 903-657-8540
Cell 903-658-0401
Marshall Office 903-472-4294
Tyler Office 903-596-0900
Waco Office 254-776-3336

Amadou Kilkenny Diaw
Ronald Wielkopolski
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036

Korula T. Cherian

Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA  94702

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Attorneys for Plaintiff
Luminati Networks Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 8th day of May 2020, with a copy of this document via electronic mail.

/s/ *Korula T. Cherian*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that the counsels for the parties have complied with Local Rule CV-7(h).  Counsel participating on the May 6, 2020 meet and confer included: Mark Mann on behalf of Plaintiff; Eric Findlay on behalf of Defendant.  Defendant opposes this motion.

/s/ *Korula T. Cherian*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ *Korula T. Cherian*