**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § | |
| | § | Case No. 2:18-CV-00483-JRG |
| v. | § | |
| | § | **FILED UNDER SEAL** |
| BI SCIENCE INC. | § | |
| | § | |

**PLAINTIFF LUMINATI NETWORKS LTD.'S OPPOSITION TO DEFENDANT BI
SCIENCE INC.'S MOTION TO WITHDRAW FINDLAY CRAFT, P.C. AS COUNSEL
AND TO STAY CASE FOR SUBSTITUTE COUNSEL TO APPEAR**

**TABLE OF CONTENTS**

I.     **INTRODUCTION**........................................................................................... 1

II.    **BACKGROUND** ............................................................................................ 2

    A.   February 23, 2020 Settlement Agreement and Subsequent BI Science Attempts to Renegotiate Agreement............................................................................ 2

    B.   After the Filing of the Motion for Enforcement, BI Science Asserted for the First Time the Contradictory Arguments that there Was No Settlement and Even if There Were, Performance Should Be Excused Under Force Majeure or Impossibility.......................... 2

    C.   ███████████████████████████████████████████
███████████████████████████████████ ....................... 3

    D.   Following Issuance of the Arbitrator's Award, BI Science Has Continued to Breach the Settlement Agreement and Award and Obstruct the Litigation Proceedings to Delay Appeal. ................................................................................................. 4

III.   **ARGUMENT** .................................................................................................. 5

    A.   Withdrawal of Findlay Craft is Not Warranted Because BI Science has Not Yet Retained Substitute Counsel. ..................................................................................... 5

    B.   Withdrawal of Findlay Craft is Not Warranted Because It Would Cause Delay and Disruption, Prejudice to Luminati, and Harm to the Administration of Justice. ................ 7

IV.   **CONCLUSION** ............................................................................................... 11

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Augustson v. Linea Aerea Nacional-Chile S.A.*, 76 F.3d 658 (5th Cir.1996) ................................. 6

*Broughten v. Voss*, 634 F.2d 880 (5th Cir. 1981) .......................................................................... 7

*Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004 (5th Cir. 1984) ...................... 6

*FDM Mfg. Co. v. Scottsdale Ins. Co.*, 855 F.2d 213 (5th Cir. 1988) ............................................ 6

*FTC v. Intellipay, Inc.,* 828 F. Supp. 33 (S.D. Tex. 1993)............................................................. 9

*Geotag, Inc. v. Frontier Commc'ns Corp., et al.*, No. 2:10-CV-00265, Dkt. 303 (E.D. Tex. Aug. 30, 2012) ................................................................................................................................ 5, 6

*In re Matter of Wynn*, 889 F.2d 644 (5th Cir. 1989)...................................................................... 5

*Iris Connex, LLC, v. Dell Inc.*, No: 2:15-cv-1915-JRG, Dkt. 48 (E.D. Tex. Oct. 24, 2016).......... 9

*K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398 (5th Cir. 1981) ............................. 6

*Mass Engineered Design, Inc. v. Spaceco Bus. Sols., Inc.*, No. 6:14-CV-411, 2016 U.S. Dist. LEXIS 185716 (E.D. Tex. Mar. 22, 2016) ................................................................................ 10

*Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676 (3d Cir. 1986) ................................................. 11

*Peter Denton, et al. v. Rudolf Suter*, No. 3:11-cv-02559-N-BN, Dkt. 83 (N.D. Tex. Oct. 2, 2013) ........................................................................................................................................ 5, 7, 11

*Talasila, Inc. v. United States¸* 240 F.3d 1064 (Fed. Cir. 2001)..................................................... 6

*The Walman Optical Company v. Quest Optical Inc.,* No: 0:11-cv-00096, Dkt. 118 (D. Minn. Nov. 15, 2011) ........................................................................................................................... 10

*White v. BAC Home Loans Servicing, LP*, No. 309-CV-2484-G, 2010 U.S. Dist. LEXIS 60077 (N.D. Tex. June 15, 2010)............................................................................................................ 7


**Rules**

Fed. R. App. P. 4(a)(1)................................................................................................................. 8

LR CV-11............................................................................................................................... 5, 8

Tex. Disciplinary R. of Prof'l Conduct 1.15(b) ............................................................................. 5

Tex. Disciplinary R. of Prof'l Conduct 1.15(c) ............................................................................. 6

