IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:18-cv-483-JRG |
| | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| BISCIENCE INC. | § | ▮▮▮▮▮▮▮▮▮ |
| | § | |
| Defendant. | § | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Defendant BIScience (2009) Ltd. (which Plaintiff alleges is also known as BIScience Inc.) (hereinafter referred to as "BIScience") files this response in opposition to Plaintiff Luminati Networks Ltd.'s ("Luminati") Motion For Sanctions.

## I.   The Parties' Dispute Over The Settlement Agreement Does Not Entitle Luminati To Sanctions.

BIScience disputed the mediated settlement agreement, but that does not entitle Luminati to attorney's fees and does not constitute bad faith on which Luminati is basing its request for attorney's fees and costs. Contrary to what Luminati alleges, Luminati was not surprised that BIScience disputed the validity of the mediated settlement agreement. BIScience opposed Luminati's Motion to Enforce Settlement Agreement (Dkt. No. 170) which the Court held a hearing and found against BIScience on April 13, 2020. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Much of what Luminati argues here is the same as what Luminati argued in its Motion to Enforce Settlement Agreement. Luminati never requested the Court to award it sanctions or attorney's fees in its Motion to Enforce Settlement Agreement or the hearing on same conducted April 13, 2020. Luminati waits until now to raise issues already argued in its Motion to Enforce and at the hearing for conduct it alleges took place immediately after the mediated settlement agreement on February 23, 2020.

In its Motion for Sanctions, Luminati's complaints involve (1) BIScience's refusal to admit the settlement agreement was valid, (2) ███████████████ and (3) BIScience's Countercomplaints. BIScience will address each of these complaints in turn as follows.

### A. BIScience's refusal to admit the settlement agreement was valid.

BIScience disputed the mediated settlement agreement. Although the Court did not rule in BIScience's favor, BIScience did not dispute the mediated settlement agreement in bad faith, nor is there any proof supporting that claim. As the Court is aware, on February 22, 2020, when the mediated settlement agreement was negotiated, there was no global awareness of what the following weeks would entail with respect to the COVID-19 pandemic and no reason to anticipate such. In response to Luminati's Motion to Enforce the Settlement Agreement, BIScience argued that it could not perform as contemplated under the mediated settlement at the current time, and contended that it should be excused from performance in light of the impossibility and impracticability of the current situation because ███████████████████████ In the alternative, BIScience argued that, at the least, its performance should be delayed until January 2021 ████████████████████████████████████████████████

██████ And as noted in the response, importantly, there was no time indicated or agreed upon for performance in the mediated settlement. Although this Court did not rule in BIScience's favor on this issue, that unfavorable ruling is not indicative of any bad faith on behalf of BIScience. This Court did not find that BIScience's dispute regarding the mediated settlement agreement was frivolous or litigated in bad faith. And, there is no evidence of bad faith on behalf of BIScience in raising these defenses based on COVID-19. Therefore, Luminati should not be entitled to attorney's fees or costs related to BIScience's dispute over the mediated settlement agreement.

### B. ████████████████████

BIScience, through its counsel Ronald Abramson and his co-counsel with Liston Abramson filed █████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
██████████████

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
████████████████████

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████



Because there is no evidence that BIScience acted in bad faith, Luminati is not entitled to attorney's fees or costs ███████████████████.

### C.    BIScience's Countercomplaints

On October 28, 2019 and December 6, 2019, Luminati filed two additional lawsuits against BIScience—cause numbers 2:19-cv-352 and 2:19-cv-397 respectively. The answers to these suits were originally due on February 24, 2020. Initially, Luminati did not oppose a 30 day extension which was filed through an application. Once mediation occurred in late February and the parties were working on hashing out the settlement terms, Luminati then refused an additional 15 day extension still available through the application extension process. In fact, the undersigned reached out to counsel for Luminati on March 17 stating that she understood the parties were working on the final agreement but out of an abundance of caution, she would like to prepare the application for extension for the additional 15 days available. Counsel for Luminati refused. *See*

5

Ex. 3. At that time, there was no stay as to those cases and no mention that filing a responsive pleading was not needed. Therefore, BIScience prepared its answers including counterclaims to both cases. Once the realities regarding COVID-19 set in locally and counsel were working remotely, BIScience's counsel reached out to Luminati's local counsel requesting 2 additional days, which eventually was permitted. Only then was BIScience informed that there was no need to answer the complaints, but if BIScience felt it needed to, it could have the two extra days. *See* Ex. 4. Since there was no stay in place or extension until a later time period, BIScience took the prudent and cautious approach and filed its answers with counterclaims. And back on March 27, when the answers were due, BIScience ███████████████████████████████████

███████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████ BIScience's actions in responding to these two live complaints in active cases (not stayed) was a prudent course of action based on the circumstances and certainly not performed for any bad faith purposes. As further evidence of BIScience's intentions, it requested additional time in light of working on the settlement agreement which was initially refused and then subsequently allowed for two days. BIScience never expected Luminati to file lengthy motions to dismiss in response. Luminati never requested an extension before filing those

unnecessary motions. In fact, it was Luminati's actions with respect to these answers and counterclaims that needlessly increased litigation costs, not BIScience's. As further evidence of Luminati increasing its own costs, just since the hearing on April 13, 2020, and in this cause number alone, Luminati has filed three motions—(1) Motion to Enforce Settlement Agreement and Arbitration Award (Dkt. No. 185- filed on 4/29), (2) this Motion for Sanctions (Dkt. 187- filed on 5/1), and (3) another Motion to Enforce Settlement Agreement and Arbitration Award (Dkt. No. 194- filed on 5/8). Therefore, Luminati should not be allowed to recover any attorney's fees or costs related to the counterclaims.

For these reasons, BIScience respectfully requests that this Honorable Court deny Plaintiff Luminati Networks Ltd.'s Motion for Sanctions.

Dated:  May 18, 2020                                    Respectfully submitted,

                                        By:   */s/ Eric H. Findlay*_____
                                              Eric H. Findlay (TX Bar No. 00789886)
                                              Brian Craft (TX Bar No. 04972020)
                                              Debby Gunter (TX Bar No. 24012752)
                                              FINDLAY CRAFT, P.C.
                                              102 North College Avenue, Suite 900
                                              Tyler, Texas 75702
                                              Tel: (903) 534-1100
                                              Fax: (903) 534-1137
                                              Email: efindlay@findlaycraft.com
                                              Email: bcraft@findlaycraft.com
                                              Email: dgunter@findlaycraft.com


                                              ***ATTORNEYS FOR DEFENDANT
                                              BISCIENCE***

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that this document is being filed under seal pursuant to the Protective Order entered in this matter.

                                                    */s/ Eric H. Findlay*
                                                    Eric H. Findlay

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. This document will be served on Defendant in accordance with the Federal Rules of Civil Procedure.

                                                    */s/ Eric H. Findlay*
                                                    Eric H. Findlay