# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § | |
|     Plaintiff, | § | |
| v. | § | Case No. 2:18-CV-00483-JRG |
| BI SCIENCE, INC., | § | FILED UNDER SEAL |
|     Defendant. | § | |

**PLAINTIFF LUMINATI NETWORKS LTD.'S REPLY IN SUPPORT OF OPPOSED MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT AND <u>ARBITRATOR'S AWARD</u>**

As BI Science has refused to sign the Settlement Agreement, Luminati needs a Court order that publicly identifies the Settlement Agreement and states that it is valid and enforceable. While the Court has already publicly acknowledged the validity of the settlement in other actions[1], Luminati needs an order in this case identifying the operative Settlement Agreement and subsequent Final Arbitration Award ("Arbitration Award") as valid and enforceable. Without this and despite the Court's findings in the April 13, 2020 hearing to the contrary, BI Science will continue to challenge their validity. While Plaintiff does not believe this assertion can be made in good faith, it is apparent that without a public Court order, Luminati will be impeded in its ability to enter the Arbitration Award in any jurisdiction for enforcement, preventing for example Luminati from enforcing the Arbitration Award in Israel where Defendant is located.

BI Science clearly intends to paralyze this litigation through its opposition to entry of the Arbitration Award, despite the clear language of the Arbitration Award allowing the parties to enforce this Arbitration Award through this Court. Without filing any motion objecting to the Arbitration Award or appealing the Court's ██████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████ At the same time, BI Science has refused to █████████████ ████████████ since it was issued, ████████████████████████████ ██████████████████████████████

---

[1] Today, the Court issued orders in *Luminati Networks Ltd. v. BI Science (2009) Ltd.*, Case No. 2:19-cv-352 ("BI Science II"), (ECF 37) and *Luminati Networks Ltd. v. BI Science (2009) Ltd.*, Case No. 2:19-cv-397 ("BI Science III") (ECF 20) that included a footnote 1 acknowledging that the Settlement Agreement "has been held binding by the Court, and as a result, the Court ordered the parties to submit to binding arbitration to resolve any remaining issues related to the settlement as provided in the settlement agreement" ██████████████████████████████████████.

    A. *Entry of a Public Order Affirming the Validity of the Settlement Agreement is Necessary to Enforcement of the Arbitration Award*

BI Science appears to be implying that Luminati requested a public order disclosing confidential information. Opposition at 1. The opposite is true. Luminati specifically requested an order preserving the confidentiality of the settlement stating █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. As Exhibits A and B were filed under seal in their entirety, the only public information would be that the Settlement Agreement and Arbitrator's Award is a "valid and enforceable agreement," which has already been publicly acknowledged by the Court and is the minimal finding necessary to uphold the Final Arbitrator's Award.

As part of BI Science's strategy of obstructing this litigation and all enforcement, BI Science has not agreed to a public order finding the Settlement Agreement valid and enforceable. The lack of such an order impedes Luminati's ability to enforce the Arbitration Award as Luminati has been given every reason to believe that BI Science will continue denying the validity of the Settlement Agreement despite the April 13, 2020 hearing. In addition, to enforce the Arbitration Award in Israel, Luminati anticipates that it may need to file the Arbitration Award with the appropriate Israeli court, and that such filing may require an accompanying Court order finding the underlying agreement valid and enforceable, given that BI Science has refused to sign the agreement. Unless the Court enters an order enforcing the terms of the Settlement Agreement and Arbitration Award, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

### B. BI Science Does Not Dispute the Validity of the Settlement Agreement or Final Arbitration Award

In its Opposition, BI Science does not dispute that the submitted Settlement Agreement (Ex. A) is the ███████████████████████████████████████ ███████. Motion at 1. Neither does BI Science dispute or object to the submitted Arbitration Award (Ex. B). Motion at 1. Instead, BI Science asserts in its Opposition ("Opposition," ECF 196) that it does not █████████████████████████████████████████████████████ █████████████████████████████████████████ Opposition at 1.

### C. The April 13, 2020 Hearing Clearly Ordered ███████████████████ ███████████████████████████████

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

April 13, 2020 Hearing Transcript (Ex. D), ECF 183, 43:8-15, 43:25-43:10, 45:15-20. BI Science's opposition to the entry of a Court Order enforcing the settlement ███████ ████████████████████████████████ and is obviously intended to further delay this proceeding and continue avoiding performance of the Settlement.

> *D. The Court Findings Regarding the Settlement Were Confirmed by the Arbitrator, But BI Science Continues to Refuse to Perform While Seeking to Paralyze this Litigation*

███ Ex. D at 42:12-43:7, 43:16-18. The Arbitrator similarly found the agreement signed by Mr. Cornelius on February 24, 2020 ███. Motion at 1; Ex. C at 1.

Having waited a month and a half to contest the validity of the February 23, 2020 settlement for the first time at the April 13, 2020 hearing (Ex. D at 7:20-10:15; 20:22-21:22), and having lost that argument at the hearing, BI Science fully participated in the subsequent arbitration, only to subsequently refuse to perform any of its obligations under the Arbitration Award. Regardless, BI Science has filed ███.

Instead, BI Science refused to perform under the Settlement Agreement and Arbitration Award, while engaging in bad faith tactical maneuvers designed to paralyze this proceeding and delay a meritless appeal. ███

4

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆

### E. The Court Has the Authority to Enter an Order Enforcing the Agreement

The Court has the authority to enter judgment confirming an arbitration award. *Stevens v. Conn's, Inc.*, No. 4:16-CV-309, 2019 U.S. Dist. LEXIS 132265, at *6-7 (E.D. Tex. Aug. 7, 2019). In addition, pursuant to the Arbitration Award, "[a]ny motion to enforce this Arbitration Award shall be filed in the Eastern District of Texas, Marshall Division, and shall be governed by the laws of the state of Texas." Pl. Ex. B at 1. To be clear, in BI Science's opening arbitration brief, BI Science expressly stated that it ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Ex. E at 9. However, subsequent to the issuance of the Arbitration Award, BI Science now reverses it position and opposes submitting the Arbitration Award to this Court for enforcement.

### F. BI Science's Continued Obstruction is a Tactic to Deprive Luminati of the Benefit of its Bargain

After almost three months, BI Science has refused to meet the requirements of the February 23, 2020 Settlement Agreement and has continued to refuse to ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Given Defendant's ongoing breach of the Settlement, Luminati has every reason to believe that BI Science has no intention of performing under the Settlement Agreement and will similarly ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Ex. B at 5-6.

For the reasons provided above, Plaintiff respectfully requests that the Court enter an Order identifying the Settlement Agreement (Exhibit A) and Arbitration Award (Exhibit B) as valid and enforceable and enforcing the Settlement Agreement and Arbitration Award. Luminati also requests that this Court retain jurisdiction over enforcement of the Settlement.

Dated: May 21, 2020                                  Respectfully submitted,

By: */s/ Korula T. Cherian*
Mark Mann
Mann | Tindel | Thompson
300 West Main
Henderson, TX 75652
mark@themannfirm.com
Office 903-657-8540
Cell 903-658-0401
Marshall Office 903-472-4294
Tyler Office 903-596-0900
Waco Office 254-776-3336

Amadou Kilkenny Diaw
Ronald Wielkopolski
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA  94702

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Attorneys for Plaintiff
Luminati Networks Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 21st day of May 2020, with a copy of this document via email.

/s/ *Korula T. Cherian*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ *Korula T. Cherian*