# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § | |
|     Plaintiff, | § | |
| v. | § | Case No. 2:18-CV-00483-JRG |
| BI SCIENCE, INC., | § | FILED UNDER SEAL |
|     Defendant. | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF LUMINATI NETWORKS LTD.'S <u>MOTION FOR SANCTIONS</u>**

Since entering the Settlement Agreement on February 23, 2020, BI Science steadfastly refused to perform under the agreement or even acknowledge its validity under the guise that BI Science needed a more formal written agreement. BI Science merely intended to buy time and leverage its performance to renegotiate the deal. Despite the Court and Arbitrator ███████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████. It is clear that BI Science intends to obtain through obstruction what it gave up in the settlement. After three months of continuing delay, unnecessarily driving up Luminati's litigation costs and depriving Luminati of the benefit of its bargain, BI Science cannot be said to have operated in good faith and should be sanctioned.

### A. Luminati's Motion for Sanctions is Not Limited to Three Specific Bad Acts

BI Science's Opposition mischaracterizes the Motion as limited to three specific post-settlement acts. Oppn. at 3. This is incorrect. The Motion requested sanctions against BI Science, including Luminati's attorneys' fees, incurred in response to BI Science's post-settlement activity as well as Luminati's fees going forward as a result of BI Science's ongoing breach of every obligation it has under the Settlement Agreement and Arbitration Award, as well as any other relief deemed appropriate by the Court. Motion at 1, 13. BI Science has not objected to the Arbitration Award or the Arbitrator's finding that the Settlement Agreement is the operative agreement.

Since Luminati filed its Motion, BI Science has refused to perform any of the requirements under the Settlement Agreement and Arbitration Award. Meanwhile, it continues to engage in bad faith tactical maneuvers designed to suspend this proceeding. For example, among the other breaches of the Settlement Agreement and Arbitration Award since the filing of the Motion, █ ████████████████████████████████████████████████████████████



**B. Luminati Did Not Waive Any Right to Sanctions Regarding BI Science's Post-Settlement Activities Including Its Current Ongoing Breach of the Settlement Agreement and Arbitration Award**

Luminati did not waive any right to seek sanctions. Oppn. at 2. The Motion to Enforce the Settlement Agreement that resulted in the April 13, 2020 hearing was necessary to find the Settlement Agreement valid and enforceable as a first step to seeking arbitration on the disputes. Then Luminati sought sanctions in the arbitration, but the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Motion at 12-13, Ex. G at 1.

**C. BI Science Provided No Notice that it Challenged the Validity of the Settlement Agreement Before the April 13, 2020 Hearing and Cannot Avoid Sanctions by Asserting that Luminati Should Have Anticipated It Would Renege**

BI Science's argument regarding surprise merely confirms its bad faith and justifies sanctions. A party cannot avoid sanctions by arguing that despite entering a settlement agreement, Luminati should simply have accepted it was refusing to honor the agreement. That is no excuse.

Beyond that, in fact BI Science concedes that it challenged the validity of the Settlement Agreement for the first time during the April 13, 2020 hearing. Motion at 6; Ex. K at 8:21-9:4,

2

9:7-10:15. ███████████████████████████████████████

████████████████████████████████████████████████

███████████ (ECF 183 at 34:15-22), yet BI Science now asserts Luminati should not have been surprised. Oppn. at 1. Luminati's surprise is irrelevant, but also, BI Science had accepted the mediator's proposal and joined the motion to stay and notice of settlement on February 23, 2020. Ex. C. BI Science's requests for a more formal agreement did not provide notice of a plan to renege. *Id*. at 1, 5.[1]

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████ Ex. K at 24:18-22. However, that is exactly what BI Science has sought to do. BI Science entered the Settlement Agreement to halt the litigation, only to renege on that agreement. Even worse, it did so without disclosing its position to further obstruct and delay the proceedings. BI Science cannot argue that it acted in good faith.

