# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § | |
|     Plaintiff, | § | |
| v. | § | Case No. 2:18-CV-00483-JRG |
| BI SCIENCE, INC., | § | FILED UNDER SEAL |
|     Defendant. | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF LUMINATI NETWORKS LTD.'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND ARBITRATION AWARD**

In its opposition, BI Science agrees to most of the requested relief in Luminati's motion, including the dismissal and entry of judgment on '044 patent claim 108. The only point of contention is Luminati's request that the Court enter ███████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████████████ Instead, its sole ground of opposition is that it wants to appeal the underlying order finding an enforceable settlement. But if the Court dismissed the case without the injunction, ████████████████████████████████████████████. The logical course of action is to grant Luminati's relief, at which point there is a final judgment on all issues. If BI Science chooses to appeal that judgment in its entirety, it can do so. Other than threating appeal, BI Science has pursued no other recognized course of action. BI Science has given no reason whatsoever for the Court to deny Luminati the request to follow the terms of the settlement agreement in its entirety.

A. ████████████████████████████████████████
████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
█████████████████ Ex. E at 4 (emphasis added) ████████████████████
████████████████████████████████████████████. Ex. B at 2.

### B. BI Science's Request to Deny an Order Enforcing the Terms of the Settlement Agreement Would Create the Perverse Outcome of Placing the Burden on Luminati to Appeal

This Court found that that the parties had reached a resolution and settled the case, ███ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ Ex. C at 42:12-43:7, 43:16-18. ████████████████████████████████████████ ████████████████████████████████████████████████████████████████████. Motion at 2; Ex. D at 1. Regardless, and despite its claims to desire an appeal, BI Science has consistently opposed Luminati's motions to enter an order enforcing the Arbitration Award. Oppn. at 2; *see also* ECF 196. In other words, BI Science has taken the contrary positions of both resisting the entry of an order entering the Settlement Agreement and Arbitration Award in this case, while demanding its right to pursue appeal. Oppn. at 2-3. BI Science cannot take these contrary positions in good faith and has clearly been attempting to paralyze the proceedings to further its delay in performance to the detriment of Luminati.

Now, BI Science claims that it is not opposed to an appealable order from this Court. Oppn. at 3. Rather, BI Science claims it intends to appeal the Court's ruling during the April 13, 2020 hearing, despite having done nothing so far to do so. While BI Science does not oppose enforcement of the Settlement Agreement to the extent it dismisses the case and enters final judgment of invalidity against Luminati's patent claim, BI Science requests that the order not include the injunction, ████████████████████████████████████████████████████ ██████ Oppn. at 3. As addressed above, ████████████████████████████████ ████████████████████████████████████████████████████████ Now, BI Science

2

requests that the injunction be excluded without providing any basis ▮▮▮▮▮▮ or providing any case law for such an extraordinary remedy.

After issuance of the binding Final Arbitration Award, BI Science has taken the position that it can selectively pick and choose those terms of the Settlement Agreement it will follow. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ If BI Science was granted its request for a judgment that was simply limited to dismissal, it is not clear what if anything BI Science would appeal.

If BI Science wants to appeal, it makes no sense to appeal only a partial judgment and create an incongruous situation where Luminati wins the appeal but has not receive a key benefit of the Settlement Agreement. Such a result would be completely inequitable and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Further, BI Science has cited no authority to support its position that it can concede that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Court should enter a complete judgment based on its findings.

    C. *BI Science Seeks an Appeal to Achieve the Delay that Both the Court and Arbitrator Expressly Denied to BI Science Depriving Luminati the Benefit of Its Bargain and Should be Sanctioned for Its Continuing Breach of the Settlement*

Before BI Science took the position of challenging the validity of the Settlement Agreement at the April 13, 2020 hearing, BI Science pushed to renegotiate the Settlement Agreement to delay performance until January 1, 2021. ECF 175 at 5. BI Science asserted its meritless arguments of force majeure and impossibility, despite the Settlement Agreement including no such provisions for excusing performance. ECF 183 at 32:25-35:18. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3



. Ex. E at 2-4; Ex. B at 1-2.

With only partial entry of the Settlement and Arbitration Award, BI Science would undoubtedly continue to infringe Luminati's patents in breach of the Settlement Agreement through the process of appeal.

"Those who employ the judicial appellate process to attack a settlement through which controversy has been set to rest bear a properly heavy burden." *S & T Mfg. Co. v. County of Hillsborough*, 815 F.2d 676, 679 (Fed. Cir. 1987) (quoting *Asberry v. United States Postal Serv.*, 692 F.2d 1378, 1380, 215 U.S.P.Q. (BNA) 921 (Fed. Cir. 1982)) (affirming district court's finding that settlement agreement was valid despite appellant's argument that agreement was merely an agreement to agree and awarding appellee damages on finding that appeal was frivolous). BI Science has not filed any motion, petition for a writ of mandamus, or any other paper seeking to overturn the finding that the Settlement Agreement is valid and enforceable or challenging the binding Arbitration Award, and BI Science has provided no good faith basis for seeking an appeal. Regardless, it is apparent that win or lose merely applying for the appeal would give BI Science

. Luminati should not be deprived of the benefit of its bargain through BI Science's abuse of the appellate process.

Consistent with the underlying Motion and separate pending Motion for Sanctions (ECF 187), BI Science should be sanctioned for its continued breach of the Settlement and Arbitration

4

Award, including its meritless attempts to ███████████████████████████████████

███████████████████████████████████████.

### D. Conclusion

███████████████████████████████████████████, Luminati respectfully requests that this Court enter an order enforcing the Settlement Agreement and Arbitration Award including dismissal of this case, a final judgment of invalidity on claim 108 of the '044 Patent, the injunction, and sanctions including Luminati's attorneys' fees and any other relief as the Court deems appropriate.

Dated: May 29, 2020

Respectfully submitted,

By: /s/ Korula T. Cherian
Mark Mann
Mann | Tindel | Thompson
300 West Main
Henderson, TX 75652
mark@themannfirm.com
Office 903-657-8540
Cell 903-658-0401
Marshall Office 903-472-4294
Tyler Office 903-596-0900
Waco Office 254-776-3336

Amadou Kilkenny Diaw
Ronald Wielkopolski
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA  94702

S. Calvin Capshaw
State Bar No. 03783900

Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Attorneys for Plaintiff
Luminati Networks Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 29th day of May 2020, with a copy of this document via email.

/s/ *Korula T. Cherian*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ *Korula T. Cherian*