**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § § | Case No. 2:18-CV-00483-JRG |
| v. | § § | FILED UNDER SEAL |
| BI SCIENCE INC. | § § § | |

**PLAINTIFF LUMINATI NETWORKS LTD.'S SURREPLY IN SUPPORT OF
OPPOSITION TO DEFENDANT BI SCIENCE INC.'S MOTION TO WITHDRAW
FINDLAY CRAFT, P.C. AS COUNSEL AND TO STAY CASE FOR SUBSTITUTE
<u>COUNSEL TO APPEAR</u>**

Over a month after the filing of Findlay Craft's motion to withdraw, no substitute counsel has made an appearance for BI Science. Defendant's motion expressly seeks to stay the case by 30 days, but BI Science has already had 30 days and has not secured substitute representation. Further, BI Science's request was for time to obtain appellate counsel, and BI Science still has more time to obtain that counsel once a final judgment is entered; that is no excuse to delay this case pre-judgment. ███████████████████████████████████████████████████
███████████████████████████████████████████████████████████. Its refusal to perform under the Settlement Agreement and Arbitration Award, ███████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
████████ BI Science cannot make a good faith argument that Luminati is not being prejudiced.

    A.    *BI Science has Yet to Retain Substitute Counsel Despite Findlay Craft Filing Its Motion to Withdraw the Case Over a Month Ago.*

Findlay Craft filed this Motion on May 1, 2020 requesting withdrawal of representation and a 30-day stay for BI Science to acquire appellate representation. It has been longer than 30 days since that request, but no new counsel has appeared for BI Science. Defendant asserts that it "is continuing to seek substitute counsel in this matter for an appeal" but provides no justification or excuse for failing to do so. Reply at 2-3.

    B.    ███████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████. Reply at 3. However, the case is over and awaiting entry of judgment, so further delay is entirely unjustified. BI Science has provided no case law showing good cause under these circumstances. "[E]ven where good

1

cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *White v. BAC Home Loans Servicing, LP*, No. 309-CV-2484-G, 2010 U.S. Dist. LEXIS 60077, at *7 (N.D. Tex. June 15, 2010) (citing *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)). The Court should consider additional factors including whether the withdrawal will prejudice the other parties and harm the administration of justice. *White*, No. 309-CV-2484-G, 2010 U.S. Dist. LEXIS 60077, at *7-8; *see also Peter Denton,* No. 3:11-cv-02559-N-BN, Dkt. 83, at *5.  BI Science has not shown facts that would justify the delay that would be caused by the stay it seeks, nor has Findlay Craft shown facts that would justify its unilateral withdrawal from this case. *See Iris Connex, LLC, v. Dell Inc.*, No: 2:15-cv-1915-JRG, Dkt. 48 at *1 (E.D. Tex. Oct. 24, 2016).  As Defendant's motion expressly requests such a disruption and delay by withdrawing counsel and staying the case for 30-days, it should be denied.

> C.  BI Science's Allegations that Luminati Has Not Sought to Dismiss this Case Are Untrue and Directly Contradicted by Luminati's Motions to Enforce the Settlement Agreement Including the Relief (ECF 194), which Defendants Opposed

BI Science acknowledges that Luminati's motions to dismiss the parallel proceedings in this Court (*Luminati Networks Ltd. v. BI Science (2009) Ltd.*, Case No. 2:19-cv-352 ("BI Science II") and *Luminati Networks Ltd. v. BI Science (2009) Ltd.*, Case No. 2:19-cv-397 ("BI Science III")) ███████████████████████████████, but ignores the fact that the Court granted this relief after BI Science initially opposed these motions only to file a "notice" in response that withdrew Defendant's opposition.  Reply at 2; BI Science II, ECF at 37; BI Science III, ECF at 20. BI Science had needlessly delayed ██████████████████████████████████

As BI Science is aware, Luminati similarly filed a similarly opposed Motion to Enforce Settlement Agreement and Arbitration Award in this case (ECF 194) on May 8, 2020 specifically requesting ████████████████████████████████████████████████████████████████.  At BI

Science's request, Luminati delayed filing the motion to enforce by two days in the hope that BI Science would agree to a joint filing, which BI Science subsequently opposed. Ex. C; Ex. D. ▮

▮▮▮, this delay was caused by BI Science at BI Science's express request. Reply at n. 1. Defendant's claim that Luminati did not move to dismiss this case is wrong and contradicted by the record. Reply at 2.

    D.    *A Stay of the Proceeding Would Continue to Prejudice Luminati as BI Science has Already Refused to Comply with the Settlement Agreement and Arbitration Award*

▮▮▮

BI Science asserts that Luminati will not be prejudiced by a stay of 30 days, particularly when it has already had 30 days since it filed its request. Meanwhile, Luminati continues to be severely damaged. ▮▮▮





Given its continuing breach of the Settlement Agreement (Ex. A), ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

While refusing to meet the requirements of the Settlement Agreement and Arbitration Award, BI Science has taken no action to challenge the Settlement Agreement or Arbitration Award. Instead, BI Science has followed a pattern of obstruction by opposing every motion seeking enforcement of the settlement and arbitration award forcing Luminati to bear the burden to enforce the award. BI Science's assertion that Luminati is the cause of this delay is meritless and cannot be made in good faith. Reply at 2.

For the reasons provided above, Luminati respectfully requests that the Court deny the withdrawal of Findlay Craft as counsel, deny any stay of proceedings, and grant any relief the Court may deem appropriate in light of Luminati's pending Motion for Sanctions (ECF 187). BI Science has already succeeded in obtaining its requested 30 days, and it has more time to obtain counsel after judgment is entered. There is no reason to allow counsel to withdraw when there is nothing left to do but enter the order enforcing the settlement and then dismiss the case.

4

Dated:  June 3, 2020

Respectfully submitted,

By: */s/ Korula T. Cherian*
Mark Mann
Mann | Tindel | Thompson
300 West Main
Henderson, TX 75652
mark@themannfirm.com
Office 903-657-8540
Cell 903-658-0401
Marshall Office 903-472-4294
Tyler Office 903-596-0900
Waco Office 254-776-3336

Amadou Kilkenny Diaw
Ronald Wielkopolski
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA  94702

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Attorneys for Plaintiff
Luminati Networks Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 3rd day of June 2020, with a copy of this document via electronic mail.

/s/ *Korula T. Cherian*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ *Korula T. Cherian*