**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD., | § | |
| | § | |
| | § | CIVIL ACTION NO.  2:18-CV-00483-JRG |
| Plaintiff, | § | |
| | § | |
| v. | § | FILED UNDER SEAL |
| | § | |
| BI SCIENCE INC., BI SCIENCE (2009) | § | |
| LTD., | § | |
| | § | |
| Defendants. | § | |

## ORDER AND FINAL JUDGMENT

Before the Court are the following motions:

- Motion for Enforcement of Settlement Agreement and Arbitrator's Award (Dkt. No. 185) filed by Plaintiff Luminati Networks Ltd. ("Luminati" or "Plaintiff");

- Motion for Sanctions (Dkt. No. 187) filed by Luminati;

- Motion to Withdraw Findlay Craft P.C. As Counsel and to Stay the Case for Substitute Counsel to Appear ("Motion to Withdraw Findlay Craft") (Dkt. No. 188) filed by Defendant BIScience Inc.[1] ("BIScience" or "Defendant");

- Unopposed Motion to Withdraw Ronal Abramson and M. Michael Lewis as Counsel for Defendant ("Motion to Withdraw Abramson and Lewis") (Dkt. No. 193) filed by BIScience; and

---

[1] Plaintiff represents that BI Science (2009) Ltd. is also known as BI Science Inc.  (*See, e.g.,* Dkt. No. 194 at 1.)  Defendant seems to indirectly reject this contention.  (*See, e.g.,* Dkt. No. 203 at 2) ("Defendant BIScience (2009) Ltd (which Plaintiff alleges is also known as BIScience Inc.) . . .").  The Parties also inconsistently use spaces when referring to BIScience.  (*Compare, e.g.,* Dkt. No. 194 ("BI Science") and Dkt. No. 203 ("BIScience").)  The Court will adopt Defendants' recent notation and refer to Defendants as "BIScience," which will include BI Science Inc. and BI Science (2009) Ltd. collectively, unless specified otherwise.

- Motion to Enforce Settlement Agreement and Arbitration Award (Dkt. No. 194)
  filed by Luminati.

(collectively, the "Motions").

Having considered each of the Motions, the related briefing, and the relevant authorities, the Court concludes that the Motions should be and hereby are **GRANTED-IN-PART** and **DENIED-IN-PART** as follows:

- The Court **CONFIRMS** the Final Arbitration Award (April 29, 2020) ("Arbitration Award") (Dkt. No. 217) in its entirety pursuant to 9 U.S.C. § 9.   Under the Arbitration Award and the Court's April 13, 2020 ruling, the Luminati v. BI Science – Mediated Settlement (February 25, 2020) (Dkt. No. 170-4) ("Settlement Agreement") is a valid, binding agreement between the parties;

- The Court hereby **DENIES** Luminati's Motion for Sanctions;

- The Court hereby **GRANTS-IN-PART** the Motion to Withdraw Findlay Craft.  It is **ORDERED** that Findlay Craft, P.C. be permitted to withdraw as counsel of record for BIScience in this matter.  ECF notifications to the aforementioned counsel are to be terminated in the above-captioned case.  In light of the ruling herein, the Court hereby **DENIES** BIScience's request for a stay of the case;

- The Court hereby **GRANTS** the Motion to Withdraw Abramson and Lewis.  It is **ORDERED** that Mr. Ronald Abramson and Mr. Mord Michael Lewis be permitted to withdraw as counsel of record for BIScience in this matter.  ECF notifications to the aforementioned attorneys are to be terminated in the above-captioned case.

Further, pursuant to 9 U.S.C. § 13, the Court hereby **ENTERS FINAL JUDGMENT** pursuant to and fully incorporating herein by reference for all purposes (as if set forth herein

verbatim) all the terms of the attached Settlement Agreement (Dkt. No. 170-4) (attached hereto as Exhibit A) and the Arbitration Award (Dkt. No. 217) (attached hereto as Exhibit B).  Further, this Court expressly retains jurisdiction to enforce the terms of this judgment between these parties, their successors and assigns.

All other relief not expressly granted herein is **DENIED AS MOOT**.  The Clerk of the Court is directed to **CLOSE** the case.

