# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| LUMINATI NETWORKS LTD. § | |
|     Plaintiff, § | |
| v. § | Case No. 2:18-CV-00483-JRG |
| BI SCIENCE, INC., § |  |
|     Defendant. § | |

**PLAINTIFF LUMINATI NETWORKS LTD.'S OPPOSED MOTION TO MAKE FINAL JUDGMENT PUBLIC**

## I. INTRODUCTION

Having refused to perform under the Settlement Agreement and Arbitration Award (collectively, "Settlement"), Defendant BI Science (2009) Ltd., also known as BI Science, Inc., (BI Science) has improperly used the confidentiality of the Settlement to further obstruct performance of the Settlement and mislead third parties regarding the Settlement. ▌

▌ Luminati respectfully requests that the Final Judgment and attached exhibits be made public to allow Luminati to implement the Settlement and to stop BI Science from using the confidentiality of this agreement to mislead innocent third parties.

## II. FACTUAL BACKGROUND

### A. February 23, 2020 Settlement Agreement

On February 23, 2020, Luminati and BI Science entered the settlement agreement ("Settlement Agreement"). ▌

ECF 220 at 5-6.

██████████████████████████████████████████████████

██████████  ████████████████████████████████████████

██████████████████████████████████████████████████

██████████

### B. BI Science Subsequently Refused to Perform Under the Settlement Agreement

Since the February 23, 2020 Settlement, BI Science performed in part but otherwise has refused to honor its obligations. ███████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████ Otherwise, BI Science has refused to perform and continued to obstruct enforcement of the Settlement in a continuing effort to delay performance. See e.g. ECF 188, 196.

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████ ECF 220 at 6, 10-11.

C. ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

### III.   ARGUMENT

*A. The Court Has the Authority to Make the Final Judgment Public*

BI Science has abused the confidentiality of the Settlement and Final Judgement to mischaracterize the Settlement to third parties, while preventing Luminati from correcting these statements or enforcing the Settlement. ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████

The Court has the authority to make the Final Judgment public. *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017) (explaining the Fifth Circuit has left the decision to seal or unseal judicial records to the discretion of the district court); *see also Belo Broad. Corp. v. Clark*, 654 F.2d 423, 430 (5th Cir. 1981) (further explaining that discretion is "to be exercised in light of the relevant facts and circumstances of the particular case")(citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599, 98 S. Ct. 1306, 1312–13 (1978)). "[T]he court must balance the public's common law right of access against the interests favoring nondisclosure." *Sec. & Exch. Comm'n. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

3



Under these circumstances, given Defendant's abuse of the confidentiality of the Settlement and Final Judgment as a means of continuing its breach of the Settlement and infringement of Luminati's patents, the Final Judgment and attached exhibits should be made public.

B. █████████████████████████████

█████████████████████████████████

█████████████████████████████████

█████████████████████████████████

████████

4



C. ███

███

███

███

███

███

███

███

███

███

███

███

███

███

███

███

███

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████

IV.   **CONCLUSION**

For the reasons provided above, Luminati respectfully requests that the Final Judgment[1] and attached exhibits be made public. ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████

Dated: July 24, 2020                                  Respectfully submitted,

                                                      By: /s/ Korula T. Cherian
                                                      Mark Mann
                                                      Mann | Tindel | Thompson
                                                      300 West Main
                                                      Henderson, TX 75652
                                                      mark@themannfirm.com
                                                      Office 903-657-8540
                                                      Cell 903-658-0401
                                                      Marshall Office 903-472-4294
                                                      Tyler Office 903-596-0900
                                                      Waco Office 254-776-3336

                                                      Amadou Kilkenny Diaw

---

[1] The parties filed a joint motion to correct the Final Judgment on the same day as this Motion. Luminati believes that the Final Judgment should be corrected and, for purposes of this Motion, Luminati requests that the corrected final judgment be made public, however should the Court not correct the Final Judgment, Luminati requests that the original Final Judgment be made public.

Ronald Wielkopolski
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA  94702

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Attorneys for Plaintiff
Luminati Networks Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 24th day of July 2020, with a copy of this document via electronic mail.

/s/ *Korula T. Cherian*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that the counsels for the parties have complied with Local Rule CV-7(h). Counsel for Plaintiff, Bob Harkins, Ronald Wielkopolski, and Betty DeRieux, and counsel for Defendant, Michael Cherish and John Christopher Rozendaal, held a telephonic meet and confer on July 23, 2020. Defendant opposes this motion.

/s/ *Ronald Wielkopolski*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ *Korula T. Cherian*