# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION



LUMINATI NETWORKS LTD.

    Plaintiff,

  v.

BI SCIENCE, INC.,

    Defendant.

Case No. 2:18-CV-00483-JRG

## DEFENDANT BI SCIENCE'S OPPOSED MOTION
## TO STAY ENFORCEMENT OF THE FINAL JUDGMENT

Michael A. Charish
(admitted *pro hac vice*)
Charish Law Group P.C.
347 Fifth Avenue, Suite 1402
New York, New York 10016
Phone: (646) 328-0183
michael@charish.law

J.C. Rozendaal
(admitted *pro hac vice*)
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue NW, Suite 600
Washington, D.C. 20005
Phone: (202) 772-8747
jcrozendaal@sternekessler.com

*Attorneys for Defendant*
*BI Science (2009) Ltd.*

August 12, 2020

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT ..............................................................................................................2

    I.    STAYS PENDING APPEAL SERVE IMPORTANT PUBLIC-POLICY GOALS...........................................................................................2

    II.    ALL FOUR FACTORS OF THE STAY CALCULUS FAVOR GRANTING A STAY PENDING APPEAL IN THIS CASE. .............................3

        A.    BI SCIENCE'S APPEAL IS LIKELY TO SUCCEED.............................3

            i.    BI Science will argue that it is not subject to personal jurisdiction in Texas. .......................................................3

            ■    ██████████████████████████████████████████4

            ■    █████████████████████. ...................4

            ■    ███████████████████ .................................6

        B.    BI SCIENCE WILL SUFFER SEVERE AND IRREPARABLE HARM ABSENT A STAY. .........................................11

        C.    A TEMPORARY STAY WILL NOT HARM LUMINATI....................13

        D.    A STAY PENDING APPEAL SERVES THE PUBLIC INTEREST.........................................................................................14

CONCLUSION...........................................................................................................14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allergan Sales Inc. v. Pharmacia & Upjohn Inc.*,
  1997 WL 377983 (Fed. Cir. 1997)......................................................................................3

*In re Bunzl USA, Inc.*,
  155 S.W.3d 202 (Tex. App. – El Paso 2004)......................................................................9

*Carey v. 24 Hour Fitness, USA, Inc.*,
  669 F.3d 202 (5th Cir. 2012) ............................................................................................10

*Climb Tech, LLC v. Verble*,
  2008 WL 1133491 (W.D. Tex. Feb. 7, 2008)......................................................................6

*Condit Chem. & Grain Co. v. Helena Chem. Corp.*,
  789 F.2d 1101 (5th Cir. 1986) ............................................................................................5

*Cunningham v. Zurich Am. Ins. Co.*,
  352 S.W.3d 519 (Tex. App. – Fort Worth 2011)................................................................5

*Datatreasury Corp. v. Wells Fargo & Co.*,
  522 F.3d 1368 (Fed. Cir. 2008).......................................................................................5, 6

*In re Deepwater Horizon*,
  786 F.3d 344 (5th Cir. 2015) .........................................................................................7, 8

*Fleetwood Enters., Inc. v. Gaskamp*,
  280 F.3d 1069 (5th Cir. 2002) ............................................................................................5

*In re Green Tree Servicing LLC*,
  275 S.W.3d 592 (Tex. App. – Texarkana 2008)................................................................10

*Intercarrier Commc'ns, LLC v. Kik Interactive, Inc.*,
  2013 WL 4061259 (E.D. Va. 2013)....................................................................................4

*Liberto v. D.F. Stauffer Biscuit Co.*,
  441 F.3d 318 (5th Cir. 2006) ..................................................................................9, 10, 11

*Luminati Networks Ltd. v. BIScience Inc.*,
  2019 WL 2084426 (E.D. Tex. May 13, 2019)...............................................................3, 14

*Moctezuma v. Islas*,
  2019 WL 8501013 (E.D. Tex. Dec. 28, 2019),
  *rejected in part on other grounds*, 2020 WL 548681,
  (E.D. Tex. Feb. 4, 2020) ....................................................................................................6

*National Instruments Corp. v. Mathworks, Inc.*,
    2003 WL 24049230 (E.D. Tex. 2003), *aff'd*, 164 Fed. Appx. 997
    (Fed. Cir. 2006).................................................................................2, 12, 13, 14

*Neurovision Med. Prods., Inc. v. Medtronic plc*,
    2017 WL 1247139 (E.D. Tex. Apr. 5, 2017).................................................7

*Neurovision Med. Prods., Inc. v. Medtronic plc*,
    2017 WL 9470886 (E.D. Tex. Apr. 17, 2017).........................................7, 8, 12

*Nken v. Holder*,
    556 U.S. 418 (2009).........................................................................2, 12, 14

*Oliver Street Dermatology, LLC v. Creger*,
    2018 WL 2452975 (W.D. Tex. 2018)...............................................................5

*In re Omni Video, Inc.*,
    60 F.3d 230 (5th Cir. 1995)...........................................................................6

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
    688 F.3d 214 (5th Cir. 2012).........................................................................4

