# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION



| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § | |
| Plaintiff, | § | |
| v. | § | Case No. 2:18-CV-00483-JRG |
| BI SCIENCE, INC., | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF LUMINATI NETWORKS LTD.'S
## <u>OPPOSED MOTION TO MAKE FINAL JUDGMENT PUBLIC</u>

The Court should exercise its sound discretion to unseal the Final Judgment to protect the public and Luminati's rights. The February 23, 2020 Settlement Agreement included important provisions whereby ██████████████████████████████████████████████████ ████████████████████████████████████████████████. After obtaining a settlement that meant no jury verdict would issue against it finding BI Science, BI Science immediately began a campaign of delay, including seeking to delay performance by a year due to *force majeure*, ███████████████████████. BI Science's legal machinations have allowed it to continue to receive the benefit of the bargain without having to meet its own obligations and give Luminati the benefit Luminati was owed.   BI Science should not be allowed to obstruct implementation of the Final Judgment by hiding behind its confidentiality ████████████ ████████████████████████████████████████████████████ ███████████████████████████████████.

**A. The Court Should Make the Final Judgment Public To Protect Luminati and the Public And BI Science Admits That The Court has the Sound Discretion To Do So**

BI Science admits that the Court has the discretion to make the Final Judgment public.[1] Luminati's prior request for confidentiality is irrelevant—Luminati has since determined that BI Science's refusal to cooperate is worse than allowing the terms to become public. Oppn. at 4-5.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████ ECF 220 at 5-6. ████████

███████████████████████████████████████████████████

██████████████████████████████████ Meanwhile, Luminati's benefits

---

[1] BI Science's reference to Rule 60 is inapplicable as Luminati is merely requesting the unsealing of the Final Judgment rather than a correction. Oppn. at 6.

of the bargain have been improperly obstructed by confidentiality coupled with BI Science's

refusal to perform ██████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████

**B. BI Science's** ██████████████████████████████████████████

██████████████████████████████████████████████████████████

The Settlement Agreement is not a mere Mediator's Settlement Proposal. Oppn. at 3. ██

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████. ECF 170-3, 170-6, 170-8,

170-11. That same day, BI Science further confirmed the settlement by joining the Notice of

Settlement. ECF 166. ████████████████████████████████

██████████████████████████████████████████████████████████████

██████ Oppn. at 2, 6, 10-11. ██████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████. Oppn. at 2, 7. ████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████. Luminati expressly asked if

BI Science was asserting that there was a mistake in the Settlement Agreement on March 2, 2020

and BI Science did not assert mistake. ECF 170-16 at 3-4. BI Science's subsequent desire to

renegotiate a more favorable deal does not invalidate the Agreement.

**C. The Final Judgment Is A** ████████████████████████████ **As It Incorporated**

██████████████████████████████████████████████████████

BI Science admits that the Final Judgment (ECF 220) incorporates ████████████ ████████████████████████████████████████████████████████████████ ████████████████████████ Motion at 3; Oppn. at 2. BI Science also does not dispute that the Settlement Agreement includes the clear and express term: ████████████████████ ████████████████████████████████████████████████████ ██████████ ████████████████████. Oppn. at 6. The language is clear and unambiguous.

However, BI Science asserts that it never agreed to such ████████████████ ████████████████████████████████████████████████████ Oppn. at 6. ████████████████████████████ ████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████ ██████ ████████████████████████████████████████ ████████████████████████████████ ████████████████████ ██ ████████████████████████████████████████████. Compare ECF 170-8, ECF 170-11 and ECF 220, Ex. A. ████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████. BI Science's false assertions that it did not agree to the Settlement because of the ████████████████████████ is completely contrary to the record. Oppn. at 10-11. Luminati had previously rejected BI Science's proposal ████████████████████████████. If this were a sticking point for BI Science, it could have refused to enter the Settlement Agreement, but instead it agreed.

With regard to the second argument, BI Science clearly ████████████████ in the Settlement Agreement itself with the statement ████████████████████████████████

██████████████████████████████████████████████ That did not require

any future action. If BI Science wanted to ████████████████████████████

███████████████████████████████████████████. *See,*

*e.g.,* ████████████████████ Reply at 6-7.

Anticipating that BI Science would need to ████████████████████████

████████████████████████████, ██████████████████████████████

████████████████████████████████████ Regardless, by

the terms of the Final Judgment, ████████ ████████████████████████

████████████████ ██████████████████████████████████████

████████████ .

**D. The Final Judgment Incorporated** ████████████████████

████████████████████████ ██████████████████████████

████████████████████████ ████████████████████████

██████████████████████████████████████, BI Science is

exploiting the confidentiality of the Final Judgment to mislead third parties including BI Science's

customers and partners. Oppn. at 9-10. BI Science does not dispute that ████████████

██████████████████████ "████████████████████████

██████████████████████████████████████████████

██████████████████████ ECF 220 at 5. ████████████████

██████████████████████████████████████. As the joint public

press release states that "BI Science will … work together with Luminati in a strategic partnership

to transition BI Science proxy service customers to Luminati's service," these same third parties

could easily be misled into believing that ████████████████████████████

██████. ECF 218 at 2. The public has a strong interest in the Final Judgment ████████ ███████ being public.

    **E.** ████████████████████████████████████████

BI Science mischaracterizes ██████████████████████████ ████████████████. Oppn. 4, 11. That is false ████████████████ ████████████████████████████████████████████████ ██████████ ECF 225-1 at 7. BI Science cannot rely on this order to assert that Luminati will not be harmed by keeping the Final Judgment sealed. Oppn. at 11.

    **F.** ***The Appeal Does Not Provide BI Science*** ████████████ ████████████

BI Science has refused to perform under the February 23, 2020 Settlement Agreement and been in breach for almost six months. The automatic stay of the Final Judgment under Fed. R. Civ. Pro. 62(a) expired as of August 3, 2020. On August 6, 2020, one day before BI Science's Opposition was due, BI Science requested for the first time a meet and confer to request a stay in enforcement. Oppn. at 1, 2-3. Such relief would only allow BI Science ████████████ ████████████████████████████████████████████████ ████████████████████████. ECF 175 at 5; ECF 183 at 29:25-35:18. At the same time, keeping the Final Judgment under seal would do nothing to protect third parties who currently have no notice of BI Science's agreement ████████████████████████████ ████████████████████. Confidentiality also prevents Luminati from ████████████ ████████████████████████████████████████

For the reasons addressed above, and in the Motion, Luminati respectfully requests that the Court exercise its sound discretion to make the Final Judgment public.

5

Dated: August 14, 2020

Respectfully submitted,

By: */s/ Korula T. Cherian*
J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)

Amadou Kilkenny Diaw
Ronald Wielkopolski
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94702

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Attorneys for Plaintiff
Luminati Networks Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 14th day of August 2020, with a copy of this document via email.

*/s/ Korula T. Cherian*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 14th day of August 2020, with a copy of this document via email.

*/s/ Korula T. Cherian*

1