# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LUMINATI NETWORKS LTD. § § Plaintiff, § § v. § § BI SCIENCE, INC., § § Defendant. § | Case No. 2:18-CV-00483-JRG |

## BI SCIENCE'S SUR-REPLY OPPOSING
## LUMINATI'S MOTION TO MAKE THE FINAL JUDGMENT PUBLIC

Michael A. Charish
(admitted *pro hac vice*)
Charish Law Group P.C.
347 Fifth Avenue, Suite 1402
New York, New York 10016
Phone: (646) 328-0183
michael@charish.law

J.C. Rozendaal
(admitted *pro hac vice*)
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue NW, Suite 600
Washington, D.C. 20005
Phone: (202) 772-8747
jcrozendaal@sternekessler.com

*Attorneys for Defendant BI Science (2009) Ltd.*

August 21, 2020

**PRELIMINARY STATEMENT**

Luminati has sought to enforce every detail of this Court's Final Judgment — except for ones it no longer likes, such as confidentiality. In Luminati's own words, "*Luminati specifically requested an order preserving the confidentiality of the settlement.*" Dkt. No. 202 at 2 (all emphasis in this brief added). Luminati won that order. ███████████████ ███████████████████████████████████. See Dkt. No. 220, Ex. B at 1.

More than that, Luminati's position is that it contractually agreed to confidentiality. ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████ See Dkt. No. 170, Ex. M; Dkt. No. 220, Ex. A at 2. Luminati cannot have it both ways — claiming that some of the terms of the Final Judgment are binding but the confidentiality term is not — yet that is exactly what Luminati is attempting to do in its motion to make the Final Judgment public (Dkt. No. 224).

BI Science demonstrated in its opposition to the motion that there is no justification for Luminati's incongruity. See Opposition (Dkt. 231). ███████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████ And so, BI Science has appealed from the Final Judgment and respectfully requested this Court to stay the judgment pending appeal. See BI Science's Stay Motion (Dkt. No. 234).

Luminati's reply (Dkt. No. 236) does not dispute that unsealing the Final Judgment would harm BI Science irreparably. ███████████

███████████

███████████

███████████

███████████

███████████

███████████ As shown below, Luminati's reply is flawed and the Court should deny its motion to unseal.

## ARGUMENT

**I.     UNSEALING THE FINAL JUDGMENT** ███████████ ███████████ .

███████████

███████████

███████████

███████████

███████████

███████████

███████████

███████████

███████████



## II. THE MEDIATOR'S PROPOSAL WAS AN AGREEMENT IN PRINCIPLE.

In arguing that the Mediator's Proposal was a binding settlement agreement, Luminati fails to counter the evidence showing that BI Science understood the Proposal to be an

agreement in principle — a settlement framework that required additional negotiation and the parties' signatures before it could become binding and enforceable. Thus, Luminati does not dispute that: ███████████████████████████████████████

███████████████████████████ ███████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████ *See* Reply at 2-3; Dkt. No. 170, Exs. E, M-Q.

      The evidence Luminati cites in reply does not undercut these undisputed facts and does not otherwise prove unequivocally that the Mediator's Proposal constituted a final, binding, settlement. Luminati argues that an e-mail in which BI Science's counsel thanked the mediator for his "hard work" evidences a contractual acceptance of a binding settlement agreement. *See* Reply at 2 (citing Dkt. No. 170, Ex. B). That is too far a stretch. The e-mail may just as easily be understood as nothing more than an expression of gratitude for the mediator's help in reaching an agreement in principle.

      Luminati also argues that, by joining in the parties' notice of settlement to the Court, BI Science conceded that the Mediator's Proposal was a fully binding settlement agreement. *See* Reply at 2. That is not so. As Luminati knows, the notice advised the Court that "all matters in controversy … have been settled, *in principle*." *See* Dkt. No. 166 at 1.

      Finally, according to Luminati, BI Science cannot argue that the Mediator's Proposal contains mistakes because, when Luminati's counsel sent an e-mail to BI Science's counsel "expressly ask[ing] if BI Science was asserting that there was a mistake," BI Science's counsel "did not assert mistake." *See* Reply at 2 (citing Dkt. No. 170, Ex. O). That is misleading. Luminati's counsel did not ask any questions in that e-mail. He merely said, "Unless you think

4

there is a mistake in the document, we would like to get this done as soon as possible, so please have your client sign and return the documents and we will then do the same." Dkt. No. 170, Ex. O at 3-4. BI Science did not reply to this e-mail to somehow confirm that there was no mistake, as Luminati suggests. BI Science also *did not sign* or return the draft settlement agreement prepared by Luminati, as Luminati's counsel had requested. Instead, ███████████ ███████████████████████████████████████████████████████ ███████████████████████████████████. *See* Dkt. No. 170, Exs. O & Q. Once again, Luminati's evidence highlights the opposite of what Luminati claims.

## CONCLUSION

Luminati requested confidentiality for settlement terms, received confidentiality, and takes the view that it contractually committed to confidentiality. While the settlement remains disputed pending appeal, given the catastrophic effects that unsealing the Final Judgment would have on BI Science, this Court should deny Luminati's motion to unseal. In the alternative, if the Court is inclined to grant Luminati any relief on this motion, it should unseal no more of the Final Judgment than is necessary to the Court's purposes and should redact any other terms, including, in particular, ███████████████████████████████████.

Dated: August 21, 2020

      Respectfully submitted,

      By:  /s/ *J.C. Rozendaal*
      J.C. Rozendaal
      (admitted *pro hac vice*)
      Sterne Kessler Goldstein & Fox P.L.L.C.
      1100 New York Avenue NW, Suite 600
      Washington, D.C. 20005
      Phone: (202) 772-8747
      Fax: (202) 371-2540
      jcrozendaal@sternekessler.com

      Michael A. Charish (admitted *pro hac vice*)
      Charish Law Group P.C.
      347 Fifth Avenue, Suite 1402
      New York, New York 10016
      Phone:  (646) 328-0183
      michael@charish.law

      *Attorneys for Defendant BI Science (2009) Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 21st day of August 2020, with a copy of this document via electronic mail.

    /s/ *J.C. Rozendaal*
    J.C. Rozendaal

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

    /s/ *J.C. Rozendaal*
    J.C. Rozendaal