# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION



LUMINATI NETWORKS LTD.          §
                                §
          Plaintiff,            §
                                §          Case No. 2:18-CV-00483-JRG
     v.                         §
                                §
BI SCIENCE, INC.,               §
                                §
          Defendant.            §

**PLAINTIFF LUMINATI NETWORKS LTD.'S OPPOSITION TO BI SCIENCE'S**
**OPPOSED MOTION TO STAY ENFORCEMENT OF THE FINAL JUDGMENT**

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................ 1

II.   FACTUAL BACKGROUND........................................................................................ 1

    A.  BI Science Entered the ████████████ Settlement Agreement ................................. 1

    B.  Following BI Science's ████████████████████████ ....... 2

    C.  ████████████████████████████████ ........ 3

    D.  ████████████████████████████████████
        ████ ............................................... 3

    E. ███████████████████████████████████
        ████████████████████████ ..... 4

III.  LEGAL STANDARD ................................................................................................... 4

IV.   ARGUMENT .............................................................................................................. 5

    A.  BI Science Cannot Receive Any Relief Under Rule 62(d) As It Offers No Terms To
       Secure Luminati's Rights ........................................................................................ 5

    B.  The Court Should Not Exercise Its Discretion To Grant A Stay, As The Four-Factor Test
       Weighs Against BI Science ..................................................................................... 6

    1. BI Science's Appeal Is Meritless And Does Not Justify A Stay ............................... 6

       *a. The Court has personal jurisdiction over BI Science through BI Science's efforts to
       direct the accused residential proxy service to Texas including through its
       advertising of proxy devices located in Texas* ............................................. 6

       *b.* ████████████████████████████████
       ████████████ ............................... 7

    3. Issuance Of A Stay Will Substantially Injure Luminati ████████████████
       ████████████████████████████████████
       ████████████ ............................. 14

    4. The Public Interest Strongly Disfavors ████████████████
       ████████████████████████ ......................................... 15

V.    CONCLUSION ......................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Climb Tech, LLC et al. v. Verble, et al.*, No. 1:05-cv-00864, 2008 WL 1133491 (W.D. Tex. Feb. 7, 2008)...................................................................................................................... 10

*Cunningham v. Zurich Am. Ins. Co.*, 352 S.W.3d 519 (Tex App. 2011)..................................... 10

*Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368 (5th Cir. 2008) ................................. 9

*Dunbar Med. Sys. v. Gammex Inc.*, 216 F.3d 441 (5th Cir. 2000) ................................................ 7

*Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069 (5th Cir. 2002) ........................................... 9

*Goodman v. Smart Modular Techs., Inc.*, No. H-14-1380, 2016 U.S. Dist. LEXIS 112436 (S.D. Tex. Aug. 23, 2016) ............................................................................................................. 10

*In re Deepwater Horizon*, 786 F.3d 344 (5th Cir. 2015) ......................................................... 9, 12, 13

*In re Nexion Health at Humble, Inc.*, 173 S.W.3d 67 (Tex. 2005).............................................. 9

*Johnson v. BP Expl. & Prod. (In re Deepwater Horizon)*, 786 F.3d 344 (5th Cir. 2015) .............. 8

*MedVision, Inc. v. MediGain, LLC*, Civil Action No. 3:15-CV-77-L, 2017 U.S. Dist. LEXIS 48744 (N.D. Tex. Mar. 31, 2017)......................................................................................... 10

*Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386 (5th Cir. 1984)....................................... 9

*Nat'l Instruments Corp. v. Mathworks, Inc.*, No. 2:01-CV-11, 2003 U.S. Dist. LEXIS 25863 (E.D. Tex. June 23, 2003) ......................................................................................................... 15

*Neurovision Med. Prods., Inc. v. Meditronic Pub. Ltd. Co.*, No. 2:16-CV-00127-JRG-RSP, 2017 U.S. Dist. LEXIS 51610 (E.D. Tex. Apr. 4, 2017) .......................................................... 10, 12

*Neurovision Med. Prods., Inc. v. Meditronic Pub. Ltd. Co.*, No. 2:16-CV-00127-JRG-RSP, Dkt. 118 (April 17, 2017)................................................................................................................. 12

*Nken v. Holder*, 556 U.S. 418 (2009) .................................................................................... 4, 5

