# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:18-CV-00483-JRG |
| | § | |
| BI SCIENCE, INC., | § | |
| | § | |
| Defendant. | § | |

## BI SCIENCE'S REPLY BRIEF IN SUPPORT OF ITS
## OPPOSED MOTION TO STAY ENFORCEMENT OF THE FINAL JUDGMENT

Michael A. Charish
(admitted *pro hac vice*)
Charish Law Group P.C.
347 Fifth Avenue, Suite 1402
New York, New York 10016
Phone: (646) 328-0183
michael@charish.law

J.C. Rozendaal
(admitted *pro hac vice*)
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue NW, Suite 600
Washington, D.C. 20005
Phone: (202) 772-8747
jcrozendaal@sternekessler.com

*Attorneys for Defendant BI Science (2009) Ltd.*

September 3, 2020

## PRELIMINARY STATEMENT

BI Science's stay motion (Dkt. No. 234) presented compelling grounds for staying this Court's Order and Final Judgment (Dkt. No. 220) (the "Final Judgment") pending the parties' cross-appeals to the Federal Circuit. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. The stay should be granted.

## ARGUMENT

### I.   BI SCIENCE IS LIKELY TO SUCCEED ON APPEAL.

#### A.   BI Science Will Argue that it Is Not Subject to Personal Jurisdiction in Texas.

In its motion, BI Science demonstrated substantial grounds for the Federal Circuit to conclude that BI Science lacked sufficient Texas contacts for specific jurisdiction. *See* Mtn. at 3-4. In opposition, Luminati neither addresses BI Science's legal authority nor cites any authority of its own. Instead, Luminati falls back on its only jurisdictional evidence, purportedly showing that BI Science engaged in Texas-targeted advertising: mischaracterized BI Science webpages, showing that GeoSurf had users making proxy-servers available in 1,700 cities worldwide, including 10 in Texas. But the fact that GeoSurf is available for download anywhere in the world no more targets Texas than Timbuktu. It is the *customers* who choose where to use GeoSurf. On Luminati's theory, if Texas customers took their internet devices to Arkansas, BI Science would no longer be "targeting" Texas.

Luminati's only other jurisdictional allegations are made "on information and belief." *See* Opp. at 6-7; Dkt. No. 28 ¶ 5. Such allegations are insufficient to establish personal jurisdiction, especially where, as here, the defendant has submitted a sworn affidavit disputing

them.  *See* Dkt. No. 36 (March 4, 2019 Moyal Declaration); *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (finding no personal jurisdiction where allegations of Texas contacts were "on information and belief").

  **B.**  **BI Science will argue credibly that the settlement proposal is not enforceable.**

  BI Science's motion demonstrated a substantial likelihood that the Federal Circuit will hold — as a matter of law, under Texas Rule 11 — ███████████████████████ ██████████████████████████████████████████████.  *See* Mtn. at 4-6 (discussing Tex. R. Civ. P. 11).  Luminati argues that federal common law, not Texas law, will govern, but the Federal Circuit holds the opposite: "*settlement agreements in patent cases should not be governed by federal common law but instead by state contract law*." *Thatcher v. Kohl's Dep't Stores, Inc.*, 397 F.3d 1370, 1374 (Fed. Cir. 2005) (summarizing a holding of *Gjerlov v. Schuyler Labs., Inc.,* 131 F.3d 1016, 1020 (Fed. Cir. 1997)) (all emphasis in this brief has been added).

  Luminati relies on Fifth Circuit case law.  Yet, the Federal Circuit will advert to Fifth Circuit law only *because* the Federal Circuit holds that settlement-agreement issues are not "unique to patent law, even if arising in the context of a patent infringement suit." *Novamedix, Ltd. v. NDM Acquisition Corp.*, 166 F.3d 1177, 1180 (Fed. Cir. 1999).  By definition, then — even under Fifth Circuit law — there is no strong federal-patent-law policy that mandates application of federal law to a settlement dispute.  That is what the district court held in *Climb Tech, LLC v. Verble*, where it applied Texas Rule 11 in a patent case.  *See* 2008 WL 1133491, at *2-3 (W.D. Tex. Feb. 7, 2008) (relying on *In re Omni Video*, 60 F.3d 230, 232 (5th Cir. 1995)).  While Luminati has highlighted a conflict on this choice-of-law issue between courts in the Fifth Circuit (*see* Opp. at 9-11), that does not override the conclusion that the *Federal* Circuit will apply state law in this case, as it has done consistently when analyzing disputed settlement

Case 2:18-cv-00483-JRG    Document 247    Filed 09/08/20    Page 4 of 8 PageID #: 6019

agreements in patent cases.

