UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LUMINATI NETWORKS LTD.<br><br>Plaintiff,<br><br>v.<br><br>BI SCIENCE, INC.,<br><br>Defendant. | Case No. 2:18-CV-00483-JRG |

**PLAINTIFF'S SUR-REPLY ON DEFENDANT'S
<u>MOTION TO STAY ENFORCEMENT OF THE FINAL JUDGMENT</u>**



. BI Science has no real basis to stay this case and cannot succeed in its appeal to the Federal Circuit (the "Appeal"). ███████████████████████████████

███████████████████████████████████████████████████████

██████████████████ The Motion is meritless, and the arguments in BI Science's Reply Brief (the "Reply") do nothing to alter that conclusion.

I.     BI SCIENCE CANNOT AND WILL NOT SUCCEED ON APPEAL

To justify a motion to stay, BI Science would need to prove likelihood of success in the appeal. *Nken v. Holder*, 556 U.S. 418, 434 (2009). It cannot.

**A. The Federal Circuit Will Hold That BI Science Is Clearly Subject to Personal Jurisdiction in Texas, Based on BI Science's Own Admissions Before This Court.**

There is no question that the rulings of this Court with respect to personal jurisdiction will be affirmed on appeal. The sole case cited in BI Science's Reply in support of its personal jurisdiction argument is inapposite—like each and every case BI Science cited in its Motion—because Federal Circuit law controls issues of personal jurisdiction where "a patent question exists." *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015). The Federal Circuit "appl[ies] a three-part test considering whether: (1) the defendant purposefully directed its activities at residents of the forum; (2) the claim arises out of or relates to the defendant's activities with the forum; and (3) assertion of personal jurisdiction is reasonable and fair." *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 1000 (Fed. Cir. 2018). BI Science concedes the last two elements by ignoring them throughout its Motion and Reply, and therefore the jurisdictional question is both simple and singular: ***Did BI Science purposefully direct any***

1

*proxy services toward the State of Texas?*

The answer is plainly in the affirmative, because, in the words of this Court, "BIScience has sold its allegedly infringing GeoSurf service to at least 52 customers in Texas." *Luminati Networks, Ltd. v. BIScience Inc.*, No. 2:18-CV-00483-JRG, 2019 U.S. Dist. LEXIS 79843, at *8 (E.D. Tex. May 13, 2019). Nothing more is required under the controlling precedents. *Nuance Communs., Inc. v. Abbyy Software House*, 626 F.3d 1222, 1234 (Fed. Cir. 2010); *Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343 (Fed. Cir. 2016); *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1565 (Fed. Cir. 1994). Independently supporting jurisdiction, the Court also found that BI Science allows its customers all over the world to utilize residential proxy devices in ten Texas cities. ECF 82 at 8-9. The Court's jurisdictional findings were supported by evidence including Defendants' own advertising and declarations from Defendant's CEO Kfir Moyal. *Id.*; *see also* ECF 28-3, 28-4, 28-5 and 36-1.

BI Science's "active participation in [providing the accused proxy services within Texas] thus constitutes purposeful availment." *Polar*, 829 F.3d at 1350; *accord Ultravision*, 2020 U.S. Dist. LEXIS 40781, at *19. This conclusion is even more compelling and inevitable in light of the fact that BI Science's proxy services are ***intentionally conducted through*** at least ten Texas cities. *BIScience*, 2019 U.S. Dist. LEXIS 79843, at *8.

### B. The Settlement Agreement Is Clearly Enforceable ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Federal law applies to assessing the validity of settlements. Oppn. at 10. However, even applying state law Rule 11 of the Texas Rules of Civil Procedure as BI Science has advocated would not change the conclusion that the settlement is valid, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Reply, at 2. That is not true under the Fifth Circuit's controlling interpretation of Texas Rule 11: "*[the challenging party's] attorney electronically signed the Notice of Settlement filed in the district court*, as well as multiple e-mails agreeing to the material terms of the agreement. These written, signed documents, which were filed in the district court, constitute an agreement to settle that satisfies the requirements of Rule 11." *Turner v. JPMorgan Chase Bank, N.A.*, 623 F. App'x 188, 189 (5th Cir. 2015) (emphasis added) (citing *Padilla v. La France*, 907 S.W.2d 454, 460–61 (Tex. 1995) (holding that a series of letters reflecting agreement to the material terms of a settlement satisfied Texas Rule 11, because the rule is "analog[ous] to the statute of frauds," functioning to ensure "'that the [settlement] can be ascertained from the writings without resorting to oral testimony'") (citation omitted)); *see also Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 911 (5th Cir. 2000) ("The purpose of the Texas Rule 11 writing requirement is to minimize disputes by allowing the court to ascertain the terms of the agreement without resorting to oral testimony."). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

The Fifth Circuit has unfailingly rejected attempts by a party to invalidate a settlement in reliance upon Texas Rule 11 where it previously submitted a notice of settlement or otherwise acknowledged settlement before the trial court. *Houston v. Holder (In re Omni Video)*, 60 F.3d 230, 232–33 (5th Cir. 1995); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 266-67 (5th Cir. 1995) (holding Rule 11 was satisfied by letters between counsel, which "were on file with the court, and their authenticity was uncontested at the evidentiary hearing"); *Fuentes v.*

3

*Creamland Dairies*, No. 98-50378, 1999 U.S. App. LEXIS 40540, at *3 (5th Cir. May 7, 1999) ("[T]he district court did not clearly err in enforcing such agreement [by exchange of letters] in the face of Fuentes's attempt to unilaterally revoke it.").

