## District Court in Tel Aviv - Yafo

**Judgment of the District Court 62712-05-20 Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020

**Before Her Honor Judge Y. Shevah, V.P.**

| | |
|---|---|
| **Applicant** | **Luminati Networks Ltd.** |
| | By means of Advs. Saar Pauker and Benny Winston |

**versus**

| | |
|---|---|
| **Respondent** | **B. I Science (2009) Ltd.** |
| | By means of Advs. Assaf Biger and Niran Dor |

## <u>Judgment</u>

**Application for the enforcement of a foreign arbitration ruling under Section 29A of the Arbitration Law, and under the New York Convention for the Recognition and Enforcement of Arbitral Awards of 1958.**

<u>The Proceeding and Necessary Background</u>

1.      The Applicant petitions for the enforcement of a foreign arbitration ruling under Section 29A of the Arbitration Law which instructs that "**an application for approval or revocation of a foreign arbitration ruling which is subject to an international convention to which Israel is a party and which convention sets forth instructions in the matter at hand, shall be heard in accordance with said instructions and subject to them**", and according to the New York Convention for the Recognition and Enforcement of Arbitral Awards of the year 1958.

Page 1 of 20



## District Court in Tel Aviv - Yafo

**Judgment of the District Court 62712-05-20 Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020

1  The Arbitration Award which forms the subject of the Application for Enforcement was issued

2  in the State of Texas by Mr. William Cornelius (hereinafter - **Cornelius**) on April 29, 2020,

3  ███████████████████████████████████████████████████

4  ███████████████████████████████████████████████████

5  ██████████████████████████████████████████ (the

6  Hebrew translations attached by the Applicant to the various documents it submitted are not

7  in dispute, and these shall be used for convenience purposes, in the appropriate places), ████

8  ███████████████████████████████████████████████ ██

9  ██████████████████████████████████████ .

10

11  2.        In the background lies a dispute between the Applicant and the Respondent, two

12  companies engaged in the field of proxy servers, which is rooted in the Applicant's claim

13  pursuant to which the Respondent violated, by its activities, its intellectual property.

14  The Applicant filed a Claim against the Respondent in the state of Texas in the United States

15  with "**The United States District Court for the Eastern District of Texas Marshall Division**"

16  (Civil Action No. 2:18-CV-483-JRG) and it was set for hearing on February 24, 2020. The

17  proceeding was transferred to mediation before Cornelius, who submitted to the court on

18  behalf of the parties a joint application (drafted on February 23, 2020) for "**staying the**

19  **proceeding and issuing  a notice of settlement**" ("**Joint motion to stay all deadlines and**

20  **Notice of settlement**") where it was written that "**The Parties hereby notify the court that**

21  **all matters in controversy between the Parties have been settled, in principle**"

22  (hereinafter - **the Joint Application**), i.e., the disputes have been settled in principle and the

23  hearing should be canceled.



## District Court in Tel Aviv - Yafo

**Judgment of the District Court 62712-05-20 Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020

| | |
|---|---|
| ▪ | ███████████████████████████████ |
| ▪ | ███████████████████████████████ |
| ▪ | ███████████████████████████████ |
| ▪ | ███████████████████████████████ |
| ▪ | ███████████████████████████████ |
| 6 | ██████████ |
| 7 | The hearing, which was scheduled for February 24, 2020, was canceled. |
| 8 | |
| 9 | 3.    Nevertheless, the Agreement did not put an end to the disputes, and the Applicant |
| 10 | petitioned for its enforcement. After the Respondent notified its objection, the parties were |
| 11 | summoned to a hearing held in the court in Texas on April 13, 2020 before Judge Rodney |
| 12 | Gilstrap, while Cornelius takes part in the hearing and answers the judge's questions via video |
| ▪ | conference (corona!). ███████████████ █████████ |
| ▪ | ███████████████████████████ |
| ▪ | ███████████████████████████ |
| ▪ | ███████████████████████████ |
| ▪ | ███████████████████████████ |
| ▪ | ███████████████████████████ |
| ▪ | ███████████████████████████ |
| ▪ | ███████████████████████████ |
| ▪ | ███████████████████████████ |
| ▪ | ███████████████████████████ |
| ▪ | ███████████████████████████ |
| 23 | ███████████████████████████ |

Page 3 of 20

11/29/2020



## District Court in Tel Aviv - Yafo

**Judgment of the District Court 62712-05-20 Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

4   ███████████████████ my emphases).

