# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

LUMINATI NETWORKS LTD.,

    Plaintiff,

  v.

BI SCIENCE, INC.,

    Defendant.

Case No. 2:18-CV-483-JRG

## PLAINTIFF'S MOTION FOR CONTEMPT

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................1

II.   FACTUAL BACKGROUND .............................................................................................2

   A.   BI Science Entered the February 23, 2020 Settlement Agreement ......................2

   B.   Following BI Science's Non-Performance the Court Found the Settlement Valid ...............3

   C.   ████████████████████████████████████████████
██████████████████████████████ ..............................3

   D.   █████████████████████████████████████████████████
██████ ..............................4

   E.   ████████████████████████████████████████████
██████████████████████████ ............5

   F.   The Plaintiff's Motion to Make the Judgment Public, Indicating That a Motion for Contempt Is the Better Means to Enforce the Final Judgment ............................6

III.  LEGAL STANDARD ........................................................................................................6

IV.  THE COURT SHOULD FIND BI SCIENCE IN CONTEMPT FOR REFUSING TO PERFORM UNDER THE FINAL JUDGMENT .........................................................7

   A.   Defendant Has Failed and Refused to Perform for Over a Year .......................7

   B.   Defendant Should Be Held in Contempt for Refusal to Perform According to the Final Judgment .................................................................................................9

   C.   The Court Should Order Appropriate Relief Under Rule 70 ...........................10

   D.   Plaintiff Should Be Made Whole by an Award of Fees and Costs Incurred Due to Defendant's Contempt of the Final Judgment ..................................................11

V.   CONCLUSION ................................................................................................................11

# **TABLE OF AUTHORITIES**

*Cases*

*Bell v. Schexnayder*, 36 F.3d 447 (5th Cir. 1994)..........................................................................7

*CIA Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33 (5th Cir. 1967) ............................6

*City of Alexandria v. Cleco Corp.*, 2014 U.S. Dist. LEXIS 113869 (W.D. La. Aug. 15, 2014)....9, 10

*Cook v. Ochsner Found. Hosp.*, 559 F.2d 270 (5th Cir. 1977) ......................................................7

*Dow Chem. Co. v. Chem. Cleaning, Inc.*, 434 F.2d 1212 (5th Cir. 1970) ...................................11

*Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017 ..................................................7

*Norman Bridge Drug Co. v. Banner*, 529 F.2d 822 (5th Cir. 1976)............................................11

*Regents of the Univ. of N.M. v. Knight*, No. CIV 99 577 J, 2000 U.S. Dist. LEXIS 22365 (D.N.M. May 31, 2000) ...............................................................................................................10

*Richardson v. Suzuki Motor Co.*, 868 F.2d 1226 (Fed. Cir. 1989) ..............................................10

*Román-Oliveras v. P.R. Elec. Power Auth. (PREPA)*, 797 F.3d 83 (1st Cir. 2015).....................10

*Rousseau v. 3 Eagles Aviation, Inc.*, 130 F. App'x 687 (5th Cir. 2005).......................................11

*Scarbrough v. Long*, 112 F. Supp. 2d 609, 615 (S.D. Miss. 2000)................................................7

*Textag Co. v. Hayslip*, 192 F.2d 435 (5th Cir. 1951).....................................................................9

*Whirlpool Corp. v. Ahmet Matt Ozcan, et al.*, Civil Action No. 2:15-cv-2103-JRG, Dkt. No. 154 (E.D. Tex. Sept. 15, 2017) ...........................................................................................................7

*Rules*

USCS Fed Rules Civ Proc R 62.....................................................................................................9

USCS Fed Rules Civ Proc R 70.................................................................................................1, 7

I.  **INTRODUCTION**

Plaintiff Bright Data Ltd., formerly known as Luminati Networks Ltd.[1] ("Plaintiff"), respectfully submits this Motion for Contempt ("Motion"), as part of its ongoing efforts to enforce the Settlement Agreement with BI Science, Inc. and BI Science (2009) Ltd. (collectively "BI Science," or the "Defendant"). Nearly nine months ago, on July 2, 2020, the Court ▌

▌ Final Judgment, Dkt. No. 220, at 2–3. Pursuant to Rule 62(a), the automatic stay of execution on the Final Judgment expired on August 1, 2020. As the Court has not granted Defendant's Motion to Stay Enforcement of the Final Judgment (Dkt. No. 234) BI Science has had no legal basis for failing to abide the Court's Final Judgment.

