# EXHIBIT A



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION,<br>    *Plaintiff*,<br>v.<br><br>AHMET MATT OZCAN d/b/a<br>DISCOUNTFILTER,<br>    *Defendant*, | § § § § § § § § § | Civil Action No. 2:15-cv-2103-JRG<br><u>LEAD CASE</u> |
| v.<br><br>DILMEN, LLC, d/b/a CORAL PREMIUM<br>WATER FILTERS and HUSEYIN DILMEN,<br>    *Defendants*, | § § § § § § § | Civil Action No. 2:15-cv-1722-JRG |
| v.<br><br>DILMEN, LLC d/b/a CORAL PREMIUM<br>WATER FILTERS and HUSEYIN DILMEN,<br>    *Defendants*. | § § § § § § § | Civil Action No. 2:15-cv-2056-JRG |

## **ORDER**

Before the Court is Plaintiff Whirlpool Corporation's Motion for Fees ("the Motion") (Dkt. No. 150). Having considered same and for the reasons set forth below, the Court hereby **GRANTS** the Motion and awards the relief requested by Plaintiff.

On April 6, 2016, the Court entered Consent Judgments and Permanent Injunctions (Dkt. Nos. 17, 18) which enjoined Defendants Huseyin Dilmen and Dilmen, LLC d/b/a/ Coral Premium Water Filters ("Defendants") from selling certain water filters, which had previously been sold via eBay.com and Amazon.com. On July 12, 2016, Plaintiff Whirlpool Corporation filed its Motion for Order to Show Cause as to Defendants (Dkt. Nos. 74, 75) to which Defendants responded on July 29, 2016. (Dkt. No. 83.) Plaintiff replied on August 5, 2016 (Dk.t No. 84) and filed a notice and supplemental declaration regarding the same on October 10, 2016. (Dkt. No. 106.)

This Court held a hearing on the Motion for Order to Show Cause on March 1, 2017. During the hearing, the Court granted the relief requested by Plaintiff and found that Defendants violated the Consent Judgments and Permanent Injunctions. Following the hearing, Plaintiff filed its Motion for Fees (Dkt. No. 150) arising out of this contempt order. Defendants have not responded to Plaintiff's Motion for Fees.

"Compensatory civil contempt reimburses the injured party for the losses and expenses incurred because of his adversary's non-compliance. This includes losses flowing from noncompliance and expenses reasonably necessarily incurred in the attempt to enforce compliance." *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 827 (5th Cir. 1976). In a civil contempt proceeding, the Court "has discretion to award reasonable attorney's fees and other expenses necessary to make an innocent party whole." *Dow Chem. Co. v. Chem. Cleaning, Inc.*, 434 F.2d 1212, 1215 (5th Cir.1970) (awarding attorney's fees in a civil contempt proceeding arising out of a violation of an injunction against infringement of a patent); *See also Rousseau v. 3 Eagles Aviation, Inc.*, 130 F. App'x 687, 690 (5th Cir. 2005) ("An award of attorney's fees is an appropriate sanction where a party incurs additional expenses as a result of the other party's noncompliance."); *Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977) ("Courts have, and must have, the inherent authority to enforce their judicial orders and decrees in cases of civil contempt. Discretion, including the discretion to award attorneys' fees, must be left to a court in the enforcement of its decrees."). However, such an award is "limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred by for the bad faith." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1184 (2017). "A district court has broad discretion to calculate fee awards under that standard." *Id.*

After reviewing the declaration and itemization of fees submitted by Whirlpool, the Court finds that the amount Plaintiff seeks, being $38,364.00, reflects the reasonable and necessary attorney's fees incurred and arising from the violations and enforcement of the Court's prior orders. These fees were incurred solely because of Defendant's misconduct. *See id.*

Accordingly, for the reasons set forth above, Whirlpool's Motion for Fees is hereby **GRANTED**. It is hereby **ORDERED** that Plaintiff recover from Defendants the amount of $38,364.00 in attorney's fees. The Court also awards to Plaintiff and from Defendants interest on this amount, from this date until paid fully at the rate of 0.91% per annum.

**So ORDERED and SIGNED this 15th day of September, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE