**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:18-CV-00483-JRG |
| | § | ▇▇▇▇▇▇▇▇▇▇ |
| BI SCIENCE, INC., | § | |
| | § | |
| Defendant. | § | |

**BI SCIENCE'S OPPOSED MOTION TO**
**STAY ENFORCEMENT OF THE CORRECTED FINAL JUDGMENT**

## <u>TABLE OF CONTENTS</u>

**Page(s)**

TABLE OF AUTHORITIES .................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................. 2

I.     STAYS PENDING APPEAL SERVE IMPORTANT
PUBLIC-POLICY GOALS ........................................................................................... 2

II.    ALL FOUR FACTORS OF THE STAY CALCULUS
FAVOR GRANTING A STAY IN THIS CASE
PENDING APPEAL ...................................................................................................... 3

    A.    BI Science has a Substantial Case on the Merits
of its Appeal ....................................................................................................... 3

          i.    BI Science has a substantial case that it is
not subject to personal jurisdiction in Texas ................................... 3

          ii.    BI Science has a substantial case that ████████, it is
not enforceable under Texas Rule 11 ............................................... 5

               a.    The Federal Circuit will look to Fifth
Circuit law to determine what law applies
to the ████████ ............................................... 5

               b.    The Fifth Circuit applies substantive state
law to assess the enforceability of settlement
agreements ........................................................................... 6

               c.    The ████████ is unenforceable
under Texas Rule 11 ............................................................ 7

               d.    Even under federal law, there is a genuine
dispute whether the ████████ is
enforceable .......................................................................... 8

    B.    BI Science Will Suffer Severe and Irreparable Harm
Absent a Stay ................................................................................................... 11

    C.    A Temporary Stay Will Not Materially Harm Luminati ...................................... 12

D.    A Stay Pending Appeal Serves the Public Interest ................................................14

CONCLUSION....................................................................................................................15

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                       **PAGE(S)**

*Allergan Sales Inc. v. Pharmacia & Upjohn Inc.*,
   1997 WL 377983 (Fed. Cir. 1997)........................................................................................3

*Climb Tech, LLC v. Verble*,
   2008 WL 11334913 (W.D. Tex. Feb. 7, 2008).......................................................................6

*Cunningham v. Zurich Am. Ins. Co.*,
   352 S.W.3d 519 (Tex. App. – Fort Worth 2011)....................................................................7

*Datatreasury Corp. v. Wells Fargo & Co.*,
   522 F.3d 1368 (Fed. Cir. 2008) ........................................................................................5, 6

*In re Deepwater Horizon*,
   786 F.3d 344 (5th Cir. 2015) .........................................................................................9, 10

*Fleetwood Enters., Inc. v. Gaskamp*,
   280 F.3d 1069 (5th Cir. 2002) ............................................................................................6

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
   2021 WL 1132515 (U.S. Mar. 25, 2021)..............................................................................4

*Intercarrier Commc'ns, LLC v. Kik Interactive, Inc.*,
   2013 WL 4061259 (E.D. Va. 2013)......................................................................................4

*Kennedy v. Hyde*,
   686 S.W.2d 525 (Tex. 1984)................................................................................................7

*Liberto v. D.F. Stauffer Biscuit Co.*,
   441 F.3d 318 (5th Cir. 2006) ............................................................................................11

*Luminati Networks Ltd. v. BIScience Inc.*,
   2019 WL 2084426 (E.D. Tex. May 13, 2019)..................................................................3, 14

*Moctezuma v. Islas*,
   2019 WL 8501013 (E.D. Tex.  Dec. 28, 2019)..................................................................... 6

*National Instruments Corp. v. Mathworks, Inc.*,
   2003 WL 24049230 (E.D. Tex 2003),
   *aff'd,* 164 Fed. Appx. 997 (Fed. Cir. 2006) ..............................................................2, 14, 15

*Neurovision Med. Products, Inc. v. Medtronic plc*,
   2017 WL 1247139 (E.D. Tex. Apr. 5, 2017) ........................................................9

*Neurovision Med. Products, Inc. v. Medtronic plc*,
   2017 WL 9470886 (E.D. Tex. Apr. 17, 2017) ..........................................9, 10, 12

*Nken v. Holder*,
   556 U.S. 418 (2009) ........................................................................................2, 15

