## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

LUMINATI NETWORKS LTD.,

        Plaintiff,

  v.

BISCIENCE, INC.,

        Defendant.

Case No.  2:18-CV-00483-JRG

██████████████

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## RENEWED MOTION TO STAY ENFORCEMENT

## TABLE OF CONTENTS

I.  INTRODUCTION ...................................................................................................1

II. FACTUAL BACKGROUND ...................................................................................2

   A.  BI Science Entered the February 23, 2020 Settlement Agreement ......................2

   B.  Following BI Science's Non-Performance the Court Found the Settlement Valid ████ ████████████████████████ .................................3

   C.  ████████████████████████████████████ ████████████████ ...............................4

   D.  ███████████████████████████████████████ ██████ ...........................4

   E.  █████████████████████████████████████ ███████████████████ ████████████ ...............4

III. LEGAL STANDARD .............................................................................................5

IV. THE COURT SHOULD ENFORCE THE FINAL JUDGMENT ...............................5

   A.  BI Science Cannot Receive Any Relief Under Rule 62(d) as it Offers No Terms to Secure Bright Data's Rights.......................................................................5

   B.  The Court Should Not Exercise its Discretion to Grant a Stay, as the Four-Factor Test Weighs Against BI Science ................................................................7

     1.  BI Science's Appeal Is Meritless and Does Not Justify A Stay .......................7

       a.  The Court has personal jurisdiction over BI Science through BI Science's efforts to direct the accused residential proxy service to Texas including through its advertising of its proxy devices located in Texas..................................................................................7

       b.  BI Science's meritless argument that the Settlement Agreement is invalid is contrary to its representations to the Court, the Mediator, and Bright Data .........................9

     2.  BI Science Will Not Be Irreparably Injured by Enforcement .........................14

     3.  Issuance Of A Stay Will Substantially Injure Bright Data.............................14

     4.  The Public Interest Strongly Disfavors Reneging on a Settlement ................15

V.  CONCLUSION ...................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

### <u>*Cases*</u>

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994) ........................10

*Borne v. A & P Boat Rentals No. 4, Inc.*, 780 F.2d 1254 (5th Cir. 1986) ....................................11

*Bowers v. Abundant Home Health, L.L.C.*, 803 F. App'x 765 (5th Cir. 2020) ...........................11

*Climb Tech, LLC et al. v. Verble, et al.*, No. 1:05-cv-00864, 2008 WL 1133491 (W.D. Tex. Feb. 7, 2008) ................................................................................................................................13

*Cunningham v. Zurich Am. Ins. Co.*, 352 S.W.3d 519 (Tex App. 2011) ....................................12

*Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368 (Fed. Cir. 2008) ..............................12

*Dunbar Med. Sys. v. Gammex Inc.*, 216 F.3d 441 (5th Cir. 2000) ..............................................10

*Fisk Elec. Co. v. DQSI, L.L.C.*, 894 F.3d 645 (5th Cir. 2018) ....................................................11

*Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069 (5th Cir. 2002) ..........................................12

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017 (2021) ............................9

*Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207 (5th Cir. 1981) ........................................11

*Fulgham v. Wofford*, No. 4:13CV182-DMB-DAS, 2014 U.S. Dist. LEXIS 179909 (N.D. Miss. Oct. 28, 2014) ...........................................................................................................................13

*Goodman v. Smart Modular Techs., Inc.*, No. H-14-1380, 2016 U.S. Dist. LEXIS 112436 (S.D. Tex. Aug. 23, 2016) .....................................................................................................................13

*In re Nexion Health at Humble, Inc.*, 173 S.W.3d 67 (Tex. 2005) ..............................................12

*Johnson v. BP Expl. & Prod. (In re Deepwater Horizon)*, 786 F.3d 344 (5th Cir. 2015) ...........11

*Lee v. Gulf Coast Blood Ctr.*, No. H-19-cv-4315, 2020 U.S. Dist. LEXIS 145806 (S.D. Tex. Aug. 13, 2020) ...........................................................................................................................12

