**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:18-CV-00483-JRG |
| | § |  |
| BI SCIENCE, INC., | § | |
| | § | |
| Defendant. | § | |

## BI SCIENCE'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT

## TABLE OF CONTENTS

BACKGROUND ..................................................................................................... 2

LEGAL STANDARD ............................................................................................ 4

ARGUMENT ......................................................................................................... 5

     I.       BRIGHT DATA'S ███████████████████ ███████ SHOULD PRECLUDE BRIGHT DATA FROM MOVING FOR CONTEMPT. ............................ 5

     II.      A FINDING OF CONTEMPT IS UNWARRANTED GIVEN THE PENDENCY OF BI SCIENCE'S MOTION TO STAY THE FINAL JUDGMENT. ............................ 8

     III.     ██████████████████████████████████ ██████████████████████████████████ ██████████████████████████████████ ..................... 9

CONCLUSION ....................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alcatel USA, Inc. v. DGI Techs., Inc.*,
  166 F.3d 772 (5th Cir. 1999) ...................................................................5

*Braintree Labs., Inc. v. Nephro-Tech, Inc.*,
  99 F. Supp. 2d 1300 (D. Kan. 2000)......................................................5, 8

*Cal. Artificial Stone Paving Co. v. Molitor*,
  113 U.S. 609 (1885) ...............................................................................5

*Clemens v. McNamee*,
  615 F.3d 374 (5th Cir. 2010) ...................................................................9

*In re Grand Jury Proceedings*,
  601 F.2d 162 (5th Cir. 1979) ...................................................................8

*Hornbeck Offshore Servs., L.L.C. v. Salazar*,
  713 F.3d 787 (Fed. Cir. 2013) ....................................................4, 5, 9, 10

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
  2019 WL 4734950 (E.D. Tex. May 22, 2019) .............................................6

*iFly Holdings LLC v. Indoor Skydiving Germany GmbH*,
  2016 WL 3675136 (E.D. Tex. Mar. 25, 2016) ............................................6

*Jacksonville Paper Co. v. Tobin*,
  206 F.2d 333 (5th Cir. 1953) ...................................................................5

*Luminati Networks Ltd. v. BIScience Inc.*,
  2019 WL 2084426 (E.D. Tex. May 13, 2019) .............................................7

*Maness v. Meyers*,
  419 U.S. 449 (1975) ...............................................................................8

*Nevada v. U.S. Dep't of Labor*,
  2018 WL 2020674 (E.D. Tex. May 1, 2018) ..............................................8

*Personalized Media Commc'ns, LLC v. Apple Inc.*,
  2021 WL 357495 (E.D. Tex. Feb. 2, 2021)................................................6

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*,
  324 U.S. 806 (1995) ...............................................................................7

*Ronin v. Lerner*,
    7 S.W.3d 883 (Tex.App.—Houston [1st Dist.] 1999) ............................................9

*Shafer v. Army & Air Force Exch. Serv.*,
    376 F.3d 386 (5th Cir. 2004) .............................................................................5

*Taggart v. Lorenzen*,
    139 S. Ct. 1795 (2019) ...........................................................................1, 5, 10

*Travelhost, Inc. v. Blandford*,
    68 F.3d 958 (5th Cir. 1995) .............................................................................5

*L.J. ex rel. V.J. v. Audubon Bd. of Educ.*,
    2007 WL 3252240 (D.N.J. Nov. 5, 2007) ...........................................................6

## Other Authorities

Wright & Miller, 11A Fed. Prac. & Proc. Civ. (3d ed.) ...............................................5

## PRELIMINARY STATEMENT

Bright Data's motion for contempt should be denied for three independent reasons.[1]

*First*, Bright Data's motion is barred by the doctrine of unclean hands. ███████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████ Dkt. 220 at 8. ████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████ . █████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████████

*Second*, Bright Data's motion is premature.  After entry of the Final Judgment, BI Science

promptly moved to stay the judgment pending appeal.  The Court has not yet ruled on the stay

request.  Until it does so, Bright Data's contempt arguments are not ripe.

*Third*, to the extent Bright Data's request for contempt is based on ████████████████

███████████████████████████████████████████████████████████████ .  A

finding of contempt is appropriate only where the movant shows by clear and convincing evidence

that there is no "*fair ground of doubt* as to the wrongfulness of the defendant's conduct."  *Taggart*

---

[1] Plaintiff Bright Data was formerly known as Luminati Networks.  BI Science refers to
Plaintiff as "Bright Data" throughout this opposition.

