

**בבית המשפט העליון**

**רע"א 44/21**

| | |
|---|---|
| לפני: | כבוד השופט י' עמית |
| | כבוד השופט ד' מינץ |
| | כבוד השופטת י' וילנר |
| | |
| המבקשת: | בי. איי סיאנס (2009) בע"מ |
| | |
| | נ ג ד |
| | |
| המשיבה: | לומינטי נטוורקס בע"מ |

בקשת רשות ערעור על פסק דינו של בית המשפט המחוזי
בתל אביב-יפו (כב' השופטת י' שבח, סג"נ) בהפ"ב 62712-
05-20 מיום 29.11.2020

| | |
|---|---|
| בשם המבקשת: | עו"ד אסף ביגר ; עו"ד נירן דור |
| בשם המשיבה: | עו"ד ד"ר סער פאוקר ; עו"ד בני וינסטון |

**פסק-דין**

השופט ד' מינץ:

בקשת רשות ערעור על פסק דינו של בית המשפט המחוזי בתל אביב-יפו (כב' השופטת י' שבח, סג"נ) מיום 29.11.2020 בהפ"ב 62712-05-20 במסגרתו התקבלה בקשת המשיבה לאכיפת פסק בוררות שניתן במדינת טקסס שבארצות הברית ביום 29.4.2020.

הרקע לבקשה

1. ברקע להליך סכסוך בין המבקשת לבין המשיבה, שתי חברות העוסקות בתחום שרתי Proxy, הנעוץ בטענת המשיבה כי המבקשת הפרה בפעילותה את זכויות קניינה הרוחני. המשיבה הגישה נגד המבקשת תובענה בבית משפט פדרלי במדינת טקסס וההליך הועבר לגישור בפני מר William Cornelius (להלן: הבורר). ביום 23.2.2020

הגיש הבורר בקשה משותפת בשם הצדדים לעיכוב ההליך נוכח הגעתם להסכמה עקרונית לפשרה (להלן: הסכם הפשרה). למחרת היום ערך הבורר מסמך נוסף שכותרתו "Mediated Settlement" שנכתב בסופו כי הצדדים מסכימים להביא כל מחלוקת בנוגע להוראות ותנאי הפשרה לבוררות מחייבת בפני הבורר (להלן: תניית הבוררות).

2.   המשיבה סברה כי המבקשת נמנעת מליישם את הסכם הפשרה ועל רקע זה הגישה לבית המשפט בארצות הברית בקשה להכרה בתוקפו של הסכם הפשרה. ביום 13.4.2020, לאחר שמיעת טיעוני הצדדים, קיבל בית המשפט את טענת המשיבה כי הצדדים הגיעו להסדר פשרה הכולל תניית בוררות.

3.   בהתאם לכך, פנו הצדדים לבורר על מנת שיכריע בסכסוך לגופו של עניין. ביום 29.4.2020 ניתן פסק בוררות, שחייב את המבקשת בביצוע פעולות מסוימות שאינן רלוונטיות להכרעה בשאלה העקרונית שמציבה בקשה זו (להלן: פסק הבוררות). בהמשך הגישה המשיבה לבית המשפט בטקסס בקשה לאכיפת הסכם הפשרה ופסק הבוררות (Enforcement of settlement agreement and arbitrator's award).

4.   ביום 27.5.2020 הגישה המשיבה לבית המשפט המחוזי בקשה "לאישור פסק בוררות חוץ" יחד עם בקשה למתן סעדים זמניים שונים. המבקשת בתגובה טענה כי יש לדחות את הבקשה. בין היתר, טענה כי נוכח הגשת הבקשה לאכיפת פסק הבוררות בטקסס, היה על המשיבה לנקוט בהליך לפי חוק אכיפת פסקי חוץ, התשי"ח-1958 (להלן: חוק אכיפת פסקי חוץ) ולא בהליך אישור פסק בוררות לפי חוק הבוררות, התשכ"ח-1968 (להלן: חוק הבוררות). לדעתה אין מדובר רק בשאלה פרוצדורלית גרידא, שכן על פי סעיף 3(2) לחוק אכיפת פסקי חוץ אחד התנאים להכרזה על פסק חוץ כאכיף הוא שהפסק אינו ניתן עוד לערעור. כמו כן, בפסק הבוררות נקבעה "תניית שיפוט ייחודית" לבתי המשפט בטקסס ולכן לא הייתה המשיבה רשאית להגיש את הבקשה בישראל. בנוסף, על הסכם הפשרה חתם הבורר בלבד מבלי שהצדדים חתמו עליו, בניגוד להוראות סעיף 2 לאמנת ניו יורק בדבר הכרתם ואכיפתם של פסקי בוררות חוץ, 1958 (להלן: אמנת ניו יורק) וגם בשל כך לא ניתן להורות על אכיפת פסק הבוררות, והמשיבה גם לא הגישה תגובה להתנגדות לאכיפת הפסק מצד המבקשת. לבסוף, טענה המבקשת כי הסכם הפשרה נעדר תוקף. זאת מפני שלא התגבש בין הצדדים הסדר סופי ומחייב, לרבות תניית הבוררות עליה נסמכה ההתדיינות לפני הבורר. ערעור על קביעתו של בית המשפט הפדרלי כי מדובר בהסדר פשרה מחייב תלוי ועומד ועל כן לא ניתן להסתמך גם על קביעה זו.

