IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:18-CV-00483-JRG |
| | § | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| BI SCIENCE, INC., | § | |
| | § | |
| Defendant. | § | |

**BI SCIENCE'S REPLY BRIEF IN SUPPORT OF ITS OPPOSED MOTION TO STAY
<u>ENFORCEMENT OF THE CORRECTED FINAL JUDGMENT</u>**

## PRELIMINARY STATEMENT

Let it be clear: ███████████████████████████████████████████. Absent a stay of the final judgment pending appeal, BI Science will suffer catastrophic and irreversible harm ███████████████████████████████████████████. BI Science urgently needs this relief. And both the law and the equities counsel in favor of granting it.

The exigency, moreover, is a problem of Bright Data's own making. Bright Data — ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ — has prosecuted an enforcement action against BI Science in Israel, under Israeli law and the international New York Arbitration Convention. Just days ago, the Israeli Supreme Court issued a decision that — despite not addressing the merits of the arguments that BI Science has presented to this Court (and will present on appeal) — ruled that Bright Data may enforce the arbitration award under the New York Convention. *See* Dkt. 272-2. Bright Data has already threatened to do so.

In effect, Bright Data is attempting to capitalize on its improper lawsuit in Israel to ruin BI Science's business and prevent BI Science from presenting its case to the Federal Circuit. The Court should not permit that to happen. It should grant a stay.

## ARGUMENT

### I. BI SCIENCE HAS A SUBSTANTIAL CASE ON THE MERITS OF ITS APPEAL.

#### A. BI Science Has a Substantial Argument that it Is Not Subject to Personal Jurisdiction in Texas.

BI Science has demonstrated that it has a substantial appeal on the ground that it is not subject to specific personal jurisdiction in this district because its business activities were directed to its customers *worldwide*, and were never purposefully directed *specifically* to Texas

residents. *See* Mtn. at 3-5. In opposition, Bright Data cites three "stream of commerce" cases from the Federal Circuit. *See* Opp. at 8 n.5. But BI Science never delivered physical products to third-party distribution channels for sale in Texas, so this is not a "stream of commerce" case, and Bright Data's reliance on those cases is misplaced.

Bright Data also argues, without any supporting authority, that BI Science is subject to personal jurisdiction because the Court found that BI Science entered into the Mediator's Proposal in Texas after this lawsuit was commenced. *See* Opp. at 9. That argument fails because "the relevant time for determining jurisdiction is the filing of the complaint." *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 787 n.1 (5th Cir. 1990).

> **B.    BI Science Has a Substantial Argument that the Mediator's Proposal Is Not an Enforceable Settlement Agreement.**

BI Science's motion demonstrated that Texas law governs whether the Mediator's Proposal is enforceable. Under Texas Rule 11, the Mediator's proposal is plainly unenforceable because BI Science did not sign it. *See* Mtn. at 5-7 (citing, *e.g.*, *Thatcher v. Kohl's Dep't Stores, Inc.*, 397 F.3d 1370, 1374 (Fed. Cir. 2005); *Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368, 1371-72 (Fed. Cir. 2008)). Bright Data's brief implicitly concedes that BI Science has a substantial appeal, as it strains over five pages filled with lengthy footnotes and 26 case citations to argue a complex choice-of-law issue. *See* Opp. at 9-14. For all of its efforts, Bright Data fails to address the Federal Circuit's *Thatcher* decision and is reduced to claiming that *Datatreasury*'s holding — "the Fifth Circuit applies state law" when "deciding whether there is a valid agreement between the parties" — does not mean what it says. *See* Opp. at 11, n.7.

Bright Data's argument, based on Fifth Circuit cases, that "the Federal Circuit will apply federal common law," conflicts with Federal Circuit precedent and Supreme Court precedent as well. As the Supreme Court has instructed, absent congressional authorization, "federal common

law exists only in such narrow areas as those concerned with the rights and obligations of the United States, interstate and international disputes implicating the conflicting rights of States or our relations with foreign nations, and admiralty cases." *Atherton v. F.D.I.C.,* 519 U.S. 213, 227 (1997) (citations omitted). Furthermore, for federal common law to apply, there must be a "significant conflict" between the use of a state law and the federal policy or interest at stake. *See O'Melveny & Myers v. FDIC*, 512 U.S. 79, 87–88 (1994). Bright Data itself recognizes that no such significant conflict stands between Texas Rule 11 and federal policy. *See* Opp. at 12 (Texas Rule 11 "reflects the same Federal common law of contracts that applies here").

