**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| LUMINATI NETWORKS LTD., <br><br> Plaintiff, <br><br> v. <br><br> BISCIENCE, INC., <br><br> Defendant. | Case No. 2:18-CV-00483-JRG |

**PLAINTIFF'S REPLY ON THE MOTION FOR CONTEMPT**

# **TABLE OF CONTENTS**

A. BI Science's Venue, Jurisdiction, and "Unclean Hands" Arguments Are Meritless Consistent with the Findings of the Israel Supreme Court as Entry of Arbitration Awards Are the Means for Enforcing Arbitration Awards in Foreign Jurisdictions Under the New York Convention ................................................................................................................. 1

B. The Mere Pendency of a Motion to Stay Does Not Entitle BI Science to Ignore the Final Judgment ................................................................................................................. 3

C. BI Science's Attempt to Relitigate the Factual Issue of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓ Is Both Incorrect and Irrelevant to a Finding of Contempt ......................................... 4

# **TABLE OF AUTHORITIES**

*Cases*

*Bowers v. Abundant Home Health, L.L.C.*, 803 F. App'x 765 (5th Cir. 2020) .............................. 4

*Braintree Labs., Inc. v. Nephro-Tech, Inc.*, 99 F. Supp. 2d 1300 (D. Kan. 2000) .......................... 3

*Int'l Longshoremen's Ass'n v. Phila. Marine Trade Ass'n*, 389 U.S. 64 (1967) ............................ 5

*Karaha Bodas Co. v. Negara*, 335 F.3d 357 (5th Cir. 2003) .......................................................... 2

*Nevada v. United States DOL*, No. 4:16-cv-00731-ALM, 2018 U.S. Dist. LEXIS 73970 (E.D. Tex. May 1, 2018) ....................................................................................................................... 3

*Nuance Communs., Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2010) ..................... 4

*Padilla v. La France*, 907 S.W.2d 454 (Tex. 1995) ...................................................................... 4

*Shamrock Psychiatric Clinic, P.A. v. Tex. HHS*, 540 S.W.3d 553 (Tex. 2018) ............................. 4

*Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019) ................................................................................. 5

It is undisputed that the Court has not issued a stay of the Final Judgment in this case and BI Science has refused to comply with the Final Judgment. BI Science fails to cite a single case in support of the proposition that merely filing a request for stay entitles a party to ignore its obligations under a final judgment. Similarly, Defendant misreads the Arbitration Award to reach the wrong conclusion that it cannot be enforced outside the United States. As discussed below, the New York Convention provides the means for enforcing an Arbitration Award from the primary jurisdiction by certifying that award in a foreign secondary jurisdiction. The District Court in Tel Aviv – Jaffa ("Israel Court") properly certified the arbitration award – the same award ▮▮▮▮▮▮▮▮▮▮ - as affirmed by the Israel Supreme Court in BI Science's lost appeal. Dkt. No. 272-2, at ¶¶ 14, 21.

Having misrepresented the nature of the Israel Proceeding, the Response (Dkt. No. 269) argues that its contempt of the Final Judgment is excused under an attenuated unclean hands argument. That argument is meritless. BI Science's obligations under the Final Judgment is clear and the entry of the Arbitration Award in Israel does not somehow provide BI Science a basis for refusing to comply with the Final Judgement. There is ample basis for a finding of contempt on these facts.

### A. BI Science's Venue, Jurisdiction, and "Unclean Hands" Arguments Are Meritless Consistent with the Findings of the Israel Supreme Court as Entry of Arbitration Awards Are the Means for Enforcing Arbitration Awards in Foreign Jurisdictions Under the New York Convention

Defendants cite no case law in support of their position that Bright Data's entry of the arbitration award in Israel constitutes unclean hands. To the contrary, entry of an arbitration award is the means of enforcing an arbitration award in a foreign country under the New York Convention including Israel where BI Science ▮▮▮▮▮▮▮▮▮. "The New York Convention governs the confirmation and enforcement of the Award and 'mandates very different regimes for the

1

review of arbitral awards (1) in the [countries] in which, or under the law of which, the award was made, and (2) in other [countries] where recognition and enforcement are sought.' Under the Convention, 'the country in which, or under the [arbitration] law of which, [an] award was made' is said to have *primary* jurisdiction over the arbitration award. All other signatory States are *secondary* jurisdictions, in which parties can only contest whether that State should enforce the arbitral award." *Karaha Bodas Co. v. Negara*, 335 F.3d 357, 364 (5th Cir. 2003).

This is consistent with the findings of the Israel Court as affirmed by the Israel Supreme Court that the Israel Proceeding is properly a "motion to certify the Arbitral Award" pursuant to "Section 29a of the Arbitration Law and in the New York Convention." Dkt. No. 272-2, at 10–11. The Israel Supreme Court expressly rejected BI Science's argument that the arbitration enforcement clause only permits enforcement of arbitration award in the United States. Dkt. No. 272-2, at ¶ 12 ("Nor is there any real substance to [BI Science's] argument that the provision of the Arbitral Award that grants jurisdiction with respect to the Arbitral Award to the court in Texas, blocks the Respondent from filing a motion to enforce the Arbitral Award in Israel. Said provision is a provision in an arbitral award, and not a contractual clause, which was not intended to constitute a procedural barrier to the enforcement of the Arbitral Award outside the United States"). To find otherwise would permit BI Science to avoid any consequences for its non-compliance of the Arbitration Award by simply keeping its assets in Israel.

