# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LUMINATI NETWORKS LTD., <br><br> Plaintiff, <br><br> v. <br><br> BISCIENCE, INC., <br><br> Defendant. | Case No. 2:18-CV-00483-JRG |

**PLAINTIFF'S SUR-REPLY ON THE RENEWED MOTION FOR STAY**

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  THE MOTION SHOULD BE DENIED ............................................................................. 1

   A.  BI Science's Venue Argument Was Found Meritless in the Israel Proceeding ................... 1

   B.  The Court Did Not Clearly Err in Finding Jurisdiction ......................................................... 2

   C.  The Court Did Not Clearly Err in Finding a Valid Settlement Agreement .......................... 3

   D.  The Balance of Harms Does Not Require a Stay .................................................................. 5

III. CONCLUSION .................................................................................................................... 5

# **TABLE OF AUTHORITIES**

*<u>Cases</u>*

*AdvanceMe, Inc. v. Rapidpay LLC*, 450 F. Supp. 2d 669 (E.D. Tex. 2006).................................. 3

*Autobytel, Inc. v. Insweb Corp*, 2009 WL 901482 (E.D. Tex. Mar. 31, 2009).............................. 3

*Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368 (Fed. Cir. 2008)................................. 4

*Fisk Elec. Co. v. DQSI, L.L.C.*, 894 F.3d 645 (5th Cir. 2018)........................................................ 4

*Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207 (5th Cir. 1981).......................................... 4

*Harmon v. United States*, 59 F.2d 372 (5th Cir. 1932).................................................................. 4

*Johnson v. BP Expl. & Prod. (In re Deepwater Horizon)*, 786 F.3d 344 (5th Cir. 2015).............. 4

*Karaha Bodas Co. v. Negara*, 335 F.3d 357 (5th Cir. 2003).......................................................... 2

*Padilla v. La France*, 907 S.W.2d 454 (Tex. 1995) ...................................................................... 4

*Red Hat v. Bedrock Comput., Techs., LLC*, No. 6:09-cv-549 LED-JDL, 2011 U.S. Dist. LEXIS 82997 (E.D. Tex. Mar. 2, 2011) ................................................................................................ 3

*Shamrock Psychiatric Clinic, P.A. v. Tex. HHS*, 540 S.W.3d 553 (Tex. 2018) ............................ 4

*Thatcher v. Kohl's Dep't Stores, Inc.*, 397 F.3d 1370 (Fed. Cir. 2005)......................................... 3

*Variant, Inc. v. Flexsol Packaging Corp.*, No. 6:08 CV 478, 2009 U.S. Dist. LEXIS 86839 (E.D. Tex. Sep. 21, 2009) ..................................................................................................................... 2

## I. INTRODUCTION

Defendants fail to address the legal points and authorities set forth in the Response (Dkt. No. 268). First, as affirmed by the Fifth Circuit, under the New York Convention, enforcement of an arbitration award in a foreign jurisdiction requires entry of the arbitration award in that jurisdiction and Defendants have produced no case law support to the contrary. Second, Defendant cannot show lack of personal jurisdiction including because BI Science actively advertised the Accused Services as providing residential proxies located in ten Texas cities. Third, BI Science cannot show clear error in the Court's finding the settlement valid, including because BI Science filed a joint Notice of Settlement. BI Science's baseless argument that the notice of settlement includes the "in principle" language, is without merit as this is the exact language specified in the Court's June 3, 2014 Standing Order Regarding Proper Notification of Settlement to the Court. Reply, at 3. Finally, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Bright Data has been greatly harmed by Defendants refusal to comply with the Final Judgment. The Motion should be denied.

## II. THE MOTION SHOULD BE DENIED

### A. BI Science's Venue Argument Was Found Meritless in the Israel Proceeding

Defendants cite no case law in support of their position that Bright Data's entry of the arbitration award in Israel constitutes a "blatant violation" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Reply, at 1. To the contrary, entry of an arbitration award is the means of enforcing an arbitration award in a foreign country under the New York Convention including Israel where BI Science and its assets are located. "The New York Convention governs the confirmation and

1

enforcement of the Award and 'mandates very different regimes for the review of arbitral awards (1) in the [countries] in which, or under the law of which, the award was made, and (2) in other [countries] where recognition and enforcement are sought.' Under the Convention, 'the country in which, or under the [arbitration] law of which, [an] award was made' is said to have *primary* jurisdiction over the arbitration award. All other signatory States are *secondary* jurisdictions, in which parties can only contest whether that State should enforce the arbitral award." *Karaha Bodas Co. v. Negara*, 335 F.3d 357, 364 (5th Cir. 2003).

