IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:18-CV-00483-JRG  |
| BI SCIENCE, INC., | § § | |
| Defendant. | § § § | |

**BI SCIENCE'S SUR-REPLY REGARDING PLAINTIFF'S MOTION FOR CONTEMPT**

**PRELIMINARY STATEMENT**

Bright Data's motion for contempt should be denied. Bright Data does not even attempt to reconcile its decision to pursue enforcement remedies in Israel ███████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███" Dkt. 220 at 8; Dkt. 254 at 8. Bright Data cites no authority for the proposition that BI Science should be forced to ███████████████████████████████

███████████████ before the Court has even ruled on the merits of BI Science's motion to stay. And Bright Data does not and cannot show that the Court's final judgment ████████

███████████████████████.

**ARGUMENT**

**I.    Bright Data's unclean hands preclude it from seeking a judgment of contempt.**

The Court's final judgment provides that ███████████████████████████

███████████████████████████████████████████████

███████████████ Dkt. 220 at 8; Dkt. 254 at 8. ███████████████████████

███████████████████████████████████████. Now, incredibly, Bright Data seeks to hold BI Science in contempt for purportedly failing to follow a judgment that Bright Data has itself openly flouted. That is a textbook case of unclean hands, and Bright Data's motion fails for this reason alone. *See HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 2019 WL 4734950, at *10 (E.D. Tex. May 22, 2019) (Gilstrap, J.).

Bright Data's contention (at 1) that BI Science "cite[d] no case law" in support of its unclean-hands argument is hard to understand. BI Science's opposition cited (at 5-7) multiple cases — including cases from this very Court — standing for the proposition that a party may not seek the equitable remedy of contempt if that party has itself failed to respect the order it seeks to

enforce. *See, e.g.*, *HTC Corp.*, 2019 WL 4734950, at *10; *iFLY Holdings LLC v. Indoor Skydiving Germany GmbH*, 2016 WL 3675136, at *2 (E.D. Tex. Mar. 25, 2016) (Payne, J.). As explained above, that is precisely what happened here.

Bright Data attempts to defend its refusal to respect the Court's judgment on two primary grounds, but neither argument has merit.

*First*, Bright Data contends (at 1-2) that its conduct was permissible because (i) the New York Convention permits signatory states to enforce foreign arbitration awards and (ii) the Israeli Supreme Court relied on the Convention to hold that Bright Data may enforce the award here in Israel. Bright Data's conclusion does not follow from its premises. To be sure, the New York Convention generally allows for enforcement of foreign arbitral awards in signatory states. But that does not mean that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. The whole point of a court order is that it requires an action that would otherwise be optional or it forbids an action that would otherwise be permissible. *Cf. Cox v. City of Dallas, Tex.*, 256 F.3d 281, 288 (5th Cir. 2001). And, while the Israeli Supreme Court concluded that, under the New York Convention, an Israeli court could enforce the arbitration award ████████████████████████████████████████████████████████████. ████████████████████████████████████████████████████████. ████████████████████████.[1]

---

[1] If BI Science were seeking to hold Bright Data in contempt based on its prosecution of the Israeli enforcement action, then perhaps the Israeli Supreme Court's decision could aid Bright Data in

2

*Second,* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" This contention rings hollow. Bright Data chose to file suit here. Bright Data could have sued BI Science in Israel (where they are both located), but Bright Data chose instead to file suit in Texas, where neither company has any presence. Having made that choice, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. This untoward forum-shopping is a paradigmatic case of unclean hands.

## II. Bright Data's arguments for contempt are premature given the pendency of BI Science's motion to stay the final judgment.

As explained in BI Science's reply in support of its most recent motion to stay (Dkt. 273), a denial of that motion ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. This is exactly the sort of case that stays pending appeal were made for: cases in which any other course renders the appeal right illusory because, absent a stay, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Bright Data suggests (at 3) that BI Science should be found in contempt ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *while the motion to stay is pending.* Bright Data cites no authority for this proposition, and for good reason: it makes no sense. BI Science moved to stay the final judgment in the first place because BI Science cannot do those things without ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

---

arguing that its conduct was not egregious enough to justify a finding of contempt. But that is not the question here. The question is whether, as a matter of equity, Bright Data can seek a finding of contempt ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The answer to that question is no.

3

Bright Data is essentially attempting to bootstrap its motion for contempt into a de facto denial of BI Science's motion to stay even though the Court has not yet decided that motion. That is improper.

Bright Data's arguments concerning the merits of BI Science's appeal (at 3-4 & nn. 1-2) are incorrect for the reasons explained in BI Science's motion to stay (Dkt. 265) and its reply in support of that motion (Dkt. 273). Moreover, Bright Data does not dispute (at 3-4) that the issues BI Science will raise on appeal — personal jurisdiction and the enforcement of the settlement agreement — involve legal issues subject to plenary review. *See* Opp. at 9 & n.2; *see also, e.g., Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015) (Federal Circuit "review[s] a district court's determination on personal jurisdiction without deference"); *Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368, 1371 (Fed. Cir. 2008) (Federal Circuit "review[s] the district court's determination that the parties have contractually bound themselves to arbitrate disputes de novo"). That fact counsels in favor of both granting a stay and denying the motion for contempt.

III. 

As explained in BI Science's opposition (at 9-10), ███████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████.

*See* Dkt. 220 at 6; Dkt. 254 at 6.

Bright Data's contention (at 5) that ███████████████████████ does not withstand scrutiny. ███████████████████████████████████████

███████████████████████████████████████████████████████



[redacted]" Dkt. 220 at 6; Dkt. 254 at 6 (emphases added). [redacted].

Bright Data also contends (at 5) that BI Science's arguments [redacted]." But, as BI Science has shown, Bright Data's request for contempt is barred in its entirety by the doctrine of unclean hands, and it is unripe in its entirety given the pendency of BI Science's motion to stay. Thus, all of Bright Data's arguments for contempt — [redacted] — fail.

## CONCLUSION

The Court should deny Bright Data's motion for contempt.

Dated: May 6, 2021

        Respectfully submitted,

        By:   /s/*Gregory P. Love*

Gregory P. Love
Texas Bar No. 24013060
Love Law Firm
P.O. Box 948
Henderson, Texas 75652
Phone: (903) 212-4444
Fax: (903) 392-2267
greg@lovetrialfirm.com

J.C. Rozendaal (admitted *pro hac vice*)
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue NW, Suite 600
Washington, D.C. 20005
Phone: (202) 772-8747
Fax: (202) 371-2540
jcrozendaal@sternekessler.com

Michael A. Charish (admitted *pro hac vice*)
Charish Law Group P.C.
347 Fifth Avenue, Suite 1402
New York, New York 10016
Phone: (646) 328-0183
michael@charish.law

*Attorneys for Defendant BI Science (2009) Ltd.*

6

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 6th day of May 2021 with a copy of this document via electronic mail.

    /s/ *Gregory P. Love*
Gregory P. Love

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

    /s/ *Gregory P. Love*
Gregory P. Love