IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:18-CV-00483-JRG |
| BI SCIENCE, INC., | § § § | |
| Defendant. | § § | |

## RESPONSE TO NOTICE OF DECISION IN RELATED PROCEEDING AND REQUEST FOR EMERGENCY STATUS CONFERENCE

This is not an emergency. No meet and confer was held. Enforcement of the arbitration award in Israel has been an ongoing process since November and Defendant's motions for stay (ECF Nos. 234 and 251) were filed months ago. Defendant's requested relief in its Notice of Decision in Related Proceeding and Request for Emergency Status Conference ("Notice") is inappropriate for a notice and should be denied.

Defendant filed a notice, not a motion. Defendant did not meet and confer with Plaintiff before filing the Notice and did not otherwise meet the requirements for a motion including under L.R. 7(h). Consequently, Defendant's request for "a status conference on its stay motion before this Court, in the next 24 hours" is wholly improper. Notice at 2. In addition, Defendant has not met any requirements for an emergency motion and its request for relief "in the next 24 hours" should be denied. L.R. 7(l).

Defendant has been aware for over six months that Bright Data can enforce the arbitration award in Israel, which Bright Data must do given that Defendant is located in Israel. Bright Data filed a notice in this Court on December 4, 2020 (ECF 251) notifying the Court of the Judgment in the District Court in Tel Aviv against Defendant that permitted Bright Data to proceed with

enforcement of the Arbitration Award in Israel. Defendant did not appeal this judgment, but is now objecting to the appointment of a receiver to gather the information necessary to the enforcement of the arbitration award (In addition to other reasons that this is no emergency, the act complained of is the transfer of information to the receiver).

There is no stay of enforcement in this Court or the Federal Circuit, Defendant has made no request to stay enforcement in the Federal Circuit and Defendant has no basis to assert that Bright Data is not permitted to enforce the Arbitration Award. Defendant filed opposed motions to stay enforcement in this Court on August 12, 2020 (ECF 234) and again on April 5, 2021 (ECF 265) - neither motion has been granted. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As addressed by Bright Data in its briefing in opposition to Defendant's Motion to Stay (ECF 278 at 1-2),[1] the New York Convention and Fifth Circuit case law expressly recognize that enforcement of an arbitration award in a "secondary jurisdiction" such as Israel requires different proceedings from the primary jurisdiction of this Court. The procedures followed in Israel to enforce the Arbitration Award between the parties is entirely appropriate.

---

[1] "Defendants cite no case law in support of their position that Bright Data's entry of the arbitration award in Israel ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.
▮▮▮ at 1. To the contrary, entry of an arbitration award is the means of enforcing an arbitration award in a foreign country under the New York Convention including Israel where BI Science and its assets are located. "The New York Convention governs the confirmation and enforcement of the Award and 'mandates very different regimes for the review of arbitral awards (1) in the [countries] in which, or under the law of which, the award was made, and (2) in other [countries] where recognition and enforcement are sought.' Under the Convention, 'the country in which, or under the [arbitration] law of which, [an] award was made' is said to have *primary* jurisdiction over the arbitration award. All other signatory States are *secondary* jurisdictions, in which parties can only contest whether that State should enforce the arbitral award." *Karaha Bodas Co. v. Negara*, 335 F.3d 357, 364 (5th Cir. 2003)." Sur-reply at 1-2.

To the extent that the Court recognizes the Notice as a motion, Bright Data requests that the relief be denied for the same reasons provided in Bright Data's oppositions to Defendants' Motions to Stay.

Dated: June 28, 2021

Respectfully submitted,

By: /s/ *Korula T. Cherian*
J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94702

Ronald Wielkopolski
RuyakCherian LLP
1700 K St. NW, Suite 810
Washington, DC 20006

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Attorneys for Plaintiff  
Luminati Networks Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 28th day of June 2021, with a copy of this document via email.

/s/ Korula T. Cherian

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ Korula T. Cherian