# Exhibit A

**Ziv Ironi**
Advocates & Notary

Eliahu House
2 Ibn Gvirol St.
Tel-Aviv 64077

Tel +972-3-6962222
Fax +972-3-6962221

E-mail ziv@ironi-law.com

**Tel Aviv, June 30, 2021**

**To:**

**Appointment of Receiver – Case Number 516123-05-21 – Transition of supplier of proxy services**

Dear client,

1. We are writing to you in our capacity as a Receiver appointed by a decision of the Israeli Tel-Aviv Collections Office's Registrar on June 21st, 2021 ("**the Decision**" and the "**Registrar**", respectively). A copy of the Decision (translated from the original Hebrew) is attached to this letter.

2. As you may be aware, following arbitration proceedings between Bright Data Ltd. (formerly Luminati Networks Ltd.) and BI Science (2009) Ltd (Geosurf) in the USA, the Israeli Courts have found that an Arbitration Award that was awarded in favor of Bright Data in the USA can be enforced in Israel.

3. According to the Arbitration Award, BI Science (Geosurf) is required, among other things, to transition its proxy service customers to receive the same services from Bright Data.

4. In order to facilitate the execution of the Arbitration Award dated April 29th, 2020, a request was filed with the Registrar in Israel.

5. The Decision issued by the Registrar has appointed the undersigned, Advocate Ziv Ironi, to serve as a Receiver in order to conduct certain specific preliminary actions required for such facilitation, and specifically – for the transition of customers from BI Science (Geosurf) to Bright Data.

f:\commit\docs\2765\00001\G40785-V001.docx

2

**Ziv Ironi**
Advocates & Notary

Eliahu House
2 Ibn Gvirol St.
Tel-Aviv 64077

Tel +972-3-6962222
Fax +972-3-6962221

E-mail ziv@ironi-law.com

6. Section 1(b) of the Decision has ordered the undersigned to provide BI Science's (Geosurf) customers with this preliminary notice, to be followed in approximately 50 days, with specific steps for performance of the abovementioned transition. According to the Registrar's decision, the transition will take place not earlier than August 16th, 2021.

7. I wish to assure you that the transition will be performed with minimal disruption to your business, with all parties working to make it as smooth as possible.

Any additional inquiries may be directed to me by return e-mail. Please do not hesitate to contact me with any questions or concerns.

Sincerely Yours,

Ziv Ironi, Adv.
Ziv Ironi, Advocates & Notary

f:\commit\docs\2765\00001\G40785-V001.docx

**TRANSLATION CENTER ISRAEL Ltd.**  מרכז התרגום ישראל בע"מ

*any language... any text... anywhere...*

21 Rabbi Aryeh Street, Jerusalem, Israel 9431015  
Tel: +972-2-5639791, Fax: +972-2-5636162  
E-mail: tci1@smile.net.il

רח' רבי אריה 21, ירושלים 9431015  
טל": 02-5639791, פקס: 02-5636162  
דואר אלקטרוני: tci1@smile.net.il

## CERTIFICATION OF ACCURACY

I, the undersigned Nissan GanOr, declare as follows:

1. I am the Managing Director of Translation Center Israel Ltd., a company in Jerusalem that provides professional translation services.

2. The attached document/s marked A(1) through A(6) was/were prepared under my direction and supervision.

3. I hereby certify that the attached document/s marked A(1) through A(6) is/are a true and correct *English* translation of the source document/s, drawn up in the *Hebrew* language, to the best of my knowledge and belief.

