# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD. | § § § § | |
| Plaintiff, | § § § | |
| v. | § § § | Case No. 2:18-CV-00483-JRG |
| | § § § § | ███████████ |
| BI SCIENCE, INC., | § § § § § | |
| Defendant. | § § | |

**BI SCIENCE'S SUPPLEMENTAL NOTICE REGARDING
POSTING SECURITY IN SUPPORT OF ITS STAY MOTION**

**TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................................1

BACKGROUND ..........................................................................................................................1

ARGUMENT ................................................................................................................................5

    I.     THE FINANCIAL IMPACT OF A STAY IS UNCERTAIN, IF NOT SPECULATIVE...............................................................................................5

    II.    BI SCIENCE'S SECURITY OFFER IS BASED ON THE FINAL JUDGMENT. ....................................................................................................8

    III.   BI SCIENCE'S PROPOSED SECURITY MORE THAN ADEQUATELY PROTECTS BRIGHT DATA. .......................................................9

    IV.   BI SCIENCE WOULD DEPOSIT THE SECURITY FUNDS WITH THE COURT. ..............................................................................................................12

CONCLUSION ...........................................................................................................................13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barton v. Resort Dev. Latin Am., Inc.*,
   413 S.W.3d 232 (Tex. App. 2013)...........................................................................................5, 6

*Examination Mgmt. Servs., Inc. v. Kersh Risk Mgmt., Inc.*,
   367 S.W.3d 835 (Tex. App. 2012).................................................................................................5

*Holt Atherton Indus., Inc. v. Heine*,
   835 S.W.2d 80 (Tex. 1992).....................................................................................................5, 6, 8

*Tex. Instruments, Inc. v. Teletron Energy Mgmt., Inc.*,
   877 S.W.2d 276 (Tex. 1994)..........................................................................................................6

**Rules**

Fed. R. Civ. P. 62(d) ...................................................................................................................4, 12

**Other Authorities**

https://brightdata.com/ethical?_ga=2.121963723.1126896098.1625499181-
   959826282.1625152610#use-cases ............................................................................................10

https://www.antipiracyforum.org/wp-content/uploads/2021/06/her2ap.png..................................2

*Bright Data Ltd. is financing illegal streaming piracy through embedded SDKs,*
   The Antipiracy Forum (June 28, 2021),
   https://www.antipiracyforum.org/brightdata-supports-piracy .................................................11

## INTRODUCTION

Following the July 1, 2021 emergency status conference with the Court regarding defendant BI Science (2009) Ltd.'s motion to stay enforcement of the final judgment, BI Science respectfully submits this supplemental notice that it is prepared to post cash security as a condition of a stay. At the conference, BI Science and plaintiff Bright Data Ltd. committed to confer in an effort to reach agreement on security that would provide adequate protection to Bright Data if the Court granted a stay. If the parties were not able to reach agreement, BI Science committed to submit a unilateral offer of security. As the parties have not been able to reach agreement, BI Science hereby offers to deposit ▓▓▓▓ with the Court as security. In this submission, BI Science will summarize the background of the stay motion and the security issue. BI Science will then explain how its security offer is based on this Court's final judgment and is more than adequate to protect Bright Data's rights if the Court grants a stay — ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

## BACKGROUND

**BI Science's Stay Motions**

On August 12, 2020, BI Science filed a motion (Dkt. 234) to stay enforcement of this Court's Order and Final Judgment (Dkt. 220) pending appeal to the Federal Circuit. As BI Science explained in its stay papers, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. On February 1, 2021, the Court issued an Order and Corrected Final Judgment (Dkt. 254) (the "Corrected Final Judgment"). On April 5, 2021, BI Science filed a motion to stay the Corrected Final Judgment pending appeal (Dkt. 265).

**BI Science's Request for an Emergency Status Conference**

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████ (Dkt. 254, Ex. B at 1) — Bright Data has prosecuted enforcement proceedings against BI Science in Israel, under Israeli and international law. *See*, *e.g.*, Dkt. 273 (BI Science stay reply). On June 27, 2021, BI Science learned that Bright Data obtained an *ex parte* order from Israel's Law Enforcement and Collection System Authority (the "Israeli Enforcement Authority") for the appointment of a receiver ████████████████████████████████████████████████████. *See* Dkt. 287 (Israeli Enforcement Order). ████████████████████████ ████████████, and so the next day (June 28), BI Science requested an emergency status conference with the Court. *See* Dkt. 285.

**The Irreparable Harm to BI Science Begins**

On June 28, an organization called the Antipiracy Forum published a letter from Bright Data admitting that damage to a proxy-service company's reputation with customers may be irreparable: "In a sensitive and competitive market . . . **such damages may be irreversible**," Bright Data protested. *See* https://www.antipiracyforum.org/wp-content/uploads/2021/06/her2ap.png (emphasis in original). That same day, BI Science pleaded with Bright Data to postpone damaging BI Science's reputation with its customers at least until this Court could hold a conference on the stay motion. Bright Data refused. *See*, *e.g.*, Dkt. 288 at 1 (BI Science Reply on Request for Emergency Status Conference). And so on June 30, the day before the conference, the Israeli receiver e-mailed a letter to BI Science's proxy-service customers notifying them that, on or after August 16, 2021, they will be transferred to Bright

Data. *See* Dkt. 292-1 (letter). ███████████████

███████████████. See the accompanying Declaration of Kfir Moyal ¶¶ 4-8. ████

███████████████████████████████████████.

