## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

LUMINATI NETWORKS LTD.,

        Plaintiff,

    v.

BISCIENCE, INC.,

        Defendant.

Case No.  2:18-CV-00483-JRG

███████████████

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## SUPPLEMENTAL NOTICE REGARDING POSTING SECURITY IN SUPPORT OF ITS
## STAY ENFORCEMENT

## TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................. 1

II.  FACTUAL BACKGROUND.............................................................................. 2

    A.  The February 23, 2020 Settlement Agreement Includes Terms ████████ ██████████ ............................................................ 2

    B.  Following BI Science's Non-Performance the Court Found the Settlement Valid And a Product of a Meeting of the Minds ..................................................... 3

    C.  ████████████████████████████████████████████ ██████████ ........................ 3

    D.  Bright Data Entered the Arbitration Award in Israel Resulting in an Order Appointing a Receiver ████████ .................................................... 4

    E.  Following the July 1, 2021 hearing, BI Science Proposed a Security that ████████ ████████ ................................................................... 5

    F.  Defendant's Notice Is Not Supported By Reliable Discovery ............................. 6

III. LEGAL STANDARD ......................................................................................... 8

IV.  THE COURT SHOULD FIND DEFENDANT'S PROPOSED SECURITY INSUFFICIENT TO PROTECT BRIGHT DATA'S RIGHTS UNDER THE FINAL JUDGMENT ...................................................................................... 9

    A.  Bright Data's Monetary Interest in Final Judgment is Not Based on Lost Profits - ████████ ████ ........................................... 9

    B.  There is No Uncertainty – ████████████████ .................................... 10

    C.  BI Science's Security Offer ████████████████████ ........... 11

    D.  BI Science's Security Offer Is Not Sufficient to Protect Bright Data's Rights in the Final Judgment ........................................................................................ 12

    E.  Bright Data Has No Obligation to Prove Damages ......................................... 14

    F.  For the Other Reasons Presented in Bright Data's Opposition to BI Science's Motion for Stay of Enforcement ..................................................................... 15

V.   CONCLUSION ................................................................................................. 15

i

# **TABLE OF AUTHORITIES**

## *Cases*

*Barton v. Resort Dev. Latin Am., Inc.*, 413 S.W.3d 232 (Tex. App. 2013) .................................. 9

*Herbert v. Exxon Corp.*, 953 F.2d 936 (5th Cir 1992)..................................................................... 8

*Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80 (Tex. 1992) ................................................. 10

*Kennedy v. E.I. Dupont De Nemours & Co.*, No. 1:01-cv-904, 2006 U.S. Dist. LEXIS 115288
    (E.D. Tex Feb. 13, 2006).......................................................................................................... 14

*Nken v. Holder*, 556 U.S. 418 (2009) ...................................................................................... 8, 9

*Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir. 1979).. 8,
    14

*Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142 (Fed. Cir. 2011) ................................... 14

*Virginian R. Co. v. United States*, 272 U.S. 658 (1926) ............................................................... 8

## *Rules*

USCS Fed Rules Civ Proc R 62...................................................................................... 2, 8, 13, 14

## I.    INTRODUCTION

Bright Data has argued elsewhere that there is no basis to stay this case pending BI Science's substantively baseless appeal, and the "security" now proffered by BI Science is woefully inadequate to protect Bright Data during such a stay, which is another reason to deny it. BI Science settled this case more than a year ago on February 23, 2020.  Under the terms of the Settlement Agreement, ███████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████ Dkt. 220.  The Court subsequently entered a Final Judgment ████████████ ██████████████████████████████████████████████████████. *Id*. at 2. ████████████████████ ████████ ████████████████████████████ ████████ (Dkt. 175 at 2), but then Defendant appealed the Final Judgment.  Despite no stay of enforcement being issued by this Court, ████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████████████. *Id*. at Ex. A, B..[1]

BI Science effectively granted itself a stay ████████████████████████ ████████████████████████████████████████████████████. Ex. C at 2. ████████████████████████████████████████████████

---

[1] The February 2, 2021 Corrected Final Judgment (Dkt. 254) ██████████████████ ██████████████████████████████████████████.



