# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LUMINATI NETWORKS LTD., <br><br> Plaintiff, <br><br> v. <br><br> BI SCIENCE, INC., <br><br> Defendant. | § § § § § § § § § § § § |

Case No. 2:18-CV-00483-JRG



## BRIGHT DATA'S UPDATE RE BI SCIENCE PROPOSAL FOR SECURITY IN SUPPORT OF ITS STAY MOTION

Bright Data continues to believe that BI Science has not met its burden to secure a stay of the judgment in this case and that the Court should deny the stay.[1] However, following the hearing last week before the Court in the event that the Court decided to grant a stay with surety, the parties met and conferred in an attempt to narrow the gap in their proposals. BI Science increased its proposed security to ▇▇▇▇, but that proposal is untenable because BI Science <u>will not post a surety bond</u>, because it ignores 20 months of the 44-month security period, and for the other reasons discussed below. While Bright Data believes its prior proposal of at least ▇▇▇▇ is appropriate, to compromise Bright Data decreased its proposal by ▇▇▇▇, offering to accept a ▇▇▇▇ surety bond. It appears at this point that while the gap is narrower, the parties are not able to reach an agreed upon middle ground.

---

[1] Beyond the amount of the security, BI Science's proposal will not protect Bright Data absent a bond. As briefed, BI Science also has a low chance of success on the appeal, and public policy favors enforcement of settlement agreements and arbitration awards. Thus, application of the *Nken* factors should result in a denial of the motion.

**Shared Assumptions:**

Bright Data has been unable to verify ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮), but for the purpose of the bond has used BI Science's representation that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. BI Science ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Both sides have applied the length of time for the security of 44 months. Using that, Bright Data believes the Court should conclude that Bright Data's ▮▮▮▮▮▮ is the correct amount for a bond.

**Bright Data's calculation:**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In the Teso trial, the jury awarded lost profits for 80% of all sales (see Exs. A & B), so ▮▮▮▮▮▮▮▮▮▮▮▮▮. Notably, BI Science asserts that it is now ▮▮▮▮▮▮.[2] BI Science has not explained how ▮▮▮▮▮▮ whereas a jury has found the 80% number to be correct after weighing evidence about Bright Data's ability to handle customers for residential proxies and the fact that it is the market leader. That 80% customer transfer rate results in profits of ▮▮▮ per month. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). That totals ▮▮▮▮. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The two numbers added together amount to ▮▮▮▮. Bright Data applied the BI Science ▮▮▮▮▮▮

---

[2] Bright Data's calculation using ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.



**Problems with BI Science Proposal:**

First, BI Science is not offering a bond, and it is not offering to place the total amount in an account it cannot access. Instead, it is offering to put only a fraction of its ▓▓▓▓ proposal into an escrow and then agree to put future money into the escrow account. But BI Science has agreed to perform various acts before and then reneged, which is why the judgment was entered in the first place. This proposal is entirely unacceptable and would not protect Bright Data. Bright Data cannot rely on more promises from BI Science for future performance.

Second, BI Science's math is wrong. As shown above, applying the figures BI Science lists on p. 2 of its most recent update should yield a number of ▓▓▓▓▓▓▓▓▓▓▓▓. The difference appears to stem from the fact that while BI Science agrees that 44 months is an appropriate timeframe, it applied that security for the remaining 24 months and has offered **zero** security for the first 20 months of the period (note at p. 3 where BI Science calculates the first period as 7 months instead of 27 months).[3] Using BI Science's own math as set forth on p. 3

---

[3] Applying BI Science's monthly amount set forth on p. 3 of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, that omission inappropriately reduced BI Science's number for ▓▓▓▓▓▓▓▓.

of its update, it should have offered a total amount of security ████████████████

██████████.

However, BI Science also does not explain the math calculations that lead it to the ████

████████ monthly numbers on p. 3 of its update. Absent the purported ████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████ ██████████████████████████████████████████, which

together results in a total of more than ████████████.

Also, BI Science applies ████████████████████████████████████████

████████████████████████████████. ██████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████. Under the circumstances, there is no basis

to apply downward adjustments.

Third, BI Science's proposal does not account for any terms in the settlement agreement

and arbitration award other than the ████████████████████. At one point in its filing BI

Science appears to understand that it needs to account for these terms, as it proposes that if the

████████████████████████████████████████████████████████████████. But

there is no basis to ████████████, BI Science did not ████████████ to its calculations based on

4

the percent it said it would apply, and Bright Data believes that given the terms of the settlement and arbitration award, ▮▮▮▮▮ is a more appropriate number than ▮▮▮▮▮.

**Conclusion:**

Bright Data asks that the Court deny the stay, but were a stay to issue, the security amount must be bonded by a reputable company in an amount of at least ▮▮▮▮▮ to protect Bright Data during the appeal.

Dated: December 16, 2021

Respectfully submitted,

By: */s/ Robert Harkins*
S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Mark Mann
Blake Thompson
Mann | Tindel | Thompson
300 West Main
Henderson, TX 75652
mark@themannfirm.com
Office 903-657-8540
Cell 903-658-0401
Marshall Office 903-472-4294
Tyler Office 903-596-0900
Waco Office 254-776-3336

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94702

Ronald Wielkopolski
RuyakCherian LLP

5

1700 K St. NW, Suite 810  
Washington, DC 20006

Attorneys for Plaintiff  
Bright Data Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 16th day of December 2021, with a copy of this document via email.

/s/ Robert Harkins

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ Robert Harkins