THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 2:18-CV-00483-JRG |
| v. | § | |
| | § |  |
| BI SCIENCE, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

# BRIGHT DATA'S RESPONSE TO THIRD UPDATE TO BI SCIENCE'S SUPPLEMENTAL NOTICE REGARDING SECURITY IN SUPPOR OF ITS STAY MOTION

BI Science's submission today confirms that the Court should deny its requested stay. Under Fed. R. Civ. P. 62(d), a stay pending appeal requires such stay to be made "on terms for bond or other security that secure the opposing party's rights." BI Science's self-termed "final" proposal fails on two grounds: (1) it is not offering a supersedeas bond or equivalent security, and (2) the amount of its offering is *less than half the amount **BI Science's own numbers*** would require to secure Bright Data's rights.

First, BI Science admits it is unable to secure a bond (███████████████████████████████████████████). *See* Dkt. No. 334, at 2 ("███████████████████████████████████████████████████████████████████████████████████████."). This is reason enough to deny the stay. When a movant offers a security other than a supersedeas bond, it is the movant's burden to show the reason for the security and how it is appropriate. *See Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).

Here, BI Science offers only a ▇▇▇ "guarantee" from Bank Leumi, a foreign bank, plus a promise to increase the amount to ▇▇▇ in the future.[1] BI Science notes that "Bank Leumi's bonds are rated AAA" (Dkt. No. 334, at 3), but it is not offering a bond from Bank Leumi. BI Science did not provide any specific terms of such a guarantee, such as under what conditions the bank may revoke, reduce or otherwise modify the guarantee.[2] The proposed guarantor is not a U.S. bank or company, yet BI Science has argued before this Court before that Bright Data is not permitted to engage in any foreign enforcement proceedings and is limited to enforcement in Texas. *See e.g.* Dkt. 285 at 1-2; Dkt. 299 at 2. At a minimum, to collect at the end of the appellate process would require Bright Data to engage in a potentially complicated process that may just lead to additional litigation. Furthermore, the very reason BI Science is unable to obtain a supersedeas bond is why its offer of "security" is not appropriate for a stay—creditors consider BI Science to be too risky to provide security that would actually protect Bright Data. Under the circumstances, this "guarantee" is entirely inadequate under Fed. R. Civ. P. 62.

Furthermore, BI Science's argument that it cannot afford an adequate bond is not an excuse that can relieve it of the duty to do so. "The financial ability of a party to post a supersedeas bond is irrelevant to whether a judgment should be stayed." *United States v. Goltz,* No. SA-06-CA-503-

---

[1] BI Science promised ▇▇▇ Further, as the Court noted, BI Science has ▇▇▇ December 9, 2021 Hearing at 11:25-12:7 (▇▇▇.")

[2] Further, BI Science has not disclosed what encumbrances or pledges BI Science will be making to secure the guarantee, which could include for example assets such as ▇▇▇ t.

XR, 2007 U.S. Dist. LEXIS 5322, at *6, 99 A.F.T.R.2d (RIA) 2007-1050 (W.D. Tex. Jan. 25, 2007). The purpose of such a bond is to protect Bright Data, and the inability of BI Science to obtain a bond is itself evidence that Bright Data's rights will not be protected with BI Science's proposal.

Second, the amount of the proposal is entirely insufficient. In its update filed on December 16, 2021 (Dkt. No. 329 at 2), Bright Data showed how using BI Science's own proposed numbers and assumptions, the math actually adds up to more twice BI Science's ▮ proposal—when applying the assumptions in BI Science's second updated submission from December 16, 2021, the numbers add up to ▮.[3] For example, BI Science neglected to include the 20 months to date in its calculation. Dkt. 330, at 2 & 4. (applying 44 months term at p. 2 but then only calculating a period of 24 months at p. 4 ((7 [months] * ▮) + (17 [months] * ▮)" (totaling only 24 months))). BI Science also conceded that additional security would be appropriate for ▮ but did not include that in its calculation. Id. at 3-4. While Bright Data supported a higher amount ▮) that is

---

[3] BI Science subsequently updated its own assumptions that same day (Dkt. 330), but the resulting calculations were substantially the same. BI Science stated ▮. Dkt. No. 330 at 2. It indicated that an appropriate ▮. Dkt. No. 330, at 3 ("▮"). There is no dispute that for the first 27 months, Bright Data would retain ▮ and after that ▮. BI Science also did not dispute an appropriate time period is 44 months. Id. ▮. As explained in Bright Data's statements, ▮ would actually increase the amount, not decrease it, so it is not included in the calculation. Dkt. No. 329, at 4. BI Science also indicated that ▮ would be appropriate. Id., at 3-4 ▮ ▮). Adding ▮ equals ▮. Thus, using BI Science's own numbers and assumptions, the bond would need to be for more than ▮.

necessary to fully protect it, there is no dispute in the facts submitted last week that security would need to exceed ▮▮▮▮ based on BI Sciences' own numbers. After receiving Bright Data's statement showing the mathematical errors, BI Science did not file any further explanation or argument, and instead notes in its most recent submission that the highest security of any kind it might offer is a ▮▮▮▮ "guarantee" today and a promise that a third-party (Bank Leumi) would increase it to ▮▮▮▮ later. But that is less than half what its own numbers show would be needed to protect Bight Data.

Also notable is that without the stay, BI Science will still exist going forward—this not a matter of life and death for the company. BI Science has submitted statements under oath indicating that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

On the whole, this most recent submission therefore simply confirms that BI Science will not provide a supersedeas bond that would adequately secure Bright Data's rights. As briefed, the other Nken factors also favor denying the stay pending appeal. Dkt. No. 268 at 7-15. As a result, Bright Data respectfully requests that the Court deny BI Science's motion for stay.

Dated: December 22, 2021

Respectfully submitted,

By: /s/ Ronald Wielkopolski
S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Mark Mann
Mann | Tindel | Thompson

4

300 West Main
Henderson, TX 75652
mark@themannfirm.com
Office 903-657-8540
Cell 903-658-0401
Marshall Office 903-472-4294
Tyler Office 903-596-0900
Waco Office 254-776-3336

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94702

Ronald Wielkopolski
RuyakCherian LLP
1700 K St. NW, Suite 810
Washington, DC 20006


Attorneys for Plaintiff
Bright Data Ltd.


## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 22nd day of December 2021, with a copy of this document via email.


　　　　　　　　　　　　　　　/s/ Ronald Wielkopolski

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ *Ronald Wielkopolski*