Tex. Disciplinary R. of Prof'l Conduct 1.15 cmt. 1 ...................................................................... 5

i

## I.   <u>INTRODUCTION</u>

There is no need or reason to stay this case or grant the withdrawal of counsel. ████

████████████████████████████████████████████

████████████████████████████████████████

████████████████ .   Defendant BI Science (2009) Ltd., also known as BI

Science Inc., ("BI Science") has only requested 30 days to find ***appellate*** counsel (ECF 188, ¶¶ 1

& 2), and it will have that time under the rules once the case is dismissed.  Prior to the case being

dismissed, there is no basis to stay the matter to find appellate counsel.  The motion to withdraw

should not be granted while the case is pending, particularly when there is nothing left to do in the

case.

In reality, this motion is nothing more than one more example of BI Science's ongoing

attempts to avoid the agreement (the February 23, 2020 Settlement Agreement ("Settlement

Agreement") and subsequent April 29, 2020 Final Arbitration Award ("Award") and cause undue

delay in performance of it.  Defendant refused to subsequently join the motion to dismiss (ECF

194-10) ████████████ , but has neither sought an interlocutory appeal or filed any

motion for final judgment in this case.[1]

Given that BI Science is a corporation, this Motion should be denied at least because BI

Science does not have substitute counsel. Otherwise, withdrawal would impermissibly cause delay

and disruption; prejudice Luminati Networks Ltd. ("Luminati"); and harm the administration of

justice. Further, there is no need to stay proceedings to provide BI Science with time to secure

appellate counsel as BI Science would already have 30 days to file its notice of appeal after entry

---

[1] Without a judgment entering the Award, BI Science appears content to simply paralyze the
proceedings in this litigation through its continuing obstruction without taking any action to bring
about the appeal it claims to seek.

of judgment under the Federal Appellate Rules – the same amount of time that BI Science requests in its Motion.  Without having taken any action to bring about an appeal, BI Science's request for a stay is clearly another maneuver to intentionally delay the possibility of appeal by prolonging the proceedings in this litigation.

These games to obstruct judicial proceedings and delay performance - to the ongoing cost and detriment to Luminati - should stop immediately. Luminati respectfully requests that this Motion be denied and BI Science be further sanctioned for its bad faith conduct, consistent with Luminati's Motion for Sanctions (ECF 187).

## II.   **BACKGROUND**

### A.   *February 23, 2020 Settlement Agreement and Subsequent BI Science Attempts to Renegotiate Agreement*

On February 23, 2020, the parties entered a mediated Settlement Agreement comprising ███████, which was confirmed by an email from mediator William Cornelius. See Ex. A. Following the Settlement Agreement, Luminati requested that BI Science sign the mediator signed Settlement Agreement, but BI Science refused to do so.  ECF 187 at 3. Instead, BI Science delayed performance to the detriment of Luminati while attempting to renegotiate the Settlement Agreement including the ███████████████████. *Id*. After three weeks of obstruction and delay, Luminati was forced to file its Motion to Enforce the Settlement Agreement (ECF 170) on March 18, 2020 to confirm the validity and enforceability of the agreement as a first step before exercising the ██████████████████████.

### B.   *After the Filing of the Motion for Enforcement, BI Science Asserted for the First Time the Contradictory Arguments that there Was No Settlement and Even if There Were, Performance Should Be Excused Under Force Majeure or Impossibility*

During the April 13, 2020 hearing, ████████████████████████████ ████████████████████████████, in contradiction to BI Science's agreement to the settlement and approval of the motion to stay and notice of settlement.  ECF 187

2

at 6. ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████ (ECF 183 at 42:12-43:17)████████████████████

████████████████████████████████████████████████████

████████████████████

████████████████████████████████████████████

████████████████████████████████████████████. (ECF 183

at 42:12-43:24).  BI Science took no action seeking an interlocutory appeal of this finding, instead

choosing to undergo arbitration.

    *C.*   ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████

However, following the issuance of the April 29, 2020 Final Arbitration Award (Ex. B),

BI Science again refused to perform any of the requirements under the Settlement Agreement and

Award.  ████████████████████████████████████████  and

subsequently representing through counsel that it does not intend to challenge the Award itself, BI

Science has represented through counsel that it intends to appeal the Court's earlier finding that

the Settlement Agreement is valid.  Regardless, BI Science has taken no action to challenge the

finding of validity, and has only taken steps to postpone any such appeal.