### D. COVID-19 Does Not Excuse BI Science Reneging on the Settlement Agreement

Without any case law support, BI Science continues to assert that COVID-19 justified all its post-settlement actions delaying performance of the Settlement, before finally challenging the validity of the Settlement Agreement at the April 13, 2020 hearing. The Settlement Agreement included no provision for force majeure or other term making BI Science's obligations to perform

---

[1] BI Science places great weight on the February 26, 2020 joint e-mail to the PTAB requesting an extension to argue that Luminati should not have been surprised by BI Science's subsequent reneging on the agreement. Oppn. at 4. However, BI Science does not disclose that it refused to join the email request for an extension unless it was altered to include the language "in principle" mirroring the standard language from the motion for stay and notice of settlement from this case (ECF 166).

█████

███████████████████████████████.[2] Force majeure may be asserted only if it is an express term in the written contract. *See Railroad Comm'n of Texas v. Coppock*, 215 S.W.3d 559, 566-67 (Tex. App. 2007) (pet. denied). "[A] contractual obligation cannot be avoided simply because performance has become more economically burdensome than a party anticipated." *Sherwin Alumina L.P. v. AluChem, Inc.*, 512 F. Supp. 2d 957, 967 (S.D. Tex. 2007). ███

███████████████████████████████████████████████████████████████

███████████████ Ex. K at 32:25-33:5.

BI Science received all the terms of the mediator's proposal and agreed to those terms when it agreed to the mediator's proposal. Motion at 2, Ex. I, ECF 166. ███████

███████████████████████████████████████████████████████████ Ex. K at 42:12-43:7, 43:16-18. COVID-19 does not excuse BI Science from accepting the validity of the Settlement Agreement or performing under that agreement and the subsequent Arbitration Award.

### E. BI Science Needlessly Increased Luminati's Costs in the BI Science IPRs

█████████████████████████████████████████████████████████████████████████. Regardless,

---

[2] It is also asserted in bad faith. A party cannot have it both ways, arguing there was no agreement but also there was an agreement that included a force majeure provision. BI Science never raised force majeure until March 13, 2020, weeks after it had begun trying to renegotiate substantive terms of the settlement agreement. The force majeure argument was nothing more than a post hoc rationalization of its improper behavior.

4

███████████████████████████████████████████████████████, using its refusal as leverage to renegotiate the agreement. While BI Science eventually performed ████ ███████████████, its previous delay in performance was clearly evidence that BI Science was not acting in good faith.

### F. BI Science's Countercomplaints Could Not Have Been Filed in Good Faith

Luminati informed BI Science ahead of time that it did not need to file answers to the complaints in the parallel BI Science II and III actions due to the Settlement Agreement ████ ███████████████. Motion at 5, fn. 1. BI Science not only filed answers but also filed countercomplaints asserting ████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

BI Science continues to needlessly drive up litigation costs as it seeks the benefits of the Settlement Agreement – ███████████████████████ – while obstructing the litigation and refusing to meet its burdens under the Settlement Agreement to the detriment of Luminati. BI Science should be sanctioned for its bad faith post-settlement actions, including its continuing breach of the Settlement Agreement and Arbitration Award.

---

[3] BI Science's bad faith continued in refusing to join Luminati in its motion to dismiss those cases and requiring Luminati to file its motions as opposed, but then not opposing them, leading the Court to correctly note that there was no opposition when it granted the motion. *See, e.g.,* BI Science II ECF 37 at n. 2.

Dated: May 26, 2020

Respectfully submitted,

By: */s/ Korula T. Cherian*
Mark Mann
Mann | Tindel | Thompson
300 West Main
Henderson, TX 75652
mark@themannfirm.com
Office 903-657-8540
Cell 903-658-0401
Marshall Office 903-472-4294
Tyler Office 903-596-0900
Waco Office 254-776-3336

Amadou Kilkenny Diaw
Ronald Wielkopolski
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94702

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Attorneys for Plaintiff
Luminati Networks Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 26th day of May 2020, with a copy of this document via email.

/s/ Korula T. Cherian

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ Korula T. Cherian