**So ORDERED and SIGNED this 2nd day of July, 2020.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

EXHIBIT A

*RESTRICTED – ATTORNEYS' EYES ONLY – Protected by Fed. R. Evid. 408*

## Luminati v. BI Science – Mediated Settlement

Mediator William Cornelius's settlement proposal accepted by parties Luminati Networks Ltd. ("Luminati") and Defendant BI Science (2009) Ltd., also known as BI Science Inc., ("BI Science") (collectively, "Parties") on February 23, 2020 resulting in resolution of the following district court cases and proceedings before the PTAB ("BI Science Proceedings"):

- *Luminati Networks Ltd. v. BI Science Inc.*, Case No 2:18-cv-483, E.D. Texas;
- *Luminati Networks Ltd. v. BI Science (2009) Ltd.*, Case No 2:19-cv-352, E.D. Texas;
- *Luminati Networks Ltd. v. BI Science (2009) Ltd.*, Case No 2:19-cv-397, E.D. Texas;
- Petition for *Inter Partes* Review of U.S. Patent No. 9,241,044, IPR2020-166; and
- Petition for *Inter Partes* Review of U.S. Patent No. 9,742,866, IPR2020-167.

The Parties entered into a global settlement including resolution of patent infringement and invalidity claims involving U.S. Patent Nos. 9,241,044, 9,742,866, 10,257,319, 10,410,244, 10,469,614, 10,484,510, and 10,484,511 ("Patents in Suit") involving BI Science's residential proxy and data center proxy services, including under the "Geosurf" brand ("Proxy Services") proxy service. The Parties agreed to the following:

1. Both Parties dismiss all claims in Case No 2:18-cv-483 with prejudice except for the claim of invalidity with regard to claim 108 of U.S. Patent No. 9,241,044 ("'044 Patent");

2. The Parties shall move for entry of final judgment with regard to claim 108 of the '044 Patent;

3. Luminati dismisses Case No. 2:19-cv-352 and Case No 2:19-cv-397 without prejudice;

4. BI Science withdraws its *inter partes* review petitions (IPR2020-166 and IPR2020-167) against certain Patents-in-Suit;

5. BI Science leaves the Proxy Services business world-wide permanently;

6. BI Science enters a stipulated injunction that BI Science will not use, offer to sell, or sell, Proxy Services in the United States or import Proxy Services into the United States to the extent it is not licensed by Luminati to do so;

7. BI Science may continue providing its Urban VPN application to the extent it does not practice Luminati's patents;

8. Luminati makes monthly payments to BI Science of 37% of the gross (invoiced) revenue generated by any BI Science customer of Proxy Services transferred by BI Science and accepted by Luminati to Luminati's Proxy Services as part of this agreement for a period up to 27 months (Luminati shall not arbitrarily reject BI Science proxy service customers transferred under the settlement agreement. Any rejection shall be supported by legitimate and reasonable grounds including the existing Luminati compliance procedures. Any disputed rejection shall be submitted to arbitration by William Cornelius.);

*RESTRICTED – ATTORNEYS' EYES ONLY – Protected by Fed. R. Evid. 408*

9. Luminati will set up an escrow account of $350,000 from which payments are to be made to BI Science;

10. Luminati agrees not to file a post grant review petition, inter partes review petition or other reexamination petition against BI Science's U.S. Patent No. 10,410,244 ("'244 Patent") and other BI Science patents to the extent that BI Science does not threaten or otherwise asserts its patents against Luminati, its customers, licensees or affiliates, in which case there is no restriction on Luminati's ability to challenge one or more of the BI Science patents;

11. BI Science agrees not to file a post grant review petition, inter partes review petition or other reexamination petition against the Patents in Suit or any other patents assigned to Luminati; and

12. BI Science assigns the '244 Patent and related patent applications, continuations, and continuations in part to Luminati.

13. Luminati agrees to provide its Residential proxy network service to BI Science at a lowered, fixed price of $0.40/GB for up to 50 TB/month for 5 years solely in support of BI Science's Adclarity business, under the strict prohibition against Bi Science reselling access to Luminati's residential proxy network;

14. The parties agree to a 3-year litigation stand down, during which neither party shall institute legal action of any kind against the other except as may be necessary to enforce any settlement reached as a result of this proposal;

15. The parties are to release a mutually agreed press release;

16. Each side will bear its own costs and attorney's fees; and

17. The parties agree to submit any disputes regarding the terms and provisions of the settlement to binding arbitration by William Cornelius.

**MEDIATOR**

By: _William Cornelius_

Name: William Cornelius

Dated: 2-24-2020

The undersigned Parties agree that the terms of this agreement are confidential and shall not be disclosed except as reasonably necessary to attorneys, financial representatives, and lenders or as reasonably necessary to comply with governmental laws, regulations, court orders and subpoenas.