*Scaife v. Associated Air Ctr. Inc.*,
    100 F.3d 406 (5th Cir. 1996).........................................................................9

*Songer v. Archer*,
    23 S.W.3d 139 (Tex. App. – Texarkana 2000)...............................................5

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*,
    897 F.2d 511 (Fed. Cir. 1990)................................................................2, 3, 12

*Tadayon v. Saucon Techs., Inc.*,
    2011 WL 1770172 (D. Md. 2011)...................................................................4

*TechRadium, Inc. v. Edulink Sys.*,
    2011 WL 2709029 (S.D. Tex. July 12, 2011)...................................................6

*United Rentals, Inc. v. Smith*,
    445 S.W.3d 808 (Tex. App. – El Paso 2014)................................................10

*Wang Labs., Inc. v. Applied Computer Scis., Inc.*,
    958 F.2d 355 (Fed. Cir. 1992).....................................................................11

**Rules**

Fed. R. Civ. P. 62(d).......................................................................................2, 14

Texas R. Civ. P. 11.....................................................................................4, 5, 6, 8

Pursuant to Federal Rule of Civil Procedure 62, defendant BI Science (2009) Ltd. ("BI Science") hereby respectfully moves to stay enforcement of this Court's July 2, 2020 Order and Final Judgment (Dkt. No. 220) (the "Final Judgment") pending appeal to the Federal Circuit.

## PRELIMINARY STATEMENT

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████ BI Science is appealing in the Federal Circuit, but appellate relief would arrive too late to save BI Science from irreparable harm.

Consequently, and as shown below, this case presents compelling grounds for staying enforcement of the Final Judgment pending appeal. BI Science's appeal is meritorious. Respectfully, BI Science will argue on appeal that it is not subject to personal jurisdiction in Texas ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████ Indeed, Luminati filed its own notice of appeal in this case (Dkt. No. 233), indicating that it, too, takes issue with some aspects

of the Final Judgment. Accordingly, the Court should maintain the status quo pending appeal and stay enforcement of the Final Judgment.

## ARGUMENT

### I.    STAYS PENDING APPEAL SERVE IMPORTANT PUBLIC-POLICY GOALS.

As the Supreme Court has explained, staying judgments pending appeal not only maintains the status quo for the benefit of parties threatened with irreparable harm but also "ensur[es] that appellate courts can responsibly fulfill their role in the judicial process." *See Nken v. Holder*, 556 U.S. 418, 427 (2009). "A reviewing court must bring considered judgment to bear on the matter before it, but that cannot always be done quickly enough to afford relief to the party aggrieved by the order under review." *Id.*

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████    Rule 62(d) provides that "[w]hile an appeal is pending from … [a] final judgment that grants … an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Whether to grant a Rule 62(d) stay is an issue committed to this Court's discretion. *See, e.g.*, *National Instruments Corp. v. Mathworks, Inc.*, 2003 WL 24049230, at *6 (E.D. Tex. 2003), *aff'd*, 164 Fed. Appx. 997 (Fed. Cir. 2006).

In deciding whether to grant a stay pending appeal, the Court should consider four factors: (1) whether BI Science has made a strong showing that it is likely to succeed on the merits; (2) whether BI Science will be irreparably injured absent a stay; (3) whether issuing the stay will substantially injure Luminati; and (4) the public interest. *See, e.g., Nken,* 556 U.S. at 426; *Standard Havens Products, Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990). Particularly where the applicant faces substantial harm absent a stay, the other factors "need not

2

be given equal weight" and the applicant need only show a "substantial case on the merits" under the first factor. *See Standard Havens*, 897 F.2d at 512-13; *Allergan Sales Inc. v. Pharmacia & Upjohn Inc.*, 1997 WL 377983, at *1 (Fed. Cir. 1997) (granting stay pending appeal).

## II.    ALL FOUR FACTORS OF THE STAY CALCULUS FAVOR GRANTING A STAY PENDING APPEAL IN THIS CASE.

### A.    BI Science's Appeal Is Likely to Succeed.

BI Science intends to present at least these two issues on appeal:  (1) Whether BI Science is subject to personal jurisdiction in Texas; 
BI Science respectfully submits that, as shown below, it is likely to prevail on these issues.

#### i.    BI Science will argue that it is not subject to personal jurisdiction in Texas.

BI Science intends to argue in the Federal Circuit that it was not subject to specific personal jurisdiction in Texas in connection with Luminati's patent claims.  BI Science has never been to Texas; has no bank accounts, property, or employees in Texas; is not registered to do business in Texas; and has never targeted Texas for advertising.  *See* Dkt. No. 36 ¶ 8 (March 4, 2019 Moyal Declaration).  BI Science's software allows people around the world to share their internet bandwidth as "proxy servers" to access websites from various locations worldwide.