*Oliver St. Dermatology, LLC v. Creger*, No. 1:17-CV-528-LY, 2018 U.S. Dist. LEXIS 91018 (W.D. Tex. May 30, 2018) ........................................................................................................ 10

*Roeglin v. Daves*, 83 S.W.3d 326 (Tex. App. 2002)................................................................. 11

*Songer v. Archer*, 23 S.W.3d 139 (Tex. App. 2000)................................................................. 10

*TechRadium Inc. v. Edulink Sys.*, No. H-10-1887, 2011 U.S. Dist. LEXIS 74828 (S.D. Tex July 12, 2011)................................................................................................................................. 10

*Virginian R. Co. v. United States*, 272 U.S. 658 (1926) ........................................................... 4

*Wang Labs. Inc. v. Applied Computer Sciences, Inc.*, 958 F.2d 355 (Fed. Cir. 1992) ................. 13

*Williams v. Huling*, 43 Tex. 113 (1875)................................................................................... 11

*Zoch v. Magna Seating (Germany) GmbH*, 810 Fed. Appx. 285 (5th Cir. 2020) ......................... 6

**Rules**

Fed. R. Civ. P. 62(d) ................................................................................................................ 4

## I.    INTRODUCTION

BI Science is asking this Court for a stay without offering any bond or other terms to secure Luminati's rights under the Final Judgment ███████████████████████████████ ███████████. Rule 62(d) expressly bars such relief, and, on this basis alone, the stay should be denied.  In addition, BI Science is clearly abusing the appeal process ███████████████ ███████████████████████████ ████████████████████████████████ ██████████████████████████████, and if the judgment is stayed pending the appeal, it will obtain the result the Court already determined it was not entitled to. ███████████ █████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████ ███████████ If stayed, Luminati would likely receive none of the benefits of its bargain.  In addition, BI Science's chances on appeal are slim for at least the reasons that ██████████████ █████████████████████████████████████████████████████████████████ ██████████████████████████████████, and jointly filed a notice to the court of this settlement, ██████████████████████████████████████ █████████████████████████████████████████████████████████████████ ███████████████. BI Science's motion should be denied.

## II.    FACTUAL BACKGROUND

### A.  BI Science Entered the ██████████████ Settlement Agreement

████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████ ███████████████████    █████████████████████████████████████████

██████████████████████████████████████████████████████. ECF 170-6. ██████████

███████████████████████████████████████████████████████████████████

██████ ECF 170-7, 170-8, 170-9, 170-10. ████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████ (ECF 170-11):



With this final modification, the Mediator informed both Parties that a settlement had been reached

incorporating the above terms and modifications:

> "I am very pleased to report that the mediator's proposal has resulted in a settlement. Incorporated into that is ███████████████████████████████████████████████████████████████
>
> Unless you object, I will notify Judge Gilstrap of the settlement and request that he cancel Monday's hearing. I will tell him a motion to stay is forthcoming. I will advise if he wants it filed before he will cancel the hearing."

ECF 170-3

The Parties then filed a joint motion to stay all deadlines and notice of settlement on the basis that

a settlement had been reached. ECF 166.

**B.** ████████████████████████████████████████████████████



ECF 183 at 29:25-35:18. ██████████████████████████████

████████████████████████████████████████████████████████████████



*Id.* at 20:21-29:24.

*Id.* at 34:9-35:18, 42:10-44:20.

**C.**

. ECF 220 at 8-13.

**D.**

ECF 220 at 2-3.

On July 29,

2020, BI Science filed a notice of appeal about a month after the entry of Final Judgment ███████. ███████████████████████████████████ ECF 228. Luminati filed a cross-appeal limited to the narrow issue of the validity of claim 108 of the '044 Patent. ECF 238.

E. ████████████████████████████████████████
████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████  ECF 225-1 at 1-2.  ████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████  *Id.* at 7.

## III.    LEGAL STANDARD

Rule 62(d) provides: "While an appeal is pending from … [a] final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore or grant an injunction <u>on terms for bond or other terms that secure the opposing party's rights</u>." (emphasis added). "'A stay is not a matter of right, even if irreparable injury might otherwise result.' It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.' The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (internal citations omitted); *see also Virginian R. Co. v. United States*, 272 U.S. 658, 672-673 (1926). In exercising its discretion to grant a stay, courts should consider four factors: "(1) whether the stay applicant has made a strong showing that he is

likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434.