█████████████████████████████████████████████████████████

████████. ████████████████████████████████████████████████

█████████████████████████████████████████████████████████

*See* Opp. at 11. Luminati cites three Texas cases that *refused to apply* an equitable exception and that actually favor BI Science. *See Williams v. Huling*, 43 Tex. 113 (1875); *Kennedy v. Hyde*, 686 S.W.2d 525 (Tex. 1984); *Roeglin v. Daves*, 83 S.W.3d 326 (Tex. App. – Austin 2002). Luminati does not and cannot show the type of "manifest … injury or injustice" required for an equitable exception. *See Williams*, 43 Tex. at 120. ████████████████████████

█████████████████████████████████████████████████████████.

BI Science's motion further demonstrated that its appeal would remain likely to succeed even if the Federal Circuit departed from precedent and applied federal common law, which is "largely indistinguishable from general contract principles under state common law." *See In re Deepwater Horizon*, 786 F.3d 344, 354-55 (5th Cir. 2015). █████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████████. *See* Mtn. at

8-10 (quoting *Deepwater Horizon*, 786 F.3d at 354).

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

3

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉" BI Science has a substantial case on appeal; the first stay factor favors BI Science.

## II. BI SCIENCE FACES SEVERE IRREPARABLE HARM ABSENT A STAY.

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See* August 7, 2020 Moyal Decl. (Dkt. No. 231); Mtn. at 11-12 (quoting *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990)). Without a stay, an appellate victory may "come too late" for BI Science. *See Nken v. Holder*, 556 U.S. 418, 427 (2009).

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Accordingly, the irreparable-harm factor weighs heavily in favor of granting a stay.

## III. A STAY WILL NOT COMPARABLY HARM LUMINATI.

BI Science's motion demonstrated that Luminati would not be harmed by a stay ▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

4



See Mtn. at 13-14.  In opposition, Luminati claims — without any case-law support — that this Court has no discretion to grant a stay under Rule 62(d) because BI Science did not offer any supplemental security.  See Opp. at 5-6.

Luminati is wrong.  In *Mannatech, Inc. v. Wellness Quest, LLC*, the court granted a stay without requiring the defendant to post a bond or other security.  See 2015 WL 11120881, at *3-4 (N.D. Tex. Nov. 5, 2015).  And even if "terms that secure the opposing party's rights" (Fed. R. Civ. P. 62(d)) were an absolute requirement, 



See Moyal Reply Decl. ¶¶ 13-16; *Mannatech* 2015 WL 11120881, at *3-4.  Accordingly, the third factor too weighs in favor of granting a stay.  So, regardless of "where the public interest lies" (the fourth factor) the Court should grant a stay pending appeal.

## CONCLUSION

For the reasons stated above and in BI Science's motion, the Court should grant the motion to stay enforcement of the Final Judgment and order any other relief in BI Science's favor as the Court deems just and proper.

Dated: September 3, 2020

Respectfully submitted,

By:   /s/ *J.C. Rozendaal*
J.C. Rozendaal
(admitted *pro hac vice*)
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue NW, Suite 600
Washington, D.C. 20005
Phone: (202) 772-8747
Fax: (202) 371-2540
jcrozendaal@sternekessler.com

Michael A. Charish (admitted *pro hac vice*)
Charish Law Group P.C.
347 Fifth Avenue, Suite 1402
New York, New York 10016
Phone: (646) 328-0183
michael@charish.law

*Attorneys for Defendant BI Science (2009) Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 3rd day of September 2020, with a copy of this document via electronic mail.

      /s/ *J.C. Rozendaal*
      J.C. Rozendaal

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

      /s/ *J.C. Rozendaal*
      J.C. Rozendaal