This case is indistinguishable from *Turner* and its progeny. As a matter of law, Rule 11 is satisfied where counsel has "**signed a response filed with the Court that reported that . . . 'the parties agreed to settle the above-styled cause**.'" *Williams v. Sorrells*, No. 3:15-cv-351-M, 2015 U.S. Dist. LEXIS 173460, at *18–19 (N.D. Tex. Nov. 24, 2015); *compare with* ECF 166 ("The Parties hereby notify the Court that all matters in controversy between the Parties have been settled, in principle."). BI Science's assent to the Settlement is unmistakable, because its "attorney electronically signed the Notice of Settlement filed in the district court," (*Turner*, 623 F. App'x at 189), ███████████████████████████████████████████████. The law is well-settled that ███████████████████████████████████████████████████████████████████████ *Williams*, 2015 U.S. Dist. LEXIS 173460, at *19. The same conduct likewise justifies application of the equitable exception to Texas Rule 11.

███████████████████████████████████████████████████████████████████████ *Martineau*, 203 F.3d at 911; *see also Padilla*, 907 S.W.2d at 460–61. ███████████████████████████████████████████████████████████████████████ " *Hennessy v. Bacon*, 137 U.S. 78, 85 (1890). Accordingly, the Federal Circuit is highly likely to affirm.

## II. THE EQUITIES AND RULE 62 MILITATE AGAINST A STAY

4

The Motion also requires BI Science to prove that the equities support granting it (*Nken*, 556 U.S. 418, 434), but here the equities weigh against granting the Motion. [REDACTED] Regardless, BI Science seeks a discretionary stay without even attempting to satisfy the Rule 62(d) requirement for a "bond or other terms that secure [Luminati's] rights." *See, e.g.*, Fed. R. Civ. P. 62(d); *Hill v. Schilling*, Civil Action No. 3:07-CV-2020-L, 2018 U.S. Dist. LEXIS 214191, at *34-35 (N.D. Tex. Dec. 20, 2018) (denying stay of injunction despite Defendant's offer to post bond as security).  [REDACTED]. The Court should not exercise its discretion in granting a stay with such an inequitable result.

### III.     CONCLUSION

BI Science's appeal is meritless for the reasons set forth above and in the Opposition. A stay would violate Rule 62 and prejudice Luminati. Therefore, the Motion should be denied.

5

Dated: September 11, 2020　　　　　　　　　By: */s/ Ronald Wielkopolski*
　　　　　　　　　　　　　　　　　　　　　S. Calvin Capshaw
　　　　　　　　　　　　　　　　　　　　　State Bar No. 03783900
　　　　　　　　　　　　　　　　　　　　　Elizabeth L. DeRieux
　　　　　　　　　　　　　　　　　　　　　State Bar No. 05770585
　　　　　　　　　　　　　　　　　　　　　Capshaw DeRieux, LLP
　　　　　　　　　　　　　　　　　　　　　114 E. Commerce Ave.
　　　　　　　　　　　　　　　　　　　　　Gladewater, TX 75647
　　　　　　　　　　　　　　　　　　　　　Telephone: 903-845-5770
　　　　　　　　　　　　　　　　　　　　　ccapshaw@capshawlaw.com
　　　　　　　　　　　　　　　　　　　　　ederieux@capshawlaw.com

　　　　　　　　　　　　　　　　　　　　　Mark Mann
　　　　　　　　　　　　　　　　　　　　　Mann | Tindel | Thompson
　　　　　　　　　　　　　　　　　　　　　300 West Main
　　　　　　　　　　　　　　　　　　　　　Henderson, TX 75652
　　　　　　　　　　　　　　　　　　　　　Office 903-657-8540
　　　　　　　　　　　　　　　　　　　　　Cell 903-658-0401
　　　　　　　　　　　　　　　　　　　　　Marshall Office 903-472-4294
　　　　　　　　　　　　　　　　　　　　　Tyler Office 903-596-0900
　　　　　　　　　　　　　　　　　　　　　Waco Office 254-776-3336
　　　　　　　　　　　　　　　　　　　　　mark@themannfirm.com

　　　　　　　　　　　　　　　　　　　　　Korula T. Cherian
　　　　　　　　　　　　　　　　　　　　　Robert Harkins
　　　　　　　　　　　　　　　　　　　　　CA State Bar No. 179525
　　　　　　　　　　　　　　　　　　　　　RuyakCherian LLP
　　　　　　　　　　　　　　　　　　　　　1936 University Ave, Ste. 350
　　　　　　　　　　　　　　　　　　　　　Berkeley, CA 94702
　　　　　　　　　　　　　　　　　　　　　(510) 944-0190
　　　　　　　　　　　　　　　　　　　　　sunnyc@ruyakcherian.com
　　　　　　　　　　　　　　　　　　　　　bobh@ruyakcherian.com

　　　　　　　　　　　　　　　　　　　　　Ronald Wielkopolski
　　　　　　　　　　　　　　　　　　　　　RuyakCherian LLP
　　　　　　　　　　　　　　　　　　　　　1901 L St. NW, Suite 700
　　　　　　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　　　　　　(202) 838-1560
　　　　　　　　　　　　　　　　　　　　　ronw@ruyakcherian.com

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　　　　　　*Luminati Networks Ltd.*

**CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 11th day of September, 2020, with a copy of this document via electronic mail.

*/s/ Ronald Wielkopolski*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

    I hereby certify that this document is being filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Ronald Wielkopolski*