5

██  4.   ████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

18  █████████████████████████████ (hereinafter - the **Arbitration**

19  **Ruling**).

20

21  5.   To complete the picture I shall begin with the end and note that on July 2, 2020 the

██  Texas Court issued a judgment titled "**Order and Final Judgment**" ████████████

23  ███████████████████████████████████████████████



# District Court in Tel Aviv - Yafo

**Judgment of the District Court 62712-05-20 Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020

1 ███████████████████████████████████████

2 ████████████

3 The Respondent filed an appeal against said ruling on July 29, 2020 with the "**United States**

4 **Court of Appeals for the Federal Circuit**".  The developments in this appeal process are not

5 known.

6

7 6.        In any case, the proceeding before me was filed on May 27, 2020, prior to the Texas

8 court Judgment and prior to the filing of the appeal, in which the Appellant sought "**a petition**

9 **for "confirmation of a foreign arbitration ruling"**, and even filed an "**Application for**

10 **Interim Relief** (*ex parte*)", including "███████████████████████████

11 ██████████████████████████████████████████

12 ██████████████████████████████████████████

13 ██████████████████████████████████████████

14 ███████████████████    To the said applications blackened documents were attached

15 in view of an "**American protective order restricting their distribution"**, while full versions

16 of some of those documents, as well as of the Judgment of July 2, 2020, were attached only as

17 a "**Response to the Request for Temporary Relief**" filed on July 8, 2020.

18 The request for temporary relief was ruled upon in a decision dated July 22, 2020, and on

19 November 1, 2020 the hearing in the main proceeding took place in the presence of the

20 parties, which included cross-examinations and summaries.

21

22 <u>Arguments of the Respondent</u>

Page 5 of 20



# District Court in Tel Aviv - Yafo

**Judgment of the District Court 62712-05-20 Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020

7.       The Respondent argues that the Application for Recognition and Enforcement of the Arbitration Ruling must be rejected for a variety of reasons, the main ones being:

First, according to the customary case law in Israel, when a foreign court hears the question of confirmation or revocation of an arbitration ruling rendered in its jurisdiction, the applicant must undertake a proceeding under the Enforcement of Foreign Judgments Law, according to the conditions set forth therein, and not a proceeding under the Arbitration Law and the relevant Convention. This is certainly true where the foreign court hearing was initiated by the party seeking enforcement in Israel.

Second, the Applicant did not submit to the Court an answer to the Respondent's Objection to the Recognition and Enforcement Proceeding.

Third, ███████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████ "

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████



# District Court in Tel Aviv - Yafo

**Judgment of the District Court 62712-05-20 Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020

■ ████████████████████████████████

■ ████████████████████████████████

■ ████████████████████████████████

■ ████████████████████████████████

■ ████████████████████████████████

■ ████████████████████████████████

■ ████████████████████████████████

8    ███████████

9

10    <u>The Arguments of the Applicant</u>

11    8.    The Applicant did not file an answer to the '**Objection to the Request for Approval**

12    **of a Foreign Arbitration Ruling**" and its position is spread throughout the court documents

13    submitted on its behalf, mainly in response to the Respondent's answer to the request for a

14    temporary restraining order. I shall address this when determining the costs of the procedure.

15    The Applicant claims that it is entitled to obtain the enforcement order by virtue of the

16    provisions of the New York Convention, since none of the grounds set forth therein as an

17    exception for refraining from enforcing an arbitration ruling was proven, of which an exclusive

18    "jurisdiction clause" is not one of them.