As the Court stated in February, when a party refuses to perform notwithstanding a binding, immediately enforceable final judgment, there are "appropriate vehicles for relief, including moving to enforce the judgment by motion for contempt." Dkt. No. 255, at 2. Accordingly, Plaintiff respectfully requests that the Court provide appropriate relief to enforce the Final Judgment ▌

▌ pursuant to Rule 70 and the inherent power of the Court, including but not limited to a finding of contempt. *See* Fed Rules Civ. Proc. R. 70(a)–(e). Plaintiff also seeks to recover its costs and fees incurred as a result of Defendant's willful refusal to perform its obligations under the Final Judgment as well as all other relief the Court deems appropriate. Having ignored ▌

▌ and the Final Judgment of the Court for eight months, BI

---

[1] Luminati Networks Ltd. filed a Certificate of Change of Company Name with the State of Israel in which Luminati changed its name to Bright Data Ltd., effective March 14, 2021.

1

Science should be found in contempt.

## II. FACTUAL BACKGROUND

### A. BI Science Entered the February 23, 2020 Settlement Agreement

On December 18, 2019, the Parties engaged in a FRE 408 mediation ▮

▮

▮ ▮

▮

▮

▮ Dkt. No. 170-6. ▮

▮

▮. Dkt. Nos. 170-7, 170-8, 170-9, 170-10. ▮

▮

▮

▮

Dkt. No. 170-11. ▮

▮



Dkt. No. 170-3.

2

The Parties then filed a joint motion to stay all deadlines and notice of settlement on the basis that a settlement had been reached.  Dkt. No. 166.

**B.  Following BI Science's Non-Performance the Court Found the Settlement Valid**

Having secured the benefits of a Settlement Agreement allowing BI Science to avoid discovery and a trial, BI Science then refused to perform under the agreement.  In response to Plaintiff's Motion to Enforce the Settlement, ▌

Dkt. No. 183, at 29:25–35:18.  ▌

▌ *Id*. at 20:21–29:24.  ▌

▌ *Id*. at 34:9–35:18, 42:10–44:20.

**C.**  ▌

▌ Dkt. No. 220, at 8–13.  ▌

3

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████ ███████ █████████ ████████ ████ █████████ ██████████ ██
████████████████████████████████████

████████████████████████████████████████████████████
████████████████████████████

*Id.*

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████ *Id.* ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

**D.** ████████████████████████████████████████████
████████████████████

<u>On July 2, 2020, the Court entered its Final Judgment</u> ████████████████

████████████████████████████████████████ Dkt. No. 220 at 2–3.  On July 29, 2020, BI Science filed a notice of appeal about a month after the entry of Final Judgment and over five months after agreeing to the Settlement.  Dkt. No. 228.  Luminati filed a cross-appeal limited to the narrow issue of the validity of claim 108 of the '044 Patent.  Dkt. No. 238.

████████████████████████████████████████████████████

████████████████████████████ Pursuant to Rule 62 of the Federal Rules of Civil Procedure, on *August 1, 2020, the automatic stay of execution expired, and the Final Judgment became*

4

*immediately enforceable*, irrespective of Defendant's protestations.  Thus, as of August 1, 2020, every legal avenue to avoid carrying out the terms of the settlement had failed, and the Final Judgment was not subject to any stay.  At least from that date on, Defendant's failure and refusal to carry out its obligations under the settlement is plainly in contempt of the Court's Final Judgment.

On August 12, 2020—recognizing that it had ***no legal basis to refuse to carry out the Court's order*** (that it was in contempt of Court)—BI Science filed a Motion to Stay Enforcement of the Final Judgment without providing any bond or other surety to protect Plaintiff's rights.  Dkt. Nos. 234; 242.  As addressed in Plaintiff's opposition to the motion for stay, pursuant to Fed. R. Civ. P. 62(d), "relief in the form of a stay can only be granted 'on terms for bond or other terms that secure the opposing party's rights.'" Dkt. 242 at 5.  Since September 14, 2020, that motion has been fully briefed, but *no stay has been issued*.  Dkt. No. 248.