*Novamedix, Ltd. v. NDM Acquisition Corp.*,
   166 F.3d 1177 (Fed. Cir. 1999) ..........................................................................6

*Nuance Communs., Inc. v. Abbyy Software House*,
   626 F.3d 1222 (Fed. Cir. 2010) ..........................................................................5

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
   688 F.3d 214 (5th Cir. 2012) ..............................................................................4

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
   659 F.3d 1142 (Fed. Cir. 2011) ........................................................................12

*Roeglin v. Daves*,
   83 S.W.3d 326 (Tex. App. – Austin 2002) ..........................................................7

*Scaife v. Associated Air Ctr. Inc.*,
   100 F.3d 406 (5th Cir. 1996) ............................................................................10

*Songer v. Archer*,
   23 S.W.3d 139 (Tex. App. – Texarkana 2000) ....................................................7

*Standard Havens Products, Inc. v. Gencor Industries, Inc.*,
   897 F.2d 511 (Fed. Cir. 1990) ...................................................................2, 3, 12

*Tadayon v. Saucon Techs., Inc.*,
   2011 WL 1770172 (D. Md. 2011) ......................................................................4

*TechRadium, Inc. v. Edulink Sys.*,
   2011 WL 2709029 (S.D. Tex. July 12, 2011) ......................................................6

*Thatcher v. Kohl's Dep't Stores, Inc.*,
   397 F.3d 1370 (Fed. Cir. 2005) ..........................................................................6

*Turner v. JPMorgan Chase Bank, N.A.*,
   623 Fed. Appx. 188 (Mem.) (5th Cir. 2015) ......................................................8

*Voda v. Cordis Corp.*,
    476 F.3d 887 (Fed. Cir. 2007)..................................................................................................14

*Wang Laboratories, Inc. v. Applied Computer Sciences, Inc.*,
    958 F.2d 355 (Fed. Cir. 1992)................................................................................................8, 9

*Williams v. Huling*,
    43 Tex. 113 (1875)....................................................................................................................7

## STATUTES AND RULES

Federal Rule of Civil Procedure 62 ....................................................................................1, 2, 14

Texas Rule of Civil Procedure 11 ......................................................................................5, 6, 7, 8

Pursuant to Federal Rule of Civil Procedure 62, defendant BI Science (2009) Ltd. ("BI Science") respectfully moves to stay enforcement of this Court's February 1, 2021 Order and Corrected Final Judgment (Dkt. No. 254) (the "Corrected Final Judgment") pending appeal to the Federal Circuit. BI Science previously filed a motion to stay enforcement of the original Final Judgment (Dkt. No. 234), and the Court has not yet issued a ruling on that motion.

██████████████████████████████████████████████████████

██████████████████████████████ BI Science has been operating on the assumption that the Court would address the Corrected Final Judgment when ruling on BI Science's stay motion. In the meantime, plaintiff Luminati has filed a motion for contempt against BI Science, alleging that BI Science has failed to comply with this Court's judgment. In light of Luminati's contempt motion, BI Science files this second stay motion, out of an abundance of caution, to eliminate any possible doubt that BI Science seeks to stay enforcement of the Corrected Final Judgment.

## PRELIMINARY STATEMENT

███████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████ Appellate relief would arrive too late to save BI Science from irreparable harm.

This case presents compelling grounds for a stay. BI Science's appeal is meritorious. BI Science will argue on appeal that it is not subject to personal jurisdiction in Texas ███████

████████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████    Luminati should not be heard to argue that it would be harmed by a similar maintenance of the status quo in this action — particularly as Luminati has itself appealed from the Corrected Final Judgment.  The Court should maintain the status quo pending the parties' appeals and stay enforcement of the Corrected Final Judgment.

## ARGUMENT

## I.    STAYS PENDING APPEAL SERVE IMPORTANT PUBLIC-POLICY GOALS.

Staying judgments pending appeal maintains the status quo for the benefit of parties threatened with irreparable harm and "ensur[es] that appellate courts can responsibly fulfill their role in the judicial process."  *See Nken v. Holder*, 556 U.S. 418, 427 (2009).  "A reviewing court must bring considered judgment to bear on the matter before it, but that cannot always be done quickly enough to afford relief to the party aggrieved by the order under review."  *Id.*

Federal Rule of Civil Procedure 62(d) governs this stay motion and provides that "[w]hile an appeal is pending from … [a] final judgment that grants … an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  Whether to grant a Rule 62(d) stay is an issue committed to this Court's discretion.  *See*, *e.g.*, *National Instruments Corp. v. Mathworks, Inc.*, 2003 WL 24049230, at *6 (E.D. Tex. 2003), *aff'd*, 164 Fed. Appx. 997 (Fed. Cir. 2006).