*Lopez v. Kempthorne*, No. H-07-1534, 2010 U.S. Dist. LEXIS 118749 (S.D. Tex. Nov. 5, 2010) ...............................................................................................................................................14

*MedVision, Inc. v. MediGain, LLC*, No. 3:15-CV-77-L, 2017 U.S. Dist. LEXIS 48744 (N.D. Tex. Mar. 31, 2017) ...........................................................................................................................12

*Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386 (5th Cir. 1984) .....................................11

*Nat'l Instruments Corp. v. Mathworks, Inc.*, No. 2:01-CV-11, 2003 U.S. Dist. LEXIS 25863 (E.D. Tex. June 23, 2003) ...................................................................................16

*Neurovision Med. Prods. v. Medtronic Pub. Ltd. Co.*, No. 2:16-cv-00127-JRG-RSP, 2017 U.S. Dist. LEXIS 51610 (E.D. Tex. Apr. 4, 2017) ..........................................................13

*Nken v. Holder*, 556 U.S. 418 (2009)....................................................................................6

*Nuance Communs., Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2010) ...................9

*Padilla v. La France*, 907 S.W.2d 454 (Tex. 1995) .............................................................13, 14

*Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343 (Fed. Cir. 2016) ...................................................9

*Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142 (Fed. Cir. 2011) ....................................6

*Roeglin v. Daves*, 83 S.W.3d 326 (Tex. App. 2002)...................................................................15

*Shamaley v. United States*, No. EP-17-CV-257-KC, 2018 U.S. Dist. LEXIS 136396 (W.D. Tex. May 11, 2018) ................................................................................................12

*Shamrock Psychiatric Clinic, P.A. v. Tex. HHS*, 540 S.W.3d 553 (Tex. 2018) ..........................14

*Smith v. United States*, 328 F.3d 760 (5th Cir. 2003) ...............................................................14

*Songer v. Archer*, 23 S.W.3d 139 (Tex. App. 2000)...................................................................12

*TechRadium Inc. v. Edulink Sys.*, No. H-10-1887, 2011 U.S. Dist. LEXIS 74828 (S.D. Tex July 12, 2011) .............................................................................................13

*Virginian R. Co. v. United States*, 272 U.S. 658 (1926) .............................................................6

*Williams v. Huling*, 43 Tex. 113 (1875).....................................................................................15

*Williamson v. Bank of N.Y. Mellon*, 947 F. Supp. 2d 704 (N.D. Tex. 2013) ..........................12, 14

*Zim Israel Navigation Co. v. Special Carriers, Inc.*, 800 F.2d 1392 (5th Cir. 1986)...................11

*Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x. 285 (5th Cir. 2020).............................8

## ***Rules***

USCS Fed Rules Civ Proc R 12.................................................................................................8

USCS Fed Rules Civ Proc R 62(b) ..........................................................................................1

USCS Fed Rules Civ Proc R 62(d) ........................................................................................1, 6

## I.    INTRODUCTION

Since BI Science settled this case more than a year ago on February 23, 2020 ( ███████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████ .

This Renewed Motion to Stay Enforcement ("Motion," Dkt. No. 265) is merely the latest obstruction, reasserts the same baseless arguments from its earlier motion to Stay Enforcement (Dkt. No. 234). ████████████████████████████████████████

███ , BI Science's second attempt to stay enforcement is even more prejudicial to Bright Data Ltd., formerly Luminati Networks Ltd. ("Bright Data").  The motion should be denied because (a) BI Science has still offered no surety to protect Plaintiff's rights as required by Fed. R. Civ. P. 62(d), and (b) even if BI Science had offered surety, the four-factor test weighs against granting a stay as BI Science's appeal is meritless, BI Science will not be irreparably injured by denial of a stay, Bright Data would continue to be materially harmed by a stay, and the public interest weighs against a stay.

The Court issued a final judgment (Dkt. 220), ████████████████████████

██████████████████████ and subsequently entered a corrected final judgment (Dkt. 254) to include a second issue regarding an indefiniteness finding that is not the subject of BI Science's appeal. ████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████ .