*v. Lorenzen*, 139 S. Ct. 1795, 1801-02 (2019).  Bright Data does not and cannot make that showing.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

## BACKGROUND

On July 2, 2020, the Court entered an Order and Final Judgment, ██████████████

████████████████████████████████████████████████████

██████████  Dkt. 220.  ██████████████████████████████

████████████████████████████████████████████████████

████████████████████████████.  *See id.* at 5-13.  ██████████████████████

██████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████

████

████████████████████████████████████████████
████████████████████████

*Id.* at 6.  ██████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████████

*See* BI Science Mot. to Stay (Dkt. 265) at 9-10; Moyal Decl. (Dkt. 265-1) ¶¶ 4-11, 19-21.

After the Court entered the Final Judgment, BI Science promptly appealed and then moved to stay the judgment pending appeal. *See* BI Science Notice of Appeal (Dkt. 228); BI Science Motion to Stay (Dkt. 234). Bright Data filed a cross-appeal. *See* Dkt. 238. The Court has not yet ruled on BI Science's motion to stay.

In February 2021, at the parties' joint request, the Court entered a Corrected Final Judgment incorporating the Court's finding that claim 108 of Bright Data's U.S. Patent No. 9,241,044 is indefinite. Dkt. 254. BI Science and Bright Data both filed supplemental notices of appeal from the Corrected Final Judgment. *See* BI Science Notice of Appeal (Dkt. 258); Bright Data Notice of Appeal (Dkt. 259). BI Science has since filed a motion to stay the Corrected Final Judgment. BI Science Motion to Stay (Dkt. 265). That motion is currently being briefed.

Bright Data, meanwhile, has moved for contempt. Bright Data argues that BI Science should be held in contempt for, among other things, ████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████

Bright Data Reply In Support of Mot. to Make Final Judgment Public (Dkt. 236) at 3-4. It is puzzling that Bright Data now seeks contempt sanctions on the ground that ████████████

███████████████████████████████████████████████████.

     This is not Bright Data's first attempt ███████████████████████████████████.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████ Order and Final Judgment (Dkt. 220) at 8. ██

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████ BI Science is appealing that judgment to the Israeli Supreme Court, and the Israeli Supreme Court has stayed enforcement pending appeal. *See* Notice of Action in Related Matter (Dkt. 251); Notice of Action in Related Matter (Dkt. 253).

     Bright Data also ████████████████████████████████████████████████ in the form of a motion to make the Court's final judgment public. *See* Dkt. 224. As Bright Data acknowledges (at 6), the Court denied that motion. Order (Dkt. 255). In the process, the Court observed that "Luminati [i.e., Bright Data] is fully bound whether this Court's rulings are sealed or not," *id.* at 2 — thus confirming ████████████████████████████████████████ ████████████████. And, while the Court observed that Bright Data had the option to "mov[e] to enforce the judgment by motion for contempt," *id.*, it did *not* pre-judge that such a motion would be meritorious. As explained below, Bright Data's contempt motion lacks merit and should be denied.

## LEGAL STANDARD

     A party commits contempt only "when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (Fed. Cir. 2013)

(quoting *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995)).  The requirement of a "definite and specific" violation is critical: the Supreme Court has repeatedly instructed that "civil contempt 'should not be resorted to where there is a *fair ground of doubt* as to the wrongfulness of the defendant's conduct.'"  *Taggart*, 139 S. Ct. at 1801-02 (quoting *Cal. Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885)).  "This standard reflects the fact that civil contempt is a severe remedy, and that principles of 'basic fairness require that those enjoined receive explicit notice of what conduct is outlawed before being held in civil contempt."  *Id.* (quotation marks and citations omitted).  Moreover, because of its severe nature, the remedy of contempt "should be used only when necessary to sustain the authority of the court."  *Braintree Labs., Inc. v. Nephro-Tech, Inc.*, 99 F. Supp. 2d 1300, 1303 (D. Kan. 2000).

"For civil contempt, th[e violation] must be established by clear and convincing evidence."  *Hornbeck*, 713 F.3d at 792; *accord* Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2960 (3d ed.).  This standard requires "proof which produces in the mind of the trier of fact a firm belief or conviction so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of precise facts of the case."  *Hornbeck*, 713 F.3d at 792 (quoting *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004)).