5. כאמור, המשיבה לא הגישה תגובה להתנגדותה של המבקשת, אך בית המשפט המחוזי למד את עמדתה מכתבי הטענות השונים שהגישה במסגרת ההליך. בתמצית, המשיבה סברה כי היא זכאית לקבל את צו האכיפה מכוח הוראותיה של אמנת ניו יורק, משעה שהמבקשת לא הוכיחה את התקיימות התנאים הקבועים בה המצדיקים הימנעות מאכיפת פסק בוררות חוץ.

6. לשלמות התמונה יצוין כי ביום 2.7.2020, לאחר הגשת הבקשה לבית המשפט המחוזי לאישור פסק הבוררות, אישר בית המשפט בטקסס את פסק הבוררות. המבקשת הגישה נגד פסק דין זה ערעור לבית המשפט הפדרלי לערעורים, אשר נכון ליום מתן פסק הדין מושא הבקשה טרם הוכרע.

פסק דינו של בית המשפט המחוזי

7. בית המשפט המחוזי דחה את טענת המבקשת בדבר היעדר תוקף לתניית הבוררות והורה על אכיפת הפסק. לאחר עיון בחומר הראיות נקבע כי החומר מצביע על הסכמתם של המבקשת ובאי-כוחה להסכם הפשרה ולתניית הבוררות המעוגנת בו. המבקשת גם לא צירפה ראיה המצביעה על כך שתניית הבוררות הייתה נעדרת תוקף. גם הטענה כי צורתו של ההסכם, קרי היעדרן של חתימות הצדדים, מונעת את אכיפת פסק הבוררות בישראל נדחתה, תוך שבית המשפט מציין כי בא-כוחה של המבקשת אישר לבורר בדוא״ל לפנות לבית המשפט בקשר להסכם, שכלל גם את תניית הבוררות. אישור זה מקיים את דרישת הכתב הקבועה בסעיף 2(2) לאמנת ניו יורק.

8. באשר למסגרת הדיונית, בית המשפט דחה את טענת המבקשת כי לאור אישורו של פסק הבוררות על ידי בית המשפט בטקסס, המסלול היחיד "לקליטת" פסק הבוררות הוא המסלול שמתווה החוק לאכיפת פסקי חוץ, ולא חוק הבוררות במסגרתו הוגשה הבקשה לאישור הפסק. בית המשפט סבר כי פרשנותה של המבקשת את סעיף 3(2) לחוק אכיפת פסקי חוץ, לפיה אין לנקוט בהליכי הכרה ואכיפה של פסק בוררות חוץ כל עוד תלוי ועומד הליך בבית משפט זר בנוגע לתוקפו אינה מתיישבת עם תקנה 4 לתקנות לביצוע אמנת ניו-יורק (בוררות חוץ), התשל״ח-1978 ועם הוראת סעיף 6 לאמנת ניו יורק. שתי הוראות אלה מקנות לבית המשפט סמכות לדחות את ההליכים בבקשה לאישור פסק בוררות חוץ כאשר הוגשה בקשה לביטול הפסק או להתלייתו לרשות המוסמכת במקום בו ניתן ואינן קובעות כי עצם הגשת בקשות אלה מובילה למחיקת בקשת אישור הפסק.

9. עוד ציין בית המשפט כי המבקשת לא הצביעה על סיבה בגינה "יופלה" לרעה מי שמחזיק בידיו פסק בוררות חוץ שאושר במדינה אשר על פי חוקיה נערכה הבוררות על פני מי שפסק הבוררות הזר בו הוא מחזיק טרם זכה לכל בחינה שיפוטית. כך, מי שאינו אוחז בידו פסק חוץ המאשר את פסק הבוררות שניתן לטובתו יכול להגיש בקשה לאישור פסק הבוררות במדינת תושבותו. לעומת זאת, מי שאושר פסק הבוררות שניתן לטובתו בפסק חוץ ייאלץ להמתין עד להפיכתו של פסק החוץ לפסק דין חלוט, על מנת שיוכל לאוכפו מכוח חוק אכיפת פסקי חוץ. בנוסף, הבקשה לאישור הפסק הוגשה לפני אישורו על ידי בית המשפט בטקסס ולא הוכח על ידי המבקשת כי הפסק המאשר הוא תוצאה של בקשה יזומה מצד המשיבה.