Under Texas Rule 11, the Mediator's Proposal is unenforceable because BI Science refused to sign it. Bright Data's reliance on *Shamrock Psychiatric Clinic, P.A. v. Tex. HHS* is unavailing because in this case, unlike in *Shamrock*, the status report filed in Court stated only that the parties had reached a settlement "*in principle*." *See* Dkt. 166; Opp. at 13; *Shamrock*, 540 S.W.3d 553, 560-62 (Tex. 2018). And the two cases that Bright Data cites regarding an equitable exception to Texas Rule 11 *refused to apply* any such exception, so those cases support BI Science. *See Williams v. Huling*, 43 Tex. 113 (1875); *Roeglin v. Daves*, 83 S.W.3d 326 (Tex. App. – Austin 2002). Bright Data does not and cannot show the type of "manifest … injury or injustice" required for an equitable exception. *See Williams*, 43 Tex. at 120. Bright Data cannot even show prejudice. To the extent Bright Data has relied on the Mediator's Proposal, it has done so only to dismiss its claims in two other cases *without prejudice*.

BI Science's appeal would remain likely to succeed even if the Federal Circuit departed from precedent and applied federal common law. *See* Mtn. 8-11. Under federal law, there are numerous bases for finding a "disputed issue of material fact as to the validity of the settlement

3

agreement," including: (1)  ; (2) ; (3) ; and (4) . *See* Mtn. at 8-11 (quoting *In re Deepwater Horizon*, 786 F.3d 344, 354 (5th Cir. 2015)). Bright Data's evidence purportedly showing a meeting of the minds on a final, binding settlement agreement boils down to one e-mail from counsel thanking the mediator for his hard work and another consenting to a joint notice that the parties had reached a "settlement *in principle*." BI Science has a substantial case on appeal and the first stay factor favors BI Science.

## II. BI SCIENCE WILL SUFFER SEVERE AND IRREPARABLE HARM ABSENT A STAY.

As BI Science's motion demonstrates, the Corrected Final Judgment  . *See* Mtn. 11-12. . *See* Opp. at 14. But BI Science's motion thoroughly debunks that claim. *See* Mtn. at 12. Absent a stay, appellate relief likely would "come too late" for BI Science — especially now that Bright Data has won the Israeli litigation that it prosecuted . *See Nken v. Holder*, 556 U.S. 418, 427 (2009); *supra* at 1. That result would be particularly unfair because the Israeli Supreme Court ruled on purely procedural

grounds and did not reach the substantive issues that BI Science has raised in this stay motion and will raise on appeal to the Federal Circuit.

### III. A TEMPORARY STAY WILL NOT COMPARABLY HARM BRIGHT DATA.

BI Science's motion demonstrates that Bright Data would not be comparably harmed by a stay pending appeal because Bright Data obtained interim relief in Israel with which BI Science has complied, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Mtn. at 12-14. In opposition, Bright Data claims that this Court has no discretion to grant a stay under Rule 62(d) because BI Science did not offer any supplemental security. *See* Opp. at 5-6. Bright Data is wrong. In *Mannatech, Inc. v. Wellness Quest, LLC*, the court granted a stay without requiring the defendant to post a bond or other security. *See* 2015 WL 11120881, at *3-4 (N.D. Tex. Nov. 5, 2015); *see also* Mtn. at 14 (citing this Court's decision in *National Instruments*). In any event, if the Court determines that some form of security is necessary, BI Science is willing to post a reasonable surety bond.

Bright Data complains that it is not adequately protected ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Opp. 5-6, 14-15. But Bright Data makes no attempt to proffer facts showing that that it would be "substantially" injured by a stay pending appeal. *See Nken,* 556 U.S. at 426. Accordingly, the third factor too weighs in favor of granting a stay. Thus, regardless of "where the public interest lies" (the fourth stay factor), the Court should grant a stay pending appeal.

### CONCLUSION

For the reasons stated above and in BI Science's motion, the Court should grant the motion to stay enforcement of the Corrected Final Judgment pending the parties' cross-appeals.

Dated: April 27, 2021

    Respectfully submitted,

    By: /s/ *J.C. Rozendaal*

Gregory P. Love
Texas Bar No. 24013060
Love Law Firm
P.O. Box 948
Henderson, Texas 75652
Phone: (903) 212-4444
Fax: (903) 392-2267
greg@lovetrialfirm.com

J.C. Rozendaal
(admitted *pro hac vice*)
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue NW, Suite 600
Washington, D.C. 20005
Phone: (202) 772-8747
Fax: (202) 371-2540
jcrozendaal@sternekessler.com

Michael A. Charish
(admitted *pro hac vice*)
Charish Law Group P.C.
347 Fifth Avenue, Suite 1402
New York, New York 10016
Phone: (646) 328-0183
michael@charish.law

*Attorneys for Defendant BI Science (2009) Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 27th day of April 2021, with a copy of this document via electronic mail.

      /s/ *J.C. Rozendaal*
      J.C. Rozendaal

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

      /s/ *J.C. Rozendaal*
      J.C. Rozendaal