Defendant has no basis for asserting unclean hands by Bright Data as Bright Data is not seeking an inconsistent judgment from Israel. Just the opposite - Bright Data filed an application to enter the same arbitration award in Israel ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮. Similarly, all of Defendant's arguments based on comity immediately backfire. The Israel Supreme Court has issued a judgment affirming entry of the arbitration award ▮▮▮▮▮▮

2

██████████████████████████████████████.  Accordingly, consistent with the Israel Court and Israel Supreme Court, Defendant's manufactured unclean hands argument regarding the entry of the arbitration award should be rejected.  The courts of Israel were clearly correct in reaching that conclusion, as BI Science's argument would otherwise render the Arbitration Award a dead letter ████████████████████████████████.

### B. The Mere Pendency of a Motion to Stay Does Not Entitle BI Science to Ignore the Final Judgment

BI Science emphasizes that it has filed a motion to stay pending appeal.  Response, at 8–9.  However, BI Science fails to cite any authority for the proposition that mere pendency of a stay motion has the same effect as a stay *order* issued by the Court.  *See Nevada v. United States DOL*, No. 4:16-cv-00731-ALM, 2018 U.S. Dist. LEXIS 73970, at *15 (E.D. Tex. May 1, 2018) (granting a stay pending appeal); *Braintree Labs., Inc. v. Nephro-Tech, Inc.*, 99 F. Supp. 2d 1300, 1305 (D. Kan. 2000) (declining to find contempt where the accused party substantially performed all of the actions required under the judgment, *inter alia*, "by sending notice and a copy of the injunction to all of its past customers, distributors, wholesalers, pharmacies, warehousers, certain dialysis clinics and state medicaid agencies," but the party erred for example by omitting notice to just three past customers).  As set forth in other briefing (Plaintiff's Response to Motion to Stay Enforcement, Dkt. No. 268), the factors governing stay are not satisfied here.  The mere fact that BI Science filed a motion to stay nine months ago does not entitle it to endlessly behave as if the Court granted a stay.  *See* Dkt. No. 234.  Similarly, Defendants' appellate arguments do not excuse Defendants' contempt of the Final Judgment in the absence of a stay.

To the extent that Defendant implies that the standard of review on appeal regarding contract formation is not "clear error," BI Science is wrong.  Response, at 9 n.2.  Importantly, Defendant does not dispute that the clear error standard of review applies to the Court's factual

3

determination that the Settlement Agreement is valid contract, supported by the factual predicates for contract formation including offer, acceptance, consideration, and mutual assent.  *Id.*  That is the essential standard of review for the appeal, and the standard under which the Court's finding of a settlement will be upheld.  Likewise, concerning jurisdiction, the Federal Circuit "reviews district court findings regarding underlying disputed facts for clear error."  *Nuance Communs., Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010).  Defendant argues that there is a de novo legal question whether a valid settlement must always be "signed by both parties," but the answer (as the Court found) is indubitably negative, both under federal law which applies here[1] ***and*** under Texas Rule 11 which Defendant prefers.[2]  *See also* Plaintiff's Response to Motion to Stay, Dkt. No. 268.

    **C.**    **BI Science's Attempt to Relitigate the Factual Issue of ▮▮▮▮▮ ▮▮▮▮▮ Is Both Incorrect and Irrelevant to a Finding of Contempt**

Plaintiff's Motion for Contempt shows that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *See, e.g.*, Motion, Dkt. No. 261, at 8 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); *id.* at 9 (▮▮▮▮▮

---

[1] *Bowers v. Abundant Home Health, L.L.C.*, 803 F. App'x 765, 767 n.4 (5th Cir. 2020) ("Bowers's underlying claims concern alleged violations of the Fair Labor Standards Act, a federal statute. Therefore—and despite Abundant's assertion that Texas law controls—we look to federal law to determine whether the settlement agreement is enforceable or valid.").

[2] *Padilla v. La France*, 907 S.W.2d 454, 456 (Tex. 1995) (reversing denial of summary judgment because the settlement agreement consisting of letters exchanged between the parties was valid as a matter of law, although one of the parties "refused to accept the checks or sign the agreement"); *Shamrock Psychiatric Clinic, P.A. v. Tex. HHS*, 540 S.W.3d 553, 560-62 (Tex. 2018) ("Here, the alleged agreement, made via email and memorialized in the Inspector General's status report, was in writing, signed, and filed with the court, as required by Rule 11 . . . ."); *Williamson v. Bank of N.Y. Mellon*, 947 F. Supp. 2d 704, 707 (N.D. Tex. 2013) (finding that under Texas Rule 11, emails are writings, automatic signature blocks or typed first names are signatures, and a lawyer's signature is sufficient).

4

██████████████████████████████████████████████████████). ████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██.[3] ███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████ (emphasis added).  Similarly, Defendants' other appellate arguments do not excuse BI Science's refusal to comply with the Final Judgment.  Consequently, the Motion for Contempt should be granted.

---

[3] This is not a case like *Taggart v. Lorenzen*, where the accused party could not "'know what the court intends to require and what it means to forbid.'"  139 S. Ct. 1795, 1801–02 (2019) (quoting *Int'l Longshoremen's Ass'n v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76 (1967)).  ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

5

Dated:  April 28, 2021

Respectfully submitted,

By: */s/ Ronald Wielkopolski*

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Mark Mann
Mann | Tindel | Thompson
300 West Main
Henderson, TX 75652
mark@themannfirm.com
Office 903-657-8540
Cell 903-658-0401
Marshall Office 903-472-4294
Tyler Office 903-596-0900
Waco Office 254-776-3336

Korula T. Cherian
Robert Harkins
CA State Bar No. 179525
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94704
(510) 944-0190
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Ronald Wielkopolski
Colby A. Davis
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036
ronw@ruyakcherian.com
colbyd@ruyakcherian.com

*Attorneys for Plaintiff
Bright Data Ltd.*

6

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 28th day of April 2021, with a copy of this document via CM/ECF.

/s/ Ronald Wielkopolski

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ Ronald Wielkopolski