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████ *See, e.g.*, Dkt. No. 225-1, at ¶ 6–7. ██████████████

██████████████████████████████████████████████████. Having already lost the identical venue argument in Israel, BI Science seeks to assert it yet again here in an even more attenuated "unclean hands" formulation. That venue argument is meritless and the Motion should be denied.

### B. The Court Did Not Clearly Err in Finding Jurisdiction

BI Science attempts to avoid the controlling case law set forth in the Response by stating that it "never delivered physical products to third-party distribution channels for sale in Texas." Reply, at 2. First, Defendant's emphasis on conduct in Texas is misplaced, since purposeful availment toward the United States as a whole is sufficient to establish jurisdiction under Rule 4(k)(2). Second, BI Science's "physical products" distinction is belied by the numerous cases examining whether a website is sufficiently "interactive" to establish jurisdiction.[1] Defendant does

---

[1] *Variant, Inc. v. Flexsol Packaging Corp.*, No. 6:08 CV 478, 2009 U.S. Dist. LEXIS 86839, at *6 (E.D. Tex. Sep. 21, 2009) ("Thus, the website is of an interactive nature and Biltmore uses the allegedly infringing website in Texas. In addition, since at least 2006, Biltmore has generated sales revenue from purchases by Texas residents through its website. Accordingly, through its

2

not even attempt to show (as required by the case law) that it never sold allegedly infringing services in the United States through its website. Regardless, BI Science does not dispute that it advertised the Accused Services as allowing its customers to use proxies based in ten specific Texas cities. Dkt 82 at 8. Its jurisdiction argument is meritless and the Motion should be denied.

### C. The Court Did Not Clearly Err in Finding a Valid Settlement Agreement

Despite conceding that "[t]he Federal Circuit will look to regional circuit law—in this case, Fifth Circuit law—to determine what law applies to the enforceability of purported agreements like the Mediator's Proposal," Motion, Dkt. No. 265, at 5, BI Science ignores the numerous controlling Fifth Circuit cases on this issue. Reply, at 2. Instead, Defendant urges consideration of the inapposite (and concededly *not* controlling) opinions in *Thatcher* and *Datatreasury* from the Federal Circuit. Neither case helps BI Science.

*Thatcher v. Kohl's Dep't Stores, Inc.*, 397 F.3d 1370, 1373 (Fed. Cir. 2005), correctly posits that the Federal Circuit will "apply the law of the appropriate regional circuit," in evaluating the validity of settlements. Accordingly, *Thatcher* merely shows that the Federal Circuit will apply the law of the Fifth Circuit, which indisputably for at least the last 90 years has consistently looked to Federal law in determining the validity of settlements. *See, e.g.*, Response, Dkt. No. 268, at 10

---

website, Biltmore has the requisite minimum contacts with Texas to support specific jurisdiction."); *Red Hat v. Bedrock Comput., Techs., LLC*, No. 6:09-cv-549 LED-JDL, 2011 U.S. Dist. LEXIS 82997, at *22 (E.D. Tex. Mar. 2, 2011) ("When Texas customers access Go Daddy's website to register a domain name or access Go Daddy's web hosting service, Texas users are able to use Go Daddy's information storage system[, the patented method]. But for the servers that host the accused code [albeit solely in Arizona], godaddy.com's information storage system would not be available for use to Texas residents. Thus, Texas residents are able to use the allegedly infringing website and accused instrumentalities."); *Autobytel, Inc. v. Insweb Corp*, 2009 WL 901482, at *2-3 (E.D. Tex. Mar. 31, 2009) (personal jurisdiction existed where Texas residents could use defendant's website to contact auto dealers in Texas, submit financial information, and apply for a loan); *AdvanceMe, Inc. v. Rapidpay LLC*, 450 F. Supp. 2d 669, 673–74 (E.D. Tex. 2006) (accused infringer's website allowed potential customers in Texas to receive state-specific quotes, apply for the allegedly infringing services, and receive those services through the website).