4. This is my name, my declaration and signature.

Date: 30 June 2020

Jerusalem, Israel

מרכז התרגום ישראל בע"מ  
Translation Center Israel ltd  
513058164 ח.פ. 02-5639791 : טל

Nissan GanOr



A1



## STATE OF ISRAEL – Law Enforcement and Collection System Authority

Execution Office, Tel Aviv Bureau  
File 516123-05-21

11 Tammuz 5781  
June 21, 2021

**Other Judgment**

Before the Honorable Registrar Einat Lehavi-Asher

| | |
|---|---|
| **Application No.:** | 6 of the date June 15, 2021 |
| **Type of Application:** | 41 Appointment of a Receiver on Another's Asset |
| **Applicant:** | Judgment Creditor 1, Bright Data Ltd. |
| **On the matter of:** | 1, B.I. Science (2009) Ltd., Company / Partnership 514220680 |

### Decision

Before me is an Application for the Appointment of a Receiver to execute a Mandatory Injunction Judgment, and all prior to the delivery of a warning.

The Judgment Creditor indicates that it submitted an Application for the Execution of a Judgment on the date November 29, 2020, which was given in the District Court in Tel Aviv Jaffa in Arbitration Opening Motion File 62712-05-20, in which the Foreign Arbitration Award that was given on the date April 29, 2020 in the state of Texas was authorized. The Appeal of the Debtor against the District Court Judgment was denied in the Supreme Court on the date April 21, 2021.

The Judgment Creditor contends that the dates for the fulfillment of the obligations determined in the Judgment elapsed approximately a year ago and a letter that was sent to the Debtor did not receive a reply. The Judgment Creditor contends that the appointment of a Receiver on its behalf is required for the performance of the actions determined in the Arbitration Award which the Debtor must implement, including herein identifying the customers of the Debtor in the Proxy Services field and referring them to the Judgment Creditor, seizing the account books of the Debtor for the calculation of the debts owed to the Judgment Creditor from the Debtor's receipts, halting the Proxy Services and providing suitable notice to active customers, and identifying and signing Patent Applications of the Debtor, which are related to US Patent 10,410,244.

- 1 -

A2



## STATE OF ISRAEL – Law Enforcement and Collection System Authority

The Judgment Creditor indicates that the relief is requested prior to giving warning as the result of a concern regarding the Debtor's attempts to thwart the execution of the Judgment and the wish to ensure that it will not be left facing a hopeless situation, and will be able to ascertain that all of the customers and the full consideration would be transferred to the Judgment Creditor. The Judgment Creditor refers to the fact that the District Court appointed a Temporary Receiver and determined his authorities in a Decision of the date July 22, 2020 in paragraph 10. The Supreme Court left this Decision in place while clarifying the Appeal before the Court.

According to the Judgment Creditor, yet during the legal proceeding, the Court expressed concern that the Judgment Creditor would find itself faced with a hopeless situation and, now, after a Judgment was given which became peremptory, the concern is redoubled.

According to the Judgment Creditor, any time that will be given to the Debtor will be used to attempt to thwart and nullify the Arbitration Award and the Judgment Creditor also goes on to refer to the Affidavit of the CEO of the Debtor of March 25, 2020, wherein it was declared that the Debtor's sources of capital dried up as the result of the Corona pandemic and it is unable to replace the income from the Proxy Services due to the current situation in the money markets. The CEO further declared in his Affidavit concern with regard to the Debtor's inability to exist if it exits from the Proxy Services.

I have considered the Application and I have given thought to the grounds thereof and I find to grant the Application in part.

I would first note that the appointment of a Receiver, and included herein undertaking proceedings at a point prior to giving warning, is intended for unusual instances in which the Judgment Creditor points out a concern regarding the illicit transfer of assets and the possibility of thwarting the execution of the Judgment, insofar as it will be necessary to wait until after the elapse of the warning period. At this preliminary point, prior to giving a warning to the Debtor, this concerns granting relief which aims to enable seizing an asset and retaining it to prevent exacerbating and thwarting the execution proceedings. Accordingly there is no reason to determine provisions for the realization of the Judgment or provisions which are like the actual realization, prior to the elapse of the time period stated in the warning.