**The Status of the August 2020 Stay Motion**

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████.

███████████████████████

███████████████████████████████████████

███████████████████████

███████████████:

...

- ███████████████████████████████████....

...

- ███████████████████████████████████

Dkt. 254 at 1-2.

███████████████████████████████████████

███████████████████████████████████████.

*See* Dkt. 220 at 1-2 (judgment). ███████████████

3

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████.

**The Security Issue**

During the July 1 conference, the Court raised the issue of security under Federal Rule of Civil Procedure 62(d).  Rule 62(d) governs BI Science's stay motion ████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████.  Rule 62(d) provides that "[w]hile an appeal is pending from . . . [a] final judgment that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  On the stay motion, Bright Data argued that the Court cannot grant a stay because BI Science has not posted a bond or other security.  *See*, *e.g.*, Dkt. 268 at 5-6 (Bright Data opposition).

BI Science responded that the Court retains discretion to grant a stay without security and that, in any event, Bright Data has obtained security through its enforcement litigation in Israel.  The Israeli district court appointed a receiver and BI Science turned over its customer list to the receiver.  ████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████ BI Science has complied with all of those orders.  *See*, *e.g.*, Dkt. 265-1 ¶¶ 31-32 (Moyal Declaration).  ████████████████████████████████

████████████████████████████████████████████████.  *See* Dkt. 287 (Israeli Enforcement Order).

4

At the July 1 conference, the Court decided that it would consider granting a stay only if BI Science provided additional security to protect Bright Data from financial consequences of a delay in enforcing the judgment. BI Science undertook to confer with Bright Data and, if the parties could not agree, to submit an offer of security as a condition for a stay.

## ARGUMENT

### I. THE FINANCIAL IMPACT OF A STAY IS UNCERTAIN, IF NOT SPECULATIVE.

It is highly uncertain what — if any — financial consequences Bright Data would incur from a stay of the judgment. ███████████████████████████████████████. Any future damages claim by Bright Data would necessarily take the form of a claim for lost profits, on a theory that, if BI Science had complied with the judgment sooner, Bright Data would have made more money.

As the Texas Court of Appeals has explained, "[l]ost profits are damages for the loss of net income to a business, reflecting income from the lost business activity, less expenses that would have been attributable to that activity." *Barton v. Resort Dev. Latin Am., Inc.*, 413 S.W.3d 232, 235-36 (Tex. App. 2013) (citing *Examination Mgmt. Servs., Inc. v. Kersh Risk Mgmt., Inc.*, 367 S.W.3d 835, 840-41 (Tex. App. 2012)). Therefore, the "calculation of lost-profit damages must be based on net profits, not on gross revenue or gross profits." *Id.* (citing *Examination Mgmt.* and *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 n.1 (Tex. 1992)) (emphasis added).

It is not easy to prove lost profits. As the Texas Supreme Court has held, plaintiffs claiming lost profits "must do more than show that they suffered some lost profits. The amount of the loss must be shown by competent evidence with reasonable certainty." *Holt Atherton*, 835 S.W.2d at 84. Further, "[w]hat constitutes reasonably certain evidence of lost profits is a fact-

5

intensive determination. [At] a minimum, opinions or estimates of lost profits must be based on objective facts, figures, or data from which the amount of lost profits can be ascertained." *Id.*

Moreover, "[p]rofits are largely speculative, not reasonably certain, and cannot be recovered, if they result 'from an activity dependent on uncertain or changing market conditions.'" *Barton*, 413 S.W.3d at 239 (quoting *Tex. Instruments, Inc. v. Teletron Energy Mgmt., Inc.*, 877 S.W.2d 276, 279 (Tex. 1994)). Even where a plaintiff proffers a damages model constructed by an expert economist, if the projections in the model are questionable and the court finds that the plaintiff has not proven lost profits with reasonable certainty, the court should not award lost-profit damages. *See, e.g.*, *Barton*, 413 S.W.3d at 236 (citing *Examination Mgmt.*).

In this case, there is no assurance that Bright Data has incurred, or will incur, any lost profits — and certainly no assurance that Bright Data could prove any lost profits with the requisite certainty. ███████████████████████████████████████

███████████████████████████████████████

███████████ *See, e.g.*, Corrected Final Judgment at 9. ███████████████████

███████████████████████████████████. *See id.*

███████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

6



Dkt. No. 287, Exhibit B, at 2.