, along with sufficient protections to cover Bright Data's other rights in the Final Judgment.

Thus, (a) BI Science's proposed security is insufficient to protect Plaintiff's rights as required by Fed. R. Civ. P. 62(d), and (b) even had BI Science appropriate surety, BI Science can not satisfy the four-factor test for a stay as briefed in Bright Data's Opposition to the Renewed Motion for Stay.  Dkt. 268, 278.

## II.    FACTUAL BACKGROUND

### A.    The February 23, 2020 Settlement Agreement Includes ███████████

███████████████

As addressed in Bright Data's Opposition to BI Science's Renewed Motion for Stay (Dkt. 268), BI Science entered the Settlement Agreement on February 23, 2020.  The Settlement Agreement includes the following terms among others:



---

[2] During the July 1, 2021 hearing, ████████████████████████

████████████████████  Ex. A at 15:8-19. Instead of supplementing their motion for stay, BI Science filed the Notice, depriving Bright Data of a right to a response and the normal briefing schedule for a motion.  BI Science's Notice should be rejected as an improper supplementation of a motion, but out of an abundance of caution, Bright Data files this response.



**B.  Following BI Science's Non-Performance the Court Found the Settlement Valid And a Product of a Meeting of the Minds**

BI Science took advantage of the settlement to avoid a jury verdict against it as well as a discovery hearing set for February 24, 2021 on Bright Data's pending motions to compel (Dkt. 162), ████████████████████████████████████████████████████ ████████  ████████  ████████████████████████████████. Dkt. 183. The Court rejected BI Science's arguments, found the Settlement valid, and ordered the Parties to arbitrate any disputes pursuant to the arbitration clause of the Settlement. *Id.* at 34:9–35:18, 42:10–44:20.

**C.** ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████ (Dkt. 220, at 8–13), and it is undisputed that Bright Data has complied with its obligations. ████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████. On July 2, 2020, the Court entered its Final Judgment ████████

██████████████████████████████████████████████████. Dkt. No. 220 at

1-2 and Ex. B at 2-4.  On July 29, 2020, BI Science filed a notice of appeal.  Dkt. No. 228.  Bright

Data filed a cross-appeal limited to the narrow issue of the validity of claim 108 of the '044 Patent.[3]

Dkt. No. 238.  **On August 1, 2020, the automatic stay of execution expired, and the Final**

**Judgment became immediately enforceable.**  BI Science is in contempt of the Judgment (see

Dkt. 263).

      **D.**      **Bright Data Entered the Arbitration Award in Israel Resulting in an Order Appointing a Receiver** ██████████████████████████████████
████████████████████████████████████

Pursuant to the provisions of the New York Convention, Bright Data entered the

Arbitration Award in Israel, ████████████████████████████████████████████

██████████████████████████████████████████████████. Dkt. No. 225-1,

at 1–2.  On July 22, 2020, the Israeli court ██████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████. *Id*. at 7.[4]  On November 29, 2020, the Israeli Court issued a

Judgment against Defendant that permitted Bright Data to proceed with enforcement of the

Arbitration Award in Israel. Dkt. 251. On June 21, 2021, the Israeli Court issued a decision

appointing a receiver to perform necessary preliminary actions including (a) identifying

---

[3] On February 1, 2021, a corrected Final Judgment (Dkt. 254) was issued ████████████████████
████████████████████████████████

[4] The Israel proceedings were conducted under the New York Convention, the entire purpose of
which is to ensure appropriate regard for the judgments of foreign tribunals.  Specifically, the New
York Convention ensures international respect for "awards not considered as domestic awards in
the State where their recognition and enforcement are sought."  NY Convention, § 1.1.  Efforts to
lien or escrow property located in a foreign country are not within the ████████████████ the
Court identified in the Final Judgment.  Final Judgment, at 1.  The language recited by BI Science
(*id*.), should not be construed as a bar to enter the Final Judgment and Arbitration Award in foreign
jurisdictions.  That construction would be self-defeating as ██████████████████████████.