      D.    *Following Issuance of the Arbitrator's Award, BI Science Has Continued to Breach*
*the Settlement Agreement and Award and Obstruct the Litigation Proceedings to*
*Delay Appeal.*



Luminati requested that the parties

jointly file the Settlement Agreement and Award.  BI Science refused and Luminati was forced to

file the Award as an opposed motion.  ECF 185.

and continued to obstruct the litigation proceedings since

issuance of the Award.

(ECF 19, ECF 33, respectively).  Similarly, BI Science opposed the filings of the motion of entry

of the joint stipulation, motion for entry of final judgment of invalidity with regard to claim 108

of the '044 Patent, and motion of dismissal in BI Science I (Case No. 2:18-CV-00483-JRG, ECF.

194-9, 194-11, and 194-10).  To date, BI Science has not filed any paper to challenge the validity

of the Settlement Agreement or Award, or otherwise request an interlocutory appeal or entry of

judgment, in BI Science I, BI Science II, or BI Science III.

## III.   ARGUMENT

    *A.*    *Withdrawal of Findlay Craft is Not Warranted Because BI Science has Not Yet Retained Substitute Counsel.*

Findlay Craft filed this Motion pursuant to ███████████████████████

██████████████████████████████████ ECF 188, ¶¶ 1 and 3. LR CV-11

for withdrawal of counsel states "[a]ttorneys may withdraw from a case only by motion and order

under conditions imposed by the court. **Change of counsel will not be cause for delay**."

(emphasis added).

███████████████████████████████████████████████

█████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

"In agreeing to represent their client, counsel is expected to continue representation through

completion of the case." *Geotag, Inc. v. Frontier Commc'ns Corp., et al.*, No. 2:10-CV-00265,

Dkt. 303, at *15 (E.D. Tex. Aug. 30, 2012)(citing Tex. Disciplinary R. of Prof'l Conduct 1.15 cmt.

1, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G. app. A (Vernon Supp. 1997)). "[C]ourts

often require attorneys to continue representing a litigant when the attorney's departure from the

case would delay or disrupt the proceedings." *Peter Denton, et al. v. Rudolf Suter*, No. 3:11-cv-

02559-N-BN, Dkt. 83, at *7 (N.D. Tex. Oct. 2, 2013).

"An attorney may withdraw from representation only upon leave of the court and a showing

of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989).

The Fifth Circuit has recognized that counsel may have good cause to withdraw when a client

████████████████ *Augustson v. Linea Aerea Nacional-Chile S.A.*, 76 F.3d 658, 663 (5th Cir.1996). However, the Court may deny counsel's request to withdraw, even when counsel has good cause for his request. *Geotag, Inc.,* No. 2:10-CV-00265, Dkt. 303, at *15 (citing Tex. Disciplinary R. of Prof'l Conduct 1.15(c)("When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."). "Of paramount concern is that no other counsel has appeared as substitute counsel for [BI Science]." *See id.* "[T]he 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel." *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1981)). "The Court cannot waive compliance with this rule, even in cases of severe financial hardship." *Geotag, Inc*., No. 2:10-CV-00265, Dkt. 303, at *15 (citing *Talasila, Inc. v. United States¸* 240 F.3d 1064, 1066 (Fed. Cir. 2001)).

As a corporation, BI Science must be represented by licensed counsel in this case. *Id.* As this Motion notes "David Liston and Ronald Abramson of Liston Abramson have also appeared as counsel of record in this matter, but have not been substantially involved in this district court litigation, but were substantially involved in the PTAB proceedings. Mr. Liston and Mr. Abramson do intend to move this Court to withdraw from this matter as well." ECF 188, footnote 1. Both D. Liston and R. Abramson appeared *pro hac vice* and are not licensed to practice in E.D. Tex. courts. ECF. 104 and 105. In addition, both D. Liston and R. Abramson have filed an unopposed motion to withdraw representation.  ECF 193.  No other counsel has appeared as substitute counsel for BI Science. There is also no authority allowing the Court to appoint counsel for a corporation in a civil matter. *See FDM Mfg. Co. v. Scottsdale Ins. Co.*, 855 F.2d 213, 214-15 (5th Cir. 1988).

Without representation, BI Science cannot appear in this court. Therefore, this Motion must be denied.