LUMINATI NETWORKS LTD.

By: _Or Lenchner_

Name: Or Lenchner

Dated: 25-Feb-2020

BI SCIENCE (2009) LTD.

By:

Name:

Dated:

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **LUMINATI NETWORKS, LTD** | § | |
| | § | |
| **V.** | § | **CASE NO. 2:18-CV-00483-JRG** |
| | § | |
| **BI SCIENCE, INC.** | § | **FILED UNDER SEAL** |

**FINAL ARBITRATION AWARD**

This matter was submitted to the undersigned as Arbitrator in accordance with Term 17 of the Settlement Agreement dated February 24, 2020. The scope of the Arbitrator's role is to "*resolve by binding arbitration disputes regarding the terms and provisions of the settlement.*" After due consideration of the briefing submitted by the parties, the Arbitrator makes the following general findings.

1. The 17-point agreement executed by William Cornelius as Mediator on February 24, 2020, which is part of the Court's record, is confidential.

2. Any motion to enforce this Arbitration Award shall be filed in the Eastern District of Texas, Marshall Division, and shall be governed by the laws of the state of Texas.

3. An implementation schedule is essential here in order to give meaning and effect to the Arbitrator's resolution of the disputed terms, and hopefully to bring finality to the dispute.

4. The Arbitrator finds that Luminati's request for attorney's fees falls outside the scope of his role as set forth in Term 17, and therefore declines to rule on the merits of such request.

**DISPUTED TERMS**

As for the following terms in dispute the Arbitrator has recited the term language followed by his ruling as to the interpretation and implementation of such language.

**Term 5**

"*BI Science leaves the Proxy Services business world-wide permanently.*"

1

**Arbitrator's ruling**

BI Science shall take all necessary steps, including but not limited to those set forth in the implementation schedule below, to completely exit the Proxy Services business on a permanent and world-wide basis, not later than 28 days after issuance of the Arbitration Award.

**Term 6**

*"BI Science enters a stipulated injunction that BI Science will not use, offer to sell, or sell, Proxy Services in the United States or import Proxy Services into the United States to the extent it is not licensed to do so."*

**Arbitrator's ruling**

Activities prohibited under such injunction shall include any use by BI Science of proxy services for its own internal non-commercial use.

**Term 7**

*"BI Science may continue providing its Urban VPN application to the extent it does not practice Luminati's patents."*

**Arbitrator's ruling**

BI Science shall disable any features of the Urban VPN application that cause it to infringe Luminati's patents and disclose to Luminati the alterations used to disable such features not later than 7 days after BI Science completes its exit from the Proxy Services business.

**Term 8**

*"Luminati makes monthly payments to BI Science of 37% of the gross (invoiced) revenue generated by any BI Science customer of Proxy Services transferred by BI Science and accepted by Luminati to Luminati's Proxy Services as part of this agreement for a period of up to 27 months (Luminati shall not arbitrarily reject BI Science proxy service customers transferred under the settlement agreement. Any rejection shall be supported by legitimate and reasonable grounds including the existing Luminati compliance procedures. Any disputed rejection shall be submitted to arbitration by William Cornelius.)"*

**Arbitrator's ruling**

- BI Science shall identify its Proxy Services customers to Luminati not later than 5 days after issuance of the Arbitration Award;
- BI Science shall refer (transfer) such Proxy Services customers to Luminati not later than 8 days after issuance of the Arbitration Award;
- Luminati shall notify BI Science within 3 days of referral of any customer rejection;

2

- Luminati shall provide to BI Science its supporting grounds for any rejection with a reasonable degree of detail including, if applicable, which of its compliance procedures forms a basis for the rejection;
- BI Science may dispute the rejection not later than 3 days after being notified of the rejection;
- For any disputed rejection submitted to the arbitrator for resolution:
  - If the rejection is upheld, BI Science shall pay the fees incurred by the arbitrator;
  - If the rejection is reversed, Luminati shall pay the fees incurred by the arbitrator;
- Term 8 shall not apply to any pre-existing or current Luminati Proxy Services customer even if also a BI Science Proxy Services customer; nor to any customer referred or recommended to Luminati by BI Science after its exit from the Proxy Services business;
- The monthly payments called for in Term 8 are to commence within 30 days after the initial generation of gross revenue by any transferred and accepted BI Science Proxy Services customers, and shall continue for each of the following 27 months in which such gross revenue continues to be generated;
- Once accepted, Luminati shall not arbitrarily terminate any transferred BI Science Proxy Services customer;