This Court exercised specific jurisdiction over BI Science because BI Science had 56 Texas customers accessing proxy servers outside of Texas (representing ▬▬▬ of BI Science's revenue), and because, of the myriad proxy servers accessed by BI Science's non-Texas customers, some happen to be shared by Texans.  *See Luminati Networks Ltd. v. BIScience Inc.*, 2019 WL 2084426, at *4-5 (E.D. Tex. May 13, 2019).  Taken to its logical conclusion, the Court's ruling might allow a company that owns internet software that can be downloaded and

used by anyone in the world with a computer to be subject to personal jurisdiction anywhere in the United States, even if the company has *de minimis* contacts with a particular state.

BI Science respectfully submits that there is a reasonable likelihood that the Court of Appeals will view the issue differently, as the quality and quantity of BI Science's contacts with Texas are similar to contacts that other courts have found to be legally insufficient for personal jurisdiction.  In *Pervasive Software Inc. v. Lexware GmbH*, for example, the Fifth Circuit concluded there was no specific jurisdiction over a foreign defendant with only "sparse contacts" with Texas: "fifteen internet website sales of its products to twelve Texas billing addresses" and "tax and financial software" that was internet-accessible but not purposely directed toward Texas.  *See* 688 F.3d 214, 227 (5th Cir. 2012); *see also*, *e.g.*, *Intercarrier Commc'ns, LLC v. Kik Interactive, Inc.*, 2013 WL 4061259, at *4 (E.D. Va. 2013) ("A company does not 'consciously' or 'deliberately' target a forum if a user unilaterally downloads and uses its software within that forum."); *Tadayon v. Saucon Techs., Inc.*, 2011 WL 1770172, at *4 (D. Md. 2011) (no specific jurisdiction because the transmission of text messages using an alleged patent-infringing wireless internet system did "not result from the 'purposeful activity' of the foreign Defendants, but rather the deliberate intention of the foreign Defendants' subscribers").  So too, the fact that a number of Texans chose to participate in BI Science's global proxy network, and generated some modest revenue for BI Science, does not create the "minimum contacts" necessary to subject BI Science to personal jurisdiction in Texas.



---

[1]    Unless otherwise indicated, all italic and bold emphasis in this brief has been added.



7

In sum, whether or not this Court is persuaded that BI Science will succeed in the Federal Circuit, BI Science has a substantial appeal on the merits. Accordingly, the first factor weighs in favor of granting a stay pending appeal.

**B.      BI Science Will Suffer Severe and Irreparable Harm Absent a Stay.**

If the Court declines to stay enforcement of the judgment, BI Science will suffer devastating, irreparable harm. ████████████████████████████████

11



Accordingly, the factor of irreparable harm weighs decisively in favor of granting a stay.

**C.      A Temporary Stay Will Not Harm Luminati.**

If the Court maintains the status quo, Luminati would not be harmed. ██████████

████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████    Indeed, Luminati has filed its

own notice of appeal in this case (Dkt. No. 233), indicating that it is not entirely satisfied with

the Final Judgment. As there would be no substantial harm to Luminati if this Court grants a stay

pending appeal, the third factor also weighs decisively in BI Science's favor.

████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████

**D.    A Stay Pending Appeal Serves the Public Interest.**

The public interest also weighs in favor of a stay pending appeal.    ███████████████

██████████████████████████████████████████████████

████████████    ████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████

**CONCLUSION**

The Supreme Court has acknowledged that, while a stay pending appeal "does not make

time stand still," it "does hold a ruling in abeyance to allow an appellate court the time necessary

to review it." *Nken,* 556 U.S. at 421. BI Science asks this Court for a temporary respite from

14

any proceedings that Luminati might pursue — ████████████████████████ — so

that the Federal Circuit may properly consider BI Science's appeal.  The factors informing the

stay decision all favor granting BI Science's application.  Most importantly, BI Science stands to

suffer severe and irreparable injury if the Court does not issue a stay.  Accordingly, this Court

should exercise its discretion to maintain the status quo while the appeal is pending by granting

BI Science's motion to stay enforcement of the Final Judgment, together with ordering such

other, further and different relief in BI Science's favor as the Court deems just and proper.


Dated: August 12, 2020

Respectfully submitted,

By:   /s/ *J.C. Rozendaal*
J.C. Rozendaal
(admitted *pro hac vice*)
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue NW, Suite 600
Washington, D.C. 20005
Phone: (202) 772-8747
Fax: (202) 371-2540
jcrozendaal@sternekessler.com

Michael A. Charish (admitted *pro hac vice*)
Charish Law Group P.C.
347 Fifth Avenue, Suite 1402
New York, New York 10016
Phone:  (646) 328-0183
michael@charish.law

*Attorneys for Defendant BI Science (2009) Ltd.*

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 12th day of August 2020 with a copy of this document via electronic mail.

  /s/ *J.C. Rozendaal*
J.C. Rozendaal

### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for the parties have complied with Local Rule CV-7(h).  Robert Harkins and Ronald Wielkopolski, counsel for Plaintiff, and J.C. Rozendaal, counsel for Defendant, held a telephonic meet-and-confer on August 12, 2020. Plaintiff opposes this motion.

  /s/ *J.C. Rozendaal*
J.C. Rozendaal

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

  /s/ *J.C. Rozendaal*
J.C. Rozendaal