## IV.    ARGUMENT

### A.  BI Science Cannot Receive Any Relief Under Rule 62(d) As It Offers No Terms To Secure Luminati's Rights

Defendant requests a motion for stay pursuant to Fed. R. Civ. P. 62(d), but relief in the form of a stay can only be granted "on terms for bond or other terms that secure the opposing party's rights." However, Defendant offers no terms for a bond or other terms to secure Luminati's rights ███████████████████. Instead, Defendant argues that a temporary stay will not harm Luminati. This argument is meritless on its face, ████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████████████.

Without offering any such bond or other terms under Rule 62(d), ███████████████
███████████████████████████████. ████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
█████████ ██████████████████████████████
██████████████████████████ Motion at 13. Consequently, as BI

Science offers nothing to protect Luminati's rights, BI Science cannot be granted a stay under Rule 62(b). For this reason alone, a stay cannot be granted.

### B. The Court Should Not Exercise Its Discretion To Grant A Stay, As The Four-Factor Test Weighs Against BI Science

While a stay may not be granted given the lack of any surety to protect Luminati's rights, even if such terms were provided, the balancing of the four-factor test weighs against allowing BI Science ███████████████████████████████████████.

#### 1. BI Science's Appeal Is Meritless And Does Not Justify A Stay

BI Science asserts two arguments on appeal. First, BI Science asserts that the Court erred in finding personal jurisdiction over BI Science. Second, BI Science asserts that the Settlement Agreement is not valid. Both of these arguments are meritless.

##### a. The Court has personal jurisdiction over BI Science through BI Science's efforts to direct the accused residential proxy service to Texas including through its advertising of proxy devices located in Texas

"The plaintiff has the burden of establishing jurisdiction. Where, as here, the district court rules on a Rule 12(b)(2) motion without conducting an evidentiary hearing, the plaintiff may meet his burden with *prima facie* evidence. .... In determining whether the plaintiff has presented a *prima facie* case of personal jurisdiction, we "must accept the plaintiff's uncontroverted allegations, and resolve in his favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Zoch v. Magna Seating (Germany) GmbH*, 810 Fed. Appx. 285, 287 (5th Cir. 2020) (internal quotation marks and citation omitted).

The Court clearly has personal jurisdiction over BI Science as it purposely directed its activities regarding the accused residential proxy service to Texas, including the advertising of its Texas proxies. As fully briefed in the complaint, amended complaint and related motions to dismiss, the accused instrumentality is BI Science's residential proxy service, which utilizes

software installed on a large numbers of client devices, such as cell phones, causing these devices to operate under BI Science's control as proxies in BI Science's network. *See e.g.* ECF 1 at ¶ 5; *see also* ECF 44 at 9-11. As stated in the May 13, 2019 Order, "BIScience's service allows customers all over the world to utilize residential proxy devices in ten Texas cities—Arlington, Austin, Crowley, Dallas, El Paso, Fort Worth, Houston, Katy, San Antonio, and Spring—and BIScience advertises as such. (Dkt. No. 28-5, at 2–3.) Those proxy service activities are 'purposefully directed' at Texas, and Luminati's claims for patent infringement allege 'injuries that arise out of or relate to those activities.'" ECF 82 at 8. "The ability to direct internet traffic through proxies situated in various locations, including Texas, is a key advertised feature of BIScience's service:

> A proxy will also give you access to a set of proxy servers located worldwide, which will help you solve the location obstacle easily: Just select your preferred location, whether it's the United States or Madagascar, and surf in total anonymity and freedom.

> (Dkt. No. 28-4, at 5; *see also* Dkt. No. 28-3, at 2 ('Location is key. One of the reasons to

use a proxy, is to appear as if you were surfing from a different place.').) Far from being unrelated, BIScience's encouragement of customers to use proxies, including those located in Texas, is foundational to Luminati's claims of patent infringement. Specific personal jurisdiction over these claims is therefore appropriate." *Id*. at 9. The Court's finding of personal jurisdiction was well supported by Luminati's extensive uncontroverted allegations and is very unlikely to be reversed.