■ ████████████████████████████████

■ ████████████████████████████████

■ ████████████████████████████████

22    ██████████████████████

Page 7 of 20



## District Court in Tel Aviv - Yafo

**Judgment of the District Court 62712-05-20 Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020

1 On the claims concerning res-judicata due to the confirmation of the arbitration ruling by a
2 court in Texas, the Applicant refers to the foreign professional legal literature according to
3 which the filing of a procedure to revoke an arbitration ruling in the state where it was issued
4 does not prevent the filing of a petition for the enforcement of an arbitration ruling under the
5 New York Convention. According to it, a fortiori, the confirmation of the ruling in the state
6 wherein it has been granted, even if there is an appeal against the granting of the
7 confirmation, cannot block it from initiating a proceeding in Israel. It further claims that since
8 the Respondent did not submit an expert opinion on foreign law indicating the correctness of
9 its arguments and the chances of appeal in the United States, the assumption is that the
10 confirming judgment shall remain unchanged, and in any case there is no impediment to
11 incidental recognition under Section 11 of the Enforcement of Foreign Judgments Law.

12

13 **Discussion and Decision**

14 8.    The rule is that "**in the case of a foreign arbitration ruling to which the**
15 **Convention applies, we are not at all dealing with a petition for revocation as defined in**
16 **Section 24 of the Arbitration Law, since it is not an objection to recognition and**
17 **enforcement (and if you will - for confirmation) based on the grounds for revocation**
18 **enumerated in Section 24. We are dealing with a Petition which is based on the**
19 **provisions of Section 5 of the Convention, and on the grounds enumerated in this**
20 **Section that allow for the rejection of a petition for recognition or enforcement of an**
21 **arbitration ruling**"(**Leave of Civil Appeal 4320/11 I.A.M Communications Holdings Ltd. v.**
22 **Michael Wilson & Partners Ltd.**, paragraph 40 of the Judgment of Judge Danziger, February
23 15, 2012).

Page 8 of 20



## District Court in Tel Aviv - Yafo

**Judgment of the District Court 62712-05-20 Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020

1  Section 5(1) of the Convention lists 5 grounds on which an objection to recognition and
2  enforcement of a foreign arbitration ruling may be based, as follows:  lack of validity of the
3  arbitration agreement or incapacity of the parties to it; failure to provide an adequate
4  opportunity to present arguments in the arbitration proceedings; lack of authority of the
5  arbitration or beyond the scope of authority; deviation from the arbitration regulations or
6  setting regulations in violation of the law governing the arbitration proceedings; invalidity of
7  the arbitration ruling due to it being set aside or due to the fact that it is not final according to
8  the law applicable to it.

9  Section 5(2) of the Convention adds two more grounds to the five mentioned above:
10  incapability to settle the matter in arbitration, and the fact that the arbitration ruling is
11  contrary to public policy.

12  These grounds constitute "... **a closed list of grounds for objection to the approval of the**
13  **ruling**" (Originating Motion in Arbitration 59290-10-15 **Morpho Detection LLC v. Waterfall**
14  **Engineering Ltd.**, granted on May 18, 2016).

15  It is also worth noting the limited scope of intervention in foreign arbitration rulings:  "**It is a**
16  **basic principle that the scope of judicial intervention in an arbitral award is limited and**
17  **delimited to specific grounds for cancellation of the ruling that must be interpreted very**
18  **narrowly. The arbitration institution was established against the background of a legal**
19  **policy that wished to encourage the existence of an efficient and fair system of**
20  **resolving disputes out of court.  This system eases the heavy burden on the courts and is**
21  **there to serve an important public interest... this is especially true, when it comes to**
22  **foreign arbitration, and even more when in our case it was done with their full consent,**
23  **and with the participation of both litigating parties, who approached it, and on which**

11/29/2020



# District Court in Tel Aviv - Yafo

**Judgment of the District Court 62712-05-20 Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020

1   **terms they agreed in advance**" (Leave of Civil Appeal 9544/04 **Chian Shipping Ltd. v.**

2   **Lehmann Commodities**, April 4, 2005).