**E.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. No. 225-1, at 1–2. ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ *Id*. at 7.

5

F.  **The Plaintiff's Motion to Make the Judgment Public, Indicating That a Motion for Contempt Is the Better Means to Enforce the Final Judgment**

On February 3, 2021, the Court denied Plaintiff's Motion to Make the Judgment Public. Dkt. No. 255.[2]  While acknowledging Plaintiff's need for enforcement, the Court noted that the Parties are "fully bound whether this Court's rulings are sealed or not." *Id.* at 2.  The Court concluded:

> Neither has Luminati made any showing that unsealing the Final Judgment would impact compliance with such Judgment as between the parties.  Further, to the extent any enforcement of the terms between the parties is necessary, Luminati has available to it other more appropriate vehicles for relief, including moving to enforce the judgment by motion for contempt.

*Id.*  Thus, the Court has already recognized: (1) that Defendant is "fully bound," (2) that no stay is in place, and (3) that the appropriate vehicle to address Defendant's bad faith noncompliance with the immediately enforceable Final Judgment is a motion to enforce the judgment based on contempt.  Accordingly, Plaintiff filed the instant Motion to Enforce the Judgment.

## III. LEGAL STANDARD

"Federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced." *CIA Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967).  "Courts have, and must have, the inherent authority to enforce their judicial orders and decrees in cases of civil

---

[2] On February 1, 2021, the Court issued a corrected final judgment. ███████████████████████████████████████████████. Dkt. No. 254. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Dkt. No. 220. *See, e.g.*, *SEC v. Allen*, No. 3:11-CV-882, 2014 U.S. Dist. LEXIS 3117, at *9 (N.D. Tex. Jan. 10, 2014) (finding contempt because although the final judgment was corrected "the (1) an order was in effect, (2) the order required specific conduct by Drapkin, and (3) Drapkin failed to comply with the order").

6

contempt." *Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977). "[A] district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994) (collecting three cases). "The power of the Court to enforce such settlement is firmly embedded in controlling law." *Scarbrough v. Long*, 112 F. Supp. 2d 609, 615 (S.D. Miss. 2000) (citing *Bell*, 36 F.3d at 449–50, and Fed. Rules Civ. Proc. R. 70).

Amongst other relief, "[i]f a judgment requires a party . . . to perform any [] specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court." Fed Rules Civ. Proc. R. 70(a). Alternatively, "the court—instead of ordering a conveyance—may enter a judgment divesting any party's title and vesting it in others." *Id.* at 70(b). "The court may also hold the disobedient party in contempt." *Id.* at 70(e).

"Discretion, including the discretion to award attorneys' fees, must be left to a court in the enforcement of its decrees." *Cook*, 559 F.2d at 272. "However, such an award is 'limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith.'" *Whirlpool Corp. v. Ahmet Matt Ozcan, et al.*, Civil Action No. 2:15-cv-2103-JRG, Dkt. No. 154, at 2 (E.D. Tex. Sept. 15, 2017) (attached hereto, Ex. A) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1184 (2017)). "'A district court has broad discretion to calculate fee awards under that standard.'" *Id*, at 2.

## IV. THE COURT SHOULD FIND BI SCIENCE IN CONTEMPT FOR REFUSING TO PERFORM UNDER THE FINAL JUDGMENT

### A. Defendant Has Failed and Refused to Perform for Over a Year

The Parties settled this case well over a year ago, on February 23, 2020. *See* Dkt. Nos. 166–68. ▮

7

███ Dkt. No. 220 at 6. ███

███

███ Meanwhile, Plaintiff performed ███, except where inhibited by Defendant's failure of performance.