In deciding whether to grant a stay pending appeal, the Court should consider: (1) whether BI Science has made a strong showing that it is likely to succeed on the merits; (2) whether BI Science will be irreparably injured absent a stay; (3) whether issuing the stay will substantially injure Luminati; and (4) the public interest.  *See*, *e.g.*, *Nken,* 556 U.S. at 426; *Standard Havens Products, Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990).

Where, as here, the movant faces substantial harm without a stay, the other factors "need not be given equal weight" and the movant need only show a "substantial case on the merits" under the first factor. *See Standard Havens*, 897 F.2d at 512-13; *Allergan Sales Inc. v. Pharmacia & Upjohn Inc.*, 1997 WL 377983, at *1 (Fed. Cir. 1997).

## II.   ALL FOUR FACTORS OF THE STAY CALCULUS FAVOR GRANTING A STAY IN THIS CASE PENDING APPEAL.

### A.   BI Science has a Substantial Case on the Merits of its Appeal.

#### i.   BI Science has a substantial case that it is not subject to personal jurisdiction in Texas.

BI Science will argue on appeal that it is not subject to specific personal jurisdiction in Texas in connection with Luminati's patent-infringement allegations. BI Science is headquartered in Israel. BI Science has no bank accounts, property, or employees in Texas. BI Science is not registered to do business in Texas and its employees have never visited Texas on business. BI Science has never targeted Texas for advertising. *See* Dkt. No. 36 ¶ 8 (March 4, 2019 Moyal Declaration). BI Science's software allows people *around the world* to share their internet bandwidth as "proxy servers" to access websites from various locations *worldwide*.

This Court exercised specific personal jurisdiction over BI Science because BI Science had 56 Texas customers of its GeoSurf service who accessed proxy servers outside of Texas (█████████████████████████████), and because, of the multitude proxy servers accessed by BI Science's non-Texas customers, some happen to be shared by Texans. *See Luminati Networks Ltd. v. BIScience Inc.*, 2019 WL 2084426, at *4-5 (E.D. Tex. May 13, 2019). Taken to its logical conclusion, the Court's ruling might allow a company that develops internet software that can be downloaded and used by anyone in the world to be subject to personal jurisdiction in all 50 states, even if the company has *de minimis* contacts with a particular state.

3

BI Science respectfully submits that there is a reasonable likelihood the Court of Appeals will view the issue differently, particularly in view of intervening Supreme Court guidance. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 2021 WL 1132515, at *7 n.4 (U.S. Mar. 25, 2021) ("isolated or sporadic transactions" in a forum state generally do not give rise to personal jurisdiction). The quality and quantity of BI Science's contacts with Texas are similar to contacts that other courts have found to be insufficient for personal jurisdiction. For example, in *Pervasive Software Inc. v. Lexware GmbH*, the Fifth Circuit concluded there was no specific jurisdiction over a foreign defendant with only "sparse contacts" with Texas: "fifteen internet website sales of its products to twelve Texas billing addresses" and "tax and financial software" that was internet-accessible but not purposely directed toward Texas. *See* 688 F.3d 214, 227 (5th Cir. 2012); *see also*, *e.g.*, *Intercarrier Commc'ns, LLC v. Kik Interactive, Inc.*, 2013 WL 4061259, at *4 (E.D. Va. 2013) ("A company does not 'consciously' or 'deliberately' target a forum if a user unilaterally downloads and uses its software within that forum."); *Tadayon v. Saucon Techs., Inc.*, 2011 WL 1770172, at *4 (D. Md. 2011) (no specific jurisdiction because the transmission of text messages using an alleged patent-infringing wireless internet system did "not result from the 'purposeful activity' of the foreign Defendants, but rather the deliberate intention of the foreign Defendants' subscribers").