In rejecting BI Science's argument, the Court did not commit clear error in so ruling, and therefore, the appeal is unlikely to afford Defendant any relief.

Having delayed performance for over a year[1], BI Science's instant Motion is another improper attempt to delay. The question is no longer whether BI Science will avoid performing for a year (which it has already done in contempt of the Court's orders), but whether a second or third year of delay is warranted, during which BI Science will continue infringing the Asserted Patents ███████████████████████████████████████████████.

Finally, BI Science's chances on appeal are slim for at least the reasons that BI Science (a) ██████████████████████████████████████████████████████████ ████████████████████████████████████, and jointly filed a notice to the court of this settlement, (b) ████████████████████████████, and (c) ██████████████. BI Science's motion should be denied.

## II.    FACTUAL BACKGROUND

### A.    BI Science Entered the February 23, 2020 Settlement Agreement

On December 18, 2019, the Parties engaged in a FRE 408 mediation ████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████. ████████████████████████████████████ ████████████████████████████████████. Dkt. No. 170-6. ████████████

---

[1] In contrast to BI Science's current argument, ████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ████████ Having caused a delay exceeding its initial request for equitable relief, BI Science continues to push for greater delay in enforcement through the present Motion.

███████████████████████████████████████████. Dkt. Nos. 170-7, 170-8, 170-9, 170-10.  Similarly,████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████

Dkt. No. 170-11.  ████████████████████████████████████

█████████████████████████████

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
███████████████████████

Dkt. 170-3.  Counsel for BI Science confirmed its agreement in its response stating "Thank you for all your hard work" (*Id.*) and filing of the joint motion to stay all deadlines and notice of settlement on the basis that a settlement had been reached.  Dkt. No. 166.

**B.     Following BI Science's Non-Performance the Court Found the Settlement Valid** ██████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████. Dkt. 183.  ████████████████

████████████████████████████████████████████

██████████████████████████████████. *Id.* at 34:9–35:18, 42:10–44:20.

**C.** ████████████████████████████████████
████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

**D.** ████████████████████████████████████
████████████████████

On July 2, 2020, the Court entered its Final Judgment ██████████████████

██████████████████████████████. Dkt. No. 220 at 2–3. On July

29, 2020, BI Science filed a notice of appeal. Dkt. No. 228. Bright Data filed a cross-appeal

limited to the narrow issue of the validity of claim 108 of the '044 Patent.[2] Dkt. No. 238. **On**

**August 1, 2020, the automatic stay of execution expired, and the Final Judgment became**

**immediately enforceable.** BI Science is in contempt of the Judgment. *see* Dkt. 263.

**E.** ████████████████████████████████████
████████████████████████████████
████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████. Dkt. No. 225-1,

at 1–2. ████████████████████████████████████

████████████████████████████████████████

████████████████████████. *Id.* at 7.[3]

---

[2] On February 1, 2021, a corrected Final Judgment (Dkt. 254) was issued expressly incorporating the finding of invalidity with regard to the claim 108 of the '044 patent.

[3] ████████████████████████████████████████████ Specifically, the New

## III.    LEGAL STANDARD

Rule 62(d) provides: "While an appeal is pending from . . . [a] final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore or grant an injunction <u>on terms for bond or other terms that secure the opposing party's rights</u>." (emphasis added).  "'A stay is not a matter of right, even if irreparable injury might otherwise result.'  It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'  The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (internal citations omitted); *see also Virginian R. Co. v. United States*, 272 U.S. 658, 672–673 (1926).  In exercising its discretion to grant a stay, courts should consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434.