**ARGUMENT**

**I.** ████████████████████████████████

The doctrine of unclean hands bars Bright Data's request for a finding of contempt.  Contempt is an equitable remedy, *see Jacksonville Paper Co. v. Tobin*, 206 F.2d 333, 335 (5th Cir. 1953), and "[i]t is old hat that a court called upon to do equity should always consider whether the petitioning party has acted with unclean hands."  *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 794 (5th Cir. 1999).  As this Court has succinctly held: "Equitable relief . . . is not available

to those who commit inequity." *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 2019 WL 4734950, at *10 (E.D. Tex. May 22, 2019) (Gilstrap, J.); *see also, e.g.*, *iFly Holdings LLC v. Indoor Skydiving Germany GmbH*, 2016 WL 3675136, at *2 (E.D. Tex. Mar. 25, 2016) (Payne, J.) (similar); *L.J. ex rel. V.J. v. Audubon Bd. of Educ.*, 2007 WL 3252240, at *11 (D.N.J. Nov. 5, 2007) ("[A] movant's unclean hands can be a basis for denying the remedy of civil contempt.").

███████████████████████████. Specifically, the Final Judgment unambiguously requires that ███████████████████████████████████████████████ ███████████████████████████████████████████ Dkt. 220 at 8.  Notwithstanding this clear requirement, █████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████   ████████████████████████ ████████████████████████████████████████████████ ██████████████████████████   *See* Feb. 17, 2021 Letter from M. Charish to K. Cherian (attached as Ex. A).

In short, Bright Data cannot request the equitable relief of contempt based on BI Science's alleged violation of a judgment that Bright Data itself has refused to respect.  *See HTC Corp.*, 2019 WL 4734950, at *10 ("Ericsson cannot seek equitable relief based on HTC's failure to exercise good faith in negotiations when the jury found that Ericsson itself engaged in bad faith during those same negotiations."); *cf. Personalized Media Commc'ns, LLC v. Apple Inc.*, 2021 WL 357495, at *3 (E.D. Tex. Feb. 2, 2021) ("A finding of unclean hands 'closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks

relief, however improper may have been the behavior of the defendant . . . .'") (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814-15 (1995)).

Bright Data cannot demand the equitable remedy of contempt — which "should be used only when necessary to sustain the authority of the

7

court," *Braintree*, 99 F. Supp. 2d at 1303 — ████████████████████████

████████

## II.    A finding of contempt is unwarranted given the pendency of BI Science's motion to stay the Final Judgment.

Even if Bright Data were permitted to seek the equitable remedy of contempt—and, as explained above, it is not—Bright Data's motion would nevertheless be premature because the Court has not yet ruled on BI Science's motion to stay the Final Judgment.

Only "absent a stay" must a party who objects to a court order comply with the order pending appeal. *Maness v. Meyers*, 419 U.S. 449, 458 (1975); *In re Grand Jury Proceedings*, 601 F.2d 162, 169 (5th Cir. 1979). Here, BI Science filed a motion to stay the Final Judgment promptly upon the expiration of the Rule 62 stay. *See* Dkt. 234. The Court has not ruled on that motion. After the Court granted the parties' joint motion to correct the Final Judgment, *see* Dkt. 223, and issued a Corrected Final Judgment, *see* Dkt. 254, BI Science moved (out of an abundance of caution) to stay the Corrected Final Judgment, *see* Dkt. 265. The parties are still briefing that motion. Bright Data's attempt to secure a finding of contempt during the pendency of a request to stay the judgment is misplaced — particularly in view of BI Science's showing that its appeal presents a substantial case on the merits and that it will be irreparably harmed absent a stay pending appeal. *See* Dkt. 265; *cf. Nevada v. U.S. Dep't of Labor*, 2018 WL 2020674, at *4 (E.D. Tex. May 1, 2018) (declining to implement contempt order pending appeal of the underlying judgment and injunction because appellant "present[ed] a serious legal question and substantial arguments on the merits" and would be irreparably harmed by a finding of contempt based on its failure to abide by the injunction); *Braintree*, 99 F. Supp. 2d at 1307-08 (denying motion for contempt, even

though "defendants' efforts to comply with the [court's] order were somewhat less than diligent," because a finding of contempt was not "necessary to sustain the court's authority").[2]

Far from flouting this Court's judgment, BI Science timely sought a stay of the judgment to preserve the status quo pending appeal — interim relief that, notably, is similar to stay pending appeal that the Supreme Court of Israel granted in the Israeli proceeding that Bright Data instituted. Until this Court decides the motions to stay, Bright Data's motion for contempt is not ripe. Of course, ███████████████████████████████████ and its failure to show a clearly wrongful action (discussed below), the motion — even if ripe — will remain meritless.