10. גם טענות המבקשת לגבי תניית שיפוט ייחודית בבית המשפט בטקסס ואי הגשת כתב תשובה על ידי המשיבה נדחו על ידי בית המשפט, על אף שציין כי היה על המשיבה להגיש תשובה להתנגדות המבקשת. סיכומם של דברים, בית המשפט הורה על אכיפת פסק הבוררות.

טענות הצדדים

11. מכאן הבקשה שלפנַי. המבקשת מלאה טענות כרימון כלפי פסק דינו של בית המשפט המחוזי. טענתה העיקרית היא כי שגה בית המשפט כאשר דחה את טענתה כי פסק הבוררות נבלע בפסק דינו של בית המשפט בטקסס שאישרו ועל כן אין כל מקום להכיר ולאכוף את פסק הבוררות בשלב זה. מעבר לכך, פסק הבוררות כלל תניית שיפוט המפנה לבית המשפט בטקסס ועל כן לא הייתה המשיבה רשאית להגיש כלל בקשה לאוכפו בישראל. כמו כן, בהתנהלות המשיבה נפלו פגמים דיוניים חמורים אשר הצדיקו את דחיית בקשתה לאכיפת פסק הבוררות. לבסוף, המבקשת עתרה לחלופין לעכב את הדיון בבקשה לאכיפת הפסק עד להכרעה בערעור שהגישה על פסק הדין שאישר את פסק הבוררות בארצות הברית, בהתאם לסעיף 6 לאמנת ניו יורק, ובית המשפט לא התייחס לבקשה זו.

12. בתשובתה טענה המשיבה כי הבקשה אינה נמנית על המקרים המצדיקים מתן רשות ערעור. לגופם של דברים, המשיבה דוחה את טענת המבקשת כי תניית הבוררות נעדרת תוקף. המבקשת לא הפנתה לכל ראיה המצביעה על היעדר הסכמה לקיום הליך הבוררות. להיפך, הראיות מצביעות על שיתוף פעולה של באי-כוחה עם הליך הבוררות. באשר לאישור פסק הבוררות על ידי בית המשפט בארצות הברית, לשיטתה אין באישור האמור כדי למנוע את אכיפתו בישראל. אין היגיון בטענת המבקשת כי אישור פסק הבוררות דווקא מרע את מצבו של הצד המבקש לאוכפו, שיכול עתה להגיש בקשה רק

4

לפי החוק לאכיפת פסקי-חוץ ולא לפי אמנת ניו יורק. אין ממש גם בטענת המבקשת כי ההוראה בפסק הבורר לפיה סמכות השיפוט על פסק הבוררות תהא בטקסס חוסמת את המשיבה מהגשת בקשה לאכיפת פסק הבוררות בישראל. מדובר בהוראה בפסק בורר ולא בתנייה הסכמית, אשר לא נועדה להוות מחסום דיוני מפני אכיפת פסק הבורר מחוץ לארצות הברית. גם טענת המבקשת כי בית המשפט לא התייחס לבקשתה לעיכוב ההליכים דינה להידחות, שכן בית המשפט נתן דעתו לבקשה. מכל מקום, המבקשת זנחה את בקשתה לעיכוב ההליכים בסיכומיה לפני בית המשפט ולגופם של דברים משעה שלא הוגשה על ידי המבקשת בקשה לביטול פסק הבוררות, היא אינה עומדת בתנאים הקבועים בסעיף 6 לאמנת ניו יורק.

דיון והכרעה

13.   לאחר עיון בבקשה, בתשובה ובנספחים שציירפו הצדדים ובהתאם לסמכות המסורה לי לפי תקנה 149 לתקנות סדר הדין האזרחי, התשע״ט-2018, הגעתי למסקנה כי יש לקבל את הבקשה ולדון בה כבערעור אך זאת רק בכל הנוגע לשאלה האם המסלול לאכיפת פסק בוררות זר, שאושר זה מכבר במדינה שבה ניתן, הוא באמצעות בקשה לפי סעיף 29א לחוק הבוררות או שמא המסלול בו יש לילך הוא המסלול הקבוע בחוק לאכיפת פסקי חוץ. יחד עם זאת באתי לכלל מסקנה כי דין הערעור להידחות וכך אמליץ לחבריי שנעשה.