3

n.6, and accompanying text (citing *Bowers*, *Fisk*, *Fulgence*, *Borne*, *Zim*, *Deepwater Horizon*, and *Mid-South Towing*); *Borne*, 780 F.2d at 1256 ("The answer is clear."); *Harmon v. United States*, 59 F.2d 372, 373 (5th Cir. 1932)). Similarly, *Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368, 1371 (Fed. Cir. 2008), inappositely holds that "[w]hen determining the scope of an arbitration clause, the Fifth Circuit applies the state law that governs the agreement." There is thus nothing "complex" about the choice-of-law issue. Quite simply, "Federal law applies." *Fisk Elec. Co. v. DQSI, L.L.C.*, 894 F.3d 645, 650 (5th Cir. 2018). By citing to clearly inapplicable Supreme Court case law (*see* Reply, at 3 (citing *Atherton*)), Defendant concedes that it cannot win its appeal without the reversal of 90 years of Fifth Circuit precedent on the exact issue presented here. There is no dispute that Defendant entered a valid settlement agreement under Federal Law. Oppn. at 9–10; *see also, e.g.*, *Johnson v. BP Expl. & Prod. (In re Deepwater Horizon)*, 786 F.3d 344, 356 (5th Cir. 2015); *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981).

Regardless, the outcome of Defendant's appeal is equally clear under Texas law. The Reply does not even attempt to distinguish the holding of the Texas Supreme Court in *Padilla v. La France*, 907 S.W.2d 454, 460 (Tex. 1995) (reversing denial of summary judgment because the settlement agreement consisting of letters exchanged between the parties was valid as a matter of law, although one of the parties "refused to accept the checks or sign the agreement"). And its distinction of *Shamrock Psychiatric Clinic, P.A. v. Tex. HHS*, 540 S.W.3d 553, 560-62 (Tex. 2018), concedes that the signature requirement of Texas Rule 11 has no applicability here, because the emails and Joint Notice establishing consent were inarguably "signed" within the meaning that rule. Thus, at bottom Defendant contends that the use of the words "in principle" in the Joint Notice of Settlement – the language specified in this Court's standing order - establishes clear error in the Court's factual determination that there was a meeting of the minds. However, Defendant

4

fails to cite even one case in support of that argument, which is contradicted by the holdings of the Texas Supreme Court in *Padilla* and *Shamrock*.

### D.     The Balance of Harms Does Not Require a Stay



. *See* Dkt. No. 183, at 29:25–35:18.

That result is not "irreparable harm."

Contrariwise, Plaintiff has already waited over a year after the Settlement to finally put an end to Defendant's infringement, and a further delay of enforcement would cause substantial injury.                                                                                     . Reply, at 5.  Yet, Defendant cites no case law in support of such a rule.  In light of the meritless nature of BI Science's appeal, Plaintiff's showing of harm from a stay is more than adequate.  The Israel Proceeding, which explicitly rejected the same venue argument from Defendant here, does not alter that conclusion.

### III.   CONCLUSION

For the foregoing reasons, the Motion for Stay should be denied.

Dated:  May 5, 2021                                         Respectfully submitted,

By: */s/ Ronald Wielkopolski*

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux

5

        State Bar No. 05770585
        Capshaw DeRieux, LLP
        114 E. Commerce Ave.
        Gladewater, TX 75647
        Telephone: 903-845-5770
        ccapshaw@capshawlaw.com
        ederieux@capshawlaw.com

        Mark Mann
        Mann | Tindel | Thompson
        300 West Main
        Henderson, TX 75652
        mark@themannfirm.com
        Office 903-657-8540
        Cell 903-658-0401
        Marshall Office 903-472-4294
        Tyler Office 903-596-0900
        Waco Office 254-776-3336

        Korula T. Cherian
        Robert Harkins
        CA State Bar No. 179525
        RuyakCherian LLP
        1936 University Ave, Ste. 350
        Berkeley, CA 94704
        (510) 944-0190
        sunnyc@ruyakcherian.com
        bobh@ruyakcherian.com

        Ronald Wielkopolski
        Colby A. Davis
        RuyakCherian LLP
        1901 L St. NW, Suite 700
        Washington, DC 20036
        ronw@ruyakcherian.com
        colbyd@ruyakcherian.com

        *Attorneys for Plaintiff*
        *Luminati Networks Ltd.,*
        *now known as Bright Data Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 5th day of May 2021, with a copy of this document via CM/ECF.

/s/ Ronald Wielkopolski

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ Ronald Wielkopolski