In the case before us, we are dealing with a file that was opened for execution of a Mandatory Injunction Judgment. The file was opened after the date September 24, 2020 and, accordingly,

A3



## STATE OF ISRAEL – Law Enforcement and Collection System Authority

the provisions of the Execution Law (the Novel Corona Virus – Amendment No. 68 and Temporary Order) 5781-2020 apply thereto; and, accordingly, the warning period stands at 50 days. This is a long period of time, which, along with the remaining circumstances of the matter before me, establishes a certain concern of exacerbating the execution of the Judgment in the event that the Judgment Creditor will be required to wait until after the elapse of the time stated in the warning, since we are concerned with liquid assets which can easily be concealed and illicitly transferred. Precluding the Judgment Creditor from receiving the information about the assets, at the very least, and this, prior to the completion of the execution of Judgment, is indeed liable to thwart the execution thereof.

In this context it must be noted that in the circumstances of our matter it is clear that the Debtor is aware of the existence of the Arbitration Award and of the fact that the possibility was determined for its enforcement in Israel, after its Appeal in the Supreme Court was denied two months ago. Since this is a Mandatory Injunction Judgment and as nothing was done to fulfill it, it becomes necessary to protect the Judgment Creditor already at this point.

On the other hand, the Debtor's right to know that the Judgment Creditor applied for the execution of the provisions of the Judgment in this File and this, prior to undertaking proceedings whose true meaning would be the actual execution of the Judgment, cannot be completely denied. There is also no reason to determine provisions, which essentially constitute proceedings of execution and realization of the provisions of the Judgment prior to the elapse of the date stated in the warning; otherwise, this would constitute a situation in which the meaning of the delivery of warning would be nullified and it would be a dead letter.

Thus, as the Execution Office File is being conducted for the execution of a Mandatory Injunction Judgment, then providing the Judgment Creditor with the possibility of undertaking all processes and proceedings in favor of the execution of the Judgment and this, as specified in the Application before me, is like the actual commencement of execution of the Arbitration Award, prior to the delivery of warning. I do not find that the circumstances of the matter justify allowing the Judgment Creditor to undertake full execution proceedings, which would mean the absolute denial of the Debtor's activity in the Proxy Services field at a stage in which the Debtor has not yet received warning and while it is unaware of the undertaking of Execution Office proceedings.

In my opinion, the appointment of a Receiver according to the Judgment Creditor's Application and granting full authorities to the Receiver, as requested in the Judgment

A4



## STATE OF ISRAEL – Law Enforcement and Collection System Authority

Creditor's Application, in practice would mean the actual enforcement of the Arbitration Award, and all parts thereof, prior to the elapse of the time period stated in the warning. I do not see any reason to allow this since, at this stage, as this concerns a relief given *ex parte* and for the period of the warning, the damage likely to be caused by granting the possibility of broad and unlimited action to the Receiver will be much greater than the damage of the Judgment Creditor, since undertaking the processes according to the requested proposal is liable to lead to the Debtor's complete collapse prior yet to the elapse of the date stated in the warning.

In this context it will be noted that on giving an order for the appointment of a Temporary Receiver in the District Court and the determination of a variety of instructions and preclusions in the District Court Decision of July 22, 2020, then it must be assumed that as of July 22, 2020, the Debtor has been subject to the supervision and attendance of the Temporary Receiver. Accordingly, for this reason too, I see no reason to determine sweeping orders for execution as specified in section 31 of the Judgment Creditor's Application; and, at this stage, I believe that the Court must enable taking actions that will ensure the preservation of existing information and prevent its being leaked or being illicitly transferred away from the Judgment Creditor during the course of the period of warning and in favor of ensuring the execution of the Judgment on the elapse of the aforesaid period.