██████████████████████████████████████████████████████████████

██████████████████████████████████████ *See id.*

## II. BI SCIENCE'S SECURITY OFFER IS BASED ON THE FINAL JUDGMENT.

Although the financial impact of a stay is uncertain at best, and Bright Data has already obtained substantial protections in Israel, BI Science is prepared to post cash collateral to further protect Bright Data from any potential financial impact. Given that Bright Data has no pending lost-profits claim ████████████████████████████████, it would be unreasonable to ask this Court to undertake a "fact intensive determination" based on dueling damages models or other "objective facts, figures, or data from which the amount of lost profits [could] be ascertained." *See Holt Atherton*, 835 S.W.2d at 84. That arduous determination is not necessary here █████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████.█

████████████████████████████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████. *See, e.g.*, Corrected Final Judgment at 6. █████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████t.

██████████████████████████████████████

■ ████████████████████████████████████████████

■ ████████████████████████████████████████████

8



The issue is what would protect Bright Data from the financial effects of a stay, which would be prospective. Nevertheless, BI Science's security offer is based on ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Accordingly, BI Science's proposed cash security of ▓▓▓ protects Bright Data not only from the possible financial impact of a stay but also secures a possible retrospective claim by Bright Data for lost profits.

### III. BI SCIENCE'S PROPOSED SECURITY MORE THAN ADEQUATELY PROTECTS BRIGHT DATA.

BI Science's proposed cash security is more than adequate to protect any interest Bright Data may have in a contingent lost-profits claim that Bright Data has not proven and may never prove. Even if the Federal Circuit affirms the Corrected Final Judgment and Bright Data subsequently succeeds in proving lost profits with reasonable certainty, there are strong grounds for projecting that those lost profits will be lower than BI Science's security of ▓▓▓.

9

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████████████ *See* Moyal Decl. ¶¶ 10-11.

███████████████████████████████████

███████████████████████████████████

██████████ *Id.* ¶ 12.

████████████████████

████████████████████ *Id.* ¶ 13; *see also id.* ¶¶ 5-12. ██████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

█████████ ██ *See id.* ¶ 6. ████████████████

███████████████████████████████████

██████████████████████████████ *Id.* ¶ 8. ████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████ *See* Moyal Decl. ¶ 13. ███████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████.

   ████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████. *See, e.g.*, Dkt. 269 at 2-3, 10. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████.

11

Bright Data disputes that the security offer is adequate, but it has not meaningfully rebutted the premises underlying the foregoing calculation. And time is of the essence. ████ ████████████████████████████████████████████████████████████████████ ████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████████████████. ████ ██████████████████████████████████. Given the high degree of uncertainty and the stakes involved, BI Science submits that the Court should choose a security anchored in the judgment — as BI Science proposes — and not one divorced from it, as Bright Data would propose.

## IV. BI SCIENCE WOULD DEPOSIT THE SECURITY FUNDS WITH THE COURT.

Rule 62(d) contemplates an alternative to a supersedeas bond in authorizing the Court to grant a stay "on terms for bond *or other terms* that secure the opposing party's rights." Fed. R. Civ. P. 62(d) (emphasis added). ████████████████████████████████████████ ██████████████████████████████████████. If the Federal Circuit affirms the judgment, the cash security cannot simply be released to Bright Data because Bright Data has not yet filed — let alone proven — a damages claim. Accordingly, BI Science proposes to deposit ██████ in trust with the court, on the following terms:

If (a) the Federal Circuit reverses the judgment, or (b) the Federal Circuit affirms the judgment but Bright Data does not file a lost-profits claim against BI Science within three months, the Court would return the funds to BI Science. Alternatively, if the Federal Circuit affirms the judgment and Bright Data files a lost-profits claim within three months, the funds would remain in trust until the final resolution of that claim and would secure the claim. BI Science would reserve its defenses against any lost-profits claim Bright Data may assert.

## CONCLUSION

For the foregoing reasons, BI Science respectfully requests that the Court accept its offer of a ▇▇▇▇ deposit with the Court as security for a stay and urgently grant a stay of the Corrected Final Judgment pending appeal.

Dated: July 16, 2021

                                           Respectfully submitted,

                                           By: /s/ *J.C. Rozendaal*

Gregory P. Love
Texas Bar No. 24013060
Love Law Firm
P.O. Box 948
Henderson, Texas 75652
Phone: (903) 212-4444
Fax: (903) 392-2267
greg@lovetrialfirm.com

J.C. Rozendaal
(admitted *pro hac vice*)
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue NW, Suite 600
Washington, D.C. 20005
Phone: (202) 772-8747
Fax: (202) 371-2540
jcrozendaal@sternekessler.com

Michael A. Charish
(admitted *pro hac vice*)
Charish Law Group P.C.
347 Fifth Avenue, Suite 1402
New York, New York 10016
Phone: (646) 328-0183
michael@charish.law

*Attorneys for Defendant BI Science (2009) Ltd.*

13

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 16th day of July 2021, with a copy of this document via electronic mail.

    /s/ *J.C. Rozendaal*
    J.C. Rozendaal

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

    /s/ *J.C. Rozendaal*
    J.C. Rozendaal