Defendant's Proxy Services customers, (b) notifying the Proxy Services customers of the Receiver's appointment and expected transfer to Bright Data, (c) identifying BI Science's bank accounts containing Defendant's Proxy Services revenues, and (d) identifying the patent applications related to the '244 Patent.  Dkt. 292-1 at 9-10.

      **E.**      **Following the July 1, 2021 hearing, BI Science Proposed a Security that** ███████ ████████████████████████████████████████████████████████ ████████████████████████

During the July 1, 2021 hearing to address BI Science's request for an emergency hearing,

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████ Ex. A at 15:8-19.

On July 6, 2021, BI Science proposed a security of ████████ that is not based on ███ ████████████████████████. Ex. B at 3.  Instead, BI Science estimated the ███████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████. *Id.* at 2.  BI Science provides no basis for ███████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████. On July 8, 2021, Bright Data rejected this offer, including because it was not based on ████████████████████████. *Id.* at 1.

On July 13, 2021, BI Science sent a second proposal that represented that ████████████

███████████████████████████████████████████████ Ex. C at 2.  BI Science also

█████████████████████████████████████████ *Id.* at 2.

While estimating almost ████████████████████████████████████████

██████████████████████████████, BI Science asserted that the security based on

████████████████████████████████████████████████████████████████

████████████. *Id.* at 4. To reach this calculation, and without producing any evidentiary support

for its conclusions, BI Science asserted that ██████████████████████████████████

████████████. *Id.* While BI Science is ████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████. Bright Data rejected

this proposal identifying a number of █████████████████ in BI Science's proposal (Ex. D at 1):



### F.   Defendant's Notice Is Not Supported By Reliable Discovery

BI Science filed its Notice again asserting it is "questionable whether ████████████████

█ pertinent to the current security issue," without disclosing that BI Science has already admitted

to Bright Data that ████████████████████████████████████████████

███████████████████████████████████. BI Science's assertions that ████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████. It also fails to account

for the fact that ████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████t.

BI Science further provides no factual support for Mr. Moyal's representation that ████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████ Dkt. 299-1 at ¶¶ 9 and 12.  For example, Bright Data already refuted

Mr. Moyal's speculative statement in paragraph 10 of his declaration as addressed in Bright Data's

response to Defendant's second proposal: ███████████████████████████████

█████████████████████████████ Ex. D at 1.  In addition, Mr. Moyal's vague

statement that ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████. Dkt. 299-1 at ¶

11.  Mr. Moyal has submitted multiple declarations during the course of the litigation while

refusing to appear for deposition and being subject to cross-examination.  BI Science avoided the February 24, 2020 hearing on Bright Data's motion to compel the deposition of Mr. Moyal (Dkt. 159 at 1-3) by entering the settlement the day before.

## III.   LEGAL STANDARD

Rule 62(d) provides:  "While an appeal is pending from . . . [a] final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  (emphasis added).  "[T]he posting of a bond protects a judgment creditor the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment."  *Herbert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir 1992). "If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure. It is not the burden of the judgment creditor to initiate contrary proof. Such a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).

"'A stay is not a matter of right, even if irreparable injury might otherwise result.'  It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'  The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (internal citations omitted); *see also Virginian R. Co. v. United States*, 272 U.S. 658, 672–673 (1926).  In exercising its discretion to grant a stay, courts should consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay

8

will substantially injure the other parties interested in the proceeding; and (4) where the public

interest lies." *Nken*, 556 U.S. at 434.

## IV.    THE COURT SHOULD FIND DEFENDANT'S PROPOSED SECURITY INSUFFICIENT TO PROTECT BRIGHT DATA'S RIGHTS UNDER THE FINAL JUDGMENT

### A.    Bright Data's Monetary Interest in Final Judgment is Not Based on Lost Profits - ██████████████████████████████████████ ████████████████████████████

Bright Data's monetary interest in the Final Judgment is not based on lost profits.  Under

the Final Judgment, ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████.  Instead, ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████ ████████████ ████████████████████.  ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████.