> B. *Withdrawal of Findlay Craft is Not Warranted Because It Would Cause Delay and Disruption, Prejudice to Luminati, and Harm to the Administration of Justice.*

Furthermore, "even where good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *White v. BAC Home Loans Servicing, LP*, No. 309-CV-2484-G, 2010 U.S. Dist. LEXIS 60077, at *7 (N.D. Tex. June 15, 2010) (citing *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)). The Court will consider additional factors including whether the withdrawal will prejudice the other parties and harm the administration of justice. *White*, No. 309-CV-2484-G, 2010 U.S. Dist. LEXIS 60077, at *7-8*; see also Peter Denton,* No. 3:11-cv-02559-N-BN, Dkt. 83, at *5.

**Findlay Craft's withdrawal will cause further delay and disruption in this case.** Permitting Findlay Craft to withdraw with no substitute counsel in place would disrupt the progress of this litigation, which has already been unduly delayed by BI Science's numerous breaches of the Settlement Agreement, continued opposition to entry of the Award, and inexplicable failure to file any papers objecting to the Settlement Agreement or Award or seeking appeal therefrom. Since February 23, 2020, BI Science has refused to perform under the Settlement Agreement despite the Court's  April  13,  2020 ████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████████. In addition to being deprived of the benefit of its bargain, Luminati has been forced to incur legal fees and expenses related to filing multiple motions[2] in response to BI Science's breaches.

---

[2] Including (a) Luminati's Motion to Enforce the Agreement (ECF 170) in this case ("BI Science I"); (b) Luminati's Motion to Dismiss BI Science's Countercomplaint (ECF 19) in Luminati Networks Ltd. v. BI Science (2009) Ltd., Case No. 2:19-cv-352 ("BI Science II"); (c) Luminati's

During the May 1, 2020 Meet & Confer, BI Science first informed Luminati of its plan to (1) appeal, at least, ███████████████████████████████████████ ██████████████████ and (2) file this Motion. Such an appeal would be yet another example of BI Science's obstruction of judicial proceedings and bad faith as it raised no such objections until after issuance of the Award. BI Science, who has professed to having no money and no ability to continue, allegedly plans to spend more money and time on a baseless appeal without ever having objected to the arbitration process once the Court ███████████████████. Moreover, BI Science has not sought an interlocutory appeal or filed any motion for final judgment in this case in order to effect such an appeal.

This Motion is clearly for the improper purpose of obstruction and delay. Findlay Craft seeks withdrawal because it "is not appellate counsel" (ECF 188, ¶ 2) and "requests a short stay of 30 days of all deadlines and action in the matter in order to allow BI Science adequate minimum time to retain new counsel to protect its appellate rights" (ECF 188, ¶ 4). This makes no sense. This request for a stay is in direct contravention to LR CV-11 which clearly states that "[c]hange of counsel will not be cause for delay." Also, under Fed. R. App. P. 4(a)(1), BI Science would already have 30 days to file its notice of appeal after entry of judgment, giving BI Science ample opportunity to find new counsel. Thus, if BI Science follows proper appellate procedures, there is no need for a 30 day stay.

Moreover, Findlay Craft asserts that "BI Science has been informed on numerous occasions, as recently as Thursday, April 30, of Findlay Craft's intention to seek withdrawal from

Motion to Dismiss BI Science's Countercomplaint (ECF 33) in Luminati Networks Ltd. v. BI Science (2009) Ltd., Case No. 2:19-cv-397 ("BI Science III"); and (d) Luminati's multiple motions for extensions and Luminati's preliminary responses in IPR2020-00166 and IPR2020-00167 ("BI Science IPRs").

representation." ECF 188, ¶ 3. However, there is no evidence that BI Science has been diligent in its efforts to retain substitute counsel. There is also no evidence that BI Science has any actual intent to file an appeal – no challenge was made during arbitration and no paper has been filed to effect such an appeal. This present Motion is just another means to further delay performance in bad faith.

Overall, BI Science has not shown facts that would justify the delay that would be caused by the stay it seeks, nor has Findlay Craft shown facts that would justify its unilateral withdrawal from this case. *See Iris Connex, LLC, v. Dell Inc.*, No: 2:15-cv-1915-JRG, Dkt. 48 at *1 (E.D. Tex. Oct. 24, 2016). Findlay Craft - through E. Findlay, B. Craft, K. Wilson, and D. Gunter - filed an appearance, without limitation, as counsel of record for BI Science in this case. BI Science may seek to substitute counsel in this case at the same time Findlay Craft would be released, but "barring very unusual circumstances, not otherwise." *Id.* at *2.