**Term 9**

*"Luminati will set up an escrow account of $350,000 from which payments are to be made to BI Science."*

**Arbitrator's ruling**

- Luminati shall identify a proposed escrow vendor not later than 7 days after issuance of the Arbitration Award;
- Not later than 7 days thereafter BI Science shall provide its account information;
- Luminati shall transfer the funds not later than 30 days after BI Science exits the Proxy Services business;
- After initial funding of the escrow account Luminati shall maintain sufficient funds in the account to cover monthly payments required under Term 8;
- After making the last required monthly payment to BI Science under Term 8, any funds remaining in the escrow account shall be returned to Luminati.

**Term 12**

*"BI Science assigns the '244 Patent and related patent applications, continuations, and continuations in part to Luminati."*

3

**Arbitrator's ruling**

BI Science shall identify to Luminati all patent applications, continuations and continuations in part related to the '244 patent not later than 7 days after issuance of the Arbitration Award. The parties shall execute an appropriate ***assignment*** of such patent and related materials not later than 30 days after issuance of the Arbitration Award.

**Term 14**

    *"The parties agree to a 3-year litigation stand down, during which neither party shall institute legal action of any kind against the other except as may be necessary to enforce any settlement reached as a result of the proposal."*

**Arbitrators' ruling**

The 3-year litigation stand down shall run from April 13, 2020.


## UNDISPUTED TERMS

Other than certain timing issues which are dealt with in the following Implementation Schedule, there are no disputes known to the Arbitrator regarding Terms 1, 2, 3, 4, 9, 10, 11, 13, 15, 16, and 17 of the Settlement Agreement.

**IMPLEMENTATION SCHEDULE**

| | Task | Deadline | Applicable Term(s) |
|---|---|---|---|
| 1. | Parties file motions for joint termination of IPRs and to file settlement agreement under seal | Done as directed by Arbitrator on April 24th | 4 |
| 2. | Parties file joint motions to dismiss BI Science II and BI Science III | 3 days after issuance of Arbitration Award | 3 |
| 3. | BI Science identifies its Proxy Services customers to Luminati | 5 days after issuance of Arbitration Award | 8 |
| 4. | Parties file the joint stipulation, joint motions to dismiss and joint motion for entry of final judgment for claim 108 in BI Science I | 7 days after issuance of Arbitration Award | 1, 2, and 6 |
| 5. | Luminati proposes escrow vendor | 7 days after issuance of Arbitration Award | 9 |
| 6. | BI Science provides its account information for payment from escrow account | 7 days after identification of escrow vendor | 9 |
| 7. | BI Science identifies the patent applications, continuations, and continuations in part related to '244 patent | 7 days after issuance of Arbitration Award | 12 |
| 8. | BI Science shall refer (transfer) its Proxy Services customers to Luminati. | 8 days after issuance of Arbitration Award | 8 |
| 9. | Luminati notifies BI Science of any referred customer it rejects | 3 days after referral of customer | 8 |
| 10. | BI Science may dispute rejection of any referred customer | 3 days after being notified of rejection | 8 |
| 11. | BI Science ceases and shuts down all Proxy Services business, including but not limited to (a) shutting down BI Science webpages offering the Proxy Services, (b) withdrawing BI Science | 28 days after issuance of Arbitration Award | 5 |

|     |                                                                                                                                                                                                      |                                                              |     |
| --- | ---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ------------------------------------------------------------ | --- |
|     | Geosurf application from web stores, including the Chrome store, and (c) notifying BI Science active customers of the shutdown of its Proxy Services business and referring/transferring such customers to Luminati's referral system and landing page |                                                              |     |
| 12. | Parties execute assignment of '244 patent and related patent applications, continuations and continuations in part | 30 days after issuance of Arbitration Award                  | 12  |
| 13. | BI Science shall disable any features of the Urban VPN application that cause it to infringe Luminati's patents and disclose to Luminati the steps taken to disable such features | 7 days after BI Science exit from Proxy Services business    | 7   |
| 14. | Luminati transfers $350,000 to escrow account | 30 days after BI Science exit from Proxy Services business   | 9   |

*William Cornelius*
William Cornelius
Arbitrator
April 29, 2020

6