      **b.  *BI Science's meritless argument that the Settlement Agreement is invalid* ▮**
      ███████████████████████████████████████████████████

A district court's findings of fact are reviewed for clear error. *Dunbar Med. Sys. v. Gammex Inc.*, 216 F.3d 441, 448 (5th Cir. 2000). As discussed above, the Parties entered the Settlement Agreement ████████████████████████████████████. ███████████████

███████████████████ ███████████████████████████████

███████████████████████████████████████████

"I am very pleased to report that the mediator's proposal has resulted in a settlement. Incorporated into that is ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Unless you object, I will notify Judge Gilstrap of the settlement and request that he cancel Monday's hearing. I will tell him a motion to stay is forthcoming. I will advise if he wants it filed before he will cancel the hearing."

ECF 170-3

███████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████ "Thanks for all your hard work Bill." *Id.*

The Parties then filed a joint motion to stay all deadlines and notice of settlement stating "all matters in controversy between the Parties have been settled, in principle." ECF 166. ███████████████

████████████████████████████████████████████

████████████████████████████████████████████

Motion at 1, 8. "An offer is judged by the parties' overt acts and words, not by the subjective or secret intent of the offeror." *Johnson v. BP Expl. & Prod. (In re Deepwater Horizon)*, 786 F.3d 344, 355 (5th Cir. 2015). █████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████ This is wrong for multiple reasons.

*First*, "[q]uestions regarding the enforceability or validity of such agreements are determined by federal law—at least where the substantive rights and liabilities of the parties derive from federal law." *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984) ("Because the claims in this case are premised on federal general maritime law, we apply federal law to decide the validity of the agreement to settle the claims"); *See also In re Deepwater Horizon*, 786 F.3d at 354  ("Because Johnson alleged causes of action under general maritime law and the Jones Act against BP, federal contract law governs the validity and enforceability of Johnson's putative settlement agreement with BP"); *In re Nexion Health at Humble, Inc.*, 173 S.W.3d 67, 69 (Tex. 2005) (because provision of Texas Arbitration Act requiring additional signature on arbitration agreement was preempted by Federal Arbitration Act, signature was not a prerequisite to enforcement of arbitration agreement.). ████████████████████████████

██████████████, BI Science asserts for the first time that the Settlement Agreement is not valid under Texas Rule of Civil Procedure 11.

However, ████████████████████████████████████████

███████████, BI Science's reliance on Texas Rule 11 is misplaced.  BI Science erroneously relies upon case law regarding the applicability of agreements to third parties and cases involving underlying state law claims.[1]  "Texas substantive law applies to Plaintiffs' Motions to enforce the

---

[1] BI Science erroneously relies upon case law finding <u>third-parties</u> are not subject to arbitration clauses in an arbitration agreement.  For example, in *Datatreasury Corp. v. Wells Fargo & Co.*, the Federal Circuit affirmed that third-parties were not subject to an arbitration clause where "neither party in this litigation signed the [arbitration agreement] or participated in negotiating any of its terms." 522 F.3d 1368, 1373 (5th Cir. 2008).  *Datatreasury* cites to *Fleetwood Enters* in the overbroad statement that "in deciding whether there is a valid agreement between the parties the Fifth Circuit applies state law, *see Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)." *Id*. at 1371-1372.  However, in *Fleetwood Enters*, the Fifth Circuit found that the third-party children of a party to an arbitration agreement were not bound by an arbitration clause for personal injury claims where "the parties agree that Texas state law governs matters that are not addressed by the Federal Arbitration Act." 280 F.3d 1069, 1073. Unlike *Fleetwood Enters*,██

MSA because this is a diversity case involving state law claims,  not substantive rights or liabilities under federal law." *MedVision, Inc. v. MediGain, LLC*, Civil Action No. 3:15-CV-77-L, 2017 U.S. Dist. LEXIS 48744, at *29 (N.D. Tex. Mar. 31, 2017) (internal citations omitted).