3

4   ███  ███   ████████████████████████████████████████

5   ██  ██████████████████████████████████████████

6   ██  ██████████████████████████████████████████

7   ████████████████

8   A.    The attorneys of the parties in the United States, Adv. Harkins on the part of the

9   Applicant, and Adv. Findlay on the part of the Respondent, participated in the meetings before

10  Cornelius;

11  ██   B.    Following these meetings, Cornelius drafted the agreement which contained  ██

12  ██   ████████████████████████████   ███████████████

13  ██   █████████████████████████████████████████

14  ██   █████████████████████████████████████████

15  ██   █████████████████████████████████████████

16  ███

17  ██  ██  ████████████████████████████████████

18  ██  ████████████████████████████████████████

19  ██  ████████████████████████████████████████

20  ██  ████████████████████████████████████████

21  ██  ████████████████████████████████████████

22  ████████████████

Page 10 of 20



## District Court in Tel Aviv - Yafo

**Judgment of the District Court 62712-05-20 Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020

15 ████████████████████████████████████████.

E. ███████████████████████████████████

████████████████████████████████████

18 ████████████████████████

F. ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

23 ██████████████████████████

Page 11 of 20



## District Court in Tel Aviv - Yafo

**Judgment of the District Court 62712-05-20 Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020

11/29/2020



## District Court in Tel Aviv - Yafo

**Judgment of the District Court** 62712-05-20 **Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020



18

19

20    12.    Needless to further mention and note that also in order to meet the burden required

21    by the Convention to establish a ground for opposing the enforcement of an arbitral ruling

22    whose substance as such is not in dispute, the testimony of the Respondent's CEO expressed

23    in a laconic affidavit that includes hearsay and has no statement regarding personal

Page 13 of 20



## District Court in Tel Aviv - Yafo

**Judgment of the District Court 62712-05-20 Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020

1 involvement on his behalf in the negotiations that lead to drafting of the agreement by
2 Cornelius, or a reference to what has been said and words that have been exchanged in that
3 framework, is not sufficient.

4 I was convinced that the Respondent agreed to an arbitration proceeding and recognized the
5 validity of the arbitration clause.

6



18 Second, on the question of the interpretation of Section 2(2) of the New York Convention, it
19 also is conceivable that its purpose is to determine the conditions under which the local court
20 in the Contracting State **is obliged** to recognize the validity of the arbitration clause, in such a
21 way that it cannot impose additional conditions, however it does not deny it the authority to
22 recognize the validity of an arbitration clause even when they do not fully exist (see, for
23 example: Leonardo D. Graffi, "Harmonized Effects of Arbitration Agreements", 28 **Hous. J. Int'l**

Page 14 of 20

**Judgment of the District Court 62712‑05‑20 Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020

1    **L.** 663, 690-694 (2006). This view seems to be necessary and promotes judicial certainty. It
2    makes sense that when parties to some or other agreement establish an arbitration clause
3    between them, they do not think of every possibility regarding a future forum where the
4    question of the validity or enforcement of said clause will be discussed, and of proceedings
5    based on it, and they aim to enter into an agreement that is valid under local law that does
6    not necessarily require to meet all the conditions of Section 2(2) of the New York Convention.
7    Certainly, they cannot be viewed as having knowingly chosen to prevent enforcement in a
8    foreign country.
9    The possibility that the said clause in the Convention will deprive the court of a Contracting
10    State of the authority to enforce an arbitration ruling on such formal grounds, which are more
11    stringent than the domestic law considered by the parties, is inconsistent with the purpose of
12    the Convention "... **to improve the efficiency of arbitration in the settlement of disputes**
13    **in private law**" (Letters of Conventions 287).
14
15    14.      Moving on to the litigating framework.
16    The Respondent argues, as aforesaid, that in light of the approval of the arbitration ruling in
17    Texas, the only route which the Applicant can follow is the law for enforcing a foreign
18    judgment, and it cannot walk that route because it fails to comply with the requirement that
19    "**the judgment can no longer be appealed**."
20    With regard to the question of the manner in which a foreign arbitration ruling is received in
21    Israel, which was awarded, in our case, a validating judgment in a foreign country, it was
22    indeed stated that "**if an arbitration ruling was confirmed – it is brought to Israel as a**
23    **judgment of a foreign court ("foreign ruling") and the question of its enforcement in**