Defendant exhausted its legal arguments against the Settlement Agreement, and this Court entered Final Judgment nearly a year ago, on July 2, 2020. The only stay that has ever impacted that Final Judgment is the automatic 30-day stay of execution under Rule 62, which expired on ***August 1, 2020***. Thus, Defendants have plainly been in contempt of the Court's Final Judgment *for at least eight months*. Plaintiff has made numerous attempts to enforce the Final Judgment during those eight months, including with its failed Motion to Make the Final Judgment Public, and its failed ███. Plaintiff has continually urged Defendant to perform according to the Final Judgment, as it "is fully bound" to do. Dkt. No. 255, at 2. But for eight months and counting, Defendant simply refuses to obey the Court's order. A clearer case of contempt is rarely seen.

Specifically, for nearly a year, ███ Final Judgment, Dkt. No. 220 at 2. Instead, ███

███ For nearly a year, ███

███ *Id.* at 4. Instead, ███

███

8

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████ *See, e.g.*, *id.* at 5 (████████████████████████████████████

████████████████████████).[3]

Thus, it is apparent that Defendant has made an explicit determination to ignore the Final Judgment, ████████████████████████████████████████████. ████████████ ████████████████████████████████████████████████████████████, but merely asserts that it is not required to perform any of the Tasks in the Final Judgment because there is an appeal. Defendant is wrong. Merely filing an appeal and requesting a stay of enforcement does not entitle a party to ignore the terms of a final judgment that is subject to immediate execution. *See* Rule 62(a). Defendant has plainly been in contempt of Court for eight months or more.

### B. Defendant Should Be Held in Contempt for Refusal to Perform According to the Final Judgment

When a litigant expressly refuses to perform according to the terms of a final settlement agreement, a finding of contempt is straightforward. *See, e.g.*, *City of Alexandria v. Cleco Corp.*, 2014 U.S. Dist. LEXIS 113869, at *29 (W.D. La. Aug. 15, 2014) (where a judgment requires a party to "perform any other specific act and the party fails to comply within the time specified" then it is appropriate for the court to "hold the disobedient party in contempt.") *Id*, at 7; *Textag Co. v. Hayslip*, 192 F.2d 435, 436 (5th Cir. 1951).

Defendant has no colorable argument that it is complying with ████████████

---

[3] Contrariwise, Plaintiff has long since performed ████████████████████ ████████████████████████████████. For example, ████████████████ ████████████████████████████████████████████████████████

9

███████ the Final Judgment.  Indeed, it has no colorable argument that it even *intends* to perform ████████████████████████████████████████████.  Instead, Defendant continues to protest that it no longer likes the agreement it made, and that the same untenable arguments for undermining the agreement already rejected by the Court are likely to persuade the Federal Circuit under a **clear error** standard of review.  *See, e.g.*, *Román-Oliveras v. P.R. Elec. Power Auth. (PREPA)*, 797 F.3d 83, 87 (1st Cir. 2015).  Defendant is wrong.  However, its contention has no bearing on this Motion in any event, which is not concerned with *why* Defendant refuses to perform in accordance with the Final Judgment.  It is enough to find contempt that Defendant refuses to perform notwithstanding an immediate obligation to perform.  *See, e.g.*, *id.*; *City of Alexandria*, 2014 U.S. Dist. LEXIS 113869, at *7.  Therefore, Defendant's arguments concerning appeal are simply inapposite.

The Court previously recognized that "to the extent any enforcement of the terms between the parties is necessary, [Plaintiff] has available to it . . . appropriate vehicles for relief, including moving to enforce the judgment by motion for contempt."  Order on Motion to Make Final Judgment Public, Dkt. No. 255, at 2.  The circumstances are ripe for a finding of contempt.