Luminati has argued misleadingly that BI Science is subject to specific personal jurisdiction because it purposefully directed its activities at Texas residents by engaging in Texas-targeted advertising. BI Science will show on appeal that Luminati supported its position by mischaracterizing BI Science webpages and by showing that GeoSurf had users making proxy servers available in 1,700 cities worldwide, including 10 in Texas. But the fact that GeoSurf is available for download anywhere in the world no more targets Texas than Timbuktu. It is the

*customers* who choose where to use GeoSurf.  On Luminati's theory, if Texas customers took

their internet devices to Arkansas, BI Science would no longer be "targeting" Texas.  A

personal-jurisdiction analysis should not turn on such vagaries of circumstance.

Luminati's reliance on stream-of-commerce cases in opposition to BI Science's first stay

motion is similarly flawed.  *See* Dkt. No. 248 at 2 (citing, *e.g.*, *Nuance Communs., Inc. v. Abbyy*

*Software House*, 626 F.3d 1222, 1234 (Fed. Cir. 2010) (specific jurisdiction based on evidence

of "a distribution system … that was intended to deliver products to the U.S. market via a

commonly owned California entity")).  Unlike in the cases cited by Luminati, there was no

intentional stream of commerce by BI Science directed specifically into Texas — no distribution

specifically into Texas through third-parties; no purposeful shipment of products specifically into

Texas; and no channels of commerce directed specifically at Texas.

That some Texans chose to participate in BI Science's GeoSurf global proxy network and

generated modest revenue for BI Science does not prove "purposefully directed activity" or any

other minimum contacts necessary to establish personal jurisdiction over BI Science in Texas.

  **ii.**  **BI Science has a substantial case that** ████████████
████████████████**, it is not enforceable under Texas Rule 11.**

On appeal, BI Science will demonstrate that Texas state law governs whether the

████████████ is enforceable.  Under Texas Rule of Civil Procedure 11 ("Texas Rule 11"),

the ████████████ is not enforceable ████████████████████.

  **a.**  **The Federal Circuit will look to Fifth Circuit law to determine**
    **what law applies to the** ████████████**.**

The Federal Circuit will look to regional circuit law — in this case, Fifth Circuit law —

to determine what law applies to assess the enforceability of purported agreements like the

████████████.  *See Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368, 1371-72

(Fed. Cir. 2008).  Regional circuit law applies because contractual issues are not "unique to

patent law, even if arising in the context of a patent infringement suit." *Novamedix, Ltd. v. NDM Acquisition Corp.*, 166 F.3d 1177, 1180 (Fed. Cir. 1999).

### b.    The Fifth Circuit applies substantive state law to assess the enforceability of settlement agreements.

In turn, the Fifth Circuit applies state law to assess the enforceability of purported agreements like the ███████████. *See Datatreasury*, 522 F.3d at 1371-72. In *Datatreasury*, the parties disputed whether an arbitration clause in a patent license agreement was binding. The Federal Circuit noted that "the Fifth Circuit applies state law" when "deciding whether there is a valid agreement between the parties." The court then ruled that the arbitration clause was not enforceable against a party that had not signed the agreement. *See id.* (citing *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)). That ruling was consistent with the Federal Circuit's holding in *Thatcher v. Kohl's Dep't Stores, Inc.* that "settlement agreements in patent cases should not be governed by federal common law but instead by state contract law." 397 F.3d 1370, 1374 (Fed. Cir. 2005).

Some Texas district courts have suggested that under Fifth Circuit choice-of-law rules, federal law should inform contract issues arising in federal-question cases. *See, e.g., Moctezuma v. Islas,* 2019 WL 8501013, at *3 (E.D. Tex. Dec. 28, 2019) (Nowak, M.J.) (Title VII case), *rejected in part on other grounds*, 2020 WL 548681, at *2 (E.D. Tex. Feb. 4, 2020). But other district courts applying Fifth Circuit law have applied state law even in federal-question cases. *See Climb Tech, LLC v. Verble*, 2008 WL 11334913, at *1-3 (W.D. Tex. Feb. 7, 2008) (applying Texas Rule 11 in federal-question case); *see also TechRadium, Inc. v. Edulink Sys.,* 2011 WL 2709029, at *11-12 (S.D. Tex. July 12, 2011) (same).

The Federal Circuit is not bound by either side of this choice-of-law split among Texas federal courts. BI Science submits that the Federal Circuit will likely adhere to its own precedent

in *Datatreasury* and *Thatcher* and apply state law to the settlement-agreement controversy in this case.  As shown below, the ████████████ is unenforceable under state law.