## IV.    THE COURT SHOULD ENFORCE THE FINAL JUDGMENT

### A.    BI Science Cannot Receive Any Relief Under Rule 62(d) as it Offers No Terms to Secure Bright Data's Rights

Defendant moves to stay pursuant to Fed. R. Civ. P. 62(d) but fails to meet its express requirements, including the requirement "for bond or other terms that secure the opposing party's rights."  Defendant offers no bond or other terms to secure Bright Data's rights ██████████

---

York Convention ensures international respect for "awards not considered as domestic awards in the State where their recognition and enforcement are sought."  NY Convention, § 1.1. ████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████

███████████████████. That alone supports denial of the Motion. *See, e.g.*, *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142 at 1147 n.2 (Fed. Cir. 2011) ("Pylon has not volunteered to post a bond and we decline its invitation to grant what would, in effect, be an unbonded stay of indefinite duration — particularly in light of Bosch's unrebutted evidence of Pylon's inability to satisfy a judgment.").

Instead, Defendant argues that a temporary stay will not harm Bright Data. This argument is meritless on its face, as the clear terms of the Settlement show that Bright Data is already being denied the benefit of its bargain, ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████

In contrast to its original motion for stay (Dkt. 234 at 13), ████████████████████████

████████████████████████████████████. Motion at 13. Instead, ████████

█████████████████████████████████████████ █████

████████████████████████████████. Dkt. No. 225-1 at 7. Consequently, as BI Science offers nothing to protect Bright Data's rights, BI Science cannot be granted a stay under Rule 62(b) and the Motion should be denied.[4]

---

[4] ███████████████████████████████████████████████████

██████████████████████████████████████. Motion at 13.

**B.     The Court Should Not Exercise its Discretion to Grant a Stay, as the Four-Factor Test Weighs Against BI Science**

While a stay may not be granted given the lack of any surety to protect Bright Data's rights, even if such terms were provided, the balancing of the four-factor test weighs against allowing BI Science to continue ███████████████████████████████.

*1.     BI Science's Appeal Is Meritless and Does Not Justify A Stay*

BI Science asserts two arguments on appeal.  First, BI Science asserts that the Court erred in finding personal jurisdiction over BI Science.  Second, BI Science asserts that the Settlement Agreement is not valid.  Both of these arguments are meritless.

*a.     The Court has personal jurisdiction over BI Science through BI Science's efforts to direct the accused residential proxy service to Texas including through its advertising of its proxy devices located in Texas*

"Where, as here, the district court rules on a Rule 12(b)(2) motion without conducting an evidentiary hearing, the plaintiff may meet his burden with prima facie evidence. …. In determining whether the plaintiff has presented a prima facie case of personal jurisdiction, we 'must accept the plaintiff's uncontroverted allegations, and resolve in his favor all conflicts between the facts contained in the parties' affidavits and other documentation.'" *Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x. 285, 287 (5th Cir. 2020) (internal quotation marks and citation omitted). Bright Data submitted sufficient evidence. Dkt. 1, at ¶ 5; Dkt. 44, at 9-11.

The Court already held that it has personal jurisdiction over BI Science. "BI Science's service allows customers all over the world to utilize residential proxy devices in ten Texas cities—Arlington, Austin, Crowley, Dallas, El Paso, Fort Worth, Houston, Katy, San Antonio, and Spring—and BI Science advertises as such. (Dkt. No. 28-5, at 2–3.) Those proxy service activities are 'purposefully directed' at Texas, and Bright Data's claims for patent infringement allege 'injuries that arise out of or relate to those activities.'" Dkt. No. 82, at 8.  "The ability to direct

7

internet traffic through proxies situated in various locations, including Texas, is a key advertised feature of BI Science's service:

> A proxy will also give you access to a set of proxy servers located worldwide, which will help you solve the location obstacle easily: Just select your preferred location, whether it's the United States or Madagascar, and surf in total anonymity and freedom.

Dkt. No. 28-4, at 5; see also Dkt. No. 28-3, at 2 ('Location is key. One of the reasons to use a proxy, is to appear as if you were surfing from a different place.').  Far from being unrelated, BI Science's encouragement of customers to use proxies, including those located in Texas, is foundational to Bright Data's claims of patent infringement.  Specific personal jurisdiction over these claims is therefore appropriate." *Id.* at 9.  The Court's finding of personal jurisdiction was well supported by Bright Data's extensive uncontroverted allegations.