**III.** ████████████████████████████████████
████████████████████████████████████████

Finally, to the extent that Bright Data's motion for contempt is premised on ████████
███████████████████████████, the motion fails on the merits because Bright Data has not shown — and cannot show — tha ██████████████████████████████
█████████████. *Hornbeck*, 713 F.3d at 792.

████████████████████████████████████████

████████████████████████████████████████

█████████ Mot. 1; *see* Order and Final Judgment (Dkt. 220) at 6. But Bright Data ignores

---

[2] Bright Data's suggestion that BI Science is not likely to succeed on appeal because its appellate issues are subject to a "clear error" standard of review, Mot. 10, is incorrect. As explained in BI Science's motion to stay, *see* Dkt. 265 at 1, BI Science will argue on appeal that its attenuated contacts with the State of Texas do not subject it to personal jurisdiction in this State and that █████████████████████████████. "Whether the district court can properly exercise personal jurisdiction over the defendant is an issue of law [that the court of appeals] review[s] de novo." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). ███
████████████████████████████████████████

*See Ronin v. Lerner,* 7 S.W.3d 883, 886 (Tex.App.—Houston [1st Dist.] 1999).



██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████    Dkt. 220 at 6 (emphases added).

██████████████████████████████████████████████

███████████████████████████████████████. And it thus creates — at the very least — a "*fair ground of doubt*," *Taggart*, 139 S. Ct. at 1799, ██████████

██████████████████████████████████. Accordingly, ███████████████

███████████████████████████████████████. *See Hornbeck*, 713 F.3d at 793 (vacating finding of civil contempt based on party's failure to seek a remand to administrative agency because the allegedly violated order did not "include an express or clearly inferable obligation to petition for a remand").[3]

## CONCLUSION

Bright Data's motion for contempt fails for three reasons. *First*, ███████████████ ██████████████████████████████████████ precludes Bright Data from seeking to hold BI Science in contempt for allegedly violating the Final Judgment. *Second*, Bright Data's motion is premature in light of BI Science's still-pending motion to stay the Final Judgment pending appeal. *Third*, Bright Data's arguments fail on the merits to the extent they are

---

[3] ████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
█████████████████████████████████████████ *See* Moyal
Decl. (Dkt. 265-1) ¶¶ 5-8. ████████████████████████ BI
Science Mot. to Stay (Dkt. 265) at 1.

based on █████████████████████████████████████████████████████████

████████████████████████████████████████. Bright Data's motion

for contempt should be denied.


Dated: April 21, 2021

                                        Respectfully submitted,

                                        By:   /s/*Gregory P. Love*

                                        Gregory P. Love
                                        Texas Bar No. 24013060
                                        Love Law Firm
                                        P.O. Box 948
                                        Henderson, Texas 75652
                                        Phone: (903) 212-4444
                                        Fax: (903) 392-2267
                                        greg@lovetrialfirm.com


                                        J.C. Rozendaal (admitted *pro hac vice*)
                                        Sterne Kessler Goldstein & Fox P.L.L.C.
                                        1100 New York Avenue NW, Suite 600
                                        Washington, D.C. 20005
                                        Phone: (202) 772-8747
                                        Fax: (202) 371-2540
                                        jcrozendaal@sternekessler.com

                                        Michael A. Charish (admitted *pro hac vice*)
                                        Charish Law Group P.C.
                                        347 Fifth Avenue, Suite 1402
                                        New York, New York 10016
                                        Phone:  (646) 328-0183
                                        michael@charish.law

                                        *Attorneys for Defendant BI Science (2009) Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 21st day of April 2021 with a copy of this document via electronic mail.

/s/ *Gregory P. Love*
Gregory P. Love

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ *Gregory P. Love*
Gregory P. Love