הטענות הנוספות שהעלתה המבקשת בבקשה אינן חורגות מעניינים הפרטני של הצדדים ואינן מצדיקות מתן רשות ערעור (ראו: רע״א 1751/21 כנס נ׳ ועקנין, פסקה 7 (17.3.2021); רע״א 1847/21 גל עם נכסים בע״מ נ׳ תשובה התחדשות עירונית (2016) בע״מ, פסקה 8 (17.3.2021)).

14.   פסק בוררות חוץ מוגדר בסעיף 1 לחוק הבוררות כפסק בוררות שניתן מחוץ לישראל. פסק בוררות חוץ, בדומה לפסק בוררות "מקומי", מחייב את הצדדים כמעשה בית דין מעצם קיומו. הרציונל לכך הוא שפסק בוררות שואב תוקפו מהסכמת הצדדים. עם זאת, לצורך אכיפת פסק הבוררות נדרשת קליטתו בישראל. חוק הבוררות ואמנת ניו יורק מסדירים את אופן קליטתו של פסק בוררות חוץ בישראל. סעיף 29א לחוק הבוררות מעניק לבית משפט בישראל את הסמכות לאשר או לבטל פסק בוררות חוץ שחלה עליו אמנה בינלאומית. כך נקבע בסעיף:

"בקשה לאישור או לביטול של פסק בוררות-חוץ שחלה
עליו אמנה בינלאומית שישראל צד לה והאמנה קובעת

הוראות בעניין הנדון, תוגש ותידון בהתאם לאותן הוראות ובכפוף להן".

אין מחלוקת בין הצדדים כי אמנת ניו יורק, העוסקת בפסקי בוררות שניתנו במדינה אחרת מזו שבה מתבקשת הכרתם (Recognition) או אכיפתם (Enforcement), חלה בענייננו. בסעיף 3 לאמנת ניו יורק בנוסחו בעברית נקבע כדלקמן:

"כל מדינה מתקשרת תכיר בפסקי בוררות כמחייבים ותאכוף אותם בהתאם לסדרי הדין של הארץ שבה מסתמכים על הפסק, לפי התנאים הקבועים בסעיפים הבאים. על הכרתם או אכיפתם של פסקי בוררות שאמנה זו חלה עליהם לא יוטלו תנאים קשים יותר במידה ניכרת, או אגרות או היטלים גבוהים יותר, מאלה המוטלים על הכרתם או אכיפתם של פסקי בוררות פנימיים".

עוד קובעת אמנת ניו יורק, כי בעל דין המבקש הכרה ואכיפה של פסק בוררות חוץ נדרש להמציא עם בקשתו את פסק הבוררות המקורי ואת הסכם הבוררות המקורי (סעיף 4 לאמנת ניו יורק). מדרישות אלה אנו למדים כי לצורך הכרה ואכיפה, לא נדרש אישורו של פסק הבוררות במדינה בה ניתן. זהו אחד מהחידושים העיקריים של אמנת ניו יורק על פני אמנת ז'נבה משנת 1927, אמנת הבוררות הבינלאומית שקדמה לה. אחד התנאים להכרה ואכיפה של פסק בוררות חוץ על פי אמנת ז'נבה היה הוכחה כי פסק הבוררות אושר במדינה בה ניתן, היינו דרישה ל"הכרה" הכפולה (כלל זה מכונה The Double Exequatur Doctrine). באמנת ניו יורק ישנה גם רשימה סגורה של עילות להתנגדות לבקשה לאכיפה והכרה בפסק בוררות (סעיף 5 לאמנת ניו יורק).

15. הדרישה ל-double exequatur הוחלפה בסעיף 5(1)(ה) לאמנת ניו יורק. תחת דרישה זו, סעיף 5 מונה רשימה סגורה של עילות להתנגדות לבקשה לאכיפה והכרה בפסק בוררות חוץ: הסכם שאינו בר-תוקף (סעיף 5(1)(א)); אי מתן הזדמנות למתנגד לטעון טענותיו בהליך הבוררות (סעיף 5(1)(ב)); פסק בוררות המכריע בנושאים שלא נמסרו להכרעתו של הבורר, היינו טענת חוסר סמכות (סעיף 5(1)(ג)); שהבוררות התנהלה שלא בהתאם להסכם הבוררות (סעיף 5(1)(ד)); פסק הבוררות בוטל או הותלה על ידי הרשות המוסמכת במדינה בה ניתן (סעיף 5(1)(ה)). סעיף 5(1)(ה), הוא הרלוונטי לענייננו לנוכח טענת המבקשת כי אין מקום להכיר ולאכוף את פסק הבוררות בעת הזו, טרם ההחלטה המאשרת אותו במקום בו ניתן (טקסס) הפכה לחלוטה. בנוסחו באנגלית קובע הסעיף כדלקמן:

6

> "Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked. Only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:
> (a)…
> (b)…
> (c)…
> (d)…
> (e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made".