Accordingly, while noting the necessity of protecting the Judgment Creditor from having to face a hopeless situation when it comes to executing the Judgment, and, on the other hand, in view of the Debtor's right to the days of grace stated in the warning prior to commencing the actual realization of the Judgment, and when I take into account the necessity of preventing exacerbation and the illicit transfer of information and funds in this instance, not to mention when this concerns assets which in part constitute intellectual property, I find that the appointment of a Receiver will be allowed, whose authorities will be specifically defined as follows herein below:

1. By virtue of the authority vested in me pursuant to Section 7 (e) and Section 53 of the Execution Law, 5727-1967, I appoint Adv. Ziv Ironi, License No. 11733, as Receiver for the purpose of performing preliminary actions necessary at this early stage to prevent the exacerbation of the execution of the Judgment, the subject of the Application for Execution, which was given against the Debtor, B.I. Science (2009) Ltd., Private Co. 514220680

A5



## STATE OF ISRAEL – Law Enforcement and Collection System Authority

(hereinafter: "the Debtor") in the Arbitration Opening Motion File 62712-05-20, and all as specified herein below:

a. Identification of the customers of the Debtor in the Proxy Services field, while for this purpose the Receiver will be permitted at this stage to contact the offices of the Debtor, which will deliver to the Receiver at the time of his arrival at its offices a list of the Debtor's customers in the Proxy Services field as of the granting of the Arbitration Award and to this day; insofar as this concerns the same list found in the hands of the Receiver since the giving of the District Court Decision of July 22, 2020 and no customers have been added, the Debtor will clarify this for the Receiver in an Affidavit to be signed by its director and/or anyone of its shareholders.

b. Provision of preliminary notice to Proxy Services customers who are to be transferred in future from the Debtor to the Judgment Creditor, while in this context the Receiver will be permitted to contact the Debtor's Proxy Services customers after receiving information from the Debtor, as aforesaid, to inform them of his appointment and the expected transfer from the Debtor to the Creditor when the time comes, and at the earliest time following the elapse of the time period in the warning.

c. Identifying the bank account/s of the Debtor in which the full revenues of the Debtor from its customers in the Proxy Services field were deposited since the Decision of the District Court of July 22, 2020, while for this purpose the Receiver will be permitted at this stage to contact the offices of the Debtor, which will deliver to the Receiver the list of accounts in which funds from its customers in the Proxy Services field have been deposited, and, in addition, the bank account statements commencing as of July 22, 2020 and on, and all ahead of preparing a calculation of the receipts owed to the Judgment Creditor in accordance with the Arbitrator's Arbitration Award.

d. Identification of the Patent Applications related to US Patent 10,410,244, while for this purpose the Receiver will be permitted at this point to contact the offices of the Debtor, which will deliver to the Receiver the relevant information on this matter.

2. The appointment will enter into effect after a deposit and undertaking on behalf of the Judgment Creditor for covering any damage for negligence with the full amount of the debt.

A6



## STATE OF ISRAEL – Law Enforcement and Collection System Authority

An authorized Decision with regard to the appointment will be issued by the Execution Office Secretariat solely after the deposit of the undertaking. In the event that the aforesaid undertaking / guarantee will not be deposited within 14 days of the date of the giving of the Decision, the appointment will expire.

3. The Receiver will store documents and information that he received from the Debtor in a secure place and will protect the documents under a suitable insurance policy, provided that a suitable Application will be submitted for this in advance.

Any additional or other action of the Receiver will be subject to the authorization of the Execution Office Registrar in advance.

4. The Receiver will perform personal delivery of this Decision to the Debtor together with a warning, within 3 days of the date of receiving an authorized Decision with regard to the Appointment from the Secretariat. The Debtor will have the right to express its reservations with regard to the appointment of the Receiver, insofar as it will deem it fit to do so.

5. On the elapse of the date stated in the warning and if necessary, the Receiver will petition for the expansion of the Appointment Order, in accordance with the proposal specified in section 31 of the Application for the Appointment of a Receiver.

6. The Receiver will submit an initial report of activity within 30 days and will issue to the Debtor any report and/or application that he will submit in the File.

| 11 Tamuz 5781<br>June 21, 2021 | |
|---|---|
| **Date** | **Einat Lehavi-Asher, Registrar** |