The Final Judgment ██████████████████████████████████████████

████████████████████████████████████████.  Under the express terms of

the Final Judgment, ████████████████████████████████ ████████████ ██████

████████████████████████████████████████████████████████████

████████████████████.  ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████ ████ ████████.  Consequently, BI Science's reliance on cases involving

judgments for lost profit is misplaced. *Barton v. Resort Dev. Latin Am., Inc.*, 413 S.W.3d 232, 234

(Tex. App. 2013)("Appellees damages are based on lost profits."); *Holt Atherton Indus., Inc. v.*

*Heine*, 835 S.W.2d 80, 83 (Tex. 1992) ("The trial court, in this case, held a hearing and determined that the Heines suffered damages in the amount of $159,665 including $120,000 for lost profits."). Bright Data has no burden to prove lost profits.

**B.    There is No Uncertainty –** ██████████████████████████████
████████████████████████

BI Science attempts to manufacture uncertainty, but there is no uncertainty – BI Science has admitted ████████████████████████████████. BI Science already admitted ████████████████████████████████████████████████
████████████████████. Ex. C at 2. This is despite the Final Judgment █████████████
████████████████████████████.

Having created purported uncertainty by ██████████████████████████
████████████████████████████████████████████████████████
██████. Such an outcome would be manifestly unjust as BI Science ██████████████████
██████████████████████████████████████████████████████.

Regardless, to the extent that BI Science asserts that ██████████████████████
██████████████████████████████████. ████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████. Notice at 7, 9-11.

Mr. Moyal's declaration includes ██████████████████████████████
██████████████████████████████████████████████. For example,
██████████████████████████████████████████████████████. Ex.
D at 1. In addition, Mr. Moyal provides no support for his broad statement ██████████████
██████████████████████████████████████████████████████

████████████████████████████████████████████ Dkt. 299-1 at ¶ 11.  Mr. Moyal

provides no evidence identifying ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████. This has been a consistent practice of BI Science

throughout the litigation and the subject of multiple motions to compel, including a motion to

compel Mr. Moyal's deposition, that were set for a hearing on February 24, 2020 and avoided by

BI Science's decision to enter the Settlement Agreement.  Dkt. 159 at 1-3.  Having refused to

produce Mr. Moyal for deposition and withheld such information during discovery (See Dkt. 159

at 1-3), BI Science should not be permitted to select such speculative and unsupported evidence as

the basis for BI Science to reduce the security necessary to protect Bright Data's rights under the

Final Judgment.

Similarly, BI Science asserts that ████████████████████████████

█████████████████████████████████████████████ ███

███████████████████████████████ Notice at 11.  ███

█████████████████████████████████████████████████

█████████████████████████ ██████████████████████

██████████████████████████.

**C.    BI Science's Security Offer** ██████████████████████

██████████████████████████████████████████

████████████████

Instead of basing security on ████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████. Specifically, BI Science

makes the unsupported and erroneous ███████████████████████████

11

████████████████████████████████████████████████████. However, according to ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████ ██████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████. According to BI Science, ███████████████

██████████████████████████████. █████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████.

    Clearly, Defendant's improper ██████████████████ as a basis for security, as opposed to ██████████████████████, constitutes an improper attempt to artificially reduce the security to protect Bright Data's rights. Security would need to be based on ████████████ ████████████.

### D. BI Science's Security Offer Is Not Sufficient to Protect Bright Data's Rights in the Final Judgment

    BI Science's proposed security of ████████ does not cover ██████████████████████ ████████████████████████████████, much less Bright Data's monetary interest through the appeal. Bright Data is already █████████████████████████████████ or

---

[5] Please note that BI Science's ████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████

████████████████ the amount that BI Science is offering for security through the entire appeal. Bright Data also has a right to ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████. Bright Data is already being harmed by BI Science's ████████

████████████████████████████████. Also, Bright Data should receive additional security because ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█ .