. ECF 188, ¶ 3. Conclusory statements do not provide a sufficient basis for the Court to grant withdrawal. *See FTC v. Intellipay, Inc.,* 828 F. Supp. 33, 34 (S.D. Tex. 1993) (denying a motion to withdraw where the attorney failed to elaborate on his claim that there was a lack of communication with his clients). Therefore, Findlay Craft has not sufficiently proven the existence of good cause for withdrawal.

Additionally, Findlay Craft states that "these cases are largely at an end". ECF 188, ¶ 2. Luminati agrees. Given that this case is so near completion, the continued representation by Findlay Craft does not constitute an "unreasonable burden." *See The Walman Optical Company v. Quest Optical Inc.,* No: 0:11-cv-00096, Dkt. 118, at *4 (D. Minn. Nov. 15, 2011). While continued representation may constitute a burden on Findlay Craft, the late stage of the litigation and the potential prejudice to Luminati outweighs the burden on Findlay Craft. *See id.*

Findlay Craft seeks to withdraw and requests a stay, claiming that "[t]his requested stay will not cause prejudice to Luminati." ECF 188, ¶ 5. This is wholly untrue. Luminati continues to incur attorneys' fees in its efforts to resolve this case, for example, in preparing and submitting this very opposition brief. Luminati additionally bears the consequences of BI Science's ongoing refusal to perform under the Settlement Agreement and Award.

Moreover, Luminati still has pending motions before the Court. BI Science's refusal to perform has resulted in numerous ongoing issues between the parties. As a result, Luminati has pending before the Court a Motion for Sanctions (ECF 187) and a Motion to Enforce the Settlement Agreement and Arbitration Award (ECF 185). This present Motion is just another bad faith effort to obstruct these proceedings and delay performance under the Settlement Agreement and Award. Luminati prays for final resolution of this case.

**Findlay Craft's withdrawal will harm the administration of justice.** An attorney seeking to withdraw bears the burden of proving that the attorney's withdrawal will not adversely affect efficient litigation of the suit. *See Mass Engineered Design, Inc. v. Spaceco Bus. Sols., Inc.*, No. 6:14-CV-411, 2016 U.S. Dist. LEXIS 185716, at *3-4 (E.D. Tex. Mar. 22, 2016). Findlay Craft has not met this burden. For all the reasons discussed above, Findlay Craft's withdrawal will adversely affect efficient litigation and unfairly prejudice Luminati.

10

Also, given that BI Science is located in Israel, permitting Findlay Craft to withdraw would leave the Court without the possibility of effective communication with BI Science, as well as without "a reliable mechanism for responsible supervision of the post-judgment aspects of this litigation." *Peter Denton*, No. 3:11-cv-02559-N-BN, Dkt. 83, at *6 (citing *Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676, 679 (3d Cir. 1986)). BI Science has shown itself to be an "intractable litigant" and Findlay Craft should remain as counsel to safeguard effective communication and efficient administration of this case. *See id.*

████████████████████████████████████████████████████████████,
consideration of the additional factors – in particular, the extent to which Findlay Craft's withdrawal will delay or disrupt the case; cause prejudice to Luminati; and harm the administration of justice – requires the Court to deny this Motion. See, e.g., *Peter Denton*, No. 3:11-cv-02559-N-BN, Dkt. 83, at *5.

## IV.   <u>CONCLUSION</u>

For the reasons provided above, Luminati respectfully requests that the Court deny the withdrawal of Findlay Craft as counsel, deny any stay of proceedings, and grant any relief the Court may deem appropriate in light of Luminati's pending Motion for Sanctions (ECF 187).

Dated: May 18, 2020

Respectfully submitted,

By: <u>*/s/ Korula T. Cherian*</u>
Mark Mann
Mann | Tindel | Thompson
300 West Main
Henderson, TX 75652
mark@themannfirm.com
Office 903-657-8540
Cell 903-658-0401
Marshall Office 903-472-4294
Tyler Office 903-596-0900
Waco Office 254-776-3336

Amadou Kilkenny Diaw
Ronald Wielkopolski
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA  94702

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Attorneys for Plaintiff
Luminati Networks Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 18th day of May 2020, with a copy of this document via electronic mail.

/s/ *Korula T. Cherian*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ *Korula T. Cherian*