Courts have applied federal law to ████████████████████████. *Neurovision Med. Prods., Inc. v. Meditronic Pub. Ltd. Co.*, No. 2:16-CV-00127-JRG-RSP, 2017 U.S. Dist. LEXIS 51610, at *7 (E.D. Tex. Apr. 5, 2017) (vacated on other grounds); *Goodman v. Smart Modular Techs., Inc.*, No. H-14-1380, 2016 U.S. Dist. LEXIS 112436, at *5 (S.D. Tex. Aug. 23, 2016) ("When considering the validity of a settlement agreement in a case involving federal law, such as this patent case, the court applies federal law."). While BI Science relies upon other district courts that have applied Texas state law ███████████████████████, the parties to these cases either agreed that Texas law applies or completely failed the basic requirements of an offer and acceptance. *Climb Tech, LLC et al. v. Verble, et al.*, No. 1:05-cv-00864, 2008 WL 1133491, at *1 (W.D. Tex. Feb. 7, 2008) (finding no agreement between all parties where the collection of emails "evidences neither offer to nor acceptance by Defendants Verble, Hagler, Valcor, or Reeves or their respective attorneys."); *TechRadium Inc. v. Edulink Sys.*, No. H-10-1887, 2011 U.S. Dist. LEXIS 74828, at *7 (S.D. Tex July 12, 2011) ("The parties agree that Texas law applies").  In line with *Mid-S. Towing Co.* and *In re Nexion Health*, the Federal Circuit should

---

████████████████████████████████████ which is clearly a right derived from Federal law consistent with *Mid-South Towing Co.* Similarly, BI Science relies on other cases involving state law claims. *Oliver St. Dermatology, LLC v. Creger,* No. 1:17-CV-528-LY, 2018 U.S. Dist. LEXIS 91018, at *3-5 (W.D. Tex. May 30, 2018) ("In diversity cases such as this, 'substantive law … is established by the usual principles of conflict of law, but procedural rules are the rules of the forum.'"); *Cunningham v. Zurich Am. Ins. Co.*, 352 S.W.3d 519, 521-522 (Tex App. 2011) (breach of contract claim in Texas state court); *Songer v. Archer*, 23 S.W.3d 139, 141 (Tex. App. 2000) (breach of contract claim in Texas state court).

follow Fifth Circuit precedent applying federal law and affirm ███████████████████████

█████████████████████ .

  *Second*, unlike *Climb Tech* and *TechRadium*, ████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████ .

ECF 170-3, 166.  To the extent that BI Science is now attempting to assert that Texas Rule 11

applies and that █████████████████████████████████████████████████████

██████████████████████████████████████████████████, the *Williams-*

*Kennedy* equitable exception to Texas Rule 11 would apply. *Roeglin v. Daves*, 83 S.W.3d 326,

332 (Tex. App. 2002).  Equity may excuse strict compliance with Rule 11 to prevent "an unfair

advantage by the violation of such agreement." *Williams v. Huling*, 43 Tex. 113, 120 (1875).

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████ ECF 183 at 41:20-42:2. ████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████ ECF 183 at 29:25-35:18. ██████████████████████

███████████████████████████████████████████████████████

██████████████████████████████ ██████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████ Motion at 9.

*Third*, under federal law, the Parties clearly met the requirements for a valid Settlement Agreement. In *Neurovision*, the Court similarly applied federal law in finding that a valid contract existed when (1) the plaintiff stated in an email that "we accept your offer[,]" in addition to summarizing the material terms of the agreement; and (2) defendant responded stating, "This is excellent news. Thanks for working through[,]" without disputing any material term summarized in the previous email or "[taking] issue with the accepting party's characterization of the state of negotiations as an accepted offer." *Neurovision Med. Prods., Inc. v. Meditronic Pub. Ltd. Co.*, No. 2:16-CV-00127-JRG-RSP, 2017 U.S. Dist. LEXIS 51610, at *7 (E.D. Tex. Apr. 4, 2017) (internal quotations omitted). "The court has the ability to summarily enforce a settlement 'if no material facts are in dispute,' but 'when opposition to enforcement of the settlement is based not on the merits of the claim but on a challenge to the validity of the agreement itself, the parties must be allowed evidentiary hearing on disputed issues of the validity and scope of the agreement.'" *Id.* at *5 (quoting *In re Deepwater Horizon*, 786 F.3d 344, 354 (5th Cir. 2015)).