Page 15 of 20



## District Court in Tel Aviv - Yafo

**Judgment of the District Court 62712-05-20 Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020

1  **Israel is discussed in the Enforcement Law**" (Smadar Ottolenghi, **Arbitration: Law and**
2  **Procedure**, Fourth Special Edition 5755-2005, page 945), and **"... once the arbitration ruling**
3  **was confirmed in the foreign court, the only framework in which one can request its**
4  **enforcement is by means of the Law for the Enforcement of Foreign Judgments ...** "(Civil
5  Claim 1137/09 **Elefant v. Haimov**, issued on April 03, 2011).

6  At the same time, in case law, although in a side note, an opposing opinion is mentioned
7  according to which "**the Applicant's claim pursuant to which, since a foreign ruling has**
8  **been issued in arbitration matters by a judicial entity, the only way to enforce it, is**
9  **pursuant to the Enforcement of Foreign Judgments, must be rejected**", where a leave of
10  civil appeal was rejected on the ground that "**the learned judge was right in believing that**
11  **no basis was presented to her determining that according to English law the English**
12  **judgment must be considered as a judgment confirming the foreign arbitration ruling;**
13  **and on this matter, English law should be considered as a fact that must be proven**"
14  (Leave of Civil Appeal 1810/94 **Mafro Kibbutz Hagoshrim v. Leon Pais**, issued on June 26,
15  1994).

16  To my understanding, the question has not yet been decided in unequivocally binding
17  precedent.

18

19  15.      The Applicant attached to the Response to the Request for Temporary Relief an
20  opinion dated July 6, 2020, drafted by Claire Abernathy Henry, a partner in the law firm of
21  Ward Smith & Hill in Texas, and a member of the State's Bar Association since 2006, which
22  relates mainly to the protective order, and does not express an opinion as to the validity of the

Page 16 of 20

11/29/2020



# District Court in Tel Aviv - Yafo

**Judgment of the District Court 62712-05-20 Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020

1  settlement agreement or the nature or propriety of the proceedings in the Texas court from a
2  procedural point of view, under local law.
3  The Respondent, for its part, did not attach any opinion.
4
5  16.      The Regulations for the Execution of the New York Convention (Foreign Arbitration),
6  5738-1978, state under the heading "**Purpose and Interpretation**" that "**these Regulations**
7  **are for the implementation of the New York Convention, and shall be construed as one**"
8  (Regulation 2), and under "**Exceptions to Confirmation of a Foreign Arbitration Ruling**"
9  that "**if an application has been filed for the revocation of a judgment or for its**
10  **suspension by a competent authority of the place where it was given or according to the**
11  **law it was given, the court may postpone the proceedings to another date, and may at**
12  **the request of the party seeking confirmation of the judgment, order the other party to**
13  **provide an appropriate guarantee**" (Regulation 4). This, in accordance with the provisions of
14  the New York Convention, according to which "**if a request was submitted to the**
15  **competent authority mentioned in Section 5(1)(e) to revoke or suspend the ruling** [in the
16  original - setting aside or suspension; Y.S.], **the requested authority may rely on the**
17  **judgment, if it is right in its opinion, to postpone** [in the original – adjourn; Y.S.] **the**
18  **decision regarding the enforcement of the judgment ...** " (Section 6).
19
20  17.      The thesis according to which it is not possible to initiate proceedings for the
21  recognition and enforcement of a foreign arbitration ruling as long as a proceeding is pending
22  in a foreign court dealing with its validity, in view of non-compliance with the provision of
23  Section 3(2) of the Enforcement of Foreign Judgments Law according to which "**the ruling can**