    **C.**    **The Court Should Order Appropriate Relief Under Rule 70**

The Court has power under Rule 70(a) to order a third party to complete the ████████ ██████████████████.  *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1250 (Fed. Cir. 1989).  The Court further has power under Rule 70(b) to issue an order immediately ████████  ████████ *Regents of the Univ. of N.M. v. Knight*, No. 99-CV-577, 2000 U.S. Dist. LEXIS 22365, at *38 (D.N.M. May 31, 2000).  Such relief is warranted in light of Defendant's express refusal to carry out the terms of the final judgment.  *Id.*

10

### D.   Plaintiff Should Be Made Whole by an Award of Fees and Costs Incurred Due to Defendant's Contempt of the Final Judgment

"There are contempt cases in abundant number holding that a court has discretion to award reasonable attorney's fees and other expenses necessary to make an innocent party whole." *Dow Chem. Co. v. Chem. Cleaning, Inc.*, 434 F.2d 1212, 1215 (5th Cir. 1970) (collecting ten cases). "Compensatory civil contempt reimburses the injured party for the losses and expenses incurred because of his adversary's non-compliance. This includes losses flowing from noncompliance and expenses reasonably necessarily incurred in the attempt to enforce compliance." *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 827 (5th Cir. 1976). "An award of attorney's fees is an appropriate sanction where a party incurs additional expenses as a result of the other party's noncompliance." *Rousseau v. 3 Eagles Aviation, Inc.*, 130 F. App'x 687, 690 (5th Cir. 2005).

Plaintiff has incurred losses, including attorneys' fees, as a result of Defendant's refusal to perform ████████████████████████████████████████ the July 2, 2020 Final Judgment. Defendant has no legal basis for refusing to perform, but merely contends that it has filed an appeal and a motion to stay enforcement. Neither of those filings delays Defendant's obligation of performance, and therefore, its noncompliance with the terms of the Final Judgment is in bad faith. Plaintiff should be made whole by an award equal to the losses it has incurred as a result of Defendant's noncompliance with the Final Judgment.

### V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that the Court should find BI Science in contempt of the Final Judgment and Corrected Final Judgment with an appropriate order under Rule 70 enforcing the Final Judgment and Corrected Final Judgment, ████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████, an award of fees and costs to account for losses

11

incurred as a result of Defendant's bad faith noncompliance, and all other relief the Court deems appropriate including a daily penalty for each day Defendant continues not to comply with the Corrected Final Judgment.

Dated:  March 30, 2021                                  Respectfully submitted,

                                                        By: */s/ Ronald Wielkopolski*

                                                        S. Calvin Capshaw
                                                        State Bar No. 03783900
                                                        Elizabeth L. DeRieux
                                                        State Bar No. 05770585
                                                        Capshaw DeRieux, LLP
                                                        114 E. Commerce Ave.
                                                        Gladewater, TX 75647
                                                        Telephone: 903-845-5770
                                                        ccapshaw@capshawlaw.com
                                                        ederieux@capshawlaw.com

                                                        Mark Mann
                                                        Mann | Tindel | Thompson
                                                        300 West Main
                                                        Henderson, TX 75652
                                                        mark@themannfirm.com
                                                        Office 903-657-8540
                                                        Cell 903-658-0401
                                                        Marshall Office 903-472-4294
                                                        Tyler Office 903-596-0900
                                                        Waco Office 254-776-3336

                                                        Korula T. Cherian
                                                        Robert Harkins
                                                        CA State Bar No. 179525
                                                        RuyakCherian LLP
                                                        1936 University Ave, Ste. 350
                                                        Berkeley, CA 94704
                                                        (510) 944-0190
                                                        sunnyc@ruyakcherian.com
                                                        bobh@ruyakcherian.com

                                                        Ronald Wielkopolski
                                                        Colby A. Davis

>RuyakCherian LLP
>1901 L St. NW, Suite 700
>Washington, DC 20036
>ronw@ruyakcherian.com
>colbyd@ruyakcherian.com
>
>*Attorneys for Plaintiff*
>*Luminati Networks Ltd.,*
>*now known as Bright Data Ltd.*

13

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 30th day of March 2021, with a copy of this document via CM/ECF.

                /s/ Ronald Wielkopolski

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

                /s/ Ronald Wielkopolski

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that the counsels for the parties have complied with Local Rule CV-7(h). A telephonic meet and confer was held on March 22, 2021 with counsel participating including Robert Harkins and Ron Wielkopolski on behalf of Plaintiff; Michael Cherish and John Christopher Rozendaal on behalf of Defendant. Defendant opposes this motion.

                /s/ Ronald Wielkopolski