          **c.    The ██████████████ is unenforceable under Texas Rule 11.**

It is undisputed that the relevant state law in this case is Texas law.  Under Texas law, ████████████████████████████: "*no agreement* between attorneys or parties *touching any suit pending will be enforced unless it be* in writing, *signed* and filed with the papers as part of the record, or unless it be made in open court and entered of record."  Tex. R. Civ. P. 11.[1]  A written settlement agreement may be contained in multiple documents, and those documents may be e-mails, ████████████████.  *See, e.g.*, *Cunningham v. Zurich Am. Ins. Co.*, 352 S.W.3d 519, 530 (Tex. App. – Fort Worth 2011) (holding no agreement under Texas Rule 11 because defense counsel's settlement e-mail was not signed).  Here, ████████████████████████████ ██████████████████████████████████████, "[Texas] Rule 11 prohibits [██████] from being enforced."  *See Songer v. Archer*, 23 S.W.3d 139, 141 (Tex. App. – Texarkana 2000).

Luminati argued in opposition to BI Science's first stay motion that an equitable exception to Texas Rule 11 should apply to the ████████████.  *See* Dkt. No. 242 at 11.  But the three Texas cases it cited in support of this argument *refused to apply* an equitable exception.  *See Williams v. Huling*, 43 Tex. 113 (1875); *Kennedy v. Hyde*, 686 S.W.2d 525 (Tex. 1984); *Roeglin v. Daves*, 83 S.W.3d 326 (Tex. App. – Austin 2002).  Luminati did not show the type of "manifest … injury or injustice" required for an equitable exception to Texas Rule 11's requirements.  *See Williams*, 43 Tex. at 120.

---

[1]    Unless otherwise indicated, all italic and bold emphasis in this brief has been added.

The other Texas Rule 11 cases cited by Luminati in opposition to BI Science's first stay motion, some of which are unpublished and non-precedential, are all inapposite because they involved documents signed by and exchanged between the parties or their counsel.  *See*, *e.g.*, *Turner v. JPMorgan Chase Bank, N.A.*, 623 Fed. Appx. 188 (Mem.) (5th Cir. 2015) (unpublished) (counsel electronically signed a notice of settlement and multiple e-mails agreeing to the material terms of the agreement).  Additionally, unlike the notice of settlement filed in the unpublished *Turner* case, the notice that the parties filed in this case advised this Court that Luminati and BI Science had settled their dispute "*in principle*" only.  *See* Dkt. No. 166. ██████████████████████████████████████████████, it is not enforceable.

### d.    Even under federal law, there is a genuine dispute whether the ████████████████ is enforceable.

Even if the Federal Circuit were to apply federal common law to this case, BI Science still would have a substantial case on the merits of its appeal, as highlighted by a similar case in which the Federal Circuit reversed a district-court ruling that the parties had entered into a binding settlement agreement.  In *Wang Labs., Inc. v. Applied Computer Sciences, Inc.*, the parties advised the court clerk on the eve of trial that "the parties had agreed to settle" and the district court entered a conditional order of dismissal.  *See* 958 F.2d 355, 357 (Fed. Cir. 1992).  The parties circulated drafts of a settlement agreement, but never signed the final draft.  The district court ruled that the unsigned settlement agreement was enforceable nonetheless.  *See id.*

The Federal Circuit reversed.  The court acknowledged that the district court was understandably "frustrated" by the parties' failure to reach a final, signed settlement agreement, especially after having advised the court that they had resolved their dispute.  *See id.* at 359-60.  Nevertheless, the Federal Circuit concluded that a district court "does not have the power to impose a settlement agreement where there was never a meeting of the minds" and "does not

have the power to make an agreement for the parties or to decide, contrary to the facts and the law, that a draft settlement agreement was binding when the parties did not agree on it." *Id.*

BI Science will argue on appeal that the Federal Circuit should reach the same result in this case that it reached in *Wang*. Here, as in *Wang*, the parties advised this Court that they had reached a settlement — although here, the parties were even more explicit in noting that the settlement was "in principle" only. ███████████████████████████████████

██████████████████████████████████████████████████

Fifth Circuit precedent dictates the same result, BI Science will argue. Luminati did not satisfy the Fifth Circuit's high standard for enforcing a settlement agreement, which requires a district court to deny a motion to enforce if there is "*any* disputed issue of material fact as to the validity of the settlement agreement." *In re Deepwater Horizon*, 786 F.3d 344, 354 (5th Cir. 2015). BI Science can make that showing, and one of its primary authorities is the very decision Luminati highlighted in its motion to enforce — a decision that *this Court subsequently vacated*.