BIScience cites *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017 n.4 (2021) to argue that the Court of Appeals will reverse the finding of personal jurisdiction. Motion, at 4.  However, *Ford* expressly stated "if Audi and Volkswagen's business deliberately extended into Oklahoma (among other States), then Oklahoma's courts could hold the companies accountable for a car's catching fire there—even though the vehicle had been designed and made overseas and sold in New York." *Id.* at 237.  This is consistent with BI Science's activities here.[5]

---

[5] *Nuance Communs., Inc. v. Abbyy Software House*, 626 F.3d 1222, 1234 (Fed. Cir. 2010)("Abbyy Production has purposefully imported the accused products into California, made those products available for sale through an established distribution chain, and the cause of action for patent infringement is alleged to arise out of these activities.  No more is required for specific jurisdiction."); *Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343, 1350 (Fed. Cir. 2016) ("Suunto purposefully shipped at least ninety-four accused products to Delaware retailers, fully expecting that its products would then be sold in Delaware as a result of its activities.  It thus can be said that Suunto's actions are purposefully directed to Delaware, indicating an intent and purpose to serve not only the U.S. market generally, but also the Delaware market specifically."); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994) ("The allegations are that defendants purposefully shipped the accused fan into Virginia through an established distribution channel.  The cause of action for patent infringement is alleged to arise out of these activities.  No more is usually required to establish specific jurisdiction.").

Additionally, and independently, ███████████████████████████

██████████████████████.  Dkt. 183 at 42:10-43:17.  ████████████

██████████████████████████████████████████████████████.

Dkt. 220 at 2-3 and Exhibit B to Dkt. 220 at 1.

     *b.*    BI Science's meritless argument that the Settlement Agreement is invalid is
contrary to its representations to the Court, the Mediator, and Bright Data

A district court's findings of fact are reviewed for clear error.  *Dunbar Med. Sys. v.*

*Gammex Inc.*, 216 F.3d 441, 448 (5th Cir. 2000). The Parties entered the Settlement Agreement

on February 23, 2020 after two months of negotiations. ███████████████████

████████████████████████████████████████████████████

███████████████████████████████████.  Dkt. No. 170-3.

██████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████  stating, "Thanks for all your hard work

Bill." *Id.* The Parties then filed a joint motion to stay all deadlines and notice of settlement stating,

"all matters in controversy between the Parties have been settled, in principle."  Dkt. No. 166.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████.  Motion at 1, 8.  "An offer is judged by the parties' overt acts and words, not by

the subjective or secret intent of the offeror."  *Johnson v. BP Expl. & Prod. (In re Deepwater*

*Horizon)*, 786 F.3d 344, 355 (5th Cir. 2015). ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████.  Dkt. No. 183, at 42:12–43:18. ████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████. BI Science is wrong.

*First*, "[q]uestions regarding the enforceability or validity of such agreements are determined by federal law—at least where the substantive rights and liabilities of the parties derive from federal law." *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984) ("Because the claims in this case are premised on federal general maritime law, we apply federal law to decide the validity of the agreement to settle the claims"). The Motion argues that "[t]he Federal Circuit will look to regional circuit law—in this case, Fifth Circuit law—to determine what law applies," but then mischaracterizes Fifth Circuit law as merely having a "choice-of-law split." Motion, at 5–6. However, the Fifth Circuit has repeatedly and recently confirmed that there is no "split" here; Texas Rule 11 is plainly inapplicable.[6] BI Science erroneously relies upon case law