ובנוסח בעברית:

> "לפי בקשת בעל הדין שנגדו מעידים את הפסק אפשר לסרב להכרתו ואכיפתו רק אם אותו בעל דין המציא לרשות המוסמכת, שממנה מבוקשות ההכרה והאכיפה, הוכחה —
> (א)...
> (ב)...
> (ג)...
> (ד)...
> (ה) שהפסק טרם נעשה חובה על בעלי הדין, או בוטל או הותלה על ידי רשות מוסמכת של הארץ שבה, או שלפי דינה, ניתן הפסק".

היינו, האפשרות להתנגד להכרה בפסק בוררות חוץ במסגרת העילה המפורטת קיימת רק כאשר הפסק "טרם נעשה חובה" או "בוטל" או "הותלה". במקרה דנן, פסק הבוררות לא בוטל ולא הותלה, אך ההחלטה המאשרת אותו טרם הפכה חלוטה, שכן תלוי ועומד לגביה ערעור המבקשת בערכאת הערעור הפדרלית. על פי פשוטו של מקרא, יש אפוא רגליים לסברה כי כל אימת שפסק הבוררות טרם אושר באופן סופי כך שאין עליו עוד עוררין במדינה בה ניתן, הוא "טרם נעשה חובה על בעלי הדין" ועל כן הדין עם המבקשת.

16.   אלא מאי, בעניין זה קיים קונצנזוס בקרב המלומדים ובתי משפט במדינות רבות כי המילה "binding" (נעשה חובה, בנוסח העברי) אין משמעה כי הזוכה בפסק הבוררות נדרש להגיש בקשה לאישורו של פסק הבוררות במדינה בה ניתן על מנת להביא להכרה ואכיפה של הפסק במדינה אחרת. על פי עמדה זו, פרשנות לפיה העובדה שפסק הבוררות טרם אושר במדינת המקור מהווה עילה לסרב להכרה ואכיפה לפי אמנת ניו יורק, תחתור תחת כוונתם של מנסחי האמנה, אשר ביקשו כאמור לבטל את דרישת ה-double exequatur (שנקבעה באמנת ז'נבה) Dana H. Freyer & Hamid G. Gharavi, *Finality and*

*Enforceability of Foreign Arbitral Awards: From "Double Exequatur" to the Enforcement of Annulled Awards: A Suggested Path to Uniformity Amidst Diversity*, 13 ICSID Foreign Inv. L.J. 101, 106 (1998) (להלן: פרייר וגרבי)). יחד עם זאת, השלילה האמורה אינה מספיקה ועדיין יש לצקת תוכן אל המונח "נעשה חובה".

17. בפסיקת בתי המשפט השונים ובקרב מלומדים קיימות מספר גישות פרשניות למונח. לפי הגישה הראשונה, הבחינה האם פסק בוררות חוץ "נעשה חובה" צריכה להתבצע בהתאם לחוק במדינה שעל פי חוקיה התנהלה הבוררות (להלן: מדינת המקור). כלומר, רק כאשר פסק הבוררות נעשה מחייב לפי חוקי מדינת המקור הוא "נעשה חובה" גם לפי אמנת ניו יורק. על פרשנות זו נמתחה ביקורת, לפיה היא תפגע באחידות האכיפה וההכרה בפסקי דין מכוח אמנת ניו יורק ותוביל לתוצאות שונות ביחס לפסקי בוררות שניתנו במדינות שונות. לפי הפרשנות השנייה, פסק בוררות חוץ "נעשה חובה" לפי אמנת ניו יורק כאשר לא ניתן עוד לערער עליו לגופו. לפי גישה זו, פסק הבוררות "נעשה חובה" אף אם ניתן עוד להגיש בקשה לביטולו. גישה שלישית היא כי פסק הבוררות "נעשה חובה" כאשר לא ניתן לערער עליו עוד במסגרת הליכי בוררות, להבדיל מערעור לפני ערכאה שיפוטית (ראו: Fertilizer Corp. of India v. IDI Management, 517 F. Supp. 948 (S.D Ohio 1981)). לבסוף, פרשנות רביעית היא כי פסק הבוררות "נעשה חובה" אלא אם בוטל או הותלה על ידי הרשות המוסמכת. על פי פרשנות זו, מרגע מתן פסק הבוררות הוא נעשה חובה לפי אמנת ניו יורק וניתן להגיש לגביו בקשה להכרה ואכיפה. היינו, כי ניתן פסק בוררות סופי (לפירוט על אודות הגישות הפרשניות השונות, ראו: פרייר וגרבי, עמ' 107-109). הסוגיה טרם נדונה בפסיקה הישראלית, וסבור אני כי הפרשנות לפיה פסק בוררות "נעשה חובה" כאשר לא ניתן עוד להגיש עליו ערעור במסגרת הליכי בוררות היא הפרשנות הראויה. "נעשה חובה" בהקשר של אמנת ניו יורק משמעו שהליך הבוררות הסתיים בפסק בוררות הבשל לאישור על ידי בית המשפט המוסמך, ולא לאחריו.