    In addition to Bright Data's other rights under the Final Judgment, Bright Data ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ .

    "While an appeal is pending from . . . [a] final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore or grant an injunction <u>on terms for bond or other terms that secure the opposing party's rights</u>."  FRCP 62(d) (emphasis added).  "If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a

departure. It is not the burden of the judgment creditor to initiate contrary proof. Such a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money." *Poplar Grove*, 600 F.2d 1189, 1191 (1979).

BI Science has fallen far short of its burden "to objectively demonstrate the reasons for the Court to depart from the usual practice of requiring a supersedeas bond upon stay of execution of the judgment." *Kennedy v. E.I. Dupont De Nemours & Co.*, No, 1:01-cv-904, 2006 U.S. Dist. LEXIS 115288, *5 (E.D. Tex Feb. 13, 2006). Consequently, BI Science should not be permitted to offer a security less than Bright Data's interest in the Final Judgment.

Defendant moves to stay pursuant to Fed. R. Civ. P. 62(d) but fails to meet its express requirements, including the requirement "for bond or other terms that secure the opposing party's rights." Defendant offers no bond or other terms to secure Bright Data's rights under the Settlement Agreement. That alone supports denial of the Motion. *See, e.g., Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142 at 1147 n.2 (Fed. Cir. 2011) ("Pylon has not volunteered to post a bond and we decline its invitation to grant what would, in effect, be an unbonded stay of indefinite duration — particularly in light of Bosch's unrebutted evidence of Pylon's inability to satisfy a judgment.").

### E.    Bright Data Has No Obligation to Prove Damages

BI Science wrongly asserts that Bright Data must prove a damages claim. Notice at 12. That is not true. ██████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████. BI Science cites no case law or other support for its meritless position that Bright Data would have to file a claim for lost-profits. It is clear that BI Science is merely seeking to continue its ██████████████████████████████████

███████. BI Science's proposed security should be rejected.

**F.    For the Other Reasons Presented in Bright Data's Opposition to BI Science's Motion for Stay of Enforcement**

BI Science's Motion for Stay should be denied for the reasons addressed above regarding the insufficiency of a security covering only a small fraction of Bright Data's interest in the Final Judgment.  In addition, the Motion for Stay should be denied for the other reasons presented in Bright Data's Opposition.  Dkt. 268, 278.

**V.    CONCLUSION**

For the foregoing additional reasons, the BI Science's proposed security should be rejected and Defendant's Renewed Motion to Stay Enforcement should be denied.

Dated:  July 19, 2021                          Respectfully submitted,

                                               By: */s/ Ronald Wielkopolski*

                                               S. Calvin Capshaw
                                               State Bar No. 03783900
                                               Elizabeth L. DeRieux
                                               State Bar No. 05770585
                                               Capshaw DeRieux, LLP
                                               114 E. Commerce Ave.
                                               Gladewater, TX 75647
                                               Telephone: 903-845-5770
                                               ccapshaw@capshawlaw.com
                                               ederieux@capshawlaw.com

                                               Mark Mann
                                               Mann | Tindel | Thompson
                                               300 West Main
                                               Henderson, TX 75652
                                               mark@themannfirm.com
                                               Office 903-657-8540
                                               Cell 903-658-0401
                                               Gregory Blake Thompson
                                               blake@themannfirm.com
                                               Marshall Office 903-472-4294
                                               Tyler Office 903-596-0900
                                               Waco Office 254-776-3336

Korula T. Cherian
Robert Harkins
CA State Bar No. 179525
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94704
(510) 944-0190
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Ronald Wielkopolski
Colby A. Davis
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036
ronw@ruyakcherian.com
colbyd@ruyakcherian.com

*Attorneys for Plaintiff*
*Bright Data Networks Ltd., formerly*
*Luminati Networks Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 19th day of July 2021, with a copy of this document via CM/ECF.

*/s/ Ronald Wielkopolski*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Ronald Wielkopolski*