Subsequent to the April 4, 2017 order in *Neurovision*, the defendant raised new arguments concerning the enforceability of the agreement based on the purported absence of material terms, which resulted in the setting of an evidentiary hearing. *Neurovision Med. Prods., Inc. v. Meditronic Pub. Ltd. Co.*, No. 2:16-CV-00127-JRG-RSP, Dkt. 118, at *2 (April 17, 2017) ("the new arguments raised by Medtronic warrant revisiting the question of whether the February 17 agreement in enforceable … The court will hear argument and evidence on the issues."). BI Science appears to place a great deal of weight on the docket identifying the April 4, 2017 as vacated per the April 17, 2017 order, without acknowledging that the April 17, 2017 merely ordered an evidentiary hearing consistent with its previous order and that case settled before the hearing.

Fourth, BI Science cites *In re Deepwater Horizon* to wrongly state that "BI Science need only show that there was a disputed issue as to whether the parties agreed to a binding settlement in this case." [2] Motion at 7.  However, *In re Deepwater Horizon* clearly states "when opposition to enforcement of the settlement is based not on the merits of the claim but on a challenge to the validity of the agreement itself, the parties must be allowed an evidentiary hearing on disputed issues of the validity and scope of the agreement." 786 F.3d at 354 ("If not, we must remand for an evidentiary hearing regarding the validity of the settlement agreement, because the district court did not hold one in this case).  Unlike *In re Deepwater Horizon,* ███████████████

█████████████████████████████████████████████████

██████████████████████  ECF 34:9-35:18, 42:10-44:20.  BI Science's appeal is meritless.

*2.*  ██████████████████████████████████

█████████████████████

───────────────────────

[2] ███████████████████████████, BI Science attempts to raise a number of purported disputes of material fact for the first time which are similarly baseless. Motion at 8-11. ████████████████████████████████████████████████████ █████████████████████ ECF 220 at 6. ████████████ █████████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████████████████████ Motion at 9. "[C]ourts generally find there is agreement on all of the material terms of settlement where the parties have agreed upon the monetary amount of the settlement payment and the fact that plaintiffs will release specific claims. Agreement on the precise terms of a written settlement agreement [or] precise release language . . . is not required." *In re Deepwater Horizon*, 786 F.3d at 357 n. 26.██████████████ ████████████████████████ Finally, BI Science's reliance on *Wang Labs* is misplaced. ██████████████████████████████████████████ ████████████████████████████████████ *Wang Labs. Inc. v. Applied Computer Sciences, Inc.*, 958 F.2d 355, 357 (Fed. Cir. 1992).

The second factor also weighs against BI Science ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████

3.  *Issuance Of A Stay Will Substantially Injure Luminati* ███████████████

███████████████████████████████████████

As discussed above, granting BI Science a stay during the appeal would ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████

At the same time, BI Science offers no bond or any other terms to protect Luminati's rights

███████████████. ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████ █████████████████████████

████████████████████████████████████████████████████

█████████ ██████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████ This factor weighs

strongly against a stay.

**4. _The Public Interest Strongly Disfavors_** ████████████████

   ██████████████████████████████████████████████

The public has a strong interest in ██████████████████████████

███████████████████████████. ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████ This

factor weighs against a stay.

## V.    CONCLUSION

For the reasons provided above, Plaintiff respectfully requests that the Court deny BI Science's request for a stay.


Dated: August 27, 2020                    Respectfully submitted,

                                          By: _/s/ Korula T. Cherian_
                                          Mark Mann
                                          Mann | Tindel | Thompson

300 West Main
Henderson, TX 75652
mark@themannfirm.com
Office 903-657-8540
Cell 903-658-0401
Marshall Office 903-472-4294
Tyler Office 903-596-0900
Waco Office 254-776-3336

Amadou Kilkenny Diaw
Ronald Wielkopolski
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA  94702

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

*Attorneys for Plaintiff*
*Luminati Networks Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served this 27th day of August 2020, with a copy of this document via electronic mail.

/s/ *Korula T. Cherian*

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ *Korula T. Cherian*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that the counsels for the parties have complied with Local Rule CV-7(h).  Counsel participating on the August 27,, 2020 meet and confer included: Robert Harkins, Ron Wielkopolski and Calvin Capshaw on behalf of Plaintiff; Eric Findlay and Debby Gunter on behalf of Defendant.

/s/ *Korula T. Cherian*