## District Court in Tel Aviv - Yafo

**Judgment of the District Court 62712-05-20 Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020

1   **no longer be appealed**" is inconsistent with the provision of Regulation 4, or with the

2   provision of Section 6 mentioned above, and voids them of any meaning, since the two said

3   provisions grant the court discretion whether to litigate the questions of recognition and

4   enforcement or to postpone the hearing to a later date, as opposed to viewing the proceeding

5   revolving around them as subject to dismissal due to the irregularity of its submission.

6

7   18.     Neither is it clear why the position of a party whose foreign arbitration ruling was

8   granted in his case has already been confirmed in the state that it has been granted, should be

9   worse by manner blocking it from being confirmed in his country of residence, compared to a

10   party who seeks to approve a foreign arbitration ruling that has not yet been submitted to any

11   judicial examination, when logic leads to a contrary result, which actually grants an advantage

12   to whom the judicial decision recognizing the foreign arbitration ruling has been issued, after

13   it has already successfully crossed the foreign furnace.

14   It further should be noted that the application for confirmation was submitted to the court in

15   Israel by the Applicant on May 27, 2020 before July 2, 2020 which then was approved by the

16   court in Texas, certainly before July 29, 2020 when the Respondent filed the appeal.

17   Nor has it been proved that the confirming decision is the result of an initiated application on

18   the part of the Applicant, or is only a warranted provision, even without an application, similar

19   to the provision of Section 28 of the Arbitration Law - an issue that should have been clarified

20   by the Respondent, which objects to the enforcement.

21   A result whereby the Applicant will be barred from clarifying a proceeding that it lawfully filed,

22   will be directed to filing a proceeding under the Foreign Judgment Enforcement Act, which will

23   also not be adjudicated but will be delayed due to an appeal filed by the Respondent in Texas

11/29/2020



## District Court in Tel Aviv - Yafo

**Judgment of the District Court 62712-05-20 Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020

1   when its chances are not clear, nor is it clear when it will be heard and adjudicated – is not

2   reasonable.

3

4   ████  ██████████████████████████████████████████

    ████████████████████████████████████████████████████

    ████████████████████████████████████████████████████

    ██████████████████████████████████████  ██████████████

    ████████████████████████████████████████████████████

    ████████████████████████████████████████████████████

    ████████████████████████████████████████████████████

    ████████████████████████████████████████████████████

    ████████████████████████████████████████████████████

    ████████████████████████████████████████████████████

    ████████████████████████████████████████████████████

15  ██████

16  And as to the additional argument concerning the failure to file an Answer: The Applicant did

17  indeed not file a response to the objection to recognize and enforce the arbitration ruling,

18  which was submitted by the Respondent, which is in fact a procedure requiring a decision, and

19  such should have been filed, and the Court will not find itself gathering its position from

20  evidence scattered among the pleadings it filed, except that it is not a violation of a court

21  order – since such order was not given.

22

23  <u>The Result</u>



## District Court in Tel Aviv - Yafo

**Judgment of the District Court 62712‑05‑20 Luminati Networks Ltd. v. B. I Science (2009) Ltd.**

November 29, 2020

1  20.    Since no cause of action has been established to refrain from doing so, I order the

2  enforcement of the arbitration ruling issued in the State of Texas by Mr. William Cornelius

3  (hereinafter - **Cornelius**) on April 29, 2020.

4  In view of the statements provided in the last paragraph of Section 19, I will refrain from

5  awarding expenses in favor of the Applicant.

6

7  Issued this day, on 13 Kislev 5781, November 29, 2020, *ex parte*.

8

**Yehudith Shevah, Judge, V.P.**

Page 20 of 20