Luminati relied heavily on this Court's decision in *Neurovision Med. Products, Inc. v. Medtronic plc,* holding that the parties entered into a binding settlement agreement via e-mail. *See Neurovision*, 2017 WL 1247139 (E.D. Tex. Apr. 5, 2017); Luminati motion (Dkt. No. 170) at 7-9 (discussing *Neurovision* in depth and citing it at least six times). But 12 days after this Court's *Neurovision* decision — and after defendant Medtronic refused to comply with the settlement agreement — the Court vacated the decision. *See* 2017 WL 9470886 (E.D. Tex. Apr. 17, 2017); Civil Docket for Case No. 2:16-cv-00127-JRG-RSP, Dkt. No. 109 (reflecting that 4/5/17 decision was "**VACATED PER [4/17/17] ORDER**") (emphasis in original).

The Court rendered a *new Neurovision* decision, noting that Medtronic "argue[d] that *the agreement is missing material terms, including a defined release provision, a covenant not to*

*sue, indemnity provisions, among others*." *Id.* at *1.  Medtronic also argued that it should not be compelled to comply with the settlement agreement because "*if an appellate court ultimately determines that the … agreement is not enforceable*," Medtronic would be prejudiced.  *See id.* This Court chose to "revisit[] the question of whether" there was an enforceable agreement, scheduled an evidentiary hearing, and directed the parties to return to mediation.  *See id.*

On appeal, BI Science will argue that this Court should have followed its *Neurovision* precedent and denied Luminati's motion to enforce a disputed settlement agreement, particularly given the "disputed issues of material fact" (discussed below) as to whether both parties assented to the ███████████ as a binding agreement.  *See Deepwater Horizon*, 786 F.3d at 354.

*First,* ███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████.

*Second,* ████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████.

*Third,* █████████████████████████████████████████████████
████████████████████████████████████: "If parties negotiating a contract intend that the contract shall be reduced to writing and signed by the parties … then either party may withdraw at any time before the written agreement is drawn up and signed by both parties."  *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 410-11 (5th Cir. 1996).

*Fourth,* ████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████. *See Liberto v. D.F. Stauffer Biscuit Co.*, 441 F.3d 318 (5th

Cir. 2006) (voiding settlement agreement in an intellectual-property case for indefiniteness as to

time of performance and duration — *seven years* after the parties executed it, the district court

entered it as a final judgment, and the defendant partially *performed*).

     *Fifth*, ████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████

     Whether or not each of these five issues independently creates a disputed issue of

material fact, collectively they do. Therefore, whether the Federal Circuit assesses the

enforceability of the ████████████ under Texas law or federal law, BI Science has a

substantial case on the merits that the ████████████ is not enforceable as a final, binding

settlement agreement. ████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████

████. The first stay factor weighs in favor of granting BI Science's motion.

**B.**    **BI Science Will Suffer Severe and Irreparable Harm Absent a Stay.**

     If the Court declines to stay enforcement of the judgment, BI Science will suffer

devastating, irreparable harm. ████████████████████████████████████████████

█████████████████████████████████████████████████████

11

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████.

In *Neurovision*, this Court considered the irreparable harm of Medtronic permanently losing IPRs when the Court refused to compel Medtronic to comply with a disputed settlement agreement.  *See Neurovision*, 2017 WL 9470886, at *1. ███████████████████████

████████████████████████████████████████████████████

███████████████████████████████. *See Standard Havens*, 897 F.2d at 515-16 (employee layoffs, immediate insolvency, and possible extinction arising from the immediate enforcement of a judgment constituted the type of "catastrophic" and "irreparable" harm that warranted a stay pending appeal); *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1152 (Fed. Cir. 2011) ("loss of market share and access to potential customers" constituted "irreparable harm").

████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

Accordingly, the irreparable-harm factor weighs decisively in favor of granting a stay.