---

[6] There are an extensive number of cases on this point. BI Science is simply wrong. *See Bowers v. Abundant Home Health, L.L.C.*, 803 F. App'x 765, 767 n.4 (5th Cir. 2020) ("Bowers's underlying claims concern alleged violations of the Fair Labor Standards Act, a federal statute. Therefore—and despite Abundant's assertion that Texas law controls—we look to federal law to determine whether the settlement agreement is enforceable or valid."); *Fisk Elec. Co. v. DQSI, L.L.C.*, 894 F.3d 645, 650 (5th Cir. 2018) ("Federal law applies."); *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981) ("Since this case deals with the operation of a Congressional statutory scheme, the federal courts are competent to determine whether a settlement exists without resort to state law."); *Borne v. A & P Boat Rentals No. 4, Inc.*, 780 F.2d 1254, 1256 (5th Cir. 1986) ("The answer is clear."); *Zim Israel Navigation Co. v. Special Carriers, Inc.*, 800 F.2d 1392, 1394 (5th Cir. 1986) ("We have held that questions regarding the enforceability or validity of settlement agreements are determined by federal law in cases where the substantive rights and liabilities of the parties derive from federal law."); *In re Deepwater Horizon*, 786 F.3d at 354 ("Because Johnson alleged causes of action under general maritime law and the Jones Act against BP, federal contract law governs the validity and enforceability of Johnson's putative settlement agreement with BP"); *Shamaley v. United States*, No. EP-17-CV-257-KC, 2018 U.S. Dist. LEXIS 136396, at *13 n.5 (W.D. Tex. May 11, 2018); *Lee v. Gulf Coast Blood Ctr.*, No. H-19-cv-4315, 2020 U.S. Dist. LEXIS 145806, at *14 (S.D. Tex. Aug. 13, 2020) ("Federal contract law governs the enforceability of the settlement agreement because this case involves a federal claim."); *Cf. In re Nexion Health at Humble, Inc.*, 173 S.W.3d 67, 69 (Tex. 2005) (because provision of Texas Arbitration Act requiring additional signature on arbitration agreement was preempted by Federal Arbitration Act, signature was not a prerequisite to enforcement of arbitration agreement.); *Cf. MedVision, Inc. v. MediGain, LLC*, No. 3:15-CV-77-

---

regarding the applicability of agreements to third parties and cases involving underlying state law claims.[7]  *Cf. Williamson v. Bank of N.Y. Mellon*, 947 F. Supp. 2d 704, 707 (N.D. Tex. 2013) ("A **federal court sitting in diversity** applies the law of the forum state when deciding whether to enforce a settlement agreement.") (emphasis added).  Regardless, BI Science waived this issue by failing to raise it at the April 13, 2020 hearing, instead asserting it for the first time in motions to stay enforcement of the Final Judgment.  BI Science's claim that it can obtain reversal here by showing "any disputed issue of material fact," is also meritless, because the Court already conducted an evidentiary hearing on April 13, 2020, ███████████████████████████████████

███████████████████.  Dkt. No. 34:9–35:18, 42:10–44:20.  Thus, the finding of a valid agreement is a factual determination subject to the clear error standard of review.

Courts have applied federal law to ██████████████████████████.[8]  BI Science asserts

---

L, 2017 U.S. Dist. LEXIS 48744, at *29 (N.D. Tex. Mar. 31, 2017) (internal citations omitted) ("Texas substantive law applies to Plaintiffs' Motions to enforce the MSA because this is a diversity case involving state law claims, not substantive rights or liabilities under federal law.").

[7] BI Science erroneously relies upon case law finding third-parties are not subject to arbitration clauses in an arbitration agreement.  For example, in *Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368, 1373 (Fed. Cir. 2008), the Federal Circuit affirmed that third-parties were not subject to an arbitration clause where "neither party in this litigation signed the [arbitration agreement] or participated in negotiating any of its terms."  *Datatreasury* cites to *Fleetwood Enters* for the overbroad statement that "in deciding whether there is a valid agreement between the parties the Fifth Circuit applies state law, *see Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)."  *Id.* at 1371–1372.  However, in *Fleetwood Enters*, the Fifth Circuit found that the third-party children of a party to an arbitration agreement were not bound by an arbitration clause for personal injury claims because "the parties agree that Texas state law governs matters that are not addressed by the Federal Arbitration Act."  *Fleetwood Enters.*, 280 F.3d at 1073. Unlike *Fleetwood Enters*, ████████████████████████████████, which is clearly a right derived from Federal law consistent with *Mid-South Towing Co*.  Similarly, BI Science relies on other cases involving state law claims.  *Cunningham v. Zurich Am. Ins. Co.*, 352 S.W.3d 519, 521-522 (Tex App. 2011) (breach of contract claim in Texas state court); *Songer v. Archer*, 23 S.W.3d 139, 141 (Tex. App. 2000) (breach of contract claim in Texas state court).