18. גם סוגיית ההכרה והאכיפה של פסקי בוררות זרים שאושרו או בוטלו במדינת המקור מכוח אמנת ניו יורק והשלכותיה טרם נדונה בפסיקה. סוגיה זו מתעוררת מלכתחילה נוכח לשון סעיף 5 לאמנת ניו יורק לפיו "אפשר לסרב" (may refuse) גם כאשר קיימת עילה להתנגדות לאכיפה והכרה כדוגמת העובדה שפסק הבוררות בוטל על ידי הרשות המוסמכת. לצורך הדיון אציג מספר תרחישים אפשריים. כנקודת מוצא, נניח כי במדינה א' שהיא מדינת המקור ניתן פסק בוררות לטובתו של ב' ולחובתו של ג'. בהינתן תנאי פתיחה אלה, נבחן מספר מקרים עיקריים בהם הסוגיה עשויה להתעורר:

(א)   ג׳ הגיש בקשה לביטולו של פסק הבוררות במדינת המקור ובית המשפט המוסמך הורה על ביטולו של פסק הבוררות. ניתן להצביע על מספר גישות עיקריות ביחס לאכיפה והכרה של פסקי בוררות זרים שבית המשפט המוסמך הורה על ביטולם. הראשונה היא "הגישה הטריטוריאלית". לפי גישה זו, המקום שעל פי חוקיו נערכה הבוררות הוא שקובע את הדינים שיחולו על ההליך, גם במסגרת של הכרה ואכיפה על פי אמנת ניו יורק. בהתאם לכך, ביטולו של פסק הבוררות במדינת המקור מביא לכך שלא ניתן לאכפו עוד מכיוון שאין עוד מה לאכוף (ex nihilo nil fit). במשך שנים רבות זו הייתה הגישה הפרשנית המובילה. לפי הגישה השנייה, "הגישה האוניברסלית", מערכת המשפט בה מתבקשת הכרה ואכיפה של פסק הבוררות הזר רשאית להתעלם מהחלטה על ביטול פסק הבוררות במדינת המקור, אם על פי דיני הבוררות החלים בה לא קמה עילת ביטול. עמדה זו נשענת על פרשנות סעיף 7 לאמנת ניו יורק, לפיו "הוראות אמנה זו ... לא ישללו משום צד מעוניין כל זכות שקיימת בידו להשתמש בפסק בוררות בדרך ובמידה המותרת לפי דיניה או הסכמיה של הארץ המתבקשת להסתמך על פסק זה". עיקרון זה מוכר כעיקרון ה-More-Favorable-Right. זוהי הגישה הנוהגת במשפט הצרפתי אך היא לא הכתה שורשים בשיטות משפט אחרות (לפירוט על הגישה הצרפתית והביקורת עליה, ראו: Hamid G. Gharavi, *Enforcing Set Aside Arbitral Awards: France's Controversial Steps beyond the New York Convention*, 6 J. Transnat'l L. & Pol'y 93 (1996)). גישה שלישית נסמכת על לשונה של אמנת ניו יורק (…the award *may* be refused), ולפיה ביטול כאמור אינו מונע אפשרות של הכרה ואכיפה של פסק הבוררות. אמנם, ככלל ביטולו של פסק הבוררות במדינת המקור חוסם את אכיפתו והכרתו במדינה זרה. אולם לבית המשפט שיקול דעת בסוגיה ובאפשרותו להכיר ולאכוף את פסק הבוררות על אף שבוטל במדינת המקור. הכרה ואכיפה כאמור תתרחשנה רק במקרים חריגים בהם בית המשפט מגיע למסקנה, למשל, כי ההחלטה על ביטול פסק הבוררות התקבלה על ידי ערכאה שאינה עצמאית או בעלת משוא פנים (למקרה שכזה בהולנד, ראו: Yukos Capital SARL/OAO Rosneft, Gerechtshof [Hof], Amsterdam, Apr. 28, 2009; זוהי גם הגישה הנוהגת באנגליה: Jonathan Hill, *The Significance of Foreign Judgments Relating to an Arbitral Award in the Context of an Application to Enforce the Award in England*, 8(2) J. PRIV. INT'l L. 159, 175 (2012) (להלן: היל)).