**C.      A Temporary Stay Will Not Materially Harm Luminati.**

If the Court maintains the status quo, Luminati would not be materially harmed. ████

████████████████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

    ██████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████

    ████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████

    ████████████████████████████████████

██████████████████████████████████████████

████    BI Science has appealed that judgment to the Israeli Supreme Court, and *the Israeli*

*Supreme Court has stayed execution of the judgment pending BI Science's appeal.  See* Notice of

Action in a Related Matter (Dkt. No. 253).  ████████████████████████████████

████████████████████████████████████████████████████  But now

that Luminati has done so, this Court should recognize the value of the Israeli courts' orders in preserving the status quo between these two Israeli companies pending appeal — particularly as the Court earlier deferred to the Israeli judicial system on comity grounds.  *See Luminati v. BI Science*, 2019 WL 2084426, at *6 (citing "[c]omity and the principle of avoiding unreasonable interference with the authority of other sovereigns"); *see also*, *e.g.*, *Voda v. Cordis Corp.*, 476 F.3d 887, 903 (Fed. Cir. 2007) (foreign patent-infringement claims stayed pending appeal; no supplemental jurisdiction, based on "comity and the principle of avoiding unreasonable interference with the authority of other sovereigns").

Rule 62(d) does not require a bond in order to grant a stay of a non-monetary judgment. *See National Instruments,* 2003 WL 24049230, at *6-7 (staying injunction pending appeal without requiring the defendant to post a bond). ███████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████  *See* Moyal Decl. ¶¶ 25-27.

Luminati's Israeli proceedings mitigate, if not eliminate, any potential adverse effects that a temporary stay might have on Luminati.  Therefore, the third stay factor also weighs in favor of granting a stay.

### D.     A Stay Pending Appeal Serves the Public Interest.

The public interest also weighs in favor of a stay. █████████████████████

███████████████████████████████████████████. *See* Moyal Decl. ¶ 28. ██████████████████████████████

███████████████████████████████████████████████

████████████████████████████. *See id.* ¶¶ 20, 29.  In *National Instruments*, this

Court concluded: "A stay of the injunction will ensure that any ultimate interference with the third parties' continuing reliance on these products occurs only after the Court of Appeals designated to hear patent cases has passed on this complex case." *See* 2003 WL 24049230, at *7 (E.D. Tex. 2003) *aff'd* 164 Fed. Appx. 997 (Fed. Cir. 2006). ███████████████

████████████████████████████████████████████████

The public-interest factor as well mitigates in favor of a stay.

## CONCLUSION

The Supreme Court has acknowledged that while a stay pending appeal "does not make time stand still," it "does hold a ruling in abeyance to allow an appellate court the time necessary to review it." *Nken,* 556 U.S. at 421. BI Science asks this Court for a temporary respite from any proceedings that Luminati might pursue — in addition to those it is pursuing in Israel — so that the Federal Circuit may properly consider BI Science's appeal. The Israeli Supreme Court has already granted that relief. The factors informing the stay decision all favor granting BI Science's application. Most importantly, BI Science stands to suffer severe and irreparable injury if the Court does not issue a stay. Accordingly, this Court should maintain the status quo while the appeal is pending by granting BI Science's motion, together with ordering such other, further and different relief in BI Science's favor as the Court deems just and proper.

Dated: April 5, 2021

Respectfully submitted,

By:  /s/*Gregory P. Love*
Gregory P. Love
Texas Bar No. 24013060
Love Law Firm
P.O. Box 948
Henderson, Texas 75652
Phone: (903) 212-4444
Fax: (903) 392-2267
greg@lovetrialfirm.com

J.C. Rozendaal
(admitted *pro hac vice*)
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue NW, Suite 600
Washington, D.C. 20005
Phone: (202) 772-8747
Fax: (202) 371-2540
jcrozendaal@sternekessler.com

Michael A. Charish (admitted *pro hac vice*)
Charish Law Group P.C.
347 Fifth Avenue, Suite 1402
New York, New York 10016
Phone:  (646) 328-0183
michael@charish.law

*Attorneys for Defendant BI Science (2009) Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 5th day of April 2021 with a copy of this document via electronic mail.

/s/ *Gregory P. Love*
Gregory P. Love

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that counsel for the parties have complied with Local Rule CV-7(h).  Robert Harkins and Ronald Wielkopolski, counsel for Plaintiff, and J.C. Rozendaal and Michael A. Charish, counsel for Defendant, held a telephonic meet-and-confer on March 22, 2021.  Plaintiff opposes this motion.

/s/ *Gregory P. Love*
Gregory P. Love

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ *Gregory P. Love*
Gregory P. Love