[8] *See, e.g.*, *Goodman v. Smart Modular Techs., Inc.*, No. H-14-1380, 2016 U.S. Dist. LEXIS 112436, at *5 (S.D. Tex. Aug. 23, 2016) ("When considering the validity of a settlement agreement in a case involving federal law, such as this patent case, the court applies federal law."); *Fulgham*

otherwise by pointing to cases where the parties stipulated that Texas law applied or completely failed the basic requirements of an offer and acceptance.[9] *Cf. Neurovision*, 2017 U.S. Dist. LEXIS 51610, at *6 ("To the extent state law applies, the parties have not identified a conflict of law that would affect the outcome of the dispute.").  In line with the ***eight*** Fifth Circuit cases cited herein (and innumerable others not mentioned), the Federal Circuit will apply federal common law ▮ ████████████████████████████████████████████████████ .

 <u>*Second*</u>, even if it applied (it does not), Defendant misapprehends Texas Rule of Civil Procedure 11, which would not change the result in this case.  Texas Rule 11 is "analog[ous] to the statute of frauds, which requires certain contracts to be in writing," and the exceptions and limitations on the statute of frauds "apply equally to Rule 11 agreements."  *Padilla v. La France*, 907 S.W.2d 454, 456 (Tex. 1995) (reversing denial of summary judgment because the settlement agreement consisting of letters exchanged between the parties was valid as a matter of law, although one of the parties "refused to accept the checks or sign the agreement").  The rule therefore reflects the same Federal common law of contracts that applies here.  *Id.*; *see also Lopez v. Kempthorne*, No. H-07-1534, 2010 U.S. Dist. LEXIS 118749 at *17 (S.D. Tex. Nov. 5, 2010); *Smith v. United States*, 328 F.3d 760, 767 n.8 (5th Cir. 2003) ("The federal law of contracts 'uses

---

*v. Wofford*, No. 4:13CV182-DMB-DAS, 2014 U.S. Dist. LEXIS 179909, at *6 (N.D. Miss. Oct. 28, 2014) ("In this case, because it is an action arising under the patent law of the United States, federal common law controls."); *Neurovision Med. Prods. v. Medtronic Pub. Ltd. Co.*, No. 2:16-cv-00127-JRG-RSP, 2017 U.S. Dist. LEXIS 51610, at *6 (E.D. Tex. Apr. 4, 2017).  BI Science appears to place a great deal of weight on the docket identifying the April 4, 2017 as vacated per the April 17, 2017 order, without acknowledging that the April 17, 2017 order merely ordered an evidentiary hearing consistent with its previous order and that case settled before the hearing.

[9] *Climb Tech, LLC et al. v. Verble, et al.*, No. 1:05-cv-00864, 2008 WL 1133491, at *1 (W.D. Tex. Feb. 7, 2008) (finding no agreement between all parties where the collection of emails "evidences neither offer to nor acceptance by Defendants Verble, Hagler, Valcor, or Reeves or their respective attorneys."); *TechRadium Inc. v. Edulink Sys.*, No. H-10-1887, 2011 U.S. Dist. LEXIS 74828, at *8 (S.D. Tex July 12, 2011) ("The parties agree that Texas law applies").

the core principles of the common law of contracts that are in force in most states.'"); *Williamson*, 947 F. Supp. 2d at 707 (finding that under Texas Rule 11, emails are writings, automatic signature blocks or typed first names are signatures, and a lawyer's signature is sufficient).