(ב)   ג׳ הגיש בקשה לביטולו של פסק הבוררות במדינת המקור ובית המשפט המוסמך דחה את הבקשה. במקרה זה, ייתכן שפסק דינו של בית המשפט במדינת המקור יהיה בבחינת מעשה בית דין ויקים השתק עילה המונע מג׳ לטעון טענות זהות בבואו להתנגד לבקשה להכרה ואכיפה של פסק הבוררות (זהו הדין הנוהג באנגליה: House of Spring Garden v. Waite [1991] 1 QB 241; ובארצות הברית: Gulf Petro Trading Co. Inc v. Nigerian

באמנת ניו יורק .(National Petroleum Corp., 288 F. Supp. 2d 783 (N.D Tex. 2003)
אין התייחסות למקרה מעין זה, אולם, מטבע הדברים, דחיית בקשה לביטול פסק
הבוררות במדינה המקור תחליש את התנגדותו של ג׳ להכרה ואכיפה מכוחה.

(ג)      ב׳ הגיש בקשה לאישורו של פסק הבוררות במדינת המקור ובית המשפט המוסמך
קיבל את הבקשה (בדומה לענייננו). העמדה המקובלת בספרות היא, כי אין סימטריה בין
פסק דין המבטל את פסק הבוררות לבין פסק דין המאשר אותו. הווה אומר, לפסק דין
המאשר את פסק הבוררות חשיבות פחותה, בהקשר של אמנת ניו יורק. לפי עמדה זו, על
בית המשפט במדינה בה מתבקשת הכרה ואכיפה לבחון באופן עצמאי האם מתקיימת
אחת מהעילות הקבועות בסעיף 5 לאמנה. אחד הנימוקים המרכזיים לגישה זו בדבר חוסר
סימטריה היא העובדה שסעיף 5(1)(ה) עוסק במפורש בפסק דין המורה על ביטולו של
פסק הבוררות וקובע את הביטול כאחת הסיבות לסירוב להכיר ולאכוף פסק חוץ, כאמור.
להבדיל, האמנה אינה מתייחסת כלל לאישורו של פסק בוררות על ידי בית המשפט
במדינת המקור (היל, 176-177). עם זאת, בדומה למקרה בו נדחתה בקשה לביטול פסק
בוררות במדינת המקור, גם אישורו יכול להקים השתק עילה המונע מג׳ להעלות טענות
שנטענו זה מכבר לפני בית המשפט המוסמך במדינת המקור (שם, 181).

19.      מכל מקום, פתיחתו של הליך אישור פסק בוררות במדינת המקור, ואף אישורו,
אינם מונעים הגשת בקשה להכרה ואכיפה מכוח סעיף 29א לחוק בהתאם לאמנת ניו יורק.
פרשנות המבקשת, לפיה פסק הבוררות הזר ״נבלע״ על ידי פסק הדין הזר המאשר אותו,
כך שלאחר אישורו במדינת המקור או פתיחה בהליך אישור, לא ניתן עוד להגיש בקשה
להכרה ואכיפה לפי סעיף 29א לחוק הבוררות, חוטאת לתכליתה של אמנת ניו יורק –
יצירת מנגנון חלופי לפתרון סכסוכים בינלאומיים. יתרה מכך, היא תביא למצב דברים
בו מדינת ישראל מפרה את ההתחייבויות שנטלה על עצמה במסגרת חתימתה על האמנה
(ראו: Martin L. Roth, *Recognition by Circumvention: Enforcing Foreign Arbitral Awards*
*as Judgments under the Parallel Entitlements Approach*, 92 CORNELL L. REV. 573, 581
(2007) (להלן: Recognition by Circumvention)).