Unlike *Climb Tech* and *TechRadium*, ███████████████████████████

████████████████████████████████████████████████████████

██████████ signed the joint notice of settlement that was filed with the Court. Dkt. No. 170-3, 166. The Texas Supreme Court recently confirmed that these facts satisfy Texas Rule 11. *Shamrock Psychiatric Clinic, P.A. v. Tex. HHS*, 540 S.W.3d 553, 560-62 (Tex. 2018) ("Here, the alleged agreement, made via email and memorialized in the Inspector General's status report, was in writing, signed, and filed with the court, as required by Rule 11 . . . ."). Likewise here, the attorney's signature on the Notice of Settlement clearly satisfies Texas Rule 11. Dkt. No. 166.

███████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████. Dkt. No. 183 at 41:20–42:2. ███████

████████████████████████████████████████████████████████

███████████████████. Dkt. No. 183 at 29:25–35:18. ███████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████[10] (Motion at 10) ████████████████

---

[10] ████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████. Dkt. 170-16 at 3-4.

████████████████████████████████████████, which is a separate equity

ground for excusing strict compliance with Rule 11. *See Williams v. Huling*, 43 Tex. 113, 120

(1875); *see also Roeglin v. Daves*, 83 S.W.3d 326, 332 (Tex. App. 2002).

### 2.    BI Science Will Not Be Irreparably Injured by Enforcement

The second factor also weighs against BI Science ███████████████████████

████████████████████████████. ████████████████████████████

████████████████████████████████████████. Dkt. No. 176-1, at ¶

2, (March 25, 2020 K. Moyal Decl.). ████████████████████████████

████████████████████████████████████████ *Id.* ███████

████████████████████████████████████████

████████████████████████████████████ *Id.*, at ¶ 7. ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████. Dkt. No. 176-1, at ¶ 2.[11]

### 3.    Issuance Of A Stay Will Substantially Injure Bright Data

As discussed above, granting BI Science a stay during the appeal would continue to deprive

---

[11] ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████ Dkt. 162.

Bright Data of the benefit of its bargain ████████████████████████████

████████████████████████████. ██████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████

At the same time, BI Science offers no bond or any other terms to protect Bright Data's

rights ██████████████████.

███████████████████. Motion at 13. ████████████████████████

███████████████████████████████████." *National Instruments* is inapposite. *Nat'l*

*Instruments Corp. v. Mathworks, Inc.*, No. 2:01-CV-11, 2003 U.S. Dist. LEXIS 25863, at *20

(E.D. Tex. June 23, 2003). ████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████. ██████████████████████████████.

### 4.      *The Public Interest Strongly Disfavors Reneging on a Settlement*

The public has a strong interest in preventing litigants from entering settlement agreements

only to renege on them. ████████████████████████████████████

███████████████████████████. Dkt. No. 183 at 29:25–35:18. ████████████

██████████████████████████████████████████████████████

████████████████████████████. This factor weighs against a stay.

## V.    CONCLUSION

For the foregoing reasons, the Renewed Motion to Stay Enforcement should be denied.

Dated:  April 19, 2021

Respectfully submitted,

By: */s/ Ronald Wielkopolski*

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Mark Mann
Mann | Tindel | Thompson
300 West Main
Henderson, TX 75652
mark@themannfirm.com
Office 903-657-8540
Cell 903-658-0401
Marshall Office 903-472-4294
Tyler Office 903-596-0900
Waco Office 254-776-3336

Korula T. Cherian
Robert Harkins
CA State Bar No. 179525
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94704
(510) 944-0190
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Ronald Wielkopolski
Colby A. Davis
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036
ronw@ruyakcherian.com
colbyd@ruyakcherian.com

*Attorneys for Plaintiff*
*Luminati Networks Ltd.*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic

service are being served this 19th day of April 2021, with a copy of this document via CM/ECF.

_/s/ Ronald Wielkopolski_____

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective

Order entered in this matter.

_/s/ Ronald Wielkopolski_____