20.      שאלה נגזרת היא האם לאחר אישורו של פסק הבוררות על ידי בית המשפט
המוסמך, יכול הזוכה לפנות גם במסלול מקביל של אכיפת פסק חוץ, המוסדר בחוק
אכיפת פסקי חוץ. על פי גישה המכירה באפשרות זו, המכונה גישת ״הזכאות המקבילה״
(Parallel Entitlement), אדם המחזיק בידו פסק בוררות חוץ ופסק חוץ המאשרו, יכול
לפעול הן בדרך המותווית באמנת ניו יורק לאכיפה והכרה של פסק בוררות חוץ והן בדרך
של אכיפת פסק החוץ. זוהי הגישה המקובלת בארצות הברית (ראו למשל: Seetransport

Wiking Trader Schiffahrtsgesellschaft Mbh & Co v. Navimpex Centrala Navala 29 F.3d 79 (2d Cir 1994); Island Territory of Curacao v. Solitron Devices Inc. 489 F.2d 1313 (2d Cir 1973), 584-586, Recognition by Circumvention, וגם העמדה הנוהגת בהודו ובאוסטרליה (ראו: Maxi Scherer, *Effects of Foreign Judgments Relating to International Arbitral Awards: Is the 'Judgment Route' the Wrong Road?*, 4 J. Int'l Disp. Resol. 587, 600 (2013). במובן מסוים, גישה זו אומצה גם בישראל, אגב אורחא, ברע"א 10854/07 פיקהולץ (בדנר) נ' JAIME SOHACHESKI (17.3.2010)). באותו מקרה נקבע כי ניתן לאכוף פסק דין אמריקאי בו אושר פסק בוררות באמצעות החוק לאכיפת פסקי חוץ. ברם, סבורני כי אף על פי שאין לחסום כליל את האפשרות לעשות שימוש במסלול זה, דרך המלך להכרה ואכיפה של פסקי חוץ צריכה שתהא רק במסלול הקבוע בסעיף 29א לחוק הבוררות ובאמנת ניו יורק. הווה אומר, שימוש בחוק לאכיפת פסקי חוץ לשם אכיפת פסק בוררות שאושר צריך שיהיה החריג, בו ייעשה שימוש במקרים נדירים בלבד.

21. סיכומם של דברים, בכל הנוגע לבקשה דנא, לא נפל פגם בפסק דינו של בית המשפט המחוזי, על פיו ניתן להגיש בקשה לאכיפת פסק הבוררות הזר למרות שהוגשה בקשה מקבילה לאישורו במדינת המקור. באשר לשאלות הנוספות שנדונו, ניתן לסכם את העניין כך:

א. המושג "נעשה חובה" בסעיף 5(1)(ה) לאמנת ניו יורק משמעו כי לא ניתן עוד להגיש על פסק הבוררות ערעור במסגרת הליכי הבוררות, להבדיל מערעור לפני ערכאה שיפוטית.

ב. ככלל, לאחר ביטולו של פסק בוררות במדינת המקור, אין להכיר בו ולאכפו מכוח אמנת ניו יורק, למעט במקרים חריגים. לדוגמה, כאשר ההחלטה על ביטולו התקבלה על ידי פורום שיפוטי שאינו עצמאי ובלתי תלוי.

ג. מנגד, אישורו של פסק הבוררות במדינת המקור אינו מביא מיניה וביה להכרה ואכיפה מכוח אמנת ניו יורק. לצד זאת, דחיית טענות הנוגעות לתוקפו של פסק הבוררות במסגרת בקשה לאישורו או לביטולו יכולה להקים השתק עילה המונע העלאת טענות זהות במסגרת התנגדות לאכיפה ואישור פסק הבוררות בישראל.

ד. המסלול לאישור ואכיפה של פסק בוררות חוץ הוא המסלול הקבוע בסעיף 29א לחוק הבוררות ובאמנת ניו יורק. לצד זאת, במקרים נדירים וחריגים, לאחר אישור

פסק הבוררות על ידי בית המשפט המוסמך במדינת המקור, ניתן יהיה להכיר בפסק החוץ המאשר באמצעות המסלול הקבוע בחוק לאכיפת פסקי חוץ.

בסופו של יום אפוא אציע לחבריי שהערעור יידחה, והמבקשת תישא בהוצאות המשיבה בסך של 15,000 ש"ח.

**ש ו פ ט**

השופט י' עמית:

אני מסכים.

**ש ו פ ט**

השופטת י' וילנר:

אני מסכימה לפסק דינו המקיף והמעניין של חברי השופט ד' מינץ.

**ש ו פ ט ת**

הוחלט כאמור בפסק דינו של השופט ד' מינץ.

ניתן היום, ט' באייר התשפ"א (21.4.2021).

| ש ו פ ט | ש ו פ ט | ש ו פ ט ת |
|---|---|---|

_____
אק   21000440_N04.docx
מרכז מידע, טל' 077-2703333, 3852* ; אתר אינטרנט, https://supreme.court.gov.il